# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; JAMES ZOE, individually and on behalf of his minor son, ZACHARY ZOE; MEGAN POE, individually and on behalf of her minor daughter, ALLISON POE; KATHY NOE, individually and on behalf of her minor son, CHRISTOPHER NOE; JANE MOE, Ph.D.; and RACHEL KOE, M.D.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>KAY IVEY, in her official capacity as Governor of the State of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County; C. WILSON BAYLOCK, in his official capacity as District Attorney for Cullman County; JESSICA VENTIERE, in her official capacity as District Attorney for Lee County; TOM ANDERSON, in his official capacity as District Attorney for the 12th Judicial Circuit; and DANNY CARR, in his official capacity as District Attorney for Jefferson County.<br><br>    *Defendants*. | Civil Action No. 2:22-cv-00184-LCB-SRW<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY** |

Plaintiffs Brianna Boe, individually and on behalf of her minor child, Michael Boe; James Zoe, individually and on behalf of his minor child, Zachary Zoe; Megan Poe, individually and on behalf of her minor child, Allison Poe; Kathy Noe, individually and on behalf of her minor child, Christopher Noe; Dr. Jane Moe; and Dr. Rachel Koe[1] (collectively, "Plaintiffs") respectfully request leave to proceed pseudonymously.

Plaintiffs are transgender teenagers, parents of transgender teens, and healthcare providers who are challenging Alabama's Vulnerable Child Compassion and Protection Act, which criminalizes legitimate and generally accepted medical treatments that alleviate the physical and emotional harms caused by their gender dysphoria. (Compl., Doc. 1).

As transgender people, Michael, Zachary, Allison, and Christopher are members of a stigmatized group that frequently encounters discrimination and harassment. They are especially vulnerable because of their status as young people under the age of 19. To mitigate the serious risk of harm that Michael, Zachary, Allison, and Christopher would face from ridicule, discrimination and harassment if their transgender identity were disclosed in public court filings and any media attention that could result, they seek leave to proceed pseudonymously in this

---

[1] Michael Boe, Zachary Zoe, Allison Poe, and Christopher Noe are collectively referred to herein as the "Transgender Plaintiffs"; their parents, Briana Boe, James Zoe, Megan Poe, and Kathy Noe are collectively referred to herein as the "Parent Plaintiffs"; and Drs. Jane Moe and Rachel Koe are collectively referred to herein as the "Healthcare Provider Plaintiffs."

litigation. Their parents also seek to proceed pseudonymously, both to protect the identity of their minor children and to avoid criminal prosecution under the Act during the pendency of this litigation. For similar reasons, Drs. Moe and Koe also seek to proceed pseudonymously in this litigation to protect their privacy interests and the privacy and safety of their patients, and to avoid criminal prosecution under the Act during the pendency of this litigation.

Considering the private subject matter of this lawsuit and the prospect of criminal penalties, the Plaintiffs satisfy the Eleventh Circuit's standard for allowing a plaintiff to proceed pseudonymously.

## Standard of Review

Although Federal Rule of Civil Procedure 10(a) requires that "every pleading" in court "must name all the parties," that "rule is not absolute." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). A plaintiff "may proceed anonymously if he can show 'a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Samford Univ.*, No. 21-871, 2021 WL 3403517, at *1 (N.D. Ala. July 30, 2021) (quoting *Plaintiff B*, 631 F.3d at 1315-16).

"To determine whether the plaintiff's privacy right outweighs the presumption of openness, the court must consider all circumstances, including, but not limited to: (1) whether the plaintiff is challenging governmental activity; (2)

whether the plaintiff will have to 'disclose information of the utmost privacy'; and (3) whether the plaintiff will have to risk criminal prosecution by admitting his intention to engage in illegal conduct." *Doe*, No. 21-871, 2021 WL 3403517, at *1 (citing and quoting *Plaintiff B*, 631 F.3d at 1316). Other factors a court may consider include whether the plaintiffs are minors, whether they are threatened by violence of physical harm by proceeding under their own names, and whether their anonymity poses a unique threat of fundamental unfairness to the defendant. *Id*. (internal citations and quotation marks omitted). As set forth below, the totality of the circumstances weighs in favor of allowing Plaintiffs to proceed anonymously.

## Discussion

Minor litigants have a "special status and vulnerability" that entitles them to "heightened privacy protections." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Federal Rule of Civil Procedure 5.2(a)(3) protects minors involved in litigation by requiring redaction from any court filing of "the name of an individual known to be a minor" and the use instead of only "the minor's initials."

