# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; JAMES ZOE, individually and on behalf of his minor son, ZACHARY ZOE; MEGAN POE, individually and on behalf of her minor daughter, ALLISON POE; KATHY NOE, individually and on behalf of her minor son, CHRISTOPHER NOE; JANE MOE, Ph.D.; and RACHEL KOE, M.D., <br><br> *Plaintiffs*, <br><br> v. <br><br> KAY IVEY, in her official capacity as Governor of the State of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County; C. WILSON BAYLOCK, in his official capacity as District Attorney for Cullman County; JESSICA VENTIERE, in her official capacity as District Attorney for Lee County; TOM ANDERSON, in his official capacity as District Attorney for the 12th Judicial Circuit; and DANNY CARR, in his official capacity as District Attorney for Jefferson County, <br><br> *Defendants*. | Civil Action No. 2:22-cv-184-LCB <br><br> **PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

## **PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Plaintiffs Reverend Paul A. Eknes-Tucker; Brianna Boe, individually and on behalf of her minor son, Michael Boe; James Zoe, individually and on behalf of his minor son, Zachary Zoe; Megan Poe, individually and on behalf of her minor daughter, Allison Poe; Kathy Noe, individually and on behalf of her minor son, Christopher Noe; Jane Moe, Ph.D.; and Rachel Koe, M.D. (collectively "Plaintiffs"), hereby move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for preliminary injunctive relief and/or a temporary restraining order preventing the enforcement of Alabama's Vulnerable Child Compassion and Protection Act (the "Act"), prior to its May 8, 2022 effective date. In addition, Plaintiffs respectfully request this Court exercise its discretion to waive the Federal Rule of Civil Procedure 65(c) security requirement. *BellSouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

The Act makes it a Class C felony for any "person" to "engage in or cause" the performance of certain medical treatments on any minor, "if the practice is performed for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined by [the] act." This prohibition infringes upon the fundamental constitutional rights to parental autonomy and equal

protection, violates the right to freedom of speech, is void for vagueness, and conflicts with the Affordable Care Act.

First, the Act deprives parents of the fundamental right to obtain essential medical care for their children, in violation of the Fourteenth Amendment to the United States Constitution.  Second, the Act violates the Equal Protection Clause of the Fourteenth Amendment by discriminating based on transgender status and sex. Third, the Act violates the First Amendment by criminalizing speech that would "cause" a transgender minor to receive medical treatment for gender dysphoria, thereby enacting a speech restriction that is not narrowly tailored to advance a compelling, or even legitimate, state interest.  Fourth,, the Act deprives Plaintiffs of due process and violates the Fifth and Fourteenth Amendments because it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited" and encourages "arbitrary and discriminatory enforcement" by the government. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Fifth, the Act is preempted by Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, because compliance with the Act would force covered health care providers to violate Section 1557.

As detailed more fully in the accompanying Memorandum of Law, Plaintiffs satisfy the requirements for preliminary injunctive relief and a temporary restraining order. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

If the Act is not enjoined, Plaintiffs will suffer immediate and irreparable constitutional, medical, emotional, psychological, and other harm, for which there is no adequate remedy at law. The balance of hardships also favors Plaintiffs because a preliminary injunction and temporary restraining order would preserve the status quo; the harm imposed through enforcement of the felony health care ban is far greater than any harm that could result from the preliminary injunction or temporary restraining order. In addition, the entry of a preliminary injunction and/or temporary restraining order is in the public interest.

Accordingly, and for the reasons set forth in the accompanying Memorandum of Law, Plaintiffs respectfully request that this Motion for a Temporary Restraining Order and/or Preliminary Injunction be granted without security. *See City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. Unit B 1981) (recognizing "an exception to the Rule 65 security requirement" for "public-interest litigation"); *BellSouth*, 425 F.3d at 971 (citing *City of Atlanta* with approval).

Respectfully submitted this 21st day of April, 2022.

*/s/ Melody H. Eagan*
Melody H. Eagan (ASB-9780-D38M)
Jeffrey P. Doss (ASB-4212-R62D)
Amie A. Vague (ASB-4113-Q46I)
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203

205.581.0700
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt (ASB-3507-J56P)
Misty L. Peterson (GA Bar No. 243715) (*pro hac vice* application forthcoming)
Adam Reinke (GA Bar No. 510426) (*pro hac vice* application forthcoming)
Gilbert Oladeinbo (GA Bar No. 669340) (*pro hac vice* application forthcoming)
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
404.572.4600
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com
goladeinbo@kslaw.com

Brent P. Ray (IL Bar No. 6291911) (*pro hac vice* application forthcoming)
Abigail Hoverman Terry (IL Bar No. 6327057) (*pro hac vice* application forthcoming)
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
312.995.6333
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy (CA Bar No. 277035) (*pro hac vice* application forthcoming)
KING & SPALDING LLP

5

633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
213.443.4355
mshortnacy@kslaw.com

Asaf Orr (CA Bar No. 261650) (*pro hac vice* application forthcoming)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
415.392.6257
aorr@nclrights.org

Jennifer L. Levi (MA Bar No. 562298) (*pro hac vice* application forthcoming)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
617.426.1350
jlevi@glad.org

Scott D. McCoy (FL Bar No. 1004965) (*pro hac vice* application forthcoming)
SOUTHERN POVERTY LAW CENTER
P.O. Box 12463
Miami, FL 33101
334.224.4309
scott.mccoy@splcenter.org

Diego A. Soto (AL Bar No. ASB-3626-Y61S)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
334.604.1414
diego.soto@splcenter.org

6

<div style="margin-left: 40%;">

Jessica L. Stone (GA Bar No. 275567) (*pro hac vice* application forthcoming)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
404.221.5837
jessica.stone@splcenter.org

Sarah Warbelow (MI Bar No. P66690) (*pro hac vice* application forthcoming)
Cynthia Weaver (NY Bar No. 5091848) (*pro hac vice* application forthcoming)
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
202.628.4160
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

</div>

## CERTIFICATE OF SERVICE

I certify that on this 21st day of April, 2022, I filed the foregoing with the Clerk of Court. I further certify that I will cause a copy of this Motion and accompanying Memorandum and Exhibits to be served along with a copy of the Summons and Complaint by delivering a copy to the following Defendants, or to their respective agents who are authorized by law to receive service of process, pursuant to Fed. R. Civ. P. 4:

Kay Ivey
The Office of Alabama Governor
600 Dexter Avenue
Montgomery, Alabama 36130

C. Wilson Baylock
District Attorney for Cullman County
500 2nd Avenue SW
Cullman, Alabama 35055

Daryl D. Bailey
District Attorney for Montgomery County
251 South Lawrence Street
Montgomery, Alabama 36014

Steve Marshall
Attorney General, State of Alabama
501 Washington Avenue
Montgomery, Alabama 36104

Jessica Venitere
District Attorney for Lee County
2311 Gateway Drive #111
Opelika, Alabama 36801

Tom Anderson
District Attorney for 12th Judicial Circuit
1065 E. McKinnon Street
New Brockton, Alabama 36351

Danny Carr
District Attorney for Jefferson County
810 Richard Arrington, Jr. Blvd. N., Suite 105
Birmingham, AL 35203

                                              */s/ Melody H. Eagan*
                                              *Attorney for Plaintiffs*