# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; JAMES ZOE, individually and on behalf of his minor son, ZACHARY ZOE; MEGAN POE, individually and on behalf of her minor daughter, ALLISON POE; KATHY NOE, individually and on behalf of her minor son, CHRISTOPHER NOE; JANE MOE, Ph.D.; and RACHEL KOE, M.D., <br><br> *Plaintiffs*, <br><br> v. <br><br> KAY IVEY, in her official capacity as Governor of the State of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County; C. WILSON BAYLOCK, in his official capacity as District Attorney for Cullman County; JESSICA VENTIERE, in her official capacity as District Attorney for Lee County; TOM ANDERSON, in his official capacity as District Attorney for the 12th Judicial Circuit; and DANNY CARR, in his official capacity as District Attorney for Jefferson County, <br><br> *Defendants*. | Civil Action No. 2:22-cv-184-LCB <br><br> **[PROPOSED] TEMPORARY RESTRAINING ORDER** |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Plaintiffs Reverend Paul A. Eknes-Tucker; Brianna Boe, individually and on behalf of her minor son, Michael Boe; James Zoe, individually and on behalf of his minor son, Zachary Zoe; Megan Poe, individually and on behalf of her minor daughter, Allison Poe; Kathy Noe, individually and on behalf of her minor son, Christopher Noe; Jane Moe, Ph.D.; and Rachel Koe, M.D. (collectively "Plaintiffs") have moved this Court for an *ex parte* temporary restraining order ("TRO") pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, seeking to block enforcement of S.B. 184, Alabama's Vulnerable Child Compassion and Protection Act ("the Act"), an Act that is set to go into effect on May 8, 2022.

The Act makes it a Class C felony for any "person" to "engage in or cause" the performance of certain medical treatments on any minor, "if the practice is performed for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined by [the] act."

The Court, having considered the pleadings, legal authority, and argument presented in support of Plaintiffs' Motion, as well as the sworn declarations submitted in support of that Motion, has found and concluded for the specific reasons required under Federal Rule of Civil Procedure 65(d) that Plaintiffs have demonstrated: (1) a likelihood of success on the merits, (2) irreparable harm in the

absence of a TRO, (3) the equities weighing in favor of the Plaintiffs, and (4) that granting a TRO is in the public interest.

Plaintiffs have established a likelihood of success on the merits of their claim that the Act violates the Due Process Clause of the Fourteenth Amendment by interfering with the Parent Plaintiffs' exercise of their fundamental rights to seek and determine medical care for their children. Plaintiffs have also established a likelihood of success on the merits of their claim that the Act violates Plaintiffs' right to equal protection under the Fourteenth Amendment to the U.S. Constitution by criminalizing the provision of medically necessary care to transgender youth. Plaintiffs have also established a likelihood of success that the Act violates the First Amendment by criminalizing, based on its content and viewpoint, speech that would "cause" a transgender minor to obtain medical treatment for gender dysphoria. Additionally, Plaintiffs have shown that they are likely to succeed on the merits of their claim that the Act violates the Due Process Clause of the Fourteenth Amendment by failing to provide sufficient notice of the specific conduct that is subject to criminal penalties under the law. Plaintiffs have further demonstrated that they are likely to succeed on the merits of their claim that the Act is preempted by Section 1557 of the Affordable Care Act ("ACA"), 42 USC § 18116.

Plaintiffs have demonstrated that, absent a TRO preventing the Act from taking effect, they will be denied medical care and suffer irreparable constitutional,

physical, emotional, psychological, and other harms for which there is no adequate remedy at law. The balance of hardships between the injuries Plaintiffs will suffer and Defendants' interests weigh in favor of granting Plaintiffs' motion to preserve the status quo, and a TRO is in the public interest.

Satisfied that the Plaintiffs have met their burden for obtaining an TRO, the Court further finds that issuance of a TRO without a hearing and without notice to Defendants or providing them an opportunity to respond is warranted. Plaintiffs have made a showing that immediate and irreparable injury will result to the Plaintiffs if the Act takes effect prior to a hearing on Plaintiffs' Motion for a Preliminary Injunction.

The Court finds that Plaintiffs are not required to provide security pursuant to Fed. R. Civ. P. 65(c).

IT IS THEREFORE ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors and any person in active concert or participation with them, are TEMPORARILY RESTRAINED from enforcing, threatening to enforce, or otherwise requiring compliance with Alabama's Vulnerable Child Compassion and Protection Act pending the Court's decision on Plaintiff's Motion for a Preliminary Injunction.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service.

Done this ____ day of _____, 2022.