# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; JAMES ZOE, individually and on behalf of his minor son, ZACHARY ZOE; MEGAN POE, individually and on behalf of her minor daughter, ALLISON POE; KATHY NOE, individually and on behalf of her minor son, CHRISTOPHER NOE; JANE MOE, Ph.D.; and RACHEL KOE, M.D.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KAY IVEY, in her official capacity as Governor of the State of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County; C. WILSON BAYLOCK, in his official capacity as District Attorney for Cullman County; JESSICA VENTIERE, in her official capacity as District Attorney for Lee County; TOM ANDERSON, in his official capacity as District Attorney for the 12th Judicial Circuit; and DANNY CARR, in his official capacity as District Attorney for Jefferson County,<br><br>*Defendants*. | Civil Action No. 2:22-cv-184-LCB<br><br>**[PROPOSED] PRELIMINARY INJUNCTION** |

## **[PROPOSED] PRELIMINARY INJUNCTION**

This matter having come before the Court upon the Motion for Preliminary Injunction filed by Reverend Paul A. Eknes-Tucker; Brianna Boe, individually and on behalf of her minor son, Michael Boe; James Zoe, individually and on behalf of his minor son, Zachary Zoe; Megan Poe, individually and on behalf of her minor daughter, Allison Poe; Kathy Noe, individually and on behalf of her minor son, Christopher Noe; Jane Moe, Ph.D.; and Rachel Koe, M.D. (collectively "Plaintiffs"); for good cause shown, it is hereby ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED.

On April 7, 2022, the Alabama Legislature passed S.B. 184, known as the Vulnerable Child Compassion and Protection Act ("the Act"). On April 8, 2022, Governor Ivey signed the Act into law. It is scheduled to take effect on May 8, 2022.

The Act makes it a Class C felony for any "person" to "engage in or cause" the performance of certain medical treatments on any minor, "if the practice is performed for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined by [the] act." Plaintiffs seek to enjoin enforcement of the Act until this Court issues a final judgment on the merits of their claims for relief.

The Court, having considered the pleadings, legal authority, and argument presented in support of Plaintiffs' Motion, as well as the sworn declarations submitted in support of that Motion, has found and concluded for the specific reasons required under Federal Rule of Civil Procedure 65(d) that Plaintiffs have demonstrated: (1) a likelihood of success on the merits, that they will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of equities tip in Plaintiffs' favor, and (4) that a preliminary injunction is in the public interest.

Plaintiffs have established a likelihood of success on the merits of their claim that the Act violates the Due Process Clause of the Fourteenth Amendment by interfering with the Parent Plaintiffs' exercise of their fundamental rights to seek and determine medical care for their children. Plaintiffs have also established a likelihood of success on the merits of their claim that the Act violates Plaintiffs' right to equal protection under the Fourteenth Amendment to the U.S. Constitution by criminalizing the provision of medically necessary care to transgender youth. Plaintiffs have also established a likelihood of success that the Act violates the First Amendment by criminalizing, based on its content and viewpoint, speech that would "cause" a transgender minor to obtain medical treatment for gender dysphoria. Additionally, Plaintiffs have shown that they are likely to succeed on the merits of their claim that the Act violates the Due Process Clause of the Fourteenth

Amendment by failing to provide sufficient notice of the specific conduct that is subject to criminal penalties under the law. Plaintiffs have further demonstrated that they are likely to succeed on the merits of their claim that the Act is preempted by Section 1557 of the Affordable Care Act ("ACA"), 42 USC § 18116.

Plaintiffs have demonstrated that, absent injunctive relief preventing the Act from taking effect, they will be denied medical care and suffer irreparable constitutional, physical, emotional, psychological, and other harms for which there is no adequate remedy at law. The balance of hardships between the injuries Plaintiffs will suffer and Defendants' interests weigh in favor of granting Plaintiffs' motion to preserve the status quo, and an injunction is in the public interest.

The Court finds that Plaintiffs are not required to provide security pursuant to Fed. R. Civ. P. 65(c).

IT IS THEREFORE ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors and any person in active concert or participation with them, are HEREBY ENJOINED, pending final judgment, from enforcing, threatening to enforce, or otherwise requiring compliance with Alabama's Vulnerable Child Compassion and Protection Act.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service.

Done this ___ day of _____, 2022.