# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER, et al., ) ) ) *Plaintiffs*, ) ) v. ) ) KAY IVEY, in her official capacity ) as Governor of the State of Alabama, ) et al., ) ) *Defendants*. ) | Civil Action No.: 2:22-cv-184-LCB-SRW |

**A<small>NSWER OF</small> D<small>EFENDANTS</small> S<small>TEVE</small> M<small>ARSHALL</small>, D<small>ARYL</small> D. B<small>AILEY</small>, C. W<small>ILSON</small> B<small>LAYLOCK</small>, J<small>ESSICA</small> V<small>ENTIERE</small>, T<small>OM</small> A<small>NDERSON</small>, <small>AND</small> D<small>ANNY</small> C<small>ARR</small>**

Defendants Steve Marshall, sued in his official capacity as Attorney General for the State of Alabama, and District Attorneys Darryl D. Bailey, C. Wilson Blaylock, Jessica Ventiere, Tom Anderson, and Danny Carr, each sued in his or her official capacity, state as follows for their Answer to the Plaintiffs' Complaint:[1]

1. Admitted.

2. Denied.

3. Admitted that the Act prohibits certain harmful treatments administered "for the purpose of attempting to alter the appearance of or affirm the

---

[1] Defendant Kay Ivey, sued in her official capacity as Governor, will also be represented by the undersigned. She will respond separately to the Plaintiffs' Complaint.

1

minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined in th[e] act." Denied that the Act "targets transgender minors" and denied that the proscribed treatments are "essential to the minors' health care needs."

4. Denied.

5. Admitted that Plaintiffs seek declaratory and injunctive relief to enjoin enforcement of the Act. Denied that they are entitled to any relief.

6. Denied that there are valid grounds for Plaintiffs to proceed anonymously. Otherwise, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

7. Denied that there are valid grounds for Plaintiffs to proceed anonymously. Otherwise, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

8. Denied that there are valid grounds for Plaintiffs to proceed anonymously. Otherwise, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

9. Denied that there are valid grounds for Plaintiffs to proceed anonymously. Otherwise, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

10. Denied that there are valid grounds for Plaintiffs to proceed anonymously. Otherwise, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

11. Denied that there are valid grounds for Plaintiffs to proceed anonymously. Otherwise, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

12. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

13. Admitted.

14. Admitted.

15. Admitted that Defendant Bailey is the District Attorney of Montgomery County with authority to prosecute criminal cases within the applicable judicial circuit.

16. Admitted that Defendant Blaylock is the District Attorney for the 32nd Judicial Circuit with authority to prosecute criminal cases within the circuit.

17. Admitted that Defendant Ventiere is the District Attorney for Lee County with authority to prosecute criminal cases within the applicable judicial circuit.

18. Admitted that Defendant Anderson is the District Attorney for the 12th Judicial Circuit with authority to prosecute criminal cases within the circuit.

19. Admitted that Defendant Carr is the District Attorney for Jefferson County, Alabama, with authority to prosecute criminal cases within the circuit.

20. Admitted that the Attorney General and District Attorneys have authority to enforce the Act. Denied that Governor Ivey possesses any authority to enforce the Act.

21. Admitted that Plaintiffs seek relief under the United States Constitution, the equitable powers of the Court, and a preemption claim related to Section 1557 of the Affordable Care Act. Denied that they are entitled to any relief.

22. Defendant does not contest personal jurisdiction.

23. Admitted that venue is proper in the Middle District of Alabama.

24. Denied.

25. Admitted that this Court has the authority to enter a declaratory judgment and provide equitable relief in a proper case. Denied that the Plaintiffs in this case are entitled to any relief.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted that WPATH has published purported "Standards of Care" for treatment of transgender people. Denied that WPATH is qualified to do so or that the resulting "Standards of Care" are based upon sound medical science.

32. Admitted that the Endocrine Society has promulgated a "guideline" for the provision of hormone therapy as a treatment of gender dysphoria in minors and adults. Denied that the "guideline" is based upon sound medical science.

33. Denied.

34. Denied that the described course of treatment generally reduces psychological distress of minors with gender dysphoria. Averred that the described course of treatment is experimental, harmful, and irreversible.

35. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

36. Denied.

37. Denied.

38. Denied.

39. Admitted.

40. Denied.

41. Admitted.

42. Admitted.

43. Denied.

44. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

45. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

46. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

47. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

48. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

49. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

50. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

51. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

52. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

53. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

54. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

55. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

56. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

57. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

58. Admitted that under the challenged Act, the described experimental, harmful, irreversible treatments will not be available to minors in Alabama if administered "for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined in th[e] act." Denied that such treatments are essential to Plaintiff Zachary's mental health, and denied that stopping such treatments will cause a person's physical and mental health to suffer.

59. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

60. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

61. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

62. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

63. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

64. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

65. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

66. Admitted that under the challenged Act, the described experimental, harmful, irreversible treatments will not be available to minors in Alabama if administered "for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined in th[e] act." Otherwise denied.

67. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

68. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

69. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

70. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

71. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

72. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

73. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

74. Denied.

75. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

76. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

77. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

78. Denied.

79. Denied.

80. Denied.

81. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

82. Denied that Dr. Moe's work with transgender patients is guided by "well-established standards of care." Otherwise, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

83. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

84. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

85. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

86. Denied.

87. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

88. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

89. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

90. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

91. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

92. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

## Count I

93. Defendants incorporate the foregoing paragraphs as if set forth fully herein.

94. Admitted.

95. The cases cited by Plaintiffs speak for themselves. Otherwise denied.

96. Denied.

97. Denied.

98. Denied.

## Count II

99. Defendants incorporate the foregoing paragraphs as if set forth fully herein.

100. Admitted.

101. Admitted.

102. Denied.

11

103. Denied.

104. Denied.

105. Admitted that some classifications based on sex are subject to intermediate scrutiny. Denied that the Act discriminates on the basis of sex.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

## Count III

110. Defendants incorporate the foregoing paragraphs as if set forth fully herein.

111. Admitted.

112. The cited statute speaks for itself. Otherwise denied.

113. Denied.

114. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

115. Denied.

116. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## Count IV

121. Defendants incorporate the foregoing paragraphs as if set forth fully herein.

122. Admitted.

123. Admitted.

124. Admitted.

125. Denied.

126. Denied.

## Count V

127. Defendants incorporate the foregoing paragraphs as if set forth fully herein.

128. Admitted.

129. The cited case speaks for itself.

130. Admitted that Plaintiffs have quoted a portion of the challenged Act.

131. Denied.

132. Denied.

## Prayer for Relief

Defendants deny that Plaintiffs are entitled to any relief.

## General Denial

Defendants deny each allegation in Plaintiffs' Complaint that is not expressly admitted above.

## Additional Defenses

1. Defendants preserve the defense of sovereign immunity.

2. There is medical uncertainty concerning the proper treatment of gender dysphoria, and the Alabama Legislature has legal authority to regulate such treatment.

3. Plaintiffs have no private right of action under the Affordable Care Act.

4. The equities do not favor injunctive or declaratory relief.

5. The equities do not favor emergency injunctive relief.

6. Plaintiffs are not likely to prevail on the merits.

7. Plaintiffs have unclean hands.

8. One or more Plaintiffs lack standing to assert some or all of their claims.

9. Plaintiffs fail to state a claim on which relief may be granted.

10. Governor Ivey, who will file a separate motion to dismiss, did not cause any injury to Plaintiffs and cannot redress any alleged injury suffered by Plaintiffs.

    Respectfully submitted,

    Steve Marshall
      *Attorney General*

    /s/ James W. Davis
    Edmund G. LaCour Jr. (ASB-9182-U81L)
      *Solicitor General*
    A. Barrett Bowdre (ASB-2087-K29V)
      *Deputy Solicitor General*
    James W. Davis (ASB-4063-I58J)
      *Deputy Attorney General*
    Benjamin M. Seiss (ASB-2110-O00W)
      *Assistant Attorney General*

    OFFICE OF THE ATTORNEY GENERAL
    STATE OF ALABAMA
    501 Washington Avenue
    P.O. Box 300152
    Montgomery, Alabama  36130-0152
    Telephone: (334) 242-7300
    Edmund.LaCour@AlabamaAG.gov
    Barrett.Bowdre@AlabamaAG.gov
    Jim.Davis@AlabamaAG.gov
    Ben.Seiss@AlabamaAG.gov

    ***Counsel for Defendants Steve Marshall, Daryl D. Bailey, C. Wilson Blaylock, Jessica Ventiere, Tome Anderson, and Danny Carr***

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ James W. Davis
*Counsel for Defendants Steve Marshall,
Daryl D. Bailey, C. Wilson Blaylock, Jessica
Ventiere, Tome Anderson, and Danny Carr*