Case 2:22-cv-00184-LCB-SRW   Document 54   Filed 04/27/22   Page 1 of 13

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) No. 2:22-cv-00184-LCB-SRW ) |
| KAY IVEY, in her official capacity as Governor of the State of Alabama, *et al.*, | ) ) ) ) ) |
| *Defendants*. | ) |

## DEFENDANTS' RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY (DOC. 6)

## RESPONSE

Three sub-groups of Plaintiffs—children, their parents, and healthcare providers—seek leave to proceed pseudonymously. *See* DE6.[1,2] The State Defendants oppose Plaintiffs' request as it applies only to the healthcare-provider plaintiffs ("Provider Plaintiffs"), because Provider Plaintiffs have failed to overcome the well-established presumption that "parties to a lawsuit must identify themselves in their respective pleadings." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, ("*SMU*") 599 F.2d 707, 712 (5th Cir. 1979).[3] Indeed, Provider Plaintiffs offer no evidence whatsoever to prove that this is an "exceptional case" justifying pseudonymity. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). The mere desire not to be publicly associated with one's own actions cannot override the "clear and strong First Amendment interest in ensuring that '[w]hat transpires in the courtroom is public property.'" *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Aug. 1981) (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). This Court should deny Provider Plaintiffs' request to proceed pseudonymously.

---

[1] "DE" refers to docket entries in this case. The numbers following "DE" refer to the precise docket entry, and numbers following a colon provide pin cites corresponding to ECF pagination.

[2] In Plaintiffs' Motion for Leave to Proceed Pseudonymously (the "Motion"), the children are identified as Michael Boe, Zachary Zoe, Allison Poe, and Christopher Noe; the children's parents are identified as Brianna Boe, James Zoe, Megan Poe, and Kathy Noe; and the healthcare providers are identified as Dr. Jane Moe and Dr. Rachel Koe. *Id.*

[3] Decisions of the Fifth Circuit handed down prior to October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

The State Defendants do not, however, oppose the children ("Children Plaintiffs") or their parents ("Parent Plaintiffs") proceeding pseudonymously, *provided* that these Plaintiffs provide identifying information to Defendants subject to a protective order in the event their identities become relevant to this litigation.

## ARGUMENT

### I. Provider Plaintiffs Have Failed To Show That Exceptional Circumstances Justify Their Request.

#### A. Proceeding Pseudonymously Is an Accommodation Granted Only in Exceptional Cases.

"It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323. Plaintiffs should, therefore, "be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* This presumption against pseudonymity makes good sense; at the most fundamental level, "[l]awsuits are public events." *Id.* at 324.

Thus, the Federal Rules of Civil Procedure require a plaintiff to "name all the parties" in his or her complaint. FED. R. CIV. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Stegall*, 653 F.2d at 185 (footnote omitted) (citing *Richmond Newspapers, Inc.*

3

*v. Virginia*, 448 U.S. 555 (1980)). Nor is the practice of using actual names rather than fake ones anchored in mere "administrative convenience." *Frank*, 951 F.2d at 322. To the contrary, the Eleventh Circuit has made clear that this general rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* Simply put, "there remains a clear and strong First Amendment interest in ensuring that '[w]hat transpires in the courtroom is public property.'" *Stegall*, 653 F.2d at 185 (quoting *Craig*, 331 U.S. at 374).

Though this "procedural custom" is "fraught with constitutional overtones," a narrow exception exists. *Id.* In "exceptional cases," the Eleventh Circuit has recognized "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323 (cleaned up).[4] To determine "whether privacy trumps publicity," the Eleventh Circuit asks whether the anonymity-seeking plaintiff "(1) is challenging government

---

[4] The general rule restricting pseudonymity only to exceptional circumstances appears to be nearly universal. *See, e.g.*, *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously.") (citation omitted); *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) ("This Court has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym.") (citation omitted); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (explaining that "[p]roceeding under a pseudonym in federal court is, by all accounts, an unusual procedure" that "does not appear" to have any support in "any specific statute or rule" and should only be allowed in "exceptional circumstances") (internal quotation marks and citations omitted).

activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (citing *SMU*, 599 F.2d 707). These three factors do not comprise a rigid test, "[n]or [i]s the presence of one factor meant to be dispositive." *Frank*, 951 F.2d at 323. Rather, courts should "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323 (citing *SMU*, 599 F.2d at 713).[5]

Cases from this Circuit and others make clear that supportive evidence is usually required to support a plaintiff's pseudonymity request. In *Stegall*, for example, the Eleventh Circuit held that "*[e]vidence on the record* indicat[ing] that the Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed" "tip[ped] the balance against the customary practice of judicial openness." 631 F.3d at 186 (emphasis added); *see also Doe v. Neverson*, 820 Fed. Appx. 984, 988 (11th Cir. 2020) (finding that the district court "may have too easily discounted" plaintiff's submission "of a website post about this lawsuit and eight

---

[5] Some additional circumstances include: "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citations omitted).

5

threatening or harassing comments"—"evidence [that] seems similar to the news report we relied on in *Stegall*").

