# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; JAMES ZOE, individually and on behalf of his minor son, ZACHARY ZOE; MEGAN POE, individually and on behalf of her minor daughter, ALLISON POE; KATHY NOE, individually and on behalf of her minor son, CHRISTOPHER NOE; JANE MOE, Ph.D.; and RACHEL KOE, M.D. | Case No. 2:22-cv-184-LCB-SRW<br><br>Honorable Liles C. Burke |

                    Plaintiffs,

and

UNITED STATES OF AMERICA,

                    Plaintiff-Intervenor,

      v.

STATE OF ALABAMA; KAY IVEY, in her official capacity as Governor of the State of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County; C. WILSON BLAYLOCK, in his official capacity as District Attorney for Cullman County; JESSICA VENTIERE, in her official capacity as District Attorney for Lee County; TOM ANDERSON, in his official capacity as

1

District Attorney for the 12th Judicial
Circuit; and DANNY CARR, in his
official capacity as District Attorney for
Jefferson County.

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION TO INTERVENE

Under Federal Rule of Civil Procedure ("Rule") 24, the United States

respectfully submits this brief in support of its motion to intervene in this lawsuit

as Plaintiff-Intervenor. This lawsuit challenges the felony ban on certain types of

gender-affirming medical care for transgender youth contained in Section 4 of Act

No. 2022-289, Senate Bill ("S.B.") 184 (2022), the "Alabama Vulnerable Child

Compassion and Protection Act."

Two purposes of Rule 24 are "to foster economy of judicial administration

and to protect non-parties from having their interests adversely affected by

litigation conducted without their participation." *Stallworth v. Monsanto Co*., 558

F.2d 257, 265 (5th Cir. 1977).[1] The United States has a statutory right to intervene

in this litigation under Rule 24(a). *See* Fed. R. Civ. P. 24(a)(1). Section 902 of the

Civil Rights Act of 1964, as amended, grants the United States an unconditional

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981 are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala*., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

right to intervene in certain cases seeking relief from the alleged denial of equal

protection of the laws under the Fourteenth Amendment if the Attorney General

certifies that the case is one of general public importance. 42 U.S.C. § 2000h-2.

Here, the United States alleges that S.B. 184's felony ban on certain types of

gender-affirming medical care for transgender youth violates the Equal Protection

Clause of the Fourteenth Amendment. Further, the Attorney General has certified

that this case is one of general public importance and the United States' motion to

intervene is timely.

For these reasons, the Court should grant the United States' motion to

intervene.

## BACKGROUND

S.B. 184 was signed into law by Governor Kay Ivey on April 8, 2022. The

law will become effective on May 8, 2022. Section 4 of S.B. 184 states that "no

person shall engage in or cause any of" specified types of medical care to be

performed on a minor if "the purpose of attempting to alter the appearance of or

affirm the minor's perception of his or her gender or sex, if that appearance or

perception is inconsistent" with sex assigned at birth. Alabama S.B. 184, § 4(a).

The prohibited practices include administering puberty blockers, administering

hormone therapy, and surgical interventions (including the removal of "any healthy

or non-diseased body part or tissue, except for a male circumcision"). *Id.* § 4(a)(1)-

(6). There is an exception for procedures "undertaken to treat a minor born with a medically verifiable disorder of sex development." *Id.* § 4(b). Violation of Section 4 of S.B. 184 is a Class C felony, *id.* § 4(c), which is punishable by up to 10 years of imprisonment and a fine of up to $15,000. *See* Ala. Crim. Code §§ 13-A-5-6(a)(3), 13A-5-11(a)(3).

The *Eknes-Tucker* Plaintiffs, who include four Alabama transgender minors and their parents, a pediatrician, child psychologist, and a pastor, initiated this lawsuit on April 19, 2022 against Alabama Governor Kay Ivey, Attorney General Steve Marshall, and five district attorneys. In their lawsuit, the *Eknes-Tucker* Plaintiffs allege, *inter alia*, that S.B. 184 discriminates on the basis of sex and transgender status in violation of the Equal Protection Clause of the Fourteenth Amendment. Defendants answered the Complaint on April 21, 2022.

