## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| REV. PAUL A. EKNES-TUCKER, | ) | |
| *et al.,* | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00184-LCB-SRW |
| | ) | |
| KAY IVEY, in her official capacity | ) | |
| as Governor of the State of Alabama, | ) | |
| *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' RESPONSE IN PARTIAL OPPOSITION TO THE FEDERAL GOVERNMENT'S MOTION TO INTERVENE (DOC. 58) AND MOTION FOR LEAVE TO FILE EXCESS PAGES (DOC. 60)

## BACKGROUND

The Alabama Vulnerable Child Compassion and Protection Act was passed by the Legislature on April 7, 2022, and signed into law the next day. Word traveled quickly to the participants in this litigation, including the would-be Plaintiff-Intervenor the United States. The ACLU promised on April 7 that "[i]f the state moves forward in passing this unconstitutional bill, we'll see them in court."[1] Also that day, the White House Press Secretary took note, condemning "Alabama's lawmakers" and declaring that "President Biden has committed in both words and actions to fight for all Americans and will not hesitate to hold these states accountable."[2] By April 8, the day the Act was signed into law, Dr. Morissa J. Ladinsky—who is now an expert witness for the *Eknes-Tucker* Plaintiffs here—had filed suit. *See Ladinsky v. Ivey*, No. 2:22-cv-447 (N.D. Ala. 2022 filed April 8, 2022). The *Walker* Plaintiffs followed the next business day. *See Walker v. Marshall*, No. 22-cv-480-LCB (M.D. Ala. filed April 11, 2022).

We know what happened next. The plaintiffs in the *Ladinsky* and *Walker* cases unexpectedly, inexplicably, and simultaneously dismissed their suits (and a pending preliminary injunction motion) on April 15. Counsel for Dr. Ladinsky then promised

---

[1] ACLU Alabama, *Civil Rights Groups to Challenge Alabama Ban on Gender-Affirming Care for Trans Youth*, Apr. 7, 2022, https://www.aclualabama.org/en/press-releases/civil-rights-groups-challenge-alabama-ban-gender-affirming-care-trans-youth.
[2] Press Briefing by Press Secretary Jen Psaki, April 7, 2022, https://www.whitehouse.gov/briefing-room/press-briefings/2022/04/07/press-briefing-by-press-secretary-jen-psaki-april-7-2022/.

to refile imminently, and so she did, initiating this case on April 19 (Doc. 1) and filing a preliminary injunction motion on April 21. Doc. 7. This Court promptly held a status conference on April 22, which was attended by at least one attorney from the United States Department of Justice. *See* Ex. 1, Decl. of A. Reid Harris.

At the status conference, the Plaintiffs, Defendants, and this Court discussed timing for a hearing on Plaintiffs' preliminary injunction motion. The parties discussed how much time they would need to present their cases to the Court. But at the status conference, neither Plaintiffs' counsel nor the DOJ lawyer in the gallery suggested that the federal government might need to take up any time. Later that day, the Court entered an order that gave Defendants until May 2 to respond to Plaintiffs' preliminary injunction motion, and the Court set an evidentiary hearing on the motion for Thursday, May 5, 2022, at 9:00 a.m. CDT. The Court made clear that "[t]he hearing is scheduled to last no longer than two days with the time allotted strictly as represented by the parties during today's status conference." Doc. 34 at 1.

Then, a week later and more than three weeks after the White House Press Secretary promised that President Biden would hold Alabama accountable for banning unproven, sterilizing treatments for children, the Department of Justice chimed in. In a Friday afternoon filing on April 29—one business day before Defendants' response to Plaintiffs' preliminary injunction motion is due—the federal government moved to intervene in this case. *See* Doc. 58. The federal government asserted an

unconditional right to intervene conferred by 42 U.S.C. § 2000h-2, which provides the United States the right to intervene in federal litigation where plaintiffs are "seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin."

The federal government also moved for leave to file a memorandum of up to 30 pages in support of its motion. *See* Doc. 60. Shortly before midnight on April 29, the government filed its motion, a memorandum in support, and a declaration from Dr. Armand Antommaria, who had previously prepared a declaration in support of the preliminary injunction motion filed by the *Walker* Plaintiffs on April 12. *See* Doc. 62-2 ¶13 ("I have prepared declarations as an expert witness in the following cases … *Walker v. Marshall*, No. 2:22-cv-167-ECM-SMD (M.D. Ala.)").

## ARGUMENT

To the extent the federal government seeks the same relief sought by the *Eknes-Tucker* Plaintiffs, Defendants do not oppose the federal government's motion to intervene. But Defendants do oppose the federal government's proposal to (1) add the State of Alabama as a defendant or otherwise seek relief Plaintiffs cannot seek, and (2) participate in preliminary injunction proceedings at this late hour.

## I.   The Federal Government Cannot Bring an Equal Protection Clause Claim Against the State of Alabama.

Though the federal government's motion to intervene never mentions the federal government's plan to add the State of Alabama as a party-defendant, that

addition is significant. As an initial matter, Section 902 entitles the United States to "the same relief" as the plaintiffs who filed the action. 42 U.S.C. § 2000h-2. But by seeking relief "[t]emporarily restrain[ing] … Defendants"—including a new Defendant, the State of Alabama—"from enforcing Section 4 of S.B 184," Doc. 58-3 at 15, the federal government seeks different and more extensive relief than the *Eknes-Tucker* Plaintiffs have—or could have[3]—sought themselves. The federal government's proposed intervention therefore exceeds the scope of the intervention permitted under Section 902. Simply put, the federal government relies on Section 902 for its statutory right of action, but Section 902 does not permit them to seek relief against the State.

