

**DEFENDANT'S EXHIBIT 29**

# UNITED STATES DISTRICTCOURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; JAMES ZOE, individually and on behalf of his minor son, ZACHARY ZOE; MEGAN POE, individually and on behalf of her minor daughter, ALLISON POE; KATHY NOE, individually and on behalf of her minor son, CHRISTOPHER NOE; JANE MOE, Ph.D; and RACHEL KOE, M.D. | CIVIL ACTION # 2:22-cv-00184-LCB-SRW |
| Plaintiffs, | **Declaration of Barbara F.\*** <br> **In Support of Defendants'** <br> **Opposition to Plaintiffs'** <br> **Motion for Preliminary Injunction** |
| v. | |
| KAY IVEY, in her official capacity As Governor of the State of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County; C. WILSON BAYLOCK, in his official capacity as District Attorney for Cullman County; JESSICA VENTIERE, in her official capacity as District Attorney for Lee County; TOM ANDERSON in his official capacity as District Attorney for the 12th Judicial Circuit; and DANNY CARR, in his official Capacity as District Attorney for Jefferson County. | |
| Defendants | |

I, Barbara F.[1] declare as follows:

1.  I am over the age of 18 years and am not a party to this action. I have actual knowledge of the following facts and if called upon to testify to them could and would do so competently. I am submitting this Declaration in support of Defendants' opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction.

2.  Alabama's Vulnerable Child Compassion and Protection Act ("VCCAP") provides parents necessary protections against manipulation and coercion on the part of health care providers, ex-spouses and confused children to comply with demands for medical and surgical interventions aimed at "affirming" a child's professed discordant gender identity under threats of alienation or loss of a child to suicide.

3.  Because there is no such parent and child-protective law in place in my home state, I have been subjected to alienation from my daughter, coercion, manipulation, and blatant disregard for my parental right to make medical and mental health decisions for my child. The VCCAP will prevent parents and children in Alabama from suffering similar harms. It will actually restore the rights of all parents, not just those who agree with demands for "gender-affirming" medical

---

[1] Declarant is submitting this Declaration using a pseudonym to protect the privacy of her children and other family members.

2

interventions, to make medical and mental health care decisions for their children that are truly in the best interest of their child's healthy development.

4. When my daughter, B., was 11 years old she said she identified as a boy and wanted to be referred to by an alternate male name. This occurred after she had endured ridicule from her father (my ex-husband) for laughing like me and witnessed her brother getting preferential treatment from her father.

5. B's father championed her new 'male" identity and began harassing me for not affirming it. He accused me of emotional abuse and called child protection services against me. B's father convinced B. to not participate in visitations with me unless I affirmed the discordant identity.

6. Shortly after B announced that she identified as a boy, I acted on the advice of our family physician and took B to a gender clinic. I naively believed that I would have an opportunity to seek a psychological evaluation and psychological counseling for B. and discuss her sudden identification as a boy prior to any interventions aimed at "affirming" her choice.

7. However, when my daughter and I arrived at the clinic the staff psychologist did an evaluation, but said that she did not have time to see B. regularly to give more in depth psychological help. I stated that believed that B. needed to have psychological counseling before any medical interventions were begun.

3

8.      I told the clinic staff that I did not consent to further consultations regarding medical intervention. I had done some research on the puberty blockers and hormone therapy being suggested for my daughter and was concerned about their unproven safety and efficacy.

9.      The clinic staff ignored my directions and, without telling me, an endocrinologist met with my 12-year-old daughter privately and with her father to discuss beginning puberty blockers. The endocrinologist then came in to meet with my daughter and me. When I raised concerns about the puberty blockers, the endocrinologist said that there are "no studies that show the drugs aren't safe." She also told me *in front of* my daughter that I needed "to get on board [with providing puberty blockers and hormones] if I don't want my daughter to commit suicide."

10.     I have repeatedly notified clinic staff orally and in writing that I do not consent to their treating my daughter. My ex-husband and I have shared decision-making authority for our children's medical care, so no care is supposed to be provided unless both of us consent. Nevertheless, the clinic and B.'s father have continued with regular consultations with my daughter without my consent.

11.     I have reviewed documents from the clinic in which staff say that they plan to "convince me" to consent to the medical interventions, completely disregarding my legal rights and role as B's mother.

12. The availability and promotion of "gender affirming" medical interventions for minors such as my daughter has been used to drive a wedge between B. and me, to prevent B. from receiving counseling for underlying mental health issues and to expose her to unknown long-term medical and mental health consequences without my consent. The notion of "informed consent" or parental decision-making is non-existent.

13. The VCCAP Act prevents such coercive manipulation and potential harm against Alabama's vulnerable children and should be upheld for the protection of children and their families.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 28, 2022.

/s/ Barbara F.
Barbara F. (pseudonym)
[original signature available on request]