DEFENDANT'S EXHIBIT 38

# UNITED STATES DISTRICTCOURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; JAMES ZOE, individually and on behalf of his minor son, ZACHARY ZOE; MEGAN POE, individually and on behalf of her minor daughter, ALLISON POE; KATHY NOE, individually and on behalf of her minor son, CHRISTOPHER NOE; JANE MOE, Ph.D; and RACHEL KOE, M.D. <br><br> Plaintiffs, <br> v. <br><br> KAY IVEY, in her official capacity As Governor of the State of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County; C. WILSON BAYLOCK, in his official capacity as District Attorney for Cullman County; JESSICA VENTIERE, in her official capacity as District Attorney for Lee County; TOM ANDERSON in his official capacity as District Attorney for the 12th Judicial Circuit; and DANNY CARR, in his official Capacity as District Attorney for Jefferson County. <br><br> Defendants | CIVIL ACTION # <br> 2:22-cv-00184-LCB-SRW <br><br><br> **Declaration of Kellie C.*** <br> **In Support of Defendants'** <br> **Opposition to Plaintiffs'** <br> **Motion for Preliminary Injunction** |

I, Kellie C.[1] declare as follows:

    1.    I am over the age of 18 years and am not a party to this action. I have actual knowledge of the following facts and if called upon to testify to them could and would do so competently. I am submitting this Declaration in support of Defendants' opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction.

    2.    Alabama's Vulnerable Child Compassion and Protection Act ("VCCAP") provides parents necessary protections against manipulation and coercion on the part of health care providers, ex-spouses and confused children to comply with demands for medical and surgical interventions aimed at "affirming" a child's professed discordant gender identity under threats of alienation or loss of a child to suicide.

    3.    Because there is no such parent and child-protective law in place in my home state, I have been subjected to alienation from my daughter, coercion, manipulation, and blatant disregard for my parental right to make sound medical and mental health decisions for my child. The VCCAP will prevent parents and children in Alabama from suffering similar harms. It will actually restore the rights of all parents, not just those who agree with demands for "gender-affirming" medical

---

[1] Declarant is submitting this Declaration using a pseudonym to protect the privacy of her children and other family members.

2

interventions, to make medical and mental health care decisions for their children in accordance with their natural, healthy development.

4. My daughter, D., became involved in fan fiction at age 11, when she began puberty. By age 13, D. had diagnosed herself with gender dysphoria and began identifying as a 17-year-old male character from Harry Potter. Every year since then, D. has celebrated the birthday of the fictional identity, and is now, at age 17, identifying as a 23-year-old male.

5. D. underwent a psychiatric evaluation which found that she is delusional and incapable of taking care of herself, on the autism spectrum, has OCD and possibly ADHD, but is not psychotic. The evaluation team admits that D. is identifying as a 23-year-old man and is proclaiming that she has Dissociative Identity ("multiple personality") Disorder, but that they do not believe she has DID. Instead, the psychiatric team believes that D. has researched DID and is using it as a maladaptive coping tool for working through the childhood trauma of being sexually assaulted at age 13 or 14, something I just recently learned about.

6. D. is in a residential treatment center. The treatment team has not engaged in therapy with D. to address her underlying issues. Instead, they have embraced her delusion that she is a 23-year-old fictional male character as a transgender identity. The therapists reiterate that they want D. to feel "safe" so they will not address underlying issues, including the sexual assault, unless D. wants to.

7. D. has asked for puberty blockers and testosterone. Despite her myriad co-morbidities and unaddressed sexual trauma, the treatment team say that D. is ready for "gender-affirming" medical interventions. The therapists and D.'s father have told her the only thing standing in the way of her getting those interventions is my refusal to consent.

8. The therapists and psychologists have told me that I should do my own research, but if I do not agree with them I "will have a dead daughter instead of a 'live son.'" I am constantly told that I need to "get on board" with what D wants.

9. The VCCAP Act is an important step in preventing harm to vulnerable children. Making these medical interventions unavailable to children will prevent the harms of these interventions on the children and the harms inflicted on parents fighting to protect their mentally disturbed children from irresponsible health care providers.

10. The VCCAP Act prevents coercive manipulation and potential harm against Alabama's vulnerable children and should be upheld for the protection of children and their families.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 28, 2022.

Kellie C. (pseudonym)