**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

PAUL A EKNES-TUCKER, *et al.*,                                                       PLAINTIFFS,

v.                      No. 2:22CV000184-LCB

KAY IVEY, *et al.*,                                                             DEFENDANTS.

**MOTION OF ARKANSAS, ALASKA, ARIZONA, GEORGIA, INDIANA, LOUISIANA, MISSISSIPPI, MISSOURI, MONTANA, NEBRASKA, OKLAHOMA, SOUTH CAROLINA, TEXAS, UTAH, AND WEST VIRGINIA AS AMICI CURIAE IN SUPPORT OF DEFENDANTS**

Proposed Amici are the States of Arkansas, Alaska, Arizona, Georgia, Indiana, Louisiana, Mississippi, Missouri, Montana, Nebraska, Oklahoma, South Carolina, Texas, Utah, and West Virginia. Proposed Amici respectfully move for leave to file an amicus brief in support of the Defendants in this matter.

## INTEREST OF PROPOSED AMICI CURIAE

Proposed Amici, like Alabama, are deeply concerned by the sudden recent surge of gender-related psychological issues among adolescents (especially teenage girls) and the corresponding rush by some practitioners to supply these vulnerable young people with life-altering drugs and surgical treatment. Indeed, at many facilities, hormones are provided on demand to children who merely identify as transgender, with no requirement that threshold diagnostic criteria for "Gender Dysphoria" be satisfied or that a psychological assessment be completed. Proposed Amici write to explain that Alabama's legislation is a commonsense response to that troubling surge in unnecessary interventions.

## ARGUMENT

District courts have broad discretion to allow participation of amici curiae. While this Court does not have specific rules for the filing of amicus briefs, it has "inherent authority" to

allow them. *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990) (citing *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987)); *see also United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920 (S.D. Tex. 2007) ("No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief.").

"Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015). When exercising their discretion, courts "err on the side of granting leave" because "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).

Here, Proposed Amici offer timely and useful information. This brief is submitted with sufficient time for Plaintiffs to respond. *Cf.* Fed. R. App. P. 29 advisory committee's note to the 1998 amendments (explaining that an amicus brief filed shortly after the brief it supports gives the opposing party sufficient time to respond).

Proposed Amici's brief will also be useful to the Court. *Gudur*, 512 F. Supp. 2d at 927. First, States have broad authority to regulate the medical profession, particularly "in areas fraught with medical and scientific uncertainties." *Jones v. United States*, 463 U.S. 354, 365 n.13 (1983). The gender-transition procedures Alabama prohibits—puberty blockers, cross-sex hormones, and surgical interventions for minors—are certainly "fraught with" such uncertainties. The brief further explains how Plaintiffs shockingly pretend the boiling international controversy surrounding

these procedures doesn't exist, even as it continuously spills out into the news media; how contemporary best practices and multiple systematic reviews of the evidence contradict Plaintiffs' claims; and how politics—not objective assessment of the evidence—conditions what "solutions" are offered to minors suffering from gender-related psychological distress.

With these arguments, the Proposed Amici will fulfill the classic role of amici curiae: "assisting the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (citation omitted).

## CONCLUSION

For all these reasons, the Court should grant this motion and allow Proposed Amici to file the attached brief.

May 2, 2022

Respectfully Submitted,

*/s/ Mark D. Wilkerson*
Mark D. Wilkerson (ASB-6957-039m)
WILKERSON & BRYAN, P.C.
405 South Hull Street
Montgomery, AL  36104
Telephone: 334-265-1500
Facsimile: 334-265-0319
Email:  mark@wilkersonbryan.com

/s/ *Michael A. Cantrell*

LESLIE RUTLEDGE
  Arkansas Attorney General

Michael A. Cantrell*
  Assistant Solicitor General

OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-2007
Michael.Cantrell@arkansasag.gov

*Counsel for Amici Curiae*

*Pending Admission Pro Hac Vice*

## ADDITIONAL COUNSEL

TREG R. TAYLOR
Alaska Attorney General

MARK BRNOVICH
Arizona Attorney General

CHRIS CARR
Georgia Attorney General

TODD ROKITA
Indiana Attorney General

JEFF LANDRY
Louisiana Attorney General

LYNN FITCH
Mississippi Attorney General

ERIC SCHMITT
Missouri Attorney General

AUSTIN KNUDSEN
Montana Attorney General

DOUG PETERSON
Nebraska Attorney General

JOHN M. O'CONNOR
Oklahoma Attorney General

ALAN WILSON
South Carolina Attorney General

KEN PAXTON
Texas Attorney General

SEAN D. REYES
Utah Attorney General

PATRICK MORRISEY
West Virginia Attorney General

**CERTIFICATE OF SERVICE**

I certify that on May 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Mark D. Wilkerson*
Mark D. Wilkerson