UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL A. EKNES-TUCKER, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No: 2:22-cv-0184-LCB-SRW |
| | ) |
| KAY IVEY, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to Proceed Pseudonymously. (Doc. 6). The Defendants do not object to the Minor Plaintiffs or the Parent Plaintiffs proceeding under pseudonyms. (Doc. 54 at 2). Accordingly, the Court will grant the motion as to those plaintiffs. The Court notes that Plaintiffs and their counsel have represented to the Court that, should the identities of these parties become relevant, they will be disclosed to the Defendants under an agreed upon protective order. (Doc. 57 at 2).

However, the Defendants do object to one of the Healthcare Provider Plaintiffs, "Rachel Koe, M.D." proceeding anonymously. The other Healthcare Provider Plaintiff, named in the complaint as "Jane Moe, PhD" has withdrawn her request to proceed pseudonymously. (Doc. 57 at 2). Thus, the Court is faced only

with Dr. Koe's request. For the following reasons, Dr. Koe's motion is due to be granted.

In her reply to the Defendants' opposition, Dr. Koe submitted an affidavit where she voiced a strong concern for her physical safety. (Doc. 57-1). Dr. Koe also asserted that she feared for the physical safety of her staff and family if her name becomes publicly associated with this case. In support of those assertions, Dr. Koe asserts that she lives and practices medicine in a rural community in southeast Alabama. *Id.* at 2. During the COVID-19 pandemic, she gave a speech at a public meeting advocating for the wearing of masks. *Id* at 4. According to Dr. Koe, many attendees became angry, and the atmosphere turned hostile. Dr. Koe said that the meeting became so heated that she faced physical threats and had to be escorted from the venue by a police officer. *Id*. Following that meeting, Dr. Koe said, someone in her neighborhood published personal information about her children on social media and encouraged people to taunt and harass them. Her practice also received negative attention in the form of false online reviews after Dr. Koe publicly advocated that children be vaccinated. *Id* at 5-6.

Dr. Koe claims these experiences frightened her and made her fear for her safety and the safety of her family and staff. She asserts that people in her community have strong negative feelings about the issues involved in this case. For example, she says that she has been approached by parents and others in her

community "in a combative manner" to state their opposition to doctors providing medical treatments to transgendered children.  (Doc. 57-1 at 3).  She also says that she fears for the safety of her transgendered patients because, if her identity becomes known, people may stake out her clinic and identify her transgender patients and their families.  Dr. Koe also claims that, because of the alleged vagueness of the law, she is worried that she may state an intention to violate the law during the proceedings and thus open herself up to prosecution.

In discussing the issue of parties proceeding under pseudonyms, the Eleventh Circuit has explained:

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a) (2010). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." [*Doe v.*] *Frank*, 951 F.2d [320, 322] (citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D.Cal.1981) and *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974)). This creates a strong presumption in favor of parties' proceeding in their own names.

*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).  However, this rule is not absolute:

> A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323 (quoting *Stegall*, 653 F.2d at 186). In evaluating whether a plaintiff has shown that he has such a right, the court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy

concerns." *Id*. (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)[hereinafter, *SMU*])

*Francis*, 631 F.3d at 1315–16.

The initial step in that analysis is to look at the three factors discussed in *SMU*: "First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" *Francis*, 631 F.3d at 1315–16, citing *Doe v. Stegall*, 653 F.2d 180, 183 (5th Cir. Unit A Aug.1981)[1] (restating the test from *SMU*).

However, the analysis does not end there as a court must also consider other factors such as "[1] whether the plaintiffs were minors, [2] whether they were threatened with violence or physical harm by proceeding in their own names, and [3] whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Id*. at 1316 (internal citations omitted). The Eleventh Circuit has gone on to clarify that these factors are not exclusive and has held that "whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *In re: Chiquita Brands Int'l, Inc*., 965 F.3d 1238, 1247, n. 5 (11th Cir. 2020).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent all rulings of the former Fifth Circuit handed down prior to October 1, 1981. *Stegall* was decided on August 10, 1981.

This case challenges governmental activity as opposed to alleging wrongdoing by a particular defendant. So, there is no fundamental unfairness in naming the Defendants while allowing Dr. Koe to remain anonymous. Further, and most importantly for this analysis, Dr. Koe alleged that she has been threatened with violence in the past when expressing her views on controversial issues and reasonably expects the same to happen should she be named here. Dr. Koe's fears are not speculative because they are grounded in concrete incidents from the recent past.

Having considered the briefs, Dr. Koe's affidavit, and the totality of the circumstances in this particular case, including the media attention this case has garnered, the Court finds Dr. Koe's fears for her safety and that of her family and staff to be well founded. The Court finds these considerations to weigh heavily in favor of anonymity. Accordingly, the Plaintiffs' Motion for Leave to Proceed Pseudonymously (Doc. 6) is **GRANTED**. The Plaintiffs identified as Brianna Boe, Michael Boe, James Zoe, Zachary Zoe, Megan Poe, Allison Poe, Kathy Noe, Christopher Noe, and Rachel Koe, M.D. may proceed under pseudonyms.

**DONE** and **ORDERED** May 3, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE