UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; JAMES ZOE, individually and on behalf of his minor son, ZACHARY ZOE; MEGAN POE, individually and on behalf of her minor daughter, ALLISON POE; KATHY NOE, individually and on behalf of her minor son, CHRISTOPHER NOE; JANE MOE, Ph.D.; and RACHEL KOE, M.D., <br><br> *Plaintiffs*, <br><br> v. <br><br> KAY IVEY, in her official capacity as Governor of the State of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; DARYL D. BAILEY, in his official capacity as District Attorney for Montgomery County; C. WILSON BAYLOCK, in his official capacity as District Attorney for Cullman County; JESSICA VENTIERE, in her official capacity as District Attorney for Lee County; TOM ANDERSON, in his official capacity as District Attorney for the 12th Judicial Circuit; and DANNY CARR, in his official capacity as District Attorney for Jefferson County, <br><br> *Defendants*. | Civil Action No. 2:22-cv-00184-LCB <br><br> Hon. Liles C. Burke |

**PLAINTIFFS MEGAN POE'S AND RACHEL KOE, M.D.'S UNOPPOSED MOTION TO SEAL PORTIONS OF PRELIMINARY INJUNCTION HEARING**

Plaintiffs Megan Poe and Dr. Rachel Koe respectfully request that the Court seal the preliminary injunction hearing while they testify or permit these Plaintiffs to present their testimony *in camera*. The Court has granted these Plaintiffs' requests to proceed pseudonymously given the privacy and security interests they have raised, (Doc. 83), and the limited relief Plaintiffs seek by this motion is necessary to preserve their ability to protect these interests.

Counsel for Plaintiffs has conferred with Defendants' counsel, and Defendants do not oppose this motion. A proposed order is attached hereto for the convenience of the Court.

As the Court recognized in its Order permitting certain Plaintiffs to proceed pseudonymously, the Eleventh Circuit has recognized that the public's right of access to court proceedings is not absolute and can be limited upon a showing of an adequate privacy interest. (Doc. 83 at 3-4.) In the context of a motion to seal, courts in the Eleventh Circuit apply a good cause analysis that "requires balancing the asserted right of access against the other party's interest in keeping the information confidential."[1] *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245–46 (11th Cir.

---

[1] Alabama courts also have stated that "[a] federal court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c) of the Federal Rules of Civil Procedure." *See, e.g., Auburn Univ. v. Int'l Bus. Machs. Corp.*, No. 3:09-cv-694-MEF, 2010 WL 4053388, at *1 (M.D. Ala. Oct. 14, 2010). The "good cause" analysis under Rule 26(c) also requires the court to "balance the public's interest in access against the litigant's interest in confidentiality." *Id.* at *3.

2007) (internal quotation marks and alterations omitted) (quoting *Chicago Tribune*, 263 F.3d at 1309). In weighing these competing interests, courts consider the following factors: (1) "whether allowing access would impair court functions or harm legitimate privacy interests"; (2) "the degree of and likelihood of injury if made public"; (3) "the reliability of the information"; (4) "whether there will be an opportunity to respond to the information"; (5) "whether the information concerns public officials or public concerns"; and (6) "the availability of a less onerous alternative to sealing."[2] *Romero*, 480 F.3d at 1246 (citations omitted). The decision of whether good cause exists rests within the sound discretion of the district court and is based on "the nature and character of the information in question." *Chicago Tribune*, 263 F.3d at 1315.

The first two factors of the applicable balancing test—whether allowing access would impair court functions or harm legitimate privacy interests and the degree of and likelihood of injury if made public—weigh strongly in favor of sealing the testimony of Ms. Poe and Dr. Koe or permitting them to testify *in camera*. *Romero*, 480 F.3d at 1246; (*see also* Doc. 83.)

---

[2] A similar test applies to sealing criminal proceedings, where the right of public access is most robust: (1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding; and (4) the trial court must make findings adequate to support the closure. *Waller v. Georgia*, 467 U.S. 39, 48 (1984).

