# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) |
| and | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| *Plaintiff-Intervenor* | ) ) |
| v. | ) No. 2:22-cv-00184-LCB-SRW ) |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, *et al.*, | ) ) ) ) |
| *Defendants*. | ) ) |

### ANSWER OF DEFENDANTS STEVE MARSHALL, DARYL D. BAILEY, C. WILSON BLAYLOCK, JESSICA VENTIERE, TOM ANDERSON, AND DANNY CARR TO THE UNITED STATES' AMENDED COMPLAINT IN INTERVENTION (DOC. 92)[1]

Defendants Steve Marshall, in his official capacity as Attorney General of the State of Alabama; Daryl D. Bailey, in his official capacity as District Attorney for Montgomery County; C. Wilson Blaylock, in his official capacity as District Attorney for Cullman County; Jessica Ventiere, in her official capacity as District Attorney for Lee County; Tom Anderson, in his official capacity as District Attorney

---

[1] On May 20, 2022, the United States and Defendant Kay Ivey, sued in her official capacity as Governor of Alabama, jointly moved to dismiss Governor Ivey. *See* Doc. 113.

for the 12th Judicial Circuit; and Danny Carr, in his official capacity as District Attorney for Jefferson County states as follows for their Answer to the United States' Amended Complaint in Intervention (Doc. 92):

1. Denied.

2. Admitted.

3. Admitted that the lawsuit challenges the Alabama Vulnerable Child Compassion and Protection Act. Otherwise denied.

4. Denied that the Act criminalizes medically necessary care. Denied that sex is "assigned at birth." Otherwise admitted.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted that this Court has such authority. Denied that the United States is entitled to such relief.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted that some individuals and organizations define "transgender people" as "individuals whose gender identity does not conform with the sex they were assigned at birth." Denied that that definition is the only definition of "transgender." Denied that sex is "assigned at birth."

23. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

24. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

25. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

26. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

27. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

28. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

29. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

30. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

31. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

32. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

33. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

34. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

35. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

36. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

37. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

38. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

39. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

40. Admitted.

41. Admitted that the Legislature determined that puberty blockers, cross-sex hormones, and surgical interventions are not safe and effective methods to treat gender dysphoria in minors and that gender dysphoria in children resolves without these interventions most of the time. Otherwise denied.

42. Admitted.

43. Denied that sex is "assigned at birth." Otherwise admitted.

44. Admitted.

45. Admitted that the Act could implicate parents of minors seeking the medical interventions prohibited by the Act as well as health care providers and other medical professionals. Otherwise denied.

46. Admitted.

47. Admitted that the Act prohibits engaging in or causing any of the following practices to be performed upon a minor if the practice is performed for the

purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's biological sex: prescribing or administering puberty blocking medication to stop or delay normal puberty, supraphysiologic doses of testosterone or other androgens to females, or supraphysiologic doses of estrogen to males; performing surgeries that sterilize, including castration, vasectomy, hysterectomy, oophorectomy, orchiectomy, or penectomy; performing surgeries that artificially construct tissue with the appearance of genitalia that differs from the individual's sex, including metoidioplasty, phalloplasty, and vaginoplasty; or removing any healthy or non-diseased body part or tissue, except for a male circumcision. Otherwise denied.

48.    Denied.

49.    Denied.

50.    Denied that providing testosterone to a male minor suffering from an observable testosterone deficiency to raise his testosterone levels to a level that is normal for a male minor of his age is the same treatment as providing testosterone to a female minor to raise her testosterone levels to a level that is abnormally high for a female minor of her age. Admitted that the Act permits the former treatment. Admitted that the Act prohibits engaging in or causing the prescription or administration of supraphysiologic doses of testosterone or other androgens to

female minors for the purpose of attempting to alter the appearance of or affirm the minor's perception of the minor's gender or sex, if that appearance or perception is inconsistent with the minor's biological sex. Otherwise denied.

51. Denied.

52. Denied.

53. Denied that the Act restricts care based on the individual's sex. Denied that sex is "assigned at birth." Admitted that the Act imposes criminal prohibitions on engaging in or causing certain medical interventions to be performed upon minors.

54. Admitted that the Act imposes criminal prohibitions on engaging in or causing certain medical interventions to be performed upon minors. Otherwise denied.

## Count I

55. Defendants incorporate the foregoing paragraphs as if set forth fully herein.

56. Admitted.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Admitted.

## Prayer for Relief

Denied that the United States is entitled to any relief.

## General Denial

Defendants deny each allegation in Plaintiffs' Complaint that is not expressly admitted above.

## Additional Defenses

1. Defendants preserve the defense of sovereign immunity.

2. There is medical uncertainty concerning the proper treatment of gender dysphoria, and the Alabama Legislature has legal authority to regulate such treatment.

3. The equities do not favor injunctive or declaratory relief.

4. The equities do not favor emergency injunctive relief.

5. The United States is not likely to prevail on the merits.

6. The United States has unclean hands.

7. The United States fails to state a claim on which relief may be granted.

<div style="columns:2">

Christopher Mills
(SC Bar No. 101050)
(admitted *pro hac vice*)
SPERO LAW LLC
557 East Bay St. #22251
Charleston, SC 29451
Telephone: (843) 606-0640
cmills@spero.law

MAY 25, 2022

Respectfully submitted,

Steve Marshall
 *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
 *Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
 *Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
 *Deputy Attorney General*

s/Benjamin M. Seiss
Benjamin M. Seiss (ASB-2110-O00W)
 *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

***Counsel for Defendants***

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2022 that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<div style="text-align: right;">

s/ Benjamin M. Seiss
*Counsel for Defendants*

</div>