**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| REV. PAUL A. EKNES-TUCKER, *et al.*, | ) | |
| *Plaintiffs*, | ) | No. 2:22-cv-00184-LCB-SRW |
| | ) | Hon. Liles C. Burke |
| and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff-Intervenor*, | ) | |
| v. | ) | |
| STEVE MARSHALL, in his official Capacity as Attorney General of the State of Alabama, *et al.*, | ) | |
| *Defendants*. | ) | |

**AMENDED REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on June 2, 2022, by telephone:

For the Private Plaintiffs:

Michael B. Shortnacy
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
(213) 443-4355
mshortnacy@kslaw.com

Brent P. Ray
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
(312) 995 6333
bray@kslaw.com

J. Andrew Pratt
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
(404) 572 4600
apratt@kslaw.com

Amie A. Vague
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street N.
Birmingham, AL 35203
(205) 581-0700
avague@lightfootlaw.com

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
(415) 392-6257
aorr@nclrights.org

For the United States of America:

Coty Montag
Deputy Chief
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
(202) 305-9813
coty.montag@usdoj.gov

Jason R. Cheek
Assistant United States Attorney
United States Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2104
jason.cheek@usdoj.gov

Eliza Dermody
Acting Senior Counsel to the Assistant Attorney General
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 305-0463
eliza.dermody@usdoj.gov

For the Defendants:

Edmund G. LaCour Jr.
*Solicitor General*
A. Barrett Bowdre
*Deputy Solicitor General*
James W. Davis (ASB-4063-I58J)
*Deputy Attorney General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov

Christopher E. Mills
SPERO LAW LLC
557 East Bay St., #22251
Charleston, SC 29413
Telephone: (843) 606-0640
cmills@spero.law

2. Initial Disclosures. The parties completed and served initial disclosures required by Rule 26(a)(1) on June 14, 2022.

3. Discovery Plan. The parties propose this discovery plan to have the case ready for trial in June 2023 (if no dispositive motions are filed) or August 2023 (if dispositive motions are filed):

(a) Discovery will be needed on these subjects:

- Private Plaintiffs and the United States of America (collectively, Plaintiffs) believe the scope of discovery will be governed by Federal Rule of Civil Procedure ("Rule") 26, and state they intend to seek discovery relating to the allegations in the Private Plaintiffs' and the United States of America's respective complaints necessary to establish the elements of their claims; and
- Defendants' governmental justifications for S.B. 184 and any affirmative defenses pleaded in Defendants' answers to Plaintiffs' respective complaints.
- Defendants contend that discovery is needed on at least the following subjects:
    i. Whether the practices prohibited by S.B. 184 are well-established, evidence-based treatments for gender dysphoria or related conditions in minors;

    ii. the evidentiary basis supporting these practices, including evidence regarding risks or benefits of these practices;

    iii. the reasons why Plaintiffs and certain major medical associations declare that these practices are well-established, evidence-based treatments for gender dysphoria or related conditions in minors;

iv. major medical association guidelines recommending prescription and administration of the prohibited practices, including evidence supporting the guidelines and how they are developed; and

v. how healthcare has been provided to minors diagnosed or presenting with gender dysphoria or related conditions or who may otherwise be seeking gender-transition treatments and the effects of such treatments.

(b) The parties agree that discovery may commence upon the filing of this report. Fact discovery will be completed by February 17, 2023, and expert discovery will be completed by April 10, 2023.

(c) Interrogatories

Defendants collectively may propound up to 40 interrogatories, and the Private Plaintiffs and the United States may collectively propound up to 40 interrogatories, to be answered within 30 days unless a different deadline is agreed to by the parties or ordered by the Court.

(d) Requests for Admissions

40 for the Defendants, collectively, and 40 for the Private Plaintiffs and the United States, collectively, to be answered within 30 days unless a different deadline agreed by the parties or ordered by the Court. The parties may request additional Requests for Admissions for good cause shown.

(e) Depositions

25 for the Defendants, collectively, and 25 for the Private Plaintiffs and the United States, collectively, excluding depositions of the opposing parties' experts.

(f) The Private Plaintiffs and the United States agree to coordinate their respective discovery requests and share materials responsive thereto to ensure efficiency and avoid duplication.

(g) Limits on the length of depositions, in hours: 7 hours. Should any party reasonably believe that more than 7 hours is needed for particular deposition, the parties shall discuss the matter in good faith prior to the deposition. The parties may request to extend the length of a deposition beyond 7 hours for good cause shown.

