UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| and | ) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| *Plaintiff-Intervenor*, | ) |
| v. | )  No. 2:22-cv-00184-LCB-SRW ) Hon. Liles C. Burke |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, *et al.*, | ) ) ) ) |
| *Defendants*. | ) |

**[PROPOSED] ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. *See* Doc. 150 (motion) & 146 (First Amended Complaint). After considering the motion, the parties' briefing, and the relevant caselaw, the Court concludes that Defendants' motion should be granted, that Counts III, IV, and V of Plaintiffs' First Amended Complaint should be dismissed, and that Reverend Paul A. Eknes-Tucker must be dismissed from this suit for lack of standing.

## BACKGROUND

On April 19, 2022, Plaintiffs in this action filed their initial complaint challenging certain aspects of the Alabama Vulnerable Child Compassion and Protection Act. Doc. 1. They also sought a preliminary injunction. Doc. 7. After a hearing, the Court granted an injunction pending trial and enjoined enforcement of three provisions of the Act: (1) the Act's prohibition on prescribing or administering puberty blockers to minors for the purpose of transitioning; (2) the Act's prohibition on prescribing or administering supraphysiologic doses of testosterone or other androgens to minor females for the purpose of transitioning, and (3) the Act's prohibition on prescribing or administering supraphysiologic doses of estrogen to minor males for the purpose of transitioning. *See* Docs. 107 & 112-1; Ala. Code § 26-26-4.

On August 9, 2022, Plaintiffs filed their First Amended Complaint. Doc. 146. Specifically, the Reverend Paul A. Eknes-Tucker; Brianna Boe, individually and on behalf of her minor son, Michael Boe; Megan Poe, individually and on behalf of her minor daughter, Allison Poe; Kathy Noe, individually and on behalf of her minor son, Christopher Noe; Rebecca Roe, individually and on behalf of her minor daughter, Melissa Roe; Robert Voe, individually and on behalf of his minor daughter, April Voe; Heather Austin, Ph.D; and Rachel Koe, M.D. (collectively, "Plaintiffs") brought five claims against Defendants Steve Marshall, in his official

2

capacity as Attorney General of Alabama; Daryl D. Bailey, in his official capacity as District Attorney for Montgomery County; C. Wilson Blaylock, in his official capacity as District Attorney for Cullman County; Jessica Ventiere, in her official capacity as District Attorney for Lee County; Tom Anderson, in his official capacity as District Attorney for the 12th Judicial Circuit; and Danny Carr, in his official capacity as District Attorney for Jefferson County (collectively, "Defendants"). *See* Doc. 146 at 30-37.

In Count I, the Parent Plaintiffs allege a deprivation of their Fourteenth Amendment right to direct the upbringing of their children. In Count II, all Plaintiffs allege a deprivation of Equal Protection under the Fourteenth Amendment. In Count III, the Healthcare Provider Plaintiffs, the Parent Plaintiffs, and the Transgender Plaintiffs allege that Alabama's law conflicts with Section 1557 of the Affordable Care Act. In Count IV, Plaintiffs allege a deprivation of their free speech rights under the First Amendment. And in Count V, Plaintiffs allege that the Act is void for vagueness.

On August 23, 2022, Defendants timely moved to dismiss under Rule 12(b)(6) three counts of the Amended Complaint: Counts III, IV, and V. Doc. 150. They also moved to dismiss Plaintiff Eknes-Tucker from the lawsuit for lack of standing. *Id.*

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2012) (cleaned up). Courts do not "accept as true a complaint's conclusory allegations or legal conclusions." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1251 (11th Cir. 2021). "[C]ourts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (cleaned up).

## DISCUSSION

Defendants move to dismiss Plaintiffs' vagueness, free speech, and preemption claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They also seek to dismiss Plaintiff Eknes-Tucker for lack of standing. The Court grants Defendants' motion.

First, Plaintiffs' void-for-vagueness claim rests on the proposition that the term "cause" in the Act's phrase "engage in or cause" cannot be understood or consistently applied. Doc. 146 ¶ 142. Vagueness arises when a law either "fails to provide a person of ordinary intelligence fair notice of what is prohibited" or "is so standardless that it authorizes or even encourages seriously discriminatory

4

enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). A vagueness challenge may be raised only "as a defense during an actual prosecution" or if an individual is being "chilled from engaging in constitutional activity." *Bankshot Billiards, Inc. v. City of Ocala*, 634 F.3d 1340, 1349-50 (11th Cir. 2011).

