## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

| | | |
|---|---|---|
| REV. PAUL A. EKNES-TUCKER; et al.; | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) ) | Civil Action No. 2:22-cv-00184-LCB |
| vs. | ) ) | |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; et al.; | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF BECKY GERRITSON

I, Rebecca ("Becky") Gerritson, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1.      I am Rebecca ("Becky") Gerritson, and I am over the age of nineteen (19) years and in no way disqualified from making this declaration, which is made from personal knowledge.

2.      I have reviewed the non-party document subpoena issued by Asst. U.S. Attorney Jason R. Cheek and directed to Eagle Forum of Alabama ("EFA"), which EFA received on August 10, 2022.  I understand that a copy of that subpoena will

EXHIBIT C

be made Exhibit A to the Objection and Motion to Quash which is being filed on behalf of EFA.

3.      Since January 2019, I have served as Executive Director for EFA.  EFA is a grassroots organization devoted to the cause of protecting Alabama's families in public policy initiatives and reform efforts.  EFA is incorporated in the State of Alabama and is registered with the federal government as a 501(c)(4) organization. We have no Political Action Committee and do not endorse or fund candidates.  Our president and all board members have always been volunteers.  Volunteers do nearly all the work done by EFA.  I am the only full-time paid employee of EFA.  We also employ a part-time office manager.

4.      EFA's mission since its formation in 1977 has been to equip citizens with information, so they may know how, when, and where to make their voices heard on public policy issues of importance to them and their families.  This includes instruction on how bills are passed and how to contact their elected officials at all levels of government.  Such participation in the public policy process is their right and, indeed, their responsibility, as Americans.

5.      EFA has an email list of approximately 3,500 people comprised of dues-paying members, supporters, volunteers, and any others who request to receive

the emails.  These people receive weekly emails from EFA on issues of importance while the Alabama Legislature is in session and less often otherwise.

6.     Over the past few years, EFA and its members have been concerned at the rise in the number of otherwise healthy children wanting to medically transition to the opposite sex.  We had parents and counselors contact us about their concerns and personal experiences.  With those concerns in mind, we began extensive study of the medical interventions being given to minors experiencing gender dysphoria. We were alarmed by the adverse and permanent effects from these interventions given to Alabama minors.  After much research and consultation with parents, doctors, counselors, and attorneys, we developed proposed legislation to address these medical harms to minors.  We arranged for witnesses who could testify at legislative committee hearings.  By way of speeches, emails, and interviews, we educated citizens and legislators about the medical harms inflicted upon vulnerable children.  We encouraged our members to contact their legislators about this subject, joining with other grassroots organizations with similar concerns in these efforts. These efforts occurred over several years, and particularly during the 2020, 2021, and 2022 Alabama Legislative sessions.

7.     The legislation now at issue in this case, and the subject of this non-party document subpoena to EFA, was debated, amended, and passed after extensive

consideration in three successive legislative sessions.  The bill was scrutinized in three Alabama Senate committee hearings, and four Alabama House committee hearings, in addition to exhaustive floor debate in both the House and the Senate before final passage by large majorities in both chambers.  The resulting Vulnerable Child Compassion and Protection Act ("VCAP") is the product of the Alabama Legislature and was signed by Governor Kay Ivey.  It became law on May 8, 2022.

8.      Much of EFA's legislative efforts concerning VCAP was spearheaded by our (volunteer) General Counsel, Margaret Clarke.  I was also heavily involved in briefing legislators and giving numerous speeches, briefings, and interviews on this subject (possibly as many as 100) and preparing our communications to members/supporters over several years.

9.      Most if not all of the documents which would be potentially responsive to categories (1) through (8) of the subpoena would only be in the personal possession and control of Margaret Clarke, who again is a volunteer.  I have reviewed her Declaration being filed in this matter concerning the burdens that it would impose on her to comply with this subpoena.  I wholeheartedly agree with her concerns.

10.     I would have access to EFA's documents potentially responsive to categories (9) through (11) of the subpoena.   They span over multiple years.

Searching our files for each of these documents and identifying them for possible production would be very burdensome and time-consuming since I am the only person who could do this.

11.    More importantly, EFA's policy position and the rationale for that position is irrelevant to this current court case. EFA's communications prior to the bill's passage have no bearing on the Constitutionality of the VCAP law subsequently passed by the Alabama Legislature and now under consideration by the court.

12.    It is the Constitutional right and responsibility of Alabamians and Americans to associate together, express their views freely, and approach their elected legislators without fear of reprisal. There is no question in my mind that the subpoena issued by the federal government in this case is a form of government harassment and retaliation for simple communications with the public and our elected officials to carry out our lawful purpose. If this subpoena is enforced, legitimate, law-abiding organizations like ours will be subject to scrutiny for engaging in constitutionally protected activities. Further correspondence by EFA, including emails, notes, presentations, speeches, interviews, etc. could be weaponized by government officials who hold (or are being required to assert) opposite political views. In addition, enforcement of the federal government

6

subpoena would set a precedent that would stifle other citizens who want to exercise their constitutional right to make their views known to their elected officials on public policy matters.

13.    For all these reasons, I respectfully urge the Court to quash the subpoena in its entirety.


Signed this 6th day of September, 2022.

By: _Rebecca Gerritson_
Rebecca Gerritson