

**U.S. Department of Justice**

*Prim F. Escalona*
*United States Attorney*
*Northern District of Alabama*

---

| | | |
|---|---|---|
| **Jason R. Cheek** | **Civil Division** | (205) 244-2001 |
| *Assistant United States Attorney* | 1801 Fourth Avenue North | FAX (205) 244-2181 |
| *(205) 244-2104* | Birmingham, AL 35203-2101 | |
| jason.cheek@usdoj.gov | | |

August 9, 2022

**VIA FEDEX**
Registered Agent: A. Eric Johnston
Southeast Law Institute
1200 Corporate Drive, Suite 107
Birmingham, AL 35242

  Re: *Eknes-Tucker et al. v. Marshall et al.*, No. 2:22-cv-00184-LCB (M.D. Ala.)
     Subpoena to Produce Documents

Dear Mr. Johnston:

  I represent the United States in the above-referenced litigation. As part of the pending lawsuit, the United States seeks information related to Alabama Senate Bill 184 (2022) ("SB 184"), House Bill 266 (2022) ("HB 266"), and any related predecessor bills. SB 184 resulted in a law known as the Alabama Vulnerable Child Compassion and Protection Act ("VCAP"), the subject of this litigation.

  In April of this year, the United States—along with Private Plaintiffs—sought to enjoin the enforcement of VCAP. During the preliminary injunction hearing, the Court asked who drafted the bill that resulted in VCAP. Several public statements suggest that Southeast Law Institute staff may have had some involvement in drafting the legislation or its predecessor bills. As a result, the United States is issuing the enclosed subpoena for certain records in the Southeast Law Institute's possession from January 1, 2017 through the present.[1]

  Please note that the subpoena requests that you produce materials in native form when a document is ordinarily maintained in electronic form. So, for instance, I specifically request that you produce spreadsheets or emails in their native format (rather than converting them to PDF or some other format) when producing the documents.

  I respectfully request that you produce the documentation responsive to this request to me on or before August 26, 2022, by emailing the material to me at jason.cheek@usdoj.gov. If email

---

[1] According to records filed with the Alabama Secretary of State, you are listed as the registered agent for Southeast Law Institute.

EXHIBIT A

August 9, 2022
Page 2

is impracticable, please send the documentation to the address below, via Federal Express, UPS, or other express courier.

>Jason R. Cheek
>Assistant United States Attorney
>U.S. Attorney's Office
>Northern District of Alabama
>1801 Fourth Avenue North
>Birmingham, AL 35203
>(205) 244-2104

When responding to this request for records, **please include an original, signed declaration along with a list of documents produced (as attached to this correspondence or on your organization's letterhead)** stating whether the records produced were (1) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (2) kept in the course of regularly conducted activity; and (3) made by the regularly conducted activity as a regular practice. This step may relieve your office from having to produce someone at a later date to testify in court as to the authenticity of the documents produced or the manner in which they are maintained.

Please feel free to call me at (205) 244-2104 should you have any questions or concerns. Thank you in advance for your cooperation.

>Very truly yours,
>
>*[signature]*
>
>Jason R. Cheek
>Assistant United States Attorney

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER et al., <br> *Plaintiff* <br> v. <br> STEVE MARSHALL et al., <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:22-cv-00184-LCB (M.D. Ala.) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Southeast Law Institute
1200 Corporate Drive, Ste 107, Birmingham, AL 35242

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Office of the United States Attorney <br> 1801 Fourth Avenue North <br> Birmingham, AL 25203 | Date and Time: <br> 08/26/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/09/2022

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff-Intervenor United States of America , who issues or requests this subpoena, are:

Jason R. Cheek, Assistant U.S. Attorney, (Address Listed Above), 205-244-2104, jason.cheek@usdoj.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00184-LCB (M.D. Ala.)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                             *Server's signature*

                             _____
                             *Printed name and title*

                             _____
                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

You are hereby commanded to produce the following documents or information **from January 1, 2017 through the present** in your possession, custody, or control.

When producing the documents identified below, please produce them **in native form** if such documents are maintained in electronic form in the ordinary course of business. For example, please do not convert emails or documents maintained as spreadsheets to PDF form.

### Definitions:

The term "predecessor bills" refers to any legislation, draft legislation, proposed legislation, or model legislation predating Alabama Senate Bill 184 (2022) ("SB 184") or Alabama House of Representatives Bill 266 (2022) ("HB 266"), relating to the provision of gender affirming care to minors in Alabama, including Senate Bill 5 (2022), House of Representatives Bill 150 (2022), Senate Bill 10 (2021), House of Representatives Bill 1 (2021), Senate Bill 219 (2020), and House of Representatives Bill 303 (2020).

The terms "minors" or "youth" refer to persons 19 years of age or younger.

The term "VCAP" refers to the Alabama Vulnerable Child Compassion and Protection Act.

### Requested Documents or Information:

1. Any draft legislation, proposed legislation, or model legislation relating to VCAP, SB 184, HB 266, or their predecessor bills that Southeast Law Institute wrote, assisted in writing, provided feedback on, or reviewed.

2. Any materials considered by Southeast Law Institute in preparing legislation, draft legislation, proposed legislation, or model legislation relating to VCAP, SB 184, HB 266, or their predecessor bills, including (1) any model or sample legislation from other third-party organizations or jurisdictions; and (2) medical studies, opinions, or evidence.

3. Any documents concerning Southeast Law Institute's legislative or policy goals, initiatives, and/or strategies relating to medical care or treatment of transgender minors, or minors with gender dysphoria.

4. Any documents provided to the Alabama State Legislature or any employee or member thereof in support of VCAP, SB 184, HB 266, or any predecessor bills, including written testimony, letters, emails, draft legislation, model legislation, or proposed legislation, reports, summaries, analyses, fact sheets, and/or talking points.

5. Any communications between Southeast Law Institute and any employee, agent, assign, or member of the Alabama State Legislature, Alabama Governor's office, Alabama Lieutenant Governor's office, Alabama Attorney General's office, or any employee, agent, or assign of a District Attorney's office within Alabama concerning VCAP, SB 184, HB 266, and/or any predecessor bills.

6. Any communications between Southeast Law Institute and any other nongovernmental organization, consultant, or lobbyist concerning VCAP, SB 184, HB 266, and/or any predecessor bills.

7. Any records or minutes of meetings concerning VCAP, SB 184, HB 266, and/or any predecessor bills.

8. Any polling or public opinion data related to or concerning VCAP, SB 184, HB 266, predecessor bills, and/or legislation relating to medical care or treatment for transgender minors or youth.

9. Any records or documents relating to presentations, videos, interviews, and/or speeches Southeast Law Institute representatives have given or participated in regarding medical care or treatment related to gender identity, transgender minors or youth, "trans-identifying" minors or youth, or minors or youth with gender dysphoria.

10. Any mass letters, newsletters, or emails that Southeast Law Institute sent to members of a mailing or email list related to or concerning VCAP, SB 184, HB 266, and/or any predecessor bills.

11. Any social media postings that Southeast Law Institute issued concerning VCAP, SB 184, HB 266, and/or any predecessor bills.