## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

| | | |
|---|---|---|
| REV. PAUL A. EKNES-TUCKER; et al.; | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) ) | **Civil Action No.** **2:22-cv-00184-LCB** |
| **vs.** | ) ) | |
| **STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; et al.;** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

### DECLARATION OF A. ERIC JOHNSTON

I, A. Eric Johnston, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1.     I am A. Eric Johnston, and I am over the age of nineteen (19) years and in no way disqualified from making this declaration, which is made from personal knowledge. I am a licensed Alabama attorney in private practice.

2.     Since 2000, I have served in a volunteer role as President of Southeast Law Institute ("SLI"). SLI is an Alabama non-profit corporation qualified as a 501(c)(3) organization under the Internal Revenue Code. SLI is not itself a party or

EXHIBIT C

entity to any proceeding. It provides through its participating attorneys legal representation and assistance without charge to churches, non-profit organizations, some for-profit businesses, and individuals, including legislators. Specifically for legislators, attorneys who participate with SLI have provided advice and bill drafting assistance for over thirty years. These are private practice attorneys who volunteer their services in certain areas of law for which they are competent. This usually includes constitutional issues related to parental rights, individual liberties, health care, education, etc.

3.      Legislators have long asked assistance of these attorneys. They know they can do so and receive counsel and advice on constitutional issues which will be informed, unbiased and confidential. Legislators interested in these issues must believe they can receive this legal assistance without fear of their consultations being open to public comment. Alabama Legislators do not have the luxury of large staffs, although they have the assistance from the Legislative Services Agency. On specialized issues, legislators often ask SLI to provide legal advice.

4.      Eagle Forum of Alabama was very concerned about the provision of gender-altering medical treatment to minors in Alabama with gender dysphoria, and the permanent and adverse effects of such medical procedures on those minors. Eagle Forum of Alabama and the Senate and House legislative sponsors contacted

me to assist in the legal research and drafting of a bill to address its concerns. These efforts by Eagle Forum of Alabama and other grassroots organizations occurred over several years and particularly during the Alabama Legislature's sessions in 2020, 2021, and 2022.  As the Court is aware, the "VCAP" statute (Alabama Vulnerable Child Compassion and Protection Act) is the subject of this lawsuit was passed by both houses of the Alabama legislature during the 2022 legislative session, signed by Governor Kay Ivey, and became effective May 8, 2022.

5.     As volunteer lawyer for SLI, I was involved in communications with Alabama legislators on this subject during this several-year effort, working on drafts of possible legislation to be considered by legislators, and advising on the legislative process. Except for legal memoranda published to legislators generally  or otherwise made public, these documents are my work product and covered by the attorney-client and work product privileges. Also, I consider all of these documents to be protected and privileged by the First Amendment to the U.S. Constitution and the rights it guarantees to citizens of this country to free speech, assembly, and to petition the government.

6.     I have reviewed the non-party document subpoena issued by Asst. U.S. Attorney Jason R. Cheek and directed to SLI which I understand is Exhibit A to the Objection and Motion to Quash which is being filed on behalf of SLI.  The problem

4

is not producing documents, but the basis for doing so.  In over 30 years of bill drafting and advising on issues for which I am competent, I have never been subpoenaed (nor has SLI), called as a witness, or sued.

7.    The Alabama Legislature has no formal reporting or record keeping system. Except for records of various versions of bills and amendments, and votes by members, no recordings of proceedings are made. By law, the intent of legislators and others in the process of passing a law is irrelevant. It is not admissible as evidence in a case to construe a statute or determine the constitutionality of a law. What I intended in any of my legal advising in this process has nothing to do the with the objective of this case, which is simply the Constitutionality of the statute in question. That is a very important issue that is not colored by the thoughts, actions, and goals of any individual or entity, legislator or otherwise.

8.    The constitutionality of VCAP will be decided by the judicial system applying the U.S. Constitution to the issues raised by VCAP. Lawyers will argue from both sides of the issue. What was said and argued during the legislative process will not be admissible or before this court. Similarly, what I said during the legislative process and what my legal files contain is privileged, work product and simply not relevant.

9.     The compliance with the federal government subpoena would also have a chilling effect on me and other professionals, and other citizens who dare to engage in their constitutional rights when their views happen to be contrary to the political views of a government administration. I consider the subpoena in this case issued by the federal government to be contrary to and an undermining of fundamental constitutional values and legal rights, as well as, political harassment.

10.     Several of the plaintiff's lawyers in this lawsuit similarly provide legal counsel to the plaintiffs. No one would request their records. Except for legal memos made public, no records of anyone acting as a volunteer SLI attorney should be produced. Because the name "Southeast Law Institute" appears on the memo, email, or other communication from an attorney, does not change his or her privileged nature. Requiring the volunteer attorney to produce privileged legal advice will compromise his or her ability to do so and the opportunity of legislators to request it in the future. If this subpoena is enforced, in the future I will have to limit the number of documents I create and preserve related to political issues and I will also have to consider that anything I write in any note, memo, letter, etc. may one day be read and used against me for political purposes by a government lawyer who has a different political viewpoint.  Other persons with similar views as mine (including, just as one example, Eagle Forum of Alabama and persons who might otherwise be

6

inclined to offer testimony before legislative committee hearings) will likely be deterred altogether from political engagement if this subpoena is enforced. For all these reasons, I respectfully urge the Court to quash the subpoena in its entirety.

Signed this \_\_\_\_\_ day of September, 2022.

By: _____
A. Eric Johnston