UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 2:22-cv-184-LCB |
| STEVE MARSHALL, in his official ) | |
| capacity as Attorney General of the ) | |
| State of Alabama, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT (DOC. 159)**

Defendants Steve Marshall, sued in his official capacity as Attorney General for the State of Alabama, and District Attorneys Darryl D. Bailey, C. Wilson Blaylock, Jessica Ventiere, Tom Anderson, and Danny Carr, each sued in his or her official capacity, state as follows for their Answer to Plaintiffs' Second Amended Complaint (Doc. 159):

1. Admitted.

2. Denied.

3. Admitted that the Act prohibits certain harmful treatments administered "for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined in th[e] act." Denied that the Act "targets transgender

minors" and denied that the proscribed treatments are "essential to the minors' health care needs."

4. Admitted that Plaintiffs seek declaratory and injunctive relief to enjoin enforcement of the Act. Denied that they are entitled to any relief.

5. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

6. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

7. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

8. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

9. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

10. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

11. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

12. Admitted.

13. Admitted that Defendant Bailey is the District Attorney of Montgomery County with authority to prosecute criminal cases within the applicable judicial circuit.

14. Admitted that Defendant Blaylock is the District Attorney for the 32nd Judicial Circuit with authority to prosecute criminal cases within the circuit.

15. Admitted that Defendant Ventiere is the District Attorney for Lee County with authority to prosecute criminal cases within the applicable judicial circuit.

16. Admitted that Defendant Anderson is the District Attorney for the 12th Judicial Circuit with authority to prosecute criminal cases within the circuit.

17. Admitted that Defendant Carr is the District Attorney for Jefferson County, Alabama, with authority to prosecute criminal cases within the circuit.

18. Admitted that the Attorney General and District Attorneys have authority to enforce the Act.

19. Admitted that Plaintiffs seek relief under the United States Constitution and the equitable powers of the Court. Denied that they are entitled to any relief.

20. Defendants do not contest personal jurisdiction.

21. Admitted that venue is proper in the Middle District of Alabama.

22. Denied.

23. Admitted that this Court has the authority to enter a declaratory judgment and provide equitable relief in a proper case. Denied that the Plaintiffs in this case are entitled to any relief.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted that WPATH has published purported "Standards of Care" for treatment of transgender people. Denied that WPATH is qualified to do so or that the resulting "Standards of Care" are based upon sound medical science.

30. Admitted that the Endocrine Society has promulgated a "guideline" for the provision of hormone therapy as a treatment of gender dysphoria in minors and adults. Denied that the "guideline" is based upon sound medical science.

31. Denied.

32. Denied that the described course of treatment generally reduces psychological distress of minors with gender dysphoria. Averred that the described course of treatment is experimental, harmful, and irreversible.

33. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

34. Denied.

35. Denied.

36. Denied.

37. Admitted.

38. Denied.

39. Admitted.

40. Admitted.

41. Denied.

42. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

43. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

44. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

45. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

46. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

47. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

48. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

49. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

50. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

51. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

52. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

53. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

54. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

55. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

56. Admitted that under the challenged Act, the described experimental, harmful, irreversible treatments will not be available to minors in Alabama if administered "for the purpose of attempting to alter the appearance of or affirm the

minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined in th[e] act." Otherwise denied.

57. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

58. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

59. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

60. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

61. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

62. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

63. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

64. Admitted that under the challenged Act, the described experimental, harmful, irreversible treatments will not be available to minors in Alabama if administered "for the purpose of attempting to alter the appearance of or affirm the

minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined in th[e] act." Otherwise denied.

65. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

66. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

67. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

68. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

69. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

70. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

71. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

72. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

73. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

74. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

75. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

76. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

77. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

78. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

79. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

80. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

81. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

82. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

83. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

84. Admitted that under the challenged Act, the described experimental, harmful, irreversible treatments will not be available to minors in Alabama if administered "for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined in th[e] act." Otherwise denied.

85. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

86. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

87. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

88. Denied.

89. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

90. Denied that Dr. Austin's work with transgender patients is guided by "well-established standards of care." Otherwise, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

91. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

92. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

93. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

94. Denied.

95. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore denies the same.

## Count I

96. Defendants incorporate the foregoing paragraphs as if set forth fully herein.

97. Admitted.

98. The cases cited by Plaintiffs speak for themselves. Otherwise denied.

99. Denied.

100. Denied.

101. Denied.

## Count II

102. Defendants incorporate the foregoing paragraphs as if set forth fully herein.

103. Admitted.

104. Admitted.

105. Denied.

106. Denied.

107. Admitted that some classifications based on sex are subject to intermediate scrutiny. Denied that the Act discriminates on the basis of sex.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## Prayer for Relief

Defendants deny that Plaintiffs are entitled to any relief.

## General Denial

Defendants deny each allegation in Plaintiffs' Complaint that is not expressly admitted above.

## Additional Defenses

1. Defendants preserve the defense of sovereign immunity.

2. There is medical uncertainty concerning the proper treatment of gender dysphoria, and the Alabama Legislature has legal authority to regulate such treatment.

3. The equities do not favor injunctive or declaratory relief.

4. The equities do not favor emergency injunctive relief.

5. Plaintiffs are not likely to prevail on the merits.

6. Plaintiffs have unclean hands.

7. Plaintiffs' claims are barred by res judicata.

8. Plaintiffs' claims are barred by collateral estoppel.

9. One or more Plaintiffs lack standing to assert some or all of their claims.

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

Respectfully submitted,

Steve Marshall
  *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

s/ A. Barrett Bowdre
A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

14

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on October 3, 2022, which will serve all counsel of record.

s/ A. Barrett Bowdre
*Counsel for Defendants*
