# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | |
|---|---|
| **BRIANNA BOE, et al.;** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| **UNITED STATES OF** ) | Civil Action No. |
| **AMERICA,** ) | **2:22-cv-00184-LCB** |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| vs. ) | |
| ) | |
| **STEVE MARSHALL, in his** ) | |
| **official capacity as Attorney** ) | |
| **General of the State of Alabama;** ) | |
| **et al.;** ) | |
| ) | |
| Defendants. ) | |

### SUPPLEMENT TO EAGLE FORUM OF ALABAMA'S AND SOUTHEAST LAW INSTITUTE'S MOTIONS TO QUASH NON-PARTY DOCUMENT SUBPOENAS FROM THE U.S. IN LIGHT OF THE U.S.'S "NOTICE" FILED 10/7/22 REGARDING THOSE SUBPOENAS

In light of the "Notice Regarding Subpoenas to Third Parties Eagle Forum of Alabama and Southeast Law Institute" filed by the U.S. this past Friday night, October 7, 2022 (Doc. 184), the non-parties Eagle Forum of Alabama ("EFA") and Southeast Law Institute ("SLI") hereby file this Supplement to their pending motions to quash (or in the alternative, to modify) the non-party document subpoenas that

were previously issued back in August by the U.S. Attorney's office (Docs. 151 and 152). Those subpoenas as originally issued by the U.S. demanded production from these non-parties of eleven (11) broad categories of documents going back to 2017 regarding EFA's and SLI's concerns about gender-altering medical treatment to minors and the VCAP legislation for which EFA and its membership was advocating. After filing a Response in Opposition to the Motions to Quash (Doc. 168, filed 9/21/22), to which response EFA and SLI replied (Doc. 176, filed 9/28/22), the U.S. this past Friday night informed the Court that it had "narrowed" the scope of the subpoenas at issue to only one (1) category of documents so as "to reduce the burden of production on EFA and SLI."[1] The U.S. now seeks from these private non-parties only "any medical studies or literature referenced in Section 2 of VCAP."[2]

---

[1] The discussions between these non-parties and the U.S. this past Thursday and Friday that led up to the U.S.'s Friday night filing was a comedy of errors and miscommunications on the government's part. First, after a couple of further "meet and confer" conferences between Mike Hurst (partner of the undersigned) and U.S. Attorney Prim Escalona that did not result in a resolution of the dispute before the Court, Asst. U.S. Attorney Jason Cheek (who had issued the original subpoenas at issue) e-mailed the undersigned on Friday, October 7, 2022, at 2:47 p.m. to say that the United States had decided to withdraw the subpoenas. See Exhibit A here (copy of Mr. Cheek's email). Then, at 3:26 p.m., Ms. Escalona called the office of the undersigned and left a voice mail message in which, after acknowledging Mr. Cheek's email and apologizing for the confusion on the U.S.'s end, she said that the U.S. was not withdrawing the subpoenas in their entirety after all but rather would be "narrowing" the subpoenas and seeking one category of documents as was described in the U.S.'s filing later that night.

[2] In fact, the "narrowed" category of documents referenced in the U.S.'s Friday night filing is in essence an attempt to issue a new subpoena, as the new category of documents which the U.S.

3

First, the U.S.'s Friday night filing constitutes a concession that its original subpoenas to these non-parties were overly broad (stunningly so, in fact) and imposed an undue burden on EFA in violation of Fed. R. Civ. P. 45(d)(1)[3] and 45(d)(3)(A)(iv).  The U.S.'s Friday night filing also constitutes a tacit confession that the entire set of documents sought from these non-parties in the original subpoenas were (as discussed at length in EFA's and SLI's motions to quash and recent reply brief):  (a) neither relevant nor proportional to any issue in this lawsuit (and, thus, the subpoenas were improper under Fed. R. Civ. P. 26(b)(1)), and (b) constitutionally protected from discovery by First Amendment privilege.

As stated above, the U.S.'s latest request to these non-parties is to produce the "medical studies or literature referenced in Section 2 of VCAP."  This request is also objectionable for the same basic reasons as applied to the 11 document categories in the original subpoenas.  Once again, the U.S. improperly ignores the fact that the VCAP statute is the product of the Alabama Legislature which enacted it – not these private organizations which have no lawmaking authority whatsoever.

---

now seeks does not match any of the original 11 categories of the subpoenas which the U.S. no longer seeks.  Putting aside the procedural irregularity, however, this new request for documents from the U.S. is substantively improper for the same basic reasons previously outlined by EFA and SLI in their motions to quash and their reply brief and discussed below.

[3]     Rule 45(d)(1) provides that the district court must impose an appropriate sanction – which may include reasonable attorney's fees – on a party or attorney who fails to comply with its/his/her duty to avoid imposing undue burden or expense on a person to whom a subpoena is issued.

