# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | |
|---|---|
| **BRIANNA BOE, et al.;** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | Civil Action No. |
| ) | 2:22-cv-00184-LCB |
| **Plaintiff-Intervenor,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; et al.;** ) | |
| ) | |
| Defendants. ) | |

## SECOND DECLARATION OF MARGARET S. CLARKE

I, Margaret S. Clarke, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1. I am Margaret S. Clarke, and I am over the age of nineteen (19) years and in no way disqualified from making this declaration, which is made from personal knowledge. I previously gave a Declaration in this matter on September 2,

EXHIBIT B

2

2022 (filed with the Court on September 7, 2022) in support of Eagle Forum of Alabama's (EFA) Objection and Motion to Quash Document Subpoena, Or in the Alternative, Motion to Modify Subpoena.  This Declaration is given in further support of EFA's objection/motion, and particularly in response to the "Notice Regarding Subpoenas to Third Parties Eagle Forum of Alabama and Southeast Law Institute" filed by the United States Department of Justice this past Friday night, October 7, 2022.  I understand that the U.S., while no longer requesting the documents set out in its original 11-category subpoena, is now demanding that EFA produce the "medical studies or literature referenced in Section 2 of VCAP."

2. The VCAP statute (passed by the Alabama Legislature and signed into law by Governor Ivey earlier this year) nowhere <u>specifically</u> designates which particular studies the Legislature had in mind as supporting the law it was enacting. While EFA has some medical studies or literature in its files and at one time or another likely passed copies of some of those along to individual legislators during the three-year period that VCAP was before the Alabama Legislature, EFA has no way of identifying specifically which studies the Legislature intended to reference in the statute it passed in 2022.  It would be pure speculation on the part of EFA as to what medical studies the Alabama Legislature intended to reference in the legislative findings of Section 2 of VCAP.

3

3. The U.S., Intervenor Plaintiff, now demands two small advocacy organizations produce all our medical research which supports the Alabama Legislature's statutory findings in Section 2 of the VCAP. The original subpoena from the U.S. has already cost EFA weeks of research and communications to protect our First Amendment rights under the United States Constitution.

4. It would still be a massive and undue burden for me as a volunteer to attempt to comply with this revised (new) subpoena from the U.S. I have no assistance whatsoever. My personal affairs have already suffered along with my work on other issues because of this subpoena from the U.S.

5. On my personal computer, which I use for my volunteer work with EFA, are nearly 500 Word/PDF documents and over 2,000 email messages potentially related to the VCAP campaign. This does not include countless hard copies of documents saved in boxes and binders. These documents are not organized in any way that would allow me to easily and quickly identify which documents are medical articles or literature or which of those may have been provided at some point to a legislator. Any attempt to comply with the U.S.'s latest version of its document request would (in addition to significant and unnecessary work it would impose on others associated with EFA) require me to open and read through each of the

4

thousands of the documents in my personal files referenced above. This task would easily take a number of days of my time, as well as causing me to incur personal expense.

6. For all these reasons, I respectfully again urge the Court to quash the subpoena, both in its original form and the revised version that the U.S. now proposes.

Signed this __11__ day of October, 2022.

By: *Margaret S. Clarke*
Margaret S. Clarke