IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER; et al.; <br><br> Plaintiffs, <br><br> vs. <br><br> STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; et al.; <br><br> Defendants. | Civil Action No. <br> 2:22-cv-00184-LCB |

### SECOND DECLARATION OF A. ERIC JOHNSTON

I, A. Eric Johnston, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1. I am A. Eric Johnston, and I am over the age of nineteen (19) years and in no way disqualified from making this declaration, which is made from personal knowledge. I am a licensed Alabama attorney in private practice.

2. As President of the Southeast Law Institute ("SLI"), I previously filed a Declaration in this case. (Document No. 152-3.) This Declaration is to supplement my earlier Declaration.

EXHIBIT C

3. The initial subpoena from the Government was overly broad and along with the Eagle Forum of Alabama ("EFA"), we objected on constitutional, privilege and relevancy grounds.

4. After several conversations among counsel and response and reply pleadings, the Government filed its "Notice Regarding Subpoenas to Third Parties Eagle Forum of Alabama and Southeast Law Institute." (Document No. 184.)

5. The Government's Notice attempts to modify its subpoena to EFA and SLI saying "that it now only seeks any medical studies or literature referenced in Section 2 of VCAP … ."

6. In my first Declaration, paragraph 5, I explained that I provided counsel and advice on constitutional issues and assisted EFA and Legislators in drafting the VCAP legislation. I further explained that "except for legal memorandum published to legislators generally or otherwise made public, these documents are my work product and covered by the attorney-client and work product privileges." I also stated my documents were entitled to other first amendment protections.

7. Without waving any of my earlier objections on rights and privileges recorded to me as an attorney and under the United States Constitution, in the interest of cooperating with the needs of this litigation, I respond to the Government's amended request.

8. SLI had no involvement in the research, collecting or providing of any medical studies or literature referenced in Section 2 of VCAP. SLI's assistance was to the constitutional considerations of the legislative bill and to providing procedural guidance on the legislative process.

9. The bill that became law was prepared by the Alabama Legislative Services Agency for and/or with contributions by the senate and house sponsors of the bill. Medical testimony was presented by physicians in committee hearings both in favor of and against the bill. I do not know if any of that testimony referenced the findings in the law. Further than that, I have no information related to the Section 2 findings.

10. Consequently, SLI is unable to further respond to the subpoena and requests the court to find that SLI has complied with the subpoena, that it be released from its enforcement, and that any remaining requirements be quashed on the grounds previously stated.

Signed this 11th day of October, 2022.

By: _____
A. Eric Johnston