# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **BRIANNA BOE,** *et al.* ) | |
| *Plaintiffs*, ) | |
| ) | **Civil Action No. 2:22 cv-184-LCB-CWB** |
| and ) | |
| ) | Honorable Liles C. Burke |
| **UNITED STATES OF AMERICA,** ) | |
| *Plaintiff-Intervenor,* ) | |
| *vs.* ) | |
| ) | |
| **STEVE MARSHALL,** *et al.*, ) | |
| *Defendants.* ) | |

## MOTION OF TEA PARTY PATRIOTS FOUNDATION, INC. FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*

Proposed *amicus* respectfully moves for leave to file an *amicus* brief in support of non-party Eagle Forum of Alabama's objection to and motion to quash the document subpoena issued by the United States.

## INTEREST OF *AMICUS*

Tea Party Patriots Foundation, Inc. (*hereinafter* "TPPF") participates in and provides training opportunities and educational resources to the largest network of grassroots Tea Party groups around the country and other Americans interested in personal freedoms, economic freedom, and a debt-free future. The core of TPPF's mission is to teach people that as a country, we are most free when the plain text of

1

the Constitution is followed in the manner understood by our Founding Fathers, including rights of free speech, assembly and petitioning of the Government.

In our society, all Americans are free to choose to live life as they want, as long as they do not harm or infringe upon the rights of others. TPPF strives to address key Constitutional matters of policy that affect the preservation of a nation where the principles of individual liberty are cherished and maximized, where the Constitution is revered and upheld, and where Americans are free to pursue their American Dream.

Fundamental to this aim is the ability to interact with voters and legislators as well as the right to petition our governments at the federal, state and local level without fear that a government bureaucrat with policy preferences different from those of TPPF, its members and donors, will improperly seek to use court processes to scrutinize and chill such legal activities and conversations. Further still, the TPPF itself has already once been specifically targeted by the Government for its views and political positions during the IRS scandal of 2010.

This brief will endeavor to aid the Court by exploring the previously unraised Fourth Amendment prohibition of the Government's attempt to subpoena irrelevant documents and communications from non-parties to litigation, especially non-profit organizations endeavoring to participate in free speech activities, such as open

discourse with legislators through petition and organizing, without fear of reprisal from federal investigation and abuse of the civil subpoena process.

## ARGUMENT

District courts have broad discretion to allow participation of *amici curiae*. While this Court does not have specific rules for the filing of *amicus* briefs, it has inherent authority to allow them. When exercising that discretion, courts "err on the side of granting leave" because "[i]f an *amicus* brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the *amicus* brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).

Proposed *amicus* offers timely and useful information because it analyzes how the Fourth Amendment restricts the use of civil subpoenas by the Government as an end run around protections against unreasonable searches, an analysis not raised by any other parties. In doing so, proposed *amicus* seeks to assist the Court in evaluating Eagle Forum of Alabama's motion to quash and why it should be granted.

## CONCLUSION

The Court should grant this motion and allow the proposed *amicus* to file the attached brief.

Respectfully submitted this 13th day of October, 2022.

|  |  |
|---|---|
|  | /s Algert S. Agricola, Jr. |
| Kurt R. Hilbert | Algert S. Agricola, Jr. |
| (*pro hac vice* application forthcoming) | Agricola Law, LLC |
| Ga Bar No. 352877 | Ala. Bar No. 0364R79A |
| Christopher J. Gardner | 127 South 8th Street |
| (*pro hac vice* application forthcoming) | Opelika, AL 36801 |
| VA Bar No. 89191 | T: (334) 759-7557 |
| GA Bar No. 163932 | F: (334) 759-7558 |
| The Hilbert Law Firm, LLC | al@agricolalaw.com |
| 205 Norcross Street |  |
| Roswell, GA 30075 |  |
| T: (770) 551-9310 |  |
| F: (770)551-9311 |  |
| khilbert@hilbertlaw.com |  |
| cgardner@hilberlaw.com |  |

## CERTIFICATE OF SERVICE

I certify that on October 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s Algert S. Agricola, Jr.
Counsel for *Amicus Curiae* Tea Party Patriots Foundation, Inc.