# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; *et al.*, | Case No. 2:22-cv-184-LCB-CWB |
| Plaintiffs, | Honorable Liles C. Burke |
| and | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| v. | |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; *et al.*, | |
| Defendants. | |

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE UNITED STATES' PLEADINGS

## INTRODUCTION

Defendants' motion asks this Court to grant judgment on the United States' pleadings to the extent any claim in the federal government's complaint attempts to allege unlawful legislative purpose. It also asks the Court to foreclose the United States from seeking discovery related to the purpose of legislators in enacting Alabama's Vulnerable Child Compassion and Protection Act ("VCAP"). In support of their motion, Defendants contend that the United States' Amended Complaint in Intervention, which alleges that VCAP violates the Fourteenth Amendment's Equal Protection Clause, fails to plausibly allege a claim to warrant such discovery and that any discovery related to the purpose of the legislature in enacting VCAP would not be justified.

Defendants' motion should be denied. The United States has properly pleaded its equal protection claim. Further, to the extent Defendants are seeking to preemptively resolve a discovery dispute or foreclose an aspect of the United States' claim, that is improper. The pending motion purports to resolve a "discovery battle" that does not exist concerning the subjective intent behind the passage of VCAP. In other words, Defendants' motion asks this Court to offer an advisory opinion. To the extent Defendants seek to preemptively foreclose any future inquiry by the United States into the legislative purpose behind VCAP, such subject matter is a legitimate area of discovery under the Federal Rules of Civil

Procedure. Additionally, Defendants' attempt to use their motion to sever a legal framework from the United States' broader equal protection claim should be rejected.

Because the United States has properly pleaded its equal protection claim and is entitled to seek discovery relevant to it, Defendants' motion should be denied.

## LEGAL STANDARD

Motions for judgment on the pleadings under Rule 12(c) are evaluated using the same standard as Rule 12(b)(6) motions for failure to state a claim. *Weeks v. Wyeth*, 120 F. Supp. 3d 1278, 1283 (M.D. Ala. 2015). In evaluating a motion to dismiss, courts construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *Bryant v. Cmty. Bankshares*, *Inc*., 999 F. Supp. 2d 1273, 1276 (M.D. Ala. 2014). A motion to dismiss "tests the sufficiency of the complaint against the legal standard articulated by Rule 8 of the Federal Rules of Civil Procedure." *Thompson v. Alabama*, 293 F. Supp. 3d 1313, 1317 (M.D. Ala. 2017). Dismissal is "appropriate only where, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *N.R. by Ragan v. School Board of Okaloosa Co., Fla*., 418 F. Supp. 3d 957, 977 (N.D. Fla. 2019) (citations omitted).

**ARGUMENT**

I.   **Defendants' Motion for Partial Judgment on the United States'**
     **Pleadings Should Be Denied As Improper.**

Defendants' motion does not seek a determination on the merits or a

dismissal of the United States' equal protection claim. Instead, Defendants seek an

order from this Court granting their motion "to the extent that the United States'

claim is based on the subjective motivation, intent, or purpose of the Alabama

Legislature in enacting [VCAP]." Defs' Mot. for Partial J. on U.S. Pleadings,

Attach. 1, ECF No. 171-1. This request is an improper use of a Rule 12(c) motion.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough

not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ.

Proc. 12(c). The plain language and statutory scheme make clear that Rule 12(c)

allows only for judgment on a claim in its entirety, not judgment on a portion of a

claim. Specifically, "[b]ased on the definition of 'judgment' provided by Rule 54,

the partial claim language included in Rule 56(a), and the absence of any

comparable language in Rule 12(c), . . . Rule 12(c) does not recognize a motion for

judgment on a portion of a claim." *Affordable Aerial Photography, Inc. v.*

*Abdelsayed*, No. 21-81331-CIV, 2022 WL 1124795, at *4 (S.D. Fla. Apr. 15,

2022).

