IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **BRIANNA BOE, et al.;** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | Civil Action No. 2:22-cv-00184-LCB |
| | ) | |
| **Plaintiff-Intervenor,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; et al.;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## THIRD DECLARATION OF MARGARET S. CLARKE

I, Margaret S. Clarke, Esq., pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge. I am over the age of nineteen (19) years and qualified to make this declaration, which is made from personal knowledge. This Declaration is given in support of Eagle Forum of Alabama's

1

EXHIBIT A

(EFA) Motion for Sanctions against the Intervenor plaintiff, United States of America, Department of Justice (DOJ or Government).

1. I have served voluntarily on the Board of Eagle Forum of Alabama from 2015 and as EFA General Counsel from 2018. I am a graduate of the University of Florida Levine College of Law and Reformed Theological Seminary. I have been licensed to practice law since 1985. I have held licenses in Florida, Mississippi and in Alabama. I served as General Counsel for the Florida Department of Health and Rehabilitative Services (HRS), Northwest District, and also for the Alabama Family Alliance (now known as the Alabama Policy Institute) where I worked for Gary Palmer (now U.S. Congressman Palmer). My legal focus has generally been in persuasive writing, and legislative and administrative public policy development.

2. As the General Counsel for HRS Northwest District, I helped develop comprehensive child welfare programs. One aspect was to draft regulations for the Florida Child Abuse Prevention Program, including definitions for "negligence" and "emotional," "physical," and "sexual abuse." These definitions provided HRS case workers guidelines to assess child abuse and determine evidence for child abuse hearings prior to removing a child from a home.

3. As General Counsel for Alabama Family Alliance, I helped develop legislation proposals for education policy at both the state and national level and

write persuasive articles. I also organized the National School Choice Roundtable for the purpose of developing legislative models.

4. I am married to Chuck Clarke and am an engaged mother of three adult children. I am also an involved member at my Church. In the past, as a volunteer with EFA, my schedule was somewhat flexible. I am not a litigator and defense issues are outside my skillset as set forth herein. I frequently consult with A. Eric Johnston, Esq., President and General Counsel of the Southeast Law Institute, on litigation matters, who generously gives of his time. I could not have adequately defended EFA without the *pro bono* representation of John Mark Graham, Esq., a respected, ethical and skilled litigator with Phelps Dunbar, LLP. I am personally very grateful to both of these men, and to Phelps Dunbar LLP, for allowing Mr. Graham to give of his time and represent EFA *pro bono*.

5. Since August 4, 2022, when EFA received the first email from the DOJ, most of my available time has been consumed with defending EFA from the subpoena attack. It has been stressful balancing my prior responsibilities and commitments with the need to fight (not only for EFA, but for other similar private groups who the DOJ might otherwise go after in the future) against the DOJ subpoena that I strongly believe to be an abuse of power, intentional political harassment, and a disregard of our constitutionally protected First Amendment rights. I have never tracked my hours for EFA. Nevertheless, I believe I have

provided valuable professional legal services to EFA and easily spent a minimum of 40 hours per week for at least eight weeks in EFA's defense in this matter and efforts to quash the subpoena. The time required to assist with the defense of the subpoena would have otherwise been more appropriately spent on other legislative public policy development, which is in keeping with my legal skillset and the lawful purposes of EFA, a 501(c)(4) organization. This unnecessary loss is a direct result of the unconstitutional violations and burdens of the DOJ subpoena.

6.      For all these reasons, I respectfully request the Court to issue an appropriate sanction against the intervenor plaintiff, the United States Department of Justice, to include reimbursement for my time and reasonable costs associated with defense from the subpoena.

Signed this __3__ day of November, 2022.

By: _/s/ Margaret S. Clarke_
Margaret S. Clarke