IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al.; | ) |
| Plaintiffs, | ) ) ) |
| and | ) ) |
| UNITED STATES OF AMERICA, | ) ) ) Civil Action No. ) 2:22-cv-00184-LCB |
| Plaintiff-Intervenor, | ) ) |
| vs. | ) ) |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; et al.; | ) ) ) ) ) ) |
| Defendants. | ) |

**THIRD DECLARATION OF A. ERIC JOHNSTON**

I, A. Eric Johnston, pursuant to 28 U.S.C.A. § 1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1.    I am A. Eric Johnston, and I am over the age of nineteen (19) years and in no way disqualified from making this declaration, which is made from personal knowledge. I am a licensed Alabama attorney in private practice.

EXHIBIT D

2

2. As President of the Southeast Law Institute ("SLI"), I previously filed two Declarations in this case. This Declaration is in support of a motion for sanctions as a result of the court's quashing unlawful subpoenas issued to SLI and to the Eagle Forum of Alabama (EFA) by the U.S. Department of Justice through an Assistant United States Attorney in the Northern District of Alabama.

3. Since 1973 I have been a licensed attorney in the State of Alabama. For forty (40) of those years I have practiced in the areas of constitutional law. A significant amount of my time has been committed to constitutional litigation and in the assistance of drafting of legislation for Alabama Legislators on issues which include health care and parental rights, issues that were important to the VCAP legislative process.

4. In response to the DOJ subpoenas, I assisted the attorney who has represented both SLI and EFA, John Mark Graham, in reviewing, researching and preparing written responses.

5. I also reviewed my files for potential response to the subpoena in the event there may have been an evidentiary hearing or an order to comply with the subpoena. I determined that the broad scope of the subpoena could have required production of most of my file.

6. I also attended and traveled to the hearing on October 14, 2022, on the motions to quash the subpoenas.

7. As a result of all of these activities, I was taken away from my law practice, committing the hours shown to this proceeding itemized as follows:

August 9, 2022
Review subpoena; telephone conference                                        1.0
August 18, 2022
Office Conference with Counsel                                               1.50
August 19, 2022
Telephone conference with Counsel                                            1.00
August 24, 2022
Review and edit Draft Motion; Declaration Brief                               .60
August 30, 2022
Review Second Revised Draft Motion                                            .40
August 31, 2022
Review Final Declaration                                                      .25
September 2022
Review Revised Draft Pleadings; research                                     2.00
September 6, 2022
Review Final Pleadings; telephone conference; email                           .50
September 20, 2022
Review Amicus Briefs; telephone conference                                   1.25
September 21, 2022
Review DOJ Briefs; research                                                  3.00
September 23, 2022
Research; Preparation of Brief Memo                                          4.00
September 26, 2022
Review Draft Brief; Research DOJ response; emails; telephone
Conference                                                                   1.50
September 28, 2022
Review additional Amicus Briefs; Telephone conference; Review
11th Circuit Documents; Review final response documents                    1.00
October 9, 2022
Review Draft Brief; Telephone Conference                                     1.00
October 10, 2022
Preparation, research and draft Declaration                                  1.25
October 11, 2022
Completion of research and Declaration; review draft Supplement               .40
October 12, 2022
Review Final Supplement and Declaration                                       .60

| | |
|---|---|
| October 13, 2022 | |
| Review Amicus Briefs | .65 |
| October 14, 2022 | |
| Attend Court Hearing (including travel) | 4.75 |
| October 17, 2022 | |
| Review Hearing Transcript; | .75 |
| October 24, 2022 | |
| Review Opinion and order; preparation of memo; emails | .75 |
| October 27, 2022 | |
| Review Motions for Sanctions; emails; telephone conference | 2.00 |
| October 28, 2022 | |
| Research sanctions; preparation Declaration and portion of Motion | 3.00 |
| November    2022 | |
| Review Final Pleadings; Emails; telephones conference | 1.00 |

**TOTAL HOURS 34.15 @ $400.00 PER HOUR        $13,660.00**

7. My usual billing rate is $400.00 per hour. Additionally, I had mileage to and from my office to the Federal Court in Montgomery of 168.6 miles at the approved IRS rate of $105.38.

8. Not included are countless hours of telephone conferences and discussions with other persons who were concerned with negative implications of the work of SLI due to the attack by the DOJ. Also, the mere time spent does not represent the public perception and damage that it may have caused SLI, particularly professionally since it is a law organization. A subpoena by the DOJ raises questions in the mind of many, including other lawyers. These questions would hopefully be answered by the Court entering sanctions against the DOJ of sufficient size to vindicate SLI as well as EFA and also to act as a deterrent to future DOJ excesses and unprofessionalism.

9. This declaration is to be used in support of the motion for sanctions with which it is filed on behalf of EFA and SLI.

Signed this 3rd day of November, 2022.

By: _____
A. Eric Johnston