IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIANNA BOE, et al.,

    Plaintiffs,

    v.

STEVE MARSHALL, et al.,

    Defendants.

No. 2:22-cv-00184-LCB-CWB

**JOINT MOTION OF NONPARTIES AMERICAN ACADEMY OF PEDIATRICS, WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH, AND ENDOCRINE SOCIETY TO REDACT PORTIONS OF DECLARATIONS**

Nonparties American Academy of Pediatrics ("AAP"), World Professional Association for Transgender Health ("WPATH"), and Endocrine Society (collectively, "*amici*") respectfully move this Court for leave to redact, for purposes of the public record, small portions of three declarations filed in conjunction with *amici*'s joint Motion to Quash. The requested redactions are limited in scope and pertain solely to the declarants' personal information, including their names and job titles. *Amici* respectfully submit that the Court should grant this motion to protect the declarants' identities and privacy in light of the charged nature of the underlying litigation's subject matter, the intimidation

and harassment *amici* and their employees have confronted, and the heightened risk that declarants will face such harassment if their identities are made public.

## I. BACKGROUND

Plaintiffs filed the above-captioned lawsuit challenging the constitutionality of the Alabama Vulnerable Child Compassion and Protection Act. (Doc. 1). AAP, WPATH, and Endocrine Society are among the 23 national and state professional medical and mental health organizations that submitted an *amici* brief in support of Plaintiff's motion for temporary restraining order and preliminary injunction. Defendant the State of Alabama has issued document subpoenas to all three organizations. After attempts to negotiate the scope of the subpoenas proved fruitless, *amici* jointly filed a Motion to Quash (the "Motion") all three subpoenas.

The Motion seeks to quash the subpoenas on the grounds that they seek irrelevant information, impose undue burdens on *amici*, and infringe upon *amici*'s associational rights under the First Amendment. Specifically with respect to the latter argument, the Motion establishes that all three *amici* and their employees have been subjected to harassment and threats of violence in connection with their work and support for gender-affirming care. Recent news reports have highlighted such threats, noting that some health organizations have asked the Department of Justice to investigate recent threats of violence after at least one hospital "was forced into lockdown … after an anonymous bomb threat" and that "other

hospitals across the county have faced similar threats, reporting that they have received harassing emails, phone calls and protest that have elevated fears among staff, young transgender patients and their families."[1]

The Motion to Quash is supported by declarations submitted by members of each organization. Given the publicity their submissions is likely to attract and the environment described above, *amici* respectfully move this Court for leave to redact from their respective declarations limited personal identifying information about each declarant, which if released would make those individuals known to the public and heighten the risk that each declarant would be subject to harassment and even violence.

## II.   ARGUMENT

*Amici* should be granted leave to redact limited information in their respective declarations because the public's rights of access to pretrial materials—whether under common law or the First Amendment—do not attach to the personally identifying information in these declarations. Additionally, in the event that the Court finds that a public right of access does attach, *amici* should nevertheless be granted leave because they can demonstrate "good cause" to seal such information.

---

[1] See Brooke Migdon, *Medical Groups Call on DOJ to Investigate Threats Targeting Gender-Affirming Care*, The Hill (Oct. 3, 2022), https://thehill.com/changing-america/respect/equality/3672270-medical-groups-call-on-doj-to-investigate-threats-targeting-gender-affirming-care/.

### A. *Amici*'s Declarations Are Not Subject to the Public's Right of Access to Pretrial Materials.

The common-law right of access to pretrial documents is "an essential component of our system of justice." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right, however, is limited to materials filed in conjunction "with any substantive pretrial motion, unrelated to discovery," that invokes a court's power to resolve cases on the merits. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also Bridgestone/Firestone*, 263 F.3d at 1304, 1312–13 ("[D]ocuments filed in connection with motions to compel discovery are not subject to the common-law right of access."). This Court has squarely held that "[m]aterial filed with discovery motions is not subject to the common-law right of access." *Garrity v. Hyundai Info. Sys. N.A., LLC*, 2012 WL 5679896, at *1 (M.D. Ala. Nov. 15, 2012).

