## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Intervenor Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-184-LCB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General, | ) |
| of the State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## DECLARATION OF A. BARRETT BOWDRE IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL PRODUCTION

I, A. Barrett Bowdre, hereby declare as follows:

1.      I am one of the attorneys representing Defendants in the above case. I am over the age of 21 and am capable of making this declaration pursuant to 28 U.S.C. § 1746.  I have not been convicted of a felony or crime involving dishonesty, and the facts contained herein are within my personal knowledge.

2.      Attached as **Exhibit 1** is a true and correct copy of Defendants' First Requests for Production to Plaintiffs, which were served on Plaintiffs in this case on July 18, 2022.

3.      Attached as **Exhibit 2** is a true and correct copy of Plaintiffs' Responses to Defendants' First Requests for Production, which were served by Plaintiffs in this case on August 22, 2022.

4.      Attached as **Exhibit 3** is a true and correct copy of the parties' email correspondence about Defendants' First Requests for Production. The parties had numerous telephonic meet-and-confers in addition to this correspondence about the Requests.

5.      I declare under penalty of perjury that the foregoing is true and correct. Executed on January 5, 2023.

A. Barrett Bowdre
*Counsel for Defendants*

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| Rev. Paul A. Eknes-Tucker, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| *Intervenor Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00184-LCB-SRW |
| | ) | |
| Hon. Steve Marshall, in his official | ) | |
| capacity as Attorney General of the | ) | |
| State of Alabama, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS

Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34, Alabama Attorney General Steve Marshall, Montgomery County District Attorney Daryl D. Bailey, Cullman County District Attorney C. Wilson Blaylock, Lee County District Attorney Jessica Ventiere, Twelfth Judicial Circuit District Attorney Tom Anderson, and Jefferson County District Attorney Danny Carr, collectively the Defendants, hereby propound the following Requests for Production to Plaintiffs.

## DEFINITIONS

1.     "**Act**" refers to the Alabama Vulnerable Child Compassion and Protection Act, Ala. Code §§22-12E-1 *et seq.*

2.     "**Any**" and "**All**," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

3.     "**Communication**" is used in the broadest sense and includes every conceivable manner or means of disclosure, transfer or exchange of oral or written information between one or more persons, entities, devices, platforms or systems, or by other perceptible means, including later memorialization of such transmission in a document, including e-mail, memoranda of conversations, correspondence, data processing, pictures, or recordings.

4.     "**Concerning**," "**Reflecting**," "**Regarding**," and "**Relating to**" are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

5.     "**Cross-sex Hormones**" shall mean hormones administered to induce the physical characteristics of a sex or gender profile other than the Biological Sex of the patient (including non-cross-sex gender identities such as "non-binary"). It includes, but is not limited to, administering androgenic hormones such as testosterone, fluoxymesterone, and methyltestosterone  to a biological female and  estrogenic hormones such as estrogen and estradiol to a biological male. It also includes

the administration of hormone blockers and anti-androgens such as flutamide, spironolactone, and cyproterone if used as part of Transitioning.

6.     "**Document**" is used in the broadest possible sense to mean anything which may be within the meaning of Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and includes, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, list-serv postings, Tweets, voice mail messages, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by ou through detection devices into usable form), including, without limitation,

electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by a plaintiff or anyone else. The term "Document(s)" includes the defined term "Electronically Stored Information," which is defined below.

7.    "**Electronically Stored Information**" or "ESI" includes, but is not limited to, all electronic data or information stored on a computing device. This term includes but is not limited to databases; all text file and word-processing Documents (including metadata); presentation Documents; spreadsheets; graphics, animations, and images (including but not limited to JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files); email attachments; calendar and scheduling information; cache memory; Internet history files and preferences; audio; video, audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; removable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems. This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and

metadata that may not be readily viewable or accessible, and all file fragments and backup files.

8.  "**Gender Dysphoria**" includes the diagnosis of Gender Dysphoria under the DSM-5. "**Related Conditions**" include, but are not limited to, any issues concerning gender identity, gender incongruence, transgender identity, or non-binary identity. These include, but are not limited to, ICD diagnostic codes for transsexualism (including all sub-categories); gender identity disorder in adolescents or adults; gender identity disorder in children; transvestic fetishism; disorder of gender identity or role; transsexualism; dual role transvestism; gen-der identity disorder of childhood; other gender identity disorders; and gender identity disorder, unspecified.

9.  "**Health care providers**" means professionals who provide medical health care or mental health care. "Health care providers" includes, but is not limited to, pediatricians, doctors of medicine, doctors of osteopathy, physicians, obstetricians, gynecologists, surgeons, plastic surgeons, urologists, endocrinologists, neurologists, psychologists, psychiatrists, psychotherapists, mental health professionals, clinicians, speech-language pathologists, social workers, counselors, therapists, and bioethicists. "Health care providers" includes a nurse or nurse practitioner if that person is the primary person providing services but not if he or she acts only as

support staff for another health care provider. The following professionals are specifically excluded from the definition of "health care providers": pharmacists, dentists, orthodontists, endodontists, optometrists, ophthalmologists, and podiatrists.

10.    "**Minor**" shall mean a person under the age of 19.

11.    "**Puberty Blockers**" shall mean medication administered to minors to delay or prevent the onset or continuation of puberty, or otherwise to prevent the formation or maturation of secondary sex characteristics consistent with the patient's Biological Sex. This includes, but is not limited to, common puberty blockers such as histrelin acetate and leuprolide acetate if administered for the purpose of Transitioning. For purposes of this request, it does not include GnRH agonists administered to young children (7 and younger) for the treatment of central precocious puberty or to adult men (19+) for the treatment of prostate cancer.

12.    "**Sex**" or "**Biological Sex**" shall mean the biological state of being male or female, based on the individual's sex organs at birth, chromosomes, and endogenous hormone profiles.

13.    "**Transitioning**" shall mean surgical interventions as well as the administration of medicines such as Puberty Blockers and Cross-Sex Hormones to change the physical appearance of a patient in a way that is not consistent with the patient's Biological Sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

6

**REQUESTS FOR PRODUCTION TO ALL PLAINTIFFS**

1.     All Documents between or among you and any person or persons, other than counsel for the Plaintiffs in this lawsuit, concerning the Act.

2.     All Documents between or among you and any person or persons, other than counsel for the Plaintiffs in this lawsuit, concerning any legal challenge to the Act.

3.     All Documents between or among you and any plaintiff in prior litigation concerning the Act.

4.     All Documents that Plaintiffs may rely upon in summary judgment briefing or introduce at trial.

**REQUESTS FOR PRODUCTION TO BRIANNA BOE, JAMES ZOE, MEGAN POE, AND KATHY NOE ("PARENT PLAINTIFFS") ONLY**

5.     All medical records in your possession of any child of yours which relates to treatment for Gender Dysphoria or a Related Condition.

6.     All Documents in your possession of mental health treatment of any mental health treatment provided to a child of yours who has been treated for Gender Dysphoria or a Related Condition.

7.     All Documents between you and any medical provider or mental health professional who has treated a child of yours for Gender Dysphoria or a Related Condition.

8.      All calendars, notes, or other Documents, reflecting the dates of any treatment of a child of yours for Gender Dysphoria or a Related Condition.

9.      All forms, disclosures, or other Documents provided to you by any Health Care Provider or mental health provider who has treated a child of yours for Gender Dysphoria or a Related Condition.

## REQUESTS FOR PRODUCTION TO HEATHER AUSTIN, PH.D., AND RACHEL KOE, M.D. ("DOCTOR PLAINTIFFS")

10.      All medical bills related to the allegations in your Complaint.

11.      All patient intake forms used by you within the past 5 years.

12.      All forms or Documents used by you to disclose to patients, potential patients, or parents or guardians of Minor patients, the risks of Puberty Blockers, Cross-sex Hormones, or Transitioning.

13.      All forms or Documents used by you to obtain, record, or memorialize informed consent for the administration of Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments.

14.      All forms or Documents used by you to provide information to patients, or the parents or guardians of patients, concerning any coverage by Medicaid or medical insurance carriers for the provision of Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments.

15.     All Documents containing, disclosing, or setting forth any of your policies concerning any requirement for a diagnosis of gender dysphoria, gender incongruence, or a related condition, before the administration of Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments.

16.     All documents containing, disclosing, or setting forth any information you provide to patients, or the parents or guardians of patients, concerning treatments for Gender Dysphoria or a Related Condition, other than the administration of Puberty Blockers or Cross-sex Hormones.

17.     All Documents containing, disclosing, or setting forth any of your policies concerning any requirement for counseling or other mental-health treatments before the administration of Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments.

18.     All Documents containing, disclosing, or setting forth any of your policies or procedures for requiring follow-up examinations of Minors who are receiving Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments, or who received Puberty Blockers, Cross-sex Hormones, or Transitioning treatments in the past.

19.     All Documents reflecting the results of any follow-up with patients or former patients who received Puberty Blockers, Cross-sex Hormones, or Transitioning treatments in the past.

20.    All Documents reflecting any incidents of desistance or detransition—i.e., when a patient who has been diagnosed with Gender Dysphoria or a Related Condition is no longer gender dysphoric and/or no longer sought to Transition.

21.    All Documents reflecting any complaint or concern by a patient, former patient, or parent or guardian of a patient or former patient, regarding the treatment provided for gender dysphoria or a related condition.

22.    All Documents reflecting how many, or rates of, patients who began Puberty Blockers went on to receive Cross-sex Hormones.

23.    All Documents containing, disclosing, or setting forth any of your policies concerning mastectomies or other surgical interventions for Minors, which have the purpose of altering the Minor's body for the purpose of Transitioning.

24.    All Documents reflecting the aggregate number of your Minor patients who, in the past 5 years, received Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments, either from your providers or elsewhere.

25.    All Documents reflecting Health Care Providers you refer patients to regarding Transitioning.

26.    All Documents regarding care or services offered by the Magic City Wellness Center related to Gender Dysphoria or a Related Condition.

27.     All Documents regarding care or services offered by any other provider in Alabama, or whose services may be accessed by patients in Alabama, related to Gender Dysphoria or a Related Condition.

28.     All Documents, including list-serv postings, emails, or message board postings, affiliated with the World Professional Association for Transgender Health ("WPATH") concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

29.     All Documents, including list-serv postings, emails, or message board postings, affiliated with the United States Professional Association for Transgender Health ("USPATH") concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

30.     All Documents, including list-serv postings, emails, or message board postings, affiliated with the American Academy of Pediatrics ("AAP") concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

31.     All Documents, including list-serv postings, emails, or message board postings, affiliated with the Endocrine Society concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

32.    All Documents concerning the organizational stance regarding the treatment of Gender Dysphoria or a Related Condition from WPATH, USPATH, AAP, or the Endocrine Society.

33.    All Documents concerning any conference related to Gender Dysphoria or a Related Condition that WPATH, USPATH, AAP, or the Endocrine Society has hosted.

34.    All Documents reflecting, regarding, or otherwise related to any data or financial impact analysis you have conducted to determine the projected number of Transitioning procedures which you or your clinic(s) would have to cancel, reject, or decline to perform as a result of the Act.

Respectfully submitted,

Steve Marshall
  *Attorney General*

Christopher Mills
(SC Bar No. 101050)

SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina
29413
Telephone: (843) 606-0640
CMills@Spero.law

s/ James W. Davis
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL

STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The parties have agreed to electronic service of discovery documents. I hereby certify that I electronically served a copy of the foregoing document on Melody H. Eagan (meagan@lightfootlaw.com), Jeffrey P. Doss (jdoss@lightfootlaw.com), Amie A. Vague (avague@lightfootlaw.com), J. Andrew Pratt (apratt@kslaw.com), Misty L. Peterson (mpeterson@kslaw.com), Adam Reinke (areinke@kslaw.com), Gilbert Oladeinbo (goladeinbo@kslaw.com), Brent P. Ray (bray@kslaw.com), Abigail Hoverman Terry (ahoverman@kslaw.com), Michael B. Shortnacy (mshortnacy@kslaw.com), Asaf Orr (aorr@nclrights.org), Jennifer L. Levi (jlevi@glad.org), Scott D. McCoy (scott.mccoy@splcenter.org), Diego A. Soto (diego.soto@splcenter.org), Jessica L. Stone (jessica.stone@splcenter.org), Sarah Warbelow (sarah.warbelow@hrc.org), Cynthia Weaver (cynthia.weaver@hrc.org), John Powers (john.powers@usdoj.gov), Coty Montag (coty.montag@usdoj.gov); Eliza Dermody (eliza.dermody@usdoj.gov); Alyssa C. Lareau (alyssa.lareau@usdoj.gov), Renee Williams (renee.williams3@usdoj.gov), Kaitlin Toyama (kaitlin.toyama@usdoj.gov), Lane Woodke (lane.woodke@usdoj.gov), Jason R. Cheek (jason.cheek@usdoj.gov), Sandra J. Stewart (sandra.stewart@usdoj.gov), and Stephen D. Wadsworth (Stephen.wadsworth@usdoj.gov) *via* email on this the 18th day of July 2022.

s/ James W. Davis
*Counsel for Defendants*

14

**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER, *et al.*, | |
| *Plaintiffs*, | |
| and | |
| UNITED STATES OF AMERICA, | Case No. 2:22-cv-00184-LCB-SRW |
| *Plaintiff-Intervenor*, | Honorable Liles C. Burke |
| v. | |
| STEVE MARSHALL, *et al.*, | |
| *Defendants*. | |

## RESPONSES OF PLAINTIFFS AUSTIN, PhD; BOE; EKNES-TUCKER; KOE, M.D.; NOE; & POE TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Heather Austin, PhD.; Briana Boe; Reverend Paul A. Eknes-Tucker; Dr. Rachel Koe; Kathy Noe; and Megan Poe (collectively, the "Plaintiffs"),[1] through undersigned counsel,

---

[1] On August 9, 2022, Plaintiffs filed an Amended Complaint that omitted James and Zachary Zoe as parties, and added Plaintiffs Rebecca Roe, Melissa Roe, Robert Voe, and April Voe. (Dkt. No. 146.) Because James Zoe is no longer a party to this litigation, Plaintiffs do not provide responses to the Defendants' Requests that requested information as to James Zoe. Because Defendants served these Requests on Plaintiffs before the Roe and Voe Plaintiffs were named as Plaintiffs, these new Plaintiffs will respond to all Requests directed at all Plaintiffs within 30 days of their initial appearance in the case.

hereby object and respond to Defendants' First Requests for Production (1-34) ("Requests").

By making these responses, Plaintiffs do not concede that the information given is properly discoverable or admissible.  Plaintiffs reserve the right to object to further discovery regarding the subject matter of the Requests.  Plaintiffs' discovery and investigation of facts relevant to this litigation is ongoing.  Plaintiffs' responses herein are given without prejudice to Plaintiffs' right to amend or supplement in accordance with the Federal Rules of Civil Procedure, the local rules of this Court, the Scheduling Order (Dkt. No. 135), or any other schedule or ruling that may be entered by the Court.  Plaintiffs expressly reserve the right to supplement these responses and objections as necessary.

