IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Intervenor Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-184-LCB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General, | ) |
| of the State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**DEFENDANTS' MOTION IN *LIMINE* TO EXCLUDE EVIDENCE BASED ON OPINIONS OF AAP, WPATH, AND THE ENDOCRINE SOCIETY**

Plaintiffs have repeatedly, and successfully, invoked the opinions of interest groups that refuse to subject those opinions to adversarial testing. From the beginning of this case, Plaintiffs and the United States have relied heavily on the opinions of AAP, WPATH, and the Endocrine Society. But when Defendants issued discovery requests to assess the basis for those opinions, those same organizations filed a motion to quash. *See* Doc. 208. If granted, that would effectively allow Plaintiffs to introduce evidence based on premises that Defendants were never permitted to examine. That result would be clearly foreclosed by the Federal Rules of Evidence and Civil Procedure. Admission of any evidence based on the opinions of these interest

groups would be unfairly prejudicial if Defendants are denied the opportunity to examine the bases for those opinions through discovery.

Accordingly, the Court should either deny the interest groups' motion to quash or grant this motion in *limine* to exclude entirely evidence based on the opinions of AAP, WPATH, and the Endocrine Society. Any other course would result in a fundamentally unfair adjudication in which Plaintiffs could rely on contested claims of "consensus" by self-interested private organizations without ever allowing Defendants to probe those untested assertions through discovery.

## BACKGROUND

Throughout this case, Plaintiffs and the United States have repeatedly relied on the opinions of the American Academy of Pediatrics (AAP), the World Professional Association for Transgender Health (WPATH), and the Endocrine Society. As explained in Defendants' opposition to the groups' motion to quash (at 5-9), Plaintiffs' and the United States' complaints, experts, and arguments have all depended extensively on these groups' opinions. The Court relied on those opinions in granting a preliminary injunction.

Given the centrality of these groups' opinions to Plaintiffs' and the United States' claims, Defendants sought discovery into how the groups reached their conclusions regarding the safety and efficacy of the relevant treatments. In response, the organizations filed a motion to quash, which is currently pending before the Court.

2

*See* Doc. 208. Defendants filed a memorandum in opposition to that motion and now, in conjunction with that opposition, file this motion in *limine* to ensure that Defendants are not forced to litigate this case based on untested, self-interested claims of a medical consensus about which no discovery can be taken.

## LEGAL STANDARD

District courts have "inherent authority" to rule on motions in *limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." Fed. R. Evid. 403.

## ARGUMENT

**The Court Should Exclude Evidence Based On The Opinions Of AAP, WPATH, Or The Endocrine Society If Defendants Are Not Permitted To Test Those Opinions Through Discovery.**

Evidence based on the opinions of AAP, WPATH, or the Endocrine Society should be excluded if Defendants are denied discovery into how those opinions were formed. These opinions have been the centerpiece of the challenges brought by Plaintiffs and the United States. But evidence based on those opinions is inadmissible if Defendants are denied the ability to assess them through discovery because their "probative value" would be "substantially outweighed by a danger" of "unfair prejudice." Fed. R. Evid. 403.

3

Unless the groups' motion to quash is denied, Plaintiffs could introduce evidence that was never subjected to "the thorough and sharp cross examination that is vital to our adversary system." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1192 (11th Cir. 2013). The prejudicial nature of submitting evidence based on assertions that have not been subjected to the adversarial process explains why a party is generally prohibited from using information or a witness that the party failed to properly disclose. *See* Fed. R. Civ. P. 37(c)(1); *cf. Adams v. United States*, No. 03-0049-E-BLW, 2009 WL 1922255, at *2 (D. Idaho July 1, 2009) (excluding evidence that a party was "effectively foreclosed … from inquiring into"); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1228373, at *3 (S.D. Fla. Apr. 24, 2007) (finding it prejudicial to "prohibit[]" a party "in blanket fashion from obtaining evidence … to refute [the other party's] claims"); *Patnaude v. Qwest Corp.*, No. CIV. 01-1847, 2003 WL 22076564, at *8 (D. Minn. Sept. 2, 2003) (finding "unfair prejudice" where a party "had no opportunity to conduct discovery on the claim"); *Red Barn Motors, Inc. v. NextGear Cap., Inc.*, No. 14-01589, 2020 WL 919464, at *4 (S.D. Ind. Feb. 26, 2020) (unfair prejudice where the party "did not have any opportunity to conduct discovery as to" certain witnesses).

