## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| Brianna Boe, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| *Intervenor Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-184-LCB |
| | ) | |
| Hon. Steve Marshall, in his official | ) | |
| capacity as Attorney General, | ) | |
| of the State of Alabama, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## DECLARATION OF A. BARRETT BOWDRE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION

I, A. Barrett Bowdre, hereby declare as follows:

1.     I am one of the attorneys representing Defendants in the above case. I am over the age of 21 and am capable of making this declaration pursuant to 28 U.S.C. § 1746.  I have not been convicted of a felony or crime involving dishonesty, and the facts contained herein are within my personal knowledge.

2.     Attached as **Exhibit 1** is a true and correct copy of Defendants' First Requests for Production to Intervenor-Plaintiff United States of America, which were served on the United States on September 20, 2022.

3.      Attached as **Exhibit 2** is a true and correct copy of the United States'

Responses to Defendants' First Requests for Production, which were served by the

United States on November 3, 2022.

4.      Attached as **Exhibit 3** is a true and correct copy of the parties' email

correspondence about Defendants' First Requests for Production to Intervenor-

Plaintiff. The parties had numerous telephonic meet-and-confers in addition to this

correspondence about the Requests.

5.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2023.

A. Barrett Bowdre
*Counsel for Defendants*

# Exhibit 1

Defendants' First Requests for Production to Intervenor-Plaintiff
United States of America

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| Rev. Paul A. Eknes-Tucker, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| *Intervenor Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00184-LCB-SRW |
| | ) | |
| Hon. Steve Marshall, in his official | ) | |
| capacity as Attorney General of the | ) | |
| State of Alabama, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO INTERVENOR-PLAINTIFF UNITED STATES OF AMERICA

Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34, Alabama Attorney General Steve Marshall, Montgomery County District Attorney Daryl D. Bailey, Cullman County District Attorney C. Wilson Blaylock, Lee County District Attorney Jessica Ventiere, Twelfth Judicial Circuit District Attorney Tom Anderson, and Jefferson County District Attorney Danny Carr, collectively the Defendants, hereby propound the following Requests for Production to Intervenor-Plaintiff United States of America.

# INSTRUCTIONS

Your responses should include all information, knowledge, or belief available not only to You, but also to any attorneys, investigators, consultants, agents, and other representatives acting on Your behalf. Please respond in accordance with the following instructions:

1. **Claims of Privilege and Exception to Discovery.** If any claim of privilege is asserted, in whole or in part, with respect to any Request, or if You refuse to disclose any requested information or Document, in whole or in part, based on any claim of privilege or immunity, please identify the specific privilege or protection claimed and state the basis for the claim, identifying the pertinent circumstances with sufficient specificity to permit Defendants to assess the basis of any such claim for privilege or protection.

2. **Continuing Nature.** These Requests are intended to be and shall be answered or responded to fully as of the date of response and shall be deemed to be continuing thereafter until the conclusion of this matter. If You should subsequently acquire any further responsive information or Documents called for by these Requests, You should promptly furnish such information or Documents to the undersigned counsel.

3. **Answer to the Fullest Extent Possible.** If any of the Requests cannot be fulfilled in full, please answer to the fullest extent possible, explaining why you

2

cannot answer the remainder of the Request, and stating any information or knowledge which You have concerning the unanswered portion.

4.      **Objections.** If You have a good-faith objection to any of these Requests, or any part thereof, the specific nature of the objection and whether it applies to the entire Request or to a certain portion thereof shall be clearly stated. If there is an objection to any part of a Request, then the part or parts objected to should be indicated and information responsive to the remaining unobjectionable parts should be provided.

5.      **Language.** The use of the singular form of any word includes the plural and vice versa. Reference to one gender includes the other gender(s). The word "all" means any and all. The word "including" means "including without limitation."

6.      **Production**. The documents must be produced in their native format, unless otherwise agreed by the parties. Specifically, the documents must be produced as they are kept in the usual course of business. Documents should not be converted to a different format or otherwise produced in a manner where metadata is removed, unless otherwise agreed by the parties.

## DEFINITIONS

1.      The word "**Communication**" refers to any transmission, receipt, or exchange of information, whether orally, electronically, or in writing, including, without limitation, any conversation or discussion by means of Documents, letters, notes,

in-person conversations, memoranda, reports, statements, voicemail, audio or video transmission, telephone calls, telegraph, telex, telecopier, facsimile, email, text message, list-serv posting, electronic or other instant message, cable, Social Media post or message, Internet post or message, or any other form or medium of transmission or exchange.

2.     The words "**Document**" and "**Documents**" are used in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and therefore include, but are not limited to, all forms of recorded information in Your actual or constructive possession, custody, or control, whether handwritten, typed, printed, recorded or stored on computer or personal data storage devices, diskettes, videotapes, audio tapes, or photographic film, as well as electronically stored information and data compilations. The terms "Document" and "Documents" also include any drafts or versions thereof, and all copies on which any mark, alteration, writing, attachment, or any other change from the original appears. By way of example and not limitation, the terms "Document" and "Documents" include: letters, correspondence, memoranda, email and other electronic communications, voice-mail recordings, facsimile transmissions, telegrams, film or photographic prints, video or audio recordings, blueprints, drawings, charts, specimens, models, word processing files, PowerPoint files, spreadsheets, images, metadata, programs, databases and data compilations.

3.    The terms "**regarding**," "**with regards to**," "**relate**," "**relating**," "**relating to**," "**concerning**," and/or "**related to**" mean recording, summarizing, embodying, constituting, reflecting, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying, or otherwise discussing in any way a subject matter identified in the Request, and is defined so as to reach all matters within the scope of discovery under the Federal Rules of Civil Procedure, including all information which, though inadmissible at trial, is reasonably calculated to lead to the discovery of admissible evidence.

4.    The terms "**You**" and "**Your**" refer to the United States of America, any executive agency or department in which documents responsive to these Requests may be found, and the officers, agents, employees, present or former counsel, and all other persons acting on behalf of those agencies or departments.

5.    The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each of the Requests any and all information and Documents that might otherwise be construed to be outside of their scope.

6.    "**Alabama Vulnerable Child Compassion and Protection Act**" (or "**Act**") shall mean Alabama Act No. 2022-289, introduced in the Alabama Legislature as Senate Bill 184 and signed into law on or around April 8, 2022.

5

7.     "**Sex**" or "**Biological Sex**" shall mean the biological state of being male or female, based on the individual's sex organs at birth, chromosomes, and endogenous hormone profiles.

8.     "**Male**" shall mean the biological state of being male, based on the individual's sex organs at birth, chromosomes, and endogenous hormone profiles.

9.     "**Female**" shall mean the biological state of being female, based on the individual's sex organs at birth, chromosomes, and endogenous hormone profiles.

10.     "**Gender Dysphoria**" is the diagnosis of Gender Dysphoria under the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5). "**Related Conditions**" are any issues concerning gender identity, gender incongruence, transgender identity, or non-binary identity. These include, but are not limited to, ICD diagnostic codes for trans-sexualism (including all sub-categories); gender identity disorder in adolescents or adults; gender identity disorder in children; transvestic fetishism; disorder of gender identity or role; transsexualism; dual role transvestism; gender identity disorder of childhood; other gender identity disorders; and gender identity disorder, unspecified.

11.     "**Puberty Blockers**" shall mean medication administered to Minors to delay or prevent the onset or continuation of puberty, or otherwise to prevent the formation or maturation of secondary sex characteristics consistent with the patient's Biological Sex. This includes, but is not limited to, common puberty blockers such

6

as histrelin acetate and leuprolide acetate if administered for the purpose of Transitioning. For purposes of these Requests, "Puberty Blockers" does not include GnRH agonists administered to young children (7 and younger) for the treatment of central precocious puberty or to adult men (19+) for the treatment of prostate cancer.

12.     **"Cross-sex Hormones"** shall mean hormones administered to induce the physical characteristics of a sex or gender profile other than the Biological Sex of the patient (including non-cross-sex gender identities such as "non-binary"). It includes, but is not limited to, administering androgenic hormones such as testosterone, fluoxymesterone, and methyltestosterone to a biological female, and estrogenic hormones such as estrogen and estradiol to a biological male. It also includes the administration of hormone blockers and anti-androgens such as flutamide, spironolactone, and cyproterone if used as part of Transitioning.

13.     **"Desistance"** shall mean the resolution of diagnosed Gender Dysphoria or Related Conditions in a Minor without the continued administration of Puberty Blockers, Cross-Sex Hormones, or surgical interventions.

14.     **"Transitioning"** shall mean the administration of medicines such as Puberty Blockers, Cross-Sex Hormones, and surgical interventions to change the physical appearance of a Minor in a way that is not consistent with the patient's Biological Sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

15.     "**Detransitioning**" shall mean any actions taken to conceal or reverse the effects of Transitioning, including the administration of medicines, surgical interventions, and social actions such as changing pronouns, dress, or other forms of gender expression.

16.     "**Minor**" shall mean a person under the age of 19.

## REQUESTS FOR PRODUCTION

1.     All Communications and Documents concerning the Act.

2.     All Communications and Documents concerning any legal challenge to the Act.

3.     All Communications and Documents among You and any plaintiff or expert in prior litigation concerning the Act, including *Ladinsky v. Ivey*, N.D. Ala., No. 22-cv-447; and *Walker v. Marshall*, M.D. Ala. No. 22-cv-167.

4.     All Communications and Documents that You may rely upon in summary judgment briefing or introduce at trial.

5.     All Communications and Documents referred to or referenced in Your Initial Disclosures.

6.     All Communications and Documents since January 1, 2017, concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

7.    All Communications and Documents since January 1, 2017, concerning the effects of Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition on the well-being or health of Minors.

8.    All Communications and Documents since January 1, 2017, concerning the informed consent process for treating Minors for Gender Dysphoria or a Related Condition.

9.    All Communications and Documents since January 1, 2017, concerning any guidance, proposed rules, final rules, or other legal documents You have issued, may issue, or will issue regarding Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

10.    All documents or communications between any official, attorney, employee, or representative of the U.S. Department of Justice and any other federal entity or employee concerning Transitioning and Gender Dysphoria or a Related Condition.

