IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al., | ) |
| Plaintiffs, | ) ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Plaintiff-Intervenor, | ) ) ) |
| v. | ) No. 2:22-cv-00184-LCB-CWB |
| STEVE MARSHALL, et al., | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS AND PLAINTIFF-INTERVENOR UNITED STATES' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE BASED ON OPINIONS OF AAP, WPATH, AND THE ENDOCRINE SOCIETY**

Defendants present the Court with a false dilemma: either (1) the Court must rule entirely in Defendants' favor on the pending motion to quash, granting them access to over 100 categories of information from three non-parties, or (2) the Court must broadly preclude Private Plaintiffs and Plaintiff-Intervenor United States (collectively, "Plaintiffs") from using *any* evidence "based on the opinions" of those non-parties at trial.

Plaintiffs are not involved in Defendants' discovery dispute with the American Academy of Pediatrics ("AAP"), World Professional Association for Transgender Health ("WPATH"), and the Endocrine Society (collectively, "third-

1

party organizations")[1] regarding whether these organizations should turn over their sensitive work product, internal communications, and information related to protected associational activities in response to Defendants' subpoenas. And Plaintiffs have no control over those organizations. Still, Defendants are asking this Court to limit the evidence that *Plaintiffs* may introduce at trial if those third parties are not ordered to produce everything Defendants seek. This illogical approach is not how questions of the admissibility of evidence at trial are to be decided.

Defendants' motion rests on a misguided analysis of prejudice. The vague and open-ended nature of Defendants' requested relief—to "exclude from this case evidence based on the[] opinions and statements" of AAP, WPATH, and Endocrine Society—could bar Plaintiffs from introducing an array of relevant and probative evidence concerning, among other things, prevailing medical standards and the practices of the medical community in Alabama and the United States. Meanwhile, and to the contrary, Defendants cannot show that they will suffer unfair prejudice under Rule 403 if the motion *in limine* is denied.

Finally, Defendants' motion is premature; it is based on hypotheticals and concerns evidence that has in large part not yet been obtained, let alone introduced.

---

[1] Just today, on February 7, 2023, these three organizations filed a joint notice with Defendants stating that the dispute that gave rise the motion to quash has been resolved with respect to AAP and Endocrine Society. Doc. 240. The notice advised that a dispute remains as to the subpoena directed at WPATH. *Id.* Defendants confirmed with Plaintiffs' counsel that their motion *in limine* no longer applies to evidence based on opinions from AAP and Endocrine Society. Defendants' motion should be denied as to those two organizations.

2

Defendants cite no authority supporting the assertion that if their subpoenas are quashed, they are entitled to preemptively exclude evidence that Plaintiffs may wish to introduce at trial. Because discovery is still open and trial is months away, it is too early to decide questions of admissibility.

For these reasons, Defendants' Motion *in Limine* should be denied.

## BACKGROUND

Between August and December 2022, Defendants issued individual subpoenas to the third-party organizations. Collectively, those subpoenas included more than 100 requests for documents that the third-party organizations contend impose an undue burden and seek their sensitive work product, internal communications, and information related to protected associational activities. *See* Doc. 208 at 5–6. The third-party organizations have represented that, during meet and confer negotiations with Defendants, they offered to produce the studies relied on in crafting their guidelines and policy positions. Doc. 208-2 at 4. Defendants declined this offer. *Id.* As a result, on December 27, 2022, the third-party organizations filed a Joint Motion to Quash Defendants' subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3). *Id.* at 10. That motion remains pending before this Court and is set for a hearing on February 8, the same day as the instant Motion.

On January 17, 2023, Defendants simultaneously filed a Response in Opposition to the third-party organizations' Joint Motion to Quash and the instant Motion *in Limine*. *See* Docs. 219, 220. In their response to the Joint Motion to Quash, Defendants asked this Court to order the third-party organizations to fully respond to their requests, or, alternatively, they claimed, "to avoid undue prejudice to Defendants, the Court should grant Defendants' contemporaneously filed Motion *in Limine* and exclude all evidence based on the positions of AAP, WPATH, and the Endocrine Society." Doc. 219 at 4–5.

## **ARGUMENT**

This Court should deny Defendants' Motion *in Limine*. First, excluding this evidence would unfairly disadvantage Plaintiffs for the litigation decisions of third parties over which they have no control, related to a discovery dispute in which Plaintiffs are not involved. Second, Defendants suffer no danger of unfair prejudice and, thus, cannot establish the requirements for excluding evidence "based on the opinions" of the third-party organizations under Rule 403 (which is the only rule of evidence Defendants cite for excluding otherwise admissible evidence). Finally, the admissibility of evidence based on the opinions of these third-party organizations is premature at this stage.

