**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, individually and on behalf of her minor son, MICHAEL BOE; *et al.*, | Case No. 2:22-cv-184-LCB-CWB |
| Plaintiffs, | Honorable Liles C. Burke |
| and | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| v. | |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama; *et al.*, | |
| Defendants. | |

## PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Rules"), Plaintiff-Intervenor the United States of America submits its objections and responses to Defendants' First Requests for Production.

### <u>Preliminary Statement</u>

The United States' Responses are limited to information currently available to the United States and are based on the United States' understanding of the

1

information it has received or obtained to date. Additional discovery may reveal facts

that affect whether any given document is responsive to any particular request. The

United States' investigation is continuing and, consistent with the Rules and the

Local Rules of this Court, the United States will supplement its Responses and its

production as required.

The United States' Responses are further limited in that it will not produce

documents or electronically stored information that are an exact duplicate[1] of an item

that has already been produced, or documents or electronically stored information

that have already been produced in this litigation.

## Specific Objections and Responses

The United States objects to the Requests' definition of "You" or "Your," which

is overly broad and disproportionate to the needs of the case because it is not limited to

the portion of the vast federal government that is likely to have information relevant to

the claims and defenses in this case. Instead, the definition would apply to the entire

federal government, "former counsel," and "all other persons acting on behalf of" the

entire federal government. The boilerplate language in the Requests' definition

disregards the nature of the federal government and the comparatively limited claims

and defenses in this case. If followed, it would call for broad searches that are not likely

---

[1] "Duplicates" in the context of electronically stored information are copies of identical documents identified with matching MD-5 hashes, which is a mathematically-calculated 128 bit value used to create a unique identified for an electronic file.

2

in any way to lead to information relevant to the claims and defenses in this case. It is unreasonable, disproportionate, and likely impossible for counsel for the United States in this case to attempt to ascertain, find, and collect responsive information from all persons who meet this unnecessarily overbroad definition. Instead, the United States will respond to each Request based on information within the possession, custody, or control of the three offices acting as counsel and handling this litigation on behalf of the United States—that is, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division.

## REQUEST FOR PRODUCTION NO. 1:

All Communications and Documents concerning the Act.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys and staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced.

3

Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request fails to limit itself to any time period. In addition, the Request includes an overbroad catchall of "[a]ll Communications and Documents concerning the Act" (emphasis added), without any limitation, which likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any mention of the Act in any email in the United States' possession, which likely includes large numbers of irrelevant documents such as, for example, news article roundups that reference this litigation. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such

responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications and Documents concerning any legal challenge to the Act.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request fails to limit itself to any time period. In addition, the Request includes an overbroad catchall of "[a]ll Communications and Documents concerning <u>any</u> legal challenge to the Act" (emphasis added), without any limitation, which likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in <u>this</u> lawsuit. As just one example, the Request would include any mention of any legal challenge to the Act in any email in the United States' possession, which likely includes large numbers of irrelevant documents including, for example, news article roundups that reference this litigation. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the

same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 3:

All Communications and Documents among You and any plaintiff or expert in prior litigation concerning the Act, including *Ladinsky v. Ivey*, N.D. Ala., No. 22-cv-447; and *Walker v. Marshall*, M.D. Ala. No. 22-cv-167.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request fails to limit itself to any time period. In addition, the Request includes an overbroad catchall of "[a]ll Communications and Documents" (emphasis added), without any limitation, which includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 4:

All Communications and Documents that You may rely upon in summary judgment briefing or introduce at trial.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, and/or the common interest privilege.

Moreover, the Request for documents that the United States "may" rely upon for

summary judgment or at trial invade the attorney work product doctrine as it touches

on mental impressions, conclusions, opinions, and/or legal theories of Plaintiff-

Intervenor's counsel. Additionally, communications between the United States and the

Private Plaintiffs are protected by the common interest privilege and will not be

produced. Communications between counsel and an expert witness or consultant will

not be produced as they are protected from disclosure, including under Rule 26(b)(4).

     The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information that are equally available to the parties

because they are publicly available and/or part of the record in this matter. The United

States will provide Defendants with the location of and/or specifically reference such

responsive information.

     The United States further objects to this Request on the grounds that it is

premature. The United States will identify the documents that it may introduce at

trial or reply upon in summary judgment briefing (including its expert disclosures)

pursuant to the relevant deadlines established by the Court's July 15, 2022 Scheduling

Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

     The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States will conduct a reasonable search and produce documents responsive to

this Request at the appropriate time.

## REQUEST FOR PRODUCTION NO. 5:

All Communications and Documents referred to or referenced in Your Initial Disclosures.

## RESPONSE:

The United States objects to this Request as unduly burdensome as it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. Further, communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

Subject to the foregoing objection, the United States will produce the following documents, referred to or referenced in the United States' Initial Disclosures in this litigation:

- Studies regarding the medical treatment of gender dysphoria in transgender youth;

- Guidelines regarding the standards of care for the medical treatment of gender dysphoria provided to transgender youth;

- Medical literature related to "off label" use of medications;

- Public statements from medical associations or practitioners regarding the standards of care for medical treatment of gender dysphoria provided to transgender youth;

- Public statements from medical associations regarding Alabama Senate Bill 184 and/or House Bill 266;

- Public statements or interviews from State officials related to Alabama Senate Bill 184 and/or House Bill 266;

- Video recordings of legislative hearings or proceedings on Alabama Senate Bill 184 and/or House Bill 266;

- Declaration signed by Dr. Armand Antommaria, which was filed in support of the United States' motion for a temporary restraining order and a preliminary injunction, and the exhibits accompanying that declaration; and

- Documents admitted as exhibits during the preliminary injunction proceedings.

