# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Intervenor Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-184-LCB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General, | ) |
| of the State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF-INTERVENOR TO ANSWER INTERROGATORIES

# TABLE OF CONTENTS

Table of Contents ................................................................................................... i

Table of Authorities ............................................................................................. ii

Introduction ...........................................................................................................1

Background ...........................................................................................................1

Legal Standard .....................................................................................................4

Argument ...............................................................................................................5

    I.   Defendants Seek Information Held By The United States. .........................5

    II.  HHS Information About The Safety And Efficacy Of The Treatments At Issue Is Highly Relevant. ..................................................................................8

    III. Interrogatory No. 14 Is Not Vague. ...........................................................9

Conclusion ...........................................................................................................11

Certificate of Service ........................................................................................13

i

# TABLE OF AUTHORITIES

**Cases**

*Essex Builders Grp., Inc. v. Amerisure Ins. Co.*,
  230 F.R.D. 682 (M.D. Fla. 2005) ..................................................................5

*McNeal v. Macon Cnty. Bd. of Educ.*,
  No. 3:19-cv-00122-SRW, 2021 WL 6883429 (M.D. Ala. May 26, 2021) ........5, 7

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) .....................................................................................8

*Panola Land Buyers Ass'n v. Shuman*,
  762 F.2d 1550 (11th Cir. 1985) ....................................................................9

*Rosen v. Provident Life & Accident Ins. Co.*,
  308 F.R.D. 6700 (N.D. Ala. 2015) ................................................................5

*SEC v. Biopure Corp.*,
  2006 WL 2789002 (D.D.C. Jan. 20, 2006) ...................................................6

*United States v. City of New York*,
  No. 07-cv-2067-NGG-RLM, 2012 WL 1999860, (E.D.N.Y. June 3, 2012) .........6

**Statutes**

42 U.S.C. § 2000e-5(f)(1) ..................................................................................6

42 U.S.C. § 2000h-2 .........................................................................................6

**Other Authorities**

10A Wright & Miler, *Federal Procedure, Lawyers Edition* § 26:506 (2022) ..........6

8B Wright & Miller, *Federal Practice & Procedure* § 2165 (3d ed. Apr. 2022) .....8

8B Wright & Miller, *Federal Practice & Procedure* § 2171 (3d ed. Apr. 2022)) ....7

**Rules**

Fed. R. Civ. P. 26(b) ........................................................................................4

Fed. R. Civ. P. 33(a)(2) ............................................................................................ 4

Fed. R. Civ. P. 33(b)(1) ............................................................................................ 5

Fed. R. Civ. P. 33(b)(3) ............................................................................................ 5

Fed. R. Civ. P. 33(b)(4) ............................................................................................ 9

Fed. R. Civ. P. 37(a)(3)(B)(iii) ................................................................................. 5

# INTRODUCTION

As explained at length in Defendants' Motion to Compel Production of Plaintiff-Intervenor's Records (Doc. 227), the Plaintiff that voluntarily intervened here is "the United States." Defendants accordingly served discovery requests on the United States, seeking responses from the components of the United States most likely to have relevant information—primarily the Department of Health and Human Services. Yet the United States refuses to respond or provide documents except from the "three offices within the Department of Justice acting as counsel" for the United States. Doc. 247 at 4 n.1. As it did when Defendants requested documents, the United States pressed a special exemption from discovery that would apply to no other entity—limiting discovery to an entity's *counsel*—and declined to fully respond to Defendants' interrogatories as well. For many of the same reasons the Court should order the United States to respond to Defendants' requests for production of documents, it should also order full and complete responses to Defendants' interrogatories.

# BACKGROUND

Most of the relevant background is set forth in Defendants' Motion to Compel Production of Plaintiff-Intervenor's Records. Doc. 227 at 9-13. In short, the United States voluntarily intervened, bringing the full weight of the federal government into this case, but refuses to engage in discovery except as to the attorneys it selected to

1

litigate this case (and then—understandably—asserts that many of the documents those attorneys have are privileged). As relevant here, Defendants served their first set of interrogatories on the United States on December 20, 2022. Bowdre Decl., Ex. 1. Defendants sought answers about relevant providers in Alabama (ROGs 1-2), the evidentiary bases for the United States' claims (ROGs 3-10), monitoring of health outcomes and evidence about transitioning treatments in minors (ROGs 11-15), studies about those treatments (ROG 16), collaboration with WPATH, the American Academy of Pediatrics, or the Endocrine Society about these treatments (ROG 17), and funding for these treatments (ROG 18).

