## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Intervenor Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-184-LCB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General, | ) |
| of the State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## DECLARATION OF A. BARRETT BOWDRE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF-INTERVENOR TO ANSWER INTERROGATORIES

I, A. Barrett Bowdre, hereby declare as follows:

1.      I am one of the attorneys representing Defendants in the above case. I am over the age of 21 and am capable of making this declaration pursuant to 28 U.S.C. § 1746.  I have not been convicted of a felony or crime involving dishonesty, and the facts contained herein are within my personal knowledge.

2.      Attached as **Exhibit 1** is a true and correct copy of Defendants' First Interrogatories to Intervenor-Plaintiff United States of America, which were served on the United States on December 20, 2022.

1

3.     Attached as **Exhibit 2** is a true and correct copy of the United States'
Responses to Defendants' First Requests for Production, which were served by the
United States on January 19, 2023.

4.     Attached as **Exhibit 3** is a true and correct copy of the parties' email
correspondence concerning Defendants' First Interrogatories to Intervenor-Plaintiff
and the related First Requests for Production to Intervenor-Plaintiff. The parties
had numerous telephonic meet-and-confers in addition to this correspondence
about the Requests.

5.     I declare under penalty of perjury that the foregoing is true and
correct.

Executed on February 16, 2023.

A. Barrett Bowdre
*Counsel for Defendants*

# Exhibit 1

Defendants' First Interrogatories to Intervenor-Plaintiff
United States of America

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| Brianna Boe, *et al.,* | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| *Intervenor Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00184-LCB |
| | ) | |
| Hon. Steve Marshall, in his official | ) | |
| capacity as Attorney General of the | ) | |
| State of Alabama, *et al.,* | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' FIRST INTERROGATORIES TO
## INTERVENOR-PLAINTIFF UNITED STATES OF AMERICA

Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33, Alabama Attorney General Steve Marshall, Montgomery County District Attorney Daryl D. Bailey, Cullman County District Attorney C. Wilson Blaylock, Lee County District Attorney Jessica Ventiere, Twelfth Judicial Circuit District Attorney Tom Anderson, and Jefferson County District Attorney Danny Carr, collectively the Defendants, hereby propound the following Interrogatories to Intervenor-Plaintiff United States of America to be answered according to such Rules and any and all applicable Orders of the Court.

## INSTRUCTIONS

Your responses should include all information, knowledge, or belief available not only to You, but also to any attorneys, investigators, consultants, agents, and other representatives acting on Your behalf. Please respond in accordance with the following instructions:

1.     **Claims of Privilege and Exception to Discovery.** If any claim of privilege is asserted, in whole or in part, with respect to any Interrogatory, please identify the specific privilege or protection claimed and state the basis for the claim, identifying the pertinent circumstances with sufficient specificity to permit Defendants to assess the basis of any such claim for privilege or protection.

2.     **Continuing Nature.** These Interrogatories are intended to be and shall be answered or responded to fully as of the date of response and shall be deemed to be continuing thereafter until the conclusion of this matter. If You should subsequently acquire any further information responsive to these Interrogatories, You should promptly furnish such information to the undersigned counsel.

3.     **Answer to the Fullest Extent Possible.** If any of the Interrogatories cannot be answered in full, please answer to the fullest extent possible, explaining why you cannot answer the remainder of the Interrogatory and stating any information or knowledge which You have concerning the unanswered portion.

2

4.     **Objections.** If You have a good-faith objection to any of these Interrogatories, or any part thereof, the specific nature of the objection and whether it applies to the entire Interrogatory or to a certain portion thereof shall be clearly stated. If there is an objection to any part of an Interrogatory, then the part or parts objected to should be indicated and information responsive to the remaining unobjectionable parts should be provided.

5.     **Language.** The use of the singular form of any word includes the plural and vice versa. Reference to one gender includes the other gender(s). The word "all" means any and all. The word "including" means "including without limitation."

## DEFINITIONS

1.     All terms used in these Interrogatories have the broadest possible meaning accorded to them under the Federal Rules of Civil Procedure.

2.     The terms "**You**" and "**Your**" refer to the United States of America, any executive agency or department in which documents responsive to these Requests may be found, and the officers, agents, employees, present or former counsel, and all other persons acting on behalf of those agencies or departments.

3.     **"Alabama Vulnerable Child Compassion and Protection Act"** (or "**Act**") shall mean Alabama Act No. 2022-289, introduced in the Alabama Legislature as Senate Bill 184 and signed into law on or around April 8, 2022.

4.      "**Sex**" or "**Biological Sex**" shall mean the biological state of being male or female, based on the individual's chromosomes and reproductive organs at birth.

5.      "**Gender Dysphoria**" is the diagnosis of Gender Dysphoria under the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5). "**Related Conditions**" include "gender incongruence" as defined by the ICD-11 and any other issues concerning trans (or transgender), gender diverse, and non-binary gender identities.

6.      "**Puberty Blockers**" shall mean medication administered to Minors to delay or prevent the onset or continuation of puberty, or otherwise to delay or prevent the formation or maturation of secondary sex characteristics. This includes, but is not limited to, common puberty blockers such as histrelin acetate and leuprolide acetate if administered for the purpose of Transitioning. For purposes of these Interrogatories, "Puberty Blockers" does not include GnRH agonists administered to young children (7 and younger) for the treatment of central precocious puberty or to adult men (19+) for the treatment of prostate cancer.

7.      "**Cross-sex Hormones**" shall mean hormones administered to induce the physical characteristics of a sex or gender profile other than the Biological Sex of the patient (including non-cross-sex gender identities such as "non-binary"). It includes, but is not limited to, administering androgenic hormones such as testosterone, fluoxymesterone, and methyltestosterone to a biological female, and

4

estrogenic hormones such as estrogen and estradiol to a biological male. It also includes the administration of hormone blockers and anti-androgens such as flutamide, spironolactone, and cyproterone if used as part of Transitioning.

8.      "**Desistance**" shall mean the resolution of diagnosed Gender Dysphoria or Related Conditions in a Minor without the continued administration of Puberty Blockers, Cross-Sex Hormones, or surgical interventions.

9.      "**Transitioning**" shall mean the administration of medicines such as Puberty Blockers, Cross-Sex Hormones, and surgical interventions to change the physical appearance of a Minor in a way that is not consistent with the patient's Biological Sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

10.      "**Detransitioning**" shall mean any actions taken to conceal or reverse the effects of Transitioning, including the administration of medicines, surgical interventions, and social actions such as changing pronouns, dress, or other forms of gender expression.

