# EXHIBIT A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Intervenor Plaintiff*, | ) |
| | ) |
| v. | ) No. 2:22-cv-00184-LCB |
| | ) |
| Hon. Steve Marshall, in his official capacity as Attorney General of the State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## DEFENDANTS' FIRST INTERROGATORIES TO INTERVENOR-PLAINTIFF UNITED STATES OF AMERICA

Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33, Alabama Attorney General Steve Marshall, Montgomery County District Attorney Daryl D. Bailey, Cullman County District Attorney C. Wilson Blaylock, Lee County District Attorney Jessica Ventiere, Twelfth Judicial Circuit District Attorney Tom Anderson, and Jefferson County District Attorney Danny Carr, collectively the Defendants, hereby propound the following Interrogatories to Intervenor-Plaintiff United States of America to be answered according to such Rules and any and all applicable Orders of the Court.

## INSTRUCTIONS

Your responses should include all information, knowledge, or belief available not only to You, but also to any attorneys, investigators, consultants, agents, and other representatives acting on Your behalf. Please respond in accordance with the following instructions:

1. **Claims of Privilege and Exception to Discovery.** If any claim of privilege is asserted, in whole or in part, with respect to any Interrogatory, please identify the specific privilege or protection claimed and state the basis for the claim, identifying the pertinent circumstances with sufficient specificity to permit Defendants to assess the basis of any such claim for privilege or protection.

2. **Continuing Nature.** These Interrogatories are intended to be and shall be answered or responded to fully as of the date of response and shall be deemed to be continuing thereafter until the conclusion of this matter. If You should subsequently acquire any further information responsive to these Interrogatories, You should promptly furnish such information to the undersigned counsel.

3. **Answer to the Fullest Extent Possible.** If any of the Interrogatories cannot be answered in full, please answer to the fullest extent possible, explaining why you cannot answer the remainder of the Interrogatory and stating any information or knowledge which You have concerning the unanswered portion.

4.     **Objections.** If You have a good-faith objection to any of these Interrogatories, or any part thereof, the specific nature of the objection and whether it applies to the entire Interrogatory or to a certain portion thereof shall be clearly stated. If there is an objection to any part of an Interrogatory, then the part or parts objected to should be indicated and information responsive to the remaining unobjectionable parts should be provided.

5.     **Language.** The use of the singular form of any word includes the plural and vice versa. Reference to one gender includes the other gender(s). The word "all" means any and all. The word "including" means "including without limitation."

## DEFINITIONS

1.     All terms used in these Interrogatories have the broadest possible meaning accorded to them under the Federal Rules of Civil Procedure.

2.     The terms "**You**" and "**Your**" refer to the United States of America, any executive agency or department in which documents responsive to these Requests may be found, and the officers, agents, employees, present or former counsel, and all other persons acting on behalf of those agencies or departments.

3.     **"Alabama Vulnerable Child Compassion and Protection Act"** (or "**Act**") shall mean Alabama Act No. 2022-289, introduced in the Alabama Legislature as Senate Bill 184 and signed into law on or around April 8, 2022.

4. **"Sex"** or **"Biological Sex"** shall mean the biological state of being male or female, based on the individual's chromosomes and reproductive organs at birth.

5. **"Gender Dysphoria"** is the diagnosis of Gender Dysphoria under the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5). **"Related Conditions"** include "gender incongruence" as defined by the ICD-11 and any other issues concerning trans (or transgender), gender diverse, and non-binary gender identities.

6. **"Puberty Blockers"** shall mean medication administered to Minors to delay or prevent the onset or continuation of puberty, or otherwise to delay or prevent the formation or maturation of secondary sex characteristics. This includes, but is not limited to, common puberty blockers such as histrelin acetate and leuprolide acetate if administered for the purpose of Transitioning. For purposes of these Interrogatories, "Puberty Blockers" does not include GnRH agonists administered to young children (7 and younger) for the treatment of central precocious puberty or to adult men (19+) for the treatment of prostate cancer.

7. **"Cross-sex Hormones"** shall mean hormones administered to induce the physical characteristics of a sex or gender profile other than the Biological Sex of the patient (including non-cross-sex gender identities such as "non-binary"). It includes, but is not limited to, administering androgenic hormones such as testosterone, fluoxymesterone, and methyltestosterone to a biological female, and

estrogenic hormones such as estrogen and estradiol to a biological male. It also includes the administration of hormone blockers and anti-androgens such as flutamide, spironolactone, and cyproterone if used as part of Transitioning.

8. "**Desistance**" shall mean the resolution of diagnosed Gender Dysphoria or Related Conditions in a Minor without the continued administration of Puberty Blockers, Cross-Sex Hormones, or surgical interventions.

9. "**Transitioning**" shall mean the administration of medicines such as Puberty Blockers, Cross-Sex Hormones, and surgical interventions to change the physical appearance of a Minor in a way that is not consistent with the patient's Biological Sex. This includes changing the appearance to appear as a cross-sex identification as well as non-cross-sex identifications such as "non-binary."

10. "**Detransitioning**" shall mean any actions taken to conceal or reverse the effects of Transitioning, including the administration of medicines, surgical interventions, and social actions such as changing pronouns, dress, or other forms of gender expression.

