# EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.,* | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Plaintiff-Intervenor,* | ) |
| | ) |
| v. | )    No. 2:22-cv-00184-LCB-CWB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General of the | ) |
| State of Alabama, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff-Intervenor United States of America submits its objections and responses to Defendants' First Interrogatories.

## <u>Preliminary Statement</u>

The United States' Responses are limited to information currently available to the United States and are based on the United States' understanding of the information it has received or obtained to date. Additional discovery may reveal facts that affect whether any given document is responsive to any particular

request. The United States' investigation is continuing and, consistent with the

Federal Rules and the Local Rules of this Court, the United States will supplement

its Responses.

## **Objections and Responses**

The United States objects to the Requests' definition of "You" or "Your,"

which is overly broad and disproportionate to the needs of the case because it is not

limited to the portion of the vast federal government that is likely to have information

relevant to the claims and defenses in this case. Instead, the definition would apply to

the entire federal government, "former counsel," and "all other persons acting on

behalf of" the entire federal government. The boilerplate language in the Requests'

definition disregards the nature of the federal government and the comparatively

limited claims and defenses in this case. If followed, it would call for broad and

burdensome searches that are not likely in any way to lead to information relevant to

the claims and defenses in this case. It is unreasonable, disproportionate, and likely

impossible for counsel for the United States in this case to attempt to ascertain, find,

and collect responsive information from all persons who meet this unnecessarily

overbroad definition. Instead, the United States will respond to each Request based on

information within the possession, custody, or control of the three offices acting as

counsel and handling this litigation on behalf of the United States—that is, the United

States Department of Justice, Civil Rights Division, Federal Coordination &

Compliance Section; the United States Attorney's Office for the Northern District of

Alabama, Civil Division; and the United States Attorney's Office for the Middle

District of Alabama, Civil Division.

## INTERROGATORY NO. 1:

If You have knowledge of any Health Care Providers, in Alabama or

elsewhere, who are evaluating, diagnosing, monitoring, or treating Minors in

Alabama for Gender Dysphoria or a Related Condition, whether alone or in

conjunction with other Health Care Providers, identify such Health Care Providers.

To "identify," as used in this Interrogatory, is to provide the person or entity's

name, business name, business address, business phone number, and any other

readily available business contact information for the Health Care Provider.

## RESPONSE:

The United States objects to Interrogatory No. 1 on the grounds that it seeks

information protected by the attorney-client privilege, common interest privilege,

or deliberative process privilege. Moreover, it is outside the scope of permitted

discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or

defense. Whether the United States has knowledge of any health care providers

providing gender-affirming care to minors in Alabama, beyond those named in its

initial disclosures, has no bearing on the outcome of this litigation. All of the

individuals the United States believes may have knowledge to support its claims in

this case have been listed in Plaintiff-Intervenor United States of America's First

Supplemental Disclosures, served on January 17, 2023.

**INTERROGATORY NO. 2:**

Identify all Health Care Providers, in Alabama or elsewhere, whom you

have reason to believe are evaluating, diagnosing, monitoring, or treating Minors

in Alabama for Gender Dysphoria or a Related Condition, whether alone or in

conjunction with other Health Care Providers. You do not need to include any

Health Care Provider identified in response to Interrogatory No. 1. To "identify,"

as used in this Interrogatory, is to provide the person or entity's name, business

name, business address, business phone number, and any other readily available

business contact information for the health care provider.

**RESPONSE:**

The United States objects to Interrogatory No. 2 on the grounds that it seeks

information protected by the attorney-client privilege, common interest privilege,

and deliberative process privilege. This Interrogatory is also overbroad and unduly

burdensome. It calls for a similar category of information as Interrogatory No. 1,

except that it goes even further beyond the bounds of permissible discovery under

Rule 26(b)(1) in that it requires the United States to *speculate* which health care

providers are providing gender-affirming care to minors in Alabama. Certainly,

unsubstantiated information such as this, were it to exist, would not bear on the

outcome of this litigation. All of the individuals the United States believes may have knowledge to support the claims in this case have been listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023.

**INTERROGATORY NO. 3:**

Identify all persons known to you who have knowledge or information that supports or refutes the allegations set forth in Your Operative Complaint.

**RESPONSE:**

The United States objects to Interrogatory No. 3 on the grounds that it seeks information protected by the attorney-client privilege, common interest privilege, or deliberative process privilege. Moreover, this Interrogatory is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. It is also vague. The United States has disclosed all of the people it is aware of who have knowledge supporting its claims in its Rule 26 disclosures, *see* Plaintiff-Intervenor United States of America's First Supplemental Initial Disclosures. The United States reserves the right to supplement its disclosures if it learns of additional relevant witnesses.

Which individuals may have knowledge that would *refute* the claims requires that the United States speculate on what it means to "refute" the claims, which may differ from what Defendants have in mind considering that the parties

disagree on several legal issues related to this case. Given that this aspect of the interrogatory calls for the United States' mental impressions, and that the United States believes that all of the allegations in its operative complaint are accurate, the United States does not provide a response to the second part of the Interrogatory.

**INTERROGATORY NO. 4:**

If You contend that the Act "criminaliz[es] certain forms of medically necessary gender-affirming care for transgender minors," but "permits all other minors to access the same procedures and treatments," Doc. 92 at 3, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 4 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date, and reserves the right to supplement its production as discovery, particularly the exchange of expert reports, proceeds. Without waiving the foregoing objection, the United States responds that Section 4 of the Vulnerable Child Compassion and Protection Act (VCAP) is discriminatory on its face because its bans particular treatments and procedures only when they are being used to affirm a gender identity that is "inconsistent with the minor's sex" as assigned at birth. VCAP, § 4. As such, VCAP singles out transgender minors for discriminatory treatment. Those

same procedures that VCAP prohibits for transgender minors remain as permissible as before for all other purposes, including gender-affirming care for anyone who is not transgender. Specifically, VCAP states that "no person shall engage in or cause" specified types of medical care to be performed on a minor with "the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent" with their sex assigned at birth. *Id*. at § 4(a). The practices prohibited by Section 4 of VCAP include administering puberty blockers and administering hormone therapy. *Id.* at § 4(a)(1)-(3). Notably, there is an exception for procedures "undertaken to treat a minor born with a medically verifiable disorder of sex development." *Id.* at § 4(b). A violation of Section 4 of S.B. 184 is a Class C felony, *id.* at § 4(c), which is punishable by up to 10 years of imprisonment and a fine of up to $15,000. *See* Ala. Crim. Code §§ 13-A-5-6(a)(3), 13A-5-11(a)(3). In addition to the statute itself, the United States refers to the Declaration of Dr. Armand Antommaria in Support of Plaintiff-Intervenor United States' Motion for a Temporary Restraining Order and a Preliminary Injunction and the exhibits accompanying that declaration.

## INTERROGATORY NO. 5:

If You contend that "[a] diagnosis of gender dysphoria is currently required in order to receive many forms of gender-affirming care, including hormone

therapy and surgery," Doc. 92 at 6, identify and explain all evidentiary bases for Your contention.

**RESPONSE**:

The United States objects to Interrogatory No. 5 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date, and reserves the right to supplement its production as discovery, particularly the exchange of expert reports, proceeds. Without waiving the foregoing objection, the United States refers to the declarations, studies, and clinical practice guidelines listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023, at B(1), (2), (4), (8), (10), and (15).

**INTERROGATORY NO. 6**:

If You contend that "[m]edical treatment standards for gender dysphoria, including for minors, are well-established," Doc. 62-1 at 14, identify and explain all evidentiary bases for Your contention.

**RESPONSE**:

The United States objects to Interrogatory No. 6 on the grounds that contention interrogatories are premature at this point in discovery. The parties have not yet exchanged documents, disclosed their experts, nor deposed any of the witnesses. Without waiving the foregoing objection, the United States refers to the

declarations, studies, and clinical practice guidelines listed in Plaintiff-Intervenor

United States of America's First Supplemental Disclosures, served on January 17,

2023, at B(1), (2), (4), (5), (8), (10), and (15).

**INTERROGATORY NO. 7:**

If You contend that "the State's articulated objectives are pretextual

justifications that mask the true purpose of the law: to express moral disapproval of

a vulnerable and unpopular group," Doc. 62-1 at 27, identify and explain all

evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 7 on the grounds that

contention interrogatories are premature at this point in discovery. The parties have

not yet exchanged documents nor have they deposed any of the witnesses. Without

waiving the foregoing objection, the United States refers to the legislation's text

and legislative history, which belie the State's purported purpose to protect youth.

The text and legislative history of VCAP include expressions of moral disapproval

of transgender status. So, too, its suggestion that transgender minors will

"outgrow" their gender identity. VCAP, § 2(4). Statements from Governor Ivey

and co-sponsor Representative Allen reflect profound disapproval of people whose

gender identity is inconsistent with the sex they were assigned at birth. In addition,

the United States refers to the documents listed in Plaintiff-Intervenor United

States of America's First Supplemental Disclosures, served on January 17, 2023, at B(6) and (7).

**INTERROGATORY NO. 8:**

If You contend that "the overwhelming weight of medical evidence confirms that the medical care that S.B. 184 forbids is safe, effective, and medically necessary treatment for the health and wellbeing of children and adolescents suffering from gender dysphoria," Doc. 62-1 at 30, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 8 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date. Moreover, the response to this Interrogatory is informed by the United States' experts, and the deadline for their disclosure has not yet passed. Accordingly, the United States reserves the right to supplement its response later in discovery. Without waiving the foregoing objection, the United States refers to the declarations, studies, and clinical practice guidelines listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023, at B(1), (2), (4), (5), (8), (10), and (15).

**INTERROGATORY NO. 9:**

If You contend that "[t]here have been ample observational studies, including federally funded trials, supporting the use of puberty blockers and other gender-affirming hormone therapy for adolescents," Doc. 62-1 at 31, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 9 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date. Moreover, the response to this Interrogatory is informed by the United States' experts, and the deadline for their disclosure has not yet passed. Accordingly, the United States reserves the right to supplement its response later in discovery. Without waiving the foregoing objection, the United States refers to the declarations, studies, and clinical practice guidelines listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023, at B(1), (2), (8), (10), and (15).

**INTERROGATORY NO. 10:**

If You contend that "parents and many minors are able to comprehend the risks involved" of the treatments banned by the Act, Doc. 62-1 at 33, identify and explain all evidentiary bases for Your contention.

**RESPONSE:**

The United States objects to Interrogatory No. 10 on the grounds that contention interrogatories are premature at this point in discovery. The United States is preparing to produce the responsive documents in its possession to date. Moreover, the response to this Interrogatory is informed by the United States' experts, and the deadline for their disclosure has not yet passed. Accordingly, the United States reserves the right to supplement its response later in discovery. Without waiving the foregoing objection, the United States refers to the declarations and studies listed in Plaintiff-Intervenor United States of America's First Supplemental Disclosures, served on January 17, 2023, at B(8) and (12).

**INTERROGATORY NO. 11:**

Identify (including by identifying the specific persons or entities involved) any ways in which You monitor, or have monitored, the health outcomes of Minors, in Alabama or elsewhere, who receive Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Gender Dysphoria and/or Related Conditions.

**RESPONSE:**

The United States objects to Interrogatory No. 11 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense, particularly when it comes to surgical

interventions since the United States is not challenging that part of VCAP. The United States further objects on the grounds that the term "monitor" is vague. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division do not monitor such outcomes.

**INTERROGATORY NO. 12:**

Identify any ways in which You track and/or review, or have tracked and/or reviewed, evidence related to the efficacy or safety of using Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Minors suffering from Gender Dysphoria and/or Related Conditions.

**RESPONSE:**

The United States objects to Interrogatory No. 12 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense, particularly when it comes to surgical interventions since the United States is not challenging that part of VCAP. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division do not track such evidence.

**INTERROGATORY NO. 13:**

Identify (including by identifying the specific persons or entities involved) any ways in which You track and/or review, or have tracked and/or reviewed, evidence or instances of Desistance or Detransition.

**RESPONSE:**

The United States objects to Interrogatory No. 13 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division do not track such evidence.

**INTERROGATORY NO. 14:**

Identify (including by identifying the specific persons or entities involved) any ways in which You identify, define, monitor, track, and/or discourage "disinformation" related to Transitioning treatments in Minors. *See, e.g.*, AAP Letter to Merrick Garland, Oct. 3, 2022, https://downloads.aap.org/DOFA/DOJ%20Letter%20Final.pdf.

**RESPONSE:**

The United States objects to Interrogatory No. 14 as vague and unclear. The United States does not have responsive information for this Interrogatory.

**INTERROGATORY NO. 15:**

Identify (including by identifying the specific persons or entities involved) any ways in which You are reviewing WPATH's Standards of Care 8 (SOC-8) or using SOC-8 to update Your guidance or practices.

**RESPONSE:**

The United States objects to Interrogatory No. 15 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division do not issue medical guidance regarding the standards of care for transgender minors or practice in this area of medicine.

**INTERROGATORY NO. 16:**

Identify any studies You are funding, conducting, or helping to fund or conduct—or have funded, conducted, or helped to fund or conduct—related to Transitioning treatments in Minors.

**RESPONSE:**

The United States objects to Interrogatory No. 16 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama, Civil Division; and the United States Attorney's Office for the Middle District of Alabama, Civil Division have not funded or conducted any studies related to gender-affirming treatments in minors.

**INTERROGATORY NO. 17:**

Identify (including by identifying the specific persons or entities involved) any ways in which You collaborate or work, or have collaborated or worked, with WPATH, USPATH, the American Academy of Pediatrics, and/or Endocrine Society regarding the use of Transitioning treatments in Minors.

**RESPONSE:**

The United States objects to Interrogatory No. 17 on the grounds that it is outside the scope of permitted discovery under Rule 26(b)(1) because it seeks information unrelated to a claim or defense. Nevertheless, the United States Department of Justice, Civil Rights Division, Federal Coordination & Compliance Section; the United States Attorney's Office for the Northern District of Alabama,

Civil Division; and the United States Attorney's Office for the Middle District of

Alabama, Civil Division have not collaborated or worked with WPATH, USPATH,

the American Academy of Pediatrics, and/or Endocrine Society regarding the use

of gender-affirming treatments in minors.

**INTERROGATORY NO. 18:**

Identify (including by identifying the specific persons or entities involved)

any ways in which You have provided, are providing, or have decided to provide

funding for Transitioning Minors.

**RESPONSE:**

The United States objects to Interrogatory No. 18 on the grounds that it is

outside the scope of permitted discovery under Rule 26(b)(1) because it seeks

information unrelated to a claim or defense. Nevertheless, the United States

Department of Justice, Civil Rights Division, Federal Coordination & Compliance

Section; the United States Attorney's Office for the Northern District of Alabama,

Civil Division; and the United States Attorney's Office for the Middle District of

Alabama, Civil Division have not provided funding for transitioning minors.

Dated: January 19, 2023             Respectfully submitted,

SANDRA J. STEWART               KRISTEN CLARKE
United States Attorney              Assistant Attorney General
Middle District of Alabama          Civil Rights Division

PRIM F. ESCALONA                JOHN POWERS (DC Bar No. 1024831)
United States Attorney              Counsel to the Assistant Attorney General

Northern District of Alabama

LANE H. WOODKE
Chief, Civil Division
Northern District of Alabama

 /s/ Jason R. Cheek
JASON R. CHEEK
Deputy Chief, Civil Division
MARGARET L. MARSHALL
Assistant U.S. Attorney
ROBERT C. PICKREN
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203
Tel.: (205) 244-2104
Jason.Cheek@usdoj.gov
Margaret.Marshall@usdoj.gov

STEPHEN D. WADSWORTH
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

Civil Rights Division

CHRISTINE STONEMAN
Chief, Federal Coordination and Compliance
Section

 /s/ Coty Montag
COTY MONTAG (DC Bar No. 498357)
Deputy Chief, Federal Coordination and
Compliance Section

RENEE WILLIAMS (CA Bar No. 284855)
KAITLIN TOYAMA (CA Bar No. 318993)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 305-2222
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

AMIE S. MURPHY (NY Bar No. 4147401)
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 353-1285
Amie.Murphy2@usdoj.gov

*Attorneys for Plaintiff-Intervenor United
States of America*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2023, I sent, via electronic mail, the foregoing Objections and Responses to Defendants' First Interrogatories to the following counsel of record:

Melody H. Eagan
Jeffrey P. Doss
Amie A. Vague
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt
Misty L. Peterson
Adam Reinke
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com

Brent P. Ray
Abigail Hoverman Terry
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy
KING & SPALDING LLP
633 West Fifth Street, Suite 1600

Los Angeles, CA 90071
mshortnacy@kslaw.com

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
aorr@nclrights.org

Jennifer L. Levi
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
jlevi@glad.org

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
2 Biscayne Boulevard, Suite 3750
Miami, FL 33131
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

Jessica L. Stone
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

Sarah Warbelow
Cynthia Weaver
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

*Counsel for Private Plaintiffs*

Edmund G. LaCour Jr.
A. Barrett Bowdre
Thomas A. Wilson
James W. Davis
Benjamin M. Seiss
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

Christopher Mills
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina 29413
CMills@Spero.law

David H. Thompson
Peter A. Patterson
Brian W. Barnes
John D. Ramer
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

*Counsel for Defendants*

Respectfully submitted,

/s/ *Coty Montag*
Coty Montag
Deputy Chief
Civil Rights Division
U.S. Department of Justice