# EXHIBIT C

**Williams, Renee (CRT)**

| | |
|---|---|
| **From:** | Murphy, Amie (CRT) |
| **Sent:** | Thursday, February 16, 2023 6:28 PM |
| **To:** | Brian Barnes; Melody H. Eagan; Montag, Coty (CRT); Bowdre, Barrett; Adam Reinke; John Ramer |
| **Cc:** | Cheek, Jason (USAALN); LaCour, Edmund; Wilson, Thomas; Davis, Jim; Seiss, Ben; Christopher Mills; Pete Patterson; David Thompson; Jeffrey P. Doss; Amie A. Vague; AOrr; Jennifer Levi; Sarah Warbelow; Cynthia Weaver; Andy Pratt; Misty Peterson; Brent Ray; Abigail Terry; Michael Shortnacy; Scott McCoy; Diego Soto; Jessica Stone; Marshall, Margaret (USAALN); Williams, Renee (CRT); Toyama, Kaitlin (CRT) |
| **Subject:** | RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents |

Hi Brian-

The United States accepts your proposal regarding RFPs 11 and 13.

Best,

Amie

---

**From:** Murphy, Amie (CRT)
**Sent:** Wednesday, February 15, 2023 5:36 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  We will need about 2-3 weeks to get the files for RFP 12 processed, but then we will send them your way.  We will get back to you shortly regarding your proposal regarding RFPs 11 and 13.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Wednesday, February 15, 2023 1:44 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague

<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>

**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on RFPs 11, 12, and 13. Defendants agree that production of the administrative record as outlined in your note below suffices to satisfy RFP 12. Please let me know when we can expect to receive access to those materials.

For RFPs 11 and 13, Defendants would be willing to stand down on those RFPs on one condition. The condition is that if the proposed rule referenced in RFP 11 ultimately results in a final rule and if the federal government prepares an administrative record for that final rule in connection with other litigation, the United States agrees to produce that administrative record to Defendants. Please let me know if this would be an acceptable compromise for purposes of RFPs 11 and 13.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, February 15, 2023 10:28 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.

I have an update on the United States' responses to RFPs 11-13.

RFP 12:  We can confirm that HHS has compiled the administrative record for this rule for prior litigation in which HHS was a party.  We are amenable to facilitating the production of all non-privileged records from that file because it is already compiled and was previously produced. Please note that it consists of approximately 2.3M pages.  In facilitating this production, we are not waiving objections based on relevance, burden, and the fact that the Department of Justice

is not obligated to produce documents on behalf of HHS.  Please confirm whether Defendants will accept this production as the United States' complete response to RFP 12.

RFPs 11 and 13:  HHS has not compiled the administrative record for the pending NPRM (RFP 11) or the Notice of Benefit and Payment Parameters for 2023 (RFP 13).  We expect that the combined records would also exceed 2M pages and would take weeks, if not months, to compile.  Therefore, the burden to produce these administrative records far exceeds their limited relevance, if any, to the litigation.  With respect to the documents responsive to RFP 13, we note that the materials that comprise the foundational part of the record (articles, studies, and data) are cited within the rulemaking and are publicly available.

We remain open to discussing this further if you are willing to limit the scope of your request with respect to RFPs 11 and 13.

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, February 14, 2023 1:03 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note. We're planning to move to compel interrogatory responses from HHS (including subcomponents of HHS such as FDA and NIH). The arguments on this track the ones we're already litigating with respect to the RFPs, but I'd be happy to discuss if you think that doing so would be productive.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Tuesday, February 14, 2023 9:29 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>;

David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Good morning, Brian—

Can you be more specific about the basis for your motion to compel regarding the United States' responses to the interrogatories?  This is the first time you are raising any concern with them.  Are Defendants planning to move to compel responses from HHS, FDA, and NIH, or is there more to it than that?

We are checking on RFPs 11-13 and expect to have a response for you this week.

Best,

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, February 14, 2023 8:23 AM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

I'm writing on a couple of fronts.

First, given the trial schedule in this case, Defendants want to tee up for the Court as many unresolvable discovery disputes as possible for the March 21 hearing. To that end, we are planning to file a motion to compel that would require the United States to provide more complete responses to the following interrogatories: 11, 12, 13, 14, 15, 16, 17, and 18. The United States only answered those interrogatories on behalf of three offices within the Department of Justice. Given the brief you all filed yesterday and our prior discussions, we think we have a good understanding of the United States's position and do not believe that further efforts to meet and confer about the scope of the United States' interrogatory responses would be productive. But to the extent you disagree, we are happy to talk this week. To ensure

that the motion to compel on these interrogatories can be argued on March 21, Defendants plan to file the motion on Monday (February 20).

Second, I wanted to follow up on our proposal with respect to RFPs 11, 12, and 13. We last communicated about those RFPs three weeks ago, when you said that you would consider our proposal and get back with us "as soon as possible." Can you give us a timeline for when we will be hearing back from you on this? Consistent with my first point above, Defendants may seek to put this issue before the Court ahead of the March 21 hearing if we cannot reach agreement soon.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Tuesday, January 24, 2023 10:38 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  Your clarifications are very helpful.  We will get back to you on this as soon as possible.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Monday, January 23, 2023 3:21 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on RFPs 11, 12, and 13. Here are answers to your questions:

1. We're not completely certain what you mean by the administrative record "as defined and assembled by HHS." To clarify, our proposal on RFPs 11, 12, and 13 is that the United States produce "the full administrative record that was before the Secretary at the time he made" the decisions referenced in each of those RFPs. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). That would include "all information [the agency] considered either directly or indirectly." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010).

2. We agree that privileged documents aren't part of the administrative record (as defined above). So if the United States agrees to our proposal on RFPs 11, 12, and 13, no privilege log would need to be produced for purposes of responding to those requests. To be clear, we aren't offering to abandon the request for a privilege log as to other RFPs, but we would agree to give up on a privilege log for purposes of RFPs 11, 12, and 13 if the United States agrees to our proposal on those RFPs.

3. Our thought on RFP 11 was that the agency may have already assembled the materials it has considered so far even though there isn't yet a final rule. But if that isn't correct, our proposal may not be feasible with respect to RFP 11.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, January 20, 2023 2:06 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian-

Thanks for taking the time to continue our discussion on the RFPs yesterday. As we discussed, we are considering your request for "administrative records" regarding RFPs 11-13. On that note, we want to clarify three points:

1) Defendants are only seeking the administrative record, as defined and assembled by HHS;
2) Defendants agree that the administrative record does not include privileged materials (e.g., documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege). Since deliberative process materials, including internal memoranda, are not considered part of the administrative record, there will be no expectation that the United States create a privilege log; and

3) RFP 11 is specific to the current Section 1557 NPRM. Since the rulemaking process is ongoing, please specify what Defendants are seeking with respect to this RFP.

Best,

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, January 12, 2023 10:19 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

The proposal in my note of January 5 was for the United States to identify custodians it would use to respond to a subset of the RFPs (RFP 18, RFP 19, RFP 20, RFP 23, RFP 24, RFP 29, and RFP 30) and to use that list of custodians to help frame a discussion around whether and how to limit the scope of the remaining RFPs on which we haven't offered to stand down. We think this is a sensible approach because it's impossible for us to assess the claims of burdensomeness without having any sense for the number of custodians or volume of documents in play. Would the United States be amenable to that approach? And if not, does the United States have a counterproposal?

Your note below doesn't respond to my question about whether there are administrative records for the actions referenced in RFP 11, RFP 12, and RFP 13. As I noted, one path forward on those RFPs would be for the United States to produce the relevant administrative records. If they already exist, it's difficult for us to see how producing them could be unduly burdensome.

We recognize that some documents responsive to some of our RFPs may be covered by the deliberative process privilege, but that's not a basis for refusing to search for responsive documents. Non-deliberative (e.g., factual) material cannot be withheld under the deliberative process privilege even if it's predecisional. That's why the administrative record for a final agency action can be thousands of pages long and isn't limited to whatever an agency says about its decision in the Federal Register. The deliberative process privilege is also a qualified privilege that can be overcome when a litigant makes a sufficient showing of need. For those reasons among others, the deliberative process privilege can only be asserted on a document-by-document basis, and the privilege issue you raise is premature.

Finally, while we appreciate the offer to send links to the documents referenced in RFPs 11-13, 18, 19, 20, 23, 24, 29, and 30, we obviously already have those documents. The thrust of those RFPs is not to request copies of the documents themselves but the factual inputs and other non-privileged materials behind them.

7

If you aren't able to respond to this note by Monday, please let me know when between now and then you are available to meet and confer by telephone. Given the schedule in this case, we think it's essential to complete these negotiations no later than the end of next week.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, January 11, 2023 1:25 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

Thanks again for your email.  Our position remains that HHS is not a part of the United States for purposes of this case.  However, without waiving our objections and while fully preserving our rights on the issue, we remain open to the possibility of attempting to facilitate a production of responsive documents on behalf of HHS provided we can come to agreement on the boundaries of the requests at issue.

We appreciate your efforts to provide greater specificity as to which RFPs Defendants believe will most likely yield relevant information.  However, a number of RFPs that you refer to as the "broader" ones remain unaddressed.  Because those requests remain in play, the totality of Defendants' requests remain overly broad and unduly burdensome, in addition to raising the same significant relevance and deliberative process concerns we have discussed previously during the meet and confer process.  For example, we do not see how pre-decisional emails, memos, or pre-final drafts of publicly available studies and reports have any bearing on this lawsuit or are properly discoverable.

We also wanted to flag, in case it's useful and in the interest of expediency, that many of the reports and studies mentioned in your email can be accessed online.  We could provide links to certain publications responsive to RFPs 11-13, 18, 19, 20, 23, 24, 29, and 30 if you would like.  Please let us know if that would be helpful.

Amie

---

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division

U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Murphy, Amie (CRT)
**Sent:** Friday, January 6, 2023 5:04 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  We're working through this issue as expeditiously as possible and will know early next week which day works best to schedule the call.  Have a nice weekend.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, January 6, 2023 3:21 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Amie. Just in the interest of keeping the ball rolling, should we schedule another call for late in the day Tuesday or sometime on Wednesday? We can always cancel if a call proves unnecessary, but I think it would be good to have another time on the calendar when we can discuss after you respond to my last note in writing.

I hope you have a nice weekend.

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, January 6, 2023 11:19 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks for giving the issue more consideration. We will give this some thought and get back to you on Monday or Tuesday.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, January 5, 2023 5:23 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Amie,

Here are a few thoughts and responses relevant to your email below and the issues we discussed during our call on January 3.

1. This issue will hopefully turn out to be academic, but we strongly disagree with your position that HHS documents are beyond the scope of materials that the United States is required to review and produce under Rule 34. Under that rule, documents are in bounds if they are in the "responding party's possession, custody, or control." The "responding party" here is the United States. The United States—not the Attorney General or the Department of Justice—is the entity listed in the intervention papers and which now appears on the case caption. Nor could it be otherwise: the statute the United States relied on to intervene specifies that "the

10

Attorney General *for or in the name of the United States* may intervene." 42 U.S.C. § 2000h-2 (emphasis added). The Attorney General and the DOJ may serve as attorneys for the United States, but it is the United States itself that is the party. So it is the United States itself that is responsible for complying with discovery obligations *as a party*. The pertinent question is thus what documents the *United States* has in its "possession, custody or control." And as relevant here, the answer is that the United States has "possession, custody, or control" over documents and communications at HHS because HHS is an executive agency of the United States.

2.  As we discussed during our January 3 call, the fundamental thing we are after with most of the discovery requests directed to the United States is evidence relevant to the safety and efficacy of the treatments that are the subject of the lawsuit. We know that HHS has relevant evidence on this topic based on things that agency has said and done in recent years. Some of our RFPs are targeted requests that specifically seek documents concerning a subset of those actions that we view as especially likely to yield highly relevant documents –

    a.  RFP 18 (documents concerning an NIH-funded study on the impact of early medical treatment for transgender youth);

    b.  RFP 19 (documents concerning an NIH-funded study on the physiologic response to cross-sex hormones among transgender youth);

    c.  RFP 20 (documents concerning NIH-funded research by Natalie Nokoff regarding transitioning and gender dysphoria);

    d.  RFP 23 (documents concerning the FDA's decision to add a warning about pseudotumor cerebri to the label for puberty blockers);

    e.  RFP 24 (documents concerning the FDA's review of puberty blockers);

    f.  RFP 29 (documents concerning a topic brief on treatments for gender dysphoria by the Agency for Healthcare Research and Quality); and

    g.  RFP 30 (documents concerning a publication by the Office of Population Affairs on gender-affirming care and young people).

    In terms of a path forward, we think a logical next step is for the United States to identify the custodians who are most likely to have documents responsive to those RFPs. We could then have a conversation about whether those same custodians would be appropriate for purposes of responding to some of the broader RFPs.

3.  RFP 11, RFP 12, and RFP 13 all seek documents relating to administrative actions taken or being considered by HHS. Has HHS maintained administrative records relating to those actions? If so, producing those records to us could be a way of satisfying those requests with minimal burden.

4.  We understand your concerns about burdensomeness, and as part of a broader compromise we would be willing to withdraw the following RFPs: RFP 2, RFP 3, RFP 17, RFP 21, RFP 26, RFP 27, RFP 32, RFP 33, RFP 44, and RFP 45. Although we do not think that the United States's decision to abandon its challenge to the features of the Act that regulate surgeries makes evidence concerning surgeries irrelevant, I note that we are offering to withdraw RFP 26 (documents concerning reporting of adverse events for surgical procedures used to treat gender dysphoria).

5.  As I mentioned at the end of our call, the documents we are seeking in fact discovery will be important inputs for our experts' analysis. Accordingly, if we come close to the March 20 deadline for disclosure of defendants' expert reports and still have significant document discovery requests outstanding, it is very likely that we will seek an extension of the March 20 deadline. I am raising this issue now because the plaintiffs' expert reports are

due on January 23. Given the current status of fact discovery, defendants would not oppose an extension of that deadline (assuming a similar extension of the deadline for disclosure of defendants' expert reports).

6.  Concerning the ESI protocol, the concern I raised during our last call was with respect to the following sentence that plaintiffs proposed to add to Section V(E): "The Parties further agree that when producing Documents and ESI, privileged, data privacy protected, or irrelevant material contained within an otherwise discoverable Document or ESI record should be redacted." We read that sentence to permit redactions of "irrelevant material contained within an otherwise discoverable Document." As I mentioned during the call, we are very reluctant to agree to a protocol that permits redactions based on relevance. (We are uncertain what plaintiffs have in mind by way of "data privacy protected" redactions but also would likely object to that.)

Especially in light of the Court's decision yesterday to move up the trial date by two months, we think it's urgent to conclude these discussions so that the United States can begin reviewing and producing documents as soon as possible. To that end, please let us know your availability for a call to discuss these issues on Monday or Tuesday of next week.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Thursday, January 5, 2023 9:17 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian:

Thanks for taking the time to speak with us yesterday.  I'm writing to memorialize a couple thoughts that were exchanged during the call.

First, the United States reaffirms that it is not contesting the constitutionality of the portion of the statute related to surgical procedures and that discovery related to surgeries is not relevant to this matter. Please confirm that Defendants will withdraw certain requests accordingly.

Second, we reaffirm that HHS is not a party to the case and this case was not referred to DOJ by HHS. Private Plaintiffs also no longer assert a claim under Section 1557 of the Patient Protection and Affordable Care Act. Finally, the RFPs implicating HHS are unduly broad and overly burdensome, and seek documents that are not relevant to this case. Yet, in the interest of cooperation and efficiency, we are willing to consider facilitating a production through HHS if you narrow

your requests so that we may have a productive conversation with agency counsel.  Please confirm our understanding that Defendants are considering this request and will get back to us this week.

I think that covers it, but please let me know if I've left something out or you disagree with my representations.

Best,

Amie

_____
Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 23, 2022 12:10 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on Wednesday. Here are a few responses and reactions --

1.  The only document requests for which we don't think it's necessary to use HHS custodians are RFPs 4 and 5. Given that the core factual dispute in this case is over the safety and efficacy of medical treatments, our view is that HHS (including agencies housed within HHS such as FDA and NIH) is by far the most important place for the United States to look for relevant documents. We're of course open to a conversation about ways to limit the burden of responding to our document requests, including by narrowing the scope of some of the RFPs and identifying appropriate custodians and search terms. But it still isn't clear to us whether the United States is willing to search the ESI of HHS custodians and produce responsive materials (including emails). Please clarify the United States' position on that threshold issue.

2.  The treatments referenced in my note of December 16 are the ones prohibited by Section 4 of S.B. 184. That includes: (1) puberty blocking medication, (2) cross-sex hormones, and (3) surgeries that sterilize, that artificially construct tissue with the appearance of genitalia, or that remove any healthy body part or tissue except male circumcision. We are puzzled by your statement that surgery "is not relevant here" given that the United States' complaint asks the Court to permanently enjoin Section 4 of the Act in full, including the provisions that regulate surgeries. *See also* U.S. Complaint ¶¶ 38, 39, 42, and 51. If the United States no longer intends to challenge the Act's regulation of surgeries, please let us know since that would affect our thinking about various discovery issues.

3.  Provided that the same limitation applies to Defendants' attorneys, we agree that there is no need for the United States to search DOJ attorneys' ESI or log privileged responsive documents found in a DOJ attorney's ESI.

4.  We cannot agree to limit the United States' production to documents that the United States may use to support its claims. RFP 4 requests all such materials, but the other document requests Defendants served on the United States are not so limited.

We're available to discuss these issues any time on January 3. Please let us know a time that works for you.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, December 21, 2022 4:02 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Brian,

Thank you for clarifying that the scope of your requests regarding scientific evidence pertains only to documents within the possession, custody, and control of HHS and its agencies, which include FDA, NIH, and the Centers for Medicare and Medicaid Services.

In order for us to answer the questions in your email, we first need to understand the breadth of the commitment you are asking us to undertake. Simply put, it would help to know which of the 45 RFPs you believe apply to HHS. Even if we were to agree to your request right now, we would still need to identify the particular RFPs prior to connecting with the agency in order to guide our discussion. For sake of efficiency, we would like to know that information now in order to

decide whether making that commitment is even feasible. Additionally, your email states that you are seeking "medical and scientific evidence surrounding the treatments at issue here." Please specify the treatments you are referring to—is this limited to hormones and puberty blockers? Surgery is not relevant here and so shouldn't be covered by your request.

The United States anticipates making its initial production of documents by January 20, given that we have not yet agreed to the terms of the ESI protocol. In light of your December 20 email to Melody, stating that it would be disproportional to the needs of the case to search ESI held by attorneys at the Attorney General's Office, we assume the same limitation can apply to attorneys at the Department of Justice and thus we will not search attorneys' ESI or log privileged responsive documents found in a DOJ attorney's ESI. We also propose limiting the United States' production to documents that the United States may use to support its claims.

We propose having a discussion about this after the holidays, during the week of January 2. If you are able to send us a list of RFPs prior to the call, please do that. It seems as though we are making some headway and we are hopeful that we can reach a resolution.

Best,

Amie

P.S. Wishing everyone on this chain a happy holiday!

_____

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 16, 2022 3:52 PM
**To:** Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Subject:** [EXTERNAL] Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Amie,

Thank you for taking the time to speak with us yesterday regarding the United States's position with respect to Defendants' requests for production. We appreciate that your client is generally willing to work with us regarding those requests, but we need more clarity regarding your position—especially as it relates to the Department of Health and Human Services (HHS).

As we stated during the call, we think that the medical and scientific evidence surrounding the treatments at issue here is highly relevant to the claims in this case. And we know that the federal government employs healthcare and medical professionals who research, study, and make decisions based upon that evidence. We are therefore seeking documents and communications in the possession, custody, or control of those professionals. As we explained during the call, in an effort to narrow the requests, we are willing to focus only on HHS (with the understanding that this includes the agencies within HHS such as the FDA and the NIH). The call left us with a few questions that we need you to answer to chart a path forward:

1. Is the United States willing to identify custodians at HHS, including at agencies within HHS such as FDA and NIH, that would be the most likely to possess documents and communications concerning the scientific evidence surrounding the safety and efficacy of the treatments at issue in this case?

2. Assuming that we can agree upon relevant search terms, is the United States willing to search the ESI of HHS custodians for responsive documents using agreed-upon search terms?

3. Would those searches extend to the custodians' emails?

Once we know the answers to these questions, it will make it much easier to discern next steps—whether that is proceeding to identify custodians and search terms or instead teeing up for the Court a dispute over the United States's discovery obligations. Given the schedule in this case, we ask that you respond to this note by December 21.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly

received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.