# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, <br><br> *Plaintiffs*, <br><br> United States of America, <br><br> *Plaintiff-Intervenor*, <br><br> v. <br><br> Hon. Steve Marshall, in his official capacity as Attorney General of the State of Alabama, *et al.*, <br><br> *Defendants*. | Case No. 2:22-cv-184-LCB-CWB |

## DECLARATION OF LISETTE TAYLOR

I, Lisette Taylor, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that my testimony below is true and correct:

1. I am employed in the position of Senior Management Analyst for the U.S. Department of Health and Human Services ("HHS" or "Department").

2. I have held the position of Senior Management Analyst since October 5, 2015. In this capacity, my current job duties include program analysis for nationwide Office of General Counsel ("OGC") programs and policies; coordination and execution of special assignments and management initiatives for the General Counsel, Deputy General Counsel and the Office of Legal Resources Executive Officer; and serving as an authoritative source on management issues and development of operational policy of special concern to OGC.

1

3. I have a Bachelor's Degree in Anthropology from the University of Virginia, and a J.D. from University of Maryland School of Law.

4. This declaration is based upon personal knowledge, information acquired by me in the course of performing my official duties, and my review of HHS records, systems, and information maintained by HHS in the regular course of my employment.

5. I understand that, as part of the above-captioned litigation, Defendants served on the United States on December 20, 2022 a document entitled Defendants' First Interrogatories to Intervenor-Plaintiff United States of America ("Interrogatories"). I understand that Defendants' Interrogatories required the United States to provide responses on behalf of any executive agency or department in which responsive information may be found.

6. I understand that Defendants are no longer seeking responsive information from every executive agency, but only from HHS, including its sub-agencies the Food and Drug Administration ("FDA") and the National Institutes of Health ("NIH"). I also understand that Defendants filed a Motion to Compel Plaintiff-Intervenor to Answer Interrogatories ("Motion"). I understand that the Motion seeks an order from the Court compelling HHS (rather than Plaintiff-Intervenor) to respond to Interrogatory Nos. 11–18.

7. It is my understanding that Interrogatories 11–18 seek a plethora of information from multiple Operating Divisions. Interrogatories of this nature are likely to result in a wide range of potentially responsive data and information that would need to be collected individually from each of the HHS's various, diverse Operating Divisions.

8.      Collections of this size pose multiple problems that will lead to time-consuming delays given the federated nature of HHS as an Agency. Each Operating Divisions operates semi-autonomously from the others within HHS. And each Operating Division has its own specialization and expertise that is distinct from other Operating Divisions within HHS.

9.      Defendants' demand for information "from HHS (including subcomponents of HHS such as FDA and NIH)" is predicated on a misunderstanding of HHS's structure and how information is collected throughout the Department. The primary burden in collective requests like those posed by the Interrogatories is the federated nature of HHS, similar to the burden of collective requests like those posed by Defendants' First Requests for Production to Intervenor-Plaintiff United States of America.

10.     The Office of the Chief Information Officer ("OCIO"), Office of Operations runs a system that covers certain HHS Staff Divisions, including the Administration for Community Living, the Administration for Children and Family, the Agency for Healthcare Research and Quality, the Substance Abuse and Mental Health Services Administration, and the Administration for Strategic Preparedness and Response.

11.     However, other Operating Divisions, including the FDA, NIH, the Centers for Medicare & Medicaid Services ("CMS"), the Centers for Disease Control and Prevention ("CDC"), the Indian Health Service ("IHS"), the Health Resources and Services Administration ("HRSA"), etc. (nearly all of which would be expected to have information potentially responsive to Defendants' Interrogatories as part of HHS, even though Defendants have not specified they are seeking documents from these sub-agencies) all run their own systems, employ their own personnel, and would have to be individually queried.

3

12. Each of these Operating Divisions has its own area of specialization and expertise and therefore would have potentially responsive information that would be distinct from that contained in other Operating Divisions. Further, as noted in the Declaration of Dr. Karl Mathias, HHS's Chief Information Officer, each Operating Division stores its information in distinct, segregated technical systems, including bespoke databases, that are inaccessible to personnel from other Operating Divisions.

13. For example, if multiple, distinct Operating Divisions house information that is potentially responsive to a particular Interrogatory—and I understand that this is likely—each particular Operating Division will have to search for, locate, collect, review, and produce the responsive information. Given that each Operating Division maintains their own databases and information storage systems that would contain this information, there is no unified HHS entity that would be able to conduct searches across the Agency but rather multiple teams of personnel would have to individually respond to each Interrogatory. Moreover, the inherent, unique expertise of each Operating Division would require multiple teams of specialized personnel to review the collected information to determine whether it could be released in the litigation.

14. Therefore, it is my understanding that each Interrogatory served on "HHS" would actually constitute multiple Interrogatories served on each particular Operating Division in that each Operating Division that might have responsive information would have to search, individually, for anything responsive to a given Interrogatory. HHS does not have the ability to conduct a single search for information across all Operating Divisions as a unitary function.

15. I understand that Defendants are aware of the inherent burdens described above but continue to discount them through their argument that they are "only" seeking "interrogatory

responses from HHS (including subcomponents of HHS such as FDA and NIH)." However, these "limitations" do not recognize how burdensome the requests that Defendants have served on a diverse range of Operating Divisions that will each have to individually respond to any particular Interrogatory to which they might have responsive information.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on March 13, 2023.

_____
Lisette Taylor
Senior Management Analyst
U.S. Department of Health and Human Services