IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al., | |
| Plaintiffs, | |
| v. | No. 2:22-cv-00184-LCB-CWB |
| STEVE MARSHALL, et al., | |
| Defendants. | |

**NOTICE REGARDING MOTION TO QUASH FILED BY NON-PARTY WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH**

Non-party World Professional Association for Transgender Health (WPATH) writes to provide the Court with an update on recent developments pertinent to its pending Motion to Quash Rule 45 Subpoenas (Doc. 208) ("Mot."), which is under submission with the Court.[1]

As is discussed in WPATH's reply in support of the motion ("Reply") (Doc. 236), the State of Florida recently adopted a rule barring Medicaid reimbursement for certain gender-affirming care. In connection with a lawsuit challenging the constitutionality of that rule, Florida served a non-party subpoena on WPATH (and

---

[1] As is described in the Joint Notice filed February 7, 2023 (Doc. 240), while the Motion to Quash was originally filed by WPATH and two other organizations, those two organizations have now resolved their dispute with the State.

1

21 other organizations) seeking many of its internal documents through requests similar to those at issue here. The subpoenaed organizations filed a motion to quash in the District Court for the District of Columbia, and Judge Nichols issued an order that appeared to substantially narrow Florida's requests. *See* Reply at 8-9. Among other items, the court ordered WPATH to produce "[d]ocuments sufficient to show how it established guidelines or, if it has not established guidelines, its policy position (if any) on gender-affirming care for gender dysphoria." *See* Doc. 236-4 (Jan. 26, 2023 order).

The following developments occurred after WPATH filed its reply in this case. In response to Judge Nichols' order, WPATH produced documents that were sufficient to show the process its used to establish its guidelines regarding gender-affirming care, but not the detailed substance of any internal deliberations. Florida deemed this production deficient and sought the district court's intervention. On February 28, 2023, Judge Nichols clarified that:

> In producing documents sufficient to show "how" [WPATH] established guidelines or policy positions on gender-affirming care for the treatment of gender dysphoria, [WPATH] shall produce documents sufficient to show both (a) the process by which any such guidelines . . . were adopted, and (b) the substantive materials and opinions that were considered and relied upon, as well as the materials and opinions that were considered and rejected, in adopting the guidelines or policy positions. This includes, but is not limited to, documents that would be sufficient to show what studies were considered in adopting the guidelines or policy positions and why a

2

>particular study was relied upon or rejected. It also includes documents that would be sufficient to show whether any dissenting views were otherwise acknowledged, whether such views were considered in adopting guidelines or policy positions, and why such views were rejected.

Lannin Reply Decl. Ex. 1.

Because Judge Nichols' second order required the production of materials evidencing WPATH's internal deliberations and squarely infringed its First Amendment interests, WPATH appealed the order to the United States Court of Appeals for the District of Columbia Circuit.  WPATH also moved the district court to stay its order pending appeal, which the district court denied.  WPATH subsequently filed an emergency motion with the D.C. Circuit asking that court to stay proceedings in the district court, including WPATH's obligations to produce information in response to the court's order.  Following expedited briefing, the D.C. Circuit granted that emergency motion on March 8, 2023, concluding "the stringent requirements for a stay pending appeal" were satisfied.  Lannin Reply Decl. Ex. 2.  As a result of these developments, Judge Nichols' orders requiring WPATH to produce information to the State of Florida are now stayed.

WPATH respectfully submits that these developments are relevant to its Motion to Quash now pending with this Court, given that Alabama is seeking from WPATH the same types of internal materials that the D.C. Circuit has now

3

concluded WPATH does *not* need to provide Florida pending appeal of that district court's order.

| | |
|---|---|
| Dated: March 15, 2023 | Respectfully submitted, |
| | */s Barry A. Ragsdale* |
| | Barry A. Ragsdale<br>ASB 2958-A23B |
| Cortlin H. Lannin (CA Bar No. 266488)<br>(admitted *pro hac vice*)<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission St., Suite 5400<br>San Francisco, CA 94105<br>Phone: (415) 591-6000<br>clannin@cov.com | D. Jean Veta (D.C. Bar No. 358980)<br>(admitted *pro hac vice*)<br>Noah S. Goldberg (D.C. Bar No. 90003045) (admitted *pro hac vice*)<br>COVINGTON & BURLING, LLP<br>One CityCenter<br>850 Tenth St., N.W.<br>Washington, D.C. 20001<br>Phone: (202) 662-6000<br>jveta@cov.com<br>ngoldberg@cov.com |
| Barry A. Ragsdale (ASB 2958-A23B)<br>Robert S. Vance III (ASB 9916-B11Q)<br>DOMINICK FELD HYDE, P.C.<br>1130 22nd Street South Ridge Park<br>Suite 4000<br>Birmingham, AL 35205<br>Phone: (205) 536-8888<br>BRagsdale@dfhlaw.com<br>RVance@dfhlaw.com | |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s Barry A. Ragsdale*
Of Counsel
