# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Intervenor Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-184-LCB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General, | ) |
| of the State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## DEFENDANTS' RESPONSE TO WPATH'S NOTICE REGARDING WPATH'S MOTION TO QUASH (DOC. 255)

WPATH has declined to reach any compromise resembling what this Court contemplated during the February 8 hearing on the organization's motion to quash. *See* Doc. 246 at 67:19-68:15 (referring to "search terms" and "representative emails" as "a starting point"). Instead, WPATH has repeatedly invoked litigation over a different subpoena in a different jurisdiction involving a different legal issue related to a different State's law. That effort has now culminated in notifying this Court of a two-sentence order by the D.C. Circuit that contains no legal reasoning and was issued in an emergency posture. *See* Doc. 255-3. But whatever can be gleaned from

1

staring at the two sentences in the D.C. Circuit's order does nothing to change the analysis here.

The order WPATH now highlights stems from a challenge to a Florida regulation that denies Medicaid reimbursement for certain treatments for gender dysphoria. *See* Doc. 255 at 1. The case is being litigated under the test for deciding whether the Medicaid statute requires a State to provide particular medical benefits. *See Dekker v. Weida*, 4:22-cv-325, Doc. 64 at 3-4 (N.D. Fla. Oct. 24, 2022) (citing *Rush v. Parham*, 625 F.2d 1150 (5th Cir. 1980)). And part of that analysis turns on whether it was "reasonable" for Florida to determine that the treatments in question are experimental. *Id.* at 4.

To meet that standard, Florida issued subpoenas to several medical organizations, including WPATH. *See* Doc. 255 at 1-2. When WPATH moved to quash that subpoena in the District Court for the District of Columbia, Judge Nichols denied the motion in part and required WPATH to produce several categories of documents. *See id.* at 2. After WPATH attempted to narrowly construe that order, Judge Nichols clarified that WPATH must produce materials evidencing its internal deliberations and supply a corporate representative to sit for a three-hour deposition, Doc. 255-2 at 3. Once Judge Nichols denied WPATH's request to stay the order, WPATH sought an emergency stay from the D.C. Circuit. Doc. 255 at 3. Two days later, the

D.C. Circuit issued a stay in a *per curiam* order with no legal reasoning. Doc. 255-3 at 2.[1]

WPATH's reliance on this decision fails for at least two reasons. First, the legal issue—and the role of the WPATH guidelines—in the Florida case is materially distinct from this one. As the Court stated at the February 8 hearing, under the legal standard pushed by Plaintiffs and that the Court articulated in its preliminary injunction ruling, "this case rises or falls" on the WPATH guidelines. Doc. 246 at 52:5-7. Meanwhile, WPATH's argument to the D.C. Circuit depended on the organization's insistence that the plaintiffs' challenge to Florida's Medicaid regulations did *not* rise or fall with the WPATH guidelines. Indeed, WPATH *had* to make that argument to obtain the relief it sought in the D.C. Circuit because the relevant inquiry turned on whether the information Florida sought went to "'the heart of the matter,'" meaning that it was "'crucial to the party's case.'" *See* WPATH Emergency Mot., at 15-16, *In re Subpoenas Served on American Academy of Pediatrics, et al.*, No. 23-7025 (D.C. Cir. Mar. 6, 2023) ("WPATH Emergency Mot.") (quoting *Black Panther Party v. Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981)). Thus, even reading between

---

[1] WPATH benefited from the D.C. Circuit's idiosyncratic rule permitting a direct appeal from an order compelling third-party discovery. *See In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1209 (D.C. Cir. 2004). In the Eleventh Circuit, appellate review of such discovery orders is only available via mandamus or by defying the order and appealing from the resulting contempt citation. *See Drummond Co., Inc. v. Terrance P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1325-26 (11th Cir. 2016).

the six lines of the panel's order to conclude the panel agreed with WPATH on the merits, that conclusion has no purchase here because, under Plaintiffs' view of the law and this Court's preliminary injunction ruling, the WPATH guidelines are at the very center of this case.

Second, the D.C. Circuit's order cannot be disentangled from the emergency posture in which it arose. When WPATH filed its emergency motion for a stay, it was subject to an order to produce documents and appear for a deposition *in four days*. *See* WPATH Emergency Mot., at 3. By the time WPATH filed its reply in support of its motion, the deposition was hours away. *See* WPATH Reply, at 2 n.3, *In re Subpoenas Served on American Academy of Pediatrics, et al.*, No. 23-7025 (D.C. Cir. Mar. 8, 2023). And the panel ruled that same evening. *See* Doc. 255-3. This Court should not hesitate to disregard an unreasoned emergency order that was issued under such extreme time pressure.

In sum, nothing has changed since the February 8 hearing, and WPATH and Defendants remain at an impasse over what WPATH must produce in response to the subpoena in this case. Thus, Defendants request this Court to enter the order it contemplated at that hearing and direct WPATH to comply with Defendants' subpoena.[2] In the alternative, the Court should grant Defendants' motion *in limine* to

---

[2] WPATH's allusion to "First Amendment interests," Doc. 255 at 3, falls flat for the numerous reasons outlined in Defendants' opposition to WPATH's motion to quash, Doc. 219 at 36-41.

4

exclude any evidence based on the opinions and statements of WPATH. *See* Doc. 220. If Plaintiffs' claims are going to rise and fall with the WPATH guidelines, simple fairness demands that Defendants be permitted discovery to test the strength and soundness of the opinions expressed in those guidelines.

|  | Respectfully submitted, |
|---|---|
|  | Steve Marshall<br>  *Attorney General* |
| Christopher Mills (*pro hac vice*)<br>SPERO LAW LLC<br>557 East Bay Street, #22251<br>Charleston, South Carolina 29413<br>(843) 606-0640<br>CMills@Spero.law<br><br>David H. Thompson (*pro hac vice*)<br>Peter A. Patterson (*pro hac vice*)<br>Brian W. Barnes (*pro hac vice*)<br>John D. Ramer (*pro hac vice*)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., NW<br>Washington, D.C. 20036<br>(202) 220-9600<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>bbarnes@cooperkirk.com<br>jramer@cooperkirk.com | s/ Edmund G. LaCour Jr.<br>Edmund G. LaCour Jr. (ASB-9182-U81L)<br>  *Solicitor General*<br>A. Barrett Bowdre (ASB-2087-K29V)<br>  *Deputy Solicitor General*<br>James W. Davis (ASB-4063-I58J)<br>  *Deputy Attorney General*<br>Benjamin M. Seiss (ASB-2110-O00W)<br>  *Assistant Attorney General*<br><br>OFFICE OF THE ATTORNEY GENERAL<br>STATE OF ALABAMA<br>501 Washington Avenue<br>Post Office Box 300152<br>Montgomery, Alabama 36130-0152<br>Telephone: (334) 242-7300<br>Facsimile: (334) 353-8400<br>Edmund.LaCour@AlabamaAG.gov<br>Barrett.Bowdre@AlabamaAG.gov<br>Jim.Davis@AlabamaAG.gov<br>Ben.Seiss@AlabamaAG.gov |

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on March 17, 2023, which will serve all counsel of record.

s/ Edmund G. LaCour Jr.  
*Counsel for Defendants*