UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No: 2:22-cv-0184-LCB-CWB |
| | ) |
| STEVE MARSHALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Defendants have filed a motion to compel production of the Minor Plaintiffs' medical records. (Doc. 215). After considering the parties' briefing, and with the benefit of oral argument, the Court finds that the motion is due to be granted in part and denied in part.

At issue is the Parent Plaintiffs' refusal to adequately respond to the Defendants' first requests for production, propounded on July 18, 2022. Those requests seek in relevant part the following:

> 5. All medical records in your possession of any child of yours which relates to treatment for Gender Dysphoria or a Related Condition.
>
> 6. All Documents in your possession of . . . any mental health treatment provided to a child of yours who has been treated for Gender Dysphoria or a Related Condition.
>
> 7. All Documents between you and any medical provider or mental health professional who has treated a child of yours for Gender Dysphoria or a Related Condition.

> 8. All calendars, notes, or other Documents, reflecting the dates of any treatment of a child of yours for Gender Dysphoria or a Related Condition.
>
> 9. All forms, disclosures, or other Documents provided to you by any Health Care Provider or mental health provider who has treated a child of yours for Gender Dysphoria or a Related Condition.

The Defendants assert that this information is highly relevant to its defense of the Plaintiffs' as-applied challenge to the Act and has filed a motion to compel production of the requested records and other items. According to the Defendants, the Parent Plaintiffs have no valid reason to withhold the records. The Parent Plaintiffs counter that the requested records are outside the scope of discovery and protected from disclosure under the psychotherapist-patient privilege.[1]  The Court will address each argument in turn.

I.     **Legal Standard**

Federal Rule of Civil Procedure 37(a)(3)(B)(iv) permits a party to move to compel discovery responses. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevant factors include "the importance of the issues at stake in the action, the amount in

---

[1] Despite their contentions that the subject records are irrelevant and privileged, the Plaintiffs offered to produce at least some of the records to the Defendants, albeit in categories defined by the Plaintiffs. The Defendants rejected this offer.

2

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

In the discovery context, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case," no matter if the material itself would be admissible. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) (citations omitted).

The Federal Rules "strongly favor full discovery whenever possible." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). "'The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information.'" *Rosen v. Provident Life & Accident Ins. Co.*, 308 F.R.D. 670, 680 (N.D. Ala. 2015), quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla.2000). "Where there is a doubt over relevancy, the court should still permit discovery." *Coker*, 177 F.R.D. at 685.

**II. Discussion**

As noted, the Parent Plaintiffs, on behalf of the Minor Plaintiffs, first argue that the requested records are not relevant to this case. The crux of that argument seems to be that because the Act categorically bans transitioning medications for all minors, the Minor Plaintiffs' medical records are not relevant. While such an argument may hold when considering a facial attack on a statute, the Plaintiffs here are maintaining both a facial and an as-applied challenge. A plaintiff bringing an as-applied challenge is asserting "that a statute cannot be constitutionally applied in particular circumstances." *Schultz v. Alabama*, 42 F. 4th 1298, 1319 (11th Cir. 2022). Thus, in order for the Court to determine the Act's constitutionality as to each particular plaintiff, the Court must engage in a factual inquiry. *Id*. This requires a factual record.

The operative complaint contains general allegations about gender identity, gender dysphoria, and the alleged consequences of failing to treat those conditions. *E.g.*, (Doc. 159 at 9) ("If left untreated, gender dysphoria can cause anxiety, depression, and self-harm, including suicidality. In fact, 56% of transgender youth reported a previous suicide attempt and 86% of them reported suicidality."). Plaintiffs also repeatedly characterize the treatments at issue as "essential medical care." *E.g.*, (Doc. 159 at 28) ("Defendants have no compelling justification for preventing parents from ensuring their children can receive essential medical care."); *id.* at 27 (alleging that the Act violates the Parent Plaintiffs' "right to obtain medical

treatments that are recognized to be safe, effective, and medically necessary to protect their children's health and well-being"). Thus, the complaint is replete with allegations that the Act will have a detrimental effect on the Minor Plaintiffs' health.

The Minor Plaintiffs vary in age and, while only some have been formally diagnosed with gender dysphoria and are receiving transitioning medications, all have alleged they are transgender and that they have experienced severe emotional and mental distress related to their gender identity. The Parent Plaintiffs claim that any disruption in their children's care, whether it is the care they are currently receiving or the care they intend to seek in the future, would have devastating effects on their mental health, possibly including self-harm and suicide.

Ultimately, the Plaintiffs have the burden to prove the allegations in their complaint. As noted above, many of those allegations involve medical diagnoses, the effectiveness of various medical treatments, and the alleged consequences of being denied those treatments. Accordingly, Plaintiffs' medical records are almost certainly necessary to resolve the important issues presented in this action. Considering those factors alongside the fact that Defendants are unable to access the requested records absent a court order, the Court has no trouble concluding that the requested records are relevant for discovery purposes.[2]

---

[2] The parties should not interpret this finding as a ruling on whether any particular evidence will be admissible at trial. This order speaks only to whether the challenged records are discoverable.

The Parent Plaintiffs maintain that the medical records, even if relevant, are protected by the patient-psychotherapist privilege.  In *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), the United States Supreme Court held that federal courts recognize such a privilege and held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." However, the Supreme Court also noted that the psychotherapist-patient privilege, like other testimonial privileges, may be waived by the patient.  *Id*. at n. 14.

The Defendants argue that the Minor Plaintiffs have waived the privilege by putting their mental condition at issue in this case.[3]  In *Blake v. City of Montgomery*, No. 2:19-CV-243-RAH-SMD, 2020 WL 6804456, at *2 (M.D. Ala. Feb. 14, 2020), a case this Court finds to be persuasive, United States Magistrate Judge Stephen M. Doyle explained:

> The Eleventh Circuit has not yet addressed the issue of waiver of the psychotherapist/patient privilege. *Wilson [v. Doss*, 2010 WL 1729111 at *3 (M.D. Ala. 2010)]. However, courts within this Circuit have looked to decisions addressing whether a party's mental condition is in controversy for purposes of a Rule 35 mental examination for guidance. *Chase [v. Nova Se. Univ., Inc.*, No. 11-61290-CIV, 2012 WL 1936082 (S.D. Fla. May 29, 2012)] at *4.  *Chase* identifies five actions by the plaintiff that placed his mental condition at issue and waive the privilege: (1) stating a tort claim for intentional or negligent infliction of emotional distress; (2) alleging a specific mental or psychiatric injury or disorder; (3) alleging unusually severe emotional distress; (4) intending to offer expert testimony to support a claim for emotional

---

[3] As noted in *Jaffee*, the patient, as holder of the privilege, may waive it.  518 U.S. at 15 n.14.

distress damages; and/or (5) conceding that his or her mental condition is in controversy. *Id.*

The Court finds the second and third factors to apply in this situation. Specifically, all but one of the Minor Plaintiffs alleged that they suffer from gender dysphoria and/or are receiving transitioning medications. The other Minor Plaintiff, Michael Boe, alleged that he experienced depression and anxiety related to his gender identity and planned to seek care at a gender clinic. Additionally, all the Minor Plaintiffs alleged they have suffered from some type of serious mental distress related to their gender identity. In fact, many of them allege that they are among the majority of transgender patients who are at risk of self-harm or suicide if their conditions go untreated. *See, e.g.*, (Doc. 159) ("There is no doubt in April [Moe]'s parents' minds that if April had to go through male puberty that she would attempt to harm herself and that her mental health would decline."). Accordingly, each of the Minor Plaintiffs have alleged either a specific psychiatric disorder or unusually severe emotional distress. Therefore, the Court finds that the Minor Plaintiffs have sufficiently put their mental condition in controversy so as to waive the psychotherapist-patient privilege with respect to the requested records.

### III. Nonparty medical records

Finally, the Court notes that the relevant requests for production seek medical records and documents from the Parent Plaintiffs pertaining to "any child of yours" which relates to gender dysphoria or related conditions. (Doc. 215-1 at 7-12). To

7

the extent the Defendants are seeking medical records or other documents relating to children who are not parties to this case, e.g., Minor Plaintiffs' siblings or step-siblings, the motion to compel is denied. There has been no showing in the briefs or at oral argument that such records would be discoverable in this case.

**IV.   Conclusion**

For the foregoing reasons, the Defendants' Motion to Compel Production of Plaintiffs' Medical Records (Doc. 215) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied insofar as it seeks production of records of individuals who are not parties to this litigation. In all other respects, the motion is granted.

The Court is not unsympathetic to the Parent Plaintiffs' and Minor Plaintiffs' privacy concerns regarding the requested records. The Court therefore reminds all parties of the protective orders entered on July 19, 2022 (Docs. 137 & 138) and encourages each attorney to be intimately familiar with the provisions of those orders.

**DONE** and **ORDERED** March 27, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE