## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

BRIANNA BOE, *et al.*,               )
                                     )
      Plaintiffs,             )
                                     )
v.                                   )               Case No. 2:22-cv-184-LCB
                                     )
STEVE MARSHALL, *et al.*,            )
                                     )
      Defendants.             )

## <u>ORDER</u>

      This case raises a constitutional challenge to the Alabama Vulnerable Child Compassion and Protection Act. Defendants[1] now move to compel the United States Government—intervening on behalf of Plaintiffs[2]—to produce fourteen categories of documents generally pertaining to whether puberty blockers and hormone therapies are a safe and effective way to treat gender dysphoria in minors. (Doc. 227 at 1, 16–18). For the reasons below, the Court grants in part and denies in part Defendants' motion.

---

[1] Defendants are Alabama Attorney General Steve Marshall, Montgomery County District Attorney Daryl Bailey, Cullman County District Attorney C. Wilson Baylock, Lee County District Attorney Jessica Ventiere, Jefferson County District Attorney Danny Carr, and District Attorney for the 12th Judicial Circuit Tom Anderson. (Doc. 159 at 6–7).

[2] Plaintiffs are five transgender minors (Minor Plaintiffs), their parents (Parent Plaintiffs), a clinical child psychologist, and a pediatrician. (Doc. 159 at 3–5).

## I.      BACKGROUND

Plaintiffs and the Government challenge the constitutionality of Section 4(a)(1)–(3) of the Alabama Vulnerable Child Compassion and Protection Act. (Doc. 159 at 2–5). Put simply, Section 4(a)(1)–(3) makes it a crime to administer or prescribe puberty blockers and hormone therapies to a minor for purposes of transitioning the minor's gender. S.B. 184, Ala. 2022 Reg. Sess. § 4(a)(1)–(3) (Ala. 2022). The Act defines "minor" as anyone under the age of nineteen. *Id.* § 3(1); Ala. Code § 43-8-1(18).

In May 2022, the Court enjoined Defendants from enforcing Section 4(a)(1)–(3) of the Act pending trial. (Doc. 107 at 32). The Court found in part that Parent Plaintiffs were substantially likely to succeed on their claim that the Act violates their constitutional right to direct the upbringing of their children and that Minor Plaintiffs were substantially likely to succeed on their claim that the Act unconstitutionally discriminates against them based on their sex. *Id.* at 14–24. Defendants appealed the decision to the United States Court of Appeals for the Eleventh Circuit, and the parties began discovery. (Doc. 108 at 1); (Doc. 134 at 4). This dispute followed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 establishes the general scope of discovery. Under that rule, a party may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Relevant discovery includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978).

During the course of discovery, a party may serve on any other party a request to produce documents pertaining to matters within the scope of discovery. FED. R. CIV. P. 34(a). Federal Rule of Civil Procedure 37(a)(3)(B)(iv) provides that, should such a request go unanswered, the party seeking discovery may move to compel the production of documents. The party who opposes production bears the burden to prove that the requested documents fall outside the permissible scope of discovery. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

## III.   DISCUSSION

Defendants move to compel the Government[3] to respond to fourteen requests for production (RFP) of documents. (Doc. 227 at 1, 16–18). Below, the Court considers whether each RFP falls within the scope of discovery.[4]

### A.   RFP 6

RFP 6 seeks "[a]ll Communications and Documents since January 1, 2017, concerning Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition." (Doc. 227 at 16). At the risk of stating the obvious, RFP 6 seeks production of an incredibly large number of documents, many of which would likely have no bearing on this suit. The request, *as written*, is neither tailored to the issues presented in this case nor proportional to the needs of Defendants. For these reasons, the Court denies Defendants' motion with respect to RFP 6.

### B.   RFP 7

RFP 7 seeks "[a]ll Communications and Documents since January 1, 2017, concerning the effects of Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition on the well-being or health of Minors." (Doc. 227 at 16). Simply put, RFP 7 is a more narrowly tailored version of RFP 6. This case,

---

[3] In their motion, Defendants specify that the requested documents are in the possession and control of the United States Department of Health and Human Services (HHS). (Doc. 227 at 15–16).

[4] The Government initially argued that HHS is not a party to this suit for purposes of discovery. (Doc. 247 at 7). At oral argument, however, the Government withdrew that argument. The Court therefore presumes that HHS is a party for purposes of this discovery dispute.

at least in part, turns on whether puberty blockers and hormone therapies are a safe and effective way to treat gender dysphoria in minors. RFP 7 is reasonably likely to reveal evidence pertaining to that issue. The Government puts forth no persuasive evidence or argument that producing the requested documents would be unduly burdensome. Accordingly, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion to compel with respect to RFP 7.

### C.   RFP 8

RFP 8 seeks "[a]ll Communications and Documents since January 1, 2017, concerning the informed consent process for treating Minors for Gender Dysphoria or a Related Condition." (Doc. 227 at 16). As the Court previously recognized, puberty blockers and hormone therapies involve some level of risk, including loss of fertility and sexual function. (Doc. 107 at 3). That risk, the argument goes, is mitigated by the fact that the parents of transgender minors undergo thorough consent processes before their children may receive puberty blockers and hormone therapies. *Id.* at 10, 19 Against this backdrop, RFP 8 seeks documents that are directly relevant to the level of risk that transitioning medications pose to transgender minors. The Government puts forth no persuasive evidence or argument that producing the requested documents would be unduly burdensome. Accordingly,

the requested documents fall within the scope of discovery. The Court thus grants Defendants' motion with respect to RFP 8.

### D.     RFP 18

RFP 18 seeks "[a]ll Communications and Documents concerning research published as Johanna Olson-Kennedy et al., Impact of Early Medical Treatment for Transgender Youth: Protocol for the Longitudinal, Observational Trans Youth Care Study, doi:10.2196/14434, National Institutes of Health Project # 1R01HD082554-01A1." (Doc. 227 at 16). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 18.

### E.     RFP 19

RFP 19 seeks "[a]ll Communications and Documents concerning research published as Johanna Olson-Kennedy et al., Physiologic Response to Gender-Affirming Hormones Among Transgender Youth, Journal of Adolescent Health, 62(4), 397-401. https://doi.org/10.1016/j.jadohealth.2017.08.005." (Doc. 227 at 16–17). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 19.

### F.      RFP 20

RFP 20 seeks "[a]ll Communications and Documents concerning research by Natalie J. Nokoff regarding Transitioning or Gender Dysphoria or a Related Condition." (Doc. 227 at 17). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 20.

### G.      RFP 22

RFP 22 seeks "[a]ll Communications and Documents concerning the Food & Drug Administration's or any other agency's consideration of medical devices, drugs, or medical requirements related to Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition." (Doc. 227 at 17). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery—so long as "any other agency" is limited to agencies that are part of the HHS for discovery purposes. With that caveat, the Court grants Defendants' motion with respect to RFP 22.

### H.      RFP 23

RFP 23 seeks "[a]ll Communications and Documents concerning the Food & Drug Administration's decision to add a warning about the risk of pseudotumor cerebri (idiopathic intracranial hypertension) to the labeling for gonadotropin-releasing hormone agonists as generally discussed" in a July 1, 2022 article posted

on the Administration's website. (Doc. 227 at 17). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 23.

### I.     RFP 24

RFP 24 seeks "[a]ll Communications and Documents concerning the FDA review of Puberty Blockers referenced in Christina Jewett, Women Fear Drug They Used To Halt Puberty Led To Health Problems, Kaiser Health News." (Doc. 227 at 18). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 24.

### J.     RFP 25

RFP 25 seeks "[a]ll Communications and Documents concerning reporting of adverse events for Puberty Blockers and Cross-sex Hormones." (Doc. 227 at 18). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 25.

### K.     RFP 28

RFP 28 seeks "[a]ll Communications and Documents relating to the appropriate age for beginning Transitioning treatment in Minors." For the reasons

provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court thus grants Defendants' motion with respect to RFP 28.

### L.    RFP 29

RFP 29 seeks "[a]ll Communications and Documents concerning reports on the quality of care for the treatment of Minors for Gender Dysphoria or a Related Condition." (Doc. 227 at 18). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 29.

### M.    RFP 30

RFP 30 seeks "[a]ll Communications and Documents concerning the following document published by the Department of Health and Human Services' Office of Population Affairs: Gender-Affirming Care and Young People." (Doc. 227 at 18). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 30.

### N.    RFP 36

RFP 36 seeks "[a]ll Communications and Documents reflecting incidences or evidence of desistance or detransition." (Doc. 227 at 18). For the reasons provided *supra* Sections III.B, III.C, the requested documents fall within the scope of discovery. The Court therefore grants Defendants' motion with respect to RFP 36.

## IV.   CONCLUSION

Defendants' motion to compel (Doc. 227) is **DENIED** with respect to RFP 6

and **GRANTED** in all other respects.[5]

**DONE** and **ORDERED** March 27, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[5] Again, the Court grants RFP 22 so long as the request is limited to agencies that are part of the HHS for discovery purposes. *See supra* Section III.G.