UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-184-LCB |
| | ) |
| STEVE MARSHALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This case raises a constitutional challenge to the Alabama Vulnerable Child Compassion and Protection Act. Defendants[1] now move to compel the United States Government—intervening on behalf of Plaintiffs[2]—to answer eight interrogatories. (Doc. 250 at 1, 6–7). For the reasons below, the Court grants in part and denies in part Defendants' motion.

I.  **BACKGROUND**

Plaintiffs and the Government challenge the constitutionality of Section 4(a)(1)–(3) of the Alabama Vulnerable Child Compassion and Protection Act. (Doc.

---

[1] Defendants are Alabama Attorney General Steve Marshall, Montgomery County District Attorney Daryl Bailey, Cullman County District Attorney C. Wilson Baylock, Lee County District Attorney Jessica Ventiere, Jefferson County District Attorney Danny Carr, and District Attorney for the 12th Judicial Circuit Tom Anderson. (Doc. 159 at 6–7).

[2] Plaintiffs are five transgender minors (Minor Plaintiffs), their parents (Parent Plaintiffs), a clinical child psychologist, and a pediatrician. (Doc. 159 at 3–5).

159 at 2–5). Put simply, Section 4(a)(1)–(3) makes it a crime to administer or prescribe puberty blockers and hormone therapies to a minor for purposes of transitioning the minor's gender. S.B. 184, ALA. 2022 REG. SESS. § 4(a)(1)–(3) (Ala. 2022). The Act defines "minor" as anyone under the age of nineteen. *Id.* § 3(1); ALA. CODE § 43-8-1(18).

In May 2022, the Court enjoined Defendants from enforcing Section 4(a)(1)–(3) of the Act pending trial. (Doc. 107 at 32). The Court found in part that Parent Plaintiffs were substantially likely to succeed on their claim that the Act violates their constitutional right to direct the upbringing of their children and that Minor Plaintiffs were substantially likely to succeed on their claim that the Act unconstitutionally discriminates against them based on their sex. *Id.* at 14–24. Defendants appealed the decision to the United States Court of Appeals for the Eleventh Circuit, and the parties began discovery. (Doc. 108 at 1); (Doc. 134 at 4). This dispute followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 establishes the general scope of discovery. Under that rule, a party may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

2

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Relevant discovery includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978).

During the course of discovery, a party may serve on any other party written interrogatories relating to "any matter" within the scope of discovery. FED. R. CIV. P. 33(a)(2). Federal Rule of Civil Procedure 37(a)(3)(B)(iii) provides that, should an interrogatory go unanswered, the party seeking discovery may move to compel an answer. The party who opposes production bears the burden to prove that the requested information falls outside the permissible scope of discovery. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

## III. DISCUSSION

Defendants move to compel the Government[3] to answer eight interrogatories. (Doc. 250 at 1, 6–17). Below, the Court considers whether each interrogatory falls within the scope of discovery.[4]

---

[3] In their motion, Defendants specify that the eight interrogatories are directed to the United States Department of Health and Human Services (HHS), "the agency within the United States most likely to possess relevant information." (Doc. 250 at 8).

[4] The Government initially argued that HHS is not a party to this suit for purposes of discovery. (Doc. 254 at 5–9). At oral argument, however, the Government withdrew that argument. The Court therefore presumes that HHS is a party for purposes of this discovery dispute.

### A.     Interrogatory 11

Interrogatory 11 reads as follows: "Identify (including by identifying the specific persons or entities involved) any ways in which You monitor, or have monitored, the health outcomes of Minors, in Alabama or elsewhere, who receive Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Gender Dysphoria and/or Related Conditions." (Doc. 250 at 6). This case, at least in part, turns on whether puberty blockers and hormone therapies are a safe and effective way to treat gender dysphoria in minors. Because the Government puts forth no persuasive evidence or argument that answering Interrogatory 11 would be unduly burdensome, the Court grants Defendants' motion with respect to Interrogatory 11.

### B.     Interrogatory 12

Interrogatory 12 reads as follows: "Identify any ways in which You track and/or review, or have tracked and/or reviewed, evidence related to the efficacy or safety of using Puberty Blockers, Cross-Sex Hormones, and/or surgical interventions to treat Minors suffering from Gender Dysphoria and/or Related Conditions." (Doc. 250 at 6). For the reasons provided *supra* Section III.A, the Court grants Defendants' motion with respect to Interrogatory 12.

### C.     Interrogatory 13

Interrogatory 13 reads as follow: "Identify (including by identifying the specific persons or entities involved) any ways in which You track and/or review, or have tracked and/or reviewed, evidence or instances of Desistance or Detransition." (Doc. 250 at 6–7). For the reasons provided *supra* Section III.A, the Court grants Defendants' motion with respect to Interrogatory 13.

### D.     Interrogatory 14

Interrogatory 14 reads as follows: "Identify (including by identifying the specific persons or entities involved) any ways in which You identify, define, monitor, track, and/or discourage 'disinformation' related to Transitioning treatments in Minors. *See, e.g.*, AAP Letter to Merrick Garland, Oct. 3, 2022, https://downloads.aap.org/DOFA/DOJ%20Letter%20Final.pdf." (Doc. 250 at 7). Neither the interrogatory itself nor the cited letter defines the term "disinformation." Accordingly, Interrogatory 14 is impermissibly vague and overbroad. The Court therefore denies Defendants' motion with respect to Interrogatory 14.

### E.     Interrogatory 15

Interrogatory 15 reads as follows: "Identify (including by identifying the specific persons or entities involved) any ways in which You are reviewing WPATH's Standards of Care 8 (SOC-8) or using SOC-8 to update Your guidance or practices." (Doc. 250 at 7). As the Court has previously explained, WPATH's

5

standards for treating gender dysphoria in minors goes to "the very heart" of this case. (Doc. 246 at 64). The Government provides no persuasive evidence or argument that answering Interrogatory 15 would be unduly burdensome. Thus, the Court grants Defendants' motion with respect to Interrogatory 15.

### F.     Interrogatory 16

Interrogatory 16 reads as follows: "Identify any studies You are funding, conducting, or helping to fund or conduct—or have funded, conducted, or helped to fund or conduct—related to Transitioning treatments in Minors." (Doc. 250 at 7). For the reasons provided *supra* Sections III.A, III.E, the Court grants Defendants' motion with respect to Interrogatory 16.

### G.     Interrogatory 17

Interrogatory 17 reads as follows: "Identify (including by identifying the specific persons or entities involved) any ways in which You collaborate or work, or have collaborated or worked, with WPATH, USPATH, the American Academy of Pediatrics, and/or Endocrine Society regarding the use of Transitioning treatments in Minors." (Doc. 250 at 7). For the reasons provided *supra* Sections III.A, III.E, the Court grants Defendants' motion with respect to Interrogatory 17.

### H.     Interrogatory 18

Interrogatory 18 reads as follow: "Identify (including by identifying the specific persons or entities involved) any ways in which You have provided, are

providing, or have decided to provide funding for Transitioning Minors." (Doc. 250 at 7). For the reasons provided *supra* Sections III.A, III.E, the Court grants Defendants' motion with respect to Interrogatory 18.

### IV. CONCLUSION

Defendants' motion to compel (Doc. 250) is **DENIED** with respect to Interrogatory 14 and **GRANTED** in all other respects.

**DONE** and **ORDERED** March 27, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE