# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

BRIANNA BOE, et al.,

    Plaintiffs,

       v.

STEVE MARSHALL, et al.,

    Defendants.

No. 2:22-cv-00184-LCB-CWB

## MOTION OF WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................. 1

II.    ARGUMENT ......................................................................................... 3

     A.    The Order Presents a Controlling Question of Law............................. 3

     B.    There Is Substantial Ground for Difference of Opinion
          Regarding the Order .............................................................................. 6

     C.    An Immediate Appeal from the Order May Materially Advance
          the Ultimate Termination of the Litigation. ........................................ 10

III.   CONCLUSION.................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AF Holdings LLC v. Does 1–1,058*,
   286 F.R.D. 39 (D.D.C. 2012), *rev'd on other grounds*, 752 F.3d
   990 (D.C. Cir. 2014) .................................................................................4

*AFL-CIO v. FEC*,
   333 F.3d 168 (D.C. Cir. 2003)..................................................................7

*In re Baker & Getty Fin. Servs., Inc.*,
   954 F.2d 1169 (6th Cir. 1992) ..................................................................6

*Buckley v. Valeo*,
   424 U.S. 1 (1976).......................................................................................7

*Coleman v. Sterling*,
   2012 WL 12952831 (S.D. Cal. Feb. 21, 2012).........................................6

*Fla. Branches & Youth Units of NAACP v. Lee*,
   568 F. Supp. 3d 1301 (S.D. Fla. 2021)......................................................2

*Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*,
   952 F. Supp. 2d 1360 (N.D. Ga. 2013).................................................3, 4

*Garner,* 430 F.2d at 1097....................................................................................10

*Hyde Const. Co. v. Koehring Co.*,
   455 F.2d 337 (5th Cir. 1972) ....................................................................2

*Leonard v. Martin*,
   38 F.4th 481 (5th Cir. 2022) .....................................................................2

*McFarlin*, 381 F.3d at 1259 ........................................................................3, 4, 10

*Mohawk Indus., Inc. v. Carpenter*,
   558 U.S. 100 (2009)...........................................................................2, 5, 6

*In re Motor Fuel Temperature Sales Pracs. Litig.*,
   641 F.3d 470 (10th Cir. 2011) ..................................................................2

*Perry v. Schwarzenegger*,
  591 F.3d 1147 (9th Cir. 2010) ..................................................................9

*In re Subpoenas Served On Am. Acad. of Pediatrics*,
  Case No. 23-7025, 2023 WL 2442223 (D.C. Cir. Mar. 8, 2023)........................8

*Whole Woman's Health v. Smith*,
  896 F.3d 362 (5th Cir. 2018) .............................................................8, 9

*U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 683 F. Supp. 1139
  (W.D. Mich. 1988) ..................................................................................4

**Statutes**

28 U.S.C. § 1292(b) .....................................................................................*passim*

Non-party World Professional Association for Transgender Health

("WPATH") files this motion pursuant to 28 U.S.C. § 1292(b), seeking

certification for interlocutory review of this Court's March 27, 2023 Opinion and

Order (Doc. 263) ("Order") as to the controlling legal question of whether

discovery can infringe a movant's First Amendment rights only if disclosure would

result in "threats, harassment, or reprisals from either Government officials or

private parties."  Doc. 263 at 9 (internal quotation omitted).

## I.      INTRODUCTION

The Order denied WPATH's motion to quash a Rule 45 subpoena seeking

production of materials reflecting the substance of WPATH's confidential internal

communications and deliberations regarding the creation, review, and adoption of

its clinical guidelines for the treatment of individuals with gender dysphoria

("Standards of Care").  WPATH submitted evidence showing compelled disclosure

of its internal deliberations would infringe its First Amendment rights by, among

other things, discouraging candid internal dialogue and deliberations.  (Doc. 208-4

at 6–9).  The Court concluded, however, that WPATH failed to make a *prima facie*

showing that compliance with the subpoena would infringe its First Amendment

rights because it did not show "a 'reasonable probability' that disclosure will result

in 'threats, harassment, or reprisals from either Government officials or private

parties."  Doc. 263 at 9 (quoting *Fla. Branches & Youth Units of NAACP v. Lee*,

568 F. Supp. 3d 1301, 1307 (S.D. Fla. 2021)); *id*. at 5 ("WPATH's First

Amendment rights are uninfringed by production here.").

Section 1292(b) allows for interlocutory appellate review where a district

court certifies that its order "involves a controlling question of law as to which

there is a substantial ground for difference of opinion and that an immediate appeal

from the order may materially advance the ultimate termination of the litigation."

28 U.S.C. § 1292(b).  Section 1292(b) provides an important avenue for obtaining

interlocutory review of discovery orders implicating significant privilege issues.

The Supreme Court has observed that "[t]he preconditions for § 1292(b) review . . .

are most likely to be satisfied when a privilege ruling involves a new legal question

or is of special consequence," and it has emphasized that "district courts should not

hesitate to certify an interlocutory appeal in such cases."  *Mohawk Indus., Inc. v.*

*Carpenter*, 558 U.S. 100, 110–11 (2009); *see also Hyde Const. Co. v. Koehring*

*Co.*, 455 F.2d 337 (5th Cir. 1972) (resolving interlocutory appeal over privilege

rulings).  Courts recognize that § 1292(b) provides an avenue for interlocutory

appeal to obtain review of discovery orders implicating the First Amendment

privilege.  *See, e.g.*, *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d

470, 483 (10th Cir. 2011).  Courts also recognize that § 1292(b) provides an

avenue for nonparties seeking relief from discovery orders.  *See, e.g.*, *Leonard v.*

*Martin*, 38 F.4th 481, 488 (5th Cir. 2022).

2

In holding that the contested discovery does not infringe WPATH's First

Amendment rights because WPATH has not shown a "reasonable probability" the

compelled disclosure will result in "threats, harassment, or reprisals," the Court's

Order presents (1) a controlling question of law; (2) about which there is

substantial ground for difference of opinion; and (3) the immediate resolution of

which would materially advance the ultimate termination of the litigation."

Accordingly, the Court should certify its Order for interlocutory appeal.

## II.   ARGUMENT

### A.   The Order Presents a Controlling Question of Law.

The first requirement for certification under § 1292(b) is that an order must

present a "controlling question of law."  WPATH seeks to appeal a question of

pure law:  the Court's holding that discovery cannot infringe First Amendment

rights unless the compelled disclosure would result in "threats, harassment, or

reprisals."  Doc. 263 at 9.  Whether this interpretation of the First Amendment is

correct is a quintessential question of law.  *See McFarlin*, 381 F.3d at 1258

(explaining "question of law" as the term is used in § 1292(b) "'has reference to a

question of the meaning of a . . . constitutional provision'" (cleaned up).

Under § 1292(b), a "question of law" is "controlling" if it "'has the potential

of substantially accelerating disposition of the litigation.'"  *Georgia State Conf. of*

*NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga.

2013) (quoting 19 George C. Pratt, *Moore's Federal Practice-Civil* § 203.31

(2012)).  In other words, a question is "controlling" for purposes of § 1292(b) if its

resolution could serve to "'shorten the time, effort, and expense of the litigation.'"

*McFarlin*, 381 F.3d at 1259 (quoting *U.S. Fidelity & Guar. Co. v. Thomas Solvent

Co.*, 683 F. Supp. 1139, 1176 (W.D. Mich. 1988)).  Accordingly, "controlling"

questions can include questions significantly affecting the scope of discovery and

the related burdens of producing responsive material.  *See, e.g.*, *AF Holdings LLC

v. Does 1–1,058*, 286 F.R.D. 39, 62 (D.D.C. 2012) (certifying denial of motion to

quash for interlocutory review of question that "could materially affect the course

of litigation with resulting savings of the court's or the parties' resources"), *rev'd

on other grounds*, 752 F.3d 990 (D.C. Cir. 2014).  The Order presents a question of

law that is "controlling" for two separate reasons.

   *First*, WPATH is a nonparty in this proceeding, but it will face significant

burdens if it is required to comply with the subpoena at issue.  *See* Doc. 208-4 at

4–6.  Resolution of the disputed question in favor of WPATH's position would

therefore "substantially accelerat[e] disposition of the litigation" as to WPATH,

*Ga. State Conf.*, 952 F. Supp. 2d at 136, and also reduce the "expense of the

litigation" as to WPATH.  *McFarlin*, 381 F.3d at 1259 (quoting *U.S. Fidelity*, 683

F. Supp. at 1176).

*Second*, resolution of the disputed question has the potential to substantially accelerate disposition of the litigation and reduce the expenses of all the parties to the litigation.  If WPATH were required to produce the requested discovery now, but later prevails on a post-judgment appeal, the appellate court might be required to "vacat[e] an adverse judgment and remand[] for a new trial in which the protected material and its fruits are excluded from evidence."  *Mohawk*, 558 U.S. at 607.  The final result would be a substantially slower disposition of the litigation at substantially higher costs for the parties and the Court.

Indeed, this Court has said that this "case rises or falls on" the WPATH Standards of Care, Feb. 8, 2023 Hrg. Tr. at 52:5-7, and that the State's subpoena seeks "discovery that truly goes to the heart of th[e] case," without which the State's counsel would be made to "try this case with a hand behind their back." Mar. 21, 2023 Hrg. Tr. at 17:4-8.  Similarly, the State has said it "need[s]" WPATH's internal deliberations "to litigate this case."  Doc. 219 at 11.  The purportedly critical nature of the disputed discovery only highlights how a post-judgment opinion in favor of WPATH's position would cause significant disruptions and expense.

The critical role that privileged material of the type at issue here often plays in determining the outcome of litigation explains why the Supreme Court recognized that the "preconditions for § 1292(b) review" are "most likely to be

satisfied when a privilege ruling involves a new legal question or is of special

consequence." *Mohawk*, 558 U.S. at 607.  It also explains why the Supreme Court

said "district courts should not hesitate to certify an interlocutory appeal in such

cases." *Id.*; *see also Coleman v. Sterling*, 2012 WL 12952831, at *3 (S.D. Cal.

Feb. 21, 2012) (certifying interlocutory appeal because "[t]he persisting prejudice

that may result from an erroneous privilege ruling is quite likely to affect the

further course of litigation, and could even materially affect [its] outcome"

(internal quotations omitted)); *see generally In re Baker & Getty Fin. Servs., Inc.*,

954 F.2d 1169, 1172 n.8 (6th Cir. 1992) ("[A]ll that must be shown in order for a

question to be 'controlling' is that resolution of the issue on appeal could

materially affect the outcome of litigation in the district court."  (internal quotation

omitted)).

In sum, the Order presents a "controlling" question here because resolution

of the First Amendment privilege issue could substantially affect the course and

costs of this litigation, and could even materially affect the litigation's outcome.

      **B.**      **There Is Substantial Ground for Difference of Opinion Regarding the Order**

The second requirement for certification under § 1292(b) is that the order

involves a "substantial ground for difference of opinion."  28 U.S.C. § 1292(b).

That requirement is met here because the Eleventh Circuit has never addressed

whether the First Amendment privilege applies only when compelled disclosure

threatens to result in threats, harassment, or reprisals, and other courts of appeals

have adopted a much broader view of the First Amendment's protections of

associational rights.

The Order relies on language from a Supreme Court case recognizing the

First Amendment privilege protects against disclosure of information that would

expose members of an organization to "threats, harassment, or reprisals."  Doc.

263 at 8 (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976)).  The Order states that

no First Amendment issue exists here because the discovery at issue does not seek

to reveal the names of any WPATH members or donors, and because any such

information could be redacted or produced subject to a protective order.  *See id*. at

9; *id.* at 5 ("WPATH's First Amendment rights are uninfringed by the production

here.").  But the Supreme Court has never said First Amendment protections are

*limited* to situations involving disclosure of information creating the threat of

retaliation against an organization's members or donors.  And several courts have

expressly recognized that First Amendment rights protect not only against

disclosing the names of an organization's members or donors, but also against

disclosures regarding an organization's internal deliberations and communications.

*See, e.g.*, *AFL-CIO v. FEC*, 333 F.3d 168, 177 (D.C. Cir. 2003) (concluding that

"public disclosure of an association's confidential internal materials . . . intrudes on

the privacy of association and belief guaranteed by the First Amendment, as well

7

as seriously interferes with internal group operations and effectiveness" (internal

quotation omitted)).

Most recently, the D.C. Circuit stayed a district court order compelling

WPATH to produce to the State of Florida the same materials at issue here.  *See*

Notice (Doc. 255) at 2–3; *see also In re Subpoenas Served On Am. Acad. of*

*Pediatrics*, Case No. 23-7025, 2023 WL 2442223, at *1 (D.C. Cir. Mar. 8, 2023).

Significantly, the D.C. Circuit granted the stay even though Florida raised the *exact*

*same argument* that the Court adopted here: that the ability to redact member

names and produce materials subject to a protective order mitigated the First

Amendment concerns.   *See* Lannin Decl. Ex. 1 at 5, 9, 12–13, 18. (Florida's

Opposition to Motion to Stay).[1]

The Fifth Circuit has also recognized that compelled disclosure of an

organization's internal policy deliberations raises serious First Amendment

concerns, regardless of whether members might be exposed to harassment as a

result of the disclosure.  In *Whole Woman's Health v. Smith*, 896 F.3d 362 (5th Cir.

2018), the Fifth Circuit reversed a district court's order denying a motion to quash

and compelling production of the internal communications of the Texas

Conference of Catholic Bishops ("TCCB").  The Fifth Circuit said the district court

---

[1] "Lannin Decl." refers to the Declaration of Cortlin H. Lannin in Support of WPATH's Motion For Interlocutory Appeal, filed concurrently herewith.

"failed to afford sufficient scope to rights that should protect the inner workings of

TCCB when it engages in activity in the public square." *See id*. at 372.  The court

criticized the district court for "limit[ing] the associational rights to the 'chilling'

of membership and tangible harassment," and observed that First Amendment

associational rights also protected broader interests.  *Id*. at 373.

Similarly, the Ninth Circuit had held that a district court erred by concluding

that the First Amendment privilege is limited to the disclosure of the identify of an

organization's members.  In *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir.

2010), the Ninth Circuit explained that "[t]he first Amendment privilege . . . has

never been limited to the disclosure of the identities of rank-and-file members."

*Id*. at 1162.  The court explained that the scope of the privilege "turns not on the

type of information sought, but on whether the disclosure of the information will

have a deterrent effect on the exercise of protected activities."  *Id*.  The court

specifically recognized that neither an agreement allowing redaction of members'

names nor a protective order limiting dissemination of the information would

eliminate the threatened harms.  *See id*. at 1153 (redaction); id. at 1165 (protective

order).

In sum, there is ample evidence of a "substantial ground for difference of

opinion" as to the Court's conclusion that the First Amendment privilege applies

9

only when compelled disclosure threatens to result in threats, harassment, or

reprisals of an organization's members.

> ## C.     An Immediate Appeal from the Order May Materially Advance the Ultimate Termination of the Litigation.

The third requirement for certification under § 1292(b) is that an immediate

appeal would "materially advance the ultimate termination of the litigation."  28

U.S.C. § 1292(b).  This element is satisfied when resolution of a controlling legal

question would save substantial judicial resources and litigant expense, such as by

"avoid[ing] a trial or otherwise substantially shorten[ing] the litigation," *McFarlin*,

381 F.3d at 1259, "prevent[ing] substantial delay," *id.*, or "shorten[ing] the time,

effort, and expense of the litigation," *id.* (citations omitted).  It is also satisfied

when resolution of a controlling legal question would "affect the scope of the

evidence in a complex case, even short of requiring complete dismissal." *Garner*,

430 F.2d at 1097.

For the reasons addressed above in Section II.A, resolving the disputed

question regarding the scope of the First Amendment privilege would satisfy the

third requirement for certification.  Resolving the privilege question now will serve

to avoid the costs and delays that would arise if WPATH's rights had to be

vindicated in a post-judgment appeal—that is, the wasted costs of litigating a case

that depends on privileged evidence and, potentially, the additional costs of

conducting a new trial without that evidence.  At a minimum, if the Eleventh

Circuit agrees that the requested materials are protected by the First Amendment privilege, it will terminate the litigation with respect to WPATH, substantially narrowing the scope of evidence and conserving the resources of both the Court and the parties.

## III. CONCLUSION

For the foregoing reasons, WPATH respectfully requests that the Court certify its Order for immediate appeal.

Dated: April 7, 2023

Respectfully submitted,

/s Barry A. Ragsdale
Barry A. Ragsdale
ASB 2958-A23B

Cortlin H. Lannin (CA Bar No. 266488)
(admitted *pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Phone: (415) 591-6000
clannin@cov.com

Barry A. Ragsdale (ASB 2958-A23B)
Robert S. Vance III (ASB 9916-B11Q)
DOMINICK FELD HYDE, P.C.
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL 35205
Phone:  (205) 536-8888
BRagsdale@dfhlaw.com
RVance@dfhlaw.com

D. Jean Veta (D.C. Bar No. 358980)
(admitted *pro hac vice*)
Noah S. Goldberg (D.C. Bar No. 90003045) (admitted *pro hac vice*)
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone: (202) 662-6000
jveta@cov.com
ngoldberg@cov.com

11

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s Noah S. Goldberg
Noah S. Goldberg
Admitted Pro Hac Vice
