UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 2:22-cv-184-LCB |
| STEVE MARSHALL, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# ORDER

This case raises a constitutional challenge to the Alabama Vulnerable Child Compassion and Protection Act. Put simply, Section 4(a)(1)–(3) of the Act makes it a crime to administer or prescribe puberty blockers and hormone therapies to a minor for purposes of transitioning the minor's gender. S.B. 184, ALA. 2022 REG. SESS. § 4(a)(1)–(3) (Ala. 2022). The United States Government—intervening on behalf of Plaintiffs—claims that Section 4(a)(1)–(3) violates the Equal Protection Clause of the Fourteenth Amendment. (Doc. 92 at 13–14). In response, Defendants move for partial judgment on the Government's pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 171 at 1). The motion is denied for two reasons.

First, the motion—in substance—does not seek a "judgment" on the Government's Equal Protection claim, but rather attempts to contest prospective nonparty subpoenas directed toward Alabama legislators and their constituents.

(Doc. 171 at 6). Defendants themselves admit that the purpose of the motion is "to make clear that the federal government has alleged no facts supporting a theory that would justify these discovery requests." *Id.* at 11. No such request is before the Court. And the Government, as counsel explained during oral argument, does not intend to make such a request moving forward. (Doc. 266 at 33) ("I do want to confirm that . . . we are not going to be subpoenaing legislators."). Thus, Defendants' motion—at its core—presents no judiciable issue.

Second, the motion does not seek to dismiss the Government's Equal Protection claim entirely, but only to the extent it "attempts to allege intentional discrimination or a rational basis claim." (Doc. 171 at 24). Although the Eleventh Circuit has never squarely addressed the issue, many district courts have concluded that a motion for judgment on the pleadings is not suited to eliminate a portion of a single claim or defense. *E.g.*, *Affordable Aerial Photography, Inc. v. Abdelsayed*, 2022 WL 1124795, at *5 (S.D. Fla. Apr. 15, 2022) (concluding that Rule 12(c) does not authorize a partial judgment on a single claim or defense); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, 2021 WL 894380, at *2 (S.D. Fla. Mar. 3, 2021) ("Rule 12(c)'s language contains no provision for a 'partial' judgment on the pleadings directed to only a portion of a single claim."); *Cont'l 332 Fund, LLC v. Kozlowski*, 2020 WL 1234808, at *6 (M.D. Fla. Mar. 13, 2020) (explaining that

"courts should not use Rule 12(c) to split claims into component parts and dismiss them piecemeal").

The Court finds these decisions persuasive in the context of this case—where the claims at issue involve complex constitutional issues and substantial discovery and motion practices. Accordingly, because Defendants' motion attacks Plaintiffs' Equal Protection claim only in part, the Court concludes that the motion is improper on its face.

*   *   *

For these reasons, Defendants' motion for partial judgment on the pleadings (Doc. 171) is **DENIED**.

**DONE** and **ORDERED** April 17, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE