IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVE MARSHALL, et al., <br><br> Defendants. | No. 2:22-cv-00184-LCB-CWB |

**NON-PARTY WPATH'S RESPONSE TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**

World Professional Association for Transgender Health (WPATH) is not a party to this action and accordingly takes no position on the State of Alabama's motion to amend the scheduling order for this case. Doc. 279 ("Mot."). Rather, WPATH submits this response solely to address several inaccurate and misleading assertions in that motion about WPATH's efforts to provide responsive discovery to the State in accordance with this Court's order.

The bottom line is that WPATH has been busy collecting, reviewing, and preparing to produce many hundreds of documents that are directly responsive to the State's subpoena and that reveal the organization's most sensitive internal deliberations, including the deliberations that informed the drafting of WPATH's Standards of Care (hereafter, the "Guidelines"). As this Court is aware, WPATH

1

maintains that production of these materials infringes its First Amendment rights. But as WPATH recognizes, this Court overruled that objection. As such, WPATH anticipates producing these materials to the State after the Court rules on its pending motions (including its request for permission to appeal the Court's Order denying WPATH's motion to quash) and after exhausting any appellate options it chooses to pursue. On the latter point, if this Court denies WPATH permission to appeal its Order and WPATH does seek mandamus, it intends to ask the Eleventh Circuit to rule on that petition well in advance of the existing discovery cut-off date of June 30, so as to avoid any disruption to the current case schedule.

*None of this* is news to the State. Over the course of multiple meet-and-confers, WPATH has been forthcoming about its plans and its progress, explaining in detail the discovery it has collected and why some of what the State has demanded is not available. Those conversations have been productive and cordial. As such, the State's accusation that WPATH has been obstructive or is otherwise dragging its feet is frankly confounding. In particular, the State's inflammatory suggestion that WPATH has been "[un]willing to follow the Court's order" (Mot. at 8) is contrary to the facts and not well received.

A.   **Relevant Procedural History**

On March 27, 2023, this Court denied WPATH's motion to quash the State's third-party subpoena. Doc. 263.

On April 7, 2023, WPATH filed a motion asking this Court to certify its order denying the motion to quash for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Doc. 271. At the same time, WPATH also filed a limited motion for a stay. Doc. 272. As WPATH noted in that motion, it was not seeking a "blanket stay," but rather an "order staying only its obligation to produce to the State the materials that are the subject of its attempted appeal." *Id.* at 1. In the interim, WPATH committed to "meet and confer in good faith with the State about the scope and parameters of any production that may become necessary if WPATH's efforts to appeal the Order are ultimately unavailing." *Id.* at 2. Both motions remain pending.

In the meantime, WPATH has kept its commitment, meeting and conferring with the State on several occasions since the Court denied its motion to quash. On the last meet-and-confer on April 28, 2023, the State acknowledged that WPATH's request for permission to appeal was pending with this Court, but inquired if WPATH anticipated being able to produce documents before the existing discovery cut-off. WPATH explained that it had been working to prepare documents for production in the event its attempts to appeal the Court's order were unavailing, and that it would endeavor to exhaust any appellate options well in advance of the June 30 discovery cut-off. That was the last conversation WPATH

3

had with the State on this issue before the State filed the instant motion without notice.

### B.     Anticipated Discovery

As WPATH has explained to the State, it has collected and is reviewing the *entirety* of the central electronic repository that stores WPATH's internal materials related to the development of the Guidelines.  In other words, WPATH did not even apply search terms to this repository – it collected *everything*.  At the moment, WPATH anticipates producing the following categories of responsive material from that collection if its effort to appeal the Court's order are unavailing:

- Materials detailing the systematic literature reviews that were performed in connection with the development of the Guidelines, including the review protocols and materials that reflect the search results and the assessments and findings of the experts who performed the reviews.

- Drafts of recommendation statements that were proposed for inclusion in the Guidelines.

- Surveys that were conducted regarding the proposed recommendation statements in connection with the Delphi process, including narrative feedback on those statements and the results of those surveys.[1]

- Materials related to and reflecting the grading of recommendations that passed the Delphi process.

---

[1] In the Delphi process, the individuals involved in drafting the guidelines were asked to vote whether to approve the proposed recommendation statements, and if they did not approve of a recommendation, to provide the reasons for their disapproval; for a recommendation to be approved, at least 75 percent of voters had to approve it.

- Internal outlines and multiple internal draft versions of Guidelines chapters, which reflect internal comments and revisions;

- The thousands of comments WPATH received in response to the draft Guidelines it posted on its website for public comment, materials reflecting WPATH's consideration of those comments, and revisions that were subsequently made to the guidelines.

- Available minutes, agendas, notes and other materials from WPATH's internal meetings related to the development of the Guidelines.

- Other materials reflecting WPATH's internal deliberations and discussions concerning the development and approval of the Guidelines.

These documents cover the entire lifespan of the Guidelines development process and the waterfront of the State's subpoena. As such, the State's allegation that WPATH intends to produce "*some* of the information this Court has ordered the organization to produce, but not nearly all of it," is simply without basis.

The State also notes that it has proposed 10 email custodians to WPATH. As WPATH has explained to the State, however, many of those individuals are not employees of WPATH and do not have WPATH email accounts. In addition, WPATH does not believe the WPATH personnel who were identified by the State are likely to have a material volume of responsive emails that are additive of the production outlined above. WPATH remains willing to meet and confer with the State about those issues, but suggests that conversation would be more productive after the State has an opportunity to review WPATH's anticipated production, which WPATH expects will demonstrate that the expensive and burdensome email searches insisted on by the State are unnecessary. Finally, and in all events, a

5

motion to amend the scheduling order is not an appropriate vehicle to litigate these issues.

Dated: May 12, 2023

Respectfully submitted,

*/s Barry A. Ragsdale*

Barry A. Ragsdale
ASB 2958-A23B

Cortlin H. Lannin (CA Bar No. 266488)
(admitted *pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Phone: (415) 591-6000
clannin@cov.com

Barry A. Ragsdale (ASB 2958-A23B)
Robert S. Vance III (ASB 9916-B11Q)
DOMINICK FELD HYDE, P.C.
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL 35205
Phone:  (205) 536-8888
BRagsdale@dfhlaw.com
RVance@dfhlaw.com

D. Jean Veta (D.C. Bar No. 358980)
(admitted *pro hac vice*)
Noah S. Goldberg (D.C. Bar No. 90003045) (admitted *pro hac vice*)
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone: (202) 662-6000
jveta@cov.com
ngoldberg@cov.com

## CERTIFICATE OF SERVICE

 I hereby certify that on May 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

              */s Barry A. Ragsdale*
              Of Counsel