UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRIANNA BOE,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-184-LCB |
| | ) |
| **STEVE MARSHALL,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION & ORDER**

This case raises a constitutional challenge to the Alabama Vulnerable Child Compassion and Protection Act. During discovery, Defendants[1] issued a nonparty subpoena to the World Professional Association for Transgender Health. (Doc. 208-2 at 56–70). WPATH[2] moved to quash the subpoena—which generally sought information pertaining to WPATH's recommended standards for treating gender dysphoria in minors—on the grounds that production of the requested documents would exceed the permissible scope of discovery and violate the First Amendment. (Doc. 208 at 1, 10). After extensive briefing and two oral arguments,

---

[1] Defendants are Alabama Attorney General Steve Marshall, Montgomery County District Attorney Daryl Bailey, Cullman County District Attorney C. Wilson Baylock, Lee County District Attorney Jessica Ventiere, Jefferson County District Attorney Danny Carr, and District Attorney for the 12th Judicial Circuit Tom Anderson. (Doc. 159 at 6–7).

[2] WPATH is proceeding as *amicus curiae* on behalf of Plaintiffs and the United States Government. (Doc. 94 at 2).

the Court rejected WPATH's position and denied its motion to quash. (Doc. 263 at 1–3, 10).

WPATH now moves to certify that decision for interlocutory appeal and to stay discovery pending appeal. (Doc. 271 at 1); (Doc. 272 at 1). As explained below, WPATH fails to demonstrate that the Court's previous decision is subject to interlocutory appeal. The Court therefore denies WPATH's motion to certify on the merits and denies WPATH's motion to stay as moot.

## I. BACKGROUND

Plaintiffs[3] and the United States Government challenge the constitutionality of Section 4(a)(1)–(3) of the Alabama Vulnerable Child Compassion and Protection Act. (Doc. 159 at 2–5). Put simply, Section 4(a)(1)–(3) makes it a crime to administer or prescribe puberty blockers and hormone therapies to a minor for purposes of transitioning the minor's gender. S.B. 184, ALA. 2022 REG. SESS. § 4(a)(1)–(3) (Ala. 2022). The Act defines "minor" as anyone under the age of nineteen. *Id.* § 3(1); ALA. CODE § 43-8-1(18).

In May 2022, the Court enjoined Defendants from enforcing Section 4(a)(1)–(3) of the Act pending trial. (Doc. 107 at 32). The Court found in part that Parent Plaintiffs were substantially likely to prove that the Act violates their

---

[3] Plaintiffs are five transgender minors (Minor Plaintiffs), their parents (Parent Plaintiffs), a clinical child psychologist, and a pediatrician. (Doc. 159 at 3–5).

constitutional right to direct the upbringing of their children and that Minor Plaintiffs were substantially likely to prove that the Act unconstitutionally discriminates against them based on their sex. *Id.* at 14–24. Defendants appealed the decision to the United States Court of Appeals for the Eleventh Circuit, and the parties began discovery. (Doc. 108 at 1); (Doc. 134 at 4).

During discovery, Defendants issued a nonparty subpoena to WPATH. (Doc. 208-2 at 56–70). The subpoena required WPATH to produce, among other things, six categories of documents pertaining to WPATH's guidelines for treating gender dysphoria in minors. (Doc. 219 at 26). In response, WPATH moved to quash the subpoena, arguing that the requested documents were outside the scope of discovery and protected by First Amendment privilege. (Doc. 208 at 1, 10).

In March 2023, the Court denied WPATH's motion to quash. (Doc. 263 at 10). In doing so, the Court found that the requested documents fell within the permissible scope of discovery under Federal Rule of Civil Procedure 26. *Id.* at 5–8. The Court also found that WPATH failed to make a *prima facie* showing of First Amendment infringement, given the Court's protective order and WPATH's ability to redact identifying information from the requested documents. *Id.* at 8–10. This dispute followed.

## II.  LEGAL STANDARD

Title 28, Section 1292(b) of the United States Code governs appeals of interlocutory orders. *Microsoft Corp. v. Baker*, 582 U.S. 23, 29 (2017). Under the statute, a district court must certify an order for interlocutory appeal if it presents a pure, "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Nice v. L-3 Commc'ns Vertex Aerospace LLC*, 885 F.3d 1308, 1312 (11th Cir. 2018) (per curiam) (explaining that a controlling legal question must be one of pure law to satisfy § 1292(b)). The statute "sets a high threshold for certification," which most interlocutory orders do not meet. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). Indeed, "[c]ertification of an issue for interlocutory appeal is reserved for truly exceptional cases." *Ala. Aircraft Indus., Inc. v. Boeing Co.*, 2019 WL 13172407, at *4 (N.D. Ala. Mar. 18, 2019).

## III.  DISCUSSION

WPATH moves to certify the Court's previous decision that production of the requested documents will not infringe a First Amendment right. (Doc. 271 at 7). WPATH's motion contains at least two fatal flaws. First, the Court's decision does not present a pure question of law. Second, interlocutory appeal of that decision

would not materially advance this litigation. The Court expounds on each flaw below.

### A.     The First Flaw

WPATH fails to show that the Court's previous decision presents a pure question of law. For purposes of § 1292(b), a "pure question of law" is "an abstract legal issue" that a reviewing court "can resolve 'without having to delve beyond the surface of the record in order to determine the facts,' as opposed to a case-specific question of 'whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.'" *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258–59 (11th Cir. 2004) (deeming improper for interlocutory appeal "any question [that] requires rooting through the record in search of the facts or of genuine issues of fact")).

Whether WPATH made a *prima facie* showing of First Amendment infringement is a question that necessarily requires application of law to fact. In its previous order, the Court answered that question in the negative based on two primary considerations: (1) any concerns of "chill" on the willingness of WPATH's members to engage in frank internal deliberations, and of any "chill" on willingness to otherwise associate with WPATH, were quelled by way of a protective order and pre-production redaction of identifying information; and (2) WPATH's evidence

regarding any other sort of chill—namely, of threats, harassment, or reprisals—was insufficient to support a *prima facie* privilege assertion. Against this backdrop, the Court has no trouble concluding that the issue presented—whether WPATH made a *prima facie* showing of First Amendment infringement—is not a pure question of law.

WPATH makes no meaningful argument to the contrary. Instead, it falsely attempts to characterize the issue as "the Court's holding that discovery cannot infringe First Amendment rights unless the compelled disclosure would result in 'threats, harassment, or reprisals.'" (Doc. 271 at 7) (quoting (Doc. 263 at 9)). The problem for WPATH is that the Court reached no such "holding." The Court did not decide, as a matter of law, that First Amendment infringement results only from threats, harassment, or reprisals. Again, the Court simply found that WPATH presented insufficient evidence of threats, harassment, reprisals, or any other sort of chill. (Doc. 263 at 8–9). WPATH clearly mischaracterizes the Court's previous decision.

WPATH separately argues that the Court's decision presents a controlling "legal" question because: (1) WPATH "will face significant burdens if it is required to comply with the subpoena"; and (2) "resolution of the disputed question has the potential to substantially accelerate disposition of the litigation and reduce the

6

expenses of all the parties to the litigation." (Doc. 271 at 8–9).[4] These assertions have no bearing whatsoever on whether the Court's previous decision presents a pure legal question. In sum, WPATH fails to identify a pure question of law subject to interlocutory appeal under § 1292(b).

### B.     The Second Flaw

Even assuming, *arguendo*, that the *prima facie* determination is one of pure law, WPATH fails to show that interlocutory appeal therefrom might materially advance this litigation. Section 1292(b) condones interlocutory appeal only on an issue that, if immediately resolved, would move the proceedings along in some material way. To ascertain the existence of such circumstances, courts ask whether the issue's resolution "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. Another way to think about the material-advancement determination involves asking whether "resolution of the question may reduce the amount of litigation necessary on remand." *Drummond Co. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1336 (11th Cir. 2018).

---

[4] WPATH's assertion that the requested documents may well impact the outcome of this litigation represents a remarkable departure from the assertion to which WPATH so fervently clung in support of its motion to quash. *Compare* (Doc. 208 at 10) ("The Court should quash the subpoenas . . . because they seek discovery irrelevant to the sole issue in dispute."), *and* (Doc. 236 at 6) ("The State Fails To Show That The Subpoenas Seek Any Relevant Discovery."); *with* (Doc. 271 at 9) (characterizing the requested discovery's "role . . . in determining the outcome of litigation" as "critical").

Here, the answer is clear. However an appeals court might resolve the *prima facie* issue, WPATH's motion to quash would be denied once again on remand. Defendants have unquestionably proffered a compelling governmental interest, and that interest is substantially related to the requested documents. Accordingly, Defendants are entitled to the documents—even assuming WPATH made a *prima facie* showing of First Amendment infringement. *See, e.g.*, *Gibson v. Fla. Legis. Investigation Comm.*, 372 U.S. 539, 546 (1963) (holding that the First Amendment right of organizational privilege must give way when "the State convincingly show[s] a substantial relation between the information sought and a subject of overriding and compelling state interest"); *In re Grand Jury Proceeding*, 842 F.2d 1229, 1236–37 (11th Cir. 1988) (same). Thus, interlocutory appeal of the Court's decision could not materially advance this litigation.

## IV.   CONCLUSION

WPATH fails to show that the Court's previous decision is subject to interlocutory appeal under 28 U.S.C. § 1292(b). Accordingly, the Court **DENIES** WPATH's motion to certify (Doc. 271) on the merits and **DENIES** WPATH's motion to stay (Doc. 272) as moot.

9

**DONE** and **ORDERED** May 15, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE