## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.,* | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| and | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Plaintiff-Intervenor,* | ) |
| | ) |
| v. | )  No. 2:22-cv-00184-LCB-CWB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General of the | ) |
| State of Alabama, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANTS' NOTICE REGARDING DISCOVERY SCHEDULE

The United States submits this response to apprise the Court of the progress the U.S. Department of Health and Human Services (HHS) has made in complying with the Court's Order, ECF No. 261, and to respond to Defendants' argument that Admiral Rachel Levine, the Assistant Secretary for Health at HHS, must be made a custodian for the purposes of discovery.

**A.  HHS Has Made Significant Progress in its Document Production to Defendants.**

The United States and HHS have been working diligently with Defendants so that documents can be produced in accordance with the Court's Fifth Amended Scheduling Order, ECF No. 292. The United States agrees with Defendants that the process is going well overall. In fact, HHS completed its first document production of over 12,000 pages of documents earlier today.

HHS has worked expeditiously to move the discovery process forward. HHS has collected emails from custodians from the National Institutes of Health (NIH), as well as from three divisions within the HHS Office of the Secretary—the Office of Civil Rights (OCR), the Office of the Assistant Secretary for Health (OASH), and the Substance Abuse and Mental Health Services Administration (SAMHSA). These emails are under attorney review, and a subset of these files was produced today as part of the production noted above.

For non-email documents, HHS has been manually collecting files from the Agency for Healthcare Research and Quality (AHRQ), SAMHSA, OCR, and OASH, and, for NIH, HHS has been manually collecting a subset of NIH documents. The manual collection for AHRQ and SAMHSA is complete, and HHS anticipates the remaining manual collections will be completed by June 30, 2023. Document review will begin soon thereafter. For two additional HHS components, the Indian Health Service (IHS) and the Centers for Medicare & Medicaid Services

(CMS), data sought by Defendants was produced today as part of the production referenced above.

**B.      There is No Basis to Designate Admiral Levine as an Email Custodian.**

Admiral Levine should not be designated as an email custodian in this matter. Even if she has publicly opined on gender-affirming care in her capacity as a high-ranking HHS official, Admiral Levine is not herself conducting studies related to gender-affirming care nor is she employed at HHS as a researcher. In practice, Admiral Levine has staff in her Immediate Office who prepare documents for her to review or sign and who prepare her for her public appearances and speeches.[1]

As an initial matter, HHS designated nine custodians, all of whom are leaders in their division. For instance, five of the custodians bear the title Director,

---

[1] Defendants assert that Admiral Levine "oversees two offices within OASH that relate directly to research protections: the Office of Human Research Protections and the Office of Research Integrity" and that these offices and Admiral Levine would likely have responsive information regarding suicides of two transgender youth, ECF No. 293 at 7-8, but there is no basis for this assertion. The Office of Research Integrity (ORI) has no role in monitoring research studies, reporting adverse events, or the informed consent process. ORI provides oversight review of institutions' research misconduct proceedings concerning allegations of research misconduct, which is defined as fabrication, falsification, or plagiarism in proposing, performing, or reviewing research, or in reporting research results. 42 C.F.R. 93.103; *see also* 42 C.F.R. 93.400 (general statement of ORI's authority). With respect to the Office for Human Research Protections (OHRP), HHS is looking into whether OHRP would have responsive information. To the extent that it does, that information will be manually collected from OHRP, which would have the full scope of potentially responsive documents.

and the remaining four are Team Leader, Deputy Assistant Secretary, Senior Advisor, and Psychologist.[2]

These custodians are more than sufficient to meet HHS's discovery obligations. Defendants cite no authority for the proposition that one party has the authority or ability to decide who another party selects as a custodian. HHS is obligated to comply with this Court's order to produce responsive documents, and the agency has developed a plan for collection of information designed to meet that obligation.

Furthermore, Defendants cite no authority requiring that Admiral Levine must be designated as a custodian, as opposed to any other official within HHS. *Cf. VeroBlue Farms USA v. Wulf*, ___ F.R.D. ___, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021) (noting that a responding party is "'best situated'" to preserve, search, and produce its own electronically stored information without direction from opposing counsel absent a specific deficiency in production). As the United States and HHS have explained to Defendants, there is no reason why HHS should

---

[2] The custodians are: Janet Maynard, Director, FDA, Office of Rare Diseases, Pediatrics, Urologic and Reproductive Medicine; Christian Cao, Team Leader, FDA, Division of Pharmacovigilance I; Diana Bianchi, Director, NIH, National Institute of Child Health and Human Development; Rohan Hazra, Director, NIH, National Institute of Child Health and Human Development – Division of Extramural Research; Karen Parker, Director, NIH, Sexual & Gender Minority Research Office; Dr. Joshua A. Gordon, Director, NIH, National Institute of Mental Health; Maura Calsyn, Deputy Assistant Secretary for Policy, OASH, Immediate Office; Dylan Nicole de Kervor, Senior Advisor, OCR; Arlin Hatch, Psychologist, SAMHSA, Center for Mental Health Services.

designate Admiral Levine as a custodian when substantially the same documents are available—and will be produced—from other HHS officials in the same office. As it did with the other relevant divisions, HHS selected the email custodian in OASH who is most likely to have information responsive to Defendants' discovery requests. That custodian is Deputy Assistant Secretary for Policy Maura Calsyn. Deputy Assistant Secretary Calsyn, until earlier this month, was a member of Admiral Levine's Immediate Office team.[3] In her role, Deputy Assistant Secretary Calsyn advised "the Assistant Secretary for Health on all aspects of legislation, policy, research, evaluation, and intergovernmental matters." HHS, *Maura Calsyn* (Aug. 30, 2022), https://www.hhs.gov/about/leadership/maura -calsyn.html [https://perma.cc/5HLZ-ERV6]. And, importantly, she was the person in the Immediate Office who worked on transgender issues. Defendants fail to explain why the designation of Deputy Assistant Secretary Calsyn as an email custodian would not fulfill HHS's discovery obligations in this case, when in HHS's view, Admiral Levine's emails and records would not be substantially different from Deputy Assistant Secretary Calsyn's.

For non-email documents from OASH, HHS is using a manual collection process and collecting documents directly from individuals who have responsive

---

[3] Deputy Assistant Secretary Calsyn departed OASH for another division just a week before emails were collected. Her records have been preserved pursuant to a litigation hold.

information. Another member of Admiral Levine's team, Sarah Boateng, the

Principal Deputy Assistant Secretary for Health, is leading this process. In her role,

Principal Deputy Assistant Secretary Boateng "shares responsibility with the

Assistant Secretary for Health, for planning, coordinating, and directing

substantive program matters; policy and program development; and determining

and setting legislative and program priorities covering the full range of public

health activities within the Office of the Assistant Secretary for Health." HHS,

*Sarah Boateng, MHA* (Sept. 6, 2022), https://www.hhs.gov/about/leadership/sarah-

boateng.html [https://perma.cc/7V52-87D2]. HHS reports that Principal Deputy

Assistant Secretary Boateng would have substantially the same records as Admiral

Levine. Thus, with respect to both the email and non-email collection, adding

Admiral Levine to the list of custodians will simply add duplicative documents,

increase review time, and delay the date by which the production from HHS will

be completed and, overall, have very little added value.

Furthermore, as Defendants noted, HHS has offered to produce to

Defendants Admiral Levine's emails that will be produced in response to a

Freedom of Information Act (FOIA) request instead of designating her as a

custodian. *See* Exh. A (Mar. 23, 2023 FOIA request). The FOIA request seeks

"[a]ll records of communications" to or from Admiral Levine containing numerous

terms such as "puberty-blockers," "hormone replacement therapy," "medically

6

necessary," "WPATH," and "transgender youth," among many others, from October 19, 2021, until the date the FOIA request is fully processed. Exh. A at 4. HHS has collected Admiral Levine's emails pursuant to this FOIA request and is currently reviewing them.

Defendants promptly rejected this compromise offer. In their notice, Defendants contend that agreeing to this production in lieu of making Admiral Levine a custodian would "force Defendants to forfeit their right to come to this Court to resolve any discovery disputes arising from the production." ECF No. 293 at 10. This is unsupported and incorrect. The United States and HHS made no representations that Defendants would forfeit the right to raise issues related to this compromise offer and would address any legitimate concerns raised by Defendants regarding the scope of this production.

The email custodians designated by HHS are more than sufficient to meet the agency's discovery obligations in this matter. Defendants have provided no case law or reasoning to require that Admiral Levine, as opposed to another OASH official, be made an email custodian for the purposes of discovery.

## CONCLUSION

The United States and HHS have made substantial progress regarding the production of HHS documents. The United States respectfully asks the Court to deny Defendants' request to designate Admiral Levine as an email custodian.

Dated: June 23, 2023

Respectfully submitted,

SANDRA J. STEWART
United States Attorney
Middle District of Alabama

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

PRIM F. ESCALONA
United States Attorney
Northern District of Alabama

JOHN POWERS (DC Bar No. 1024831)
Counsel to the Assistant Attorney General
Civil Rights Division

JASON R. CHEEK
Chief, Civil Division

CHRISTINE STONEMAN
Chief, Federal Coordination and Compliance
Section

MARGARET L. MARSHALL
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203
Tel.: (205) 244-2104
Margaret.Marshall@usdoj.gov

*/s/ Coty Montag*
COTY MONTAG (DC Bar No. 498357)
Deputy Chief, Federal Coordination and
Compliance Section

STEPHEN D. WADSWORTH
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

RENEE WILLIAMS (CA Bar No. 284855)
KAITLIN TOYAMA (CA Bar No. 318993)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 305-2222
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

AMIE S. MURPHY (NY Bar No. 4147401)
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 353-1285
Amie.Murphy2@usdoj.gov

*Attorneys for Plaintiff-Intervenor United States of America*

CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to counsel of record.

<div style="margin-left: 45%;">

Respectfully submitted,

*/s/ Coty Montag*
Deputy Chief, Federal Coordination
and Compliance Section
Civil Rights Division
U.S. Department of Justice

</div>