# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 30, 2023

Clerk - Middle District of Alabama
U.S. District Court
1 CHURCH ST
MONTGOMERY, AL 36104

Appeal Number: 23-11753-J
Case Style: In re: World Professional Association for Transgender Hea
District Court Docket No: 2:22-cv-00184-LCB-CWB

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers
General Information:   404-335-6100    Attorney Admissions:           404-335-6122
Case Administration:   404-335-6135    Capital Cases:                 404-335-6200
CM/ECF Help Desk:      404-335-6125    Cases Set for Oral Argument:   404-335-6141

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11753

_____

In re: WORLD PROFESSIONAL ASSOCIATION FOR
TRANSGENDER HEALTH,

                                                             Petitioner.

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Alabama
D.C. Docket No. 2:22-cv-00184-LCB-CWB

_____

Before LAGOA and BRASHER, Circuit Judges.

BY THE COURT:

      Before us is World Professional Association for Transgender Health's Petition for a Writ of Mandamus and Motion to Stay

| 2 | Order of the Court | 23-11753 |
|---|---|---|

Lower Court Proceedings and Respondents' Motion to Assign the Petition to the panel in case number 22-11707.

    Petitioner requests that this Court review an order denying its motion to quash a subpoena seeking information about its development of standards for pediatric transitioning treatments. Petitioner argues disclosure of the information would violate its right to freedom of association protected by the First Amendment. *See NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 462–63 (1958). The district court did not abuse its discretion in determining that the subpoena does not seek the identities of members or associates of the organization, a protective order shields that information from disclosure, and there is insufficient evidence that disclosure would result in Petitioner's members being harassed, a loss of or deterrence from membership, or another chilling effect. *See Buckley v. Valeo*, 424 U.S. 1, 74 (1976); *In re Grand Jury Proceeding*, 842 F.2d 1229, 1235–36 (11th Cir. 1988). And even if Petitioner had established disclosure would infringe on its associational rights, the Respondent demonstrated a compelling need for the information. *See* Fed. R. Civ. P. 26(b)(1). Petitioner does not have a clear and indisputable right to a writ of mandamus.

    Accordingly, we DENY the Petition for a Writ of Mandamus and the Motion to Assign the Petition, and we DENY AS MOOT the Motion to Stay.