# EXHIBIT B

**From:** Murphy, Amie (CRT)
**To:** Brian Barnes
**Cc:** Cheek, Jason (USAALN); LaCour, Edmund; Wilson, Thomas; Davis, Jim; Seiss, Ben; Christopher Mills; Pete Patterson; David Thompson; Jeffrey P. Doss; Amie A. Vague; AOrr; Jennifer Levi; Sarah Warbelow; Cynthia Weaver; Andy Pratt; Misty Peterson; Brent Ray; Abigail Terry; Michael Shortnacy; Scott McCoy; Melody H. Eagan; Adam Reinke; Diego Soto; Jessica Stone; Montag, Coty (CRT); Marshall, Margaret (USAALN); Williams, Renee (CRT); Toyama, Kaitlin (CRT); Bowdre, Barrett; John Ramer
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents
**Date:** Thursday, June 29, 2023 9:54:00 AM

Brian,

Thank you for giving further thought to HHS's proposal regarding Admiral Levine's emails.  Given that we still disagree with your assessment that adding Admiral Levine to the list of custodians will lead to the production of relevant documents, HHS is only willing to produce her emails if it can do so without substantial cost to the agency.  We think that the search terms in the FOIA request are sufficiently broad enough to unearth all responsive documents.  Moreover, HHS plans to produce Deputy Assistant Secretary for Health Policy Maura Calsyn's emails, which were searched using the agreed-upon terms.

In the interest of avoiding motion practice, however, HHS can commit to producing the emails it has collected for the FOIA request on or before August 31st if you accept their offer.

Happy to discuss.

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Wednesday, June 28, 2023 10:58 AM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

We have given further consideration to your proposal regarding the production of the FOIA documents in lieu of designating Admiral Levine as a custodian for our search terms, and we hope we can come to a compromise.

First, we appreciate your clarification that the documents produced to us would be produced pursuant to Rule 26, not FOIA, and that we will therefore not be dependent on the third-party FOIA requestor to challenge an incomplete production. We also understand your clarification to mean that we will be entitled to a complete privilege log under Rule 26 and that any asserted privileges – including the deliberative-process privilege – will work as they normally do in civil discovery, not FOIA. Please let me know if we have misunderstood anything here.

Second, we are concerned about the incomplete timeline stated in the FOIA request. While our RFPs would encompass Admiral Levine's entire tenure as Assistant Secretary for Health (beginning March 26, 2021, I believe), the FOIA request sets its timeline as "October 19, 2021, to the date this item is fully processed." (That date appears to be when Levine was commissioned as a four-star admiral in the U.S. Public Health Service Commissioned Corps). We request that the timeline be extended to capture Admiral Levine's entire time at HHS.

Third, there are a handful of search terms that we have agreed on which we do not think are encompassed by the FOIA request. We thus request that HHS add these to the search terms listed in the FOIA request:

- "Rapid onset gender dysphoria"
- Gatekeeping AND (youth or child! or adolescent or minor! or kid! or teen! or boy! or girl!) AND transgender!
- Littman AND (youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!) AND (transition! OR transgender)
- Consent AND (youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!)) AND ((gender /3 affirming) or (puberty /3 Block!) or hormone or CSH)
- Finland and (youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!) AND (transgender or "gender affirming") AND (transition! or treat! or care or affirm!)
- Sweden and (youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!) AND (transgender or "gender affirming") AND (transition! or treat! or care)
- ("United Kingdom" or UK) and (youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!) AND (transgender of "gender affirming") AND (transition! or treat! or care)
- "Trans Youth Care Research Network"
- Adverse AND transgend! /5 (youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!) AND (trans! or gender or GAT or GAC)

Please let me know if HHS is amenable to these suggestions that will allow us to move things forward without motions practice. Happy to jump on the phone to discuss.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, June 21, 2023 1:52 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian,

We disagree that Admiral Levine should be named as a record custodian because giving speeches
isn't relevant to the underlying subject matter of the litigation.  Further, we don't see how the
studies she may have relied on to inform the content of those speeches would be relevant.
Defendants have already requested the studies that HHS has funded on the topic, and HHS is in the
process of producing those.

Nevertheless, without waiving our objection to relevance, we are authorized to propose a
compromise.  HHS received a FOIA request from a third-party organization for all of Admiral Levine's
communications on gender-affirming care since she was sworn-in to office on October 19, 2021.
HHS is willing to produce all the documents it produces to the third-party on or before the October
30, 2023 deadline.  Attached is a copy of the FOIA request.

Please let us know whether you have any questions about this proposal.

Amie

---

**From:** Murphy, Amie (CRT)

**Sent:** Wednesday, June 21, 2023 9:20 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian,

We are discussing this with HHS and will get back to you shortly.

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, June 20, 2023 4:19 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Amie,

Thanks for meeting on the phone with us on Friday. Although we think it would have been better had we been able to participate in the process to narrow the search terms, we can agree to the narrowed search terms if HHS agrees to make Admiral Levine a custodian for searching emails at OASH. Otherwise, we intend to seek a ruling from the Court on the custodian issue at Monday's hearing. Please let us know if this compromise works by tomorrow at 1 pm CT so we can alert the Court as needed.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Thursday, June 15, 2023 2:54 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian,

We're happy to get on a call to discuss the issues raised in your email.  Unfortunately, times are a bit limited today and tomorrow with everyone trying to squeeze meetings in before the long weekend. For tomorrow, I can offer up 10-11 or 3-5.

Let me know what might work for you.

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, June 15, 2023 10:19 AM

**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for the update. I think it probably makes sense to get on the phone this week to talk through
some things and see where we are. Is there a time in the next day or two that works for you?

Regarding your last update, we're a bit concerned that the process is becoming unilateral. From your
email it appears that HHS itself determined that some of the searches resulted "in an unreasonable
number of documents," without letting us know how many documents it thought was
"unreasonable." Then HHS determined for itself how to alter the search terms we had agreed on,
again without allowing us to be part of that process. Then HHS determined for itself to run the new
terms it had chosen, also without any input from us. Only after that process was complete did HHS
provide us notice of what it had already done. It seems to us we should have input into that process.
How many documents did the original search terms ping? What number does HHS consider to be
"unreasonable"? We don't know, and it apparently doesn't matter to HHS that we don't know. We
think that's a problem.

We also don't agree with your assessment that the change in the Boolean modifiers "increased the
chance that the terms produced relevant documents." We fear that, instead, by using a "NEAR(5)"
restriction, the new search terms HHS chose *exclude* relevant documents by requiring all the
relevant terms to be closely stacked against one another. If we need to narrow the search terms, we
can of course discuss ways to do that. But we are not comfortable with HHS simply determining the
need for revised search terms and choosing the new terms all by itself. This should be a collaborative
process.

We have similar concerns with the rejection of our suggestion to use custodians and search terms
for OASH. In the spirit of compromise, we had agreed to use a "go get" method for SAMHSA, but
suggested making Admiral Levine a custodian and using search terms for OASH. In response, you

informed us that HHS had already moved forward with the "go get" for OASH and thus had rejected our suggestion (apparently without even considering the compromise we had proposed). We remain concerned that a "go get" for OASH is insufficient. As you know, Admiral Levine is often the face of HHS regarding transitioning treatments for youth. Over and over Admiral Levine has spoken publicly, *as the Assistant Secretary for Health*, in favor of the safety and efficacy of those treatments. Just this week the Admiral stated in a public address: "Gender-affirming care is medical care. Gender-affirming care is mental health care. Gender-affirming care is literally suicide prevention care. It improves the quality of life, and it saves lives, and is based upon decades of study. It is a well-established medical practice...Gender-affirming care is medically necessary, safe, and effective, for transgender and non-binary youth and adults."
https://twitter.com/HHS_ASH/status/1668264004492328961.  Admiral Levine has made many similar speeches and statements as the Assistant Secretary for Health. Such statements *and their inputs* would seem to be responsive to our RFP asking for communications "concerning the effects of Transitioning or the treatment of Minors for Gender Dysphoria or a Related Condition on the well-being or health of Minors."

Similarly, Admiral Levine has publicly discussed the informed-consent process used by gender clinics. As one news report put it: "Levine, the U.S. assistant secretary for health, said that clinics are proceeding carefully and that no American children are receiving drugs or hormones for gender dysphoria who shouldn't. 'It's not like anyone who arrives automatically gets medical treatment,' she said." Chad Terhune et al., *As More Transgender Children Seek Medical Care, Families Confront Many Unknowns*, Reuters (Oct. 6, 2022), https://www.reuters.com/investigates/special-report/usa-transyouth-care/. Again, this statement and its inputs would seem to be responsive to our RFP asking for communications "concerning the informed consent process for treating Minors for Gender Dysphoria or a Related Condition." Given these statements – and many, many more like them – we do not understand how HHS has determined that the Admiral Levine would not be an appropriate custodian.

Finally, there appear to be offices within OASH that also seem likely to us to have responsive information. For instance, in a number of RFPs we asked about communications and documents related to ongoing research studies, the reporting of adverse events, and the informed consent process. And we know that there have been adverse events—including two suicides—in specific studies we mentioned in the RFPs that HHS is funding. *See* Letter to Lawrence Tabak (June 6, 2023), https://www.help.senate.gov/imo/media/doc/nih_trans_letter.pdf. We would expect the Office of Human Research Protections and the Office of Research Integrity would have information relevant to these RFPs. Why is this not the case?

Again, we think a phone call to discuss these issues would be helpful. Please let me know if you are available tomorrow or Thursday for a call.

Best regards,

Brian

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Thursday, June 8, 2023 3:31 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Good afternoon, Brian-

I'm writing with an update.  HHS has completed its test searches of email accounts for NIH and the
OS divisions (OCR, OASH, and SAMSHA) using the 20 search terms selected by Defendants.  By and
large, most of the terms did not result in an unreasonable number of documents.  A few of the
terms, however, needed to be modified, so HHS did so by changing the Boolean modifiers.  This
change increased the chance that the terms produced relevant documents without change to the
substance of the terms themselves.

*For NIH and the OS Divisions*, the modified terms are as follows:

(gender NEAR(3) dysphoria) AND (youth OR child* OR adolescent* OR minor* OR kid* OR teen* OR
boy* OR girl*) ~~AND~~ NEAR(5) (transition* OR treat* OR care OR affirm*)

(gender NEAR(3) affirming) AND (youth OR child* OR adolescent* OR minor* OR kid* OR teen* OR
boy* OR girl*) ~~AND~~ NEAR(5) (transition* OR treat* OR care OR hormon*)

(consent AND (youth OR child* OR adolescent* OR minor* OR kid* OR teen* OR boy* OR girl*) ~~AND~~
NEAR(5) ((gender NEAR(3) affirming) OR (puberty NEAR(3) Block*) OR hormone OR CSH)

("United Kingdom" OR UK) AND (youth OR child* OR adolescent* OR minor* OR kid* OR teen* OR
boy* OR girl*) AND (transgender OR "gender affirming") ~~AND~~ NEAR(5) (transition* OR treat* OR
care)

_For NIH only_, the modified terms are as follows:

(Hormone NEAR(3) therapy) AND (transition* OR transgender OR affirm*) ~~AND~~ NEAR(5) (youth OR child* OR adolescent* OR minor* OR kid* OR teen* OR boy* OR girl*)


_For the OS Divisions only_, the modified terms are as follows:

(wpath ~~AND~~ NEAR(5) (youth OR child* OR adolescent* OR minor* OR kid* OR teen* OR boy* OR girl* OR guidelines OR "soc8"))

(adverse AND (transgend* NEAR(5) (youth OR child* OR adolescent* OR minor* OR kid* OR teen* OR boy* OR girl*) ~~AND~~ NEAR(5) (trans* OR gender OR gat OR gac)))


In the interest of time, HHS verified these terms by rerunning them through the email accounts, and has begun collecting documents.  We will continue to update you.

Best,

Amie

---

**From:** Murphy, Amie (CRT)
**Sent:** Wednesday, May 31, 2023 1:05 PM
**To:** 'Brian Barnes' <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.

HHS has already begun moving forward with the "go get" method for OASH in order to meet the Court's benchmarks.  As Lena mentioned during the call, the potentially responsive information that OASH has is fairly circumscribed and mostly relates to Admiral Levine's speech at the 2022 WPATH Scientific Symposium and the OPA two-pager on Gender Affirming Care and Young People.  Of course, the search is not yet complete, so there may be more.  Given what they are finding so far, however, we believe the burden of using search terms for their network drives far outweighs the need in this instance.  The same thought applies to searching Admiral Levine's emails.

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, May 30, 2023 1:25 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Following up on our call last week, we are not inclined to use a "go get" for OASH. As I mentioned on the call, it seems like Admiral Levine and her office serve as the face of the Administration on many of the issues relevant to this case, so we think using search terms for that office makes sense. We also still think it makes sense to designate Admiral Levine as a custodian. In the spirit of compromise, however, we will agree to use a "go get" for SAMHSA. Happy to discuss further if that would be helpful.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>

**Sent:** Friday, May 26, 2023 10:24 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <AOrr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  Please let us know your thoughts on OASH so we can proceed on that front early next week.  Have a nice holiday weekend everyone!

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, May 25, 2023 1:47 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for the call earlier today. I've attached a list of search terms with the 20 terms that we would

propose HHS start with highlighted. This is without prejudice to Defendants proposing to add or modify search terms once we see a hit report for the 20 terms we have highlighted.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Tuesday, May 23, 2023 6:30 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian—

I agree that it would make sense to get on a call this week to discuss custodians and additional divisions for the "go get." In the meantime, we spoke with HHS and want to provide you with our thoughts on the concerns that you raise in your email. Also, I'm attaching an updated list of custodians, which includes the representative from SAMHSA that we mentioned in our brief.

First, Maura Calsyn and Dylan Nicole de Kervor are lawyers but they do not work in OGC, so it is not their role to provide legal advice to HHS or any of the divisions.

Second, HHS does not think that it makes sense to add Admiral Rachel Levine to the list of custodians. As the Assistant Secretary, her work is too broad and high level for searches of her email account or documents to result in relevant information pertaining to this lawsuit.

HHS is considering whether there is someone to add to the list of custodians from OCR.

Regarding the seniority of the persons on the list, information flows up the chain of command within the division, so these are the personnel that are most likely to have relevant emails/documents

regarding the work within their sphere.  It is unnecessary to add anyone less senior.

HHS agrees to your suggestion for using a "go get" for the studies cited in RFPs 18 and 19.

On your last point about using the "go get" method for additional divisions within HHS, HHS suggests starting by adding SAMHSA and HRSA.  They are still considering whether it makes sense to add others.  They can answer any questions regarding these choices on our call.

Lastly, in light of the hearing, HHS intends to begin running email searches by the end of the week. They will start with 20 terms and, since it appears that you have no objection to the custodians that are on the current list, those custodians.  We can add custodians if it makes sense to do so after our call.  Please let us know which 20 terms from the two most recent versions of the list (yours and ours) you would like them to run by this Thursday.

Please let me know your availability for a call.  We can meet during the following times:

Wednesday, 5/24 – 11:00-11:30, 12-12:30
Thursday, 5/25 – 10:30-4
Friday, 5/26 – 10-11:30

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Monday, May 22, 2023 2:30 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.org>; Jennifer Levi <Jlevi@glad.org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for sending the list of suggested custodians. I think it will make sense for us to hop on the phone to discuss in the days ahead, but I first wanted to send along some thoughts and reactions in writing to hopefully help make our next discussion more productive.

First, we noticed that a couple of the suggested custodians (Maura Calsyn and Dylan Nicole de Kervor) are lawyers. That's not a problem per se, but before proceeding with them we wanted to confirm that their work on the relevant issues doesn't primarily involve giving legal advice. Obviously we should avoid using custodians whose responsive documents are likely to be covered by the attorney-client privilege.

Second, we wanted to raise the question whether it makes sense to add the Assistant Secretary for Health (Rachel Levine) to the list of custodians. While we were glad to see a member of her immediate team (Calsyn) included on the list, it seems to us that also including Levine herself would be sensible given her work on the relevant issues.

Third, we think it would make sense to add a custodian from the Office of Civil Rights who worked there on the relevant issues in 2019 and 2020. In the summer of 2020, OCR said in the Federal Register that "there is no medical consensus to support one or another form of treatment for gender dysphoria." 85 Fed. Reg. 37160, 37198 (June 19, 2020). That statement suggests that OCR was doing work on this issue in 2019 and 2020 that could be quite important to the case.

Fourth, all of the proposed custodians appear to be quite senior – mostly directors of various offices and senior advisors. We think it makes sense to have some senior people included on the list of custodians (see suggestion above about adding Admiral Levine). But we also suggest adding at least some more mid-level staff to the list. Obviously the thing we're trying to get at with this discovery is factual information about the safety and efficacy of certain treatments for gender dysphoria, and our concern is that some important information of that sort might not filter all the way up to the most senior people in a given office.

Fifth, it isn't clear to us that the list of proposed custodians includes anyone who is likely to have the documents responsive to RFPs 18 and 19. Those two RFPs ask about HHS-funded studies that started in 2015 and 2011, respectively. Rather than adding custodians to reach all the way back to that time period, one possibility we wanted to float is a targeted "go get" on those studies that would supplement the responsive materials that are returned via whatever custodians and search terms we ultimately settle on.

Finally, consistent with this morning's hearing and in the spirit of compromise, we're open to using a "go get" method for additional operating divisions at HHS. We'd be eager to hear from you about which of the remaining operating divisions you think are the strongest candidates for that approach. I think it would also help us get comfortable using that approach for additional operating divisions if you could tell us a bit more about the process you would contemplate using. It's not likely that our side will be willing to go along with abandoning the use of search terms for all of the operating divisions, but we appreciate the burdens involved and want to meet you half way on this issue.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, May 12, 2023 7:15 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

Thanks for sending over the latest round of edits to the list of search terms on Wednesday.  Prior to receiving them, HHS had already started running hit reports for a sample of terms from the version I last sent to you.  Specifically, HHS is running the following five terms through AHRQ, OASH, and OCR:

- gender /3 dysphoria AND (youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!) AND (transition! or treat!)
- gender /3 affirming AND (youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!) AND (transition! or treat!)
- GAC AND (transition! or treat!)
- puberty /3 Block! and ("side effect" or "off label" or osteo! or depress! or suicid! or seizur! or safe! or unapproved or vision or asthma or tumor or cancer or fracture or bone or joint or Gueriguian or Eugster or mitochondria) AND youth or child! or adolescent! or minor! or kid! or teen! or boy! or girl!)
- Tanner  and (puberty /3 Block!)

We should have a more detailed update on where things stand early next week, but the preliminary results indicate that it will be necessary to limit the searches by custodian.  To that end, I'm attaching HHS's proposed list of custodians.  Kevin is still working on getting names from SAMHSA.

From HHS:

You will see that half the list is from NIH, which fits with the focus on the safety and efficacy of transitioning treatments for transgender minors and that Agency's role in research in this area.  The rest of the individuals are largely focused on specific RFPs (e.g., OASH's interactions with WPATH and FDA's analysis of adverse events related to GnRH agonists) or specific events (FDA's response to Congressional inquiries related to GnRH agonists).  Also note that AHRQ, CDC, CMS, and IHS do not have custodians on this list given their limited interaction with the subject matter underlying this litigation.

My apologies for bombarding you with so many issues in consecutive emails, however I'm trying to maintain the information flow.  Let me know if you think it makes sense to schedule a call soon.

Have a nice weekend.

Amie

---

**From:** Murphy, Amie (CRT)
**Sent:** Wednesday, May 10, 2023 4:50 PM
**To:** 'Brian Barnes' <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; 'LaCour, Edmund' <Edmund.LaCour@AlabamaAG.gov>; 'Wilson, Thomas' <Thomas.Wilson@AlabamaAG.gov>; 'Davis, Jim' <Jim.Davis@AlabamaAG.gov>; 'Seiss, Ben' <Ben.Seiss@AlabamaAG.gov>; 'Christopher Mills' <cmills@spero.law>; 'Pete Patterson' <ppatterson@cooperkirk.com>; 'David Thompson' <dthompson@cooperkirk.com>; 'Jeffrey P. Doss' <jdoss@lightfootlaw.com>; 'Amie A. Vague' <avague@lightfootlaw.com>; 'AOrr' <Aorr@nclrights.Org>; 'Jennifer Levi' <Jlevi@glad.Org>; 'Sarah Warbelow' <Sarah.Warbelow@hrc.Org>; 'Cynthia Weaver' <cynthia.Weaver@hrc.Org>; 'Andy Pratt' <Apratt@kslaw.Com>; 'Misty Peterson' <Mpeterson@kslaw.Com>; 'Brent Ray' <Bray@kslaw.Com>; 'Abigail Terry' <ATerry@kslaw.com>; 'Michael Shortnacy' <Mshortnacy@kslaw.Com>; 'Scott McCoy' <Scott.Mccoy@splcenter.Org>; 'Melody H. Eagan' <meagan@lightfootlaw.com>; 'Adam Reinke' <Areinke@kslaw.Com>; 'Diego Soto' <Diego.Soto@splcenter.Org>; 'Jessica Stone' <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; 'Bowdre, Barrett' <Barrett.Bowdre@AlabamaAG.gov>; 'John Ramer' <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

I am still working on getting you a response to your specific proposal but should have an answer shortly. That said, we reaffirm our position that a motion is unnecessary, and this could be handled more efficiently and cooperatively by requesting a status conference.

In the meantime, to keep matters rolling on production, we would like to revisit an issue that we have discussed on several of the meet and confers, namely, removing some of the Operating Divisions from your list of Divisions that will be searched for responsive documents. As we have discussed, it would save copious time and expense if we do data pulls from each of the Divisions' network drives instead of scouring them using search terms, and that additional Divisions should be removed entirely. We understand that Defendants' reject our proposal to use data pulls for all the Divisions on the list, but that Defendants would consider it with respect to certain Divisions.  On that note, the information that follows supports HHS's reasoning for using data pulls for CMS and IHS specifically, and for removing AHRQ and CDC from the list entirely because of their lack of interaction with the subject matter underlying this litigation. More details and explanation are below.

**From HHS:**

As we have discussed, because most Operating Divisions utilize all run their own file storage and need to be queried separately in order to try to find responsive documents, reducing the number of Divisions that need to be searched or that need to collect responsive documents will significantly reduce the burden on HHS and will likely reduce the amount of time it will take the Agency to comply with Alabama's RFPs. Thus, searching four Operating Divisions for documents that they are unlikely to have will only result in time wasted on the collection efforts and attorney review of documents that are expected to be nonresponsive to Alabama's RFPs. While it is an imperfect proxy for the number of files that would need to be searched, we note that the four Operating Divisions in question comprise approximately 34,000 government personnel.

**CMS**: As we have discussed on several occasions, CMS is unlikely to have documents responsive to Alabama's RFPs. CMS oversees two programs: Medicare and Medicaid. Generally, Medicare is for people 65 or older. You may be able to get Medicare earlier if you have a disability, End-Stage Renal Disease (permanent kidney failure requiring dialysis or a transplant), or ALS (also called Lou Gehrig's disease). However, of those categories, the only individuals who would qualify for Medicare under the age of 19 would be individuals between the age of 18 and 19 who have been diagnosed with Lou Gehrig's disease. Given that it is highly unlikely that a transgender individual between the age of 18 and 19 with Lou Gehrig's disease would receive transitioning treatments, it seems clear that information from the Medicare program will be nonresponsive to Alabama's RFPs.

For Medicaid, Medicaid provides health coverage (as distinguished from treatment) to millions of Americans, including eligible low-income adults, children, pregnant women, elderly adults and people with disabilities. Medicaid is administered by states, according to federal requirements. CMS has advised that their only interaction with the subject matter of this case would be through the provision of funding to states who thereby provide funding to care providers who are providing treatment to Medicaid beneficiaries. If, for example, a state Medicaid program were to pay for covered gender-affirming care for transitioning Minors, CMS would reimburse states for the federal share of that payment (the federal financial participation or FFP). Thus, CMS provide funding for states, which are in turn the ones providing funding for transitioning minors who are receiving treatment from a third party. For this reason, it is highly unlikely that CMS will have documents responsive to RFPs. Therefore, we suggest a solution that we have discussed before: CMS will run a

search through its claims database for responsive information and provide that information in order to fulfill its discovery obligations in this litigation.

**IHS**: As we have discussed, IHS is the principal federal health care provider and health advocate for Indian people, and its goal is to raise their health status to the highest possible level. However, IHS is also a federated Agency whereby most of its services that might be tangentially related to the underlying subject matter are provided by third parties and the Tribes themselves. IHS has indicated that the Agency is unlikely to have anything responsive to Alabama's RFPs other than a data pull of its treatment database similar to the database discussed above with regard to CMS. Therefore, we suggest a solution that we have discussed before: IHS will run a search through its treatment database for responsive information and provide that information in order to fulfill its discovery obligations in this litigation.

**CDC**: As we have discussed during our meet and confers, the CDC does not interact with the underlying subject matter of the litigation. CDC's mission is to protect America from health, safety and security threats, both foreign and in the U.S. CDC fights ***disease*** and supports communities and citizens to do the same. Given that there is no disease related to this litigation, CDC is highly unlikely to have documents responsive to Alabama's RFPs. In fact, Alabama's RFPs do not reference any disease and information relating to disease is not likely to be discoverable information. Therefore, we suggest removing the CDC from the list of Divisions subject to document collection in response to Alabama's RFPs.

When we queried CDC to determine what, if any, responsive information the Agency may have, the only item that CDC was able to identify as even tangentially related to the subject matter underlying this litigation is as follows: The CDC funds a Youth Risk Behavior Survey (YRBS). As part of the YRBS, and after years of research and several rounds of cognitive testing, CDC piloted the current question (below) with 10 states and 9 local school districts during the 2017 YRBS cycle. Follow-up cognitive interviews conducted in 2018 confirmed that the question functioned well, and the question was included in the YRBS Optional Question list for any interested site to use. Since then, state and local YRBS coordinators have chosen to include the question in more than 70 questionnaires.

Some people describe themselves as transgender when their sex at birth does not match the way they think or feel about their gender. Are you transgender?
A. No, I am not transgender
B. Yes, I am transgender
C. I am not sure if I am transgender
D. I do not know what this question is asking

**AHRQ**: As discussed during our meet and confers, AHRQ has only been able to identify two documents that are related to the underlying subject matter of this litigation. The first is a grant award entitled, "Using telehealth to improve access to gender-affirming care for BIPOC and rural gender diverse youth." The second document is the Topic Brief referenced in RFP 29 - Topic Brief: Treatments for Gender Dysphoria in Transgender Youth, https://effectivehealthcare.ahrq.gov/system/files/docs/topic-brief-gender-dysphoria.pdf (Jan. 8, 2021).

With regard to the first document, at the very least we suggest that AHRQ manually collect documents related to the grant since running search terms across the network drives of a 2,000+ employee Agency to try to find documents related to a single grant will likely be particularly inefficient. With regard to the Topic Brief, we note that the Agency decision was to ***not*** develop a new systematic review. In other words, AHRQ decided ***not*** to take an action in this area, indicating that there will be little, if any, further information to collect from the Agency on the Topic Brief. As additional context with regard to the Topic Brief, we provide the following information:

AHRQ's Effective Healthcare Program supports Evidence-based Practice Centers (EPCs), which are universities and medical centers that produce evidence reports on medications, devices, and other healthcare services under contract to the agency.  The referenced Topic Brief is a document that represents the disposition of a topic that was nominated for a systematic evidence review.  The topic nomination process is described here:  https://effectivehealthcare.ahrq.gov/about/epc/nomination. This page includes additional background on the EPCs, including the EPC Program's COI policy: https://effectivehealthcare.ahrq.gov/about/epc.  AHRQ conducts this research under Section 902(a) of the Public Health Service Act, 42 U.S.C. § 299a(a). https://www.govinfo.gov/content/pkg/USCODE-2021-title42/pdf/USCODE-2021-title42-chap6A-subchapVII-partA-sec299a.pdf.

We look forward to your response.

Amie

---

**From:** Murphy, Amie (CRT)
**Sent:** Tuesday, May 9, 2023 2:44 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  We are discussing your proposal and will get back to you as soon as possible, however probably not before 9:00 am tomorrow.

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, May 9, 2023 8:43 AM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Amie,

Thanks for your email. We agree a status conference is needed, but we think it would be helpful if the Court had a concrete proposal before it. To that end, we intend to file a motion asking the Court to amend the scheduling order and proposing the following schedule:

Complete production by HHS and WPATH: October 1, 2023
Discovery Cutoff: January 19, 2024
Dispositive motions: February 9, 2024
Defendants' expert disclosures: November 20, 2023
Rebuttal expert disclosures: December 18, 2023
Final trial lists: February 23, 2024
Trial: March 2024

Would you and counsel for the private plaintiffs please let me know by 9 am Wednesday morning if you consent to our request?

Best regards,

Brian

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>

**Sent:** Monday, May 8, 2023 8:09 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

We plan to request a status conference to work through some of the issues that we've discussed by
phone with you regarding discovery.  As I understand Defendants' position, you are opposed to a
joint request.  Can you please confirm whether that is still the case?

Amie

---

**From:** Murphy, Amie (CRT)
**Sent:** Friday, May 5, 2023 3:51 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>

**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian-

I think we're close.  We made a couple edits that are aimed at linking transitioning with the safety and efficacy of the treatments.  Please let me know if you think we should discuss them.

Have a nice weekend.

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Wednesday, May 3, 2023 5:06 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

I've attached a new set of proposed terms that shows changes to the last version we sent over in redline. We've tried to accommodate many of the concerns you raised about the previous version, but please let me know if you think it would be useful to have another conversation about any remaining disagreements.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, May 3, 2023 10:00 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>

**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Good morning, Brian-

Will you be prepared to send your thoughts on the search terms soon?  I believe we left things with
the ball in your court and we would like to get to a point ASAP where we can begin running test
searches.

Amie

_____
Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, April 28, 2023 12:57 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague

<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks for sending around a dial-in, Amie. That time still works for us.

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, April 28, 2023 12:16 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

Does 2:30 ET still work for today's call?  If so, the following dial-in information may be used by anyone who wishes to join.

WebEx2 (202) 600-2533, Attendee Access Code 96401039

Amie

---

**From:** Murphy, Amie (CRT)
**Sent:** Thursday, April 27, 2023 8:02 PM

**To:** 'Brian Barnes' <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian:

Thank you for sending over your proposed edits to the search terms.  Our comments are as follows:

1. By removing "transition!" Defendants are expanding most of the terms to anything to do with
   transgender youth rather than focusing on *transitioning* transgender youth, which goes far
   beyond the scope of the lawsuit as well as the Court's order.  In rejecting RFP 6 ("[a]ll
   Communications and Documents since January 1, 2017, concerning Transitioning or the
   treatment of Minors for Gender Dysphoria or a Related Condition," the Court said that a
   search for anything relating to transitioning or treatment was too broad but that "effects of
   transitioning" was narrow enough.  We cannot agree to any terms that go further than the
   court's order.

2. Any term that refers to a medication, treatment, or Tanner Scale without the limiter
   "transgen!" or "transition!" goes far beyond the scope of this lawsuit.

3. The inclusion of "student" as a connector is not necessary and goes beyond the scope of the
   lawsuit.  For example, the United States is not challenging the provisions in SB 184 about what
   teachers are required to disclose to parents re: information about a student's gender
   identity.

4. We also have some concerns about the names such as Levine, Marci Bowers, Erica Anderson,
   etc. whose names were referenced in RFPs that Defendants chose not include in their motion
   to compel.

5. At some point, the value of continuing to add search terms is outweighed by the additional
   time and cost it will incur to run them, particularly since HHS's document search system runs

each search term consecutively.  Put another way, a long list of broad terms will generate more documents, however it will not necessarily result in a larger production because many of the documents will likely be nonresponsive as they will be hitting on broad search terms but won't actually relate to the RFPs subject to the Court's order.  If the narrower terms are meant to capture information that Defendants believe to be responsive and relevant, we suggest utilizing the narrow searches to find the information Alabama seeks rather than a long list of broader terms that will likely collect nonresponsive data that will require additional review time to weed out irrelevant documents, thereby delaying production.

We may have some more specific concerns that we can address tomorrow, but these are the ones that stood out at first glance.  We look forward to discussing these tomorrow.

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, April 25, 2023 9:16 AM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Amie. Let's plan to talk on Wednesday at noon Eastern, assuming that time still works on your end. I'll send around a dial-in we can use later this morning.

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Monday, April 24, 2023 7:57 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson

<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian-

Thanks for sending these over. How is your availability for a call on Wednesday? I'm available from 11:00-2:00 ET, and again from 3:30-5:00 ET.

Amie

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Monday, April 24, 2023 9:17 AM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

I hope you had a nice weekend. I've attached some proposed revisions to the search terms for your consideration – I'd be happy to discuss our thinking on these changes to the extent useful.

Also, is there a time today or tomorrow when we could hop on the phone to discuss the schedule? To the extent that HHS needs more time to comply with the Court's discovery order than the current schedule allows, we think that it makes sense to alert the Court to this sooner rather than later.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Thursday, April 13, 2023 2:17 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian-

Thanks for a productive call last week.  Should we set something up for tomorrow?  We are available between 11:00 and 4:00 EST, except from 1:00 to 2:00 EST.

In advance of our next call, I am attaching our suggestions to the list of search terms.

Amie

---

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003

Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, April 6, 2023 7:55 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke
<Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret
(USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>;
Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

In advance of tomorrow afternoon's call, please find attached a list of suggested search terms. We're
providing this list in the hope that it will facilitate the negotiations, but these search terms will
certainly need to be tweaked once we've agreed upon a list of custodians. Some of these terms may
be too broad and others may be too narrow.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Brian Barnes
**Sent:** Tuesday, April 4, 2023 8:49 AM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson

<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

I'll follow up on the other items you raise in your note in the next day or so, but let's pencil in 3.30pm on Friday for a call if that still works for the relevant folks on your end.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, March 31, 2023 11:53 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian,

Thanks for your email.  I will not be in the office next week until Friday, so that's the soonest we can

schedule a call.  We will have counsel from HHS on the line, so hopefully that will streamline the conversation a bit.  In the meantime, it would be helpful if you send us a few proposed search strings.  They can be general since we are only using them to help identify custodians, and can fine-tune them once we have that list.

I appreciate your willingness to consider excluding certain operating divisions.  We will take ACL, ASPR, and ATSD off the list, and are considering whether we have any to suggest as well.  Regarding your question about other HHS offices that sit outside the operating divisions, are you referring to the Staff Divisions that fall under the Office of the Secretary?  If so, we suggest excluding ASA, ASFR, ASL, ASPE, ASPA, DAB, OGC, OGA, OIG, OMHA, ONC, and OCIO.

Please let me know your availability between 11:00 ET and 4:30 ET next Friday.

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, March 30, 2023 2:07 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note. In looking over the list of HHS operating divisions, there are three of them that don't appear likely to us to have responsive documents: (1) the Administration for Community Living (ACL); (2) the Administration for Strategic Preparedness and Response (ASPR); and (3) the Agency for Toxic Substances and Disease Registry (ATSD). There may be additional operating divisions that it makes sense to exclude – we're open to adding others to the list but would need to know more about other divisions that you would propose to exclude. Our understanding of HHS's organizational structure is that the agency also has various offices that sit outside the operating divisions – if that's

right, it might make sense to go through a similar exercise for the offices.

We're also eager to engage with you on custodians and search terms. Would it make sense to set up a call to discuss early next week?

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Tuesday, March 28, 2023 9:21 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Melody H. Eagan <meagan@lightfootlaw.com>; Adam Reinke <Areinke@kslaw.Com>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; John Ramer <jramer@cooperkirk.com>
**Subject:** Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

We are working with HHS to develop a plan for producing documents in the most efficient way possible, which I'm sure you know by now will be a massive undertaking.  We can agree to discuss custodians and search terms, but before we do that, we would like to know which of the operating divisions within HHS you believe have relevant information.  For instance, perhaps we can agree that HHS does not need to search the databases for divisions that have a very specific focus.

Once we receive your response, we will identify custodians for each of those divisions and begin considering division-specific search terms.

Please let me know if it would be helpful to discuss this or any other aspect of the plan in a call.

Amie

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, February 14, 2023 1:03 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note. We're planning to move to compel interrogatory responses from HHS (including subcomponents of HHS such as FDA and NIH). The arguments on this track the ones we're already litigating with respect to the RFPs, but I'd be happy to discuss if you think that doing so would be productive.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Tuesday, February 14, 2023 9:29 AM

**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>;
Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer
<jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>;
Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Good morning, Brian—

Can you be more specific about the basis for your motion to compel regarding the United States'
responses to the interrogatories?  This is the first time you are raising any concern with them.  Are
Defendants planning to move to compel responses from HHS, FDA, and NIH, or is there more to it
than that?

We are checking on RFPs 11-13 and expect to have a response for you this week.

Best,

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Tuesday, February 14, 2023 8:23 AM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan
<meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer
<jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt

<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

I'm writing on a couple of fronts.

First, given the trial schedule in this case, Defendants want to tee up for the Court as many unresolvable discovery disputes as possible for the March 21 hearing. To that end, we are planning to file a motion to compel that would require the United States to provide more complete responses to the following interrogatories: 11, 12, 13, 14, 15, 16, 17, and 18. The United States only answered those interrogatories on behalf of three offices within the Department of Justice. Given the brief you all filed yesterday and our prior discussions, we think we have a good understanding of the United States's position and do not believe that further efforts to meet and confer about the scope of the United States' interrogatory responses would be productive. But to the extent you disagree, we are happy to talk this week. To ensure that the motion to compel on these interrogatories can be argued on March 21, Defendants plan to file the motion on Monday (February 20).

Second, I wanted to follow up on our proposal with respect to RFPs 11, 12, and 13. We last communicated about those RFPs three weeks ago, when you said that you would consider our proposal and get back with us "as soon as possible." Can you give us a timeline for when we will be hearing back from you on this? Consistent with my first point above, Defendants may seek to put this issue before the Court ahead of the March 21 hearing if we cannot reach agreement soon.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Tuesday, January 24, 2023 10:38 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt

<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian.  Your clarifications are very helpful.  We will get back to you on this as soon as possible.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Monday, January 23, 2023 3:21 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on RFPs 11, 12, and 13. Here are answers to your questions:

1.  We're not completely certain what you mean by the administrative record "as defined and assembled by HHS." To clarify, our proposal on RFPs 11, 12, and 13 is that the United States produce "the full administrative record that was before the Secretary at the time he made" the decisions referenced in each of those RFPs. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). That would include "all information [the agency] considered either directly or indirectly." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010).

2.  We agree that privileged documents aren't part of the administrative record (as defined above). So if the United States agrees to our proposal on RFPs 11, 12, and 13, no privilege log would need to be produced for purposes of responding to those requests. To be clear, we

aren't offering to abandon the request for a privilege log as to other RFPs, but we would agree to give up on a privilege log for purposes of RFPs 11, 12, and 13 if the United States agrees to our proposal on those RFPs.

3. Our thought on RFP 11 was that the agency may have already assembled the materials it has considered so far even though there isn't yet a final rule. But if that isn't correct, our proposal may not be feasible with respect to RFP 11.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, January 20, 2023 2:06 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian-

Thanks for taking the time to continue our discussion on the RFPs yesterday.  As we discussed, we are considering your request for "administrative records" regarding RFPs 11-13.  On that note, we want to clarify three points:

1. Defendants are only seeking the administrative record, as defined and assembled by HHS;
2. Defendants agree that the administrative record does not include privileged materials (e.g., documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege). Since deliberative process materials, including internal memoranda, are not considered part of the administrative record, there will be no expectation that the United States

create a privilege log; and

3. RFP 11 is specific to the current Section 1557 NPRM. Since the rulemaking process is ongoing, please specify what Defendants are seeking with respect to this RFP.

Best,

Amie

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, January 12, 2023 10:19 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <AOrr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

The proposal in my note of January 5 was for the United States to identify custodians it would use to respond to a subset of the RFPs (RFP 18, RFP 19, RFP 20, RFP 23, RFP 24, RFP 29, and RFP 30) and to use that list of custodians to help frame a discussion around whether and how to limit the scope of the remaining RFPs on which we haven't offered to stand down. We think this is a sensible approach because it's impossible for us to assess the claims of burdensomeness without having any sense for the number of custodians or volume of documents in play. Would the United States be amenable to that approach? And if not, does the United States have a counterproposal?

Your note below doesn't respond to my question about whether there are administrative records for the actions referenced in RFP 11, RFP 12, and RFP 13. As I noted, one path forward on those RFPs would be for the United States to produce the relevant administrative records. If they already exist, it's difficult for us to see how producing them could be unduly burdensome.

We recognize that some documents responsive to some of our RFPs may be covered by the

deliberative process privilege, but that's not a basis for refusing to search for responsive documents. Non-deliberative (e.g., factual) material cannot be withheld under the deliberative process privilege even if it's predecisional. That's why the administrative record for a final agency action can be thousands of pages long and isn't limited to whatever an agency says about its decision in the Federal Register. The deliberative process privilege is also a qualified privilege that can be overcome when a litigant makes a sufficient showing of need. For those reasons among others, the deliberative process privilege can only be asserted on a document-by-document basis, and the privilege issue you raise is premature.

Finally, while we appreciate the offer to send links to the documents referenced in RFPs 11-13, 18, 19, 20, 23, 24, 29, and 30, we obviously already have those documents. The thrust of those RFPs is not to request copies of the documents themselves but the factual inputs and other non-privileged materials behind them.

If you aren't able to respond to this note by Monday, please let me know when between now and then you are available to meet and confer by telephone. Given the schedule in this case, we think it's essential to complete these negotiations no later than the end of next week.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, January 11, 2023 1:25 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Brian-

Thanks again for your email.  Our position remains that HHS is not a part of the United States for purposes of this case.  However, without waiving our objections and while fully preserving our rights on the issue, we remain open to the possibility of attempting to facilitate a production of responsive documents on behalf of HHS provided we can come to agreement on the boundaries of the requests at issue.

We appreciate your efforts to provide greater specificity as to which RFPs Defendants believe will most likely yield relevant information.  However, a number of RFPs that you refer to as the "broader" ones remain unaddressed.  Because those requests remain in play, the totality of Defendants' requests remain overly broad and unduly burdensome, in addition to raising the same significant relevance and deliberative process concerns we have discussed previously during the meet and confer process.  For example, we do not see how pre-decisional emails, memos, or pre-final drafts of publicly available studies and reports have any bearing on this lawsuit or are properly discoverable.

We also wanted to flag, in case it's useful and in the interest of expediency, that many of the reports and studies mentioned in your email can be accessed online.  We could provide links to certain publications responsive to RFPs 11-13, 18, 19, 20, 23, 24, 29, and 30 if you would like.  Please let us know if that would be helpful.


Amie

_____

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov


---

**From:** Murphy, Amie (CRT)
**Sent:** Friday, January 6, 2023 5:04 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah

Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Brian. We're working through this issue as expeditiously as possible and will know early next week which day works best to schedule the call. Have a nice weekend.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, January 6, 2023 3:21 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks, Amie. Just in the interest of keeping the ball rolling, should we schedule another call for late in the day Tuesday or sometime on Wednesday? We can always cancel if a call proves unnecessary, but I think it would be good to have another time on the calendar when we can discuss after you respond to my last note in writing.

I hope you have a nice weekend.

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Friday, January 6, 2023 11:19 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer

<jramer@cooperkirk.com>

**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>

**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Thanks for giving the issue more consideration.  We will give this some thought and get back to you on Monday or Tuesday.

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Thursday, January 5, 2023 5:23 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>

**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>

**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Amie,

Here are a few thoughts and responses relevant to your email below and the issues we discussed during our call on January 3.

   1.  This issue will hopefully turn out to be academic, but we strongly disagree with your position

that HHS documents are beyond the scope of materials that the United States is required to review and produce under Rule 34. Under that rule, documents are in bounds if they are in the "responding party's possession, custody, or control." The "responding party" here is the United States. The United States—not the Attorney General or the Department of Justice—is the entity listed in the intervention papers and which now appears on the case caption. Nor could it be otherwise: the statute the United States relied on to intervene specifies that "the Attorney General *for or in the name of the United States* may intervene." 42 U.S.C. § 2000h-2 (emphasis added). The Attorney General and the DOJ may serve as attorneys for the United States, but it is the United States itself that is the party. So it is the United States itself that is responsible for complying with discovery obligations *as a party*. The pertinent question is thus what documents the *United States* has in its "possession, custody or control." And as relevant here, the answer is that the United States has "possession, custody, or control" over documents and communications at HHS because HHS is an executive agency of the United States.

2.  As we discussed during our January 3 call, the fundamental thing we are after with most of the discovery requests directed to the United States is evidence relevant to the safety and efficacy of the treatments that are the subject of the lawsuit. We know that HHS has relevant evidence on this topic based on things that agency has said and done in recent years. Some of our RFPs are targeted requests that specifically seek documents concerning a subset of those actions that we view as especially likely to yield highly relevant documents –

    a.  RFP 18 (documents concerning an NIH-funded study on the impact of early medical treatment for transgender youth);

    b.  RFP 19 (documents concerning an NIH-funded study on the physiologic response to cross-sex hormones among transgender youth);

    c.  RFP 20 (documents concerning NIH-funded research by Natalie Nokoff regarding transitioning and gender dysphoria);

    d.  RFP 23 (documents concerning the FDA's decision to add a warning about pseudotumor cerebri to the label for puberty blockers);

    e.  RFP 24 (documents concerning the FDA's review of puberty blockers);

    f.  RFP 29 (documents concerning a topic brief on treatments for gender dysphoria by the Agency for Healthcare Research and Quality); and

    g.  RFP 30 (documents concerning a publication by the Office of Population Affairs on gender-affirming care and young people).

In terms of a path forward, we think a logical next step is for the United States to identify the custodians who are most likely to have documents responsive to those RFPs. We could then have a conversation about whether those same custodians would be appropriate for

purposes of responding to some of the broader RFPs.

3. RFP 11, RFP 12, and RFP 13 all seek documents relating to administrative actions taken or being considered by HHS. Has HHS maintained administrative records relating to those actions? If so, producing those records to us could be a way of satisfying those requests with minimal burden.

4. We understand your concerns about burdensomeness, and as part of a broader compromise we would be willing to withdraw the following RFPs: RFP 2, RFP 3, RFP 17, RFP 21, RFP 26, RFP 27, RFP 32, RFP 33, RFP 44, and RFP 45. Although we do not think that the United States's decision to abandon its challenge to the features of the Act that regulate surgeries makes evidence concerning surgeries irrelevant, I note that we are offering to withdraw RFP 26 (documents concerning reporting of adverse events for surgical procedures used to treat gender dysphoria).

5. As I mentioned at the end of our call, the documents we are seeking in fact discovery will be important inputs for our experts' analysis. Accordingly, if we come close to the March 20 deadline for disclosure of defendants' expert reports and still have significant document discovery requests outstanding, it is very likely that we will seek an extension of the March 20 deadline. I am raising this issue now because the plaintiffs' expert reports are due on January 23. Given the current status of fact discovery, defendants would not oppose an extension of that deadline (assuming a similar extension of the deadline for disclosure of defendants' expert reports).

6. Concerning the ESI protocol, the concern I raised during our last call was with respect to the following sentence that plaintiffs proposed to add to Section V(E): "The Parties further agree that when producing Documents and ESI, privileged, data privacy protected, or irrelevant material contained within an otherwise discoverable Document or ESI record should be redacted." We read that sentence to permit redactions of "irrelevant material contained within an otherwise discoverable Document." As I mentioned during the call, we are very reluctant to agree to a protocol that permits redactions based on relevance. (We are uncertain what plaintiffs have in mind by way of "data privacy protected" redactions but also would likely object to that.)

Especially in light of the Court's decision yesterday to move up the trial date by two months, we think it's urgent to conclude these discussions so that the United States can begin reviewing and producing documents as soon as possible. To that end, please let us know your availability for a call to discuss these issues on Monday or Tuesday of next week.

Best regards,

Brian

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>

**Sent:** Thursday, January 5, 2023 9:17 AM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>;
Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer
<jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>;
Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT)
<Kaitlin.Toyama@usdoj.gov>
**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Brian:

Thanks for taking the time to speak with us yesterday.  I'm writing to memorialize a couple thoughts
that were exchanged during the call.

First, the United States reaffirms that it is not contesting the constitutionality of the portion of the
statute related to surgical procedures and that discovery related to surgeries is not relevant to this
matter. Please confirm that Defendants will withdraw certain requests accordingly.

Second, we reaffirm that HHS is not a party to the case and this case was not referred to DOJ by
HHS. Private Plaintiffs also no longer assert a claim under Section 1557 of the Patient Protection and
Affordable Care Act. Finally, the RFPs implicating HHS are unduly broad and overly burdensome, and
seek documents that are not relevant to this case. Yet, in the interest of cooperation and efficiency,
we are willing to consider facilitating a production through HHS if you narrow your requests so that
we may have a productive conversation with agency counsel.  Please confirm our understanding that
Defendants are considering this request and will get back to us this week.

I think that covers it, but please let me know if I've left something out or you disagree with my
representations.

Best,

Amie

_____

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

---

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 23, 2022 12:10 PM
**To:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>; Melody H. Eagan
<meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett
<Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer
<jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams,
Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>
**Subject:** [EXTERNAL] RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Hi Amie,

Thanks for your note on Wednesday. Here are a few responses and reactions --

1. The only document requests for which we don't think it's necessary to use HHS custodians are
   RFPs 4 and 5. Given that the core factual dispute in this case is over the safety and efficacy of
   medical treatments, our view is that HHS (including agencies housed within HHS such as FDA
   and NIH) is by far the most important place for the United States to look for relevant
   documents. We're of course open to a conversation about ways to limit the burden of
   responding to our document requests, including by narrowing the scope of some of the RFPs
   and identifying appropriate custodians and search terms. But it still isn't clear to us whether
   the United States is willing to search the ESI of HHS custodians and produce responsive
   materials (including emails). Please clarify the United States' position on that threshold issue.

2. The treatments referenced in my note of December 16 are the ones prohibited by Section 4

of S.B. 184. That includes: (1) puberty blocking medication, (2) cross-sex hormones, and (3) surgeries that sterilize, that artificially construct tissue with the appearance of genitalia, or that remove any healthy body part or tissue except male circumcision. We are puzzled by your statement that surgery "is not relevant here" given that the United States' complaint asks the Court to permanently enjoin Section 4 of the Act in full, including the provisions that regulate surgeries. *See also* U.S. Complaint ¶¶ 38, 39, 42, and 51. If the United States no longer intends to challenge the Act's regulation of surgeries, please let us know since that would affect our thinking about various discovery issues.

3. Provided that the same limitation applies to Defendants' attorneys, we agree that there is no need for the United States to search DOJ attorneys' ESI or log privileged responsive documents found in a DOJ attorney's ESI.

4. We cannot agree to limit the United States' production to documents that the United States may use to support its claims. RFP 4 requests all such materials, but the other document requests Defendants served on the United States are not so limited.

We're available to discuss these issues any time on January 3. Please let us know a time that works for you.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

---

**From:** Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Sent:** Wednesday, December 21, 2022 4:02 PM
**To:** Brian Barnes <BBarnes@cooperkirk.com>; Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>; Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <Jason.Cheek@usdoj.gov>; LaCour, Edmund <Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis, Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills <cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague <avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt <Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>; Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy <Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone <Jessica.Stone@splcenter.org>; Marshall, Margaret (USAALN) <Margaret.Marshall@usdoj.gov>; Williams, Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>

**Subject:** RE: Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Brian,

Thank you for clarifying that the scope of your requests regarding scientific evidence pertains only to documents within the possession, custody, and control of HHS and its agencies, which include FDA, NIH, and the Centers for Medicare and Medicaid Services.

In order for us to answer the questions in your email, we first need to understand the breadth of the commitment you are asking us to undertake. Simply put, it would help to know which of the 45 RFPs you believe apply to HHS. Even if we were to agree to your request right now, we would still need to identify the particular RFPs prior to connecting with the agency in order to guide our discussion. For sake of efficiency, we would like to know that information now in order to decide whether making that commitment is even feasible. Additionally, your email states that you are seeking "medical and scientific evidence surrounding the treatments at issue here." Please specify the treatments you are referring to—is this limited to hormones and puberty blockers? Surgery is not relevant here and so shouldn't be covered by your request.

The United States anticipates making its initial production of documents by January 20, given that we have not yet agreed to the terms of the ESI protocol. In light of your December 20 email to Melody, stating that it would be disproportional to the needs of the case to search ESI held by attorneys at the Attorney General's Office, we assume the same limitation can apply to attorneys at the Department of Justice and thus we will not search attorneys' ESI or log privileged responsive documents found in a DOJ attorney's ESI. We also propose limiting the United States' production to documents that the United States may use to support its claims.

We propose having a discussion about this after the holidays, during the week of January 2. If you are able to send us a list of RFPs prior to the call, please do that. It seems as though we are making some headway and we are hopeful that we can reach a resolution.

Best,

Amie

P.S. Wishing everyone on this chain a happy holiday!

_____

Amie S. Murphy
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Tel: (202) 305-5003
Fax: (202) 514-1116
amie.murphy2@usdoj.gov

**From:** Brian Barnes <BBarnes@cooperkirk.com>
**Sent:** Friday, December 16, 2022 3:52 PM
**To:** Melody H. Eagan <meagan@lightfootlaw.com>; Montag, Coty (CRT) <Coty.Montag@usdoj.gov>;
Bowdre, Barrett <Barrett.Bowdre@AlabamaAG.gov>; Adam Reinke <Areinke@kslaw.Com>; John
Ramer <jramer@cooperkirk.com>
**Cc:** Cheek, Jason (USAALN) <JCheek@usa.doj.gov>; LaCour, Edmund
<Edmund.LaCour@AlabamaAG.gov>; Wilson, Thomas <Thomas.Wilson@AlabamaAG.gov>; Davis,
Jim <Jim.Davis@AlabamaAG.gov>; Seiss, Ben <Ben.Seiss@AlabamaAG.gov>; Christopher Mills
<cmills@spero.law>; Pete Patterson <ppatterson@cooperkirk.com>; David Thompson
<dthompson@cooperkirk.com>; Jeffrey P. Doss <jdoss@lightfootlaw.com>; Amie A. Vague
<avague@lightfootlaw.com>; AOrr <Aorr@nclrights.Org>; Jennifer Levi <Jlevi@glad.Org>; Sarah
Warbelow <Sarah.Warbelow@hrc.Org>; Cynthia Weaver <cynthia.Weaver@hrc.Org>; Andy Pratt
<Apratt@kslaw.Com>; Misty Peterson <Mpeterson@kslaw.Com>; Brent Ray <Bray@kslaw.Com>;
Abigail Terry <ATerry@kslaw.com>; Michael Shortnacy <Mshortnacy@kslaw.Com>; Scott McCoy
<Scott.Mccoy@splcenter.Org>; Diego Soto <Diego.Soto@splcenter.Org>; Jessica Stone
<Jessica.Stone@splcenter.Org>; Marshall, Margaret (USAALN) <mmarshall2@usa.doj.gov>; Williams,
Renee (CRT) <Renee.Williams3@usdoj.gov>; Toyama, Kaitlin (CRT) <Kaitlin.Toyama@usdoj.gov>;
Murphy, Amie (CRT) <Amie.Murphy2@usdoj.gov>
**Subject:** [EXTERNAL] Boe v. Marshall, No. 22-184 (M.D. Ala.) -- HHS Documents

Dear Amie,

Thank you for taking the time to speak with us yesterday regarding the United States's position with
respect to Defendants' requests for production. We appreciate that your client is generally willing to
work with us regarding those requests, but we need more clarity regarding your position—especially
as it relates to the Department of Health and Human Services (HHS).

As we stated during the call, we think that the medical and scientific evidence surrounding the
treatments at issue here is highly relevant to the claims in this case. And we know that the federal
government employs healthcare and medical professionals who research, study, and make decisions
based upon that evidence. We are therefore seeking documents and communications in the
possession, custody, or control of those professionals. As we explained during the call, in an effort to
narrow the requests, we are willing to focus only on HHS (with the understanding that this includes
the agencies within HHS such as the FDA and the NIH). The call left us with a few questions that we
need you to answer to chart a path forward:

1. Is the United States willing to identify custodians at HHS, including at agencies within HHS
   such as FDA and NIH, that would be the most likely to possess documents and
   communications concerning the scientific evidence surrounding the safety and efficacy of the
   treatments at issue in this case?

2. Assuming that we can agree upon relevant search terms, is the United States willing to search

the ESI of HHS custodians for responsive documents using agreed-upon search terms?

3. Would those searches extend to the custodians' emails?

Once we know the answers to these questions, it will make it much easier to discern next steps—whether that is proceeding to identify custodians and search terms or instead teeing up for the Court a dispute over the United States's discovery obligations. Given the schedule in this case, we ask that you respond to this note by December 21.

Best regards,

Brian W. Barnes
Cooper & Kirk, PLLC
(202) 220-9623

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or

disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence

in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-

mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

NOTICE: This e-mail is from the law firm of Cooper & Kirk, PLLC ("C&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of C&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to C&K in reply that you expect to be held in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of C&K, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.