## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| Brianna Boe, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| *Intervenor Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-184-LCB |
| | ) | |
| Hon. Steve Marshall, in his official | ) | |
| capacity as Attorney General, | ) | |
| of the State of Alabama, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' TIME-SENSITIVE MOTION TO STAY
## PRELIMINARY INJUNCTION

# TABLE OF CONTENTS

Table of Contents ............................................................................. i

Table of Authorities ........................................................................ ii

Introduction ....................................................................................1

Argument.........................................................................................2

    I.   Defendants Are Likely To Succeed. ...........................................2

    II.  Defendants—And The Public—Will Be Irreparably Injured Absent
        A Stay..........................................................................................5

    III. The Equities Favor A Stay. ........................................................7

Conclusion ......................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Perez*,
  138 S. Ct. 2305 (2018) ..........................................................................5

*Doe 1 v. Thornbury*,
  75 F.4th 655 (6th Cir. 2023).................................................................4

*Doe 1 v. Thornbury*,
  No. 23-cv-230 (W.D. Ky. July 14, 2023)..............................................4

*Eknes-Tucker v. Governor of Alabama*,
  ___ F.4th ___, No. 22-11707,
  2023 WL 5344981 (11th Cir. Aug. 21, 2023)......................... 2, 5, 6, 8

*Hand v. Scott*,
  888 F.3d 1206 (11th Cir. 2018).............................................................5

*Koe v. Carlson*,
  No. 1:23-cv-2904-SEG (N.D. Ga. Sept. 5, 2023) .................................4

*L.W. v. Skrmetti*,
  73 F.4th 408 (6th Cir. 2023)......................................................... 4, 7, 8, 9

*Martin v. Singletary*,
  965 F.2d 944 (11th Cir. 1992)...............................................................3

*NetChoice, LLC v. Att'y Gen., Fla.*,
  34 F.4th 1196 (11th Cir. 2022)..............................................................5

*Nken v. Holder*,
  556 U.S. 418 (2009) ..............................................................................5

*Swain v. Junior*,
  958 F.3d 1081 (11th Cir. 2020)..............................................................5

*Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*,
  210 F.3d 1309 (11th Cir. 2000)..............................................................2

**Statutes**

Ala. Code § 26-26-4(a) ............................................................9

**Rules**

11th Cir. R. 36-3 ...................................................................3

Fed. R. App. P. 8(a)(1)............................................................3

Fed. R. App. P. 8(a)(1)(A) .....................................................1

Fed. R. Civ. P. 62(d) ...........................................................1, 3

**Other Authorities**

GLBTQ Legal Advocates & Defenders, *Update on the federal challenge to Alabama's law banning medical care for transgender minors and access to care* (Aug. 28, 2023), https://www.glad.org/update-on-federal-challenge-to-al-transgender-medical-care-ban/. ................................................................7

**INTRODUCTION**

Under Federal Rule of Appellate Procedure 8(a)(1)(A) and Federal Rule of Civil Procedure 62(d), the Defendants move for a stay of the Court's preliminary injunction. *See* Docs. 107 and 112-1. All the stay factors weigh in Defendants' favor. First, given the Eleventh Circuit's recent opinion that will vacate the injunction, it is now clear that Defendants are likely to succeed on the merits. That opinion is binding circuit law even before the mandate issues. Second, Defendants will suffer irreparable harm absent a stay, as otherwise they cannot enforce Alabama's presumptively valid law. Third, the public interest lies in enforcement of a duly enacted law that protects children from risky, sterilizing drugs. Fourth, the Minor Plaintiffs will not be harmed by a stay: the law *protects* them from risky interventions, and it permits their physicians to taper the administration of puberty blockers or cross-sex hormones they had prescribed for the purpose of gender transitioning.

A stay is needed to allow Defendants to enforce Alabama's duly enacted law while the appellate process continues to proceed. Via press release, Plaintiffs' counsel have indicated that they intend to seek rehearing of the Eleventh Circuit's decision, which—as counsel suggest—will delay issuance of the Eleventh Circuit's mandate. While Plaintiffs are of course free to seek rehearing, they are not entitled to the benefits of an injunction when the equities weigh against them. Rehearing should be sought on its own merits, not as a delay tactic to prolong relief the Eleventh Circuit

has now ruled Plaintiffs should not have received. Because Alabama's law is pre-sumptively valid under binding precedent, Defendants respectfully request a stay of the preliminary injunction so they may enforce the law pending final judgment and any further appellate review. And because of the serious implications for Alabama's children and the potential need to seek a stay from the Eleventh Circuit, **Defendants respectfully request a ruling on this motion by September 22**.

## ARGUMENT

Four considerations govern "whether a stay is warranted": "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceed-ing; and (4) where the public interest lies." *Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000) (cleaned up). All four support a stay here.

## I.   Defendants Are Likely To Succeed.

Defendants are likely to succeed in obtaining vacatur of the preliminary in-junction. Indeed, the Eleventh Circuit has already published a binding precedent va-cating that injunction. *See Eknes-Tucker v. Governor of Alabama*, ___ F.4th ___, ___, No. 22-11707, 2023 WL 5344981, at *18 (11th Cir. Aug. 21, 2023) ("[W]e

vacate the district court's preliminary injunction on the enforcement of section 4(a)(1)-(3) of the Act.").

Though "the mandate" in that appeal "has not yet issued," the Eleventh Circuit's opinion "is nonetheless the law in this circuit." *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992). The mandate is simply "the official means of communicating [the Eleventh Circuit's] judgment to the district court and of returning jurisdiction in a case to the district court." *Id.* But that procedure "in no way affects the duty of … the courts in this circuit to apply now the precedent established by [the opinion] as binding authority." *Id.*; *see* 11th Cir. R. 36-3, Internal Operating Procedure 2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result."). And this Court retains jurisdiction to stay the preliminary injunction. *See* Fed. R. Civ. P. 62(d); Fed. R. App. P. 8(a)(1) (requiring motions for stay to be made "first in the district court").

Binding circuit precedent thus establishes that Defendants are substantially likely to succeed on the merits. Indeed, they have already prevailed on the merits of the preliminary injunction. That is true even if Plaintiffs' attempt to seek rehearing or further review by the en banc Eleventh Circuit or the Supreme Court comes to fruition—which, it must be said, is a slim possibility in itself, and an even slimmer one that either court would reach a result at odds with the unanimous panel opinion.

Under current law, Defendants succeed and the injunction should be stayed. *See* Order, *Koe v. Carlson*, No. 1:23-cv-2904-SEG, Doc. 119 (N.D. Ga. Sept. 5, 2023) (staying preliminary injunction of Georgia's similar law because "[i]t is undisputed that th[e] Court's preliminary injunction order rests on legal grounds that have been squarely rejected by the panel in *Eknes-Tucker*, and that th[e] Court's injunction cannot stand on the bases articulated in the order").

A similar analysis recently played out in the Western District of Kentucky. Plaintiffs there challenged Kentucky's law prohibiting the administration of sex-modification procedures to minors, and the district court preliminary enjoined enforcement of the law. But after the Sixth Circuit stayed a preliminary injunction enjoining enforcement of Tennessee's similar law, *see L.W. v. Skrmetti*, 73 F.4th 408, 412 (6th Cir. 2023), the Kentucky court re-weighed the equitable factors, found that Kentucky was likely to succeed on the merits, and stayed its injunction. *See* Order, *Doe 1 v. Thornbury*, No. 23-cv-230, Doc. 79 (W.D. Ky. July 14, 2023). The Sixth Circuit declined to lift the stay pending appeal. *Doe 1 v. Thornbury*, 75 F.4th 655, 657 (6th Cir. 2023).

The only difference here is that the Eleventh Circuit has *already* ruled that Defendants are substantially likely to succeed on the merits and has ordered the injunction to be vacated. The likelihood-of-success factor thus weighs heavily in favor of a stay. *See NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1209 (11th Cir.

2022) ("Likelihood of success on the merits is generally the most important factor." (internal quotation marks omitted)).

## II. Defendants—And The Public—Will Be Irreparably Injured Absent A Stay.

After likelihood of success, irreparable injury to the movant is the other "most critical" factor. *Nken v. Holder*, 556 U.S. 418, 434 (2009). As government officials, Defendants' "interest and harm merge with the public interest." *Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020); *see* PI Op., Doc. 112-1 at 30. Both Defendants and the public are irreparably injured by an injunction against enforcement of a presumptively valid law that protects children.

First, "the inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018); *see Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018) (holding that State "would be harmed if it could not apply its own laws"); PI Op., Doc. 112-1 at 30 ("preliminary injunctions of legislative enactments" "interfere with the democratic process" (cleaned up)).

Second, "[i]t is well established that states have a compelling interest in safeguarding the physical and psychological well-being of minors." *Eknes-Tucker*, 2023 WL 5344981, at *13 (cleaned up). "In the same vein, states have a compelling interest in protecting children from drugs, particularly those for which there is uncertainty regarding benefits, recent surges in use, and irreversible effects." *Id.* Here, "the record evidence is undisputed that the medications at issue present *some* risks"; "[a]s

[this Court] recognized, these medications can cause 'loss of fertility and sexual function.'" *Id.* (quoting PI Op., Doc. 112-1 at 3). Alabama's law addresses both "that some families will not fully appreciate those risks and that some minors experiencing gender dysphoria ultimately will desist and identify with their biological sex." *Id.* Enjoining enforcement of the law would irreparably harm children who "may not be finished forming their identities and may not fully appreciate the associated risks" of these sterilizing interventions. *Id.* at *17. Absent a stay, these children may face a lifetime of physical and mental harm—permanently immature sex organs, bone density loss, delayed development, and much, much more. *See* PI Response, Doc. 74 at 57-76, 109-20; *see also* PI Op., Doc. 112-1 at 19 ("Undoubtedly, transitioning medications carry risks.").

In considering the public interest at the preliminary injunction stage, this Court emphasized the merits of the Plaintiffs' substantive due process parental rights claim. *See* PI Op., Doc. 112-1 at 31. But the Eleventh Circuit held that "the 'right to treat one's children with transitioning medications subject to medically accepted standards'" is *not* "a fundamental right protected by the Constitution." *Eknes-Tucker*, 2023 WL 5344981, at *14. Thus, the public interest favors enforcement of a validly enacted law that protects children and is consistent with the Constitution.

As the Sixth Circuit recently explained in granting a stay of a similar preliminary injunction, "[i]f the injunction remains in place," the State "will suffer

irreparable harm from its inability to enforce the will of its legislature, to further the public-health considerations undergirding the law, and to avoid irreversible health risks to its children." *L.W.*, 73 F.4th at 421. Here too, a stay is necessary.

## III. The Equities Favor A Stay.

Finally, Plaintiffs' stated interests do not overcome the merits and public interest considerations favoring a stay. A week after the Eleventh Circuit issued its opinion vacating the preliminary injunction, Plaintiffs' counsel put out a press release stating that "[t]he most important thing to know is that the preliminary injunction blocking enforcement of Alabama's law is still in effect and will remain in effect at least for the next two to three months, and possibly longer."[1] In that press release, Plaintiffs' counsel stated that they plan to move for reconsideration, and that "[w]hile this process unfolds, the preliminary injunction remains in effect, which means the Alabama [law] cannot be enforced."[2] In that time, according to the Plaintiffs' counsel, "[m]edical providers in Alabama" "will continue to provide" sterilizing sex-modification interventions.[3]

Plaintiffs are entitled to seek further appellate review, but they are not entitled to the benefits of the injunction while they do so. Under binding circuit law,

---

[1] GLBTQ Legal Advocates & Defenders, *Update on the federal challenge to Alabama's law banning medical care for transgender minors and access to care* (Aug. 28, 2023), https://www.glad.org/update-on-federal-challenge-to-al-transgender-medical-care-ban/.
[2] *Id.*
[3] *Id.*

Alabama's law is due to be enforced—now. And because of that binding law, the proper default rule during any further proceedings is that the law should be enforced. Defendants are happy for the appellate process to play out and for Plaintiffs to have the full opportunity to seek rehearing if they wish. Defendants ask only to be able to enforce Alabama's presumptively valid law in the meantime.

To the extent that Plaintiffs assert a harm from being denied risky medical interventions, "elected representatives made these precise cost-benefit decisions." *L.W.*, 73 F.4th at 421. Whether "the procedures create health risks that cannot be undone" or "the absence of such procedures creates risks that cannot be undone" is not a choice "for judges to make." *Id.* "[T]hese types of issues are quintessentially the sort that our system of government reserves to legislative, not judicial, action." *Eknes-Tucker*, 2023 WL 5344981, at *18. And in any event, as Defendants previously explained, "[n]ot only is it impossible to tell who would benefit from the interventions if they worked the way Plaintiffs say, but the evidence does not even show that the treatments offer long-term benefits even when they are administered under the most conservative conditions." PI Response, Doc. 74 at 116; *see id.* at 114-20; *see also Eknes-Tucker*, 2023 WL 5344981, at *21 (Brasher, J., concurring). And Alabama's medical professionals can manage Plaintiffs' mental health in other ways, including through existing or innovative psychotherapy. *See* PI Response, Doc. 74 at 43; Declaration of Dianna Kenny, Doc. 69-7 at 37-44.

Last, it should be noted that "prescribing medications to safely *end* a gender-transition procedure does not fall within the Act's prohibition," PI Response, Doc. 74 at 156, thus "lessen[ing] [any] harm to those minors who wish to continue receiving treatment," *L.W.*, 73 F.4th at 421. As Defendants explained at the preliminary injunction hearing, "tapering somebody off of these artificial hormones" "would not be using the hormones for [a] prohibited purpose"—*i.e.*, "engag[ing] in or caus[ing] the [listed] practices for the purpose of attempting to in effect cause a gender transition." PI Trans. 412. So cutting off medication cold turkey is not "something that anyone needs to worry about." *Id.* Instead, the law prohibits what the Alabama legislature determined was impermissibly risky: giving puberty blockers or cross-sex hormones to a child "for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's [biological sex]." Ala. Code § 26-26-4(a).

## CONCLUSION

For these reasons, the Court should stay the preliminary injunction.

Date: September 6, 2023

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina
29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac
vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-
U81L)
  *Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
  *Principal Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Benjamin M. Seiss (ASB-2110-
O00W)
Charles A. McKay (ASB-7256-K18K)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on September 6, 2023, which will serve all counsel of record.

s/ Edmund G. LaCour Jr.

Edmund G. LaCour Jr.

*Counsel for Defendants*
