# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) NO. 2:22-CV-00184-LCB-CWB |
| *Plaintiff-Intervenor*, | ) HON. LILES C. BURKE |
| | ) |
| v. | ) |
| | ) |
| STEVE MARSHALL, in his official | ) |
| capacity as Attorney General of the | ) |
| State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**PRIVATE PLAINTIFFS' RESPONSE TO DEFENDANTS' TIME-SENSITIVE MOTION TO STAY PRELIMINARY INJUNCTION**

Plaintiffs Brianna Boe, individually and on behalf of her minor son, Michael Boe; Megan Poe, individually and on behalf of her minor daughter, Allison Poe; Kathy Noe, individually and on behalf of her minor son, Christopher Noe; Rachel Koe, M.D.; Rebecca Roe, individually and on behalf of her minor daughter, Melissa Roe; Heather Austin, Ph.D.; and Robert Moe, individually and on behalf of his minor

daughter, April Moe (collectively, "the Private Plaintiffs") respond to Defendants' Time-Sensitive Motion to Stay the Preliminary Injunction (Doc. 313) (the "Motion").

On September 11, 2023, Plaintiffs filed their Petition for Rehearing En Banc, explaining in detail why the decision of the Eleventh Circuit panel vacating this Court's preliminary injunction conflicts with multiple prior decisions of the Supreme Court and the Eleventh Circuit.[1] In their Motion, Defendants acknowledge that, under the Federal Rules of Appellate Procedure, Plaintiffs' filing of that petition automatically stays issuance of the Eleventh Circuit's mandate until such time as the Court of Appeals completes its consideration of the petition. And if the rules themselves were not clear enough, the Eleventh Circuit has now issued an order ***specifically withholding issuance of the mandate in Defendants' appeal***. *See* Doc. 314; *Eknes-Tucker v. Governor of the State of Alabama*, No. 22-1107, Doc. 132 (11th Cir. Sept. 15, 2023). Despite this well-established procedure and the Eleventh Circuit's order, Defendants urge this Court to depart from the ordinary rules and process applicable to each of the more than 50,000 appeals that are filed each year

---

[1] Defendants filed their Motion to Stay on September 6, 2023, in anticipation of Private Plaintiffs filing their Petition for Rehearing En Banc. *See* Doc. 313.

in the federal court system[2] and immediately provide them the full relief they seek in their appeal before that appeal is concluded.

Defendants offer no reason why the particular facts and circumstances of this case require an exception from rules that have governed appellate review in the federal system for many decades. By contrast, Plaintiffs would suffer severe and irreparable harm if the ordinary processes of appellate review are circumvented in the manner Defendants suggest. As this Court found in granting the preliminary injunction, the Minor Plaintiffs will suffer severe harm if they are deprived of established treatments for gender dysphoria. Those same considerations weigh strongly against the Court granting the extraordinary relief Defendants seek, which would deprive Plaintiffs of procedures and protections that have been developed to ensure that all litigants are guaranteed fair treatment and that the appellate review process proceeds in an orderly manner. The Court should deny Defendants' motion and permit the appellate process to proceed as normal.

## ARGUMENT

The Federal Rules of Appellate Procedure establish a clear and precise timeline for when appellate decisions become effective and when jurisdiction over the matter on appeal returns to the District Court. The filing of a notice of appeal

---

[2] *See* United States Courts, Appellate Courts and Cases – Journalist's Guide, *available at* https://www.uscourts.gov/statistics-reports/appellate-courts-and-cases-journalists-guide.

divests the District Court of jurisdiction over the matter on appeal; jurisdiction is returned to the District Court upon issuance of the mandate of the Court of Appeals. *See, e.g., United States v. Sears*, 411 F.3d 1240, 1241–42 (11th Cir. 2005).

When an appeals court panel decision is issued, the Federal Rules provide that the mandate will issue "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b). The reason for this automatic delay in issuing the mandate is clear: "[u]nless otherwise expressly provided, the effect of granting a rehearing en banc is to vacate the panel opinion and the corresponding judgment." 11th Cir. R. 35-10. The Federal Rules establish a well-defined process to ensure orderly resolution of appeals and to prevent further proceedings in the district courts concerning the matter on appeal before appellate consideration is concluded. The automatic delay ensures that the District Court does not act in reliance on the panel opinion while a request for rehearing en banc is pending and further appellate review remains possible.[3]

---

[3] Notably, a different rule applies when rehearing en banc is denied or is not requested and a party files a petition for writ of certiorari in the Supreme Court. In that circumstance, there is no automatic delay in issuance of the mandate. A party desiring a stay of the mandate must file a motion requesting such a stay in the Court of Appeals. *See* Fed. R. App. P. 41(d).

Pursuant to the Federal Rules, Plaintiffs filed a timely petition for rehearing en banc on September 11, 2023. Contrary to Defendants' baseless claims, Plaintiffs did not do so as "a delay tactic to prolong relief." (Mot. at 1.) Rather, Plaintiffs' petition carefully explains why the panel opinion conflicts with multiple decisions of the Supreme Court and the Eleventh Circuit concerning the rights of parents to direct their children's medical care under the Due Process Clause and the application of the Equal Protection Clause to laws that classify based on sex and transgender status. These are not frivolous claims asserted for the purpose of delay. Plaintiffs have explained why the panel's decision departs from longstanding precedent, including many of the precedents that this Court relied on in granting the preliminary injunction, and why the appeal concerns constitutional issues of the highest importance. Moreover, after the filing of that petition, the Eleventh Circuit ordered that issuance of the mandate be withheld. *See* Doc. 313.

Plaintiffs' counsel's issuance of a press statement following the Eleventh Circuit decision also does not show that their petition for rehearing en banc was filed for purposes of delay, as Defendants' Motion suggests. That statement was issued in response to understandable concerns from many Alabama families about whether the decision would cause them to immediately lose access to medical treatment for their transgender adolescent children. Plaintiffs' counsel simply communicated their best understanding of a realistic timeframe for when the Treatment Ban might go

5

into effect given their anticipated litigation plans. And any contention that the petition was filed for an improper purpose of delay is undermined by the fact that Plaintiffs filed their petition well ahead of their deadline for doing so, which would have been 45 days after issuance of the panel opinion due to the participation of the United States as a party to the appeal. *See* 11th Cir. R. 35-2.

Notwithstanding the well-established and clear procedures following a panel decision, Defendants seek to bypass the Federal Rules and obtain the full relief that their appeal seeks immediately, before the appeal is concluded. Their Motion offers no legitimate reason for the Court to depart from the rules in this manner. Indeed, it is not even clear that this Court has jurisdiction to grant the relief that Defendants seek because it is precisely the same relief sought in their appeal, a matter over which the Eleventh Circuit is still exercising its jurisdiction. *See, e.g., Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 819 (5th Cir. 1989) (holding that "the district court may not alter the injunction once an appeal has been filed except to maintain the status quo of the parties pending the appeal"). Defendants' principal argument is that, notwithstanding the clear timeline established by the Federal Rules of Appellate Procedure, the panel opinion is precedential upon issuance, even before the mandate issues. For this reason, they assert Plaintiffs' likelihood of success on the merits and the other factors that led the Court to issue the preliminary injunction must now be

re-balanced and the Court must reconsider its earlier decision even before the Eleventh Circuit has remanded the case to this Court.

The principal authority on which Defendants rely, *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992), does not assist them. In that case, which concerned a habeas corpus petition, the Eleventh Circuit relied on its decision in an earlier appeal from a separate habeas petition that had previously been filed by the petitioner. The court held that although the mandate in the previous appeal had not issued, the court's earlier decision was nonetheless precedential for purposes of the later appeal. *See id.*

Unlike *Martin,* this case does not involve the application of an appellate decision as precedent in a separate, subsequent case. Instead, Defendants ask this Court to provide the precise relief that is sought in their appeal *in the same case*, and to do so before appellate review is concluded. Setting aside the question of whether this Court has jurisdiction to enter such an order, it is clear that doing so would both thwart the intent of the Federal Rules and undermine considerations of judicial economy.

Under Defendants' proposal, any litigant who succeeds in obtaining a decision from an appellate panel vacating a preliminary injunction would be entitled to ignore the Federal Rules and their provisions concerning petitions for rehearing en banc and simply return to the District Court immediately to demand relief. Presumably,

this also means that if rehearing en banc were granted and the panel decision were automatically vacated, *see* 11th Cir. R. 35-10, the District Court would ping pong to restoring the injunction while en banc reconsideration proceeds. The Federal Rules provide the clear process outlined above precisely to avoid such dueling back-and-forth motions in the district courts while the matter at issue remains on appeal. The Court should reject Defendants' plea to replace the Federal Rules with this new norm and the attendant proliferation of needless motion practice on the district courts' dockets.

      The other cases on which Defendants rely also do not support their position. In *Koe v. Carlson*, No. 1:23-cv-2904-SEG, Doc. 119 (N.D. Ga. Sept. 5, 2023), the court granted a stay pending appeal, as specifically authorized by Federal Rule of Appellate Procedure 8, before any meaningful appellate review of its preliminary injunction had commenced. And in *Doe v. Thornbury*, No. 23-cv-230, Doc. 79 (W.D. Ky. July 14, 2023), the court likewise granted a stay at the outset of the appeal in response to an order from the Sixth Circuit requiring a stay pending appeal in a similar case. In this case, no stay pending appeal was sought or obtained at the outset of Defendants' appeal. Defendants should not be permitted to obtain one now so as to sidestep the timeline for issuance of the mandate provided in the Federal Rules.

      Beyond these concerns regarding jurisdiction, judicial administration, and adherence to the Federal Rules, Defendants' Motion also fails on the merits because

Defendants have not made the showing necessary to establish that they would suffer irreparable harm because of any delay that may result from the Eleventh Circuit's consideration of the petition for rehearing en banc. Any such claim of harm is undermined by Defendants' failure to seek a stay of the Court's preliminary injunction at the outset of their appeal. *Cf. Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1179 (11th Cir. 1981), *overruled on another point by Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 n.8 (11th Cir. 1997) (affirming district court's denial of stay of state court proceedings under Anti-Injunction Act in light of party's "delay in seeking a stay until the state court had adjudicated all issues except the amount of damage").

The preliminary injunction has been in effect for over a year. All of the claimed harms that Defendants assert they will suffer are precisely the same harms that they claimed to be suffering at the time the injunction was entered. Defendants did not move for a stay pending appeal in either this Court or the Eleventh Circuit. Defendants have failed to demonstrate that they will suffer any new harm that was not present when the appeal commenced because of the additional delay needed for en banc reconsideration.

In any event, as this Court has previously concluded, any harm that Defendants will suffer from being unable to enforce the Treatment Ban is outweighed by the severe and irreparable harm that Plaintiffs will suffer if they are

no longer able to access established medical treatments from which they have already benefitted. As the Court found, "[t]he record shows that, without transitioning medications, Minor Plaintiffs will suffer severe medical harm, including anxiety, depression, eating disorders, substance abuse, self-harm, and suicidality," as well as "significant deterioration in their familial relationships and educational performance." *Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131, 1150 (M.D. Ala. 2022). Given the gravity of harm that Plaintiffs are facing, the Court should reject Defendants' invitation to circumvent the Federal Rules and should ensure that Plaintiffs retain the benefit of procedural protections that have been established for appellate review to proceed in a manner that promotes fairness, stability, and certainty for all parties.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion.

 /s/ Melody H. Eagan
Melody H. Eagan (ASB-9780-D38M)
Jeffrey P. Doss (ASB-4212-R62D)
Amie A. Vague (ASB-4113-Q46I)
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
205.581.0700

meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt (ASB-3507-J56P)
Adam Reinke (GA Bar No. 510426) (*pro hac vice*)
Misty L. Peterson (GA Bar No. 243715) (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
404.572.4600
apratt@kslaw.com
areinke@kslaw.com
mpeterson@kslaw.com

Brent P. Ray (IL Bar No. 6291911) (*pro hac vice*)
Abigail Hoverman Terry (IL Bar No. 6327057) (*pro hac vice*)
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
312.995.6333
bray@kslaw.com
ahoverman@kslaw.com

Michael B. Shortnacy (CA Bar No. 277035) (*pro hac vice*)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
213.443.4355
mshortnacy@kslaw.com

Rachel H. Berg (TN Bar No. 037491) (*pro hac vice*)
NATIONAL CENTER FOR LESBIAN RIGHTS

11

870 Market Street, Suite 370
San Francisco, CA 94102
415.392.6257
rberg@nclrights.org

Jennifer L. Levi (MA Bar No. 562298) (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
617.426.1350
jlevi@glad.org

Scott D. McCoy (FL Bar No. 1004965) (*pro hac vice*)
SOUTHERN POVERTY LAW CENTER
P.O. Box 12463
Miami, FL 33101
334.224.4309
scott.mccoy@splcenter.org

Diego A. Soto (ASB-3626-Y61S)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
334.604.1414
diego.soto@splcenter.org

Jessica L. Stone (GA Bar No. 275567) (*pro hac vice*)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
404.221.5837
jessica.stone@splcenter.org

Sarah Warbelow (MI Bar No. P66690) (*pro hac vice*)
Cynthia Weaver (NY Bar No. 5091848) (*pro hac vice*)

HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
202.628.4160
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on September 22, 2023, which will serve all counsel of record.

s/ *Melody H. Eagan*