Here, however, the added protection of pseudonymous pleading is essential given the especially sensitive subject matter of this lawsuit and the risk of criminal penalties. If Michael, Zachary, Allison, and Christopher were to receive only the protections of Rule 5.2, their initials and their parents' names would be disclosed in the public record. That information would be sufficient to identify Michael,

Zachary, Allison, and Christopher, which could result in exposing them to social stigma and retaliation by members of their communities. In addition, the Parent Plaintiffs and Healthcare Provider Plaintiffs could face criminal penalties for seeking or providing medically necessary medical treatment for their children and patients. Thus, the use of pseudonyms is necessary to protect the privacy interests of the Plaintiffs.

First, Plaintiffs are "challenging government activity." *Chiquita Brands*, 965 F.3d at 1247. Where government activity is challenged, "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant," while the plaintiff typically "represents a minority interest (and may be subject to stigmatization)." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Thus, the plaintiff's interest in proceeding pseudonymously is considered particularly strong in such circumstances.

Second, "absent anonymity," the Plaintiffs "would be compelled … to disclose information of the utmost intimacy." *Chiquita Brands*, 965 F.3d at 1247. The challenge here concerns a "quintessentially private matter"—that is, personal medical treatment for gender dysphoria—which creates a strong justification for pseudonyms. *Stegall*, 653 F.2d at 186; *see also id.* (finding that a mother and her children should be allowed to proceed pseudonymously while challenging "Bible

5

reading exercises in Mississippi public schools" because "religion" is a "quintessentially private matter" and "the youth of these plaintiffs" is a "significant factor in the matrix of considerations"). As the Eleventh Circuit observed, "[c]ourts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality"[2] because "the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

Courts from around the country "have long recognized that the harms arising from disclosing a person's transgender status are among those that make protection by pseudonym appropriate." *Doe v. Pa. Dep't of Corr.*, No. 19-1584, 2019 WL 5683437, at *2 & nn.12-13 (M.D. Pa. Nov. 1, 2019) (collecting cases); *see also Doe v. City of Detroit*, No. 18-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) ("Several courts have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure."). This is so because "[t]he excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999).

---

[2] The term "transsexuality" has fallen out of favor but was used to describe a status synonymous with being transgender: having a gender identity different from one's sex assigned at birth.

Michael, Zachary, Allison, and Christopher seek to proceed anonymously to preserve their privacy in a matter that involves sensitive and highly personal information, including medical information. Michael, Zachary, Allison, and Christopher are teenagers who have been clinically diagnosed by medical and healthcare professionals with gender dysphoria. Unlike most cases involving medical conditions, the underlying symptoms, diagnosis, and treatment options in this case are even more sensitive and personal in nature, given that they revolve around a juvenile's gender transition and the impact it has on his or her mental health. Because this case concerns details about "the most intimate part of one's life," including genitalia, pubertal development, medical history, mental health, and gender identity, proceeding anonymously is essential. *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992).

Moreover, there is a real risk of discrimination and harassment without pseudonymous pleading. As the Seventh Circuit has observed, "[t]here is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity." *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017); *see also Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (finding that forcing individuals "to disclose their transgender status … exposes" them "to a substantial risk of stigma, discrimination, intimidation, violence, and danger").

The same "considerations also support allowing the [Parent Plaintiffs] … to proceed anonymously, because public disclosure of their identities would nullify any privacy protections given to their children alone." *D.L. ex rel. Phan L. v. Bateman*, No. 12-208, 2012 WL 1565419, at *2 (M.D. Fla. May 2, 2012) (citing *Doe v. Banos*, 713 F. Supp. 2d 404, 407 n.1 (D.N.J. 2010)); *see also Doe 1 v. Perkiomen Valley Sch. Dist.*, No. 22-287, 2022 WL 222525, at *2 (E.D. Pa. Jan. 25, 2022) (allowing parents to proceed anonymously "because if they were required to disclose their identities, the identities of their children would be readily determinable, and the privacy interests protected by these rules would be undermined"); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (permitting plaintiffs to proceed anonymously because the parents and child "share common privacy interests based on their inseparable relationship to one another" and "[o]rdering disclosure of the parents' identities would place—in effect—personally identifiable and confidential information about" the child "in the public record"). Courts regularly extend this protection to guardians in cases involving transgender youth. *See, e.g.*, *Doe v. Volusia Cnty. Sch. Bd.*, No. 18-102, ECF No. 8 (M.D. Fla. Jan. 30, 2018); *Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 16-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. United States*, No. 16-0640, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016).

For similar reasons, the Healthcare Provider Plaintiffs seek to proceed anonymously to protect their privacy interests and the privacy and safety of their patients. Like the Transgender Plaintiffs and their parents, the Healthcare Provider Plaintiffs face a real risk of ridicule, harassment, and even violence if they are not permitted to proceed anonymously. While they are not transgender, by filing suit, they have revealed their personal beliefs and practices regarding a highly sensitive subject matter that may evoke a hostile public reaction. *See Stegall*, 653 F.2d at 186 (anonymity may be justified where filing suit may reveal "personal belief and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior"). In addition, the Healthcare Provider Plaintiffs have serious concerns about the privacy and safety of their patients, some of whom are transgender. These concerns further underscore the need for anonymity for the Healthcare Provider Plaintiffs.

Finally, the Parent Plaintiffs and Healthcare Provider Plaintiffs both face the prospect of criminal prosecution under the Act, which makes the need for anonymity even greater in this case. *See id.* at 185 (factor to consider is whether plaintiffs will be compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution). Here, the Parent Plaintiffs and Healthcare Provider Plaintiffs may be forced to admit their intention to violate the Act, which could subject them to criminal liability. Due to the vague and uncertain language in

the Act, the Plaintiffs may unwittingly be admitting to acts, such consenting to or administering medications, that the Defendants could use to initiate criminal proceedings against any of them. Accordingly, Plaintiffs have a heightened need to proceed pseudonymously in this litigation.

## Conclusion

Considering the totality of the circumstances, *Chiquita Brands*, 965 F.3d at 1247 n.5, the Plaintiffs' right to privacy outweighs the presumption of openness in court proceedings.  The Plaintiffs, therefore, respectfully request leave to proceed pseudonymously.

/s/ Melody H. Eagan
Melody H. Eagan (ASB-9780-D38M)
Jeffrey P. Doss (ASB-4212-R62D)
Amie A. Vague (ASB-4113-Q46I)
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
205.581.0700
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt (ASB-3507-J56P)
Misty L. Peterson (GA Bar No. 243715) (*pro hac vice* application forthcoming)
Adam Reinke (GA Bar No. 510426) (*pro hac vice* application forthcoming)

Gilbert Oladeinbo (GA Bar No. 669340) (*pro hac vice* application forthcoming)
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
404.572.4600
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com
goladeinbo@kslaw.com

Brent P. Ray (IL Bar No. 6291911) (*pro hac vice* application forthcoming)
Abigail Hoverman Terry (IL Bar No. 6327057) (*pro hac vice* application forthcoming)
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
312.995.6333
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy (CA Bar No. 277035) (*pro hac vice* application forthcoming)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
213.443.4355
mshortnacy@kslaw.com

Asaf Orr (CA Bar No. 261650) (*pro hac vice* application forthcoming)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102

415.392.6257
aorr@nclrights.org

Jennifer L. Levi (MA Bar No. 562298) (*pro hac vice* application forthcoming)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
617.426.1350
jlevi@glad.org

Scott D. McCoy (FL Bar No. 1004965) (*pro hac vice* application forthcoming)
SOUTHERN POVERTY LAW CENTER
P.O. Box 12463
Miami, FL 33101
334.224.4309
scott.mccoy@splcenter.org

Diego A. Soto (AL Bar No. ASB-3626-Y61S)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
334.604.1414
diego.soto@splcenter.org

Jessica L. Stone (GA Bar No. 275567) (*pro hac vice* application forthcoming)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
404.221.5837
jessica.stone@splcenter.org
Sarah Warbelow (MI Bar No. P66690) (*pro hac vice* application forthcoming)

Cynthia Weaver (NY Bar No. 5091848) (*pro hac vice* application forthcoming)
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
202.628.4160
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

## CERTIFICATE OF SERVICE

I certify that on this 20th day of April 2022, I filed the foregoing with the Clerk of Court. I further certify that I served a copy of the foregoing via U.S. Mail, postage prepaid, and properly addressed to the following:

Kay Ivey
The Office of Alabama Governor
600 Dexter Avenue
Montgomery, Alabama 36130

C. Wilson Baylock
District Attorney for Cullman County
500 2nd Avenue SW
Cullman, Alabama 35055

Daryl D. Bailey
District Attorney for
Montgomery County
251 South Lawrence Street
Montgomery, Alabama 36104

Steve Marshall
Attorney General State of Alabama
501 Washington Avenue
Montgomery, Alabama 36104

Jessica Ventiere
District Attorney for Lee County
2311 Gateway Drive #111
Opelika, Alabama 36801

Tom Anderson
District Attorney for 12th Judicial Circuit
1065 E McKinnon Street
New Brockton, AL 36351

Danny Carr
District Attorney for Jefferson County
801 Richard Arrington, Jr. BLVD N; Suite 105
Birmingham, Alabama 35203


        */s/ Melody H. Eagan*
        *Attorney for Plaintiffs*