And in *Doe v. Sheely*, the Eleventh Circuit held that a district court properly rejected a plaintiff's request to proceed pseudonymously when she failed to offer evidence to support the request. 781 Fed. Appx. 972, 974 (11th Cir. 2019) ("If the plaintiff has evidence to show that proceeding in her own name will cause her special harm, subject her to bodily injury, or implicate other factors that would make hers an exceptional case deserving of anonymity, then she may file a more fulsome second motion to proceed anonymously.").[6] In this same vein, the Eleventh Circuit has made clear that plaintiffs' "generalized, subjective assertions of fear" will not constitute evidence sufficient to justify "treat[ing] them differently than other plaintiffs" because such assertions are "simply not the kind of risk of physical or other injury required." *In re Chiquita Brands*, 965 F.3d at 1251 (internal quotation marks omitted).

---

[6] *See also, e.g., Doe v. Mckesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019), *vacated on other grounds* 141 S. Ct. 48 (2020) (affirming the district court's denial of Doe's motion to proceed anonymously because "Officer Doe conceded that he had received no particularized threats of violence since filing his lawsuit" and thus had not demonstrated a privacy interest sufficient to overcome the presumption against anonymity (citing *Stegall*, 653 F.2d at 186)); *Raiser v. Brigham Young Univ.*, 127 Fed. Appx. 409, 411 (10th Cir. 2005) (denying pseudonymity request where plaintiff "did not present any particularized evidence" and "stated only that harmful and prejudicial information might be made public and might harm his reputation" ); *see also Air Force Officer v. Austin*, No. 5:22-cv-00009-TES, 2022 WL 468030, at *2-3 (M.D. Ga. 2022) (finding that the plaintiff's evidence, the "culmination" of which "show[ed] that there has already been an influx—albeit small—of commentary directed specifically at her case," was "sufficient to warrant anonymity").

In sum, while a "totality-of-the-circumstances question" inevitably entails broad analysis, *In re Chiquita Brands*, 965 F.3d at 1247 n.5, the "constitutionally-embedded presumption of openness" places a heavy burden on pseudonymity-seeking plaintiffs, *Frank*, 951 F.2d at 323. And courts expect plaintiffs to offer particularized evidence to meet that burden. *See, e.g.*, *Stegall*, 631 F.3d at 186. It is therefore no surprise that "in only a very few cases challenging governmental activity can anonymity be justified." *Stegall*, 653 F.2d at 186. By failing to provide any supportive evidence whatsoever, Provider Plaintiffs have failed to show that this is one of those "very few cases."

### B. Provider Plaintiffs Have Not Proven That This Is an Exceptional Case.

Provider Plaintiffs submitted no evidence in support of their Motion. Instead, Dr. Moe and Dr. Koe both included one conclusory footnote in declarations they filed to support their "Motion for a Temporary Restraining Order And/Or Preliminary Injunction" (DE7): "Because of concerns about criminal liability and my privacy and safety, I am seeking to proceed in this case under a pseudonym." DE8-9:2 n.1; DE8-10:2 n.1. But Provider Plaintiffs never bothered to explain the bases for their purported "concerns," let alone provide actual evidence sufficient to "overcome the presumption of openness in court proceedings," *Frank*, 951 F.2d at 324; *see also Stegall*, 653 F.2d at 185. That alone is enough to deny Provider Plaintiffs' request.

7

What's more, none of the three *SMU* pseudonymity factors that Plaintiffs rely on favor their request.[7] *First*, though Plaintiffs "challeng[e] government activity," *In re Chiquita Brands*, 965 F.3d at 1247, that does not make Plaintiffs' position, as they claim, "particularly strong," DE6:5. To the contrary, the Eleventh Circuit has explained that this factor "does not stand … for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government." *Frank*, 951 F.2d at 324. Rather, there is "*more* reason *not* to grant the plaintiff's request for anonymity" when he is suing a private individual. *Id.* (emphasis in original). "Consequently, the fact that [Provider Plaintiffs] [are] suing the [State] does not weigh in favor of granting [their] request for anonymity." *Id.*

*Second*, Provider Plaintiffs are plainly not required to "disclose information of the utmost intimacy." *In re Chiquita Brands*, 965 F.3d at 1247. A child's transgender identification might constitute "information of the utmost intimacy" and thus may support Children and (derivatively) Parent Plaintiffs' requests to proceed pseudonymously. *Id.* Provider Plaintiffs, however, can muster only that they desire pseudonymity "[f]or similar reasons." DE6:3. But Provider Plaintiffs "are not transgender," *id.* at 9, and they have not shown that they risk suffering any "social stigma" warranting pseudonymity, *Frank*, 951 F.2d at 324 (citations omitted).

---

[7] Provider Plaintiffs have not argued that any circumstance outside the three *SMU* factors supports their request. *See* DE6:4-10.

While Children and Parent Plaintiffs request pseudonyms to, among other things, protect the Children Plaintiffs from "ridicule, discrimination and harassment," Provider Plaintiffs' assertion that they should be able to proceed with fake names "[f]or similar reasons" is baseless. *Id.* at 2-3. And while using a parent's name could reveal the child's identity, that logic does not apply to doctors and their patients—nor have Provider Plaintiffs made any attempt to explain why it would. And to the extent the Provider Plaintiffs are simply bashful about their involvement in this case, "some personal embarrassment, standing alone, does not require the granting of [their] request to proceed under a pseudonym." *Frank*, 951 F.2d at 324.

*Third*, proceeding under their real names will not "compel[]" Provider Plaintiffs "to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita Brands*, 965 F.3d at 1247. As an initial matter, the State assumes that Provider Plaintiffs intend to, and will, follow the law, even if they disagree with it. And the very purpose of Plaintiffs' motion for a preliminary injunction is to have the Court determine whether the Plaintiffs will need to follow the law or not. But challenging the law's application is not the same as intending to defy it, no matter the Court's ruling. To conflate the two would provide a basis for anonymity in *any* pre-enforcement legal challenge. Moreover, even if Provider Plaintiffs' real names *did* somehow "compel[]" them to admit criminal intent, *In re Chiquita Brands*, 965 F.3d at 1247, Plaintiffs cite no cases where a court has declared this factor

9

dispositive. And insofar as Provider Plaintiffs' argument reduces to the claim that pseudonymity will allow them to more easily violate Alabama's Criminal Code,[8] that concern is, of course, illegitimate on its face.

*Finally*, we know this is not an "exceptional" case because another set of providers filed a nearly identical suit roughly two weeks ago, and in that earlier case, neither plaintiff Morissa Ladinsky, M.D., nor plaintiff Hussein D. Abdul-Latif, M.D., sought to proceed pseudonymously. *See* Complaint, *Ladinsky v. Ivey*, No. 2:22-cv-447 (N.D. Ala. 2022 filed April 8, 2022), ECF 1. Moreover, while Dr. Ladinsky is no longer a plaintiff in that case or any other, she has submitted a declaration in support of the Plaintiffs' motion for a preliminary injunction in this case. *See* Doc. 8-2. Finally, both Dr. Moe and Dr. Ladinsky work in the University of Alabama at Birmingham medical system. *See, e.g.*, Doc. 8-2 ¶¶5-6; Doc. 8-9 ¶4. Thus, the Provider Plaintiffs' case is not exceptional and they, like Drs. Ladinsky and Abdul-Latif before them, should proceed publicly with their suit.

In sum, all three *SMU* factors weigh against pseudonymity. Though these are the only factors Provider Plaintiffs have argued in support of their motion, *supra* n.7, they provide no facts to support their limited argument even on its own terms. Rather, attached to their preliminary injunction motion is a declaration from Dr.

---

[8] *See* DE8-9:6 (Dr. Moe stating she fears "[she] will be subject to criminal prosecution" because she "cannot imagine" complying with the Vulnerable Child Compassion and Protection Act).

10

Ladinsky, whose willingness to sue in her own name undercuts the Provider Plaintiffs' purported need for pseudonymity. Provider Plaintiffs have thus failed to offer evidence sufficient to "outweigh the presumption of openness in court." *Francis*, 631 F.3d at 1314. Because "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity" and because Provider Plaintiffs have offered no evidence showing those conditions obtain here, their request falls far short of "overcom[ing] the presumption of openness in court proceedings." *Frank*, 951 F.2d at 324.

## II. Defendants Do Not Oppose Children or Parent Plaintiffs Proceeding Pseudonymously, Provided That Their Identities May Be Disclosed Pursuant to a Protective Order If Needed.

A "factor [courts] find especially persuasive is the fact that plaintiffs are children." *Stegall*, 631 F.3d at 186. Indeed, the Federal Rules of Civil Procedure provide that when a filing includes the name of a minor, the filing should list only the minor's initials. FED. R. CIV. P. 5.2. Defendants thus do not oppose Children or Parent Plaintiffs proceeding pseudonymously, *provided* that these Plaintiffs provide identifying information subject to a protective order if their identities become relevant to this litigation. *See, e.g.*, *Doe v. Strange*, No. 2:15-CV-606-WKW, 2016 WL 1168487, at *2 (M.D. Ala. Mar. 24, 2016) (allowing plaintiffs to proceed pseudonymously, in

11

part, because "Plaintiffs represent[ed] that they are willing to disclose their names to Defendants so long as documents containing this information are filed under seal"); *Doe v. Hobson*, 300 F.R.D. 576, 578 (M.D. Ala. 2014) (granting plaintiffs' motion to proceed pseudonymously "to the extent that Plaintiffs may withhold their true identities from the public," but denying the motion "to the extent that Plaintiffs seek to withhold their identities from Defendants"); *cf. Francis*, 631 F.3d at 1316 ("Defendants have the right to know who their accusers are, as they may be subject to ... fundamental unfairness if they do not.").

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion for Leave to Proceed Pseudonymously as to the Provider Plaintiffs. Defendants do not oppose the Children or Parent Plaintiffs proceeding pseudonymously so long as their identities may be disclosed pursuant to a protective order if needed.

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Defendants*

APRIL 27, 2022

# CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on April 27, 2022, which will serve all counsel of record.

s/ Edmund G. LaCour Jr.
*Counsel for Defendants*