On April 21, 2022, the *Eknes-Tucker* Plaintiffs filed a motion for a temporary restraining order and preliminary injunction. Defendants' response is due on May 2, 2022, and the motion will be heard on May 5 and 6, 2022.

The United States' complaint in intervention, which adds the State of Alabama as a Defendant, challenges Section 4 of S.B. 184. The United States alleges that S.B. 184's felony ban on certain forms of medically necessary gender-affirming care for transgender minors discriminates on the basis of sex and

transgender status in violation of the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution.

## THE UNITED STATES HAS A RIGHT TO INTERVENE
## UNDER RULE 24(a)(1)

The United States' motion to intervene should be granted under Rule

24(a)(1) because the United States satisfies the requirements for intervention as of

right. Under that rule on timely motion, a court must permit anyone to intervene

who "is given an unconditional right to intervene by a federal statute." Fed. R. Civ.

P. 24(a)(1). Where an intervenor timely files a motion to intervene and has an

unconditional statutory right to intervene in the lawsuit, a court has no discretion to

deny the intervention. *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d

1305, 1322 (11th Cir. 2019).

The United States is given an unconditional right to intervene in this lawsuit

by a federal statute. Section 902 of the Civil Rights Act of 1964 ("Section 902"), as

amended, explicitly states that:

> Whenever an action has been commenced in any court of the United
> States seeking relief from the denial of equal protection of the laws
> under the fourteenth amendment to the Constitution on account of race,
> color, religion, sex or national origin, the Attorney General for or in the
> name of the United States may intervene in such action upon timely
> application if the Attorney General certifies that the case is of general
> public importance. In such action the United States shall be entitled to
> the same relief as if it had instituted the action.

42 U.S.C. § 2000h-2. Numerous courts, including the Supreme Court, have recognized that this statute entitles the United States to intervene in equal protection cases. *See, e.g.*, *Fitzgerald v. Barnstable School Comm.*, 555 U.S. 246, 247-48 (2009) (acknowledging that Section 902 allows the Attorney General to intervene in private equal protection suits alleging sex discrimination); *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 430 (1976) (Section 902 authorizes the United States to continue as a party plaintiff despite the disappearance of the original plaintiffs); *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 n.5 (5th Cir. 1985); *Strain v. Philpott*, 331 F. Supp. 836, 837 (M.D. Ala. 1971).

Section 902 applies here. The United States alleges that S.B. 184 discriminates on the basis of sex and transgender status in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution—one of the claims brought in this matter by the *Eknes-Tucker* Plaintiffs. As required by Section 902, the Attorney General has certified that this is a case of public importance. U.S. Mot. to Intervene, Ex. 1.

The United States' motion is timely. In *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983), the Eleventh Circuit established four factors to consider when evaluating the timeliness of a motion to intervene: (1) the length of time during which the movant actually knew or reasonably should have known of

its interest in the case before petitioning for leave to intervene; (2) the extent of the

prejudice that the existing parties to the litigation may suffer as a result of the

movant's failure to apply for intervention as soon as it actually knew or reasonably

should have known of its interest in the case; (3) the extent of the prejudice that the

movant may suffer if its petition for leave to intervene is denied; and (4) the

existence of unusual circumstances militating either for or against a determination

that the application is timely. *Jefferson Cnty.*, 720 F.2d at 1516; *see also Comm'r,*

*Ala. Dep't of Corrs. v. Advance Local Media, LLC*, 918 F.3d 1161, 1171 (11th Cir.

2019); *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir.

2002) (holding that delay of six months does not in itself constitute untimeliness)

(citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989)).

The United States has met those requirements. The United States is

petitioning the Court for leave to intervene as quickly as possible after learning of

its interest. The United States is moving to intervene only 11 days after Plaintiffs'

initiation of their lawsuit and only three weeks after S.B. 184 was signed into law.

S.B. 184 has not yet gone into effect. Second, the existing parties to the litigation

will not suffer any prejudice if the United States' motion is granted. The case is in

a preliminary phase and discovery has not yet commenced.

Moreover, granting intervention will not have any negative effect on the

pending preliminary injunction proceedings. The *Eknes-Tucker* Plaintiffs filed their

motion for a temporary restraining order and preliminary injunction on April 21, 2022. Granting intervention to the United States here will not prejudice any party with respect to the resolution of the pending motion. The United States will imminently file its own motion for a preliminary injunction, which does not raise new claims or arguments. The government is prepared to argue this motion on May 5 and 6, 2022.

Conversely, the United States will suffer prejudice if its motion to intervene is denied. This case implicates the United States' ability to protect its sovereign interest in ensuring that all persons, including transgender youth, are afforded equal protection of the laws in accordance with the Fourteenth Amendment to the U.S. Constitution. Granting intervention here will conserve resources and best serve judicial economy. It will ensure that the United States' interests are protected without requiring the filing of a separate lawsuit that would delay the adjudication of this matter and, ultimately, the constitutionality of S.B. 184. Such efficiency is particularly critical here given that S.B. 184 goes into effect on May 8.

Thus, the United States has met the requirements for intervention as of right under Rule 24(a)(1).[2]

---

[2] In the alternative, the Court should permit the United States to intervene in this litigation because the requirements for permissive intervention under Rule 24(b)(1)(B) are met here. First, the United States' putative claims share common questions of law and fact with the *Eknes-Tucker* Plaintiffs' claims. *See* Fed. R. Civ. P. 24(b)(1)(B). Both Plaintiffs and the United States claim violations of the Equal Protection Clause of the Fourteenth Amendment and these claims

## CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion to intervene and order its intervention in this action.

Dated: April 29, 2022                           Respectfully submitted,

SANDRA J. STEWART                     KRISTEN CLARKE
United States Attorney                      Assistant Attorney General
Middle District of Alabama               Civil Rights Division

PRIM F. ESCALONA                        JOHN POWERS (DC Bar No. 1024831)
United States Attorney                      Counsel to the Assistant Attorney General
Northern District of Alabama            Civil Rights Division

LANE H. WOODKE                          CHRISTINE STONEMAN
Chief, Civil Division                         Chief, Federal Coordination and
Northern District of Alabama            Compliance Section

_s/Jason R. Cheek_                            COTY MONTAG (DC Bar No. 498357)
JASON R. CHEEK                            Deputy Chief, Federal Coordination and
Deputy Chief, Civil Division             Compliance Section
U.S. Attorney's Office
Northern District of Alabama            _s/Alyssa C. Lareau_
1801 Fourth Avenue North                ALYSSA C. LAREAU (DC Bar No. 494881)
Birmingham, Alabama 35203            RENEE WILLIAMS (CA Bar No. 284855)
Tel.: (205) 244-2104                          KAITLIN TOYAMA (CA Bar No. 318993)
Jason.Cheek@usdoj.gov                    Trial Attorneys
                                                         United States Department of Justice
STEPHEN D. WADSWORTH            Civil Rights Division
Assistant United States Attorney        Federal   Coordination   and   Compliance
U.S. Attorney's Office                       Section
Middle District of Alabama               950 Pennsylvania Avenue NW – 4CON

---

are based on the same facts. Both lawsuits challenge Section 4 of S.B. 184's ban on certain types of gender-affirming care for transgender youth. Second, because the United States' motion is timely, intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Id.* at (b)(3). Given that the United States has promptly moved to intervene, intervention will not unduly delay or prejudice the original parties' rights.

Post Office Box 197
Montgomery, Alabama 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

Washington, DC 20530
Tel.: (202) 305-2994
Alyssa.Lareau@usdoj.gov
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

*Attorneys for Plaintiff-Intervenor United States of America*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, in accordance with Rules 24(c) and 5(b)(2)(E).

Respectfully submitted,

<u>s/ *Jason R. Cheek*</u>
Jason R. Cheek
Assistant U.S. Attorney