And it's not just a statutory technicality that prevents the federal government from adding the State as a party-defendant. Without a cause of action, the federal government cannot sue the State of Alabama in these circumstances at all. *See Davis v. Passman*, 442 U.S. 228, 239 n.18 (1979) ("[C]ause of action is a question of whether a particular plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court[.]"). The Fourteenth Amendment does not provide the federal government a generalized cause of action to sue on behalf of private citizens. Rather, it empowers Congress to "enforce" its

---

[3] *See* U.S. Const. amend. XI; *Alden v. Maine*, 527 U.S. 706, 727 (1999) ("[S]overeign immunity bar[s] a citizen from suing his own State under the federal-question head of jurisdiction.").

requirements "by appropriate legislation." U.S. Const. amend. XIV, § 5. That means it is up to Congress to decide whether and to what extent lawsuits should be authorized against individuals and entities that violate the Fourteenth Amendment; neither the executive nor federal judiciary can create causes of action to enforce the Fourteenth Amendment when Congress has declined to do so. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014) ("[A] court cannot apply its independent policy judgment to recognize a cause of action that Congress has denied").

In this context, Congress authorized the federal government only to join in existing litigation and seek the same relief sought in an existing action. "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001). Because Congress did not authorize the federal government to alter the relief sought and has never provided the federal government a general cause of action to sue State governments in these circumstances, the federal government cannot add the State of Alabama as a party-defendant.

What's more, "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1651 (2017). Because the federal government seeks "additional relief beyond that which the plaintiff requests"—*i.e.*,

6

enjoining the State itself—the federal government "must demonstrate Article III standing." *Id.* But the federal government lacks independent standing to sue the State, and indeed has made no attempt to argue otherwise. Instead, the federal government asserts that "[t]his case implicates the United States' ability to protect its sovereign interest in ensuring that all persons, including transgender youth, are afforded equal protection of the laws in accordance with the Fourteenth Amendment to the U.S. Constitution." Doc. 58-1 at 8. This supposed "sovereign interest" is nothing more than an attempt to vindicate Plaintiffs' personal claims. But a sovereign cannot "litigat[e] as a volunteer the personal claims of its citizens." *Pennsylvania v. New Jersey*, 426 U.S. 660, 665 (1976). Nor may a sovereign "step[] in to represent the interests of particular citizens who, for whatever reason, cannot represent themselves." *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 600 (1982). Because the federal government lacks standing to pursue relief against the State, the federal government may not seek that relief in this lawsuit.

## II.    The Federal Government Should Not Be Permitted to Participate in the Preliminary Injunction Proceedings.

While Defendants do not oppose the federal government being allowed to intervene to seek the same relief Plaintiffs seek through their Equal Protection Clause claim, the federal government should not be allowed to participate in the preliminary injunction proceedings set to occur later this week.

Defendants are already significantly burdened by having to respond to Plaintiffs' preliminary injunction motion on a tight timeframe—a timeframe made tighter by Plaintiffs' counsel's on-again-off-again approach to challenging Alabama's Act. Considering that Defendants' response brief is due Monday, May 2, and Defendants must also prepare for the hearing set to occur on May 5 and 6, Defendants would be prejudiced by having to respond to another preliminary injunction motion—one that seeks to pierce the State's sovereign immunity, no less—that was not filed until 11:46 p.m. on Friday, April 29. *See* Doc. 62. The federal government's delay has left Defendants little time to brief the federal government's arguments and no time to have Defendants' experts review and respond to the federal government's new expert declaration. The federal government should not be able to gain advantage through delay.

Moreover, this Court set the timing for the preliminary injunction hearing based on the understanding that Plaintiffs and Defendants would present evidence and cross-examine witnesses. Neither Plaintiffs nor the federal government indicated that the federal government might *also* seek to use some of the limited time allotted for the hearing. Merely adding another party and set of lawyers to question witnesses would require significant additional time—to say nothing of the time it would take if the federal government presents its own witnesses and evidence. The federal government's inexplicable delay risks depriving Defendants of the opportunity to fully

present their case. And if the federal government is right that "its … motion for a preliminary injunction … does not raise new claims or arguments," Doc. 58-1 at 8, then having another set of lawyers press the same arguments against Alabama's Act would not only unfairly deprive Defendants of time to make their case, it would waste the parties' and the Court's time.

Thus, this Court should decline to entertain the federal government's preliminary injunction motion and should reject its request to participate in the preliminary injunction hearing. The Eleventh Circuit has recognized a "strong presumption against the grant of dilatory equitable relief." *Grayson v. Allen*, 491 F.3d 1318, 1326 (11th Cir. 2007). And the federal government's delay in moving to intervene (or even informing Defendants or the Court of its intention) is reason enough to deny the preliminary injunction motion. Private Plaintiffs' counsel will adequately present their side of this case, and Defendants must be given a fair chance to present the other side of this important case regarding Alabama's children.

Alternatively, if the federal government is to be heard, the hearing should be postponed at least two weeks to allow Defendants to assess the new evidence and arguments from the new Plaintiff-Intervenor. And because any delay would be the product of Plaintiffs' counsel's earlier decision to dismiss and refile a challenge to the Act and the federal government's delay in joining this already delayed case, no temporary restraining order should issue in the interim.

Finally, while Defendants oppose the federal government filing any preliminary injunction motion and brief at this late hour, Defendants have no opposition to the length of that brief.

## CONCLUSION

For the foregoing reasons, Defendants do not oppose the federal government's motion to intervene in this case, but the Court should reject the federal government's attempt to expand the scope of Plaintiffs' requested relief and deny the federal government's request to participate in the upcoming preliminary injunction proceedings.

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

***Counsel for Defendants***

MAY 2, 2022

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF

system on May 2, 2022, which will serve all counsel of record.

s/ Edmund G. LaCour Jr.
*Counsel for Defendants*

11