Sealing and preventing public access to the live testimony of Plaintiff Poe and Dr. Koe is necessary to protect their privacy and security interests. As detailed in Plaintiffs' motion to proceed pseudonymously, "the social stigma attached to the plaintiff's disclosure [of transgender status] [has been] found to be enough to overcome the presumption of openness in court proceedings," *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), and the same "considerations also support allowing the [Parent Plaintiffs] . . . to proceed anonymously, because public disclosure of their identities would nullify any privacy protections given to their children alone." *D.L. ex rel. Phan L. v. Bateman*, No. 3:12-cv-208-J-32JBT, 2012 WL 1565419, at *2 (M.D. Fla. May 2, 2012) (citing *Doe v. Banos*, 713 F. Supp. 2d 404, 407 n.1 (D.N.J. 2010)). The State Defendants did not oppose Plaintiff Poe's request to proceed pseudonymously. With respect to Dr. Koe, in granting her request to proceed pseudonymously, the Court found "Dr. Koe's fears for her safety and that of her family and staff to be well founded" and "to weigh heavily in favor of anonymity." (Doc. 83 at 5.) Requiring Plaintiffs Poe and Dr. Koe to testify in open court with members of the public and media present would place these privacy and security interests in jeopardy and undermine the Court's order permitting them to proceed pseudonymously. Accordingly, the first two good cause factors weigh heavily in favor of granting the limited relief of sealing the portions of the preliminary

injunction hearing when these Plaintiffs testify or permitting them to testify *in camera*.

The remaining four good cause factors—the reliability of the information in question, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing—also weigh in favor of sealing the testimony of Plaintiffs Poe and Dr. Koe.

Closing the preliminary injunction hearing while Plaintiffs Poe and Dr. Koe testify will not prevent the Defendants from cross-examining them or otherwise responding to their testimony, and it will not inhibit the Court's ability to assess the reliability of their testimony.  Moreover, while this litigation certainly implicates public officials and public concerns, sealing only the portions of the hearing during which Plaintiffs Poe and Dr. Koe testify will not unduly impede the public's ability to observe these proceedings.  Plaintiffs do not seek to restrict public access to the entirety of the preliminary injunction hearing, but only the testimony of Plaintiffs Poe and Dr. Koe in support thereof.  Sealing their testimony is narrowly tailored to the protection of their privacy and security interests, and there is no less restrictive alternative available to protect those interests.

For the foregoing reasons, Plaintiffs Megan Poe and Dr. Rachel Koe respectfully request that the Court grant their unopposed motion to seal the preliminary injunction hearing while they testify or permit them to testify *in camera*.

Respectfully submitted this 4th day of May, 2022.

/s/ *Melody H. Eagan*
Melody H. Eagan (ASB-9780-D38M)
Jeffrey P. Doss (ASB-4212-R62D)
Amie A. Vague (ASB-4113-Q46I)
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
205.581.0700
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt (ASB-3507-J56P)
Misty L. Peterson (GA Bar No. 243715) (*pro hac vice*)
Adam Reinke (GA Bar No. 510426) (*pro hac vice*)
Gilbert Oladeinbo (GA Bar No. 669340) (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
404.572.4600
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com
goladeinbo@kslaw.com

Brent P. Ray (IL Bar No. 6291911) (*pro hac vice*)
Abigail Hoverman Terry (IL Bar No. 6327057) (*pro hac vice*)
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
312.995.6333
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy (CA Bar No. 277035) (*pro hac vice*)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
213.443.4355
mshortnacy@kslaw.com

Asaf Orr (CA Bar No. 261650) (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
415.392.6257
aorr@nclrights.org

Jennifer L. Levi (MA Bar No. 562298) (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
617.426.1350
jlevi@glad.org

Scott D. McCoy (FL Bar No. 1004965) (*pro hac vice*)

SOUTHERN POVERTY LAW CENTER
P.O. Box 12463
Miami, FL 33101
334.224.4309
scott.mccoy@splcenter.org

Diego A. Soto (ASB-3626-Y61S)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
334.604.1414
diego.soto@splcenter.org

Jessica L. Stone (GA Bar No. 275567) (*pro hac vice*)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
404.221.5837
jessica.stone@splcenter.org

Sarah Warbelow (MI Bar No. P66690) (*pro hac vice*)
Cynthia Weaver (NY Bar No. 5091848) (*pro hac vice*)
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
202.628.4160
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

## **CERTIFICATE OF SERVICE**

I certify that, on May 4, 2022, I electronically filed the foregoing Unopposed Motion with the Clerk of Court using the CM/ECF filing system, which will provide notice of such filing to all counsel of record.

> /s/ Melody H. Eagan
> *Attorney for Plaintiffs*