(h) Dates for exchanging reports of expert witnesses: Plaintiffs will make initial expert disclosures by November 23, 2022. Defendants will disclose experts by January 18, 2023. Plaintiffs will make any rebuttal disclosure of expert reports by February 17, 2023.

4. Electronic Discovery:

The parties agree to discuss and seek agreement on protocols with respect to the identification, review, and production of electronically stored information ("ESI"). ESI shall be produced in an electronic format to be agreed upon by the parties. The parties have agreed to submit a jointly stipulated ESI Order for the Court's consideration and approval.

5. Other Items:

(a) The parties do not request a conference with the Court before entry of a scheduling order.

(b) Requested dates for pretrial conferences: 30 days before trial.

(c) Final dates for Plaintiffs to amend pleadings or to join parties: The deadline for joinder of all parties is August 5, 2022. The deadline for Plaintiffs to amend their respective complaints, with consent or leave of Court, is November 16, 2022.

(d) Final dates for Defendants to amend pleadings: December 7, 2022.

(e) Final dates to file dispositive motions and *Daubert* motions: May 15, 2023.

By April 14, 2023, the parties will file a joint notice informing the Court whether any party intends to file a dispositive motion.

(f) State the prospects for settlement: Settlement is unlikely.

(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects: None, although the parties agree to discuss by April 14, 2023 whether conditions at that time favor mediation.

(h) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: If no dispositive motions are filed, May 15, 2023. If dispositive motions are filed, July 24, 2023.

(i) Final dates to file objections under Rule 26(a)(3): 14 days after filing.

(j) Suggested trial date and estimate of trial length: If no dispositive motions are filed, the parties expect the case to be ready for trial in June 2023. If dispositive motions are filed, the parties expect the case to be ready for trial in August 2023. No party objects to setting aside two weeks for trial, but reserve their right to contend that trial should take less than two weeks.

(k) Other matters:

The parties anticipate that a Protective Order will facilitate discovery and are negotiating such order to propose to the Court. Defendants have also proposed a HIPAA Order. Defendants contend that there is an obvious need for discovery of medical records in this case and will promptly move for entry of a HIPAA Order. Plaintiffs do not agree that medical records as identified by Defendants are within the proper scope of discovery, and reserve their arguments under Rule 26, but will work with Defendants to negotiate a proposed HIPAA Order that is agreeable to all parties, which the parties will propose to the Court.

i. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a

privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

ii. The parties agree that they need not preserve, produce, or create a privilege log for any communication or document that was created by, and exchanged solely among, any party's attorneys, the attorney's staff, and/or clients for purposes of this litigation.

iii. The parties consent to electronic service of initial disclosures (and amendments thereto), discovery requests, discovery responses, and any other documents associated with this litigation which are not filed with the Court's CM/ECF system. An electronic signature by counsel is sufficient for these documents. The parties agree that this service is electronic service as described in Rule 5(b)(2)(E), and that therefore, pursuant to Rule 6(d), three additional days will not be added when calculating any responsive deadline.

**For Private Plaintiffs**

*/s/* Melody H. Eagan
Melody H. Eagan
Jeffrey P. Doss
Amie A. Value
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt
Misty L. Peterson
Adam Reinke
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com

Brent P. Ray
Abigail Hoverman Terry
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
mshortnacy@kslaw.com

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
aorr@nclrights.org

Sarah Warbelow
Cynthia Weaver
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Avenue, Northwest
Washington, DC 20036
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

Jennifer L. Levi
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
jlevi@glad.org

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Boulevard, Suite 3750
Miami, FL 33131
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

Jessica L. Stone
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

**For the United States of America:**

*/s/ Coty Montag*
Coty Montag
Deputy Chief
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
(202) 305-9813
coty.montag@usdoj.gov

Jason R. Cheek
Assistant United States Attorney
United States Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2104
jason.cheek@usdoj.gov

**For the Defendants:**

Steve Marshall
*Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
*Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
*Deputy Solicitors General*

*/s/ James W. Davis*
James W. Davis (ASB-4063-I58J)
*Deputy Attorney General*

Benjamin M. Seiss (ASB-2110-O00W)
*Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

Christopher Mills (SC Bar No. 101050)
(*pro hac vice* motion pending)

SPERO LAW LLC
557 East Bay St.
#22251
Charleston, SC 29451
Telephone: (843) 606-0640
cmills@spero.law

***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

James W. Davis
*Counsel for Defendants*