"Cause" has a well-understood plain meaning, and in fact courts routinely find that causation requirements *eliminate* undue vagueness. And Alabama law specifically articulates the "modified but-for" causation test that applies and imposes an additional *mens rea* requirement. *See* Ala. Code §§ 13A-2-5(a), 13A-2-4(b). With these protections, the Act is not vague, even if there may be circumstances in which it is difficult to apply the law to a specific set of facts. That is true of most criminal statutes. Moreover, Plaintiffs seek to engage in the heartland conduct prohibited by the Act; regardless of whether the Act runs afoul of other constitutional provisions in criminalizing that conduct, the Act's terms are not vague.

Second, Plaintiffs allege that "[t]he Act creates an unlawful restriction on speech." Doc. 146 ¶ 136. But on its face, the Act makes it a crime for any person to "engage in or cause any of [several practices]" for the purpose of gender transitioning a minor. Ala. Code § 26-26-4(a). The only "speech" that would be criminalized is speech that "causes" a crime—for example, writing a prescription for an illegal use of a drug. *See id.* § 26-26-4(a)(1)-(3). As this Court noted in denying Plaintiffs' preliminary injunction motion on this point, because "the only speech

5

criminalized by Act is that which compels the administration or prescription of transitioning medications to minors," "the Act targets conduct (administration and prescription), not speech." Doc. 112-1 at 28. The First Amendment offers no protection to words that incite or constitute criminal activity. *See Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017) ("Specific criminal acts are not protected speech even if speech is the means for their commission.").

Third, Plaintiffs claim that the Act is preempted by federal law because it "conflicts with the non-discrimination requirements of Section 1557" of the Affordable Care Act and makes it "impossible" "to comply" with both laws. Doc. 146 ¶¶ 126, 128. But Section 1557 of the ACA does not provide a cause of action against state officials. Instead, it reflects "Congress's intent to foreclose equitable relief," *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 74 (1996) (cleaned up), against state officials by incorporating Title IX's enforcement mechanism—an implied cause of action "enforceable against institutions and programs that receive federal funds," *not* individuals, *Hill v. Cundiff*, 797 F.3d 948, 977 (11th Cir. 2015).

Moreover, even if Plaintiffs had a cause of action to bring their claim, they fail to state one upon which relief can be granted. Plaintiffs allege implied conflict preemption, but Congress expressly noted in the ACA its intent that "[n]othing in this title shall be construed to preempt any State law that does not *prevent* the application of the provisions of this title." 42 U.S.C. § 18041(d) (emphasis added).

Alabama's Act does not "prevent" the application of the ACA. At most, Section 1557 prohibits discrimination by *recipients* of federal funds, but it neither requires health care providers to accept those funds nor gives health care providers who comply with the ACA's conditions on federal funding an unfettered right to operate free of state regulation. Because nothing in Alabama law "prevent[s] the application of" Section 1557, there is no "obstacle to the regulatory system Congress chose." *Arizona v. United States*, 567 U.S. 387, 406 (2012).

This leaves Defendants' argument that Plaintiff Eknes-Tucker lacks standing. Rev. Eknes-Tucker alleges vagueness and free speech claims, but those claims fail and will be dismissed for the reasons just discussed. He does not join in the other Plaintiffs' substantive due process or preemption claims. And though he apparently alleges an Equal Protection claim, he is not a transgender minor, a non-transgender minor, a parent of a transgender minor, or a health care provider. And he fails to allege any facts that would demonstrate that he has personally been denied, or will be denied, equal treatment under the law. Accordingly, the Court finds that he lacks standing and must be dismissed.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 150) and **ORDERS** that Counts III, IV, and V of Plaintiffs' First Amended

Complaint (Doc. 146) be and hereby are **DISMISSED**. Additionally, Rev. Eknes-Tucker is **DISMISSED** as a plaintiff in this lawsuit.

      **DONE** and **ORDERED** this \_\_\_\_ day of _____, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT COURT JUDGE