4

Further, the VCAP statute (passed by the Alabama Legislature and signed into law by Governor Ivey earlier this year) nowhere <u>specifically</u> designates which particular studies the Legislature had in mind as supporting the law it was enacting. Rather, the VCAP statute references studies only <u>generally</u>, in sections 2(4)[4] and 2(14)[5] of the Legislative Findings section of the statute.  While EFA has some medical studies or literature and at one time or another likely passed copies of some of those along to individual legislators during the three-year period that VCAP was before the Alabama Legislature,[6] neither EFA nor SLI have any way of identifying specifically which studies the Legislature intended to reference in the statute it passed in 2022.  <u>See</u> the Second Declaration of Margaret S. Clarke (attached hereto as Exhibit B); and the Second Declaration of A. Eric Johnston (attached hereto as Exhibit C).  Thus, neither EFA nor SLI have any way to respond to this latest

---

[4]   "… numerous studies have shown that a substantial majority of children who experience discordance between their sex and identity will outgrow the discordance once they go through puberty and will eventually have an identity that aligns with their sex."

[5]   "Several studies demonstrate that hormonal and surgical interventions often do not resolve the underlying psychological issues affecting the individual.  For example, individuals who undergo crosssex cosmetic surgical procedures have been found to suffer from elevated mortality rates higher than the general population.  They experience significantly higher rates of substance abuse, depression, and psychiatric hospitalizations."

[6]   SLI had no involvement in the research, collecting or providing of any medical studies or literature referenced in Section 2 of VCAP in any event.  <u>See</u> the Second Declaration of A. Eric Johnston, paragraphs 8-10.

5

discovery request from the U.S., which is improperly asserted against them as non-parties anyway.

Clearly, as evidenced by the U.S.'s withdrawal of its original subpoenas, and for the reasons discussed previously in EFA's and SLI's motions to quash and previous reply brief, any request that EFA or SLI should produce just any medical studies or literature in its files concerning transgender persons or minors would not be relevant or proportional to the issue before the Court of whether the VCAP statute passed by the Alabama Legislature is constitutional.

Further, for EFA to produce just any medical studies or literature in its files concerning transgender persons or minors would still be an undue burden on it and its <u>volunteer</u> General Counsel, Margaret Clarke and, thus, violative of Rule 45(d)(1) and 45(d)(3)(A)(iv).  <u>See</u> the Second Declaration of Margaret S. Clarke (Exhibit B hereto).

Moreover, EFA understands that the State of Alabama defendants have already produced to the plaintiffs numerous medical studies, in the Appendix to their brief to the Eleventh Circuit from the preliminary injunction order.  <u>See</u> Exhibit D hereto (copy of index to said appendix; note the medical studies and literature outlined in III – IX of that Appendix).  Further, EFA would also point the Court to the Brief filed in the Eleventh Circuit on July 5, 2022, by *amicus curiae* Ethics and

6

Public Policy Center in favor of the State of Alabama defendants-appellants; that brief has an excellent discussion of the medical studies and literature pertinent to the constitutionality of the VCAP statute.  The U.S. obviously already has all of these medical studies and literature produced by the State and outlined in the Ethics and Public Policy Center's *amicus* brief.  Any production from EFA's or SLI's files would almost certainly be duplicative of what the U.S. already has from these sources.  Thus, such production would not only be an undue burden on EFA, but also a completely unnecessary one in violation of the proportionality requirement of Rule 26(b)(1).[7]

     Finally, to the extent that some of the medical articles or literature in EFA's files were provided to individual members of the Alabama Legislature at some point during the three-year legislative process resulting in the passage of VCAP (which fact may not be easily determinable at this point anyway), forced production of these documents from a private grassroots, volunteer-driven organization such as EFA is prohibited by First Amendment privilege anyway for the reasons outlined in EFA's motion to quash and previous reply brief.

---

[7]    As the Court is aware, the factors pertinent to the proportionality test for the general scope of discovery under Rule 26(b)(1) include the parties' relative access to relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The latest version of the proposed subpoena from the U.S. (with its vast resources) to these small non-parties fails all of those tests.

/s/ John M. Graham
John M. Graham
ASB-5616-G70J

Attorney for Eagle Forum of Alabama
and Southeast Law Institute

OF COUNSEL:

PHELPS DUNBAR LLP
Renasant Tower, Suite 700
2001 Park Place North
P. O. Box 830612
Birmingham, AL  35283-0612
Telephone:  (205) 716-5200
Facsimile:  (205) 716-5389
E-Mail:  John.Graham@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that this 12th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record in this case.

/s/ John M. Graham
OF COUNSEL