Consistent with this interpretation and application of Rule 12(c), courts

repeatedly and consistently deny partial judgment on the pleadings where—as

Defendants seek here—it is used to "carve up" a portion of a claim or defense. *See, e.g.*, *Cont'l 332 Fund, LLC v. Kozlowski*, No. 2:17-cv-41-FtM-38MRM, 2020 WL 1234808, at *6 (M.D. Fla. Mar. 13, 2020) ("[A] motion for judgment on the pleadings is not an appropriate tool to eliminate an element" of a claim, "and courts should not use Rule 12(c) to split claims into component parts and dismiss them piecemeal."); *Abdelsayed*, 2022 WL 1124795, at *4-6; *Munro v. Fairchild Tropical Botanic Garden, Inc.*, 2021 WL 894380, at *2 (S.D. Fla. Mar. 3, 2021) (quoting *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 894 (N.D. Ill. 2018)) (Rule 12(c)'s "'text does not explicitly authorize courts to carve up claims or defenses on a motion for judgment on the pleadings'"); *see also BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (after noting Rule 12(c) motions are governed by the same standards as Rule 12(b)(6) motions, stating that Rule 12(b)(6) motions do not "permit piecemeal dismissals of *parts* of claims"). In *Munro*, for example, the district court denied defendants' motion to strike certain remedies sought by the plaintiffs for two claims, "because it would not dispose of any single claim." 2021 WL 894380, at *2. As Rule 12(c) contains no provision for a "partial" judgment on the pleadings directed to only a portion of a single claim, the court was "not inclined to add meaning to Rule 12(c)'s plain text," absent

express direction from the Eleventh Circuit. *Id.*[1]

Indeed, as another district court in the Eleventh Circuit observed, asking a court to strike certain aspects of a claim is "no more a 'judgment on the pleadings' than would be an order on a motion *in limine* limiting the use to which the referenced [evidence] may be put at trial." *Bolender v. Carnival Corp.*, No. 13-24215-CIV, 2014 WL 12527190, at *1 (S.D. Fla. Apr. 7, 2014). As the court in *Bolender* noted, it was "difficult to imagine how it would write a judgment in favor of Defendant on particular paragraphs of a complaint rather than any one discrete cause of action." *Id.* This is in contrast with the summary judgment rule's language, which allows a party to move for summary judgment on a "part of each claim or defense." Fed. R. Civ. P. 56(a). "That the Civil Rules explicitly provide for summary judgment on part of a claim under Rule 56(a) but not for judgment on part of a claim under Rule 12(c) counsels strongly against reading Rule 12(c) to implicitly permit such judgments." *Kenall Mfg. Co.*, 354 F. Supp. 3d at 894.

In support of their claim that the Eleventh Circuit affirms grants of partial motions for judgment on the pleadings, Defendants cite several cases that are inapposite. None of the decisions cited dismissed *only a portion* of a claim. *See*

---

[1] The court in *Munro* acknowledged but found unpersuasive instances where courts dismissed a discrete allegation, claim, or remedy under a Rule 12(c) motion. 2021 WL 894380, at *2. Dismissing a discrete and severable component of a claim is materially different from dismissing a particular legal framework or predetermining the types of evidence available to support a claim.

*Payne v. Doco Credit Union*, 734 F. App'x 623, 626-29 (11th Cir. 2018) (affirming grant of partial judgment on the pleadings, dismissing claim for rescission of settlement agreement); *Gemini Ins. Co. v. Castro*, 723 F. App'x 797, 800-01 (11th Cir. 2018) (affirming grant by district court of partial judgment on the pleadings as to Count One of suit seeking declaratory relief); *Barnwell v. Douglas Cnty.*, 390 F. App'x 862, 864 (11th Cir. 2010) (affirming grant of partial judgment on the pleadings dismissing § 1983 claims against defendants). The issue of partial versus complete judgments was not specifically raised in *Payne*, *Gemini Insurance Company*, or *Barnwell*. *Munro*, 2021 WL 894380, at *2.

Accordingly, Defendants' attempt to carve out a portion of the United States' equal protection claim is improper and should be denied.

## II.   **The United States Properly Pleaded its Equal Protection Claim**.

The United States has properly pleaded its equal protection claim and Defendants' motion for partial judgment on the pleadings should be denied for that reason.

The Eleventh Circuit has divided equal protection claims challenging statutes into three categories: claims that a statute facially discriminates, claims that a facially neutral statute purposefully discriminates, and claims that a facially neutral statute is being administered in a discriminatory manner. *E&T Realty v.*

*Strickland*, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987)[2]; *see also City of S. Miami v. DeSantis*, 561 F. Supp. 3d 1211, 1258 (S.D. Fla. 2021); *J.D.P. by and through Oliver v. Montgomery Cnty. Bd. of Educ.*, 2:20-CV-420-WKW, 2022 WL 291608, at *3 (M.D. Ala. Jan. 31, 2022). The first two categories apply to the equal protection claim presented by the United States in this case.

VCAP contains a facial sex-based classification that is subject to heightened scrutiny, U.S. Am. Compl. at ¶ 58-59, ECF No. 92, as this Court has recognized.[3] However, VCAP fails even rational basis review. *See, e.g.*, *id.* at Section B.2 ("Impact of S.B. 184"), ¶ 60 ("In the alternative, Section 4 of the statute could not survive any level of scrutiny because it is not rationally related to a legitimate government interest.").[4] The United States' position is that the challenged portion

---

[2] To support these categories, *Strickland* cites to longstanding Supreme Court precedent setting forth the legal frameworks for equal protection claims, including claims alleging sex discrimination. 830 F.2d at 1112 n.5 (citing *Hooper v. Bernalillo Cnty. Assessor*, 472 U.S. 612, 618 (1985); *Plyler v. Doe*, 457 U.S. 202, 216-18, 216 n.14, 217 n.15, & 218 n.16 (1982); *cf. Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979); *Washington v. Davis*, 426 U.S. 229 (1976)).

[3] In granting the Private Plaintiffs' and United States' respective motions for a preliminary injunction on their equal protection claims, this Court concluded that VCAP "amounts to a sex-based classification for purposes of the Equal Protection Clause," and that VCAP fails intermediate scrutiny because the State's "proffered justifications are hypothesized, not exceedingly persuasive." *Eknes-Tucker v. Marshall*, ___ F. Supp. 3d ___, 2022 WL 1521889, at *10 (M.D. Ala. May 13, 2022) (ECF No. 107).

[4] Defendants argue that this legal framework was not adequately pleaded because the Complaint contained a "one-sentence reference to rational basis" that did not "plead *facts* to support" that "'bald assertion.'" Defs' Mot. for Partial J. at 15, ECF No. 171. However, the United States' allegation regarding rational basis review was contained within Count One, Violation of Equal Protection, which explicitly cross-referenced "all the allegations of the preceding and subsequent paragraphs of this Complaint and incorporates them herein by reference." U.S. Am. Compl. at ¶ 55, ECF No. 92.

of VCAP facially classifies on the basis of sex and transgender status. In addition, the Amended Complaint in Intervention contains allegations to support its contention that the statute purposefully discriminates. *Id.* at Section B.2 ("Impact of S.B. 184"). *See Strickland*, 830 F.2d at 1112 n.5; *see also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977). These allegations are sufficient; the United States is not required to plead specific legal theories in its Complaint, *see Johnson v. Shelby*, 574 U.S. 10, 11 (2014).

Because the United States has properly pleaded its claim, and because Defendants' motion is an inappropriate vehicle to seek to limit or parse the legal frameworks that may apply to its equal protection claim, the motion should be denied.

## III.   <u>Discovery Related to Intent Is Permissible and Within the Scope of Rule 26</u>.

Although styled as a Partial Motion for Judgment on the Pleadings, Defendants have, in essence, filed a discovery motion.[5] Specifically, Defendants seek an advisory opinion from this Court based on a discovery dispute between two parties to this litigation that does not exist. It is inappropriate to ask this Court

---

[5] The present motion threatens to circumvent and limit the discovery process and provides another reason why the motion should be denied. Under the Court's Discovery Guidelines, discovery disputes should be resolved informally prior to court intervention via a "meaningful exchange" by telephone or in-person meeting, a process that is currently ongoing. *Guidelines to Civil Discovery Practice in the Middle District of Alabama* (2015), § I(A). The parties continue to meet and confer on Plaintiffs' requests for production to Defendants, meeting as recently as October 25, 2022.

to wade into a future hypothetical discovery dispute, which Article III prohibits. *See, e.g.*, *OMS Nat'l Ins. Co. v. Turbyfill*, No. 3:14cv622/MCR/CJK, 2015 WL 11109378, at *1 (N.D. Fla. Aug. 3, 2015) (motion for clarification was in effect a motion for protective order asking the court "to issue an advisory opinion as to the admissibility of that evidence," and explaining that "[t]he undersigned will not issue an advisory opinion; matters regarding the relevancy and admissibility of evidence will be decided by the district judge during trial or when ruling on motions *in limine* filed prior to trial"); *Haaf v. Flagler Const. Equip., LLC*, No. 10-62321-CIV, 2011 WL 1871159, at *4 (S.D. Fla. May 16, 2011) (motion to compel dismissed as premature; "[t]he result is that Plaintiff in effect asks for an impermissible advisory opinion").

Defendants assert that evidence of legislative purpose is irrelevant to equal protection challenges asserting facial discrimination. Defs' Mot. for Partial J. at 12-15, ECF No. 171. Thus, according to Defendants, any hypothetical discovery related to such purpose cannot support the United States' equal protection claim. Defendants are correct that the United States is not *required* to establish that VCAP is the product of discriminatory intent against transgender persons to prove its equal protection claim, assuming VCAP is found to be facially discriminatory. Defendants also acknowledge that if VCAP triggers heightened scrutiny, as this Court has held in its preliminary injunction order, *see Eknes-Tucker*, 2022 WL

1521889, at *10 (ECF No. 107), the United States could argue that Defendants'
purported justifications for VCAP were not genuine, were hypothesized, were
invented post hoc in response to litigation, or were not VCAP's actual purpose.
Defs' Mot. for Partial J. at 12, ECF No. 171. Evidence of the actual intent of
VCAP bears directly on the veracity of Defendants' purported justifications.

Defendants devote substantial discussion to their argument that only publicly
available information is needed to ascertain the "actual purpose" of a statute. *Id.* at
12-15. But their argument reinforces why evidence of legislative intent is relevant.
For example, in *Weinberger v. Wiesenfeld*, 420 U.S. 636 (1975), which involved a
provision of the Social Security Act that provided more benefits to a widow of a
deceased male spouse compared to a widower of a deceased female spouse, the
Court compared the asserted purpose and actual purpose of the statute. The Court
determined that the actual purpose of the statute was not to provide an income to
women who were unable to provide for themselves due to economic
discrimination, but rather to permit women to elect not to work and to devote
themselves to the care of children. *Id.* at 648. In parsing through the evidence to
reach this conclusion, the Court made clear that "the mere recitation of a benign,
compensatory purpose is not an automatic shield which protects against any
inquiry into the actual purposes underlying a statutory scheme." *Id.* The court also
noted that triers of fact are not required to "accept at face value" assertions of

legislative purpose. *Id.* at 648 n.16. *Wiesenfeld* thus does not foreclose the use of discovery to obtain information about actual purpose. In a case such as this one where the legislative process is opaque and a full legislative record is not readily available,[6] the United States must be permitted to conduct discovery to ascertain actual purpose.

Similarly, in *Mississippi University for Women v. Hogan*, which challenged a university's policy limiting nursing school enrollment to women, the Court also recognized that legislative intent could be relevant to ascertaining actual purpose, noting, "[e]ven were we to assume that discrimination against women affects their opportunity to obtain an education or to obtain leadership roles in nursing, the challenged policy nonetheless would be invalid, for the State *has failed to establish that the legislature intended* the single-sex policy to compensate for any perceived discrimination." 458 U.S. 718, 730 n.16 (1982) (emphasis added) (further noting that the only statement of legislative purpose was "a statement that relies upon the very sort of archaic and overbroad generalizations about women that we have found insufficient to justify a gender-based classification").

---

[6] The Alabama Legislature does not produce legislative history, including committee reports or testimony. For example, the parties have used unofficial video postings of committee hearings in this litigation. *See, e.g.*, Mem. in Support of Plaintiff-Intervenor United States' Mot. for a Temp. Restraining Order and a Prelim. Injunction at 7-8, ECF No. 62-1; Defs' Response in Opposition to Plaintiffs' Mot. for a Prelim. Injunction at 93, ECF No. 74.

Information regarding the actual purpose of VCAP, including evidence that may indicate whether the actual purpose was discriminatory, would be beneficial to the Court as the trier of fact in this case. Such evidence would certainly be relevant to evaluating whether or not Defendants meet their burden under heightened scrutiny.[7] *See Glenn v. Brumby¸*663 F.3d 1312, 1320-21 (11th Cir. 2011); *see also Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. United States Dep't of Health & Hum. Servs.*, 557 F. Supp. 3d 224, 245 (D. Mass. 2021) ("Intermediate scrutiny (unlike rational basis review but like strict scrutiny) mandates an inquiry into 'actual state purposes,' . . . so an analysis aimed at 'smoking out' illicit animus is appropriate . . ."). Courts have made clear that intent evidence falls within the scope of Rule 26, and the United States must be allowed to seek and present to the court evidence of any discriminatory intent underlying VCAP.

Defendants' arguments related to the United States' rational basis claim similarly fall short. Defendants' cited cases again emphasize the importance and relevance of evidence of discriminatory intent to a rational basis challenge. *See, e.g.*, *Trump v. Hawaii*, 138 S. Ct. 2392, 2420 (2018) ("On the few occasions

---

[7] Perhaps realizing this, Defendants' brief pivots from claiming evidence of intent is irrelevant to a facial discrimination challenge such that judgment on the pleadings is merited, Defs' Mot. for Partial J. at 8, ECF No. 171, to a pure discovery dispute between the parties, arguing that the United States is seeking unidentified legislators' "private communications." *Id.* at 12-15.

where" the Supreme Court "strikes down a policy as illegitimate under rational basis scrutiny" "a common thread has been that the laws at issue lack any purpose other than a 'bare . . . desire to harm a politically unpopular group.'"); *Romer v. Evans*, 517 U.S. 620, 634 (1996) ("[L]aws of the kind now before us raise the inevitable inference that the disadvantage imposed is born of animosity toward the class of persons affected."). In *United States v. Windsor*, 570 U.S. 744 (2013), also cited by Defendants, the Supreme Court found "strong evidence" that the Defense of Marriage Act (DOMA), which excluded same-sex partners from the definition of spouse, had "the purpose and effect of disapproval of" same-sex couples, with the effect of imposing "a disadvantage, a separate status, and so a stigma upon all who enter into same-sex marriages." *Id*. at 770. The Court further looked to evidence that established that the true purpose of the statute was to express both "moral disapproval" of gays and lesbians and "'a moral conviction that heterosexuality better comports with traditional (especially Judeo-Christian) morality.'" *Id*. at 771 (citation omitted). Ultimately, the Court declared DOMA invalid, "for no legitimate purpose overcomes the purpose and effect to disparage and to injure those whom the State . . . sought to protect in personhood and dignity." *Id*. at 775.

Further, in arguing that VCAP only merits rational basis review before the Eleventh Circuit, Defendants appropriately note that evidence of pretext and invidious discrimination would be relevant should their position prevail:

> Even if the district court were right that only transgender minors seek these procedures, it would not matter. "The regulation of a medical procedure that only one sex can undergo does not trigger heightened constitutional scrutiny unless the regulation is a 'mere pretex[t] designed to effect an invidious discrimination against members of one sex or the other.'" *Dobbs*, slip op. 11 (quoting *Geduldig v. Aiello*, 417 U.S. 484, 496 n.20 (1974)).

Defs' Op. Br. at 46 (quoting *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2245-46 (2022)). Defendants cannot have it both ways—either evidence of pretext is relevant, or it is not. By continuing to argue that rational basis review is the appropriate standard to analyze VCAP in its appeal of this Court's preliminary injunction order—a position espoused only by Defendants—Defendants have conceded that evidence of pretext is relevant in this case.

Ultimately, regardless of the level of scrutiny applied in this case, evidence of intent is relevant to the United States' equal protection claim. While the United States' position is that VCAP is a classification on the basis of sex and transgender status triggering heightened scrutiny, *Eknes-Tucker*, 2022 WL 1521889, at *9-10, Defendants argue VCAP is facially neutral (*see, e.g.*, Defs' Op. Br. at 47). Notwithstanding Defendants' position, the United States must be permitted to seek circumstantial evidence of discrimination. Defendants acknowledge that, in *Arlington Heights*, 429 U.S. at 268, the Supreme Court described the different

14

types of direct or circumstantial evidence that can support equal protection claims, including legislative or administrative history and contemporary statements by members of the decision-making body. *See also Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 274 (1979); *Glenn*, 663 F.3d at 1320.

Thus, because evidence of legislative purpose is relevant to the United States' equal protection claim, Rule 26 permits discovery related to this core factual question. If Defendants believe any specific discovery requests concerning legislative purpose directed to them are not relevant, overbroad, or seek privileged material, their objections should be raised upon receipt of any such discovery request, and addressed first as part of the required conferral process, and, failing that, via a discovery motion where the parties will have the opportunity to fully brief the Court on any issues concerning specific discovery materials sought.[8] No

---

[8] Defendants devote pages of their motion discussing the proper scope of legislative materials that are sought in discovery. Defs' Mot. for Partial J. at 12-19, ECF No. 171. In doing so, Defendants attempt to craft a new bright line rule that limits discovery to "publicly observed facts" rather than "legislators' private correspondence." *Id.* at 12. But many equal protection cases rely on the very types of evidence that Defendants' proposed rule would likely deem undiscoverable "private correspondence." In other words, adopting wholesale this newly crafted discovery rule—which ignores the context of specific discovery disputes—would be inappropriate. *See, e.g.*, *City of S. Miami*, 561 F. Supp. 3d at 1272-74 (discussing relevant emails between legislator and advocacy organizations that "suggest that the Legislature ratified the racially discriminatory views of [the organizations] and enacted SB 168 to effectuate those motives"); *Arce v. Douglas*, 793 F.3d 968, 979 n.5 (9th Cir. 2015) ("Plaintiffs state that if they had been given the opportunity to brief the equal protection claims under a summary judgment analysis, they would have introduced emails from legislators evincing animus against Mexican Americans while advocating for this legislation. . . . [S]uch material would likely be highly relevant to the *Arlington Heights* analysis"). Should Plaintiffs issue discovery requests to Defendants that implicate materials that Defendants deem undiscoverable "private

discovery dispute is currently pending before this Court. At this stage, Defendants'

objections to discovery related to legislative purpose are not ripe and not

appropriately before the Court.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court

deny Defendants' motion for partial judgment on the United States' pleadings.

Dated: October 28, 2022                Respectfully submitted,

SANDRA J. STEWART                      KRISTEN CLARKE
United States Attorney                  Assistant Attorney General
Middle District of Alabama              Civil Rights Division


PRIM F. ESCALONA                       JOHN POWERS (DC Bar No. 1024831)
United States Attorney                  Counsel to the Assistant Attorney General
Northern District of Alabama            Civil Rights Division


LANE H. WOODKE                         CHRISTINE STONEMAN
Chief, Civil Division                   Chief, Federal Coordination and Compliance
Northern District of Alabama            Section


JASON R. CHEEK                         COTY MONTAG (DC Bar No. 498357)
Deputy Chief, Civil Division            Deputy Chief, Federal Coordination and
MARGARET L. MARSHALL                   Compliance Section
Assistant U.S. Attorney
ROBERT C. PICKREN                        _/s/ Renee Williams_
Assistant U.S. Attorney                 ALYSSA C. LAREAU (DC Bar No. 494881)
U.S. Attorney's Office                  RENEE WILLIAMS (CA Bar No. 284855)
Northern District of Alabama            KAITLIN TOYAMA (CA Bar No. 318993)
1801 Fourth Avenue North               Trial Attorneys
Birmingham, AL 35203                    United States Department of Justice
Tel.: (205) 244-2104                    Civil Rights Division

---

correspondence," the parties will parse these decisions as part of the conferral process, and if
necessary, via discovery motions.

16

Jason.Cheek@usdoj.gov
Margaret.Marshall@usdoj.gov

STEPHEN D. WADSWORTH
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

Federal Coordination and Compliance
Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 305-2222
Alyssa.Lareau@usdoj.gov
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Respectfully submitted,

<u>/s/ *Renee Williams*</u>
Trial Attorney
U.S. Department of Justice