The First Amendment also guarantees a public right of access to court documents, but this right is typically invoked in criminal trial proceedings and has limited application in civil cases. *See Bridgestone/Firestone*, 263 F.3d at 1310. The Eleventh Circuit has extended the right to materials related to the release, incarceration, or confinement conditions of prisoners, but has otherwise held that "[m]aterials gathered as a result of the civil discovery process" do not fall within the scope of the First Amendment right of access. *See id.*

Here, *amici*'s declarations are outside the scope of the public rights of access under both the common law and the First Amendment because they were filed in conjunction with a discovery motion. *Amici*'s Motion to Quash does not, even tangentially, invoke this Court's power to resolve the dispute on the merits and is firmly within a category of motion practice that this Court has specifically excluded from the common law right of access. *See Garrity*, 2012 WL 5679896, at *1. AAP, WPATH, and Endocrine Society are not parties to the underlying litigation and submitted the declarations in response to a nonparty subpoena, a process that is further attenuated from the merits of the case than the typical "civil discovery process." As such, the First Amendment right of access is likewise inapplicable to the declarations and the Court should grant leave to redact the limited personal and identifying information in the declarations.

### B.  *Amici* Can Show Good Cause To Overcome Any Public Right of Access to the Declarations.

Even if they were applicable here—and they are not—both the common law and First Amendment public rights of access may be overcome by a showing of "good cause." *Garrity*, 2012 WL 5679896, at *1; *In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 185 F. Supp. 2d 1353, 1365–67 (N.D. Ga. 2002). Good cause is determined by balancing the interest in obtaining access to the information at issue against the interest in keeping such information confidential. *Garrity*, 2012 WL 5679896, at *1 (citing *Bridgestone/Firestone*, 263 F.2d at 1304). Factors

relevant to this inquiry include (1) whether access would impair court functions; (2) whether access would harm legitimate privacy interests; (3) the degree and likelihood of injury if made public; (4) the reliability of the information; (5) whether the information concerns public officials or public concerns; and (6) the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246.

These factors weigh in favor of permitting the limited redactions sought by *amici*. *Amici* seek limited redactions of a few lines of each declaration that do not bear on the substance or reliability of their respective declarations. These few lines reveal personal and identifying information of the declarants, which do not implicate public concerns. Whatever limited interest the public may have in knowing the identity of each declarant is outweighed by the declarants' privacy and safety concerns, particularly in light of the threats and intimidation already directed against *amici* and their members. The lone feasible alternative to avoiding the risk to *amici*'s declarants is to forego submission of the declarations outright. As such, there is good cause for limited redactions to the declarations.

## III. CONCLUSION

Nonparties AAP, WPATH, and Endocrine Society respectfully request that the Court grant this request to redact personal and identifying information found in the declarations filed by AAP, WPATH, and Endocrine Society in conjunction

with *amici*'s joint Motion to Quash.  Specifically, this request implicates names, job titles, and dates found in: (1) lines 1–7 and the signature block from the declaration filed by AAP; (2) lines 1–6 and the signature block from the declaration filed by WPATH; and (3) lines 1–5 and the signature block from the declaration filed by Endocrine Society.

Dated: December 27, 2022                           Respectfully submitted,

/s Barry A. Ragsdale
_____
Barry A. Ragsdale
ASB 2958-A23B

Cortlin H. Lannin (CA Bar No. 266488)           D. Jean Veta (D.C. Bar No. 358980)
(admitted *pro hac vice*)                       (admitted *pro hac vice*)
Dylan M. Silva (CA Bar No. 306363)              Noah S. Goldberg (D.C. Bar No.
(*pro hac vice* motion to be submitted)         90003045) (*pro hac vice* motion to
COVINGTON & BURLING LLP                         be submitted)
Salesforce Tower                                Yuval Mor (Admitted to the D.C.
415 Mission St., Suite 5400                     Bar) (*pro hac vice* motion to be
San Francisco, CA 94105                         submitted)
Phone: (415) 591-6000                           COVINGTON & BURLING, LLP
clannin@cov.com                                 One CityCenter
dsilva@cov.com                                  850 Tenth St., N.W.
                                                Washington, D.C. 20001
Barry A. Ragsdale (ASB 2958-A23B)               Phone: (202) 662-6000
Robert S. Vance III (ASB 9916-B11Q)             jveta@cov.com
DOMINICK FELD HYDE, P.C.                        ngoldberg@cov.com
1130 22nd Street South Ridge Park               ymor@cov.com
Suite 4000
Birmingham, AL 35205
Phone:  (205) 536-8888
BRagsdale@dfhlaw.com
RVance@dfhlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s Barry A. Ragsdale
Of Counsel