## **DEFINITIONS**

1.     Plaintiffs use the definitions of capitalized terms as defined by Defendants in their First Set of Requests for Production unless otherwise noted.

2.     "Parent Plaintiffs" means Briana Boe, Kathy Noe, and Megan Poe.

3.     "Transgender Plaintiffs" means Michael Boe, Christopher Noe, and Allison Poe.

## RESPONSES AND OBJECTIONS TO REQUESTS

### *Requests Directed to All Plaintiffs*

### REQUEST FOR PRODUCTION NO. 1:

All Documents between or among you and any person or persons, other than counsel for the Plaintiffs in this lawsuit, concerning the Act.

### RESPONSE:

Plaintiffs object to this Request to the extent it calls for protected and privileged communications, including communications with Plaintiffs' clergy, spouses, or mental health providers. Plaintiffs also object that this request is overly broad, unduly burdensome, disproportionate to the needs of this case, without any timeframes, and seeks documents unrelated to any claims or defenses in this matter. Plaintiffs also object to the phrase "Documents between or among you and any person or persons" as vague and ambiguous and interpret this phrase to mean documents exchanged between Plaintiffs and another person (excluding legal counsel) concerning the Act. Plaintiffs further object to this Request as redundant to Request Nos. 2 and 3.

Subject to these objections, Plaintiffs will provide documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

All Documents between or among you and any person or persons, other than counsel for the Plaintiffs in this lawsuit, concerning any legal challenge to the Act.

**RESPONSE:**

Plaintiffs object to this Request to the extent it calls for protected and privileged communications, including communications with Plaintiffs' clergy or spouses.  Plaintiffs also object to the phrase "Documents between or among you and any person or persons" as vague and ambiguous.  Plaintiffs interpret this phrase to mean documents exchanged between Plaintiffs and another person (excluding legal counsel) concerning legal challenges to the Act.  Plaintiffs also object that this request is overly broad, unduly burdensome, disproportionate to the needs of this case, and seeks documents unrelated to any claims or defenses in this matter.  Plaintiffs further object to this Request as redundant to Request Nos. 1 and 3.

Subject to these objections, Plaintiffs will provide documents responsive to this Request.


**REQUEST FOR PRODUCTION NO. 3:**

All Documents between or among you and any plaintiff in prior litigation concerning the Act.

**RESPONSE:**

Plaintiffs Object to this Request because the phrase "any plaintiff in prior litigation" is undefined. Further, to the extent Defendants are referring to *Walker v. Marshall* (N.D. Ala.) and *Ladinsky v. Ivey* (N.D. Ala.), Plaintiffs object that many plaintiffs in both *Walker* and *Ladinsky* appeared in these lawsuits under pseudonyms

or by initials only, and Plaintiffs do not have knowledge of all of these plaintiffs' identities. Accordingly, Plaintiffs construe "any plaintiff in prior litigation concerning the Act" to refer to publicly named plaintiffs in *Walker* or *Ladinsky*. Plaintiffs further object to this Request to the extent it seeks protected and confidential medical information of transgender minor patients, which is irrelevant to this lawsuit. Plaintiffs also object to the phrase "Documents between or among you and any plaintiff in prior litigation" as vague and ambiguous. Plaintiffs interpret this phrase to mean documents exchanged between Plaintiffs and any publicly named plaintiffs in *Walker* or *Ladinsky* concerning the Act. Plaintiffs also object that this request is overly broad, unduly burdensome, disproportionate to the needs of this case, and seeks documents unrelated to any claims or defenses in this matter. Plaintiffs further object that this Request is redundant to Request Nos. 1 and 2.

Subject to these objections, Plaintiffs will provide documents responsive to this Request.


**REQUEST FOR PRODUCTION NO. 4:**

All Documents that Plaintiffs may rely upon in summary judgment briefing or introduce at trial.

**RESPONSE:**

Plaintiffs object that this Request as premature as discovery has only just begun. Plaintiffs further object to this Request as vague and ambiguous, overly

broad, and to the extent it seeks to impose obligations on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure. Plaintiffs also object to this Request to the extent it seeks information or documents protected from disclosure by the work-product doctrine or other applicable privileges or doctrines.

Subject to these objections, Plaintiffs have not decided what documents they will rely upon at the summary judgment stage or at trial. Further responding, Plaintiffs refer Defendants to their Initial Disclosures and any documents produced in response to these and any forthcoming Requests. Plaintiffs will supplement their Initial Disclosures and discovery responses and will submit their Exhibit List in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

### *Requests Directed to Parent Plaintiffs*

**REQUEST FOR PRODUCTION NO. 5:**

All medical records in your possession of any child of yours which relates to treatment for Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object to production of medical records sought by this Request. Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who causes any minor to receive transitioning medications to criminal penalties. Documents called for in this Request are not relevant to the parties' claims

or defenses.  Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege.

Plaintiffs also object to this Request to the extent the Request calls for documents related to children other than the Transgender Plaintiffs.  Any responsive medical records for children other than the Transgender Plaintiffs would contain protected and confidential medical information that is irrelevant to any of the parties' claims or defenses in this lawsuit.  Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.  Plaintiffs further object to this Request as redundant to Request Nos. 6-9.

Plaintiffs stand on their objections.


**REQUEST FOR PRODUCTION NO. 6:**

All Documents in your possession of mental health treatment of any mental health treatment provided to a child of yours who has been treated for Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object to production of records sought by this Request.  Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who

causes any minor to receive transitioning medications to criminal penalties. Documents called for in this Request are not relevant to the parties' claims or defenses. Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege.

Plaintiffs further object to this Request to the extent the Request calls for documents related to children other than the Transgender Plaintiffs. Any responsive documents for children other than the Transgender Plaintiffs would contain protected and confidential medical information that is irrelevant to any of the parties' claims or defenses in this lawsuit and is disproportionate to the needs of the case. Plaintiffs also object that the request for "All Documents . . . of mental health treatment of any mental health treatment" is unintelligible. Plaintiffs also object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria. Plaintiffs further object to this Request as redundant to Request Nos. 5 and 7-9.

Plaintiffs stand on their objections.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents between you and any medical provider or mental health professional who has treated a child of yours for Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks mental health or medical records. Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who causes any minor to receive transitioning medications to criminal penalties. Documents called for in this Request are not relevant to the parties' claims or defenses. Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege.

Plaintiffs also object to this Request to the extent the Request calls for documents related to children other than the Transgender Plaintiffs. Any responsive documents for children other than the Transgender Plaintiffs could contain protected and confidential medical information and would be irrelevant to any of the parties' claims or defenses in this lawsuit. Plaintiffs further object to this Request as redundant to Request Nos. 5, 6, 8, and 9. Plaintiffs also object to this request as irrelevant, disproportionate to the needs of the case, overly broad, and unduly burdensome, as the Request seeks "[a]ll" documents and communications between Parent Plaintiffs and Transgender Plaintiffs' healthcare providers, including documents and communications that are unrelated to the claims and defenses in this

lawsuit.  Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.

Plaintiffs stand on their objections.


**REQUEST FOR PRODUCTION NO. 8:**

All calendars, notes, or other Documents, reflecting the dates of any treatment of a child of yours for Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks mental health or medical records.  Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who causes any minor to receive transitioning medications to criminal penalties.  Documents called for in this Request are not relevant to the parties' claims or defenses.  Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege.

Plaintiffs object to this Request to the extent the Request calls for documents related to children other than the Transgender Plaintiffs.  Any responsive documents for children other than the Transgender Plaintiffs could contain protected and

confidential medical information and would be irrelevant to any of the parties'

claims or defenses in this lawsuit and that would be disproportionate to the needs of

the case.  Plaintiffs further object to this Request as redundant to Request Nos. 5-7

and 9.  Plaintiffs further object to the request for "[a]ll" such documents as overly

broad, unduly burdensome, duplicative, and disproportionate to the needs of the

case; Defendants do not need every document reflecting a single date of treatment.

Plaintiffs object to the term "Related Condition" as defined because the definition is

inaccurate and seeking irrelevant information because the definition identifies

"issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare

providers in Alabama, and because "transvestic fetishism" and "dual role

transvestism" are not related to gender dysphoria.

     Plaintiffs stand on their objections.


**REQUEST FOR PRODUCTION NO. 9:**

     All forms, disclosures, or other Documents provided to you by any Health
Care Provider or mental health provider who has treated a child of yours for Gender
Dysphoria or a Related Condition.

**RESPONSE:**

     Plaintiffs object to this Request to the extent it seeks mental health or medical

records.  In addition, Plaintiffs' challenge on its face the constitutionality of the Act,

a law that subjects anyone who causes any minor to receive transitioning

medications to criminal penalties.  Documents called for in this Request are not

relevant to the parties' claims or defenses.  Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege.

Plaintiffs also object to this Request to the extent the Request calls for documents related to children other than the Transgender Plaintiffs.  Any responsive documents for children other than the Transgender Plaintiffs would contain protected and confidential medical information that is irrelevant to any of the parties' claims or defenses in this lawsuit and that would be disproportionate to the needs of the case.  Plaintiffs also object to production of all documents provided by a Health Care Provider or mental health provider to the extent the documents are unrelated to a Transgender Plaintiff's treatment for Gender Dysphoria, as these documents would be irrelevant to any of the parties' claims or defenses in this lawsuit and disproportionate to the needs of the case.  Plaintiffs further object to this Request as redundant to Request Nos. 5 and 7-9.  Finally, Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.

Plaintiffs stand on their objections.

***Requests Directed to Plaintiffs Heather Austin, PhD and Rachel Koe, M.D.***

**REQUEST FOR PRODUCTION NO. 10:**

All medical bills related to the allegations in your Complaint.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks mental health or medical records.  Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who causes any minor to receive transitioning medications to criminal penalties.  Documents called for in this Request are not relevant to the parties' claims or defenses; Dr. Koe's and Dr. Austin's billing has no relevance to any claims or defenses in this case.  Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, disproportionate to the needs of the case, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege.  Plaintiffs also object to term "medical bills" as undefined and vague and ambiguous.  Plaintiffs further object to this Request as calling for irrelevant, protected medical information of minor patients as irrelevant to this lawsuit.

Plaintiffs stand on their objections.

**REQUEST FOR PRODUCTION NO. 11:**

All patient intake forms used by you within the past 5 years.

**RESPONSE:**

Plaintiffs object to this Request to the extent the request calls for "[a]ll" patient intake forms used for treatment of any patients, whether or not those patients are minors seeking or receiving treatment for Gender Dysphoria. Plaintiffs further object to the use of the term "you" as undefined; without definition, it is unclear whether the Request seeks intake forms used individually by Dr. Austin or Dr. Koe, or if the Request seeks intake forms used generally by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in the past five years.

Subject to these objections, Plaintiffs will produce blank intake forms that Dr. Austin or Dr. Koe personally have used with minor patients seeking or receiving care related to Gender Dysphoria in the past five years.

**REQUEST FOR PRODUCTION NO. 12:**

All forms or Documents used by you to disclose to patients, potential patients, or parents or guardians of Minor patients, the risks of Puberty Blockers, Cross-sex Hormones, or Transitioning.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "you" as undefined; without definition, it is unclear whether the Request seeks forms or Documents used individually by Dr. Austin or Dr. Koe, or if the Request seeks forms used generally

by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers.  Plaintiffs further object that the Request is redundant to Request No. 13.  Plaintiffs further object that the Request is overly broad and disproportionate to the needs of this case, as it has no defined time range, and Drs. Austin and Koe have each practiced for decades.  Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients not involved in this lawsuit.  It also seeks documents that are irrelevant to the claims or defenses in this case.

Subject to these objections, Plaintiffs will produce responsive documents without specific patient information for the past five years as to Dr. Austin.  Plaintiffs also refer Defendants to the two UAB Patient Information for Informed Consent forms filed in this case at Dkt. No. 78-41 as responsive to this request.

As to Dr. Koe, no responsive documents exist.


**REQUEST FOR PRODUCTION NO. 13:**

All forms or Documents used by you to obtain, record, or memorialize informed consent for the administration of Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "you" as undefined; without definition, it is unclear whether the Request seeks forms or Documents used individually by Dr. Austin or Dr. Koe, or if the Request seeks forms used generally

by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers.  Plaintiffs further object that the Request is redundant to Request No. 12.  Plaintiffs further object that the Request is overly broad and disproportionate to the needs of this case, that the Request has no defined time range, and that the Request seeks information irrelevant to any claims or defenses in the case.  Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients not involved in this lawsuit.  Plaintiffs further object to the term "other Transitioning treatments" as undefined, vague, and ambiguous.

Subject to these objections, Plaintiffs will produce responsive documents related to informed consent for the administration of Puberty Blockers and Cross-sex Hormones, without specific patient information for the past five years, as to Dr. Austin.  Plaintiffs also refer Defendants to the two UAB Patient Information for Informed Consent forms filed in this case at Dkt. No. 78-41 as responsive to this request.

As to Dr. Koe, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 14:**

All forms or Documents used by you to provide information to patients, or the parents or guardians of patients, concerning any coverage by Medicaid or medical insurance carriers for the provision of Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "you" as undefined; without definition, it is unclear whether the Request seeks forms or Documents used individually by Dr. Austin or Dr. Koe, or if the Request seeks forms used generally by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers. Documents called for in this Request are not relevant to the parties' claims or defenses. Plaintiffs further object that the Request is overly broad and disproportionate to the needs of this case, as it has no defined time range, and Drs. Austin and Koe have each practiced for decades. Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients as irrelevant to this lawsuit. Plaintiffs further object to the term "other Transition treatments" as undefined, vague, and ambiguous.

Subject to these objections, Plaintiffs state that no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents containing, disclosing, or setting forth any of your policies concerning any requirement for a diagnosis of gender dysphoria, gender incongruence, or a related condition, before the administration of Puberty Blockers, Cross-Sex Hormones, or other Transitioning treatments.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "your policies" as undefined; without definition, it is unclear whether the Request seeks forms or Documents

related to policies individually of Dr. Austin or Dr. Koe, or if the Request seeks information related to policies generally held by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers.  Plaintiffs further object that the Request is redundant to Request No. 13.  Plaintiffs further object that the Request is overly broad, is disproportionate to the needs of this case, seeks information irrelevant to any claims or defenses, and has no defined time range. Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients as irrelevant to this lawsuit.  Plaintiffs further object to the term "other Transition treatments" as undefined, vague, and ambiguous. Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.

Subject to these objections, Plaintiffs will produce responsive documents without specific patient information for the past five years as to Dr. Austin.  Plaintiffs also refer Defendants to the two UAB Patient Information for Informed Consent forms filed in this case at Dkt. No. 78-41 as responsive to this request.

As to Dr. Koe, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 16:**

All documents containing, disclosing, or setting forth any information you provide to patients, or the parents or guardians of patients, concerning treatments for Gender Dysphoria or a Related Condition, other than the administration of Puberty Blockers or Cross-sex Hormones.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "you" as undefined; without definition, it is unclear whether the Request seeks documents used individually of Dr. Austin or Dr. Koe, or if the Request seeks documents generally used by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers.  Plaintiffs further object that the Request is redundant to Request Nos. 12 and 13.  Plaintiffs further object that the Request is overly broad and disproportionate to the needs of this case, as it has no defined time range, and Drs. Austin and Koe have each practiced for decades.  Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients as irrelevant to this lawsuit.  Plaintiffs further object to the use of the phrase "treatments for Gender Dysphoria or a Related Condition, other than the administration of Puberty Blockers or Cross-sex Hormones" as vague and ambiguous.  Relatedly, Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in

Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.

Subject to these objections, Plaintiffs will produce responsive documents without specific patient information for the past five years as to Dr. Austin.

As to Dr. Koe, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents containing, disclosing, or setting forth any of your policies concerning any requirement for counseling or other mental-health treatments before the administration of Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "your policies" as undefined; without definition, it is unclear whether the Request seeks forms or Documents related to policies individually of Dr. Austin or Dr. Koe, or if the Request seeks information related to policies generally held by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers. Plaintiffs further object that the Request is overly broad and disproportionate to the needs of this case, as it has no defined time range, and Drs. Austin and Koe have each practiced for decades. Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients as irrelevant to this lawsuit.

Subject to these objections, Plaintiffs will produce responsive documents without specific patient information for the past five years as to Dr. Austin.  Dr. Austin also refers Defendants to the WPATH Standards of Care filed in this case at Dkt. No. 78-17 as responsive to this request.

As to Dr. Koe, no responsive documents exist.


**REQUEST FOR PRODUCTION NO. 18:**

All Documents containing, disclosing, or setting forth any of your policies or procedures for requiring follow-up examinations of Minors who are receiving Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments, or who received Puberty Blockers, Cross-sex Hormones, or Transitioning treatments in the past.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "your policies" as undefined; without definition, it is unclear whether the Request seeks forms or Documents related to policies individually of Dr. Austin or Dr. Koe, or if the Request seeks information related to policies generally held by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers.  Plaintiffs further object that the Request is overly broad and disproportionate to the needs of this case, as it has no defined time range, and Drs. Austin and Koe have each practiced for decades.  Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients as irrelevant to this lawsuit.  Plaintiffs further object that the undefined term "follow up examinations" is vague and ambiguous

and interpret the term to refer to required monitoring by medical doctors during or after the administration of Puberty Blockers or Cross-Sex Hormones.

Subject to these objections, Plaintiffs will produce responsive documents without specific patient information for the past five years as to Dr. Austin. Plaintiffs also refer Defendants to the Endocrine Society Clinical Practice Guideline and WPATH Standards of Care filed in this case at Dkt. No. 78-14 and 78-17 as responsive to this request.

As to Dr. Koe, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents reflecting the results of any follow-up with patients or former patients who received Puberty Blockers, Cross-sex Hormones, or Transitioning treatments in the past.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks mental health or medical records. Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who causes any minor to receive transitioning medications to criminal penalties. Documents called for in this Request are not relevant to the parties' claims or defenses. Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege. Plaintiffs further object that the undefined term "follow-up" is vague and ambiguous.

22

Plaintiffs stand on their objections.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents reflecting any incidents of desistance or detransition— i.e., when a patient who has been diagnosed with Gender Dysphoria or a Related Condition is no longer gender dysphoric and/or no longer sought to Transition.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks mental health or medical records. Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who causes any minor to receive transitioning medications to criminal penalties. Documents called for in this Request are not relevant to the parties' claims or defenses. Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege. Plaintiffs further object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.

Subject to these objections, Plaintiffs will produce responsive documents in Dr. Austin's possession related to "desistance or detransition" generally but will not provide patient medical records or other patient-specific documents.

23

As to Dr. Koe, no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents reflecting any complaint or concern by a patient, former patient, or parent or guardian of a patient or former patient, regarding the treatment provided for gender dysphoria or a related condition.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks mental health or medical records. Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who causes any minor to receive transitioning medications to criminal penalties. Documents called for in this Request are not relevant to the parties' claims or defenses. Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege. Plaintiffs further object that the undefined terms "complaint" or "concern" are vague and ambiguous. The request is also overly broad because it seeks information related to treatments of adult patients for Gender Dysphoria. Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.

Plaintiffs stand on their objections.


**REQUEST FOR PRODUCTION NO. 22:**

All Documents reflecting how many, or rates of, patients who began Puberty Blockers went on to receive Cross-sex Hormones.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks mental health or medical records.  Plaintiffs' challenge on its face the constitutionality of the Act, a law that subjects anyone who causes any minor to receive transitioning medications to criminal penalties.  Documents called for in this Request are not relevant to the parties' claims or defenses.  Plaintiffs further object to the extent the Request is overly broad, unduly burdensome, unbounded as to the timeframe for materials sought, and seeks materials protected by the mental health provider-patient privilege.  Plaintiffs also object to the Request's use of the term "patients" as undefined; without definition, it is unclear whether the Request seeks information related to patients personally treated by Dr. Austin or Dr. Koe, or if the Request seeks information about patients more generally (i.e., groups of patients in an academic study or all patients treated by a medical practice or institution).

Subject to these objections, Plaintiffs will produce responsive documents in Dr. Austin's possession related to rates of adolescents with gender dysphoria who

take Hormone Blockers or Cross-Sex Hormones generally but will not provide

patient medical records or other patient-specific documents.

As to Dr. Koe, no responsive documents exist.


**REQUEST FOR PRODUCTION NO. 23:**

All Documents containing, disclosing, or setting forth any of your policies concerning mastectomies or other surgical interventions for Minors, which have the purpose of altering the Minor's body for the purpose of Transitioning.

**RESPONSE:**

Plaintiffs object that this Request seeks information irrelevant to this lawsuit

and disproportionate to the needs of the case, which does not involve surgical

interventions in minors for the purpose of transitioning.  Plaintiffs further object to

the Request's use of the term "your policies" as undefined; without definition, it is

unclear whether the Request seeks forms or Documents related to policies

individually of Dr. Austin or Dr. Koe, or if the Request seeks information related to

policies generally held by the medical practices or institutions where Dr. Austin or

Dr. Koe have practiced in their careers.  Plaintiffs further object that the Request is

overly broad, as it has no defined time range, and Drs. Austin and Koe have each

practiced for decades.  Plaintiffs object to this Request to the extent it seeks protected

and confidential medical information of minor patients not involved in this lawsuit.

Subject to these objections, Plaintiffs state that no documents exist because

neither Dr. Austin nor Dr. Koe have any involvement with transition surgeries

performed on minors.  Generally, Dr. Austin refers Defendants to the WPATH

Standards of Care filed in this case at Dkt. No. 78-17 as responsive to this request.


**REQUEST FOR PRODUCTION NO. 24:**

All Documents reflecting the aggregate number of your Minor patients who, in the past 5 years, received Puberty Blockers, Cross-sex Hormones, or other Transitioning treatments, either from your providers or elsewhere.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "your Minor patients" as

undefined; without definition, it is unclear whether the Request seeks information

related to patients personally treated by Dr. Austin or Dr. Koe, or if the Request

seeks information about patients treated by their medical practice or institution more

generally.  Documents sought by this request are not in the possession, custody, or

control of Dr. Koe or Dr. Austin.  Plaintiffs similarly object to the term "your

providers" as vague and ambiguous.  Plaintiffs object to this Request to the extent it

seeks protected and confidential medical information of minor patients as irrelevant

to this lawsuit.

Subject to these objections, Plaintiffs state no responsive documents exist.


**REQUEST FOR PRODUCTION NO. 25:**

All Documents reflecting Health Care Providers you refer patients to regarding Transitioning.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "you" as undefined; without definition, it is unclear whether the Request seeks documents used individually of Dr. Austin or Dr. Koe, or if the Request seeks documents generally used by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers. Plaintiffs further object that the Request is overly broad, as it has no defined time range, and Drs. Austin and Koe have each practiced for decades. Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients as irrelevant to this lawsuit. Plaintiffs further object to the use of the phrase "treatments for Gender Dysphoria or a Related Condition, other than the administration of Puberty Blockers or Cross-sex Hormones" as vague and ambiguous.

Subject to these objections, Plaintiffs state that they refer minor patients with gender dysphoria to UAB's gender clinic.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents regarding care or services offered by the Magic City Wellness Center related to Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object that the Request is overly broad, as it has no defined time range. Plaintiffs further object that the Request seeks information irrelevant to the

claims or defenses in this lawsuit and disproportionate to the needs of the case, as Magic City Wellness Center is not a party to this lawsuit.  Plaintiffs object that this Request is unduly burdensome on Dr. Koe and Dr. Austin, particularly in light of Defendants' service of a subpoena on the Magic City Center in this case.  Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.  Plaintiffs further object that the Request is overly broad, as it has no defined time range.

Subject to these objections, Plaintiffs will produce responsive documents without specific patient information for the past five years as to Dr. Austin.

As to Dr. Koe, no responsive documents exist.


**REQUEST FOR PRODUCTION NO. 27:**

All Documents regarding care or services offered by any other provider in Alabama, or whose services may be accessed by patients in Alabama, related to Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object that the Request is overly broad, as it has no defined time range.  Further, because this Request seeks information about healthcare providers that provide medical services that "may be accessed by patients in Alabama" related

to gender dysphoria, the request is also overly broad because it seeks information related to any healthcare provider in the country or the world that any transgender minor in Alabama "may" see for medical or mental healthcare related to Gender Dysphoria.  Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients as irrelevant to this lawsuit. Plaintiffs further object that the request seeks information irrelevant to the claims or defenses in this lawsuit and disproportionate to the needs of the case, including because it seeks information about healthcare treatment for gender dysphoria outside of Alabama.  Documents sought by this request are not in the possession, custody, or control of Dr. Koe or Dr. Austin.  Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria. Plaintiffs further object that the Request is overly broad, as it has no defined time range.

Subject to these objections, Plaintiffs will produce responsive documents without specific patient information for the past five years.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, including list-serv postings, emails, or message board postings, affiliated with the World Professional Association for Transgender Health ("WPATH") concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object that the Request is overly broad, as it has no defined time range.  Plaintiffs further object that the Request seeks message board postings and other documents that are publicly available and that are not in the possession, custody, or control of Dr. Koe or Dr. Austin.  Plaintiffs further object that the Request seeks information irrelevant to the claims or defenses in this lawsuit and that is disproportionate to the needs of the case.  Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.  Plaintiffs further object that the Request is overly broad, as it has no defined time range.

Subject to these objections, Plaintiffs will produce responsive documents for the past five years.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents, including list-serv postings, emails, or message board postings, affiliated with the United States Professional Association for Transgender Health ("USPATH") concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object that the Request is overly broad, as it has no defined time range. Plaintiffs further object that the Request seeks message board postings and other documents that are publicly available and that are not in the possession, custody, or control of Dr. Koe or Dr. Austin.  Plaintiffs further object that the Request seeks information irrelevant to the claims or defenses in this lawsuit that is disproportionate to the needs of the case.  Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.  Plaintiffs further object that the Request is overly broad, as it has no defined time range.

Subject to these objections, Plaintiffs state that no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents, including list-serv postings, emails, or message board postings, affiliated with the American Academy of Pediatrics ("AAP") concerning

Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object that the Request is overly broad, as it has no defined time range. Plaintiffs further object that the Request seeks message board postings and other documents that are publicly available and that are not in the possession, custody, or control of Dr. Koe and Dr. Austin. Plaintiffs further object that the Request seeks information irrelevant to the claims or defenses in this lawsuit that is disproportionate to the needs of the case, particularly in light of Defendants' service of a subpoena on AAP. Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria. Plaintiffs further object that the Request is overly broad, as it has no defined time range.

Subject to these objections, Plaintiffs will produce responsive documents for the past five years.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, including list-serv postings, emails, or message board postings, affiliated with the Endocrine Society concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

Plaintiffs object that the Request is overly broad, as it has no defined time range. Plaintiffs further object that the Request seeks message board postings and other documents that are publicly available and that are not in the possession, custody, or control of Dr. Koe or Dr. Austin.  Plaintiffs further object that the Request seeks information irrelevant to the claims or defenses in this lawsuit that is disproportionate to the needs in the case.  Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.  Plaintiffs further object that the Request is overly broad, as it has no defined time range.

Subject to these objections, Plaintiffs state that no responsive documents exist.


**REQUEST FOR PRODUCTION NO. 32:**

All Documents concerning the organizational stance regarding the treatment of Gender Dysphoria or a Related Condition from WPATH, USPATH, AAP, or the Endocrine Society.

**RESPONSE:**

Plaintiffs object that the Request is redundant to Request Nos. 27-31. Plaintiffs also object that the Request seeks documents that are publicly available

and that are not in the possession, custody, or control of Dr. Koe or Dr. Austin. Plaintiffs also object that the Request is overbroad, as it has no timeframe. Plaintiffs further object to the use of the term "organizational stance" as undefined, vague, and unintelligible. Plaintiffs object to the term "Related Condition" as defined because the definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria. If Defendants will clarify what documents or information they are seeking, Plaintiffs will endeavor to respond, subject to objections.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents concerning any conference related to Gender Dysphoria or a Related Condition that WPATH, USPATH, AAP, or the Endocrine Society has hosted.

**RESPONSE:**

Plaintiffs object that the Request is redundant to Request Nos. 27-31. Plaintiffs also object that the Request seeks documents that are publicly available and that are not in the possession, custody, or control of Dr. Koe or Dr. Austin. Plaintiffs also object that the Request is overbroad, as it has no timeframe. Documents called for in this Request are not relevant to the parties' claims or defenses. Plaintiffs object to the term "Related Condition" as defined because the

definition is inaccurate and seeking irrelevant information because the definition identifies "issues" and "diagnos[es]" outside the DSM-5 that would not be made by healthcare providers in Alabama, and because "transvestic fetishism" and "dual role transvestism" are not related to gender dysphoria.

Subject to these objections, Plaintiffs will produce responsive documents for the past five years that are in their possession or control.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents reflecting, regarding, or otherwise related to any data or financial impact analysis you have conducted to determine the projected number of Transitioning procedures which you or your clinic(s) would have to cancel, reject, or decline to perform as a result of the Act.

**RESPONSE:**

Plaintiffs object to the Request's use of the term "you" as undefined; without definition, it is unclear whether the Request seeks documents used individually of Dr. Austin or Dr. Koe, or if the Request seeks documents generally used by the medical practices or institutions where Dr. Austin or Dr. Koe have practiced in their careers. Documents called for in this Request are not relevant to the parties' claims or defenses. Plaintiffs further object that the Request is overly broad and disproportionate to the needs of this case, as it has no defined time range, and Drs. Austin and Koe have each practiced for decades. Plaintiffs object to this Request to the extent it seeks protected and confidential medical information of minor patients

not involved in this lawsuit.   Plaintiffs further object to the use of the phrase "Transitioning procedures" as vague and ambiguous.

Subject to these objections, Plaintiffs state that no responsive documents exist.

Dated: August 22, 2022                         Respectfully submitted,

/s/ Melody H. Eagan
--------------------------------------------
Melody H. Eagan                                Michael B. Shortnacy
Jeffrey P. Doss                                KING & SPALDING LLP
Amie A. Value                                  633 West Fifth Street, Suite 1600
LIGHTFOOT, FRANKLIN & WHITE                     Los Angeles, CA 90071
LLC                                            mshortnacy@kslaw.com
The Clark Building
400 20th Street North                          Asaf Orr
Birmingham, AL 35203                            NATIONAL CENTER FOR LESBIAN
meagan@lightfootlaw.com                         RIGHTS
jdoss@lightfootlaw.com                         870 Market Street, Suite 370
avague@lightfootlaw.com                        San Francisco, CA 94102
                                               aorr@nclrights.org
J. Andrew Pratt
Misty L. Peterson                              Sarah Warbelow
Adam Reinke                                    Cynthia Weaver
KING & SPALDING LLP                            HUMAN RIGHTS CAMPAIGN
1180 Peachtree Street Northeast, Suite          FOUNDATION
1600                                           1640 Rhode Island Ave., NW
Atlanta, GA 30309                              Washington, DC 20036
apratt@kslaw.com                               sarah.warbelow@hrc.org
mpeterson@kslaw.com                            cynthia.weaver@hrc.org
areinke@kslaw.com
                                               Jennifer L. Levi
Brent P. Ray                                   GLBTQ LEGAL ADVOCATES &
Abigail Hoverman Terry                          DEFENDERS
KING & SPALDING LLP                            18 Tremont, Suite 950
110 North Wacker Drive, Suite 3800             Boston, MA 02108
Chicago, IL 60606                              jlevi@glad.org
bray@kslaw.com

37

ahoverman@kslaw.com

Scott D. McCoy
SOUTHERN POVERTY LAW
CENTER
P.O. Box 12463
Miami, FL 33101
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW
CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

Jessica L. Stone
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

*Counsel for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2022, I caused to be sent via electronic mail the foregoing Initial Disclosures to the following counsel of record:

Coty Montag
Alyssa C. Lareau
Renee Williams
Kaitlyn Toyama
John Michael Powers
U.S. DEPARTMENT OF JUSTICE
Coty.Montag@usdoj.gov
Alyssa.Lareau@usdoj.gov
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov
john.powers@usdoj.gov

Jason R. Cheek
Margaret Lester Marshall
Lane Hines Woodke
U.S. ATTORNEY'S OFFICE
NORTHERN DISTRICT OF ALABAMA
jason.cheek@usdoj.gov
mmarshall2@usa.usdoj.gov
lane.woodke@usdoj.gov

Stephen D. Wadsworth
Sandra Jean Stewart
U.S. ATTORNEY'S OFFICE
MIDDLE DISTRICT OF ALABAMA
Stephen.Wadsworth@usdoj.gov
sandra.stewart@usdoj.gov

Elizabeth Prim Formby Escalona
MAYNARD COOPER & GALE, P.C.
pescalona@maynardcooper.com

*Counsel for Plaintiff-Intervenor*

Edmund G. LaCour Jr.
A. Barrett Bowdre
James W. Davis
Benjamin M. Seiss
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

Christopher E. Mills
Spero Law LLC
557 East Bay Street
Charleston, SC 29413
cmills@spero.law

John D. Ramer
Peter A. Patterson
Brian W. Barnes
David H. Thompson
COOPER & KIRK, PLLC
jramer@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
dthompson@cooperkirk

*Counsel for Defendants*

Respectfully submitted,
*/s/ Melody H. Eagan*
*Counsel for Plaintiffs*

**EXHIBIT 3**

**Bowdre, Barrett**

| | |
|---|---|
| **From:** | Brian Barnes <BBarnes@cooperkirk.com> |
| **Sent:** | Wednesday, January 4, 2023 2:51 PM |
| **To:** | Melody H. Eagan; Montag, Coty (CRT); Bowdre, Barrett; Adam Reinke; John Ramer |
| **Cc:** | Cheek, Jason (USAALN); LaCour, Edmund; Wilson, Thomas; Davis, Jim; Seiss, Ben; Christopher Mills; Pete Patterson; David Thompson; Jeffrey P. Doss; Amie A. Vague; AOrr; Jennifer Levi; Sarah Warbelow; Cynthia Weaver; Andy Pratt; Misty Peterson; Brent Ray; Abigail Terry; Michael Shortnacy; Scott McCoy; Diego Soto; Jessica Stone; Marshall, Margaret (USAALN); Williams, Renee (CRT); Toyama, Kaitlin (CRT); Murphy, Amie (CRT) |
| **Subject:** | RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- Follow up to 12/15 call |

---

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Hi Melody,

Thank you for your note, and I hope your new year is off to a great start. Unfortunately, I think we are at an impasse on the medical records issue. My email of December 20 explains our position about why it's essential that Plaintiffs produce mental health records and medical records that would reveal any side effects the private plaintiffs have experienced as a result of the medical treatments at issue. I've also attempted to articulate our position and explain why we see these records as critical to the case during multiple phone calls.

We're planning to tee this issue up for the Court in a motion that we anticipate filing around the end of the day tomorrow. But if you think there's room for further compromise or some other negotiated path forward, please let me know – we're of course happy to hop on another call before then to the extent that you think doing so might be productive.

Best regards,

Brian

---

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Monday, December 26, 2022 10:35 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <AReinke@KSLAW.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@KSLAW.com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Subject:** Re: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- Follow up to 12/15 call

Dear Brian,

I hope you had a nice Christmas.  With the holiday, I still need to confirm your proposals outlined in points 1-4 below are acceptable at this time to our team and counsel for the United States.  I believe we are close if not there, and  I will confirm as soon as I can with counsel for the United States, who I understand will be available on January 3 from your email communication with them.

As to #5 and following up on our discussions regarding the discoverability of the minor Plaintiffs' medical records, we maintain our initial offer of medical records concerning the Plaintiffs, outlined in my December 12 email.  Based on the claims in this case, however, we believe that offer is more than sufficient.

First, we are challenging the constitutionality of SB 184 to the extent that it prevents minors with gender dysphoria from getting the transitioning medications they need or could possibly need.  Our challenge has characteristics of a facial challenge (i.e., SB 184 is unconstitutional because on its face it prevents transgender minors with gender dysphoria from getting the transitioning medications they need or could possibly need) and an as-applied challenge (i.e., our Plaintiffs fall within that category).

Second, we maintain that the State does not need extensive medical records because the State's position has been that there are no circumstances where transitioning medications are justified for minors with gender dysphoria.  That's why the State passed a categorical ban and not something more narrowly tailored to its purported concerns of either individual misdiagnoses or individual harms from treatment.

Third, because of the State's position, it is irrelevant whether an individual minor has a correct diagnosis or particularized need because the State is saying there are no circumstances which can justify providing transitioning medications to a minor.  To support its professed interest in a categorical ban – as opposed to a case-by-case determination – the State doesn't need any medical records beyond what Plaintiffs have offered, which we think is already more than is required under Rule 26.

Fourth, if the State wants to change its position and argue that our Plaintiffs are misdiagnosed, that's irrelevant unless the State is conceding that the treatments are necessary or appropriate for minors who are properly diagnosed.  We have not understood the State to have made that concession, but please tell us if that is incorrect.

Finally, and related to the fourth point, if the State is trying to demonstrate that the harms to our individual Plaintiffs outweigh the benefits, that is also irrelevant because our understanding is the State's case is that the harms always outweigh the benefits and that the only justified treatment is psychotherapy – hence, a categorical ban rather than a case-by-case determination.

Please let me know if you would like to discuss further.  I am out for the rest of this week on a family vacation, but I will be back on January 3.

Hope you have a happy New Year!

Best,
Melody



**Melody H. Eagan**
Attorney



205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

 Confidentiality Notice

**lightfootlaw.com**



---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Date:** Tuesday, December 20, 2022 at 7:21 AM
**To:** Melody Eagan <meagan@lightfootlaw.com>, "Montag, Coty (CRT)" <Coty.Montag@usdoj.gov>, "Bowdre, Barrett" <Barrett.Bowdre@AlabamaAG.gov>, Adam Reinke <AReinke@KSLAW.com>, John Ramer <jramer@cooperkirk.com>
**Cc:** "Cheek, Jason (USAALN)" <Jason.Cheek@usdoj.gov>, "LaCour, Edmund" <Edmund.LaCour@AlabamaAG.gov>, "Wilson, Thomas" <Thomas.Wilson@AlabamaAG.gov>, "Davis, Jim" <Jim.Davis@AlabamaAG.gov>, "Seiss, Ben" <Ben.Seiss@AlabamaAG.gov>, Christopher Mills <cmills@spero.law>, Pete Patterson <ppatterson@cooperkirk.com>, David Thompson <dthompson@cooperkirk.com>, Jeffrey Doss <jdoss@lightfootlaw.com>, "Amie A. Vague" <avague@lightfootlaw.com>, AOrr <Aorr@nclrights.Org>, Jennifer Levi <Jlevi@glad.Org>, Sarah Warbelow <Sarah.Warbelow@hrc.Org>, Cynthia Weaver <cynthia.Weaver@hrc.Org>, Andy Pratt <Apratt@kslaw.Com>, Misty Peterson <Mpeterson@kslaw.Com>, Brent Ray <Bray@kslaw.Com>, Abigail Terry <ATerry@kslaw.com>, Michael Shortnacy <MShortnacy@KSLAW.com>, Scott McCoy <Scott.Mccoy@splcenter.Org>, Diego Soto <Diego.Soto@splcenter.Org>, Jessica Stone <Jessica.Stone@splcenter.Org>, "Marshall, Margaret (USAALN)" <Margaret.Marshall@usdoj.gov>, "Williams, Renee (CRT)" <Renee.Williams3@usdoj.gov>, "Toyama, Kaitlin (CRT)" <Kaitlin.Toyama@usdoj.gov>, "Murphy, Amie (CRT)" <Amie.Murphy2@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- Follow up to 12/15 call

CAUTION: External Sender.

Melody,

Thank you to you and your team for speaking with us on Thursday regarding each side's respective requests for production. I believe we are making progress but that we each have a few loose ends to tie up.

1. <u>Documents That May Be Used</u>: With respect to your discovery requests, our understanding from the call was that, for RFPs 4, 19, 22, 24, 28, and 30, plaintiffs are only seeking disclosure of documents that defendants may use to support their defenses. And more specifically, it seemed your concern was about the timing of that disclosure. We agree that each side should disclose documents it may use to support its claims or defenses, and we also agree that both sides should produce such documents before the end of fact discovery to the extent that such materials are already in their possession. We anticipate being able to produce most if not all documents responsive to these requests currently in our possession by the end of January.

3

2. <u>Third-Party Subpoenas</u>: Relatedly, you raised the issue of disclosing documents received in response to third-party subpoenas. I can represent that we've received none so far. But we agree to your proposal that parties must disclose these documents within seven days of receipt assuming that the party receives the documents in a form that can be easily forwarded. In the event a party receives hardcopy documents or something that cannot be easily forwarded, the parties agree to notify the other within seven days of receipt and attempt to forward the documents within a reasonable time.

3. <u>"Complaints"</u>: We had discussed the issues of complaints submitted to the Attorney General's office. Specifically, for RFPs 3 and 16, you had explained that you could not agree to search in the particular email inbox we proposed unless you knew that is where the relevant complaints would be found. As I stated on the call, any relevant complaints would be found in that particular email inbox if submitted electronically. And if a complaint was submitted by regular mail, there are two places where those complaints would be held, and we agree to search for complaints there as well.

4. <u>Defendants' Custodians</u>: As we explained on the call, we maintain our position that it would be disproportional to the needs of the case to search ESI held by attorneys at the Attorney General's office. The burden of logging all privileged responsive documents found in an attorney's ESI vastly outweighs the likelihood of finding any non-privileged relevant information.

5. <u>Plaintiffs' Medical Records</u>: On the call, we stated that we could not agree to your proposed limitation with respect to plaintiffs' medical records. In particular, we noted that the medical records relevant to Plaintiffs' as-applied challenges would go well beyond the records listed in your proposal. For example, a central issue in this case is whether the use of these treatments can be justified given the risk of harm. The known harms caused by puberty blockers include greater risks of diminished bone density, cognitive impairment, infertility, mood changes (including depression, suicidal ideation, and irritability), and pseudotumor cerebri. For males, the known harms caused by cross-sex hormones include increased risk of thromboembolic disease, cholelithiasis, coronary artery disease, macroprolactinoma, cerebrovascular disease, hypertriglyceridemia, breast cancer, infertility, pulmonary embolism, stroke, heart attack, diabetes, prolactinomas, and loss of sexual function. For females, the known harms include increased risk of erythrocytosis, thrombophlebitis, liver dysfunction, coronary artery disease, depression, hypertension, infertility, loss of sexual function, mood disorders, weight gain, stroke, insulin resistance, vaginal atrophy, swelling of hands, feet, and legs, and breast, cervical, and uterine cancers. Thus, medical records related to potential side effects of these treatments are highly relevant to the case.

We also discussed the Plaintiffs' mental health records and, again, we think these are highly relevant to Plaintiffs' as-applied challenges. It is critical to know the Plaintiffs' history of gender expression and identity; if they have suffered from mental health comorbidities, such as anxiety, depression, ADHD, and autism; whether they experienced and were treated for past psychiatric illness or trauma; and what their school, community, and family environments are and have been like. There are several reasons for this. As just one example, the WPATH standards recommend a "comprehensive biopsychosocial assessment" (SOC8 at S48), which necessarily entails a "360"-degree understanding of the patient (as Dr. Hawkins put it at the PI hearing). Thus, these medical records, including mental health records, would demonstrate the process that medical and healthcare professionals undertook before diagnosing Plaintiffs with gender dysphoria and prescribing puberty blockers or cross-sex hormones. The comprehensiveness of this process is relevant to Plaintiffs' claims. In addition, there is some literature suggesting that, if transitioning treatments are permissible at all, they should be offered only after other mental health issues are resolved. There is also a risk that autism (or other mental health issues) can be misdiagnosed as gender dysphoria, meaning that treatments for gender dysphoria were completely unnecessary in the first place. In short, we think all of Plaintiffs' mental healthcare records are relevant to the as-applied challenge.

Best regards,

4

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Monday, December 19, 2022 5:06 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <AReinke@KSLAW.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@KSLAW.com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Subject:** Re: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- Follow up to 12/15 call

Dear Brian,

Following up on our call last week, Plaintiffs (both Private Plaintiffs and the United States) will agree at this time to limit the scope of RFPs 4, 19 22, 24, and 28 to responsive materials that the Defendants may or will rely upon or use in connection with this litigation.  We have previously agreed to Barrett's proposal for RFP 29 and 31.  I believe Defendants have agreed verbally to production of materials in response to RFP 30; please correct me if I am wrong.  We look forward to receiving clarification today regarding RFPs 3, 14, 15, and 16 and the scope of defendants' proposed search.

The timeline for production of Defendants' responsive documents is still pending; I refer Defendants back to the timeline proposed in my December 12 email, as I think that is a workable proposal and look forward to receiving your response.

Second, Private Plaintiffs plan to produce the materials that we agreed to produce in our written responses to Defendants' Request for Production before the end of January and are aiming to produce them by mid-January.  We still need to work through the medical records issue; I will be getting you an email later this week regarding that topic.

Finally, I attach a redlined version of the ESI protocol for your consideration. This draft includes suggestions by both Private Plaintiffs and the United States.

Please let me know if you have any questions, and happy holidays!

Best,
Melody



**Melody H. Eagan**
Attorney



205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

 Confidentiality Notice

**lightfootlaw.com**



**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Date:** Tuesday, December 13, 2022 at 10:35 AM
**To:** Melody Eagan <meagan@lightfootlaw.com>, "Montag, Coty (CRT)" <Coty.Montag@usdoj.gov>, "Bowdre, Barrett" <Barrett.Bowdre@AlabamaAG.gov>, Adam Reinke <AReinke@KSLAW.com>, John Ramer <jramer@cooperkirk.com>
**Cc:** "Cheek, Jason (USAALN)" <Jason.Cheek@usdoj.gov>, "LaCour, Edmund" <Edmund.LaCour@AlabamaAG.gov>, "Wilson, Thomas" <Thomas.Wilson@AlabamaAG.gov>, "Davis, Jim" <Jim.Davis@AlabamaAG.gov>, "Seiss, Ben" <Ben.Seiss@AlabamaAG.gov>, Christopher Mills <cmills@spero.law>, Pete Patterson <ppatterson@cooperkirk.com>, David Thompson <dthompson@cooperkirk.com>, Jeffrey Doss <jdoss@lightfootlaw.com>, "Amie A. Vague" <avague@lightfootlaw.com>, AOrr <Aorr@nclrights.Org>, Jennifer Levi <Jlevi@glad.Org>, Sarah Warbelow <Sarah.Warbelow@hrc.Org>, Cynthia Weaver <cynthia.Weaver@hrc.Org>, Andy Pratt <Apratt@kslaw.Com>, Misty Peterson <Mpeterson@kslaw.Com>, Brent Ray <Bray@kslaw.Com>, Abigail Terry <ATerry@kslaw.com>, Michael Shortnacy <MShortnacy@KSLAW.com>, Scott McCoy <Scott.Mccoy@splcenter.Org>, Diego Soto <Diego.Soto@splcenter.Org>, Jessica Stone <Jessica.Stone@splcenter.Org>, "Marshall, Margaret (USAALN)" <Margaret.Marshall@usdoj.gov>, "Williams, Renee (CRT)" <Renee.Williams3@usdoj.gov>, "Toyama, Kaitlin (CRT)" <Kaitlin.Toyama@usdoj.gov>, "Murphy, Amie (CRT)" <Amie.Murphy2@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- Discovery Proposals

**CAUTION:** External Sender.

Hi Melody,

6

Thank you for your note. Is there a time on Thursday or Friday when we could schedule a call to discuss some of the issues below? Any time on either day would work on our end.

Best regards,

Brian

---

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Monday, December 12, 2022 4:17 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <areinke@kslaw.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <aorr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <apratt@kslaw.com>; Misty Peterson <mpeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <mshortnacy@kslaw.com>; Scott McCoy <scott.mccoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <jessica.stone@splcenter.org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Subject:** Re: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- Discovery Proposals

Dear Brian and Barrett,

Following up on our call last week, I write to convey a written offer on behalf of the Private Plaintiffs and the United States (collectively, "Plaintiffs"), to address the issues related to Defendants' responses to Plaintiffs' RFPs, as well as Defendants' discovery requests seeking medical records for the minor Private Plaintiffs.  I include some additional aspects relating to Defendants' responses to the RFPs not specifically discussed during the call, although I believe they are still generally within the spirit of the concepts we discussed.

Plaintiffs' RFPs:  First, thank you for Barrett's November 4, 2022 offer to produce a limited subset of materials in response to Plaintiffs' RFPs. We agree to Barrett's proposal for RFPs 29 and 31. We also appreciate your willingness to search certain accounts in response to RFPs 3, 14, 15, and 16, but cannot agree to limit our requests to those listed accounts without additional information.  For example, for RFPs 3 and 16, we do not have information on how constituents typically communicate or file complaints with the Attorney General's Office. If written complaints are received by the AG's Office, we believe we are entitled to copies of those communications in response to these requests.  We welcome further discussion about these four RFPs.

Plaintiffs also ask that Defendants provide complete responses (with proposed limitations as noted) to:

- RFP 4: Limited to responsive materials regarding puberty blocking medications and hormone replacement therapy (including testosterone and estrogen) that Defendants may use to support their case,
- RFP 19: Limited to the claims pending in the case at this point, which are Due Process and Equal Protection,
- RFP 22,
- RFP 24: Limited to responsive materials that Defendants may use to support their case,
- RFP 28, and
- RFP 30.

Non-privileged responsive documents to these requests that are in the possession, custody or control of Defendants or their counsel should be produced now.  In the case of documents received from non-party subpoenas that are

responsive to RFP 30 or the other RFPs referenced above, the parties can agree to produce the documents within an agreed time after receipt (we suggest seven days after receipt).  To the extent any responsive documents are relied upon by experts but not in the possession of the Defendants or their counsel at this time, the parties shall disclose such materials in accordance with the requirements of Fed. R. Civ. P. 26(a)(2)(B).  If experts are deposed, the parties agree to produce expert files a certain number of days before the deposition, such as seven days (one week).  Of course, to the extent Defendants obtain any other materials responsive to these requests outside of these categories, Defendants would need to supplement their document production in a timely fashion, in accordance with the Federal Rules.  We also ask that to the extent that Defendants withhold documents from production responsive to RFPs 4, 19, 22, 24, 28 and 30 based upon a claimed privilege, a privilege log be produced in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

Medical Records:  To resolve the State's discovery requests concerning medical records for minor plaintiffs, private plaintiffs will agree to produce the following categories of medical records:

(1) medical records that reflect an evaluation and diagnosis of gender dysphoria for each of the minor plaintiffs;
(2) medical records that assess the medical need for treatment of gender dysphoria for each of the minor plaintiffs; and
(3) medical records that reflect the provision of medical treatment for gender dysphoria and ongoing monitoring and evaluation of the condition for each of the minor plaintiffs.

As to your request regarding documents relating to "co-morbidities" of gender dysphoria or purported side effects of treatments, we believe it would be beneficial to obtain concrete specifics of the conditions about which you seek medical records, which may help us reach an agreement about scope of production with certain temporal limitations.

To ensure that no irrelevant medical records are produced, private plaintiffs propose the following procedure:

(1) For Records in Private Plaintiffs' Possession: private plaintiffs' lawyers have obtained copies of medical records for the minor plaintiffs and will produce those medical records that fall within the three categories above; and

(2) For Additional Records: if the State wishes to obtain additional medical records for the minor plaintiffs, the State will provide the name of the medical provider to private plaintiffs' counsel who (a) will obtain copies of the medical records (through authorization or subpoena), (b) will redact any information that does not fall within the three categories above, and (c) will produce copies of the redacted medical records to the State.  The State will agree not to issue subpoenas for medical records so that the parties can avoid needless motion practice.

Lastly, I have been asked to convey that the Department of Justice is open to discussing whether, in the interest of compromise and efficiency, there are specific documents from agencies other than the Department that may be produced and desires a better understanding of what Defendants are seeking.

Please let us know some days and times that work for you to discuss this proposal, as well as the items outlined in this email where further discussion/clarification is desired.  We look forward to hearing from you, and I hope that we can resolve these issues without Court intervention.

Best,
Melody



**Melody H. Eagan**
Attorney



205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

  Confidentiality Notice

**lightfootlaw.com**

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Date:** Friday, December 9, 2022 at 7:13 AM
**To:** "Montag, Coty (CRT)" <Coty.Montag@usdoj.gov>, Melody Eagan <meagan@lightfootlaw.com>, "Bowdre, Barrett" <Barrett.Bowdre@AlabamaAG.gov>, Adam Reinke <areinke@kslaw.com>, John Ramer <jramer@cooperkirk.com>
**Cc:** "Cheek, Jason (USAALN)" <Jason.Cheek@usdoj.gov>, "LaCour, Edmund" <Edmund.LaCour@AlabamaAG.gov>, "Wilson, Thomas" <Thomas.Wilson@AlabamaAG.gov>, "Davis, Jim" <Jim.Davis@AlabamaAG.gov>, "Seiss, Ben" <Ben.Seiss@AlabamaAG.gov>, Christopher Mills <cmills@spero.law>, Pete Patterson <ppatterson@cooperkirk.com>, David Thompson <dthompson@cooperkirk.com>, Jeffrey Doss <jdoss@lightfootlaw.com>, "Amie A. Vague" <avague@lightfootlaw.com>, AOrr <aorr@nclrights.org>, Jennifer Levi <jlevi@glad.org>, Sarah Warbelow <sarah.warbelow@hrc.org>, Cynthia Weaver <cynthia.weaver@hrc.org>, Andy Pratt <apratt@kslaw.com>, Misty Peterson <mpeterson@kslaw.com>, Brent Ray <bray@kslaw.com>, Abigail Terry <ATerry@kslaw.com>, Michael Shortnacy <mshortnacy@kslaw.com>, Scott McCoy <scott.mccoy@splcenter.org>, Diego Soto <diego.soto@splcenter.org>, Jessica Stone <jessica.stone@splcenter.org>, "Marshall, Margaret (USAALN)" <Margaret.Marshall@usdoj.gov>, "Williams, Renee (CRT)" <Renee.Williams3@usdoj.gov>, "Toyama, Kaitlin (CRT)" <Kaitlin.Toyama@usdoj.gov>, "Murphy, Amie (CRT)" <Amie.Murphy2@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- ESI Protocol

CAUTION: External Sender.

Hi Everyone,

I'm writing to follow up on our call of last week on various discovery issues. The parties have been negotiating over these issues for several months now, and we think it's important to bring these negotiations to a close one way or another by the end of the year so that we can take any unresolvable disputes to the Court in a timely fashion.

In terms of Defendants' discovery obligations, we are broadly amenable to what we understood the plaintiffs to propose during our last call. That said, and as we also discussed during the call, it would be very helpful to see the proposal in writing so that we can fully assess it and work through any remaining issues.

During last week's call, we also asked whether the United States will stand by its position that it will not use document custodians outside the Department of Justice when searching for documents responsive to our requests. While we're

open to a broader discussion about custodians, we continue to think that it's critical for the United States to use custodians in agencies that actually work on the scientific and medical issues that are in dispute. To the extent the United States is unwilling to yield on this issue, we would like to know sooner rather than later so that we can tee the question up for the Court.

Finally, there is the private plaintiffs' proposal on which medical records they will produce. As with the proposal on our discovery obligations, it would be very helpful to see this proposal in writing so that we can fully assess it. But one question we have is whether the proposal would include production of materials relating to comorbidities with gender dysphoria (e.g., depression, autism, etc.). We aren't sure from last week's call whether the private plaintiffs propose to produce such materials and are hoping they can clarify that point. Relatedly, we aren't sure whether the private plaintiffs propose to produce medical records and other information that could reveal side effects of the drugs at issue in this case (e.g., bone density scans). On that point as well, clarification would be helpful.

Please respond to this note by Monday (December 12). Given the approaching holidays and the schedule in this case, we think it's critical to make headway on these issues over the next couple of weeks.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Montag, Coty (CRT) <Coty.Montag@usdoj.gov>
**Sent:** Friday, December 2, 2022 6:04 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <areinke@kslaw.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <aorr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <apratt@kslaw.com>; Misty Peterson <mpeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <mshortnacy@kslaw.com>; Scott McCoy <scott.mccoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <jessica.stone@splcenter.org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- ESI Protocol

Thanks, Brian. I am adding Amie Murphy to this email chain and removing Alyssa Lareau and the incorrect email address for Stephen Wadsworth.

Have a nice weekend.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 2, 2022 5:56 PM
**To:** Melody H. Eagan <meagan@lightfootlaw.com>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <areinke@kslaw.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>;

David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <aorr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <apratt@kslaw.com>; Misty Peterson <mpeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <mshortnacy@kslaw.com>; Scott McCoy <scott.mccoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <jessica.stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** [EXTERNAL] Boe v. Marshall, No. 22-184 (M.D. Ala.) -- ESI Protocol

Hi Everyone,

As discussed during our call earlier this afternoon, please find attached a proposed ESI protocol.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Brian Barnes
**Sent:** Monday, November 28, 2022 4:59 PM
**To:** Melody H. Eagan <meagan@lightfootlaw.com>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <areinke@kslaw.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <aorr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <apratt@kslaw.com>; Misty Peterson <mpeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <mshortnacy@kslaw.com>; Scott McCoy <scott.mccoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <jessica.stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

Hi Melody,

3.30pm Central on Friday works for us. See below for a dial-in number everyone can use at the new time.

Best regards,

Brian


Date:          Friday, December 2, 2022
Time:          4:30 PM EST / 3:30 PM CT
Dial-in No.:   +1 800-567-5900
Access code:   2359207

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Monday, November 28, 2022 4:47 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <areinke@kslaw.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <aorr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <apratt@kslaw.com>; Misty Peterson <mpeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <mshortnacy@kslaw.com>; Scott McCoy <scott.mccoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <jessica.stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.gov
**Subject:** Re: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

Dang it, Brian, I just realized that Jeff can't do 2:00.  Can you do 3:30 p.m. Friday?  I would like to have Jeff on the phone, as he was involved with the last call.



**Melody H. Eagan**
Attorney



205-581-0700 main          The Clark Building
205-581-0777 direct        400 20th Street North
205-581-0799 fax           Birmingham, AL 35203
meagan@lightfootlaw.com

 Confidentiality Notice

**lightfootlaw.com**



**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Date:** Monday, November 28, 2022 at 3:34 PM
**To:** Melody Eagan <meagan@lightfootlaw.com>, "Bowdre, Barrett" <Barrett.Bowdre@AlabamaAG.gov>, Adam Reinke <areinke@kslaw.com>, John Ramer <jramer@cooperkirk.com>
**Cc:** "Cheek, Jason (USAALN)" <Jason.Cheek@usdoj.gov>, "LaCour, Edmund" <Edmund.LaCour@AlabamaAG.gov>, "Wilson, Thomas" <Thomas.Wilson@AlabamaAG.gov>, "Davis, Jim"

<[Jim.Davis@AlabamaAG.gov](mailto:Jim.Davis@AlabamaAG.gov)>, "Seiss, Ben" <[Ben.Seiss@AlabamaAG.gov](mailto:Ben.Seiss@AlabamaAG.gov)>, Christopher Mills <[cmills@spero.law](mailto:cmills@spero.law)>, Pete Patterson <[ppatterson@cooperkirk.com](mailto:ppatterson@cooperkirk.com)>, David Thompson <[dthompson@cooperkirk.com](mailto:dthompson@cooperkirk.com)>, Jeffrey Doss <[jdoss@lightfootlaw.com](mailto:jdoss@lightfootlaw.com)>, "Amie A. Vague" <[avague@lightfootlaw.com](mailto:avague@lightfootlaw.com)>, AOrr <[aorr@nclrights.org](mailto:aorr@nclrights.org)>, Jennifer Levi <[jlevi@glad.org](mailto:jlevi@glad.org)>, Sarah Warbelow <[sarah.warbelow@hrc.org](mailto:sarah.warbelow@hrc.org)>, Cynthia Weaver <[cynthia.weaver@hrc.org](mailto:cynthia.weaver@hrc.org)>, Andy Pratt <[apratt@kslaw.com](mailto:apratt@kslaw.com)>, Misty Peterson <[mpeterson@kslaw.com](mailto:mpeterson@kslaw.com)>, Brent Ray <[bray@kslaw.com](mailto:bray@kslaw.com)>, Abigail Terry <[ATerry@kslaw.com](mailto:ATerry@kslaw.com)>, Michael Shortnacy <[mshortnacy@kslaw.com](mailto:mshortnacy@kslaw.com)>, Scott McCoy <[scott.mccoy@splcenter.org](mailto:scott.mccoy@splcenter.org)>, Diego Soto <[diego.soto@splcenter.org](mailto:diego.soto@splcenter.org)>, Jessica Stone <[jessica.stone@splcenter.org](mailto:jessica.stone@splcenter.org)>, "Montag, Coty (CRT)" <[Coty.Montag@usdoj.gov](mailto:Coty.Montag@usdoj.gov)>, "Marshall, Margaret (USAALN)" <[Margaret.Marshall@usdoj.gov](mailto:Margaret.Marshall@usdoj.gov)>, "Lareau, Alyssa (CRT)" <[Alyssa.Lareau@usdoj.gov](mailto:Alyssa.Lareau@usdoj.gov)>, "Williams, Renee (CRT)" <[Renee.Williams3@usdoj.gov](mailto:Renee.Williams3@usdoj.gov)>, "Toyama, Kaitlin (CRT)" <[Kaitlin.Toyama@usdoj.gov](mailto:Kaitlin.Toyama@usdoj.gov)>, "[stephen.wadsworth@usdoj.com](mailto:stephen.wadsworth@usdoj.com)" <[stephen.wadsworth@usdoj.com](mailto:stephen.wadsworth@usdoj.com)>
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

**CAUTION: External Sender.**

Thanks, Melody. 2pm Central on Friday works for us. I'll send around a dial-in number that everyone can use at that time.

Best regards,

Brian

---

**From:** Melody H. Eagan <[meagan@lightfootlaw.com](mailto:meagan@lightfootlaw.com)>
**Sent:** Monday, November 28, 2022 4:31 PM
**To:** Brian Barnes <[BBarnes@cooperkirk.com](mailto:BBarnes@cooperkirk.com)>; Bowdre, Barrett <[Barrett.Bowdre@AlabamaAG.gov](mailto:Barrett.Bowdre@AlabamaAG.gov)>; Adam Reinke <[areinke@kslaw.com](mailto:areinke@kslaw.com)>; John Ramer <[jramer@cooperkirk.com](mailto:jramer@cooperkirk.com)>
**Cc:** Cheek, Jason (USAALN) <[Jason.Cheek@usdoj.gov](mailto:Jason.Cheek@usdoj.gov)>; LaCour, Edmund <[Edmund.LaCour@AlabamaAG.gov](mailto:Edmund.LaCour@AlabamaAG.gov)>; Wilson, Thomas <[Thomas.Wilson@AlabamaAG.gov](mailto:Thomas.Wilson@AlabamaAG.gov)>; Davis, Jim <[Jim.Davis@AlabamaAG.gov](mailto:Jim.Davis@AlabamaAG.gov)>; Seiss, Ben <[Ben.Seiss@AlabamaAG.gov](mailto:Ben.Seiss@AlabamaAG.gov)>; Christopher Mills <[cmills@spero.law](mailto:cmills@spero.law)>; Pete Patterson <[ppatterson@cooperkirk.com](mailto:ppatterson@cooperkirk.com)>; David Thompson <[dthompson@cooperkirk.com](mailto:dthompson@cooperkirk.com)>; Jeffrey P. Doss <[jdoss@lightfootlaw.com](mailto:jdoss@lightfootlaw.com)>; Amie A. Vague <[avague@lightfootlaw.com](mailto:avague@lightfootlaw.com)>; AOrr <[aorr@nclrights.org](mailto:aorr@nclrights.org)>; Jennifer Levi <[jlevi@glad.org](mailto:jlevi@glad.org)>; Sarah Warbelow <[sarah.warbelow@hrc.org](mailto:sarah.warbelow@hrc.org)>; Cynthia Weaver <[cynthia.weaver@hrc.org](mailto:cynthia.weaver@hrc.org)>; Andy Pratt <[apratt@kslaw.com](mailto:apratt@kslaw.com)>; Misty Peterson <[mpeterson@kslaw.com](mailto:mpeterson@kslaw.com)>; Brent Ray <[bray@kslaw.com](mailto:bray@kslaw.com)>; Abigail Terry <[ATerry@kslaw.com](mailto:ATerry@kslaw.com)>; Michael Shortnacy <[mshortnacy@kslaw.com](mailto:mshortnacy@kslaw.com)>; Scott McCoy <[scott.mccoy@splcenter.org](mailto:scott.mccoy@splcenter.org)>; Diego Soto <[diego.soto@splcenter.org](mailto:diego.soto@splcenter.org)>; Jessica Stone <[jessica.stone@splcenter.org](mailto:jessica.stone@splcenter.org)>; Montag, Coty (CRT) <[Coty.Montag@usdoj.gov](mailto:Coty.Montag@usdoj.gov)>; Marshall, Margaret (USAALN) <[Margaret.Marshall@usdoj.gov](mailto:Margaret.Marshall@usdoj.gov)>; Lareau, Alyssa (CRT) <[Alyssa.Lareau@usdoj.gov](mailto:Alyssa.Lareau@usdoj.gov)>; Williams, Renee (CRT) <[Renee.Williams3@usdoj.gov](mailto:Renee.Williams3@usdoj.gov)>; Toyama, Kaitlin (CRT) <[Kaitlin.Toyama@usdoj.gov](mailto:Kaitlin.Toyama@usdoj.gov)>; [stephen.wadsworth@usdoj.com](mailto:stephen.wadsworth@usdoj.com)
**Subject:** Re: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

Brian,

I hope you and your team had a nice Thanksgiving as well. After comparing our schedules, we could do Friday at 2:00 Central. Does that work?

Thanks,
Melody



**Melody H. Eagan**
Attorney



205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

 Confidentiality Notice

**lightfootlaw.com**



**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Date:** Monday, November 28, 2022 at 10:26 AM
**To:** Melody Eagan <meagan@lightfootlaw.com>, "Bowdre, Barrett" <Barrett.Bowdre@AlabamaAG.gov>, Adam Reinke <areinke@kslaw.com>, John Ramer <jramer@cooperkirk.com>
**Cc:** "Cheek, Jason (USAALN)" <Jason.Cheek@usdoj.gov>, "LaCour, Edmund" <Edmund.LaCour@AlabamaAG.gov>, "Wilson, Thomas" <Thomas.Wilson@AlabamaAG.gov>, "Davis, Jim" <Jim.Davis@AlabamaAG.gov>, "Seiss, Ben" <Ben.Seiss@AlabamaAG.gov>, Christopher Mills <cmills@spero.law>, Pete Patterson <ppatterson@cooperkirk.com>, David Thompson <dthompson@cooperkirk.com>, Jeffrey Doss <jdoss@lightfootlaw.com>, "Amie A. Vague" <avague@lightfootlaw.com>, AOrr <aorr@nclrights.org>, Jennifer Levi <jlevi@glad.org>, Sarah Warbelow <sarah.warbelow@hrc.org>, Cynthia Weaver <cynthia.weaver@hrc.org>, Andy Pratt <apratt@kslaw.com>, Misty Peterson <mpeterson@kslaw.com>, Brent Ray <bray@kslaw.com>, Abigail Terry <ATerry@kslaw.com>, Michael Shortnacy <mshortnacy@kslaw.com>, Scott McCoy <scott.mccoy@splcenter.org>, Diego Soto <diego.soto@splcenter.org>, Jessica Stone <jessica.stone@splcenter.org>, "Montag, Coty (CRT)" <Coty.Montag@usdoj.gov>, "Marshall, Margaret (USAALN)" <Margaret.Marshall@usdoj.gov>, "Lareau, Alyssa (CRT)" <Alyssa.Lareau@usdoj.gov>, "Williams, Renee (CRT)" <Renee.Williams3@usdoj.gov>, "Toyama, Kaitlin (CRT)" <Kaitlin.Toyama@usdoj.gov>, "stephen.wadsworth@usdoj.com" <stephen.wadsworth@usdoj.com>
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

CAUTION: External Sender.

Hi Melody,

I hope you had a nice Thanksgiving. We're available for another call on the outstanding discovery issues any time tomorrow, Thursday morning, or any time on Friday. Please let us know when would work best on your end.

Best regards,

Brian

---

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Friday, November 18, 2022 4:42 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <areinke@kslaw.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <aorr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <apratt@kslaw.com>; Misty Peterson <mpeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <mshortnacy@kslaw.com>; Scott McCoy <scott.mccoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <jessica.stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.gov
**Subject:** Re: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

Brian,

My apologies for the delayed response. With the holidays and folks being off (including me), next week is a problem for our team. Let's look to the following week, the week of November 28. What works for you that week? If you send us available dates, we will get with DOJ and figure out a time that works for you and the folks essential to the call.

Thanks, and have a nice Thanksgiving holiday.

Best,
Melody



**Melody H. Eagan**
Attorney



205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

 Confidentiality Notice

**lightfootlaw.com**



**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Date:** Friday, November 18, 2022 at 2:15 PM
**To:** Melody Eagan <meagan@lightfootlaw.com>, "Bowdre, Barrett" <Barrett.Bowdre@AlabamaAG.gov>, Adam Reinke <areinke@kslaw.com>, John Ramer <jramer@cooperkirk.com>
**Cc:** "Cheek, Jason (USAALN)" <Jason.Cheek@usdoj.gov>, "LaCour, Edmund" <Edmund.LaCour@AlabamaAG.gov>, "Wilson, Thomas" <Thomas.Wilson@AlabamaAG.gov>, "Davis, Jim" <Jim.Davis@AlabamaAG.gov>, "Seiss, Ben" <Ben.Seiss@AlabamaAG.gov>, Christopher Mills <cmills@spero.law>, Pete Patterson <ppatterson@cooperkirk.com>, David Thompson <dthompson@cooperkirk.com>, Jeffrey Doss <jdoss@lightfootlaw.com>, "Amie A. Vague" <avague@lightfootlaw.com>, AOrr <aorr@nclrights.org>, Jennifer Levi <jlevi@glad.org>, Sarah Warbelow <sarah.warbelow@hrc.org>, Cynthia Weaver <cynthia.weaver@hrc.org>, Andy Pratt <apratt@kslaw.com>, Misty Peterson <mpeterson@kslaw.com>, Brent Ray <bray@kslaw.com>, Abigail Terry <ATerry@kslaw.com>, Michael Shortnacy <mshortnacy@kslaw.com>, Scott McCoy <scott.mccoy@splcenter.org>, Diego Soto <diego.soto@splcenter.org>, Jessica Stone <jessica.stone@splcenter.org>, "Montag, Coty (CRT)" <Coty.Montag@usdoj.gov>, "Marshall, Margaret (USAALN)" <Margaret.Marshall@usdoj.gov>, "Lareau, Alyssa (CRT)" <Alyssa.Lareau@usdoj.gov>, "Williams, Renee (CRT)" <Renee.Williams3@usdoj.gov>, "Toyama, Kaitlin (CRT)" <Kaitlin.Toyama@usdoj.gov>, "stephen.wadsworth@usdoj.com" <stephen.wadsworth@usdoj.com>
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

CAUTION: External Sender.

Hi Melody,

Just following up on the note below – is there a time Monday or Tuesday after 10.30am when we could schedule a call to talk about the path forward on discovery?

I hope you have a nice weekend.

Brian

**From:** Brian Barnes
**Sent:** Wednesday, November 16, 2022 12:43 PM
**To:** Melody H. Eagan <meagan@lightfootlaw.com>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <areinke@kslaw.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <aorr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <apratt@kslaw.com>; Misty Peterson <mpeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <mshortnacy@kslaw.com>; Scott McCoy <scott.mccoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <jessica.stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT)

<[Kaitlin.Toyama@usdoj.gov](mailto:Kaitlin.Toyama@usdoj.gov)>; [stephen.wadsworth@usdoj.gov](mailto:stephen.wadsworth@usdoj.gov)>
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

Hi Melody,

Thanks for your note. We're fine with deferring these discovery issues until after Friday's argument. In the interest of keeping the ball rolling, can we schedule another call on discovery for early next week? Our team is available any time on Monday and any time after 10.30am Central on Tuesday. Please let me know when would be convenient on your end.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Melody H. Eagan <[meagan@lightfootlaw.com](mailto:meagan@lightfootlaw.com)>
**Sent:** Monday, November 14, 2022 5:21 PM
**To:** Bowdre, Barrett <[Barrett.Bowdre@AlabamaAG.gov](mailto:Barrett.Bowdre@AlabamaAG.gov)>; Adam Reinke <[areinke@kslaw.com](mailto:areinke@kslaw.com)>; John Ramer <[jramer@cooperkirk.com](mailto:jramer@cooperkirk.com)>
**Cc:** Brian Barnes <[BBarnes@cooperkirk.com](mailto:BBarnes@cooperkirk.com)>; Cheek, Jason (USAALN) <[Jason.Cheek@usdoj.gov](mailto:Jason.Cheek@usdoj.gov)>; LaCour, Edmund <[Edmund.LaCour@AlabamaAG.gov](mailto:Edmund.LaCour@AlabamaAG.gov)>; Wilson, Thomas <[Thomas.Wilson@AlabamaAG.gov](mailto:Thomas.Wilson@AlabamaAG.gov)>; Davis, Jim <[Jim.Davis@AlabamaAG.gov](mailto:Jim.Davis@AlabamaAG.gov)>; Seiss, Ben <[Ben.Seiss@AlabamaAG.gov](mailto:Ben.Seiss@AlabamaAG.gov)>; Christopher Mills <[cmills@spero.law](mailto:cmills@spero.law)>; Pete Patterson <[ppatterson@cooperkirk.com](mailto:ppatterson@cooperkirk.com)>; David Thompson <[dthompson@cooperkirk.com](mailto:dthompson@cooperkirk.com)>; Jeffrey P. Doss <[jdoss@lightfootlaw.com](mailto:jdoss@lightfootlaw.com)>; Amie A. Vague <[avague@lightfootlaw.com](mailto:avague@lightfootlaw.com)>; AOrr <[aorr@nclrights.org](mailto:aorr@nclrights.org)>; Jennifer Levi <[jlevi@glad.org](mailto:jlevi@glad.org)>; Sarah Warbelow <[sarah.warbelow@hrc.org](mailto:sarah.warbelow@hrc.org)>; Cynthia Weaver <[cynthia.weaver@hrc.org](mailto:cynthia.weaver@hrc.org)>; Andy Pratt <[apratt@kslaw.com](mailto:apratt@kslaw.com)>; Misty Peterson <[mpeterson@kslaw.com](mailto:mpeterson@kslaw.com)>; Brent Ray <[bray@kslaw.com](mailto:bray@kslaw.com)>; Abigail Terry <[ATerry@kslaw.com](mailto:ATerry@kslaw.com)>; Michael Shortnacy <[mshortnacy@kslaw.com](mailto:mshortnacy@kslaw.com)>; Scott McCoy <[scott.mccoy@splcenter.org](mailto:scott.mccoy@splcenter.org)>; Diego Soto <[diego.soto@splcenter.org](mailto:diego.soto@splcenter.org)>; Jessica Stone <[jessica.stone@splcenter.org](mailto:jessica.stone@splcenter.org)>; Montag, Coty (CRT) <[Coty.Montag@usdoj.gov](mailto:Coty.Montag@usdoj.gov)>; Marshall, Margaret (USAALN) <[Margaret.Marshall@usdoj.gov](mailto:Margaret.Marshall@usdoj.gov)>; Lareau, Alyssa (CRT) <[Alyssa.Lareau@usdoj.gov](mailto:Alyssa.Lareau@usdoj.gov)>; Williams, Renee (CRT) <[Renee.Williams3@usdoj.gov](mailto:Renee.Williams3@usdoj.gov)>; Toyama, Kaitlin (CRT) <[Kaitlin.Toyama@usdoj.gov](mailto:Kaitlin.Toyama@usdoj.gov)>; [stephen.wadsworth@usdoj.gov](mailto:stephen.wadsworth@usdoj.gov)>
**Subject:** Re: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

Barrett,

Jim and I had a call on Thursday, to discuss some concepts to see if we can resolve the pending discovery issues. I still need to discuss with our team, and I know you do as well. In the meantime, I know folks are busy getting ready for Friday. Can we please agree to table the discovery issues until next week, after we get past the 11th Circuit argument? Jim and I discussed some ideas that I hope may resolve most of the pending issues without court intervention, but it would be helpful for us to just table everything until after we get through the oral arguments.

Good with y'all?

Thanks,
Melody



**Melody H. Eagan**
Attorney



205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

 Confidentiality Notice

**lightfootlaw.com**



**From:** "Bowdre, Barrett" <Barrett.Bowdre@AlabamaAG.gov>
**Date:** Friday, November 4, 2022 at 11:21 AM
**To:** Adam Reinke <areinke@kslaw.com>, John Ramer <jramer@cooperkirk.com>, Melody Eagan <meagan@lightfootlaw.com>
**Cc:** Brian Barnes <bbarnes@cooperkirk.com>, "Cheek, Jason (USAALN)" <Jason.Cheek@usdoj.gov>, "LaCour, Edmund" <Edmund.LaCour@AlabamaAG.gov>, "Wilson, Thomas" <Thomas.Wilson@AlabamaAG.gov>, "Davis, Jim" <Jim.Davis@AlabamaAG.gov>, "Seiss, Ben" <Ben.Seiss@AlabamaAG.gov>, Christopher Mills <cmills@spero.law>, Pete Patterson <ppatterson@cooperkirk.com>, David Thompson <dthompson@cooperkirk.com>, Jeffrey Doss <jdoss@lightfootlaw.com>, "Amie A. Vague" <avague@lightfootlaw.com>, AOrr <aorr@nclrights.org>, Jennifer Levi <jlevi@glad.org>, Sarah Warbelow <sarah.warbelow@hrc.org>, Cynthia Weaver <cynthia.weaver@hrc.org>, Andy Pratt <apratt@kslaw.com>, Misty Peterson <mpeterson@kslaw.com>, Brent Ray <bray@kslaw.com>, Abigail Terry <ATerry@kslaw.com>, Michael Shortnacy <mshortnacy@kslaw.com>, Scott McCoy <scott.mccoy@splcenter.org>, Diego Soto <diego.soto@splcenter.org>, Jessica Stone <jessica.stone@splcenter.org>, "Montag, Coty (CRT)" <Coty.Montag@usdoj.gov>, "Marshall, Margaret (USAALN)" <Margaret.Marshall@usdoj.gov>, "Lareau, Alyssa (CRT)" <Alyssa.Lareau@usdoj.gov>, "Williams, Renee (CRT)" <Renee.Williams3@usdoj.gov>, "Toyama, Kaitlin (CRT)" <Kaitlin.Toyama@usdoj.gov>, "stephen.wadsworth@usdoj.com" <stephen.wadsworth@usdoj.com>
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

**CAUTION:** External Sender.

Counsel,

Thank you for taking the time to speak with us last week. We are writing follow up about a few loose ends from the call.

1. First, we had discussed the possibility of reaching an agreement on the production of medical records if Plaintiffs agreed that they are arguing only that the challenged provisions are facially unconstitutional and are not, in contrast, arguing that the Act is unconstitutional as applied to Plaintiffs. Defendants agree as a general matter assuming that we can agree on a few specifics. First, the parties agree that they will submit a joint filing (whether it's labeled a stipulation, notice, or something else) to notify the district court that Plaintiffs' challenge is limited to a facial challenge and that Plaintiffs are not bringing an as-applied challenge and waive any right to as-applied relief. Second, Plaintiffs agree that they will produce evidence sufficient to establish standing to challenge the Act. And third, Plaintiffs agree that they will not go into their medical history on summary

judgment or at trial since that history would be irrelevant to the facial challenge and it would be prejudicial for Plaintiffs to do so if Defendants were not permitted discovery into the issue.

2.  Second, we had discussed Defendants' objection to Plaintiffs' first set of RFPs—that the requests were disproportionate on their face because they were highly unlikely to lead to relevant, non-privileged documents. Plaintiffs asked if Defendants would reconsider their position with respect to any of the RFPs. Defendants have considered Plaintiffs' request and, in the hopes of reaching a compromise, are able as part of a global compromise to offer to produce in response to the following RFPs on the following grounds:

   a.  RFP 3: Defendants agree to produce responsive, non-privileged documents located after a search of the Attorney General's Office's constituent affairs email account.

   b.  RFP 14: Defendants agree to produce responsive, non-privileged documents located after a search of the Attorney General's Office's published opinions and press releases.

   c.  RFP 15: Defendants agree to produce responsive, non-privileged documents located after a search of the Attorney General's Office's published opinions and press releases.

   d.  RFP 16: Defendants agree to produce responsive, non-privileged documents located after a search of the Attorney General's Office's constituent affairs email account.

   e.  RFP 17: Defendants represent that no such documents exist because there was no contemplated or attempted enforcement by any of the Defendants.

   f.  RFP 29: Defendants agree to produce the documents listed in our initial disclosures.

   g.  RFP 31: Defendants have already agreed to produce responsive, non-privileged documents.

We look forward to hearing your thoughts regarding both the proposed agreement in point (1) and our proposed production in point (2).

Thanks,
Barrett

Barrett Bowdre
Deputy Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
334.353.8892 Office
334.353.8400 Fax

---

**From:** Adam Reinke <AReinke@KSLAW.com>
**Sent:** Monday, October 24, 2022 10:45 AM
**To:** John Ramer <jramer@cooperkirk.com>; Melody Egan <MEagan@lightfootlaw.com>
**Cc:** Brian Barnes <BBarnes@cooperkirk.com>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <JDoss@lightfootlaw.com>; Amie Vague <AVague@lightfootlaw.com>;

AOrr <AOrr@nclrights.org>; Jennifer Levi <JLevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@KSLAW.com>; Misty Peterson <MPeterson@KSLAW.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@KSLAW.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Thanks, John. That works both for private plaintiffs and DOJ. I will send a calendar invite with dial-in information and a link to a Teams meeting.

Best,
Adam

---

**Adam Reinke**
*Senior Associate*

T: +1 404 572 2774  |  E: areinke@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309



kslaw.com

---

**From:** John Ramer <jramer@cooperkirk.com>
**Sent:** Sunday, October 23, 2022 6:36 PM
**To:** Adam Reinke <AReinke@KSLAW.com>; Melody Egan <MEagan@lightfootlaw.com>
**Cc:** Brian Barnes <BBarnes@cooperkirk.com>; Bowdre, Barrett <Barrett.Bowdre@alabamaag.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@alabamaag.gov>; Wilson, Thomas <Thomas.Wilson@alabamaag.gov>; Davis, Jim <Jim.Davis@alabamaag.gov>; Seiss, Ben <Ben.Seiss@alabamaag.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <JDoss@lightfootlaw.com>; Amie Vague <AVague@lightfootlaw.com>; AOrr <AOrr@nclrights.org>; Jennifer Levi <JLevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@KSLAW.com>; Misty Peterson <MPeterson@KSLAW.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@KSLAW.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Adam,

Would 5:20 eastern/4:20 central on Tuesday work on your end? As we mentioned before, we're just trying to navigate trial hours through the end of this week. Please let us know if this time would work for plaintiffs.

All the best,

John

John D. Ramer
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
202.220.9621

---

**From:** Adam Reinke <AReinke@KSLAW.com>
**Sent:** Thursday, October 20, 2022 5:31 PM
**To:** Melody Egan <MEagan@lightfootlaw.com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Brian Barnes <BBarnes@cooperkirk.com>; Bowdre, Barrett <Barrett.Bowdre@alabamaag.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@alabamaag.gov>; Wilson, Thomas <Thomas.Wilson@alabamaag.gov>; Davis, Jim <Jim.Davis@alabamaag.gov>; Seiss, Ben <Ben.Seiss@alabamaag.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <JDoss@lightfootlaw.com>; Amie Vague <AVague@lightfootlaw.com>; AOrr <AOrr@nclrights.org>; Jennifer Levi <JLevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@KSLAW.com>; Misty Peterson <MPeterson@KSLAW.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@KSLAW.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

John:

Can you please let us know some times on Monday or Tuesday when Defendants are available for our next meet and confer call? I will then coordinate on our end and with DOJ to find a time that works for everyone who needs to be on.

Thanks,
Adam

---

**Adam Reinke**
*Senior Associate*

T: +1 404 572 2774  |  E: areinke@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309



kslaw.com

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Wednesday, October 19, 2022 2:17 PM
**To:** John Ramer <jramer@cooperkirk.com>
**Cc:** Brian Barnes <BBarnes@cooperkirk.com>; Bowdre, Barrett <Barrett.Bowdre@alabamaag.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; Adam Reinke <AReinke@KSLAW.com>; LaCour, Edmund <Edmund.LaCour@alabamaag.gov>; Wilson, Thomas <Thomas.Wilson@alabamaag.gov>; Davis, Jim <Jim.Davis@alabamaag.gov>; Seiss, Ben <Ben.Seiss@alabamaag.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <JDoss@lightfootlaw.com>; Amie Vague <AVague@lightfootlaw.com>; AOrr <AOrr@nclrights.org>; Jennifer Levi <JLevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@KSLAW.com>; Misty Peterson <MPeterson@KSLAW.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@KSLAW.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.gov>
**Subject:** Re: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

I stand corrected.  I misunderstood and thought DOJ was available, but they are not.  I am headed to a retreat and will be off the grid pretty much until Monday afternoon.  I will let others handle rescheduling, and thank you.

Sent from my iPhone



**Melody H. Eagan**
Attorney



205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

 Confidentiality Notice

**lightfootlaw.com**



On Oct 19, 2022, at 1:14 PM, Melody H. Eagan <meagan@lightfootlaw.com> wrote:

Yes, that is fine.  King and Spalding, can you please circulate a call in number/link?

Sent from my iPhone



**Melody H. Eagan**
Attorney



205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

Confidentiality Notice

**lightfootlaw.com**



On Oct 19, 2022, at 1:12 PM, John Ramer <jramer@cooperkirk.com> wrote:

CAUTION: External Sender.

Melody,

Thank you for accommodating the later time. Just to clarify, you are saying that 5:30 central/6:30 eastern on Friday works for plaintiffs, correct? Also, we'd be grateful if you could send dial-in information, but we will have to dial in by phone rather than videoconference since we're not currently working out of our office due to trial.

All the best,

John

John D. Ramer
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
202.220.9621

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Tuesday, October 18, 2022 1:15 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; John Ramer <jramer@cooperkirk.com>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>
**Cc:** Adam Reinke <Areinke@kslaw.Com>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** Re: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

Brian,

That times works for plaintiffs and DOJ.  Do you want to circulate a calendar invite/Zoom link,  or should we?

Thanks,
Melody

**Melody H. Eagan**
Attorney

205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

Confidentiality Notice

**lightfootlaw.com**

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Date:** Monday, October 17, 2022 at 8:32 PM
**To:** Melody Eagan <meagan@lightfootlaw.com>, John Ramer
<jramer@cooperkirk.com>, "Bowdre, Barrett"
<Barrett.Bowdre@AlabamaAG.gov>, "Cheek, Jason (USAALN)"
<Jason.Cheek@usdoj.gov>
**Cc:** Adam Reinke <Areinke@kslaw.Com>, "LaCour, Edmund"
<Edmund.LaCour@AlabamaAG.gov>, "Wilson, Thomas"
<Thomas.Wilson@AlabamaAG.gov>, "Davis, Jim" <Jim.Davis@AlabamaAG.gov>,
"Seiss, Ben" <Ben.Seiss@AlabamaAG.gov>, Christopher Mills
<cmills@spero.law>, Pete Patterson <ppatterson@cooperkirk.com>, David
Thompson <dthompson@cooperkirk.com>, Jeffrey Doss
<jdoss@lightfootlaw.com>, "Amie A. Vague" <avague@lightfootlaw.com>, AOrr
<Aorr@nclrights.Org>, Jennifer Levi <Jlevi@glad.Org>, Sarah Warbelow
<Sarah.Warbelow@hrc.Org>, Cynthia Weaver <cynthia.Weaver@hrc.Org>, Andy
Pratt <Apratt@kslaw.Com>, Misty Peterson <Mpeterson@kslaw.Com>, Brent
Ray <Bray@kslaw.Com>, Abigail Terry <ATerry@kslaw.com>, Michael Shortnacy
<Mshortnacy@kslaw.Com>, Scott McCoy <Scott.Mccoy@splcenter.Org>, Diego
Soto <Diego.Soto@splcenter.Org>, Jessica Stone <Jessica.Stone@splcenter.Org>,

"Montag, Coty (CRT)" <Coty.Montag@usdoj.gov>, "Marshall, Margaret
(USAALN)" <Margaret.Marshall@usdoj.gov>, "Lareau, Alyssa (CRT)"
<Alyssa.Lareau@usdoj.gov>, "Williams, Renee (CRT)"
<Renee.Williams3@usdoj.gov>, "Toyama, Kaitlin (CRT)"
<Kaitlin.Toyama@usdoj.gov>, "stephen.wadsworth@usdoj.com"
<stephen.wadsworth@usdoj.gov>
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB
(M.D. Ala.)

CAUTION: External Sender.

Melody,

Thank you very much for your message. Later this week works, but we are in the
midst of a two-week trial that began today. Would you be able to speak later in
the day on either Thursday or Friday? 5:30 central/6:30 eastern should give us
enough time to get out of trial for the day and be ready for the call. Please let me
know if either time would work for plaintiffs.

Best regards,

Brian

---

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Friday, October 14, 2022 2:44 PM
**To:** John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>;
Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Cheek, Jason (USAALN)
<Jason.Cheek@usdoj.gov>
**Cc:** Adam Reinke <Areinke@kslaw.Com>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas
<Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben
<Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson
<ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>;
Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>;
AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow
<Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray
<Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy
<Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto
<Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag,
Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN)
<Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>;
Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** Re: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D.
Ala.)

Dear John and Brian,

26

Would Friday, October 21 at 3:00 p.m. Central work for a follow up call?  I understand that time works for counsel for Private plaintiffs and the United States.  I also am attaching a letter, following up on some of the issues with Defendants' Responses to Plaintiffs' Request for Production, for consideration before the call.


Regards,
Melody Eagan


**Melody H. Eagan**
Attorney


205-581-0700 main
205-581-0777 direct          The Clark Building
205-581-0799 fax             400 20th Street North
meagan@lightfootlaw.com      Birmingham, AL 35203

<u>Confidentiality Notice</u>

**lightfootlaw.com**

---

**From:** John Ramer <<u>jramer@cooperkirk.com</u>>
**Date:** Thursday, October 13, 2022 at 11:27 AM
**To:** Brian Barnes <<u>BBarnes@cooperkirk.com</u>>, "Bowdre, Barrett" <<u>Barrett.Bowdre@AlabamaAG.gov</u>>, "Cheek, Jason (USAALN)" <<u>Jason.Cheek@usdoj.gov</u>>, Melody Eagan <<u>meagan@lightfootlaw.com</u>>
**Cc:** Adam Reinke <<u>Areinke@kslaw.Com</u>>, "LaCour, Edmund" <<u>Edmund.LaCour@AlabamaAG.gov</u>>, "Wilson, Thomas" <<u>Thomas.Wilson@AlabamaAG.gov</u>>, "Davis, Jim" <<u>Jim.Davis@AlabamaAG.gov</u>>, "Seiss, Ben" <<u>Ben.Seiss@AlabamaAG.gov</u>>, Christopher Mills <<u>cmills@spero.law</u>>, Pete Patterson <<u>ppatterson@cooperkirk.com</u>>, David Thompson <<u>dthompson@cooperkirk.com</u>>, Jeffrey Doss <<u>jdoss@lightfootlaw.com</u>>, "Amie A. Vague" <<u>avague@lightfootlaw.com</u>>, AOrr <<u>Aorr@nclrights.Org</u>>, Jennifer Levi <<u>Jlevi@glad.Org</u>>, Sarah Warbelow <<u>Sarah.Warbelow@hrc.Org</u>>, Cynthia Weaver <<u>cynthia.Weaver@hrc.Org</u>>, Andy Pratt <<u>Apratt@kslaw.Com</u>>, Misty Peterson <<u>Mpeterson@kslaw.Com</u>>, Brent Ray <<u>Bray@kslaw.Com</u>>, Abigail Terry <<u>ATerry@kslaw.com</u>>, Michael Shortnacy <<u>Mshortnacy@kslaw.Com</u>>, Scott McCoy <<u>Scott.Mccoy@splcenter.Org</u>>, Diego Soto <<u>Diego.Soto@splcenter.Org</u>>, Jessica Stone <<u>Jessica.Stone@splcenter.Org</u>>, "Montag, Coty (CRT)" <<u>Coty.Montag@usdoj.gov</u>>, "Marshall, Margaret (USAALN)" <<u>Margaret.Marshall@usdoj.gov</u>>, "Lareau, Alyssa (CRT)" <<u>Alyssa.Lareau@usdoj.gov</u>>, "Williams, Renee (CRT)" <<u>Renee.Williams3@usdoj.gov</u>>, "Toyama, Kaitlin (CRT)" <<u>Kaitlin.Toyama@usdoj.gov</u>>, "<u>stephen.wadsworth@usdoj.com</u>" <<u>stephen.wadsworth@usdoj.com</u>>
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

CAUTION: External Sender.

All,

Defendants just wanted to follow up on the email below to try to find a time for our next call. Please let us know if there are times late next week that would work on your end. Thank you very much.

All the best,

John

John D. Ramer
Cooper & Kirk, PLLC
(202) 220-9621

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, September 20, 2022 8:41 PM
**To:** Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>
**Cc:** Adam Reinke <AReinke@kslaw.com>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; John Ramer <jramer@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <AOrr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@kslaw.com>; Misty Peterson <MPeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@kslaw.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splaw.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

All,

Thanks for taking the time last week to meet and confer on the parties' respective RFPs. I'm writing to follow up on a few things that we discussed and to propose a time for our next call.

1. First, with respect to Plaintiffs' RFP 31 that we had inadvertently overlooked, that request seeks "[a]ll legislative history of the subject legislation." Defendants do not possess any legislative history material that is not publicly available, and even the documents that are publicly available are limited, such as the Vimeo recordings of floor debate that the federal government cited in its preliminary-injunction briefing (House Part 1 - 4/7/2022, 9:32:05 AM (vimeo.com) and House Judy Committee - 3/2/2022, 1:34:28 PM (vimeo.com)). Apart from those, the only other material Defendants are aware of is the Vimeo

recording the Walker plaintiffs cited in their complaint (Committee Recording - 12 pm - 2/9/2022, 12:00:37 PM (vimeo.com)). As you likely know, the Alabama Legislature does not record and compile legislative history like Congress does.

2.  We had discussed Plaintiffs' RFP 15, which seeks "[a]ll documents concerning any guidance to medical providers concerning the subject legislation." I can represent that Defendants do not have any documents responsive to this RFP.

3.  You had asked about Defendants' General Objection 4, which states that Defendants object to producing documents that are publicly available on the ground that it would be unduly burdensome to produce such documents since Plaintiffs can easily attain such documents in another manner. Specifically, you asked whether this objection would permit Defendants to refuse to produce something and then surprise Plaintiffs with it at trial because it was "publicly available" somewhere on the internet. The purpose of the objection is not to support that type of gamesmanship—which Defendants have no intention of doing. The point of this objection, which Defendants stand on, is that it would be unduly burdensome for someone at Defendants' offices to catalog all responsive publicly available documents that are easily attainable by Plaintiffs.

4.  We discussed the topic of a privilege log. Defendants stand on the objection that Plaintiffs' requests seek documents that would be in the heartland of attorney-client privilege—such as legal advice given to other entities within the Alabama government. Defendants are the State's lawyers, and so these discovery requests are the equivalent of seeking DOJ's communications in a legal challenge to a federal statute or agency regulation, which would be both privileged and irrelevant. The requests also seek documents that would be subject to the work-product doctrine. Given the range of material that would be privileged and the unlikelihood that these Defendants (who, in reality, are defendants here simply due to the legal fiction of *Ex parte Young*) would have anything relevant to Plaintiffs' claims, Defendants stand on the objection that the process of gathering documents and communications from the State's lawyers simply for the purpose of logging them would be unduly burdensome. *See, e.g.*, *Dell Inc. v. DeCosta*, 233 F. Supp. 3d 1, 3-4 (D.D.C. 2017) (holding that discovery requests "would impose an undue and disproportionate burden on Defendants to prepare a privilege log of the thousands of documents that Defendants could reasonably be [holding] but most of which would be protected by the attorney-client privilege or attorney work-product doctrine").

5.  Finally, in terms of scheduling another meet and confer, we are available any time on Thursday afternoon. If that won't work for Plaintiffs, please let us know some alternative times that would be better.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>
**Sent:** Thursday, September 8, 2022 2:18 PM
**To:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; Melody H. Eagan

<meagan@lightfootlaw.com>
**Cc:** Adam Reinke <AReinke@kslaw.com>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas
<Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben
<Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Brian Barnes
<BBarnes@cooperkirk.com>; Pete Patterson <ppatterson@cooperkirk.com>; John
Ramer <jramer@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>;
Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>;
AOrr <AOrr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow
<sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt
<APratt@kslaw.com>; Misty Peterson <MPeterson@kslaw.com>; Brent Ray
<bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy
<MShortnacy@kslaw.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto
<diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag,
Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN)
<Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>;
Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.gov
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D.
Ala.)

Thanks Jason. Let's aim for **3pm Tuesday, 9/13,** if that still works.

Here is call-in information:

1-888-822-7517
When prompted, enter the access code—836372—followed by #.

Look forward to speaking with you Tuesday.

Thanks,
Barrett

Barrett Bowdre
Deputy Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
334.353.8892 Office
334.353.8400 Fax

**From:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>
**Sent:** Wednesday, September 7, 2022 2:34 PM
**To:** Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Melody H. Eagan
<meagan@lightfootlaw.com>
**Cc:** Adam Reinke <AReinke@kslaw.com>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas
<Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben
<Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>;
bbarnes@cooperkirk.com, ppatterson@cooperkirk.com, jramer@cooperkirk.com;

dthompson@cooperkirk.com; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <AOrr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@kslaw.com>; Misty Peterson <MPeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@kslaw.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachment clicking links, or responding to this email.

Barrett,

Apologies for the delayed response. We have spoken to counsel for Private Plaintiffs and we all have availability during the times below:

> Tuesday, September 13: 10-12 CT or 3-5 CT
> Wednesday, September 14: after 2:15 CT

Thanks,
Jason
...........................................................
Jason R. Cheek
Deputy Chief, Civil Division
Assistant United States Attorney
Northern District of Alabama
(205) 244-2104

---

**From:** Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>
**Sent:** Friday, September 2, 2022 4:26 PM
**To:** Melody H. Eagan <meagan@lightfootlaw.com>
**Cc:** Adam Reinke <AReinke@kslaw.com>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; bbarnes@cooperkirk.com; ppatterson@cooperkirk.com; jramer@cooperkirk.com; dthompson@cooperkirk.com; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <AOrr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@kslaw.com>; Misty Peterson <MPeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@kslaw.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Cheek,

Jason (USAALN) <JCheek@usa.doj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** [EXTERNAL] RE: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

Counsel,

Please find attached Defendants' Responses and Objections to Plaintiffs' First Requests for Production.

After you have a chance to review, we think it makes sense to start the meet-and-confer process to discuss your objections to our RFPs and vice versa (as needed). We are available for a phone call next Thursday afternoon (9/8). If that doesn't work, please let us know some times the following week that would.

Thanks, and have a good weekend.

Barrett

Barrett Bowdre
Deputy Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
334.353.8892 Office
334.353.8400 Fax

---

**From:** Melody H. Eagan <meagan@lightfootlaw.com>
**Sent:** Wednesday, August 24, 2022 7:49 PM
**To:** Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>
**Cc:** Adam Reinke <AReinke@kslaw.com>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; bbarnes@cooperkirk.com; ppatterson@cooperkirk.com; jramer@cooperkirk.com; dthompson@cooperkirk.com; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <AOrr@nclrights.org>; Jennifer Levi <jlevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@kslaw.com>; Misty Peterson <MPeterson@kslaw.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@kslaw.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com

**Subject:** Re: Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachment clicking links, or responding to this email.

Barrett,

That is fine.

Best,
Melody

Sent from my iPhone

**Melody H. Eagan**
Attorney

205-581-0700 main
205-581-0777 direct
205-581-0799 fax
meagan@lightfootlaw.com

The Clark Building
400 20th Street North
Birmingham, AL 35203

Confidentiality Notice

**lightfootlaw.com**

On Aug 24, 2022, at 7:32 PM, Bowdre, Barrett
<Barrett.Bowdre@alabamaag.gov> wrote:

CAUTION: External Sender.

Counsel,

Defendants request an additional seven days (to September 2) to serve our written objections and responses to the RFPs. Please let me know if that is agreeable.

Thanks,
Barrett

Barrett Bowdre
Deputy Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
334.353.8892 Office

334.353.8400 Fax

---

**From:** Adam Reinke <AReinke@KSLAW.com>
**Sent:** Wednesday, July 27, 2022 7:11 PM
**To:** LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; bbarnes@cooperkirk.com; ppatterson@cooperkirk.com; jramer@cooperkirk.com; dthompson@cooperkirk.com
**Cc:** Melody Egan <MEagan@lightfootlaw.com>; Jeffrey P. Doss <JDoss@lightfootlaw.com>; Amie Vague <AVague@lightfootlaw.com>; AOrr <AOrr@nclrights.org>; Jennifer Levi <JLevi@glad.org>; Sarah Warbelow <sarah.warbelow@hrc.org>; Cynthia Weaver <cynthia.weaver@hrc.org>; Andy Pratt <APratt@KSLAW.com>; Misty Peterson <MPeterson@KSLAW.com>; Brent Ray <bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <MShortnacy@KSLAW.com>; Scott McCoy <Scott.McCoy@splcenter.org>; Diego Soto <diego.soto@splcenter.org>; Jessica Stone <Jessica.Stone@splcenter.org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Lareau, Alyssa (CRT) <Alyssa.Lareau@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; stephen.wadsworth@usdoj.com
**Subject:** Eknes-Tucker, et al. v. Marshall, et al. - No. 2:22-cv-00184-LCB-CWB (M.D. Ala.)

---

> This message has originated from an **External Source**. Please use proper judgment and caution when opening att clicking links, or responding to this email.

---

Counsel:

Pursuant to the parties' agreement to e-mail service of discovery, attached please find Plaintiffs' First Set of Requests for Production to Defendants in the above-captioned matter.

---

**Adam Reinke**
*Senior Associate*

T: +1 404 572 2774  |  E: areinke@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

kslaw.com

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in

confidence in order to preserve any attorney-client or work product privilege that may
be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.