Similarly, in *Positive Black Talk v. Cash Money Records*, a former expert witness for the plaintiff withdrew as an expert and refused to testify. 394 F.3d 357, 376 (5th Cir. 2004). Both plaintiff and the defendants subpoenaed the now-unaffiliated

third party, but he succeeded in having the subpoena quashed. *Id*. at 376-77. The defendants thus moved to exclude his testimony. *Id*. at 377. The Fifth Circuit held that the district court did not abuse its discretion in granting the motion in *limine*, noting that "defendants were unable to depose Joyce before trial." *Id.*

Likewise, in *Capron v. Thompson*, the court granted relief that either required production of a critical document or barred the opposing party from relying on evidence based on it. No. 00-CV-86-D, 2001 WL 36102187 (D. Wyo. Mar. 1, 2001). In *Capron*, the defendant sought an order either "prohibiting the plaintiff's expert, James T. Rogers, from testifying … or, in the alternative, a motion to compel the plaintiff to produce a" hard-to-find book "upon which Mr. Rogers largely based his opinion." *Id.* at *1. The court granted defendant nearly all his requested relief, ruling that "in the event the plaintiff is not able to produce to the defendant the requested book, … the plaintiff's expert, James Rogers, will be prohibited from offering opinions which are in any way, based upon the" book. *Id.* at *2.

Such relief is warranted here. In Plaintiffs' view, the interest groups' opinions define the scope of Plaintiffs' constitutional rights and the scrutiny applicable to those rights. It would be unfairly prejudicial under Rule 403 to force Defendants to litigate this case under a legal standard shaped by opinions that Defendants were never even permitted to examine. Defendants should thus be permitted through third-party discovery to assess the validity of the opinions issued by AAP, WPATH, and

the Endocrine Society, or else Plaintiffs, the United States, and their experts should be prohibited from introducing evidence based on those opinions.

## CONCLUSION

For the foregoing reasons, the Court should either deny the motion to quash of AAP, WPATH, and the Endocrine Society, or exclude from this case evidence based on their opinions and statements.

| | |
|---|---|
| | Respectfully submitted, |
| | Steve Marshall<br>  *Attorney General* |
| Christopher Mills (*pro hac vice*)<br>SPERO LAW LLC<br>557 East Bay Street, #22251<br>Charleston, South Carolina 29413<br>(843) 606-0640<br>CMills@Spero.law | s/ Edmund G. LaCour Jr.<br>Edmund G. LaCour Jr. (ASB-9182-U81L)<br>  *Solicitor General*<br>A. Barrett Bowdre (ASB-2087-K29V)<br>Thomas A. Wilson (ASB-1494-D25C)<br>  *Deputy Solicitors General*<br>James W. Davis (ASB-4063-I58J)<br>  *Deputy Attorney General*<br>Benjamin M. Seiss (ASB-2110-O00W)<br>  *Assistant Attorney General* |
| David H. Thompson (*pro hac vice*)<br>Peter A. Patterson (*pro hac vice*)<br>Brian W. Barnes (*pro hac vice*)<br>John D. Ramer (*pro hac vice*)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., NW<br>Washington, D.C. 20036<br>(202) 220-9600<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>bbarnes@cooperkirk.com<br>jramer@cooperkirk.com | OFFICE OF THE ATTORNEY GENERAL<br>STATE OF ALABAMA<br>501 Washington Avenue<br>Post Office Box 300152<br>Montgomery, Alabama 36130-0152<br>Telephone: (334) 242-7300<br>Facsimile: (334) 353-8400<br>Edmund.LaCour@AlabamaAG.gov<br>Barrett.Bowdre@AlabamaAG.gov<br>Thomas.Wilson@AlabamaAG.gov |

| | |
|---|---|
| Roger G. Brooks (*pro hac vice)* <br> ALLIANCE DEFENDING FREEDOM <br> 15100 N. 90th Street <br> Scottsdale, AZ 85260 <br> (480) 444-0200 <br> rbrooks@adflegal.org | Jim.Davis@AlabamaAG.gov <br> Ben.Seiss@AlabamaAG.gov |

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on January 17, 2023, which will serve all counsel of record.

s/ Edmund G. LaCour Jr.
*Counsel for Defendants*