11.    All Communications and Documents regarding Proposed Rule, Nondiscrimination in Health Programs and Activities, 87 Fed. Reg. 47824, that relate to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

12.    All Communications and Documents regarding Rule, Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority,

85 Fed. Reg. 37160 (June 19, 2020), that relate to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

13.    All Communications and Documents regarding Rule, Patient Protection and Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2023, 87 Fed. Reg. 27208, that relate to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

14.    All Communications and Documents concerning any past or present studies or other research You have conducted, funded, or otherwise supported regarding Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

15.    All Communications and Documents concerning any past or present studies or other research You have declined to conduct, fund, or otherwise support regarding Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

16.    All Communications and Documents regarding any criteria used to select studies or research to fund regarding Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

17.    All Communications and Documents concerning Your funding of Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

18.    All Communications and Documents concerning research published as Johanna Olson-Kennedy et al., Impact of Early Medical Treatment for Transgender Youth: Protocol for the Longitudinal, Observational Trans Youth Care Study, doi:10.2196/14434, National Institutes of Health Project # 1R01HD082554-01A1, including without limitation the grant proposal (including appendices), study protocol, all records of its implementation, all informed consent documents, all IRB approval forms, all educational materials, all minutes and notes from any meetings with any NIH staff, all progress reports, all board meeting minutes, all FCOI requests, all letters of support, all funding documents, all outcome data, all extensions or requests for extensions, and Communications regarding a letter dated on or about Apr 5, 2019 requesting a moratorium on this research signed by Michael Laidlaw, William Malone, and/or Hacsi Horvath.

19.    All Communications and Documents concerning research published as Johanna Olson-Kennedy et al., Physiologic Response to Gender-Affirming Hormones Among Transgender Youth, Journal of Adolescent Health, 62(4), 397–401. https://doi.org/10.1016/j.jadohealth.2017.08.005, including without limitation the grant proposal (including appendices), all study protocols, all records of its implementation, all informed consent documents, all IRB approval forms, all educational materials, all minutes and notes from any meetings with any NIH staff, all progress

reports, all board meeting minutes, all FCOI requests, all letters of support, all funding documents, all outcome data, and all extensions or requests for extensions.

20.   All Communications and Documents concerning research by Natalie J. Nokoff regarding Transitioning or Gender Dysphoria or a Related Condition, including without limitation all study protocols, all records of implementation, all informed consent documents, all IRB approval forms, all educational materials, all minutes and notes from any meetings with any NIH staff, all progress reports, all board meeting minutes, all FCOI requests, all letters of support, all funding documents, and all outcome data, about all of the following NIH-funded projects and any other projects concerning Transitioning or Gender Dysphoria or a Related Condition: Trans Health: Evaluation of Markers of Cardio-metabolic Health and Well-being in Transgender Youth, https://clinicaltrials.gov/ct2/show/NCT02550431; Pubertal Blockade and Estradiol Effects on Cardiometabolic Health for Transitioning Youth, Projects # K23-HL-151868-01, -02, -03; and, Project # K12-HD-057022.

21.   All Communications and Documents concerning Your participation in Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition, including at any hospitals, medical offices, or clinics run by or supported by You.

22.   All Communications and Documents concerning the Food & Drug Administration's or any other agency's consideration of medical devices, drugs, or

medical requirements related to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

23.   All Communications and Documents concerning the Food & Drug Administration's decision to add a warning about the risk of pseudotumor cerebri (idiopathic intracranial hypertension) to the labeling for gonadotropin-releasing hormone agonists as generally discussed in Risk of pseudotumor cerebri added to labeling for gonadotropin-releasing hormone agonists, AAP, https://www.fda.gov/media/159663/download#:~:text=The%20Food%20and%20Drug%20Administration%20(FDA)%20has%20added%20a%20warning,precocious%20puberty%20in%20pediatric%20patients. (July 1, 2022), including without limitation reporting of adverse events by diagnosis, primary data, Communications between You and AAP, and Communications between Your agencies.

24.   All Communications and Documents concerning the FDA review of Puberty Blockers referenced in Christina Jewett, Women Fear Drug They Used To Halt Puberty Led To Health Problems, Kaiser Health News, https://khn.org/news/women-fear-drug-they-used-to-halt-puberty-led-to-health-problems/ (Feb. 2, 2017).

25.   All Communications and Documents concerning reporting of adverse events for Puberty Blockers and Cross-sex Hormones.

26.    All Communications and Documents concerning reporting of adverse events for surgical procedures used to treat Gender Dysphoria or a Related Condition.

27.    All Communications and Documents concerning Transitioning treatments or care provided to Minors in Alabama, including referrals to providers outside the state.

28.    All Communications and Documents relating to the appropriate age for beginning Transitioning treatment in Minors.

29.    All Communications and Documents concerning reports on the quality of care for the treatment of Minors for Gender Dysphoria or a Related Condition, including without limitation Communications and Documents involving the Agency for Healthcare Research and Quality and its Topic Brief: Treatments for Gender Dysphoria in Transgender Youth, https://effectivehealthcare.ahrq.gov/system/files/docs/topic-brief-gender-dysphoria.pdf (Jan. 8, 2021).

30.    All Communications and Documents concerning the following document published by the Department of Health and Human Services' Office of Population Affairs: Gender-Affirming Care and Young People, https://opa.hhs.gov/sites/default/files/2022-03/gender-affirming-care-young-people-march-2022.pdf.

31.    All Communications and Documents concerning the following document published by the Department of Health and Human Service's Children's Bureau: Guidance for Title IV-B and IV-E Agencies When Serving LGBTQI+ Children and Youth, https://www.acf.hhs.gov/sites/default/files/documents/cb/im2201.pdf.

32.    All Communications and Documents concerning the Centers for Medicare and Medicaid's Services' decision to approve a request to provide "gender-affirming care" in the individual and small group health insurance markets as part of Colorado's Essential Health Benefit (EHB) benchmark. *See* https://www.hhs.gov/about/news/2021/10/12/biden-harris-administration-green-lights-coverage-of-lgbtqplus-care-as-an-essential-health-benefit-in-colorado.html.

33.    All Communications and Documents concerning the following document published by the Department of Justice: Letter Regarding Federal Nondiscrimination Protections, https://www.justice.gov/opa/press-release/file/1489066/download.

34.    All Communications and Documents pertaining to incidences and facts regarding onset of Gender Dysphoria or a Related Condition.

35.    All Communications and Documents regarding the incidences of Medicare beneficiaries with Gender Dysphoria or a Related Condition or who are undergoing Transitioning.

36.     All Communications and Documents reflecting incidences or evidence of desistance or detransition.

37.     All Communications and Documents concerning Dr. Erika Anderson and Dr. Marci Bowers related to Gender Dysphoria or a Related Condition.

38.     All Communications and Documents between NIH's Sexual & Gender Minority Research Office and any representative of the World Professional Association for Transgender Health ("WPATH"), U.S. Professional Association for Transgender Health ("USPATH"), the Endocrine Society, the American Psychological Association, the American Academy of Pediatrics ("AAP"), the Human Rights Campaign, the Southern Poverty Law Center, and the American Civil Liberties Union regarding Transitioning and Gender Dysphoria or a Related Condition.

39.     All Communications and Documents between or among Xavier Becerra, Rachel Levine, Francis Collins, Janet E. Hall, Loyce Pace, Chiquita Brooks-LaSure,  Karen L. Parker, or any of their officers, agents, employees, present or former counsel, or other persons acting on their behalf and any representative of WPATH, USPATH, the Endocrine Society, the American Psychological Association, AAP, the Human Rights Campaign, the Southern Poverty Law Center, and the American Civil Liberties Union regarding Transitioning and Gender Dysphoria or a Related Condition.

40.    All Communications and Documents concerning the organizational stance regarding the treatment of Gender Dysphoria or a Related Condition from WPATH, USPATH, AAP, or the Endocrine Society.

41.    All Communications and Documents concerning any conference related to Gender Dysphoria or a Related Condition that WPATH, USPATH, AAP, or the Endocrine Society has hosted.

42.    All Communications and Documents regarding Your review or consideration of the following: Nat'l Inst. for Health and Care Excellence, Evidence Review: Gender-Affirming Hormones for Children and Adolescents with Gender Dysphoria (2021); Nat'l Inst. for Health and Care Excellence, Evidence Review: Gonadotrophin Releasing Hormone Analogues for Children and Adolescents with Gender Dysphoria (2021); Ryan Anderson, When Harry Became Sally (2018); Abigail Shrier, Irreversible Damage (2020); Abigail Shrier, Top Trans Doctors Blow the Whistle on 'Sloppy' Care, Common Sense (Oct. 4, 2021); William J. Malone et al., Proper Care of Transgender and Gender-diverse Persons in the Setting of Proposed Discrimination, 106 J. Clinical Endocrinology & Metabolism e3287 (2021); Abigail Shrier, A Pediatric Association Stifles Debate on Gender Dysphoria, Wall St. Journal (Aug. 9, 2021); Stephen Levine et al., Reconsidering Informed Consent for Trans-Identified Children, Adolescents, and Young Adults, J. Sex & Marital Therapy, 7 (Mar. 2022); Socialstyrelsen, Care of children and adolescents with gender

dysphoria (Feb. 2022); Académie Nationale de Médecine, Medicine and gender transidentity in children and adolescents (Feb. 2022); James M. Cantor, Transgender and Gender Diverse Children and Adolescents: Fact-Checking of AAP Policy, Journal of Sex & Marital Therapy, DOI: 10.1080/0092623X.2019.1698481 (2019).

43.     All Communications and Documents regarding the Society for Evidence Based Gender Medicine ("SEGM"), the American College of Pediatricians, 4th Wave Now, Transgender Trend, Michael Laidlaw, MD, William Malone, MD, Paul Hruz, MD, Quentin Van Meter, MD, Julie Mason, MD, Stephen Levine, MD, Andre Van Mol, MD, Michelle Cretella, South Dakota Rep. Fred Deutsch, Deborah Soh, and Hilary Cass.

44.     All Communications and Documents regarding the following filings by You: Statement of Interest, *Brandt v. Rutledge*, E.D. Ark. No. 21-cv-450, Dkt. 19 (filed June 17, 2021); Amicus Brief, *Brandt v. Rutledge*, 8th Cir. No. 21-2875 (filed Jan. 25, 2022); Amicus Brief, *Hecox v. Little*, 9th Cir. Nos. 20-35813, 20-35815, Dkt. 45 (filed Nov. 19, 2020).

45.     All Communications and Documents concerning public statements (including via social media), interviews, testimony, or speeches made by You about the Act, Transitioning, or the treatment of Minors for Gender Dysphoria or a Related Condition.

Respectfully submitted,

Steve Marshall
  *Attorney General*

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina
29413
(843) 606-0640
CMills@Spero.law

Edmund G. LaCour, Jr. (ASB-9182-U81L)
  *Solicitor General*
A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

s/ Brian W. Barnes
David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The parties have agreed to electronic service of discovery documents. I hereby certify that I electronically served a copy of the foregoing document on Melody H. Eagan (meagan@lightfootlaw.com), Jeffrey P. Doss (jdoss@lightfootlaw.com), Amie A. Vague (avague@lightfootlaw.com), J. Andrew Pratt (apratt@kslaw.com), Misty L. Peterson (mpeterson@kslaw.com), Adam Reinke (areinke@kslaw.com), Gilbert Oladeinbo (goladeinbo@kslaw.com), Brent P. Ray (bray@kslaw.com), Abigail Hoverman Terry (ahoverman@kslaw.com), Michael B. Shortnacy (mshortnacy@kslaw.com), Asaf Orr (aorr@nclrights.org), Jennifer L. Levi (jlevi@glad.org), Scott D. McCoy (scott.mccoy@splcenter.org), Diego A. Soto (diego.soto@splcenter.org), Jessica L. Stone (jessica.stone@splcenter.org), Sarah Warbelow (sarah.warbelow@hrc.org), Cynthia Weaver (cynthia.weaver@hrc.org), John Powers (john.powers@usdoj.gov), Coty Montag (coty.montag@usdoj.gov); Eliza Dermody (eliza.dermody@usdoj.gov); Alyssa C. Lareau (alyssa.lareau@usdoj.gov), Renee Williams (renee.williams3@usdoj.gov), Kaitlin Toyama (kaitlin.toyama@usdoj.gov), Lane Woodke (lane.woodke@usdoj.gov), Jason R. Cheek (jason.cheek@usdoj.gov), Sandra J. Stewart (sandra.stewart@usdoj.gov), and Stephen D. Wadsworth (Stephen.wadsworth@usdoj.gov) *via* email on this the 20th day of September 2022.

s/ Brian W. Barnes
*Counsel for Defendants*

# Exhibit 2

Intervenor-Plaintiff United States' Responses and Objections to
Defendants' First Requests for Production

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; *et al.*, | Case No. 2:22-cv-184-LCB-CWB |
| Plaintiffs, | Honorable Liles C. Burke |
| and | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| v. | |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; *et al.*, | |
| Defendants. | |

**PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA'S
OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS
FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Rules"),

Plaintiff-Intervenor the United States of America submits its objections and

responses to Defendants' First Requests for Production.

**<u>Preliminary Statement</u>**

The United States' Responses are limited to information currently available to

the United States and are based on the United States' understanding of the

1

information it has received or obtained to date. Additional discovery may reveal facts

that affect whether any given document is responsive to any particular request. The

United States' investigation is continuing and, consistent with the Rules and the

Local Rules of this Court, the United States will supplement its Responses and its

production as required.

The United States' Responses are further limited in that it will not produce

documents or electronically stored information that are an exact duplicate[1] of an item

that has already been produced, or documents or electronically stored information

that have already been produced in this litigation.

### Specific Objections and Responses

The United States objects to the Requests' definition of "You" or "Your," which

is overly broad and disproportionate to the needs of the case because it is not limited to

the portion of the vast federal government that is likely to have information relevant to

the claims and defenses in this case. Instead, the definition would apply to the entire

federal government, "former counsel," and "all other persons acting on behalf of" the

entire federal government. The boilerplate language in the Requests' definition

disregards the nature of the federal government and the comparatively limited claims

and defenses in this case. If followed, it would call for broad searches that are not likely

---

[1] "Duplicates" in the context of electronically stored information are copies of identical documents identified with matching MD-5 hashes, which is a mathematically-calculated 128 bit value used to create a unique identified for an electronic file.

in any way to lead to information relevant to the claims and defenses in this case. It is unreasonable, disproportionate, and likely impossible for counsel for the United States in this case to attempt to ascertain, find, and collect responsive information from all persons who meet this unnecessarily overbroad definition. Instead, the United States will respond to each Request based on information within the possession, custody, or control of the three offices acting as counsel and handling this litigation on behalf of the United States—that is, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division.

## REQUEST FOR PRODUCTION NO. 1:

All Communications and Documents concerning the Act.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys and staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced.

Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request fails to limit itself to any time period. In addition, the Request includes an overbroad catchall of "[a]ll Communications and Documents concerning the Act" (emphasis added), without any limitation, which likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any mention of the Act in any email in the United States' possession, which likely includes large numbers of irrelevant documents such as, for example, news article roundups that reference this litigation. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such

responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications and Documents concerning any legal challenge to the Act.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request fails to limit itself to any time period. In addition, the Request includes an overbroad catchall of "[a]ll Communications and Documents concerning any legal challenge to the Act" (emphasis added), without any limitation, which likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any mention of any legal challenge to the Act in any email in the United States' possession, which likely includes large numbers of irrelevant documents including, for example, news article roundups that reference this litigation. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the

6

same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 3:

All Communications and Documents among You and any plaintiff or expert in prior litigation concerning the Act, including *Ladinsky v. Ivey*, N.D. Ala., No. 22-cv-447; and *Walker v. Marshall*, M.D. Ala. No. 22-cv-167.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on

7

its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request fails to limit itself to any time period. In addition, the Request includes an overbroad catchall of "[a]ll Communications and Documents" (emphasis added), without any limitation, which includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 4:

All Communications and Documents that You may rely upon in summary judgment briefing or introduce at trial.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files

8

privilege, deliberative process privilege, and/or the common interest privilege.

Moreover, the Request for documents that the United States "may" rely upon for

summary judgment or at trial invade the attorney work product doctrine as it touches

on mental impressions, conclusions, opinions, and/or legal theories of Plaintiff-

Intervenor's counsel. Additionally, communications between the United States and the

Private Plaintiffs are protected by the common interest privilege and will not be

produced. Communications between counsel and an expert witness or consultant will

not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information that are equally available to the parties

because they are publicly available and/or part of the record in this matter. The United

States will provide Defendants with the location of and/or specifically reference such

responsive information.

The United States further objects to this Request on the grounds that it is

premature. The United States will identify the documents that it may introduce at

trial or reply upon in summary judgment briefing (including its expert disclosures)

pursuant to the relevant deadlines established by the Court's July 15, 2022 Scheduling

Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States will conduct a reasonable search and produce documents responsive to

this Request at the appropriate time.

## REQUEST FOR PRODUCTION NO. 5:

All Communications and Documents referred to or referenced in Your Initial Disclosures.

## RESPONSE:

The United States objects to this Request as unduly burdensome as it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. Further, communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

Subject to the foregoing objection, the United States will produce the following documents, referred to or referenced in the United States' Initial Disclosures in this litigation:

- Studies regarding the medical treatment of gender dysphoria in transgender youth;

- Guidelines regarding the standards of care for the medical treatment of gender dysphoria provided to transgender youth;

- Medical literature related to "off label" use of medications;

- Public statements from medical associations or practitioners regarding the standards of care for medical treatment of gender dysphoria provided to transgender youth;

- Public statements from medical associations regarding Alabama Senate Bill 184 and/or House Bill 266;

10

- Public statements or interviews from State officials related to Alabama Senate Bill 184 and/or House Bill 266;

- Video recordings of legislative hearings or proceedings on Alabama Senate Bill 184 and/or House Bill 266;

- Declaration signed by Dr. Armand Antommaria, which was filed in support of the United States' motion for a temporary restraining order and a preliminary injunction, and the exhibits accompanying that declaration; and

- Documents admitted as exhibits during the preliminary injunction proceedings.

In addition to the above-referenced categories, the United States also identified in its Initial Disclosures "[a]ll pleadings and other documents filed in this action and the attachments thereto." Documents that are part of the record in this matter are either already in Defendants' possession, custody, or control, or are readily available. Pursuant to this objection, the United States will not produce this category of documents. Otherwise, the United States is not withholding responsive documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications and Documents since January 1, 2017, concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents since January 1, 2017 . . ." (emphasis added), related to the very broad subjects of "Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition," without limitation. Information responsive to this unreasonably broad Request likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any reference to Transitioning in any email in

the United States' possession since 2017, which likely includes thousands of irrelevant documents including, for example, news articles about Transitioning, generally, that are entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, the timeframe for which Defendants seek responsive information is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents

responsive to this Request. In addition, responsive documents are listed on the United

States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 7:

All Communications and Documents since January 1, 2017, concerning the

effects of Transitioning or the treatment of Minors for Gender Dysphoria or a

Related Condition on the well-being or health of Minors.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice are protected by

the attorney-client privilege, investigatory files privilege, deliberative process

privilege, and the attorney work product doctrine and will not be produced.

Additionally, communications between the United States and the Private Plaintiffs are

protected by the common interest privilege and will not be produced. Communications

between counsel and an expert witness or consultant will not be produced as they are

protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents since January 1, 2017 . . ." (emphasis added), related to the very broad subjects of "the effects of Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition on the well-being or health of Minors," without limitation. Information responsive to this unreasonably broad Request likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any reference to the effects of Transitioning in any email in the United States' possession since 2017, which likely includes thousands of irrelevant documents including, for example, news articles about the effects of Transitioning, generally, which are entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, the timeframe for which Defendants seek responsive information is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this

15

case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 8:

All Communications and Documents since January 1, 2017, concerning the informed consent process for treating Minors for Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely

16

among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents since January 1, 2017 . . ." (emphasis added), related to the very broad subject of "the informed consent process for treating Minors for Gender Dysphoria or a Related Condition," without limitation. Information responsive to this unreasonably broad Request likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include all references to the informed consent process in any email in the United States' possession since 2017, which likely includes thousands of irrelevant documents including, for example, news articles about informed consent, generally, that entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other

17

federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, the timeframe for which Defendants seek responsive information is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications and Documents since January 1, 2017, concerning any

18

guidance, proposed rules, final rules, or other legal documents You have issued, may issue, or will issue regarding Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because the terms "guidance" and "other legal documents" are vague and ambiguous, as they are not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.*

*La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents since January 1, 2017 . . ." (emphasis

added) related to the very broad subjects of "any guidance, proposed rules, final rules,

or other legal documents . . . regarding Transitioning or the treatment of Minors for

Gender Dysphoria or a Related Condition" (emphasis added), without limitation.

Information responsive to this unreasonably broad Request likely includes numerous

documents that are entirely unrelated to the claims and defenses at issue in this lawsuit.

As just one example, the Request would include all references to proposed rules in any

email in the United States' possession since 2017, which likely includes large numbers

of irrelevant documents. The United States further objects to the extent this Request

seeks information in the possession of other federal agencies that are not parties to this

case. As written, the United States would expend unreasonable resources searching

for, reviewing, and producing a large volume of documents that are irrelevant.

Furthermore, the timeframe for which Defendants seek responsive information is

overbroad. Defendants themselves have objected to producing documents created

since 2017 and based on this objection the United States has agreed, during a meet and

confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the

United States will limit its Response to this Request to information since January 1,

2020 that is relevant to the claims and defenses of this case.

    The United States is withholding responsive documents based on these

objections. However, subject to the foregoing objections and without waiving the

same, the United States will conduct a reasonable search and produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 10:

All documents or communications between any official, attorney, employee, or representative of the U.S. Department of Justice and any other federal entity or employee concerning Transitioning and Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). First, the

21

Request includes "[a]ll documents or communications" (emphasis added) related to

the very broad subjects of "Transitioning and Gender Dysphoria or a Related

Condition" and without any limitation as to timeframe or to the claims and defenses in

this matter. Second, the Request includes "any official, attorney, employee, or

representative of the U.S. Department of Justice and any other federal entity or

employee" (emphasis added). The United States Department of Justice consists of 41

distinct offices, divisions, and bureaus, with hundreds of subcomponents located

throughout the United States and the United States' territories and over 100,000

employees. It is unreasonable and disproportionate for counsel for the United States in

this case to attempt to find and collect responsive information from all persons who

meet this unnecessarily broad definition, which disregards the size and breadth of the

United States Department of Justice and the comparatively limited claims and defenses

in this case. Information responsive to this unreasonably broad Request likely includes

numerous documents that are entirely unrelated to the claims and defenses at issue in

this lawsuit. As just one example, the Request would include any reference to

Transitioning in emails with federal employees, which likely includes large numbers

of irrelevant documents including, for example, documents with personal, private

medical information about individual United States Department of Justice employees

that are entirely unrelated to this litigation. As written, the United States would expend

unreasonable resources searching for, reviewing, and producing a large volume of

documents that are irrelevant. Furthermore, Defendants seek responsive information

22

without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case. Additionally, consistent with its other Responses to Defendants' Requests, the United States will respond based on information within the possession, custody, or control of the three offices acting as counsel and handling this litigation on behalf of the United States—that is, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 11:

All Communications and Documents regarding Proposed Rule, Non-discrimination in Health Programs and Activities, 87 Fed. Reg. 47824, that relate to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

23

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request involves a Proposed Rule published by the United States Department of Health and Human Services, which is not a party to this litigation. The Proposed Rule is entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. The United States notes that Private Plaintiffs are no longer

pursuing a claim under Section 1557 of the Affordable Care Act, further underscoring the Proposed Rule's irrelevance to this litigation. Communications and Documents regarding this Proposed Rule will not be produced. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as the Proposed Rule, that are equally available to the parties because they are publicly available.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12:

All Communications and Documents regarding Rule, Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37160 (June 19, 2020), that relate to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The Request involves a Rule published by the United States Department of Health and Human Services, which is not a party to this litigation. The Rule is entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. The United States also notes that Private Plaintiffs are no longer pursuing a claim under Section 1557 of the Patient Protection and Affordable Care Act, further underscoring the Rule's irrelevance to this litigation. Communications and Documents regarding this Rule will not be produced.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as the Rule, that are equally available to the parties because they are publicly available.

The United States is withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no nonprivileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications and Documents regarding Rule, Patient Protection and

Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2023, 87

Fed. Reg. 27208, that relate to Transitioning or the treatment of Minors for Gen- der

Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly

broad on its face, and not proportional to the needs of the case. The Request

constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See,*
*e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).
The Request involves a Rule published by the United States Department of Health and
Human Services, which is not a party to this litigation. The Rule is entirely unrelated
to this litigation in which the United States, represented by the United States
Department of Justice, is challenging Alabama Senate Bill 184 on equal protection
grounds. The United States also notes that Private Plaintiffs are no longer pursuing a
claim under Section 1557 of the Patient Protection and Affordable Care Act, further
underscoring the Rule's irrelevance to this litigation. Communications and Documents
regarding this Rule will not be produced.

The United States further objects to this Request as unduly burdensome, to the
extent it requests documents and information, such as the Rule, that are equally
available to the parties because they are publicly available.

The United States is withholding responsive documents based on these
objections. Subject to the foregoing objections and without waiving the same, the
United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 14:

All Communications and Documents concerning any past or present studies or
other research You have conducted, funded, or otherwise supported regarding
Transitioning or the treatment of Minors for Gender Dysphoria or a Related
Condition.

28

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "otherwise supported" is vague and ambiguous, as it is not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents concerning any past or present studies or other research" (emphasis added), without any limitations as to timeframe or to the claims and defenses in this matter, related to the very broad subjects of "Transitioning

29

or the treatment of Minors for Gender Dysphoria or a Related Condition." The Request is also vague and overbroad because it seeks Communications and Documents concerning all "studies or other research" without specifically referencing whether it is seeking "medical" studies or "medical" research. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include all documents about such research, which includes large numbers of irrelevant documents such as privileged budget tables entirely unrelated to this litigation. The United States will not expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to

30

this lawsuit. The United States will make its expert disclosures in accordance with the

Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling

orders) and Rule 26(a)(2).

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no nonprivileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Communications and Documents concerning any past or present studies or

other research You have declined to conduct, fund, or otherwise support regarding

Transitioning or the treatment of Minors for Gender Dysphoria or a Related

Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "otherwise supported" is vague and ambiguous, as it is not defined. The United States will interpret "otherwise supported" to mean financial or material support.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents concerning <u>any</u> past or present studies or other research" (emphasis added), without any limitations as to timeframe or to the claims and defenses in this matter, related to the very broad subjects of "Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition." The Request is also vague and overbroad because it seeks Communications and Documents concerning all "studies or other research" without specifically referencing whether it is seeking "medical" studies or "medical" research. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include <u>all</u> documents about such research, which

32

includes large numbers of irrelevant documents such as privileged budget tables

entirely unrelated to this litigation. The United States will not expend unreasonable

resources searching for, reviewing, and producing a large volume of documents that

are irrelevant. Furthermore, Defendants seek responsive information without any time

limitations, which is overbroad. Defendants themselves have objected to producing

documents created since 2017 and based on this objection the United States has

agreed, during a meet and confer with counsel, to limit its own discovery to a narrower

timeframe. Therefore, the United States will limit its Response to this Request to

information since January 1, 2020 that is relevant to the claims and defenses of this

case.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications and Documents regarding any criteria used to select

studies or research to fund regarding Transitioning or the treatment of Minors for

Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "otherwise supported" is vague and ambiguous, as it is not defined. The United States will interpret "otherwise supported" to mean financial or material support.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents regarding any criteria" (emphasis added), without any limitations as to timeframe or to the claims and defenses in this matter, related to the very broad subjects of "Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition." The Request is also vague and overbroad because it seeks Communications and Documents regarding any criteria used to select studies or research without specifically referencing whether it is seeking

34

"medical" studies or "medical" research. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include <u>all</u> documents about these criteria, which includes large numbers of irrelevant documents such as privileged criteria considered decades ago and entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States will not expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 17:

All Communications and Documents concerning Your funding of Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See,*

*e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

Any federal government funding of medical treatment is wholly unrelated to this

litigation, which challenges Alabama Senate Bill 184 on equal protection grounds. The

United States further objects to the extent this Request seeks information in the

possession of other federal agencies that are not parties to this case. Communications

and Documents regarding any funding are irrelevant, and will not be produced.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 18:

All Communications and Documents concerning research published as Johanna

Olson-Kennedy et al., Impact of Early Medical Treatment for Transgender Youth:

Protocol for the Longitudinal, Observational Trans Youth Care Study,

doi:10.2196/14434, National Institutes of Health Project # 1R01HD082554-01A1,

including without limitation the grant proposal (including appendices), study protocol,

all records of its implementation, all informed consent documents, all IRB approval

forms, all educational materials, all minutes and notes from any meetings with any

NIH staff, all progress reports, all board meeting minutes, all FCOI re- quests, all

letters of support, all funding documents, all outcome data, all extensions or requests

for extensions, and Communications regarding a letter dated on or about Apr 5, 2019

requesting a moratorium on this research signed by Michael Laidlaw, William Malone,

37

and/or Hacsi Horvath.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) concerning the research cited, without any limitations as to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request as contemplated by Defendants

38

would include an extensive range of administrative documents related to grant funding that are irrelevant to this litigation, which challenges Alabama Senate Bill 184 on equal protection grounds. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States will not expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as published research, that are equally available to the parties because they are publicly available.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 19:

All Communications and Documents concerning research published as Johanna Olson-Kennedy et al., *Physiologic Response to Gender-Affirming Hormones Among Transgender Youth*, Journal of Adolescent Health, 62(4), 397–401. https://doi.org/10.1016/j.jadohealth.2017.08.005, including without limitation the grant proposal (including appendices), all study protocols, all records of its

implementation, all informed consent documents, all IRB approval forms, all

educational materials, all minutes and notes from any meetings with any NIH staff,

all progress reports, all board meeting minutes, all FCOI requests, all letters of

support, all funding documents, all outcome data, and all extensions or requests for

extensions.

**<u>RESPONSE:</u>**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.*

*La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added) concerning the

research cited, without any limitations as to the claims and defenses in this matter,

which includes numerous documents that are entirely unrelated to the claims and

defenses at issue. As just one example, the Request as contemplated by Defendants

includes an extensive range of administrative documents related to grant funding that

are irrelevant to this litigation, which challenges Alabama Senate Bill 184 on equal

protection grounds. The United States further objects to the extent this Request seeks

information in the possession of other federal agencies that are not parties to this case.

As written, the United States would expend unreasonable resources searching for,

reviewing, and producing a large volume of documents that are irrelevant. Therefore,

the United States will limit its Response to this Request to information that is relevant

to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information, such as published research, that are

equally available to the parties because they are publicly available.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 20:</u>**

All Communications and Documents concerning research by Natalie J. Nokoff

regarding Transitioning or Gender Dysphoria or a Related Condition, including

41

without limitation all study protocols, all records of implementation, all informed

consent documents, all IRB approval forms, all educational materials, all minutes

and notes from any meetings with any NIH staff, all progress reports, all board meeting

minutes, all FCOI requests, all letters of support, all funding documents, and all

outcome data, about all of the following NIH-funded projects and any other projects

concerning Transitioning or Gender Dysphoria or a Related Condition: Trans Health:

Evaluation of Markers of Cardio-metabolic Health and Well-being in Transgender

Youth, https://clinicaltrials.gov/ct2/show/NCT02550431; Pubertal Blockade and

Estradiol Effects on Cardiometabolic Health for Transitioning Youth, Projects # K23-

HL-151868-01, -02, -03; and, Project # K12-HD-057022.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

42

the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) concerning the research cited, without any limitations as to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request as contemplated by Defendants includes an extensive range of administrative documents related to grant funding that are irrelevant to this litigation, which challenges Alabama Senate Bill 184 on equal protection grounds. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States will not expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as published research, that are equally available to the parties because they are publicly available.

The United States is not withholding responsive documents based on these

43

objections. Subject to the foregoing objections and without waiving the same, the

United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 21:

All Communications and Documents concerning Your participation in

Transitioning or the treatment of Minors for Gender Dysphoria or a Related

Condition, including at any hospitals, medical offices, or clinics run by or supported

by You.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because the term

"participation" is vague and ambiguous, as it is not defined and the Request does not

specify participation in what capacity.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. Any federal government participation in medical treatment is wholly unrelated to this litigation, which challenges Alabama Senate Bill 184 on equal protection grounds. Communications and Documents regarding any such activities will not be produced.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 22:

All Communications and Documents concerning the Food & Drug Administration's or any other agency's consideration of medical devices, drugs, or medical requirements related to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the terms "consideration" and "medical requirements" are vague and ambiguous, as they are not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations as to timeframe or to the claims and defenses in this matter, which likely includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any mention of the consideration of the use of hormone therapy dating back multiple decades. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States

46

would expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 23:

All Communications and Documents concerning the Food & Drug Administration's decision to add a warning about the risk of pseudotumor cerebri (idiopathic intracranial hypertension) to the labeling for gonadotropin-releasing

hormone agonists as generally discussed in Risk of pseudotumor cerebri added to

labeling for gonadotropin-releasing hormone agonists, AAP,

https://www.fda.gov/media/159663/download#:~:text=The%20Food%20and%20Dru

g%20Administration%20(FDA)%20has%20added%20a%20warning,precocious%20p

uberty%20in%20pediatric%20patients. (July 1, 2022), including without limitation

reporting of adverse events by diagnosis, primary data, Communications between

You and AAP, and Communications between Your agencies.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations as to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any mention of the Food and Drug Administration's decision to add a warning in any email in the United States' possession, which includes large numbers of irrelevant documents such as, for example, news articles reporting on this decision. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same,

responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 24:

All Communications and Documents concerning the FDA review of Puberty Blockers referenced in Christina Jewett, Women Fear Drug They Used To Halt Puberty Led To Health Problems, Kaiser Health News, https://khn.org/news/women-fear-drug-they-used-to-halt-puberty-led-to-health- problems/ (Feb. 2, 2017).

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any mention of the Food and Drug Administration's review in any email in the United States' possession, which includes large numbers of irrelevant documents such as, for example, news articles reporting on this review. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as published articles, that are equally available to the parties because they are publicly available and/or part of the record in this matter.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

51

**REQUEST FOR PRODUCTION NO. 25:**

All Communications and Documents concerning reporting of adverse events for Puberty Blockers and Cross-sex Hormones.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include all

reporting of adverse events for Puberty Blockers and Cross-sex Hormones, which likely includes large numbers of irrelevant documents including, for example, documents with personal, private medical information about individual United States Department of Justice employees that are entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this request to Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 26:

All Communications and Documents concerning reporting of adverse events

for surgical procedures used to treat Gender Dysphoria or a Related Condition.

**<u>RESPONSE:</u>**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice are protected by

the attorney-client privilege, investigatory files privilege, deliberative process

privilege, and the attorney work product doctrine and will not be produced.

Additionally, communications between the United States and the Private Plaintiffs are

protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.

La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any

limitation, which includes numerous documents that are entirely unrelated to the

claims and defenses at issue. As just one example, the Request would include any

such documents dating back decades which, particularly given the speed of medical

advancements, are irrelevant to the allegations of this lawsuit, which does not

challenge any ban on surgical procedures on transgender youth. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. As just one example, the Request would include all reporting of adverse events for surgical procedures used to treat Gender Dysphoria or a Related Condition, which likely includes documents with personal, private medical information about individual United States Department of Justice employees that are entirely unrelated to this litigation. Therefore, the United States will limit its Response to this request Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications and Documents concerning Transitioning treatments or care provided to Minors in Alabama, including referrals to providers outside the state.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any limitation, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any such documents dating back decades which, particularly given the speed of medical advancements, are irrelevant to the allegations of this lawsuit. The Request could also include documents with personal, private medical information about individual United States Department of Justice employees that are entirely unrelated to this litigation. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this request to Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

57

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 28:

All Communications and Documents relating to the appropriate age for beginning Transitioning treatment in Minors.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation as to timeframe or to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any such documents dating back decades which, particularly given the speed of medical advancements, are irrelevant to the allegations of this lawsuit. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this request to Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States further objects to this Request as premature, to the extent it

seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 29:**

All Communications and Documents concerning reports on the quality of care for the treatment of Minors for Gender Dysphoria or a Related Condition, including without limitation Communications and Documents involving the Agency for Healthcare Research and Quality and its Topic Brief: Treatments for Gender Dysphoria in Transgender Youth, https://effectivehealthcare.ahrq.gov/system/files/docs/topic-brief-gender-dysphoria.pdf (Jan. 8, 2021).

**RESPONSE:**

The United States objects to this Request to the extent it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents,

correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because the term "quality of care" is vague and ambiguous, as it is not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation as to timeframe or to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any such documents dating back decades which, particularly given the speed of medical advancements, are irrelevant to the allegations of this lawsuit. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not

61

parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this request to Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 30:**

All Communications and Documents concerning the following document published by the Department of Health and Human Services' Office of Population Affairs: Gender-Affirming Care and Young People, https://opa.hhs.gov/sites/default/files/2022-03/gender-affirming-care-young-people-march-2022.pdf.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" concerning a publication by the United States Department of Health and Human Services—which is not a party to this case—without any limitations as to the claims and defenses in this matter. Information

63

responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include any mention of the document, which includes large numbers of irrelevant documents such as news articles reporting on its publication. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 31:

All Communications and Documents concerning the following document published by the Department of Health and Human Service's Children's Bureau: Guidance for Title IV-B and IV-E Agencies When Serving LGBTQI+ Children and Youth, https://www.acf.hhs.gov/sites/default/files/documents/cb/im2201.pdf.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) concerning a document published by the United States Department of Health and Human Services—which is not a party to this case—without any limitations as to the claims

and defenses of this litigation. Information responsive to this unreasonably broad

Request includes numerous documents that are entirely unrelated to the claims and

defenses at issue in this lawsuit. As just one example, the Request as contemplated by

Defendants would include any mention of the document, which includes large

numbers of irrelevant documents such as, for example, news articles reporting on its

publication. As written, the United States would expend unreasonable resources

searching for, reviewing, and producing a large volume of documents that are

irrelevant. Therefore, the United States will limit its Response to this Request to

information it has received, reviewed, considered, or relied upon in relation to the

claims and defenses at issue in this lawsuit.

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information that are equally available to the parties

because they are publicly available and/or part of the record in this matter. The United

States will provide Defendants with the location of and/or specifically reference such

responsive information.

The United States is withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no nonprivileged documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 32:</u>**

All Communications and Documents concerning the Centers for Medicare and

Medicaid's Services' decision to approve a request to provide "gender-affirming

care" in the individual and small group health insurance markets as part of Colorado's

Essential Health Benefit (EHB) benchmark. *See*

https://www.hhs.gov/about/news/2021/10/12/biden-harris-administration-green-

lights-coverage-of-lgbtqplus-care-as-an-essential-health-benefit-in-colorado.html.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly

broad on its face, and not proportional to the needs of the case. The Request

constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See,*

*e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

The Request includes "[a]ll Communications and Documents" (emphasis added)

regarding a decision made by the Centers for Medicare and Medicaid Services, which is not a party to this case. Decisions made by the Centers for Medicare and Medicaid Services are entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. This decision, and any related Communications and Documents will not be produced.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All Communications and Documents concerning the following document published by the Department of Justice: Letter Regarding Federal Nondiscrimination Protections, https://www.justice.gov/opa/press-release/file/1489066/download.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process

privilege, and the attorney work product doctrine and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation as to the claims and defenses in this matter, which likely includes numerous documents that are entirely irrelevant. As just one example, the Request would include any mention of the document, which likely includes large numbers of irrelevant documents including, for example, emails related to any publicity or dissemination of the document. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information related to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the

same, the United States will conduct a reasonable search and produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 34:

All Communications and Documents pertaining to incidences and facts regarding onset of Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request to the extent it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.*

*La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any

limitation, related to the very broad subjects of "incidences and facts regarding onset

of Gender Dysphoria or a Related Condition." Information responsive to this

unreasonably broad Request likely includes numerous documents that are entirely

unrelated to the claims and defenses at issue in this lawsuit. As just one example, the

Request would include any description of the medical history of any individual with

Gender Dysphoria in the United States' possession, which likely includes large

numbers of irrelevant documents including, for example, documents with personal,

private medical information about individual United States Department of Justice

employees that are entirely unrelated to this litigation. The United States further

objects to the extent this Request seeks information in the possession of other federal

agencies that are not parties to this case. As written, the United States would expend

unreasonable resources searching for, reviewing, and producing a large volume of

documents that are irrelevant. Furthermore, Defendants seek responsive information

without any time limitations, which is overbroad. Defendants themselves have

objected to producing documents created since 2017 and based on this objection the

United States has agreed, during a meet and confer with counsel, to limit its own

discovery to a narrower timeframe. Therefore, the United States will limit its Response

to this Request to information since January 1, 2020 related to the claims or defenses

at issue in this lawsuit.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 35:

All Communications and Documents regarding the incidences of Medicare beneficiaries with Gender Dysphoria or a Related Condition or who are undergoing Transitioning.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). In addition to failing to include any time limitation, the Request involves Medicare, which is administered by the Centers for Medicare and Medicaid Services, which is not a party to this case. Medicare beneficiaries are entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. Further, this lawsuit relates to the treatment of minors who are typically not beneficiaries of Medicare. Communications and Documents regarding Medicare and its beneficiaries

73

will not be produced.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 36:

All Communications and Documents reflecting incidences or evidence of desistance or detransition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation, related to the very broad subjects of "incidences or evidence of 'desistance' or detransition." Information responsive to this unreasonably broad Request likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any description of the medical history of any individual with a history of "desistance" or "detransition" in the United States' possession, which likely includes large numbers of irrelevant documents including, for example, documents with personal, private medical information about individual United States Department of Justice employees that are entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to

information since January 1, 2020 related to the claims or defenses at issue in this lawsuit.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 37:

All Communications and Documents concerning Dr. Erika Anderson and Dr. Marci Bowers related to Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request fails to limit itself to any time period. In addition, the Request includes an overbroad catchall of "[a]ll Communications and Documents" (emphasis added), without any limitation, which includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties

because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 38:

All Communications and Documents between NIH's Sexual & Gender Minority Research Office and any representative of the World Professional Association for Transgender Health ("WPATH"), U.S. Professional Association for Transgender Health ("USPATH"), the Endocrine Society, the American Psychological Association, the American Academy of Pediatrics ("AAP"), the Human Rights Campaign, the Southern Poverty Law Center, and the American Civil Liberties Union regarding Transitioning and Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The Request includes "[a]ll Communications and Documents" (emphasis added) between an office within the National Institutes of Health—which is not a party to this lawsuit—and eight large, nongovernmental organizations, related to the very broad matters of "Transitioning

78

and Gender Dysphoria or a Related Condition." Communications and Documents between these entities will not be produced.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All Communications and Documents between or among Xavier Becerra, Rachel Levine, Francis Collins, Janet E. Hall, Loyce Pace, Chiquita Brooks-LaSure, Karen L. Parker, or any of their officers, agents, employees, present or former counsel, or other persons acting on their behalf and any representative of WPATH, USPATH, the Endocrine Society, the American Psychological Association, AAP, the Human Rights Campaign, the Southern Poverty Law Center, and the American Civil Liberties Union regarding Transitioning and Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) involving seven current and former federal government officials associated with agencies that are not parties to this lawsuit, "any of their officers, agents, employees, present or former counsel, or other persons acting on their behalf" (emphasis added), and eight large, nongovernmental organizations, related to the very broad matters of "Transitioning and Gender Dysphoria or a Related Condition." Communications and Documents between these entities are entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. Communications and Documents between these entities will not be produced. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## **REQUEST FOR PRODUCTION NO. 40:**

All Communications and Documents concerning the organizational stance regarding the treatment of Gender Dysphoria or a Related Condition from WPATH, USPATH, AAP, or the Endocrine Society.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "organizational stance" is vague and ambiguous, as it is not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations, of four nongovernmental entities that are not parties to this lawsuit. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one

81

example, the Request would include decades-old news articles received by the United States in which a member of one of these non-party organizations communicated the organization's view about the treatment of Gender Dysphoria. As written, the United States would expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 41:

All Communications and Documents concerning any conference related to
Gender Dysphoria or a Related Condition that WPATH, USPATH, AAP, or the
Endocrine Society has hosted.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically
stored information protected by the attorney-client privilege, investigatory files
privilege, deliberative process privilege, the common interest privilege, and/or the
attorney work product doctrine. Internal documents, correspondence, and other
documents and communications created by, or at the request of, and exchanged solely
among attorneys or staff of the United States Department of Justice are protected by
the attorney-client privilege, investigatory files privilege, deliberative process
privilege, and the attorney work product doctrine and will not be produced.
Additionally, communications between the United States and the Private Plaintiffs are
protected by the common interest privilege and will not be produced. Communications
between counsel and an expert witness or consultant will not be produced as they are
protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on
its face and not proportional to the needs of the case. The Request constitutes an
improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.
La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any limitations, related to any conference held on the very broad subjects of "Gender Dysphoria or a Related Condition" by four nongovernmental entities that are not parties to this lawsuit. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any invitation, no matter how old, to any conference on these topics held by one of these non-party organizations. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as public conference agenda, that are equally available to the parties because they are publicly available.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications and Documents regarding Your review or consideration of the following: Nat'l Inst. for Health and Care Excellence, Evidence Review: Gender-Affirming Hormones for Children and Adolescents with Gender Dysphoria (2021); Nat'l Inst. for Health and Care Excellence, Evidence Review: Gonadotrophin Releasing Hormone Analogues for Children and Adolescents with Gender Dysphoria (2021); Ryan Anderson, When Harry Became Sally (2018); Abigail Shrier, Irreversible Damage (2020); Abigail Shrier, Top Trans Doctors Blow the Whistle on 'Sloppy' Care, Common Sense (Oct. 4, 2021); William J. Malone et al., Proper Care of Transgender and Gender-diverse Persons in the Setting of Proposed Discrimination, 106 J. Clinical Endocrinology & Metabolism e3287 (2021); Abigail Shrier, A Pediatric Association Stifles Debate on Gender Dysphoria, Wall St. Journal (Aug. 9, 2021); Stephen Levine et al., Reconsidering Informed Consent for Trans-Identified Children, Adolescents, and Young Adults, J. Sex & Marital Therapy, 7 (Mar. 2022); Socialstyrelsen, Care of children and adolescents with gender dysphoria (Feb. 2022); Académie Nationale de Médecine, Medicine and gender transidentity in children and adolescents (Feb. 2022); James M. Cantor, Transgender and Gender Diverse Children and Adolescents: Fact-Checking of AAP Policy, Journal of Sex & Marital Therapy, DOI: 10.1080/0092623X.2019.1698481 (2019).

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

85

stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations as to the claims and defenses of this matter, related to the very broad activities of "review or consideration" of eleven articles published by entities or individuals unrelated to this lawsuit. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include

communications dating back to at least 2018, regarding a publication authored by a private citizen that has no bearing at all on the facts at issue in this lawsuit. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial

disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 43:

All Communications and Documents regarding the Society for Evidence Based Gender Medicine ("SEGM"), the American College of Pediatricians, 4th Wave Now, Transgender Trend, Michael Laidlaw, MD, William Malone, MD, Paul Hruz, MD, Quentin Van Meter, MD, Julie Mason, MD, Stephen Levine, MD, Andre Van Mol, MD, Michelle Cretella, South Dakota Rep. Fred Deutsch, Deborah Soh, and Hilary Cass.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g., Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations, related to sixteen individuals and nongovernmental organizations that are not parties to this lawsuit. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include all emails from each of the sixteen entities or individuals on <u>any</u> topic at all, which includes large numbers of irrelevant documents. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United

States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 44:

All Communications and Documents regarding the following filings by You: Statement of Interest, *Brandt v. Rutledge*, E.D. Ark. No. 21-cv-450, Dkt. 19 (filed June 17, 2021); Amicus Brief, *Brandt v. Rutledge*, 8th Cir. No. 21-2875 (filed Jan. 25, 2022); Amicus Brief, *Hecox v. Little*, 9th Cir. Nos. 20-35813, 20-35815, Dkt. 45 (filed Nov. 19, 2020).

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are

90

protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) regarding three unrelated lawsuits, which are completely separate from this litigation challenging Alabama Senate Bill 184 on equal protection grounds. Communications and Documents regarding unrelated lawsuits will not be produced.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 45:

All Communications and Documents concerning public statements (including via social media), interviews, testimony, or speeches made by You about the Act,

Transitioning, or the treatment of Minors for Gender Dysphoria or a Related

Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice are protected by

the attorney-client privilege, investigatory files privilege, deliberative process

privilege, and the attorney work product doctrine and will not be produced.

Additionally, communications between the United States and the Private Plaintiffs are

protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.

La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents concerning public statements"

(emphasis added), on these broad topics without any limitation as to timeframe or the

claims and defenses as issue, which likely includes numerous documents that are

entirely unrelated to the claims and defenses at issue. As just one example, the Request

would include any statement, given at any time, that in any way discussed Transitioning, even if completely unrelated to the issues here. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request.

November 3, 2022

Respectfully submitted,

SANDRA J. STEWART
United States Attorney
Middle District of Alabama

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

PRIM F. ESCALONA
United States Attorney
Northern District of Alabama

JOHN POWERS (DC Bar No. 1024831)
Counsel to the Assistant Attorney General
Civil Rights Division

LANE H. WOODKE
Chief, Civil Division
Northern District of Alabama

CHRISTINE STONEMAN
Chief, Federal Coordination and
Compliance Section

  /s/ Jason R. Cheek
JASON R. CHEEK
Deputy Chief, Civil Division
MARGARET L. MARSHALL
Assistant U.S. Attorney
ROBERT C. PICKREN
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203
Tel.: (205) 244-2104
Jason.Cheek@usdoj.gov
Margaret.Marshall@usdoj.gov

  /s/ Coty Montag
COTY MONTAG (DC Bar No. 498357)
Deputy Chief, Federal Coordination and
Compliance Section

ALYSSA C. LAREAU (DC Bar No.
494881)
RENEE WILLIAMS (CA Bar No. 284855)
KAITLIN TOYAMA (CA Bar No. 318993)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance
Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 305-2222
Alyssa.Lareau@usdoj.gov
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

STEPHEN D. WADSWORTH
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

## CERTIFICATE OF SERVICE

The parties have agreed to electronic service of discovery documents.  I hereby

certify that on November 3, 2022, I electronically served a copy of the foregoing

document to the following counsel of record:

Melody H. Eagan
Jeffrey P. Doss
Amie A. Vague
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt
Misty L. Peterson
Adam Reinke
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com

Brent P. Ray
Abigail Hoverman Terry
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

mshortnacy@kslaw.com

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
aorr@nclrights.org

Jennifer L. Levi
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
jlevi@glad.org

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
P.O. Box 12463
Miami, FL 33101
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

Jessica L. Stone
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

Sarah Warbelow
Cynthia Weaver
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

*Counsel for Private Plaintiffs*

Edmund G. LaCour Jr.
A. Barrett Bowdre
James W. Davis
Benjamin M. Seiss
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

Christopher E. Mills
SPERO LAW LLC
557 East Bay Street
Charleston, SC 29413
cmills@spero.law

Brian Wesley Barnes
David H. Thompson
John D. Ramer
Peter A. Patterson
COOPER & KIRK
1523 New Hampshire Avenue NW
Washington, DC 20036
bbarnes@cooperkirk.com
dthompson@cooperkirk.com
jramer@cooperkirk.com
ppatterson@cooperkirk.com

*Counsel for Defendants*

Respectfully submitted,

/s/ Jason R. Cheek
Jason R. Cheek
Assistant U.S. Attorney

97

# Exhibit 3

E-mail Correspondence Between Defendants and Intervenor-Plaintiff
United States of America

**Bowdre, Barrett**

| | |
|---|---|
| **From:** | Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov> |
| **Sent:** | Tuesday, January 24, 2023 9:38 AM |
| **To:** | Brian Barnes; Melody H. Eagan; Montag, Coty (CRT); Bowdre, Barrett; Adam Reinke; John Ramer |
| **Cc:** | Cheek, Jason (USAALN); LaCour, Edmund; Wilson, Thomas; Davis, Jim; Seiss, Ben; Christopher Mills; Pete Patterson; David Thompson; Jeffrey P. Doss; Amie A. Vague; AOrr; Jennifer Levi; Sarah Warbelow; Cynthia Weaver; Andy Pratt; Misty Peterson; Brent Ray; Abigail Terry; Michael Shortnacy; Scott McCoy; Diego Soto; Jessica Stone; Marshall, Margaret (USAALN); Williams, Renee (CRT); Toyama, Kaitlin (CRT) |
| **Subject:** | RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents |

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Thanks, Brian.  Your clarifications are very helpful.  We will get back to you on this as soon as possible.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Monday, January 23, 2023 3:21 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on RFPs 11, 12, and 13. Here are answers to your questions:

1. We're not completely certain what you mean by the administrative record "as defined and assembled by HHS." To clarify, our proposal on RFPs 11, 12, and 13 is that the United States produce "the full administrative record that was before the Secretary at the time he made" the decisions referenced in each of those RFPs. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). That would include "all information [the agency] considered either directly or indirectly." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010).

2. We agree that privileged documents aren't part of the administrative record (as defined above). So if the United States agrees to our proposal on RFPs 11, 12, and 13, no privilege log would need to be produced for purposes of responding to those requests. To be clear, we aren't offering to abandon the request for a privilege log as to

1

other RFPs, but we would agree to give up on a privilege log for purposes of RFPs 11, 12, and 13 if the United States agrees to our proposal on those RFPs.

3.  Our thought on RFP 11 was that the agency may have already assembled the materials it has considered so far even though there isn't yet a final rule. But if that isn't correct, our proposal may not be feasible with respect to RFP 11.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, January 20, 2023 2:06 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian-

Thanks for taking the time to continue our discussion on the RFPs yesterday.  As we discussed, we are considering your request for "administrative records" regarding RFPs 11-13.  On that note, we want to clarify three points:

1)  Defendants are only seeking the administrative record, as defined and assembled by HHS;
2)  Defendants agree that the administrative record does not include privileged materials (e.g., documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege). Since deliberative process materials, including internal memoranda, are not considered part of the administrative record, there will be no expectation that the United States create a privilege log; and
3)  RFP 11 is specific to the current Section 1557 NPRM. Since the rulemaking process is ongoing, please specify what Defendants are seeking with respect to this RFP.

Best,

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, January 12, 2023 10:19 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke

<Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

The proposal in my note of January 5 was for the United States to identify custodians it would use to respond to a subset of the RFPs (RFP 18, RFP 19, RFP 20, RFP 23, RFP 24, RFP 29, and RFP 30) and to use that list of custodians to help frame a discussion around whether and how to limit the scope of the remaining RFPs on which we haven't offered to stand down. We think this is a sensible approach because it's impossible for us to assess the claims of burdensomeness without having any sense for the number of custodians or volume of documents in play. Would the United States be amenable to that approach? And if not, does the United States have a counterproposal?

Your note below doesn't respond to my question about whether there are administrative records for the actions referenced in RFP 11, RFP 12, and RFP 13. As I noted, one path forward on those RFPs would be for the United States to produce the relevant administrative records. If they already exist, it's difficult for us to see how producing them could be unduly burdensome.

We recognize that some documents responsive to some of our RFPs may be covered by the deliberative process privilege, but that's not a basis for refusing to search for responsive documents. Non-deliberative (e.g., factual) material cannot be withheld under the deliberative process privilege even if it's predecisional. That's why the administrative record for a final agency action can be thousands of pages long and isn't limited to whatever an agency says about its decision in the Federal Register. The deliberative process privilege is also a qualified privilege that can be overcome when a litigant makes a sufficient showing of need. For those reasons among others, the deliberative process privilege can only be asserted on a document-by-document basis, and the privilege issue you raise is premature.

Finally, while we appreciate the offer to send links to the documents referenced in RFPs 11-13, 18, 19, 20, 23, 24, 29, and 30, we obviously already have those documents. The thrust of those RFPs is not to request copies of the documents themselves but the factual inputs and other non-privileged materials behind them.

If you aren't able to respond to this note by Monday, please let me know when between now and then you are available to meet and confer by telephone. Given the schedule in this case, we think it's essential to complete these negotiations no later than the end of next week.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, January 11, 2023 1:25 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT)

<Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>;
John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson,
Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben
<Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>;
David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow
<Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty
Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael
Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto
<Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN)
<Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

Thanks again for your email.  Our position remains that HHS is not a part of the United States for purposes of this
case.  However, without waiving our objections and while fully preserving our rights on the issue, we remain open to the
possibility of attempting to facilitate a production of responsive documents on behalf of HHS provided we can come to
agreement on the boundaries of the requests at issue.

We appreciate your efforts to provide greater specificity as to which RFPs Defendants believe will most likely yield
relevant information.  However, a number of RFPs that you refer to as the "broader" ones remain
unaddressed.  Because those requests remain in play, the totality of Defendants' requests remain overly broad and
unduly burdensome, in addition to raising the same significant relevance and deliberative process concerns we have
discussed previously during the meet and confer process.  For example, we do not see how pre-decisional emails,
memos, or pre-final drafts of publicly available studies and reports have any bearing on this lawsuit or are properly
discoverable.

We also wanted to flag, in case it's useful and in the interest of expediency, that many of the reports and studies
mentioned in your email can be accessed online.  We could provide links to certain publications responsive to RFPs 11-
13, 18, 19, 20, 23, 24, 29, and 30 if you would like.  Please let us know if that would be helpful.

Amie

_____
Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Murphy, Amie (CRT)
**Sent:** Friday, January 6, 2023 5:04 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT)
<Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>;
John Ramer <jramer@cooperkirk.com>

**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  We're working through this issue as expeditiously as possible and will know early next week which day works best to schedule the call.  Have a nice weekend.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, January 6, 2023 3:21 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Amie. Just in the interest of keeping the ball rolling, should we schedule another call for late in the day Tuesday or sometime on Wednesday? We can always cancel if a call proves unnecessary, but I think it would be good to have another time on the calendar when we can discuss after you respond to my last note in writing.

I hope you have a nice weekend.

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, January 6, 2023 11:19 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow

<Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks for giving the issue more consideration.  We will give this some thought and get back to you on Monday or Tuesday.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, January 5, 2023 5:23 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Amie,

Here are a few thoughts and responses relevant to your email below and the issues we discussed during our call on January 3.

1. This issue will hopefully turn out to be academic, but we strongly disagree with your position that HHS documents are beyond the scope of materials that the United States is required to review and produce under Rule 34. Under that rule, documents are in bounds if they are in the "responding party's possession, custody, or control." The "responding party" here is the United States. The United States—not the Attorney General or the Department of Justice—is the entity listed in the intervention papers and which now appears on the case caption. Nor could it be otherwise: the statute the United States relied on to intervene specifies that "the Attorney General *for or in the name of the United States* may intervene." 42 U.S.C. § 2000h-2 (emphasis added). The Attorney General and the DOJ may serve as attorneys for the United States, but it is the United States itself that is the party. So it is the United States itself that is responsible for complying with discovery obligations *as a party*. The pertinent question is thus what documents the *United States* has in its "possession, custody or control." And as relevant here, the answer is that the United States has "possession, custody, or control" over documents and communications at HHS because HHS is an executive agency of the United States.

2. As we discussed during our January 3 call, the fundamental thing we are after with most of the discovery requests directed to the United States is evidence relevant to the safety and efficacy of the treatments that are the subject of the lawsuit. We know that HHS has relevant evidence on this topic based on things that agency has said and done in recent years. Some of our RFPs are targeted requests that specifically seek documents concerning a subset of those actions that we view as especially likely to yield highly relevant documents –

a. RFP 18 (documents concerning an NIH-funded study on the impact of early medical treatment for transgender youth);

b. RFP 19 (documents concerning an NIH-funded study on the physiologic response to cross-sex hormones among transgender youth);

c. RFP 20 (documents concerning NIH-funded research by Natalie Nokoff regarding transitioning and gender dysphoria);

d. RFP 23 (documents concerning the FDA's decision to add a warning about pseudotumor cerebri to the label for puberty blockers);

e. RFP 24 (documents concerning the FDA's review of puberty blockers);

f. RFP 29 (documents concerning a topic brief on treatments for gender dysphoria by the Agency for Healthcare Research and Quality); and

g. RFP 30 (documents concerning a publication by the Office of Population Affairs on gender-affirming care and young people).

In terms of a path forward, we think a logical next step is for the United States to identify the custodians who are most likely to have documents responsive to those RFPs. We could then have a conversation about whether those same custodians would be appropriate for purposes of responding to some of the broader RFPs.

3. RFP 11, RFP 12, and RFP 13 all seek documents relating to administrative actions taken or being considered by HHS. Has HHS maintained administrative records relating to those actions? If so, producing those records to us could be a way of satisfying those requests with minimal burden.

4. We understand your concerns about burdensomeness, and as part of a broader compromise we would be willing to withdraw the following RFPs: RFP 2, RFP 3, RFP 17, RFP 21, RFP 26, RFP 27, RFP 32, RFP 33, RFP 44, and RFP 45. Although we do not think that the United States's decision to abandon its challenge to the features of the Act that regulate surgeries makes evidence concerning surgeries irrelevant, I note that we are offering to withdraw RFP 26 (documents concerning reporting of adverse events for surgical procedures used to treat gender dysphoria).

5. As I mentioned at the end of our call, the documents we are seeking in fact discovery will be important inputs for our experts' analysis. Accordingly, if we come close to the March 20 deadline for disclosure of defendants' expert reports and still have significant document discovery requests outstanding, it is very likely that we will seek an extension of the March 20 deadline. I am raising this issue now because the plaintiffs' expert reports are due on January 23. Given the current status of fact discovery, defendants would not oppose an extension of that deadline (assuming a similar extension of the deadline for disclosure of defendants' expert reports).

6. Concerning the ESI protocol, the concern I raised during our last call was with respect to the following sentence that plaintiffs proposed to add to Section V(E): "The Parties further agree that when producing Documents and ESI, privileged, data privacy protected, or irrelevant material contained within an otherwise discoverable Document or ESI record should be redacted." We read that sentence to permit redactions of "irrelevant material contained within an otherwise discoverable Document." As I mentioned during the call, we are very reluctant to agree to a protocol that permits redactions based on relevance. (We are uncertain what plaintiffs have in mind by way of "data privacy protected" redactions but also would likely object to that.)

7

Especially in light of the Court's decision yesterday to move up the trial date by two months, we think it's urgent to conclude these discussions so that the United States can begin reviewing and producing documents as soon as possible. To that end, please let us know your availability for a call to discuss these issues on Monday or Tuesday of next week.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Thursday, January 5, 2023 9:17 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian:

Thanks for taking the time to speak with us yesterday.  I'm writing to memorialize a couple thoughts that were exchanged during the call.

First, the United States reaffirms that it is not contesting the constitutionality of the portion of the statute related to surgical procedures and that discovery related to surgeries is not relevant to this matter. Please confirm that Defendants will withdraw certain requests accordingly.

Second, we reaffirm that HHS is not a party to the case and this case was not referred to DOJ by HHS. Private Plaintiffs also no longer assert a claim under Section 1557 of the Patient Protection and Affordable Care Act. Finally, the RFPs implicating HHS are unduly broad and overly burdensome, and seek documents that are not relevant to this case. Yet, in the interest of cooperation and efficiency, we are willing to consider facilitating a production through HHS if you narrow your requests so that we may have a productive conversation with agency counsel.  Please confirm our understanding that Defendants are considering this request and will get back to us this week.

I think that covers it, but please let me know if I've left something out or you disagree with my representations.

Best,

Amie

_____
Amie S. Murphy
Trial Attorney

Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 23, 2022 12:10 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on Wednesday. Here are a few responses and reactions --

1. The only document requests for which we don't think it's necessary to use HHS custodians are RFPs 4 and 5. Given that the core factual dispute in this case is over the safety and efficacy of medical treatments, our view is that HHS (including agencies housed within HHS such as FDA and NIH) is by far the most important place for the United States to look for relevant documents. We're of course open to a conversation about ways to limit the burden of responding to our document requests, including by narrowing the scope of some of the RFPs and identifying appropriate custodians and search terms. But it still isn't clear to us whether the United States is willing to search the ESI of HHS custodians and produce responsive materials (including emails). Please clarify the United States' position on that threshold issue.

2. The treatments referenced in my note of December 16 are the ones prohibited by Section 4 of S.B. 184. That includes: (1) puberty blocking medication, (2) cross-sex hormones, and (3) surgeries that sterilize, that artificially construct tissue with the appearance of genitalia, or that remove any healthy body part or tissue except male circumcision. We are puzzled by your statement that surgery "is not relevant here" given that the United States' complaint asks the Court to permanently enjoin Section 4 of the Act in full, including the provisions that regulate surgeries. *See also* U.S. Complaint ¶¶ 38, 39, 42, and 51. If the United States no longer intends to challenge the Act's regulation of surgeries, please let us know since that would affect our thinking about various discovery issues.

3. Provided that the same limitation applies to Defendants' attorneys, we agree that there is no need for the United States to search DOJ attorneys' ESI or log privileged responsive documents found in a DOJ attorney's ESI.

4.  We cannot agree to limit the United States' production to documents that the United States may use to support its claims. RFP 4 requests all such materials, but the other document requests Defendants served on the United States are not so limited.

We're available to discuss these issues any time on January 3. Please let us know a time that works for you.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, December 21, 2022 4:02 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Brian,

Thank you for clarifying that the scope of your requests regarding scientific evidence pertains only to documents within the possession, custody, and control of HHS and its agencies, which include FDA, NIH, and the Centers for Medicare and Medicaid Services.

In order for us to answer the questions in your email, we first need to understand the breadth of the commitment you are asking us to undertake. Simply put, it would help to know which of the 45 RFPs you believe apply to HHS. Even if we were to agree to your request right now, we would still need to identify the particular RFPs prior to connecting with the agency in order to guide our discussion. For sake of efficiency, we would like to know that information now in order to decide whether making that commitment is even feasible. Additionally, your email states that you are seeking "medical and scientific evidence surrounding the treatments at issue here." Please specify the treatments you are referring to—is this limited to hormones and puberty blockers? Surgery is not relevant here and so shouldn't be covered by your request.

The United States anticipates making its initial production of documents by January 20, given that we have not yet agreed to the terms of the ESI protocol. In light of your December 20 email to Melody, stating that it would be disproportional to the needs of the case to search ESI held by attorneys at the Attorney General's Office, we assume the same limitation can apply to attorneys at the Department of Justice and thus we will not search attorneys' ESI or log privileged responsive documents found in a DOJ attorney's ESI. We also propose limiting the United States' production to documents that the United States may use to support its claims.

We propose having a discussion about this after the holidays, during the week of January 2. If you are able to send us a list of RFPs prior to the call, please do that. It seems as though we are making some headway and we are hopeful that we can reach a resolution.

Best,

Amie

P.S. Wishing everyone on this chain a happy holiday!

_____

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 16, 2022 3:52 PM
**To:** Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Subject:** [EXTERNAL] Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Amie,

Thank you for taking the time to speak with us yesterday regarding the United States's position with respect to Defendants' requests for production. We appreciate that your client is generally willing to work with us regarding those requests, but we need more clarity regarding your position—especially as it relates to the Department of Health and Human Services (HHS).

As we stated during the call, we think that the medical and scientific evidence surrounding the treatments at issue here is highly relevant to the claims in this case. And we know that the federal government employs healthcare and medical professionals who research, study, and make decisions based upon that evidence. We are therefore seeking documents and communications in the possession, custody, or control of those professionals. As we explained during the call, in an effort to narrow the requests, we are willing to focus only on HHS (with the understanding that this includes the

agencies within HHS such as the FDA and the NIH). The call left us with a few questions that we need you to answer to chart a path forward:

1. Is the United States willing to identify custodians at HHS, including at agencies within HHS such as FDA and NIH, that would be the most likely to possess documents and communications concerning the scientific evidence surrounding the safety and efficacy of the treatments at issue in this case?

2. Assuming that we can agree upon relevant search terms, is the United States willing to search the ESI of HHS custodians for responsive documents using agreed-upon search terms?

3. Would those searches extend to the custodians' emails?

Once we know the answers to these questions, it will make it much easier to discern next steps—whether that is proceeding to identify custodians and search terms or instead teeing up for the Court a dispute over the United States's discovery obligations. Given the schedule in this case, we ask that you respond to this note by December 21.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.


NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.


NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.