## I.  Plaintiffs Should Not be Unfairly Disadvantaged By Defendants' Discovery Dispute with Third Parties.

The relief sought by Defendants in this motion is extremely vague and does not describe the classes or types of evidence they wish to exclude. WPATH and Endocrine Society publish clinical guidelines related to gender-affirming care (Doc. 208 at 12), and these guidelines are used by practitioners to diagnose and develop treatment plans for gender dysphoria (Doc. 112-1 at 3-4). Defendants' terminology for what they seek to exclude—"evidence based on the opinions of AAP, WPATH, or the Endocrine Society"—could be construed to prevent Plaintiffs from introducing at trial, for example, evidence of any patient being diagnosed or treated for gender dysphoria where their provider consulted one of the clinical guidelines. Granting the requested relief could prevent Plaintiffs from introducing any scientific or news article that discusses any statements made by these organizations, whether positively or negatively. Affording Defendants this relief would severely and unfairly disadvantage Plaintiffs by hindering Plaintiffs' ability to introduce highly relevant evidence to support their case, as well as shield the Court from facts at the heart of this case about the provision of medically necessary care to transgender youth in Alabama.

## II. Defendants Will Not be Unfairly Prejudiced if Plaintiffs Are Able to Introduce Opinions from the Third-Party Organizations.

According to Rule 403 of the Federal Rules of Evidence, courts may only exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see also* Fed. R. Evid. 403 notes of advisory committee on proposed rules ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Defendants do not argue that the evidence they seek to exclude is unfairly prejudicial in relation to its probative value or that it could lead a fact finder to decide this case on an improper basis. Even if they had, Defendants' claim of "unfair prejudice" is entirely without merit. If the Court rules in Defendants' favor and denies the third-party organizations' Joint Motion to Quash, Defendants cannot claim unfair prejudice because they will be entitled to production of the materials they seek. If, on the other hand, the Court grants the third-party organizations' Joint Motion to Quash, any prejudice that Defendants may suffer would not be "unfair," because the Court will have determined that Defendants' pursuit of these materials through subpoenas to third parties was improper.

Defendants will not suffer any undue prejudice. As the organizations detail in their Joint Motion to Quash (Doc. 208 at 12) and amicus brief (Doc. 91-1 at 12-14), the methodologies used by WPATH and Endocrine Society to develop their

6

clinical guidelines[2] are publicly available.[3]  Their guidelines "cite every study and piece of evidence on which they rely, and reflect the consensus view of the organizations that publish them." Doc. 208 at 12.  The organizations even offered to produce the medical studies referenced in their guidelines, which Defendants rejected. *Id.* at 10.  Furthermore, Plaintiffs anticipate disclosing experts who will issue opinions based on information already known and available, and Defendants will have an opportunity to depose and cross-examine those experts on such topics as the clinical practice guidelines, as well as prepare their own expert reports in response.  Defendants thus cannot claim unfair prejudice given the plethora of information already—and offered to be—made available, and the additional, alternative methods that Defendants may employ to discover information about any opinions from third-party organizations that may ultimately be presented in this case.

      Defendants offer no authority in support of their theory that granting the third-party organizations' motion to quash necessarily results in prejudice requiring the remedy of by barring Plaintiffs from presenting certain evidence at trial.  In fact, the

---

[2] AAP does not generate or publish clinical guidelines on gender-affirming medical care. Doc. 220 at 12 n.3.

[3] *See* World Professional Association for Transgender Health, *Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People*, 8th Version, S247-51 (2022) (Appendix A, Methodology); Endocrine Society, *Methodology* (2022); Wylie Hembree, et al., Endocrine Treatment of Gender-Dysphoric/Gender-Incongruent Persons: An Endocrine Society Clinical Practice Guideline, 102(11) J. Clin. Endocrinol. Metab. 3872-73 (2017) ("Method of Development of Evidence-Based Clinical Practice Guidelines").

7

cases cited by Defendants are inapposite. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185 (11th Cir. 2013), for example, is neither about prejudice nor non-party documents. *Hinchee* concerned the application of the work-product doctrine to expert materials, and the full quote Defendants pull from only makes the point that "[c]loaking *all materials prepared by or for a testifying expert* under the work-product doctrine inhibits the thorough and sharp cross examination that is vital to our adversary system." *Id.* (emphasis added).  Ultimately in *Hinchee*, the Eleventh Circuit ruled on Rule 26 grounds and did not impose a discovery sanction on a party based solely on the fact that a non-party did not produce everything sought by a subpoena. *Id.* at 1192-93.  *Hinchee* does not support Defendants' requested relief.

Defendants also cite *Adams v. United States*, No. 03-0049-E-BLW, 2009 WL 1922255 (D. Idaho July 1, 2009) (excluding a testifying expert witness because he failed to provide expert disclosure materials as required under Rule 26(a)(2)(B)); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1228373 (S.D. Fla. Apr. 24, 2007) (excluding evidence of repairs made after the discovery cut-off period without prejudice to seeking them in a later lawsuit because defendants did not have an opportunity to conduct discovery on them); *Patnaude v. Quest Corp.*, No. CIV. 01-1847, 2003 WL 22076564 (D. Minn. Sept. 2, 2003) (denying a motion to amend complaint to add a new claim after the discovery period had closed because the defendant "has had no opportunity to conduct discovery on

8

the [new] claim" and therefore it would be unfairly prejudicial to defendant); and *Red Barn Motors, Inc. v. NextGear Cap., Inc.*, No. 14-01589, 2020 WL 919464 (S.D. Ind. Feb. 26, 2020) (granting a motion to strike declarations of witnesses who defendants failed to disclose pursuant to their Rule 26 obligations and after the discovery period had closed). None of these cases involve the same procedural posture as this Motion.

*Positive Black Talk v. Cash Money Records*, 394 F.3d 357 (5th Cir. 2004), and *Capron v. Thompson*, No. 00-CV-86-D, 2001 WL 36102187 (D. Wyo. Mar. 1, 2001), are similarly irrelevant. *Positive Black Talk* affirmed exclusion of expert witness testimony from a tenured professor who refused to be deposed, asked to be withdrawn from the case, and moved to quash a subpoena requiring him to testify as an expert in a case against his colleague because of a perceived conflict of interest. 394 F.3d at 376. While the defendants' inability to depose the former expert was one factor supporting the ruling, the court also considered on equal footing the likelihood that he would have opposed any attempt to be called as a witness and the fact that plaintiffs produced another qualified expert witness. *Id.* at 377-78. The court's analysis made no mention or consideration of prejudice to defendants. *Id.* Prejudice was also not a factor in *Capron*, where the court ordered plaintiff's testifying expert to produce a book upon which he "largely based his opinion"

9

pursuant to the requirements for admitting expert testimony into evidence under Rules 26(a)(2)(B) and 705.

In sum, Defendants have presented no authority supporting an entitlement to the relief they are seeking. Simply because a party seeks records that are otherwise not discoverable has no bearing on whether other materials are relevant and admissible under the Federal Rules. Plaintiffs are not aware of any Court granting the kind of relief requested by Defendants under circumstances like those present in this case.

### III. The Admissibility of Opinions from the Third-Party Organizations is Premature at this Stage.

As a general matter, district courts may defer reviewing the merits of a motion *in limine* that arises before a party introduces the underlying evidence in question. *See*, *e.g.*, *Hooper v. Midland Funding, LLC*, No. 2:19-cv-01601-HNJ, 2020 WL 7691374, at *4 (N.D. Ala. Dec. 16, 2020). "[C]ourts 'consistently reject . . . premature efforts' to exclude unintroduced evidence when the admissibility of such evidence may depend upon facts or legal issues not yet in play." *Id.* at *4 (quoting *United States v. Turner*, No. 2:16-CR-549-RWG-SRW, 2017 U.S. Dist. Lexis 63044, at *2 (M.D. Ala. Apr. 26, 2017)) (collecting cases); *Wechsler v. Hunt Health Sys.*, No. 94 Civ. 8294 (PKL), 2003 WL 21998985, at *2 (S.D.N.Y. Aug. 22, 2003) ("[C]ourts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context."). As the Supreme Court

recognized, "[a] reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984).

Courts are wary of preemptively excluding evidence when it is unclear whether that evidence will even be introduced at trial, or, if it is introduced, in what context and for what purpose or whether the introducing party can lay a sufficient foundation for its admission. *See*, *e.g.*, *CSX Transp. Inc. v. PSL No. Am., LLC*, No. 2:13-cv-00982-RDP, 2015 WL 9181107, at *5 (N.D. Ala. Dec. 17, 2015) ("First, it is not even clear whether Plaintiff intends to offer the report at trial.  Second, if Plaintiff opts to offer the report, it should be given an opportunity to lay a proper foundation for its admission.  Defendant's Motion seeking exclusion of the report . . . is premature.").

In this case, discovery will remain open for months.  The parties are still obtaining and collecting evidence and do not yet know what evidence they will introduce at trial.  Defendants' extremely broad request for relief sheds little light on what evidence they will object to being admitted at trial, which further militates in favor of denying this premature motion and resolving any concrete evidentiary disputes at trial if and when they arise.

Because the admissibility of this evidence is not ripe for review at this stage, this Court should deny Defendants' Motion.

# CONCLUSION

For the reasons stated above, Plaintiffs and Plaintiff-Intervenor United States jointly ask this Court to deny Defendants' Motion *in Limine* to Exclude Evidence Based on Opinions of the AAP, WPATH, and Endocrine Society.

Respectfully submitted this 7th day of February, 2023.

**For the Private Plaintiffs:**

 /s/ *Melody H. Eagan*
Melody H. Eagan (ASB-9780-D38M)
Jeffrey P. Doss (ASB-4212-R62D)
Amie A. Vague (ASB-4113-Q46I)
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
205.581.0700
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt (ASB-3507-J56P)
Adam Reinke (GA Bar No. 510426) (*pro hac vice*)
Misty L. Peterson (GA Bar No. 243715) (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
404.572.4600
apratt@kslaw.com
areinke@kslaw.com
mpeterson@kslaw.com

Brent P. Ray (IL Bar No. 6291911) (*pro hac vice*)
Abigail Hoverman Terry (IL Bar No. 6327057) (pro hac vice)
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
312.995.6333
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy (CA Bar No. 277035) (*pro hac vice*)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
213.443.4355
mshortnacy@kslaw.com

Rachel H. Berg (NY Bar No. 5396197)
(*pro hac vice*)
NATIONAL CENTER FOR
LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
415.343.7679
rberg@nclrights.org

Scott D. McCoy (FL Bar No. 1004965)
(*pro hac vice*)
SOUTHERN POVERTY LAW
CENTER
P.O. Box 12463
Miami, FL 33101
334.224.4309
scott.mccoy@splcenter.org

Jessica L. Stone (GA Bar No. 275567)
(*pro hac vice*)
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
404.221.5837
jessica.stone@splcenter.org

Jennifer L. Levi (MA Bar No. 562298)
(*pro hac vice*)
GLBTQ LEGAL ADVOCATES &
DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
617.426.1350
jlevi@glad.org

Diego A. Soto (ASB-3626-Y61S)
SOUTHERN POVERTY LAW
CENTER
400 Washington Avenue
Montgomery, AL 36104
334.604.1414
diego.soto@splcenter.org

Sarah Warbelow (MI Bar No. P66690)
(*pro hac vice*)
Cynthia Weaver (NY Bar No. 5091848) (*pro hac vice*)
HUMAN RIGHTS CAMPAIGN
FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
202.628.4160
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

**For Plaintiff-Intervenor United States of America:**

Sandra J. Stewart
United States Attorney
Middle District of Alabama

Prim F. Escalona
United States Attorney
Northern District of Alabama

Kristen Clarke
Assistant Attorney General
Civil Rights Division

John Powers (DC Bar No. 1024831)
Counsel to the Assistant Attorney
General
Civil Rights Division

Lane H. Woodke
Chief, Civil Division
Northern District of Alabama

Jason R. Cheek
Deputy Chief, Civil Division
Margaret L. Marshall
Assistant U.S. Attorney
Robert C. Pickren
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203
Tel.: (205) 244-2104
Jason.Cheek@usdoj.gov
Margaret.Marshall@usdoj.gov

Stephen D. Wadsworth
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

Christine Stoneman
Chief, Federal Coordination and Compliance Section

  /s/ Coty Montag
Coty Montag (DC Bar No. 498357)
Deputy Chief, Federal Coordination and Compliance Section

Renee Williams (CA Bar No. 284855)
Kaitlin Toyama (CA Bar No. 318993)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 305-2222
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

Amie S. Murphy (NY Bar No. 4147401)
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 353-1285
Amie.Murphy2@usdoj.gov

14

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Respectfully submitted,

*s/ Melody H. Eagan*