In addition to the above-referenced categories, the United States also identified in its Initial Disclosures "[a]ll pleadings and other documents filed in this action and the attachments thereto." Documents that are part of the record in this matter are either already in Defendants' possession, custody, or control, or are readily available. Pursuant to this objection, the United States will not produce this category of documents. Otherwise, the United States is not withholding responsive documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications and Documents since January 1, 2017, concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents since January 1, 2017 . . ." (emphasis added), related to the very broad subjects of "Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition," without limitation. Information responsive to this unreasonably broad Request likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any reference to Transitioning in any email in

12

the United States' possession since 2017, which likely includes thousands of irrelevant documents including, for example, news articles about Transitioning, generally, that are entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, the timeframe for which Defendants seek responsive information is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents

responsive to this Request. In addition, responsive documents are listed on the United

States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 7:

All Communications and Documents since January 1, 2017, concerning the

effects of Transitioning or the treatment of Minors for Gender Dysphoria or a

Related Condition on the well-being or health of Minors.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice are protected by

the attorney-client privilege, investigatory files privilege, deliberative process

privilege, and the attorney work product doctrine and will not be produced.

Additionally, communications between the United States and the Private Plaintiffs are

protected by the common interest privilege and will not be produced. Communications

between counsel and an expert witness or consultant will not be produced as they are

protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents since January 1, 2017 . . ." (emphasis added), related to the very broad subjects of "the effects of Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition on the well-being or health of Minors," without limitation. Information responsive to this unreasonably broad Request likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any reference to the effects of Transitioning in any email in the United States' possession since 2017, which likely includes thousands of irrelevant documents including, for example, news articles about the effects of Transitioning, generally, which are entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, the timeframe for which Defendants seek responsive information is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this

case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 8:

All Communications and Documents since January 1, 2017, concerning the informed consent process for treating Minors for Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely

16

among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents since January 1, 2017 . . ." (emphasis added), related to the very broad subject of "the informed consent process for treating Minors for Gender Dysphoria or a Related Condition," without limitation. Information responsive to this unreasonably broad Request likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include all references to the informed consent process in any email in the United States' possession since 2017, which likely includes thousands of irrelevant documents including, for example, news articles about informed consent, generally, that entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other

17

federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, the timeframe for which Defendants seek responsive information is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications and Documents since January 1, 2017, concerning any

18

guidance, proposed rules, final rules, or other legal documents You have issued, may issue, or will issue regarding Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because the terms "guidance" and "other legal documents" are vague and ambiguous, as they are not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.*

*La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents since January 1, 2017 . . ." (emphasis

added) related to the very broad subjects of "any guidance, proposed rules, final rules,

or other legal documents . . . regarding Transitioning or the treatment of Minors for

Gender Dysphoria or a Related Condition" (emphasis added), without limitation.

Information responsive to this unreasonably broad Request likely includes numerous

documents that are entirely unrelated to the claims and defenses at issue in this lawsuit.

As just one example, the Request would include all references to proposed rules in any

email in the United States' possession since 2017, which likely includes large numbers

of irrelevant documents. The United States further objects to the extent this Request

seeks information in the possession of other federal agencies that are not parties to this

case. As written, the United States would expend unreasonable resources searching

for, reviewing, and producing a large volume of documents that are irrelevant.

Furthermore, the timeframe for which Defendants seek responsive information is

overbroad. Defendants themselves have objected to producing documents created

since 2017 and based on this objection the United States has agreed, during a meet and

confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the

United States will limit its Response to this Request to information since January 1,

2020 that is relevant to the claims and defenses of this case.

   The United States is withholding responsive documents based on these

objections. However, subject to the foregoing objections and without waiving the

same, the United States will conduct a reasonable search and produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 10:

All documents or communications between any official, attorney, employee, or representative of the U.S. Department of Justice and any other federal entity or employee concerning Transitioning and Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). First, the

Request includes "[a]ll documents or communications" (emphasis added) related to the very broad subjects of "Transitioning and Gender Dysphoria or a Related Condition" and without any limitation as to timeframe or to the claims and defenses in this matter. Second, the Request includes "any official, attorney, employee, or representative of the U.S. Department of Justice and any other federal entity or employee" (emphasis added). The United States Department of Justice consists of 41 distinct offices, divisions, and bureaus, with hundreds of subcomponents located throughout the United States and the United States' territories and over 100,000 employees. It is unreasonable and disproportionate for counsel for the United States in this case to attempt to find and collect responsive information from all persons who meet this unnecessarily broad definition, which disregards the size and breadth of the United States Department of Justice and the comparatively limited claims and defenses in this case. Information responsive to this unreasonably broad Request likely includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request would include any reference to Transitioning in emails with federal employees, which likely includes large numbers of irrelevant documents including, for example, documents with personal, private medical information about individual United States Department of Justice employees that are entirely unrelated to this litigation. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, Defendants seek responsive information

without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case. Additionally, consistent with its other Responses to Defendants' Requests, the United States will respond based on information within the possession, custody, or control of the three offices acting as counsel and handling this litigation on behalf of the United States—that is, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 11:

All Communications and Documents regarding Proposed Rule, Non-discrimination in Health Programs and Activities, 87 Fed. Reg. 47824, that relate to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly

broad on its face, and not proportional to the needs of the case. The Request

constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See,*

*e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

The Request involves a Proposed Rule published by the United States Department of

Health and Human Services, which is not a party to this litigation. The Proposed Rule

is entirely unrelated to this litigation in which the United States, represented by the

United States Department of Justice, is challenging Alabama Senate Bill 184 on equal

protection grounds. The United States notes that Private Plaintiffs are no longer

pursuing a claim under Section 1557 of the Affordable Care Act, further underscoring

the Proposed Rule's irrelevance to this litigation. Communications and Documents

regarding this Proposed Rule will not be produced. The United States further objects to

the extent this Request seeks information in the possession of other federal agencies

that are not parties to this case.

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information, such as the Proposed Rule, that are

equally available to the parties because they are publicly available.

The United States is withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12:

All Communications and Documents regarding Rule, Nondiscrimination in

Health and Health Education Programs or Activities, Delegation of Authority, 85 Fed.

Reg. 37160 (June 19, 2020), that relate to Transitioning or the treatment of Minors

for Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The Request involves a Rule published by the United States Department of Health and Human Services, which is not a party to this litigation. The Rule is entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. The United States also notes that Private Plaintiffs are no longer pursuing a claim under Section 1557 of the Patient Protection and Affordable Care Act, further underscoring the Rule's irrelevance to this litigation. Communications and Documents regarding this Rule will not be produced.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as the Rule, that are equally available to the parties because they are publicly available.

The United States is withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 13:

All Communications and Documents regarding Rule, Patient Protection and

Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2023, 87

Fed. Reg. 27208, that relate to Transitioning or the treatment of Minors for Gen- der

Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly

broad on its face, and not proportional to the needs of the case. The Request

constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See,*

*e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

The Request involves a Rule published by the United States Department of Health and

Human Services, which is not a party to this litigation. The Rule is entirely unrelated

to this litigation in which the United States, represented by the United States

Department of Justice, is challenging Alabama Senate Bill 184 on equal protection

grounds. The United States also notes that Private Plaintiffs are no longer pursuing a

claim under Section 1557 of the Patient Protection and Affordable Care Act, further

underscoring the Rule's irrelevance to this litigation. Communications and Documents

regarding this Rule will not be produced.

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information, such as the Rule, that are equally

available to the parties because they are publicly available.

The United States is withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 14:

All Communications and Documents concerning any past or present studies or

other research You have conducted, funded, or otherwise supported regarding

Transitioning or the treatment of Minors for Gender Dysphoria or a Related

Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "otherwise supported" is vague and ambiguous, as it is not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents concerning <u>any</u> past or present studies or other research" (emphasis added), without any limitations as to timeframe or to the claims and defenses in this matter, related to the very broad subjects of "Transitioning

29

or the treatment of Minors for Gender Dysphoria or a Related Condition." The Request is also vague and overbroad because it seeks Communications and Documents concerning all "studies or other research" without specifically referencing whether it is seeking "medical" studies or "medical" research. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include all documents about such research, which includes large numbers of irrelevant documents such as privileged budget tables entirely unrelated to this litigation. The United States will not expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to

this lawsuit. The United States will make its expert disclosures in accordance with the

Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling

orders) and Rule 26(a)(2).

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 15:

All Communications and Documents concerning any past or present studies or

other research You have declined to conduct, fund, or otherwise support regarding

Transitioning or the treatment of Minors for Gender Dysphoria or a Related

Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "otherwise supported" is vague and ambiguous, as it is not defined. The United States will interpret "otherwise supported" to mean financial or material support.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents concerning any past or present studies or other research" (emphasis added), without any limitations as to timeframe or to the claims and defenses in this matter, related to the very broad subjects of "Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition." The Request is also vague and overbroad because it seeks Communications and Documents concerning all "studies or other research" without specifically referencing whether it is seeking "medical" studies or "medical" research. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include all documents about such research, which

includes large numbers of irrelevant documents such as privileged budget tables

entirely unrelated to this litigation. The United States will not expend unreasonable

resources searching for, reviewing, and producing a large volume of documents that

are irrelevant. Furthermore, Defendants seek responsive information without any time

limitations, which is overbroad. Defendants themselves have objected to producing

documents created since 2017 and based on this objection the United States has

agreed, during a meet and confer with counsel, to limit its own discovery to a narrower

timeframe. Therefore, the United States will limit its Response to this Request to

information since January 1, 2020 that is relevant to the claims and defenses of this

case.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications and Documents regarding any criteria used to select

studies or research to fund regarding Transitioning or the treatment of Minors for

Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "otherwise supported" is vague and ambiguous, as it is not defined. The United States will interpret "otherwise supported" to mean financial or material support.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents regarding any criteria" (emphasis added), without any limitations as to timeframe or to the claims and defenses in this matter, related to the very broad subjects of "Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition." The Request is also vague and overbroad because it seeks Communications and Documents regarding any criteria used to select studies or research without specifically referencing whether it is seeking

"medical" studies or "medical" research. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include <u>all</u> documents about these criteria, which includes large numbers of irrelevant documents such as privileged criteria considered decades ago and entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States will not expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 17:

All Communications and Documents concerning Your funding of Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See,*

36

*e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

Any federal government funding of medical treatment is wholly unrelated to this

litigation, which challenges Alabama Senate Bill 184 on equal protection grounds. The

United States further objects to the extent this Request seeks information in the

possession of other federal agencies that are not parties to this case. Communications

and Documents regarding any funding are irrelevant, and will not be produced.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 18:

All Communications and Documents concerning research published as Johanna

Olson-Kennedy et al., Impact of Early Medical Treatment for Transgender Youth:

Protocol for the Longitudinal, Observational Trans Youth Care Study,

doi:10.2196/14434, National Institutes of Health Project # 1R01HD082554-01A1,

including without limitation the grant proposal (including appendices), study protocol,

all records of its implementation, all informed consent documents, all IRB approval

forms, all educational materials, all minutes and notes from any meetings with any

NIH staff, all progress reports, all board meeting minutes, all FCOI re- quests, all

letters of support, all funding documents, all outcome data, all extensions or requests

for extensions, and Communications regarding a letter dated on or about Apr 5, 2019

requesting a moratorium on this research signed by Michael Laidlaw, William Malone,

and/or Hacsi Horvath.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) concerning the research cited, without any limitations as to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request as contemplated by Defendants

38

would include an extensive range of administrative documents related to grant funding

that are irrelevant to this litigation, which challenges Alabama Senate Bill 184 on

equal protection grounds. The United States further objects to the extent this Request

seeks information in the possession of other federal agencies that are not parties to this

case. The United States will not expend unreasonable resources searching for,

reviewing, and producing a large volume of documents that are irrelevant. Therefore,

the United States will limit its Response to this Request to information that is relevant

to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information, such as published research, that are

equally available to the parties because they are publicly available.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same,

responsive documents are listed on the United States' initial disclosures and will be

produced.

## REQUEST FOR PRODUCTION NO. 19:

All Communications and Documents concerning research published as Johanna

Olson-Kennedy et al., Physiologic Response to Gender-Affirming Hormones Among

Transgender Youth, Journal of Adolescent Health, 62(4), 397–401.

https://doi.org/10.1016/j.jadohealth.2017.08.005, including without limitation the

grant proposal (including appendices), all study protocols, all records of its

implementation, all informed consent documents, all IRB approval forms, all

educational materials, all minutes and notes from any meetings with any NIH staff,

all progress reports, all board meeting minutes, all FCOI requests, all letters of

support, all funding documents, all outcome data, and all extensions or requests for

extensions.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.*

*La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added) concerning the research cited, without any limitations as to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request as contemplated by Defendants includes an extensive range of administrative documents related to grant funding that are irrelevant to this litigation, which challenges Alabama Senate Bill 184 on equal protection grounds. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as published research, that are equally available to the parties because they are publicly available.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Communications and Documents concerning research by Natalie J. Nokoff regarding Transitioning or Gender Dysphoria or a Related Condition, including

41

without limitation all study protocols, all records of implementation, all informed

consent documents, all IRB approval forms, all educational materials, all minutes

and notes from any meetings with any NIH staff, all progress reports, all board meeting

minutes, all FCOI requests, all letters of support, all funding documents, and all

outcome data, about all of the following NIH-funded projects and any other projects

concerning Transitioning or Gender Dysphoria or a Related Condition: Trans Health:

Evaluation of Markers of Cardio-metabolic Health and Well-being in Transgender

Youth, https://clinicaltrials.gov/ct2/show/NCT02550431; Pubertal Blockade and

Estradiol Effects on Cardiometabolic Health for Transitioning Youth, Projects # K23-

HL-151868-01, -02, -03; and, Project # K12-HD-057022.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) concerning the research cited, without any limitations as to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request as contemplated by Defendants includes an extensive range of administrative documents related to grant funding that are irrelevant to this litigation, which challenges Alabama Senate Bill 184 on equal protection grounds. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States will not expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as published research, that are equally available to the parties because they are publicly available.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 21:

All Communications and Documents concerning Your participation in Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition, including at any hospitals, medical offices, or clinics run by or supported by You.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "participation" is vague and ambiguous, as it is not defined and the Request does not

specify participation in what capacity.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. Any federal government participation in medical treatment is wholly unrelated to this litigation, which challenges Alabama Senate Bill 184 on equal protection grounds. Communications and Documents regarding any such activities will not be produced.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 22:

All Communications and Documents concerning the Food & Drug Administration's or any other agency's consideration of medical devices, drugs, or medical requirements related to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the terms "consideration" and "medical requirements" are vague and ambiguous, as they are not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations as to timeframe or to the claims and defenses in this matter, which likely includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any mention of the consideration of the use of hormone therapy dating back multiple decades. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States

would expend unreasonable resources searching for, reviewing, and producing

documents that are irrelevant. Furthermore, Defendants seek responsive information

without any time limitations, which is overbroad. Defendants themselves have

objected to producing documents created since 2017 and based on this objection the

United States has agreed, during a meet and confer with counsel, to limit its own

discovery to a narrower timeframe. Therefore, the United States will limit its Response

to this Request to information since January 1, 2020 that is relevant to the claims and

defenses of this case.

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information that are equally available to the parties

because they are publicly available and/or part of the record in this matter. The United

States will provide Defendants with the location of and/or specifically reference such

responsive information.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same,

responsive documents are listed on the United States' initial disclosures and will be

produced.

## REQUEST FOR PRODUCTION NO. 23:

All Communications and Documents concerning the Food & Drug

Administration's decision to add a warning about the risk of pseudotumor cerebri

(idiopathic intracranial hypertension) to the labeling for gonadotropin-releasing

47

hormone agonists as generally discussed in Risk of pseudotumor cerebri added to

labeling for gonadotropin-releasing hormone agonists, AAP,

https://www.fda.gov/media/159663/download#:~:text=The%20Food%20and%20Dru

g%20Administration%20(FDA)%20has%20added%20a%20warning,precocious%20p

uberty%20in%20pediatric%20patients. (July 1, 2022), including without limitation

reporting of adverse events by diagnosis, primary data, Communications between

You and AAP, and Communications between Your agencies.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

48

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations as to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any mention of the Food and Drug Administration's decision to add a warning in any email in the United States' possession, which includes large numbers of irrelevant documents such as, for example, news articles reporting on this decision. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same,

responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 24:

All Communications and Documents concerning the FDA review of Puberty Blockers referenced in Christina Jewett, Women Fear Drug They Used To Halt Puberty Led To Health Problems, Kaiser Health News, https://khn.org/news/women-fear-drug-they-used-to-halt-puberty-led-to-health- problems/ (Feb. 2, 2017).

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any mention of the Food and Drug Administration's review in any email in the United States' possession, which includes large numbers of irrelevant documents such as, for example, news articles reporting on this review. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as published articles, that are equally available to the parties because they are publicly available and/or part of the record in this matter.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Communications and Documents concerning reporting of adverse events

for Puberty Blockers and Cross-sex Hormones.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice are protected by

the attorney-client privilege, investigatory files privilege, deliberative process

privilege, and the attorney work product doctrine and will not be produced.

Additionally, communications between the United States and the Private Plaintiffs are

protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.*

*La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any

limitation, which includes numerous documents that are entirely unrelated to the

claims and defenses at issue. As just one example, the Request would include all

reporting of adverse events for Puberty Blockers and Cross-sex Hormones, which likely includes large numbers of irrelevant documents including, for example, documents with personal, private medical information about individual United States Department of Justice employees that are entirely unrelated to this litigation. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this request to Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications and Documents concerning reporting of adverse events

53

for surgical procedures used to treat Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any such documents dating back decades which, particularly given the speed of medical advancements, are irrelevant to the allegations of this lawsuit, which does not

challenge any ban on surgical procedures on transgender youth. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. As just one example, the Request would include all reporting of adverse events for surgical procedures used to treat Gender Dysphoria or a Related Condition, which likely includes documents with personal, private medical information about individual United States Department of Justice employees that are entirely unrelated to this litigation. Therefore, the United States will limit its Response to this request Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 27:

All Communications and Documents concerning Transitioning treatments or care provided to Minors in Alabama, including referrals to providers outside the state.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any limitation, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any such documents dating back decades which, particularly given the speed of medical advancements, are irrelevant to the allegations of this lawsuit. The Request could also include documents with personal, private medical information about individual United States Department of Justice employees that are entirely unrelated to this litigation. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this request to Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

All Communications and Documents relating to the appropriate age for beginning Transitioning treatment in Minors.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g., Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation as to timeframe or to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any such documents dating back decades which, particularly given the speed of medical advancements, are irrelevant to the allegations of this lawsuit. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Therefore, the United States will limit its Response to this request to Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States further objects to this Request as premature, to the extent it

seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 29:

All Communications and Documents concerning reports on the quality of care for the treatment of Minors for Gender Dysphoria or a Related Condition, including without limitation Communications and Documents involving the Agency for Healthcare Research and Quality and its Topic Brief: Treatments for Gender Dysphoria in Transgender Youth, https://effectivehealthcare.ahrq.gov/system/files/docs/topic-brief-gender-dysphoria.pdf (Jan. 8, 2021).

## RESPONSE:

The United States objects to this Request to the extent it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents,

correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because the term "quality of care" is vague and ambiguous, as it is not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation as to timeframe or to the claims and defenses in this matter, which includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any such documents dating back decades which, particularly given the speed of medical advancements, are irrelevant to the allegations of this lawsuit. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not

61

parties to this case. The United States is not required to expend unreasonable

resources searching for, reviewing, and producing documents that are irrelevant.

Therefore, the United States will limit its Response to this request to

Communications and Documents since January 1, 2020.

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information that are equally available to the parties

because they are publicly available and/or part of the record in this matter. The United

States will provide Defendants with the location of and/or specifically reference such

responsive information.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States will conduct a reasonable search and produce documents responsive to

this Request. In addition, responsive documents are listed on the United States' initial

disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 30:**

All Communications and Documents concerning the following document

published by the Department of Health and Human Services' Office of Population

Affairs: Gender-Affirming Care and Young People,

https://opa.hhs.gov/sites/default/files/2022-03/gender-affirming-care-young-people-

march-2022.pdf.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" concerning a publication by the United States Department of Health and Human Services—which is not a party to this case—without any limitations as to the claims and defenses in this matter. Information

63

responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include any mention of the document, which includes large numbers of irrelevant documents such as news articles reporting on its publication. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 31:

All Communications and Documents concerning the following document published by the Department of Health and Human Service's Children's Bureau: Guidance for Title IV-B and IV-E Agencies When Serving LGBTQI+ Children and Youth, https://www.acf.hhs.gov/sites/default/files/documents/cb/im2201.pdf.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g., Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) concerning a document published by the United States Department of Health and Human Services—which is not a party to this case—without any limitations as to the claims

65

and defenses of this litigation. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit. As just one example, the Request as contemplated by Defendants would include any mention of the document, which includes large numbers of irrelevant documents such as, for example, news articles reporting on its publication. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information it has received, reviewed, considered, or relied upon in relation to the claims and defenses at issue in this lawsuit.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 32:</u>**

All Communications and Documents concerning the Centers for Medicare and Medicaid's Services' decision to approve a request to provide "gender-affirming

66

care" in the individual and small group health insurance markets as part of Colorado's

Essential Health Benefit (EHB) benchmark. *See*

https://www.hhs.gov/about/news/2021/10/12/biden-harris-administration-green-

lights-coverage-of-lgbtqplus-care-as-an-essential-health-benefit-in-colorado.html.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files

privilege, deliberative process privilege, the common interest privilege, and/or the

attorney work product doctrine. Internal documents, correspondence, and other

documents and communications created by, or at the request of, and exchanged solely

among attorneys or staff of the United States Department of Justice or between the

United States Department of Justice and any client agency are protected by the

attorney-client privilege, investigatory files privilege, deliberative process privilege,

and the attorney work product doctrine and will not be produced. Additionally,

communications between the United States and the Private Plaintiffs are protected by

the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly

broad on its face, and not proportional to the needs of the case. The Request

constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See,*

*e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

The Request includes "[a]ll Communications and Documents" (emphasis added)

regarding a decision made by the Centers for Medicare and Medicaid Services, which is not a party to this case. Decisions made by the Centers for Medicare and Medicaid Services are entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. This decision, and any related Communications and Documents will not be produced.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 33:

All Communications and Documents concerning the following document published by the Department of Justice: Letter Regarding Federal Nondiscrimination Protections, https://www.justice.gov/opa/press-release/file/1489066/download.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process

privilege, and the attorney work product doctrine and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitation as to the claims and defenses in this matter, which likely includes numerous documents that are entirely irrelevant. As just one example, the Request would include any mention of the document, which likely includes large numbers of irrelevant documents including, for example, emails related to any publicity or dissemination of the document. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Therefore, the United States will limit its Response to this Request to information related to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the

same, the United States will conduct a reasonable search and produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 34:

All Communications and Documents pertaining to incidences and facts regarding onset of Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request to the extent it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.*

*La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any

limitation, related to the very broad subjects of "incidences and facts regarding onset

of Gender Dysphoria or a Related Condition." Information responsive to this

unreasonably broad Request likely includes numerous documents that are entirely

unrelated to the claims and defenses at issue in this lawsuit. As just one example, the

Request would include any description of the medical history of any individual with

Gender Dysphoria in the United States' possession, which likely includes large

numbers of irrelevant documents including, for example, documents with personal,

private medical information about individual United States Department of Justice

employees that are entirely unrelated to this litigation. The United States further

objects to the extent this Request seeks information in the possession of other federal

agencies that are not parties to this case. As written, the United States would expend

unreasonable resources searching for, reviewing, and producing a large volume of

documents that are irrelevant. Furthermore, Defendants seek responsive information

without any time limitations, which is overbroad. Defendants themselves have

objected to producing documents created since 2017 and based on this objection the

United States has agreed, during a meet and confer with counsel, to limit its own

discovery to a narrower timeframe. Therefore, the United States will limit its Response

to this Request to information since January 1, 2020 related to the claims or defenses

at issue in this lawsuit.

71

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications and Documents regarding the incidences of Medicare beneficiaries with Gender Dysphoria or a Related Condition or who are undergoing Transitioning.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

72

stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice or between the United States Department of Justice and any client agency are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is irrelevant, overly broad on its face, and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). In addition to failing to include any time limitation, the Request involves Medicare, which is administered by the Centers for Medicare and Medicaid Services, which is not a party to this case. Medicare beneficiaries are entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. Further, this lawsuit relates to the treatment of minors who are typically not beneficiaries of Medicare. Communications and Documents regarding Medicare and its beneficiaries

73

will not be produced.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 36:

All Communications and Documents reflecting incidences or evidence of desistance or detransition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on

its face and not proportional to the needs of the case. The Request constitutes an

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v.*

*La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any

limitation, related to the very broad subjects of "incidences or evidence of 'desistance'

or detransition." Information responsive to this unreasonably broad Request likely

includes numerous documents that are entirely unrelated to the claims and defenses at

issue in this lawsuit. As just one example, the Request would include any description

of the medical history of any individual with a history of "desistance" or "detransition"

in the United States' possession, which likely includes large numbers of irrelevant

documents including, for example, documents with personal, private medical

information about individual United States Department of Justice employees that are

entirely unrelated to this litigation. The United States further objects to the extent this

Request seeks information in the possession of other federal agencies that are not

parties to this case. As written, the United States would expend unreasonable resources

searching for, reviewing, and producing a large volume of documents that are

irrelevant. Furthermore, Defendants seek responsive information without any time

limitations, which is overbroad. Defendants themselves have objected to producing

documents created since 2017 and based on this objection the United States has

agreed, during a meet and confer with counsel, to limit its own discovery to a narrower

timeframe. Therefore, the United States will limit its Response to this Request to

information since January 1, 2020 related to the claims or defenses at issue in this lawsuit.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States further objects to this Request as premature, to the extent it seeks documents related to any experts the United States may disclose in relation to this lawsuit. The United States will make its expert disclosures in accordance with the Court's July 15, 2022 Scheduling Order (or any subsequent operative scheduling orders) and Rule 26(a)(2).

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial disclosures and will be produced.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications and Documents concerning Dr. Erika Anderson and Dr. Marci Bowers related to Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request fails to limit itself to any time period. In addition, the Request includes an overbroad catchall of "[a]ll Communications and Documents" (emphasis added), without any limitation, which includes numerous documents that are entirely unrelated to the claims and defenses at issue in this lawsuit.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties

because they are publicly available and/or part of the record in this matter. The United

States will provide Defendants with the location of and/or specifically reference such

responsive information.

The United States is not withholding responsive documents based on these

objections. Subject to the foregoing objections and without waiving the same, the

United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 38:

All Communications and Documents between NIH's Sexual & Gender

Minority Research Office and any representative of the World Professional

Association for Transgender Health ("WPATH"), U.S. Professional Association for

Transgender Health ("USPATH"), the Endocrine Society, the American

Psychological Association, the American Academy of Pediatrics ("AAP"), the

Human Rights Campaign, the Southern Poverty Law Center, and the American Civil

Liberties Union regarding Transitioning and Gender Dysphoria or a Related

Condition.

## RESPONSE:

The United States objects to this Request because it is irrelevant, overly broad

on its face, and not proportional to the needs of the case. The Request includes "[a]ll

Communications and Documents" (emphasis added) between an office within the

National Institutes of Health—which is not a party to this lawsuit—and eight large,

nongovernmental organizations, related to the very broad matters of "Transitioning

78

and Gender Dysphoria or a Related Condition." Communications and Documents between these entities will not be produced.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 39:

All Communications and Documents between or among Xavier Becerra, Rachel Levine, Francis Collins, Janet E. Hall, Loyce Pace, Chiquita Brooks-LaSure, Karen L. Parker, or any of their officers, agents, employees, present or former counsel, or other persons acting on their behalf and any representative of WPATH, USPATH, the Endocrine Society, the American Psychological Association, AAP, the Human Rights Campaign, the Southern Poverty Law Center, and the American Civil Liberties Union regarding Transitioning and Gender Dysphoria or a Related Condition.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an

79

improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) involving seven current and former federal government officials associated with agencies that are not parties to this lawsuit, "<u>any</u> of their officers, agents, employees, present or <u>former</u> counsel, or other persons acting on their behalf" (emphasis added), and eight large, nongovernmental organizations, related to the very broad matters of "Transitioning and Gender Dysphoria or a Related Condition." Communications and Documents between these entities are entirely unrelated to this litigation in which the United States, represented by the United States Department of Justice, is challenging Alabama Senate Bill 184 on equal protection grounds. Communications and Documents between these entities will not be produced. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All Communications and Documents concerning the organizational stance regarding the treatment of Gender Dysphoria or a Related Condition from WPATH, USPATH, AAP, or the Endocrine Society.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because the term "organizational stance" is vague and ambiguous, as it is not defined.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations, of four nongovernmental entities that are not parties to this lawsuit. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one

81

example, the Request would include decades-old news articles received by the

United States in which a member of one of these non-party organizations

communicated the organization's view about the treatment of Gender Dysphoria. As

written, the United States would expend unreasonable resources searching for,

reviewing, and producing documents that are irrelevant. Furthermore, Defendants

seek responsive information without any time limitations, which is overbroad.

Defendants themselves have objected to producing documents created since 2017 and

based on this objection the United States has agreed, during a meet and confer with

counsel, to limit its own discovery to a narrower timeframe. Therefore, the United

States will limit its Response to this Request to information since January 1, 2020 that

is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the

extent it requests documents and information that are equally available to the parties

because they are publicly available and/or part of the record in this matter. The United

States will provide Defendants with the location of and/or specifically reference such

responsive information.

The United States is withholding responsive documents based on these

objections. However, subject to the foregoing objections and without waiving the

same, the United States will conduct a reasonable search and produce documents

responsive to this Request. In addition, responsive documents are listed on the United

States' initial disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 41:

All Communications and Documents concerning any conference related to Gender Dysphoria or a Related Condition that WPATH, USPATH, AAP, or the Endocrine Society has hosted.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request

includes "[a]ll Communications and Documents" (emphasis added), without any limitations, related to any conference held on the very broad subjects of "Gender Dysphoria or a Related Condition" by four nongovernmental entities that are not parties to this lawsuit. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include any invitation, no matter how old, to any conference on these topics held by one of these non-party organizations. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information, such as public conference agenda, that are equally available to the parties because they are publicly available.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications and Documents regarding Your review or consideration of the following: Nat'l Inst. for Health and Care Excellence, Evidence Review: Gender-Affirming Hormones for Children and Adolescents with Gender Dysphoria (2021); Nat'l Inst. for Health and Care Excellence, Evidence Review: Gonadotrophin Releasing Hormone Analogues for Children and Adolescents with Gender Dysphoria (2021); Ryan Anderson, When Harry Became Sally (2018); Abigail Shrier, Irreversible Damage (2020); Abigail Shrier, Top Trans Doctors Blow the Whistle on 'Sloppy' Care, Common Sense (Oct. 4, 2021); William J. Malone et al., Proper Care of Transgender and Gender-diverse Persons in the Setting of Proposed Discrimination, 106 J. Clinical Endocrinology & Metabolism e3287 (2021); Abigail Shrier, A Pediatric Association Stifles Debate on Gender Dysphoria, Wall St. Journal (Aug. 9, 2021); Stephen Levine et al., Reconsidering Informed Consent for Trans-Identified Children, Adolescents, and Young Adults, J. Sex & Marital Therapy, 7 (Mar. 2022); Socialstyrelsen, Care of children and adolescents with gender dysphoria (Feb. 2022); Académie Nationale de Médecine, Medicine and gender transidentity in children and adolescents (Feb. 2022); James M. Cantor, Transgender and Gender Diverse Children and Adolescents: Fact-Checking of AAP Policy, Journal of Sex & Marital Therapy, DOI: 10.1080/0092623X.2019.1698481 (2019).

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically

stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations as to the claims and defenses of this matter, related to the very broad activities of "review or consideration" of eleven articles published by entities or individuals unrelated to this lawsuit. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include

communications dating back to at least 2018, regarding a publication authored by a private citizen that has no bearing at all on the facts at issue in this lawsuit. The United States further objects to the extent this Request seeks information in the possession of other federal agencies that are not parties to this case. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is not withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request. In addition, responsive documents are listed on the United States' initial

87

disclosures and will be produced.

## REQUEST FOR PRODUCTION NO. 43:

All Communications and Documents regarding the Society for Evidence Based Gender Medicine ("SEGM"), the American College of Pediatricians, 4th Wave Now, Transgender Trend, Michael Laidlaw, MD, William Malone, MD, Paul Hruz, MD, Quentin Van Meter, MD, Julie Mason, MD, Stephen Levine, MD, Andre Van Mol, MD, Michelle Cretella, South Dakota Rep. Fred Deutsch, Deborah Soh, and Hilary Cass.

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced. Communications between counsel and an expert witness or consultant will not be produced as they are protected from disclosure, including under Rule 26(b)(4).

88

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added), without any limitations, related to sixteen individuals and nongovernmental organizations that are not parties to this lawsuit. Information responsive to this unreasonably broad Request includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request would include all emails from each of the sixteen entities or individuals on any topic at all, which includes large numbers of irrelevant documents. The United States is not required to expend unreasonable resources searching for, reviewing, and producing documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United

89

States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. Subject to the foregoing objections and without waiving the same, the United States has no nonprivileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 44:

All Communications and Documents regarding the following filings by You: Statement of Interest, *Brandt v. Rutledge*, E.D. Ark. No. 21-cv-450, Dkt. 19 (filed June 17, 2021); Amicus Brief, *Brandt v. Rutledge*, 8th Cir. No. 21-2875 (filed Jan. 25, 2022); Amicus Brief, *Hecox v. Little*, 9th Cir. Nos. 20-35813, 20-35815, Dkt. 45 (filed Nov. 19, 2020).

## RESPONSE:

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are

protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents" (emphasis added) regarding three unrelated lawsuits, which are completely separate from this litigation challenging Alabama Senate Bill 184 on equal protection grounds. Communications and Documents regarding unrelated lawsuits will not be produced.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All Communications and Documents concerning public statements (including via social media), interviews, testimony, or speeches made by You about the Act,

91

Transitioning, or the treatment of Minors for Gender Dysphoria or a Related Condition.

**RESPONSE:**

The United States objects to this Request as it seeks documents or electronically stored information protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, the common interest privilege, and/or the attorney work product doctrine. Internal documents, correspondence, and other documents and communications created by, or at the request of, and exchanged solely among attorneys or staff of the United States Department of Justice are protected by the attorney-client privilege, investigatory files privilege, deliberative process privilege, and the attorney work product doctrine and will not be produced. Additionally, communications between the United States and the Private Plaintiffs are protected by the common interest privilege and will not be produced.

The United States further objects to this Request because it is overly broad on its face and not proportional to the needs of the case. The Request constitutes an improper "fishing expedition" that courts have repeatedly rejected. *See, e.g.*, *Crosby v. La. Health Service and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Request includes "[a]ll Communications and Documents concerning public statements" (emphasis added), on these broad topics without any limitation as to timeframe or the claims and defenses as issue, which likely includes numerous documents that are entirely unrelated to the claims and defenses at issue. As just one example, the Request

92

would include any statement, given at any time, that in any way discussed Transitioning, even if completely unrelated to the issues here. As written, the United States would expend unreasonable resources searching for, reviewing, and producing a large volume of documents that are irrelevant. Furthermore, Defendants seek responsive information without any time limitations, which is overbroad. Defendants themselves have objected to producing documents created since 2017 and based on this objection the United States has agreed, during a meet and confer with counsel, to limit its own discovery to a narrower timeframe. Therefore, the United States will limit its Response to this Request to information since January 1, 2020 that is relevant to the claims and defenses of this case.

The United States further objects to this Request as unduly burdensome, to the extent it requests documents and information that are equally available to the parties because they are publicly available and/or part of the record in this matter. The United States will provide Defendants with the location of and/or specifically reference such responsive information.

The United States is withholding responsive documents based on these objections. However, subject to the foregoing objections and without waiving the same, the United States will conduct a reasonable search and produce documents responsive to this Request.

November 3, 2022

Respectfully submitted,

SANDRA J. STEWART
United States Attorney
Middle District of Alabama

PRIM F. ESCALONA
United States Attorney
Northern District of Alabama

LANE H. WOODKE
Chief, Civil Division
Northern District of Alabama

  /s/ Jason R. Cheek
JASON R. CHEEK
Deputy Chief, Civil Division
MARGARET L. MARSHALL
Assistant U.S. Attorney
ROBERT C. PICKREN
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203
Tel.: (205) 244-2104
Jason.Cheek@usdoj.gov
Margaret.Marshall@usdoj.gov

STEPHEN D. WADSWORTH
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

JOHN POWERS (DC Bar No. 1024831)
Counsel to the Assistant Attorney General
Civil Rights Division

CHRISTINE STONEMAN
Chief, Federal Coordination and
Compliance Section

  /s/ Coty Montag
COTY MONTAG (DC Bar No. 498357)
Deputy Chief, Federal Coordination and
Compliance Section

ALYSSA C. LAREAU (DC Bar No.
494881)
RENEE WILLIAMS (CA Bar No. 284855)
KAITLIN TOYAMA (CA Bar No. 318993)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance
Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 305-2222
Alyssa.Lareau@usdoj.gov
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

## CERTIFICATE OF SERVICE

The parties have agreed to electronic service of discovery documents.  I hereby

certify that on November 3, 2022, I electronically served a copy of the foregoing

document to the following counsel of record:

Melody H. Eagan
Jeffrey P. Doss
Amie A. Vague
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt
Misty L. Peterson
Adam Reinke
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com

Brent P. Ray
Abigail Hoverman Terry
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

mshortnacy@kslaw.com

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
aorr@nclrights.org

Jennifer L. Levi
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
jlevi@glad.org

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
P.O. Box 12463
Miami, FL 33101
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

Jessica L. Stone
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

Sarah Warbelow
Cynthia Weaver
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

*Counsel for Private Plaintiffs*

Edmund G. LaCour Jr.
A. Barrett Bowdre
James W. Davis
Benjamin M. Seiss
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

Christopher E. Mills
SPERO LAW LLC
557 East Bay Street
Charleston, SC 29413
cmills@spero.law

Brian Wesley Barnes
David H. Thompson
John D. Ramer
Peter A. Patterson
COOPER & KIRK
1523 New Hampshire Avenue NW
Washington, DC 20036
bbarnes@cooperkirk.com
dthompson@cooperkirk.com
jramer@cooperkirk.com
ppatterson@cooperkirk.com

*Counsel for Defendants*

Respectfully submitted,

/s/ Jason R. Cheek
Jason R. Cheek
Assistant U.S. Attorney