The United States served its responses and objections a month later. Bowdre Decl., Ex. 2. It objected to the interrogatories about its claims as premature, and, to facilitate this Court's review, this motion does not address those interrogatories. At this time, Defendants move to compel full and complete answers to ROGs 11-18:

11. Identify (including by identifying the specific persons or entities involved) any ways in which You monitor, or have monitored, the health outcomes of Minors, in Alabama or elsewhere, who receive Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Gender Dysphoria and/or Related Conditions.

12. Identify any ways in which You track and/or review, or have tracked and/or reviewed, evidence related to the efficacy or safety of using Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Minors suffering from Gender Dysphoria and/or Related Conditions.

13. Identify (including by identifying the specific persons or entities involved) any ways in which You track and/or review, or have

      tracked and/or reviewed, evidence or instances of Desistance or De-transition.

14. Identify (including by identifying the specific persons or entities involved) any ways in which You identify, define, monitor, track, and/or discourage "disinformation" related to Transitioning treatments in Minors. *See, e.g.*, AAP Letter to Merrick Garland, Oct. 3, 2022, https://downloads.aap.org/DOFA/DOJ%20Letter%20Final.pdf.

15. Identify (including by identifying the specific persons or entities involved) any ways in which You are reviewing WPATH's Standards of Care 8 (SOC-8) or using SOC-8 to update Your guidance or practices.

16. Identify any studies You are funding, conducting, or helping to fund or conduct—or have funded, conducted, or helped to fund or conduct—related to Transitioning treatments in Minors.

17. Identify (including by identifying the specific persons or entities involved) any ways in which You collaborate or work, or have collaborated or worked, with WPATH, USPATH, the American Academy of Pediatrics, and/or Endocrine Society regarding the use of Transitioning treatments in Minors.

18. Identify (including by identifying the specific persons or entities involved) any ways in which You have provided, are providing, or have decided to provide funding for Transitioning Minors.

Bowdre Decl., Ex. 1, at 8-10.

    The United States' primary objection to all the interrogatories (including 11-18) was that agencies like HHS are not part of the United States. Invoking the allegedly special "nature of the federal government," the United States insisted that it would respond to interrogatories based only "on information within the possession, custody, or control of the three offices acting as counsel and handling this litigation

3

on behalf of the United States." Bowdre Decl., Ex. 2, at 2. Thus, the United States' answers were along these lines: "the United States Attorney's Office for the Middle District of Alabama, Civil Division ha[s] not funded or conducted any studies related to gender-affirming treatments in minors" or "issue[d] medical guidance regarding the standards of care for transgender minors." *Id.* at 15-16. The United States also objected to relevance for ROGs 11-13 and 15-18, and to vagueness for ROG 14. *Id.* at 12-17.

The parties engaged in a conferral process by both email and phone about the United States' sweeping assertion that only its counsel would be subject to discovery (and that counsel's materials would be largely privileged). *See generally* Doc. 227-1, Ex. 3. Defendants emphasized that they seek responses only from HHS, but the United States still refused to respond. *Id.* It took the same position on the interrogatories, Bowdre Decl., Ex. 3, giving rise to this motion. Because HHS is the agency within the United States most likely to possess relevant information, Defendants seek full and complete answers from HHS and its components to ROGs 11-18.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Without a

4

valid objection, "[e]ach interrogatory must . . . be answered separately and fully in writing under oath" "by the party to whom they are directed." Fed. R. Civ. P. 33(b)(1), (3).

Rule 37(a)(3)(B)(iii) permits a party to move to compel interrogatory answers. "The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information." *Rosen v. Provident Life & Accident Ins. Co.*, 308 F.R.D. 670, 680 (N.D. Ala. 2015) (cleaned up).

## ARGUMENT

**I.    Defendants Seek Information Held By The United States.**

Under Rule 33(b)(1), "interrogatories must be answered" "by the party to whom they are directed" or "by any officer or agent, who must furnish the information *available to the party*" (emphasis added). This rule "requires a party to include in their answer all information within their control or known by the party's agents." *McNeal v. Macon Cnty. Bd. of Educ.*, No. 3:19-cv-00122-SRW, 2021 WL 6883429, at *5 (M.D. Ala. May 26, 2021) (cleaned up). Moreover, "[a] party cannot limit its answers to matters within its own knowledge and ignore information immediately available to it or under its control." *Id.* at *9 (cleaned up) (quoting *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005)). Instead, it "must make an effort to" "obtain the requested information" from its

"investigators," "agents[, and] representative[s]." *Essex*, 230 F.R.D. at 685; *see also* 10A Wright & Miler, *Federal Procedure, Lawyers Edition* § 26:506 (2022) ("Information available to a party includes whatever information the party has learned, as of the time the interrogatory was served, from nonparties and other sources, even those sources not under the party's control, as well as information that the responding party has acquired firsthand.").

As fully explained in Defendants' motion to compel production of documents and forthcoming reply in support of that motion, the United States has control over information held by its agency, HHS. *See* Doc. 227 at 19-25. Defendants do not belabor the point here, other than to note that the United States' lead response—that "[w]hen one federal agency files suit, other federal agencies do not automatically become parties to the litigation," Doc. 247 at 9—ignores that the Intervenor here is "the United States," not "one federal agency." *Compare id.* (citing *SEC v. Biopure Corp.*, 2006 WL 2789002, *4 (D.D.C. Jan. 20, 2006)).

The United States' only other case (Doc. 247 at 8) is irrelevant. In *United States v. City of New York*, the Attorney General had statutory authority to "bring a civil action" against state government entities. No. 07-cv-2067-NGG-RLM, 2012 WL 1999860, at *11 (E.D.N.Y. June 3, 2012) (quoting 42 U.S.C. § 2000e-5(f)(1)). Here, by contrast, the Attorney General had authority to intervene *only* "for or in the name of the United States." 42 U.S.C. § 2000h-2. That is why when the United States

moved to intervene in this case, it made clear that the party with "an unconditional right to intervene" was "the United States." Doc. 58-1 at 2-3; *see* Doc. 58-3 ¶ 14 (complaint in intervention, identifying "Plaintiff-Intervenor" as "the United States of America"); *id.* at 16 (identifying counsel as "Attorneys for Plaintiff-Intervenor United States of America"); Doc. 247 at 23 (same).

In its response, the United States concedes that the Attorney General here is "acting on behalf of the federal government" and argues that "the United States" "is entitled to relief." Doc. 247 at 8 n.6. The United States makes no effort to explain how a non-party could be "entitled to relief" in an Article III case or controversy. Nor does it explain or defend its prior objection that "HHS is not a part of the United States." Doc. 227-1, Ex. 3, at 4. It makes no sense that one cabinet agency (DOJ) would *be* the United States while another cabinet agency (HHS) would not be *part* of the United States. At minimum, HHS staff must be "agents" of the United States, requiring the United States to seek their input for answers to interrogatories. *McNeal*, 2021 WL 6883429, at *5.

The United States' insistence that it would answer these interrogatories only "based on information within the possession, custody, or control of the three offices acting as counsel" (Bowdre Decl., Ex. 2, at 2) also contradicts black-letter discovery law. Defendants are not *allowed* to "direct[]" interrogatories "to the attorney for a party." 8B Wright & Miller, *Federal Practice & Procedure* § 2171 (3d ed.). Instead,

7

interrogatories "must be addressed to the party, who is then required to give all information known to it or its attorney." *Id.* Just as Defendants may not direct interrogatories to a plaintiff's lawyer, a plaintiff cannot limit its answers to whatever its lawyer knows.

For these reasons, and those more fully explained in parallel briefing about Defendants' requests for production of documents, the United States' objection that it will not provide answers from HHS lacks merit. The Court should compel the United States to answer ROGs 11-18 fully and completely with the input of HHS and its components.

## II. HHS Information About The Safety And Efficacy Of The Treatments At Issue Is Highly Relevant.

The United States also offered blanket, unspecific relevancy objections to ROGs 11-13 and 15-18. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case," no matter if the material itself would be admissible. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). When it comes to interrogatories, relevancy "is viewed very liberally." 8B Wright & Miller, *Federal Practice & Procedure* § 2165. As explained in parallel briefing, it takes little imagination to see why HHS's review of "evidence related to the efficacy or safety" or standards of these treatments (ROGs 12, 15), monitoring of "health outcomes" and detransitioning (ROGs 11, 13), studies of these treatments (ROG 16), collaboration

8

with medical organizations about the treatments (ROG 17), and funding of these treatments (ROG 18) are all highly relevant to the claims and defenses here. *See* Doc. 227 at 14-19; *cf.* Doc. 219 at 28-33. The United States' relevancy objection fails.

Any objection based on burden would also be meritless. The United States' "conclusory" "recitation of expense and burdensomeness," unconnected from any specific interrogatory at issue, is facially deficient. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *see* Bowdre Decl., Ex. 2, at 2. And as explained elsewhere in detail, any burden is not *undue* and can alleviated by the identification of relevant HHS personnel—but the United States has refused to engage in such an effort. *See* Doc. 227 at 25.

### III. Interrogatory No. 14 Is Not Vague.

Last, the United States objected to Interrogatory No. 14 as "vague and unclear," while stating that it "does not have responsive information." Bowdre Decl., Ex. 2, at 15. Again, that Interrogatory asks:

> Identify (including by identifying the specific persons or entities involved) any ways in which You identify, define, monitor, track, and/or discourage "disinformation" related to Transitioning treatments in Minors. *See, e.g.*, AAP Letter to Merrick Garland, Oct. 3, 2022, https://downloads.aap.org/DOFA/DOJ%20Letter%20Final.pdf.

9

Because the United States did not seek the input of HHS in answering this interrogatory, its existing answer is deficient and must be supplemented. For instance, speaking to the Federation of State Medical Boards, HHS's assistant secretary for health recently decried "substantial misinformation about gender-affirming care" and called for "advocat[ing] for our tech companies to create a healthier, cleaner information environment."[1] Federal instructions to state medical boards that they should regulate what can be said about the treatments at issue as directed by the federal government are relevant to multiple issues here.

Even under the United States' redefinition of itself as a few litigating offices, the United States' answer is incomplete. The interrogatory itself cites a letter to Attorney General Garland calling for investigation of supposed disinformation about these treatments—a letter that would be responsive—yet the United States says it has no "responsive information." A follow-up letter to Attorney General Garland from individuals who have detransitioned criticized the medical organizations' letter as "nothing more than an attempt to silence the reasonable voices of concerned critics calling for a more cautious approach to experimental medical practices impacting vulnerable children."[2] Members of Congress and state attorneys general also sent

---

[1] Address by Admiral Rachel L. Levine to Federation of State Medical Boards, at 8:18-10:01, May 27, 2022, https://youtu.be/97lAi5VmkAA.
[2] Letter from Chloe Cole, et al., to Hon. Merrick Garland, Oct. 7, 2022, https://perma.cc/T3ZD-TJRX.

Attorney General Garland letters on the topic.[3] In short, there is obviously responsive information, even from the entities that the United States has supposedly consulted. The Court should compel a full and complete answer.

Finally, Interrogatory No. 14 is not vague. It cites a letter providing an example of the issues on which Defendants request information. The United States does not "state[] with specificity" its vagueness objection, Fed. R. Civ. P. 33(b)(4), and given that its own agents have attacked supposed "disinformation," the United States cannot now feign confusion as to the scope and meaning of the interrogatory.

## CONCLUSION

The Court should grant Defendants' motion to compel full and complete answers from HHS and its components to Defendants' Interrogatories 11-18.

Respectfully submitted,

Steve Marshall
  *Attorney General*

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac vice*)

Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

s/ A. Barrett Bowdre
A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

---

[3] Letter from Rep. Chip Roy, at al., to Hon. Merrick Garland, Nov. 2, 2022, https://perma.cc/J9BM-R7WS; Letter from Jonathan Skrmetti, et al., to Hon. Merrick Garland, Oct. 12, 2022, https://perma.cc/8BME-BSHL.

11

| | |
|---|---|
| Peter A. Patterson (*pro hac vice*)<br>Brian W. Barnes (*pro hac vice*)<br>John D. Ramer (*pro hac vice*)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., NW<br>Washington, D.C. 20036<br>(202) 220-9600<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>bbarnes@cooperkirk.com<br>jramer@cooperkirk.com | Benjamin M. Seiss (ASB-2110-O00W)<br>  *Assistant Attorney General*<br><br>OFFICE OF THE ATTORNEY GENERAL<br>STATE OF ALABAMA<br>501 Washington Avenue<br>Post Office Box 300152<br>Montgomery, Alabama 36130-0152<br>Telephone: (334) 242-7300<br>Facsimile: (334) 353-8400<br>Edmund.LaCour@AlabamaAG.gov<br>Barrett.Bowdre@AlabamaAG.gov<br>Thomas.Wilson@AlabamaAG.gov<br>Jim.Davis@AlabamaAG.gov<br>Ben.Seiss@AlabamaAG.gov |

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on February 20, 2023, which will serve all counsel of record.

s/ A. Barrett Bowdre  
*Counsel for Defendants*