11.      "**Minor**" shall mean a person under the age of 19.

12.      "**Health Care Providers**" means professionals who provide medical health care or mental health care. "Health care providers" include, but are not limited to, pediatricians, doctors of medicine, doctors of osteopathy, physicians, obstetricians, gynecologists, surgeons, plastic surgeons, urologists,

5

endocrinologists, neurologists, psychologists, psychiatrists, psychotherapists, mental health professionals, clinicians, speech-language pathologists, social workers, counselors, therapists, and bioethicists. As used in these Interrogatories, "health care providers" includes a nurse or nurse practitioner if that person is the primary person providing services but not if he or she acts only as support staff for another health care provider. The following professionals are specifically excluded from the definition of "health care providers" as used in these Interrogatories: pharmacists, dentists, orthodontists, endodontists, optometrists, ophthalmologists, and podiatrists.

## INTERROGATORIES

1.     If You have knowledge of any Health Care Providers, in Alabama or elsewhere, who are evaluating, diagnosing, monitoring, or treating Minors in Alabama for Gender Dysphoria or a Related Condition, whether alone or in conjunction with other Health Care Providers, identify such Health Care Providers. To "identify," as used in this Interrogatory, is to provide the person or entity's name, business name, business address, business phone number, and any other readily available business contact information for the Health Care Provider.

2.     Identify all Health Care Providers, in Alabama or elsewhere, whom you have reason to believe are evaluating, diagnosing, monitoring, or treating Minors in Alabama for Gender Dysphoria or a Related Condition, whether alone or in

conjunction with other Health Care Providers. You do not need to include any Health Care Provider identified in response to Interrogatory No. 1. To "identify," as used in this Interrogatory, is to provide the person or entity's name, business name, business address, business phone number, and any other readily available business contact information for the health care provider.

3.      Identify all persons known to you who have knowledge or information that supports or refutes the allegations set forth in Your Operative Complaint.

4.      If You contend that the Act "criminaliz[es] certain forms of medically necessary gender-affirming care for transgender minors," but "permits all other minors to access the same procedures and treatments," Doc. 92 at 3, identify and explain all evidentiary bases for Your contention.

5.      If You contend that "[a] diagnosis of gender dysphoria is currently required in order to receive many forms of gender-affirming care, including hormone therapy and surgery," Doc. 92 at 6, identify and explain all evidentiary bases for Your contention.

6.      If You contend that "[m]edical treatment standards for gender dysphoria, including for minors, are well-established," Doc. 62-1 at 14, identify and explain all evidentiary bases for Your contention.

7.      If You contend that "the State's articulated objectives are pretextual justifications that mask the true purpose of the law: to express moral disapproval of

a vulnerable and unpopular group," Doc. 62-1 at 27, identify and explain all evidentiary bases for Your contention.

8.      If You contend that "the overwhelming weight of medical evidence confirms that the medical care that S.B. 184 forbids is safe, effective, and medically necessary treatment for the health and wellbeing of children and adolescents suffering from gender dysphoria," Doc. 62-1 at 30, identify and explain all evidentiary bases for Your contention.

9.      If You contend that "[t]here have been ample observational studies, including federally funded trials, supporting the use of puberty blockers and other gender-affirming hormone therapy for adolescents," Doc. 62-1 at 31, identify and explain all evidentiary bases for Your contention.

10.      If You contend that "parents and many minors are able to comprehend the risks involved" of the treatments banned by the Act, Doc. 62-1 at 33, identify and explain all evidentiary bases for Your contention.

11.      Identify (including by identifying the specific persons or entities involved) any ways in which You monitor, or have monitored, the health outcomes of Minors, in Alabama or elsewhere, who receive Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Gender Dysphoria and/or Related Conditions.

12.    Identify any ways in which You track and/or review, or have tracked and/or reviewed, evidence related to the efficacy or safety of using Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Minors suffering from Gender Dysphoria and/or Related Conditions.

13.    Identify (including by identifying the specific persons or entities involved) any ways in which You track and/or review, or have tracked and/or reviewed, evidence or instances of Desistance or Detransition.

14.    Identify (including by identifying the specific persons or entities involved) any ways in which You identify, define, monitor, track, and/or discourage "disinformation" related to Transitioning treatments in Minors.  *See, e.g.*, AAP Letter    to    Merrick    Garland,    Oct.    3,    2022, https://downloads.aap.org/DOFA/DOJ%20Letter%20Final.pdf.

15.    Identify (including by identifying the specific persons or entities involved) any ways in which You are reviewing WPATH's Standards of Care 8 (SOC-8) or using SOC-8 to update Your guidance or practices.

16.    Identify any studies You are funding, conducting, or helping to fund or conduct—or have funded, conducted, or helped to fund or conduct—related to Transitioning treatments in Minors.

17.    Identify (including by identifying the specific persons or entities involved) any ways in which You collaborate or work, or have collaborated or

worked, with WPATH, USPATH, the American Academy of Pediatrics, and/or Endocrine Society regarding the use of Transitioning treatments in Minors.

18.    Identify (including by identifying the specific persons or entities involved) any ways in which You have provided, are providing, or have decided to provide funding for Transitioning Minors.

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

# Exhibit 2

Intervenor-Plaintiff United States' Objections and Responses to
Defendants' First Interrogatories

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| Brianna Boe, *et al.,* | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Plaintiff-Intervenor*, | ) |
| | ) |
| v. | )   No. 2:22-cv-00184-LCB-CWB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General of the | ) |
| State of Alabama, *et al.,* | ) |
| | ) |
| *Defendants*. | ) |

**PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA'S**
**OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST**
**INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff-Intervenor United States of America submits its objections and responses to Defendants' First Interrogatories.

**Preliminary Statement**

The United States' Responses are limited to information currently available to the United States and are based on the United States' understanding of the information it has received or obtained to date. Additional discovery may reveal facts that affect whether any given document is responsive to any particular

request. The United States' investigation is continuing and, consistent with the Federal Rules and the Local Rules of this Court, the United States will supplement its Responses.

## **Objections and Responses**

The United States objects to the Requests' definition of "You" or "Your," which is overly broad and disproportionate to the needs of the case because it is not limited to the portion of the vast federal government that is likely to have information relevant to the claims and defenses in this case. Instead, the definition would apply to the entire federal government, "former counsel," and "all other persons acting on behalf of" the entire federal government. The boilerplate language in the Requests' definition disregards the nature of the federal government and the comparatively limited claims and defenses in this case. If followed, it would call for broad and burdensome searches that are not likely in any way to lead to information relevant to the claims and defenses in this case. It is unreasonable, disproportionate, and likely impossible for counsel for the United States in this case to attempt to ascertain, find, and collect responsive information from all persons who meet this unnecessarily overbroad definition. Instead, the United States will respond to each Request based on information within the possession, custody, or control of the three offices acting as counsel and handling this litigation on behalf of the United States—that is, the United States Department of Justice, Civil Rights Division, Federal Coordination &

Compliance Section; the United States Attorney's Office for the Northern District of

Alabama, Civil Division; and the United States Attorney's Office for the Middle

District of Alabama, Civil Division.

## INTERROGATORY NO. 1:

If You have knowledge of any Health Care Providers, in Alabama or

elsewhere, who are evaluating, diagnosing, monitoring, or treating Minors in

Alabama for Gender Dysphoria or a Related Condition, whether alone or in

conjunction with other Health Care Providers, identify such Health Care Providers.

To "identify," as used in this Interrogatory, is to provide the person or entity's

name, business name, business address, business phone number, and any other

readily available business contact information for the Health Care Provider.

## RESPONSE:

The United States objects to Interrogatory No. 1 on the grounds that it seeks

information protected by the attorney-client privilege, common interest privilege,

or deliberative process privilege. Moreover, it is outside the scope of permitted

discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or

defense. Whether the United States has knowledge of any health care providers

providing gender-affirming care to minors in Alabama, beyond those named in its

initial disclosures, has no bearing on the outcome of this litigation. All of the

individuals the United States believes may have knowledge to support its claims in

this case have been listed in Plaintiff-Intervenor United States of America's First

Supplemental Disclosures, served on January 17, 2023.

**INTERROGATORY NO. 2:**

Identify all Health Care Providers, in Alabama or elsewhere, whom you

have reason to believe are evaluating, diagnosing, monitoring, or treating Minors

in Alabama for Gender Dysphoria or a Related Condition, whether alone or in

conjunction with other Health Care Providers. You do not need to include any

Health Care Provider identified in response to Interrogatory No. 1. To "identify,"

as used in this Interrogatory, is to provide the person or entity's name, business

name, business address, business phone number, and any other readily available

business contact information for the health care provider.

**RESPONSE:**

The United States objects to Interrogatory No. 2 on the grounds that it seeks

information protected by the attorney-client privilege, common interest privilege,

and deliberative process privilege. This Interrogatory is also overbroad and unduly

burdensome. It calls for a similar category of information as Interrogatory No. 1,

except that it goes even further beyond the bounds of permissible discovery under

Rule 26(b)(1) in that it requires the United States to *speculate* which health care

providers are providing gender-affirming care to minors in Alabama. Certainly,

unsubstantiated information such as this, were it to exist, would not bear on the

outcome of this litigation. All of the individuals the United States believes may have knowledge to support the claims in this case have been listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023.

**INTERROGATORY NO. 3:**

Identify all persons known to you who have knowledge or information that supports or refutes the allegations set forth in Your Operative Complaint.

**RESPONSE:**

The United States objects to Interrogatory No. 3 on the grounds that it seeks information protected by the attorney-client privilege, common interest privilege, or deliberative process privilege. Moreover, this Interrogatory is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. It is also vague. The United States has disclosed all of the people it is aware of who have knowledge supporting its claims in its Rule 26 disclosures, *see* Plaintiff-Intervenor United States of America's First Supplemental Initial Disclosures. The United States reserves the right to supplement its disclosures if it learns of additional relevant witnesses.

Which individuals may have knowledge that would *refute* the claims requires that the United States speculate on what it means to "refute" the claims, which may differ from what Defendants have in mind considering that the parties

disagree on several legal issues related to this case. Given that this aspect of the interrogatory calls for the United States' mental impressions, and that the United States believes that all of the allegations in its operative complaint are accurate, the United States does not provide a response to the second part of the Interrogatory.

**INTERROGATORY NO. 4:**

If You contend that the Act "criminaliz[es] certain forms of medically necessary gender-affirming care for transgender minors," but "permits all other minors to access the same procedures and treatments," Doc. 92 at 3, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 4 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date, and reserves the right to supplement its production as discovery, particularly the exchange of expert reports, proceeds. Without waiving the foregoing objection, the United States responds that Section 4 of the Vulnerable Child Compassion and Protection Act (VCAP) is discriminatory on its face because its bans particular treatments and procedures only when they are being used to affirm a gender identity that is "inconsistent with the minor's sex" as assigned at birth. VCAP, § 4. As such, VCAP singles out transgender minors for discriminatory treatment. Those

same procedures that VCAP prohibits for transgender minors remain as

permissible as before for all other purposes, including gender-affirming care for

anyone who is not transgender. Specifically, VCAP states that "no person shall

engage in or cause" specified types of medical care to be performed on a minor

with "the purpose of attempting to alter the appearance of or affirm the minor's

perception of his or her gender or sex, if that appearance or perception is

inconsistent" with their sex assigned at birth. *Id*. at § 4(a). The practices prohibited

by Section 4 of VCAP include administering puberty blockers and administering

hormone therapy. *Id.* at § 4(a)(1)-(3). Notably, there is an exception for procedures

"undertaken to treat a minor born with a medically verifiable disorder of sex

development." *Id.* at § 4(b). A violation of Section 4 of S.B. 184 is a Class C

felony, *id.* at § 4(c), which is punishable by up to 10 years of imprisonment and a

fine of up to $15,000. *See* Ala. Crim. Code §§ 13-A-5-6(a)(3), 13A-5-11(a)(3). In

addition to the statute itself, the United States refers to the Declaration of Dr.

Armand Antommaria in Support of Plaintiff-Intervenor United States' Motion for a

Temporary Restraining Order and a Preliminary Injunction and the exhibits

accompanying that declaration.

## **INTERROGATORY NO. 5:**

If You contend that "[a] diagnosis of gender dysphoria is currently required

in order to receive many forms of gender-affirming care, including hormone

therapy and surgery," Doc. 92 at 6, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 5 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date, and reserves the right to supplement its production as discovery, particularly the exchange of expert reports, proceeds. Without waiving the foregoing objection, the United States refers to the declarations, studies, and clinical practice guidelines listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023, at B(1), (2), (4), (8), (10), and (15).

**INTERROGATORY NO. 6:**

If You contend that "[m]edical treatment standards for gender dysphoria, including for minors, are well-established," Doc. 62-1 at 14, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 6 on the grounds that contention interrogatories are premature at this point in discovery. The parties have not yet exchanged documents, disclosed their experts, nor deposed any of the witnesses. Without waiving the foregoing objection, the United States refers to the

declarations, studies, and clinical practice guidelines listed in Plaintiff-Intervenor

United States of America's First Supplemental Disclosures, served on January 17,

2023, at B(1), (2), (4), (5), (8), (10), and (15).

## INTERROGATORY NO. 7:

If You contend that "the State's articulated objectives are pretextual

justifications that mask the true purpose of the law: to express moral disapproval of

a vulnerable and unpopular group," Doc. 62-1 at 27, identify and explain all

evidentiary bases for Your contention.

## RESPONSE:

The United States objects to Interrogatory No. 7 on the grounds that

contention interrogatories are premature at this point in discovery. The parties have

not yet exchanged documents nor have they deposed any of the witnesses. Without

waiving the foregoing objection, the United States refers to the legislation's text

and legislative history, which belie the State's purported purpose to protect youth.

The text and legislative history of VCAP include expressions of moral disapproval

of transgender status. So, too, its suggestion that transgender minors will

"outgrow" their gender identity. VCAP, § 2(4). Statements from Governor Ivey

and co-sponsor Representative Allen reflect profound disapproval of people whose

gender identity is inconsistent with the sex they were assigned at birth. In addition,

the United States refers to the documents listed in Plaintiff-Intervenor United

States of America's First Supplemental Disclosures, served on January 17, 2023, at B(6) and (7).

**INTERROGATORY NO. 8:**

If You contend that "the overwhelming weight of medical evidence confirms that the medical care that S.B. 184 forbids is safe, effective, and medically necessary treatment for the health and wellbeing of children and adolescents suffering from gender dysphoria," Doc. 62-1 at 30, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 8 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date. Moreover, the response to this Interrogatory is informed by the United States' experts, and the deadline for their disclosure has not yet passed. Accordingly, the United States reserves the right to supplement its response later in discovery. Without waiving the foregoing objection, the United States refers to the declarations, studies, and clinical practice guidelines listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023, at B(1), (2), (4), (5), (8), (10), and (15).

**INTERROGATORY NO. 9:**

If You contend that "[t]here have been ample observational studies, including federally funded trials, supporting the use of puberty blockers and other gender-affirming hormone therapy for adolescents," Doc. 62-1 at 31, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 9 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date. Moreover, the response to this Interrogatory is informed by the United States' experts, and the deadline for their disclosure has not yet passed. Accordingly, the United States reserves the right to supplement its response later in discovery. Without waiving the foregoing objection, the United States refers to the declarations, studies, and clinical practice guidelines listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023, at B(1), (2), (8), (10), and (15).

**INTERROGATORY NO. 10:**

If You contend that "parents and many minors are able to comprehend the risks involved" of the treatments banned by the Act, Doc. 62-1 at 33, identify and explain all evidentiary bases for Your contention.

11

**RESPONSE:**

The United States objects to Interrogatory No. 10 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date. Moreover, the response to this Interrogatory is informed by the United States' experts, and the deadline for their disclosure has not yet passed. Accordingly, the United States reserves the right to supplement its response later in discovery. Without waiving the foregoing objection, the United States refers to the declarations and studies listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023, at B(8) and (12).

**INTERROGATORY NO. 11:**

Identify (including by identifying the specific persons or entities involved) any ways in which You monitor, or have monitored, the health outcomes of Minors, in Alabama or elsewhere, who receive Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Gender Dysphoria and/or Related Conditions.

**RESPONSE:**

The United States objects to Interrogatory No. 11 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense, particularly when it comes to surgical

12

interventions since the United States is not challenging that part of VCAP. The United States further objects on the grounds that the term "monitor" is vague. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division do not monitor such outcomes.

**INTERROGATORY NO. 12:**

Identify any ways in which You track and/or review, or have tracked and/or reviewed, evidence related to the efficacy or safety of using Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Minors suffering from Gender Dysphoria and/or Related Conditions.

**RESPONSE:**

The United States objects to Interrogatory No. 12 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense, particularly when it comes to surgical interventions since the United States is not challenging that part of VCAP. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division do not track such evidence.

13

**INTERROGATORY NO. 13:**

Identify (including by identifying the specific persons or entities involved) any ways in which You track and/or review, or have tracked and/or reviewed, evidence or instances of Desistance or Detransition.

**RESPONSE:**

The United States objects to Interrogatory No. 13 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division do not track such evidence.

**INTERROGATORY NO. 14:**

Identify (including by identifying the specific persons or entities involved) any ways in which You identify, define, monitor, track, and/or discourage "disinformation" related to Transitioning treatments in Minors. *See, e.g.*, AAP Letter to Merrick Garland, Oct. 3, 2022, https://downloads.aap.org/DOFA/DOJ%20Letter%20Final.pdf.

**RESPONSE:**

The United States objects to Interrogatory No. 14 as vague and unclear. The United States does not have responsive information for this Interrogatory.

**INTERROGATORY NO. 15:**

Identify (including by identifying the specific persons or entities involved) any ways in which You are reviewing WPATH's Standards of Care 8 (SOC-8) or using SOC-8 to update Your guidance or practices.

**RESPONSE:**

The United States objects to Interrogatory No. 15 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division do not issue medical guidance regarding the standards of care for transgender minors or practice in this area of medicine.

**INTERROGATORY NO. 16:**

Identify any studies You are funding, conducting, or helping to fund or conduct—or have funded, conducted, or helped to fund or conduct—related to Transitioning treatments in Minors.

15

**RESPONSE:**

The United States objects to Interrogatory No. 16 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division have not funded or conducted any studies related to gender-affirming treatments in minors.

**INTERROGATORY NO. 17:**

Identify (including by identifying the specific persons or entities involved) any ways in which You collaborate or work, or have collaborated or worked, with WPATH, USPATH, the American Academy of Pediatrics, and/or Endocrine Society regarding the use of Transitioning treatments in Minors.

**RESPONSE:**

The United States objects to Interrogatory No. 17 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama,

Civil Division; and the United States Attorney's Office for the Middle District of

Alabama, Civil Division have not collaborated or worked with WPATH, USPATH,

the American Academy of Pediatrics, and/or Endocrine Society regarding the use

of gender-affirming treatments in minors.

**INTERROGATORY NO. 18:**

Identify (including by identifying the specific persons or entities involved)

any ways in which You have provided, are providing, or have decided to provide

funding for Transitioning Minors.

**RESPONSE:**

The United States objects to Interrogatory No. 18 on the grounds that it is

outside the scope of permitted discovery under Rule 26(b)(1) because it seeks

information unrelated to a claim or defense. Nevertheless, the United States

Department of Justice, Civil Rights Division, Federal Coordination & Compliance

Section; the United States Attorney's Office for the Northern District of Alabama,

Civil Division; and the United States Attorney's Office for the Middle District of

Alabama, Civil Division have not provided funding for transitioning minors.

Dated: January 19, 2023                Respectfully submitted,

SANDRA J. STEWART                KRISTEN CLARKE
United States Attorney                Assistant Attorney General
Middle District of Alabama            Civil Rights Division

PRIM F. ESCALONA                  JOHN POWERS (DC Bar No. 1024831)
United States Attorney                Counsel to the Assistant Attorney General

Northern District of Alabama

LANE H. WOODKE
Chief, Civil Division
Northern District of Alabama

  /s/ Jason R. Cheek
JASON R. CHEEK
Deputy Chief, Civil Division
MARGARET L. MARSHALL
Assistant U.S. Attorney
ROBERT C. PICKREN
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203
Tel.: (205) 244-2104
Jason.Cheek@usdoj.gov
Margaret.Marshall@usdoj.gov

STEPHEN D. WADSWORTH
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

Civil Rights Division

CHRISTINE STONEMAN
Chief, Federal Coordination and Compliance
Section

  /s/ Coty Montag
COTY MONTAG (DC Bar No. 498357)
Deputy Chief, Federal Coordination and
Compliance Section

RENEE WILLIAMS (CA Bar No. 284855)
KAITLIN TOYAMA (CA Bar No. 318993)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 305-2222
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

AMIE S. MURPHY (NY Bar No. 4147401)
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 353-1285
Amie.Murphy2@usdoj.gov

*Attorneys for Plaintiff-Intervenor United
States of America*

18

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2023, I sent, via electronic mail, the

foregoing Objections and Responses to Defendants' First Interrogatories to the

following counsel of record:

Melody H. Eagan
Jeffrey P. Doss
Amie A. Vague
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt
Misty L. Peterson
Adam Reinke
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com

Brent P. Ray
Abigail Hoverman Terry
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy
KING & SPALDING LLP
633 West Fifth Street, Suite 1600

Los Angeles, CA 90071
mshortnacy@kslaw.com

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
aorr@nclrights.org

Jennifer L. Levi
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
jlevi@glad.org

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
2 Biscayne Boulevard, Suite 3750
Miami, FL 33131
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

Jessica L. Stone
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

Sarah Warbelow
Cynthia Weaver
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

*Counsel for Private Plaintiffs*

Edmund G. LaCour Jr.
A. Barrett Bowdre
Thomas A. Wilson
James W. Davis
Benjamin M. Seiss
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

Christopher Mills
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina 29413
CMills@Spero.law

David H. Thompson
Peter A. Patterson
Brian W. Barnes
John D. Ramer
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

*Counsel for Defendants*

Respectfully submitted,

/s/ *Coty Montag*
Coty Montag
Deputy Chief
Civil Rights Division
U.S. Department of Justice

# Exhibit 3

E-mail Correspondence Between Defendants and Intervenor-Plaintiff
United States of America

## Bowdre, Barrett

| | |
|---|---|
| **From:** | Brian Barnes <BBarnes@cooperkirk.com> |
| **Sent:** | Tuesday, February 14, 2023 12:03 PM |
| **To:** | Murphy, Amie (CRT); Melody H. Eagan; Montag, Coty (CRT); Bowdre, Barrett; Adam Reinke; John Ramer |
| **Cc:** | Cheek, Jason (USAALN); LaCour, Edmund; Wilson, Thomas; Davis, Jim; Seiss, Ben; Christopher Mills; Pete Patterson; David Thompson; Jeffrey P. Doss; Amie A. Vague; AOrr; Jennifer Levi; Sarah Warbelow; Cynthia Weaver; Andy Pratt; Misty Peterson; Brent Ray; Abigail Terry; Michael Shortnacy; Scott McCoy; Diego Soto; Jessica Stone; Marshall, Margaret (USAALN); Williams, Renee (CRT); Toyama, Kaitlin (CRT) |
| **Subject:** | RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents |

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Hi Amie,

Thanks for your note. We're planning to move to compel interrogatory responses from HHS (including subcomponents of HHS such as FDA and NIH). The arguments on this track the ones we're already litigating with respect to the RFPs, but I'd be happy to discuss if you think that doing so would be productive.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Tuesday, February 14, 2023 9:29 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Good morning, Brian—

Can you be more specific about the basis for your motion to compel regarding the United States' responses to the interrogatories? This is the first time you are raising any concern with them. Are Defendants planning to move to compel responses from HHS, FDA, and NIH, or is there more to it than that?

We are checking on RFPs 11-13 and expect to have a response for you this week.

Best,

Amie

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, February 14, 2023 8:23 AM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.Com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

I'm writing on a couple of fronts.

First, given the trial schedule in this case, Defendants want to tee up for the Court as many unresolvable discovery disputes as possible for the March 21 hearing. To that end, we are planning to file a motion to compel that would require the United States to provide more complete responses to the following interrogatories: 11, 12, 13, 14, 15, 16, 17, and 18. The United States only answered those interrogatories on behalf of three offices within the Department of Justice. Given the brief you all filed yesterday and our prior discussions, we think we have a good understanding of the United States's position and do not believe that further efforts to meet and confer about the scope of the United States' interrogatory responses would be productive. But to the extent you disagree, we are happy to talk this week. To ensure that the motion to compel on these interrogatories can be argued on March 21, Defendants plan to file the motion on Monday (February 20).

Second, I wanted to follow up on our proposal with respect to RFPs 11, 12, and 13. We last communicated about those RFPs three weeks ago, when you said that you would consider our proposal and get back with us "as soon as possible." Can you give us a timeline for when we will be hearing back from you on this? Consistent with my first point above, Defendants may seek to put this issue before the Court ahead of the March 21 hearing if we cannot reach agreement soon.

Best regards,

Brian

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Tuesday, January 24, 2023 10:38 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT)

<Coty.Montag@usdoj.gov>); Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>); Adam Reinke <Areinke@kslaw.Com>;
John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>); LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>); Wilson,
Thomas <Thomas.Wilson@AlabamaAG.gov>); Davis, Jim <Jim.Davis@AlabamaAG.gov>); Seiss, Ben
<Ben.Seiss@AlabamaAG.gov>); Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>;
David Thompson <dthompson@cooperkirk.com>); Jeffrey P. Doss <jdoss@lightfootlaw.com>); Amie A. Vague
<avague@lightfootlaw.com>); AOrr <Aorr@nclrights.Org>); Jennifer Levi <Jlevi@glad.Org>); Sarah Warbelow
<Sarah.Warbelow@hrc.Org>); Cynthia Weaver <cynthia.Weaver@hrc.Org>); Andy Pratt <Apratt@kslaw.Com>); Misty
Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>); Michael
Shortnacy <Mshortnacy@kslaw.Com>); Scott McCoy <Scott.Mccoy@splcenter.Org>); Diego Soto
<Diego.Soto@splcenter.Org>); Jessica Stone <Jessica.Stone@splcenter.Org>); Marshall, Margaret (USAALN)
<Margaret.Marshall@usdoj.gov>); Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>); Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>)
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  Your clarifications are very helpful.  We will get back to you on this as soon as possible.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Monday, January 23, 2023 3:21 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>); Melody H. Eagan <meagan@lightfootlaw.com>); Montag, Coty
(CRT) <Coty.Montag@usdoj.gov>); Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>); Adam Reinke
<Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>); LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>); Wilson,
Thomas <Thomas.Wilson@AlabamaAG.gov>); Davis, Jim <Jim.Davis@AlabamaAG.gov>); Seiss, Ben
<Ben.Seiss@AlabamaAG.gov>); Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>;
David Thompson <dthompson@cooperkirk.com>); Jeffrey P. Doss <jdoss@lightfootlaw.com>); Amie A. Vague
<avague@lightfootlaw.com>); AOrr <Aorr@nclrights.Org>); Jennifer Levi <Jlevi@glad.Org>); Sarah Warbelow
<Sarah.Warbelow@hrc.Org>); Cynthia Weaver <cynthia.Weaver@hrc.Org>); Andy Pratt <Apratt@kslaw.Com>); Misty
Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>); Michael
Shortnacy <Mshortnacy@kslaw.Com>); Scott McCoy <Scott.Mccoy@splcenter.Org>); Diego Soto
<Diego.Soto@splcenter.Org>); Jessica Stone <Jessica.Stone@splcenter.Org>); Marshall, Margaret (USAALN)
<mmarshall2@usa.doj.gov>); Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>); Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>)
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on RFPs 11, 12, and 13. Here are answers to your questions:

1.  We're not completely certain what you mean by the administrative record "as defined and assembled by HHS."
    To clarify, our proposal on RFPs 11, 12, and 13 is that the United States produce "the full administrative record
    that was before the Secretary at the time he made" the decisions referenced in each of those RFPs. *Citizens to
    Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). That would include "all information [the agency]
    considered either directly or indirectly." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010).

2.  We agree that privileged documents aren't part of the administrative record (as defined above). So if the United
    States agrees to our proposal on RFPs 11, 12, and 13, no privilege log would need to be produced for purposes
    of responding to those requests. To be clear, we aren't offering to abandon the request for a privilege log as to
    other RFPs, but we would agree to give up on a privilege log for purposes of RFPs 11, 12, and 13 if the United
    States agrees to our proposal on those RFPs.

3. Our thought on RFP 11 was that the agency may have already assembled the materials it has considered so far even though there isn't yet a final rule. But if that isn't correct, our proposal may not be feasible with respect to RFP 11.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, January 20, 2023 2:06 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian-

Thanks for taking the time to continue our discussion on the RFPs yesterday.  As we discussed, we are considering your request for "administrative records" regarding RFPs 11-13.  On that note, we want to clarify three points:

1) Defendants are only seeking the administrative record, as defined and assembled by HHS;
2) Defendants agree that the administrative record does not include privileged materials (e.g., documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege). Since deliberative process materials, including internal memoranda, are not considered part of the administrative record, there will be no expectation that the United States create a privilege log; and
3) RFP 11 is specific to the current Section 1557 NPRM. Since the rulemaking process is ongoing, please specify what Defendants are seeking with respect to this RFP.

Best,

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, January 12, 2023 10:19 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben

<Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

The proposal in my note of January 5 was for the United States to identify custodians it would use to respond to a subset of the RFPs (RFP 18, RFP 19, RFP 20, RFP 23, RFP 24, RFP 29, and RFP 30) and to use that list of custodians to help frame a discussion around whether and how to limit the scope of the remaining RFPs on which we haven't offered to stand down. We think this is a sensible approach because it's impossible for us to assess the claims of burdensomeness without having any sense for the number of custodians or volume of documents in play. Would the United States be amenable to that approach? And if not, does the United States have a counterproposal?

Your note below doesn't respond to my question about whether there are administrative records for the actions referenced in RFP 11, RFP 12, and RFP 13. As I noted, one path forward on those RFPs would be for the United States to produce the relevant administrative records. If they already exist, it's difficult for us to see how producing them could be unduly burdensome.

We recognize that some documents responsive to some of our RFPs may be covered by the deliberative process privilege, but that's not a basis for refusing to search for responsive documents. Non-deliberative (e.g., factual) material cannot be withheld under the deliberative process privilege even if it's predecisional. That's why the administrative record for a final agency action can be thousands of pages long and isn't limited to whatever an agency says about its decision in the Federal Register. The deliberative process privilege is also a qualified privilege that can be overcome when a litigant makes a sufficient showing of need. For those reasons among others, the deliberative process privilege can only be asserted on a document-by-document basis, and the privilege issue you raise is premature.

Finally, while we appreciate the offer to send links to the documents referenced in RFPs 11-13, 18, 19, 20, 23, 24, 29, and 30, we obviously already have those documents. The thrust of those RFPs is not to request copies of the documents themselves but the factual inputs and other non-privileged materials behind them.

If you aren't able to respond to this note by Monday, please let me know when between now and then you are available to meet and confer by telephone. Given the schedule in this case, we think it's essential to complete these negotiations no later than the end of next week.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, January 11, 2023 1:25 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson,

Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

Thanks again for your email.  Our position remains that HHS is not a part of the United States for purposes of this case.  However, without waiving our objections and while fully preserving our rights on the issue, we remain open to the possibility of attempting to facilitate a production of responsive documents on behalf of HHS provided we can come to agreement on the boundaries of the requests at issue.

We appreciate your efforts to provide greater specificity as to which RFPs Defendants believe will most likely yield relevant information.  However, a number of RFPs that you refer to as the "broader" ones remain unaddressed.  Because those requests remain in play, the totality of Defendants' requests remain overly broad and unduly burdensome, in addition to raising the same significant relevance and deliberative process concerns we have discussed previously during the meet and confer process.  For example, we do not see how pre-decisional emails, memos, or pre-final drafts of publicly available studies and reports have any bearing on this lawsuit or are properly discoverable.

We also wanted to flag, in case it's useful and in the interest of expediency, that many of the reports and studies mentioned in your email can be accessed online.  We could provide links to certain publications responsive to RFPs 11-13, 18, 19, 20, 23, 24, 29, and 30 if you would like.  Please let us know if that would be helpful.

Amie

---

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Murphy, Amie (CRT)
**Sent:** Friday, January 6, 2023 5:04 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>;

David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  We're working through this issue as expeditiously as possible and will know early next week which day works best to schedule the call.  Have a nice weekend.

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, January 6, 2023 3:21 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Amie. Just in the interest of keeping the ball rolling, should we schedule another call for late in the day Tuesday or sometime on Wednesday? We can always cancel if a call proves unnecessary, but I think it would be good to have another time on the calendar when we can discuss after you respond to my last note in writing.

I hope you have a nice weekend.

Brian

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, January 6, 2023 11:19 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto

<Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN)
<Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks for giving the issue more consideration.  We will give this some thought and get back to you on Monday or
Tuesday.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, January 5, 2023 5:23 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty
(CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke
<Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson,
Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben
<Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>;
David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow
<Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty
Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael
Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto
<Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN)
<mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Amie,

Here are a few thoughts and responses relevant to your email below and the issues we discussed during our call on
January 3.

1.  This issue will hopefully turn out to be academic, but we strongly disagree with your position that HHS
    documents are beyond the scope of materials that the United States is required to review and produce under
    Rule 34. Under that rule, documents are in bounds if they are in the "responding party's possession, custody, or
    control." The "responding party" here is the United States. The United States—not the Attorney General or the
    Department of Justice—is the entity listed in the intervention papers and which now appears on the case
    caption. Nor could it be otherwise: the statute the United States relied on to intervene specifies that "the
    Attorney General *for or in the name of the United States* may intervene." 42 U.S.C. § 2000h-2 (emphasis added).
    The Attorney General and the DOJ may serve as attorneys for the United States, but it is the United States itself
    that is the party. So it is the United States itself that is responsible for complying with discovery obligations *as a
    party*. The pertinent question is thus what documents the *United States* has in its "possession, custody or
    control." And as relevant here, the answer is that the United States has "possession, custody, or control" over
    documents and communications at HHS because HHS is an executive agency of the United States.

2.  As we discussed during our January 3 call, the fundamental thing we are after with most of the discovery
    requests directed to the United States is evidence relevant to the safety and efficacy of the treatments that are
    the subject of the lawsuit. We know that HHS has relevant evidence on this topic based on things that agency
    has said and done in recent years. Some of our RFPs are targeted requests that specifically seek documents
    concerning a subset of those actions that we view as especially likely to yield highly relevant documents –

    a.  RFP 18 (documents concerning an NIH-funded study on the impact of early medical treatment for
        transgender youth);

      b.    RFP 19 (documents concerning an NIH-funded study on the physiologic response to cross-sex hormones among transgender youth);

      c.    RFP 20 (documents concerning NIH-funded research by Natalie Nokoff regarding transitioning and gender dysphoria);

      d.    RFP 23 (documents concerning the FDA's decision to add a warning about pseudotumor cerebri to the label for puberty blockers);

      e.    RFP 24 (documents concerning the FDA's review of puberty blockers);

      f.    RFP 29 (documents concerning a topic brief on treatments for gender dysphoria by the Agency for Healthcare Research and Quality); and

      g.    RFP 30 (documents concerning a publication by the Office of Population Affairs on gender-affirming care and young people).

In terms of a path forward, we think a logical next step is for the United States to identify the custodians who are most likely to have documents responsive to those RFPs. We could then have a conversation about whether those same custodians would be appropriate for purposes of responding to some of the broader RFPs.

3.    RFP 11, RFP 12, and RFP 13 all seek documents relating to administrative actions taken or being considered by HHS. Has HHS maintained administrative records relating to those actions? If so, producing those records to us could be a way of satisfying those requests with minimal burden.

4.    We understand your concerns about burdensomeness, and as part of a broader compromise we would be willing to withdraw the following RFPs: RFP 2, RFP 3, RFP 17, RFP 21, RFP 26, RFP 27, RFP 32, RFP 33, RFP 44, and RFP 45. Although we do not think that the United States's decision to abandon its challenge to the features of the Act that regulate surgeries makes evidence concerning surgeries irrelevant, I note that we are offering to withdraw RFP 26 (documents concerning reporting of adverse events for surgical procedures used to treat gender dysphoria).

5.    As I mentioned at the end of our call, the documents we are seeking in fact discovery will be important inputs for our experts' analysis. Accordingly, if we come close to the March 20 deadline for disclosure of defendants' expert reports and still have significant document discovery requests outstanding, it is very likely that we will seek an extension of the March 20 deadline. I am raising this issue now because the plaintiffs' expert reports are due on January 23. Given the current status of fact discovery, defendants would not oppose an extension of that deadline (assuming a similar extension of the deadline for disclosure of defendants' expert reports).

6.    Concerning the ESI protocol, the concern I raised during our last call was with respect to the following sentence that plaintiffs proposed to add to Section V(E): "The Parties further agree that when producing Documents and ESI, privileged, data privacy protected, or irrelevant material contained within an otherwise discoverable Document or ESI record should be redacted." We read that sentence to permit redactions of "irrelevant material contained within an otherwise discoverable Document." As I mentioned during the call, we are very reluctant to agree to a protocol that permits redactions based on relevance. (We are uncertain what plaintiffs have in mind by way of "data privacy protected" redactions but also would likely object to that.)

Especially in light of the Court's decision yesterday to move up the trial date by two months, we think it's urgent to conclude these discussions so that the United States can begin reviewing and producing documents as soon as possible. To that end, please let us know your availability for a call to discuss these issues on Monday or Tuesday of next week.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Thursday, January 5, 2023 9:17 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian:

Thanks for taking the time to speak with us yesterday.  I'm writing to memorialize a couple thoughts that were exchanged during the call.

First, the United States reaffirms that it is not contesting the constitutionality of the portion of the statute related to surgical procedures and that discovery related to surgeries is not relevant to this matter. Please confirm that Defendants will withdraw certain requests accordingly.

Second, we reaffirm that HHS is not a party to the case and this case was not referred to DOJ by HHS. Private Plaintiffs also no longer assert a claim under Section 1557 of the Patient Protection and Affordable Care Act. Finally, the RFPs implicating HHS are unduly broad and overly burdensome, and seek documents that are not relevant to this case. Yet, in the interest of cooperation and efficiency, we are willing to consider facilitating a production through HHS if you narrow your requests so that we may have a productive conversation with agency counsel.  Please confirm our understanding that Defendants are considering this request and will get back to us this week.

I think that covers it, but please let me know if I've left something out or you disagree with my representations.

Best,

Amie

---
Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003

Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 23, 2022 12:10 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on Wednesday. Here are a few responses and reactions --

1.  The only document requests for which we don't think it's necessary to use HHS custodians are RFPs 4 and 5. Given that the core factual dispute in this case is over the safety and efficacy of medical treatments, our view is that HHS (including agencies housed within HHS such as FDA and NIH) is by far the most important place for the United States to look for relevant documents. We're of course open to a conversation about ways to limit the burden of responding to our document requests, including by narrowing the scope of some of the RFPs and identifying appropriate custodians and search terms. But it still isn't clear to us whether the United States is willing to search the ESI of HHS custodians and produce responsive materials (including emails). Please clarify the United States' position on that threshold issue.

2.  The treatments referenced in my note of December 16 are the ones prohibited by Section 4 of S.B. 184. That includes: (1) puberty blocking medication, (2) cross-sex hormones, and (3) surgeries that sterilize, that artificially construct tissue with the appearance of genitalia, or that remove any healthy body part or tissue except male circumcision. We are puzzled by your statement that surgery "is not relevant here" given that the United States' complaint asks the Court to permanently enjoin Section 4 of the Act in full, including the provisions that regulate surgeries. *See also* U.S. Complaint ¶¶ 38, 39, 42, and 51. If the United States no longer intends to challenge the Act's regulation of surgeries, please let us know since that would affect our thinking about various discovery issues.

3.  Provided that the same limitation applies to Defendants' attorneys, we agree that there is no need for the United States to search DOJ attorneys' ESI or log privileged responsive documents found in a DOJ attorney's ESI.

4.  We cannot agree to limit the United States' production to documents that the United States may use to support its claims. RFP 4 requests all such materials, but the other document requests Defendants served on the United States are not so limited.

We're available to discuss these issues any time on January 3. Please let us know a time that works for you.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, December 21, 2022 4:02 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Brian,

Thank you for clarifying that the scope of your requests regarding scientific evidence pertains only to documents within the possession, custody, and control of HHS and its agencies, which include FDA, NIH, and the Centers for Medicare and Medicaid Services.

In order for us to answer the questions in your email, we first need to understand the breadth of the commitment you are asking us to undertake. Simply put, it would help to know which of the 45 RFPs you believe apply to HHS. Even if we were to agree to your request right now, we would still need to identify the particular RFPs prior to connecting with the agency in order to guide our discussion. For sake of efficiency, we would like to know that information now in order to decide whether making that commitment is even feasible. Additionally, your email states that you are seeking "medical and scientific evidence surrounding the treatments at issue here." Please specify the treatments you are referring to—is this limited to hormones and puberty blockers? Surgery is not relevant here and so shouldn't be covered by your request.

The United States anticipates making its initial production of documents by January 20, given that we have not yet agreed to the terms of the ESI protocol. In light of your December 20 email to Melody, stating that it would be disproportional to the needs of the case to search ESI held by attorneys at the Attorney General's Office, we assume the same limitation can apply to attorneys at the Department of Justice and thus we will not search attorneys' ESI or log privileged responsive documents found in a DOJ attorney's ESI. We also propose limiting the United States' production to documents that the United States may use to support its claims.

We propose having a discussion about this after the holidays, during the week of January 2. If you are able to send us a list of RFPs prior to the call, please do that. It seems as though we are making some headway and we are hopeful that we can reach a resolution.

Best,

Amie

P.S. Wishing everyone on this chain a happy holiday!

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 16, 2022 3:52 PM
**To:** Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Subject:** [EXTERNAL] Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Amie,

Thank you for taking the time to speak with us yesterday regarding the United States's position with respect to Defendants' requests for production. We appreciate that your client is generally willing to work with us regarding those requests, but we need more clarity regarding your position—especially as it relates to the Department of Health and Human Services (HHS).

As we stated during the call, we think that the medical and scientific evidence surrounding the treatments at issue here is highly relevant to the claims in this case. And we know that the federal government employs healthcare and medical professionals who research, study, and make decisions based upon that evidence. We are therefore seeking documents and communications in the possession, custody, or control of those professionals. As we explained during the call, in an effort to narrow the requests, we are willing to focus only on HHS (with the understanding that this includes the agencies within HHS such as the FDA and the NIH). The call left us with a few questions that we need you to answer to chart a path forward:

1. Is the United States willing to identify custodians at HHS, including at agencies within HHS such as FDA and NIH, that would be the most likely to possess documents and communications concerning the scientific evidence surrounding the safety and efficacy of the treatments at issue in this case?

13

2. Assuming that we can agree upon relevant search terms, is the United States willing to search the ESI of HHS custodians for responsive documents using agreed-upon search terms?

3. Would those searches extend to the custodians' emails?

Once we know the answers to these questions, it will make it much easier to discern next steps—whether that is proceeding to identify custodians and search terms or instead teeing up for the Court a dispute over the United States's discovery obligations. Given the schedule in this case, we ask that you respond to this note by December 21.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.


NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.


NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.


NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an

existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.