11. "**Minor**" shall mean a person under the age of 19.

12. "**Health Care Providers**" means professionals who provide medical health care or mental health care. "Health care providers" include, but are not limited to, pediatricians, doctors of medicine, doctors of osteopathy, physicians, obstetricians, gynecologists, surgeons, plastic surgeons, urologists,

endocrinologists, neurologists, psychologists, psychiatrists, psychotherapists, mental health professionals, clinicians, speech-language pathologists, social workers, counselors, therapists, and bioethicists. As used in these Interrogatories, "health care providers" includes a nurse or nurse practitioner if that person is the primary person providing services but not if he or she acts only as support staff for another health care provider. The following professionals are specifically excluded from the definition of "health care providers" as used in these Interrogatories: pharmacists, dentists, orthodontists, endodontists, optometrists, ophthalmologists, and podiatrists.

## INTERROGATORIES

1. If You have knowledge of any Health Care Providers, in Alabama or elsewhere, who are evaluating, diagnosing, monitoring, or treating Minors in Alabama for Gender Dysphoria or a Related Condition, whether alone or in conjunction with other Health Care Providers, identify such Health Care Providers. To "identify," as used in this Interrogatory, is to provide the person or entity's name, business name, business address, business phone number, and any other readily available business contact information for the Health Care Provider.

2. Identify all Health Care Providers, in Alabama or elsewhere, whom you have reason to believe are evaluating, diagnosing, monitoring, or treating Minors in Alabama for Gender Dysphoria or a Related Condition, whether alone or in

6

conjunction with other Health Care Providers. You do not need to include any Health Care Provider identified in response to Interrogatory No. 1. To "identify," as used in this Interrogatory, is to provide the person or entity's name, business name, business address, business phone number, and any other readily available business contact information for the health care provider.

3. Identify all persons known to you who have knowledge or information that supports or refutes the allegations set forth in Your Operative Complaint.

4. If You contend that the Act "criminaliz[es] certain forms of medically necessary gender-affirming care for transgender minors," but "permits all other minors to access the same procedures and treatments," Doc. 92 at 3, identify and explain all evidentiary bases for Your contention.

5. If You contend that "[a] diagnosis of gender dysphoria is currently required in order to receive many forms of gender-affirming care, including hormone therapy and surgery," Doc. 92 at 6, identify and explain all evidentiary bases for Your contention.

6. If You contend that "[m]edical treatment standards for gender dysphoria, including for minors, are well-established," Doc. 62-1 at 14, identify and explain all evidentiary bases for Your contention.

7. If You contend that "the State's articulated objectives are pretextual justifications that mask the true purpose of the law: to express moral disapproval of

7

a vulnerable and unpopular group," Doc. 62-1 at 27, identify and explain all evidentiary bases for Your contention.

8. If You contend that "the overwhelming weight of medical evidence confirms that the medical care that S.B. 184 forbids is safe, effective, and medically necessary treatment for the health and wellbeing of children and adolescents suffering from gender dysphoria," Doc. 62-1 at 30, identify and explain all evidentiary bases for Your contention.

9. If You contend that "[t]here have been ample observational studies, including federally funded trials, supporting the use of puberty blockers and other gender-affirming hormone therapy for adolescents," Doc. 62-1 at 31, identify and explain all evidentiary bases for Your contention.

10. If You contend that "parents and many minors are able to comprehend the risks involved" of the treatments banned by the Act, Doc. 62-1 at 33, identify and explain all evidentiary bases for Your contention.

11. Identify (including by identifying the specific persons or entities involved) any ways in which You monitor, or have monitored, the health outcomes of Minors, in Alabama or elsewhere, who receive Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Gender Dysphoria and/or Related Conditions.

12. Identify any ways in which You track and/or review, or have tracked and/or reviewed, evidence related to the efficacy or safety of using Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Minors suffering from Gender Dysphoria and/or Related Conditions.

13. Identify (including by identifying the specific persons or entities involved) any ways in which You track and/or review, or have tracked and/or reviewed, evidence or instances of Desistance or Detransition.

14. Identify (including by identifying the specific persons or entities involved) any ways in which You identify, define, monitor, track, and/or discourage "disinformation" related to Transitioning treatments in Minors. *See, e.g.*, AAP Letter to Merrick Garland, Oct. 3, 2022, https://downloads.aap.org/DOFA/DOJ%20Letter%20Final.pdf.

15. Identify (including by identifying the specific persons or entities involved) any ways in which You are reviewing WPATH's Standards of Care 8 (SOC-8) or using SOC-8 to update Your guidance or practices.

16. Identify any studies You are funding, conducting, or helping to fund or conduct—or have funded, conducted, or helped to fund or conduct—related to Transitioning treatments in Minors.

17. Identify (including by identifying the specific persons or entities involved) any ways in which You collaborate or work, or have collaborated or

9

worked, with WPATH, USPATH, the American Academy of Pediatrics, and/or Endocrine Society regarding the use of Transitioning treatments in Minors.

18. Identify (including by identifying the specific persons or entities involved) any ways in which You have provided, are providing, or have decided to provide funding for Transitioning Minors.

Respectfully submitted,

Steve Marshall
  *Attorney General*

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
  *Deputy Solicitors General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov