# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Intervenor Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-184-LCB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General, | ) |
| of the State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF TIME-SENSITIVE MOTION
TO STAY PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

Table of Contents ................................................................................................... i

Table of Authorities ............................................................................................. ii

Introduction ..........................................................................................................1

Argument ..............................................................................................................2

    I.   The Court Has Jurisdiction To Issue A Stay ................................................2

    II.  All Factors Support A Stay ........................................................................5

Conclusion ............................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Perez*,
    138 S. Ct. 2305 (2018)..................................................................................7

*Contra Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*,
    210 F.3d 1309 (11th Cir. 2000) .....................................................................8

*Dillard v. City of Foley*,
    926 F. Supp. 1053 (M.D. Ala. 1995)..............................................................2

*Eknes-Tucker v. Governor of Alabama*,
    ___ F.4th ___, No. 22-11707, 2023 WL 5344981
    (11th Cir. Aug. 21, 2023)................................................................................8

*Fernandez v. Mattress Xperts Broward, Inc.*,
    No. 21-80573-cv, 2021 WL 3931243 (S.D. Fla. Sept. 2, 2021)......................3

*First Fin. Bank v. CS Assets, LLC*,
    No. 08-0731, 2010 WL 3119077 (S.D. Ala. Aug. 6, 2010) ...........................3

*Georgia Advoc. Off. v. Jackson*,
    33 F.4th 1325 (11th Cir. 2022) ......................................................................3

*Hand v. Scott*,
    888 F.3d 1206 (11th Cir. 2018) .....................................................................7

*In re Miranne*,
    852 F.2d 805 (5th Cir. 1988) .........................................................................3

*Koe v. Noggle*,
    No. 1:23-cv-2904-SEG (N.D. Ga. Aug. 20, 2023)..........................................6

*Martin v. Singletary*,
    965 F.2d 944 (11th Cir. 1992) ...................................................................3, 6

*Nken v. Holder*,
    556 U.S. 418 (2009).......................................................................................8

*Rakovich v. Wade*,
    834 F.2d 673 (7th Cir. 1987) ...................................................................................4

*Swain v. Junior*,
    958 F.3d 1081 (11th Cir. 2020) .................................................................................8

*Tucker v. Fulton Cnty.*,
    No. 1:09-CV-01734-WCO, 2011 WL 13269445
    (N.D. Ga. May 24, 2011) .......................................................................................2, 3

*U.S. Commodity Futures Trading Comm'n v. Escobio*,
    946 F.3d 1242 (11th Cir. 2020) .................................................................................2

## Rules

11th Cir. R. 36-3, Internal Operating Procedure 2 .......................................................6

Fed. R. App. P. 8 ...........................................................................................................2

Fed. R. Civ. P. 62 .........................................................................................................2

## Other Authorities

11 Wright & Miller, *Federal Practice & Procedure* § 2904 (3d ed.) ....................3, 4

## INTRODUCTION

Plaintiffs do not dispute the most important factor favoring a stay: Defendants are likely to succeed on the merits because the Eleventh Circuit already ruled in their favor in a binding, precedential opinion. Most of the Plaintiffs' response is devoted to an irrelevant tangent about appellate court mandates, suggesting that the Court lacks jurisdiction to enter a stay. That suggestion is meritless. The Federal Rules *require* that a party seeking to stay an injunction during an appeal ask the district court first. Plaintiffs cite nothing suggesting that district courts lack jurisdiction to consider such motions. District courts cannot *vacate* injunctions that are on appeal. But they can *stay* them. That is what the Defendants request.

The formal issuance of the mandate has nothing to do with whether a stay of an injunction is warranted in light of the panel's precedential ruling. At any time since this Court's injunction was issued, the Court could have issued a stay. That power did not evaporate when the Eleventh Circuit vacated this Court's injunction in a binding opinion. And the Court *should* exercise the power to stay now because the Defendants are likely to succeed and satisfy the other stay factors.

Plaintiffs contest neither likelihood of success nor the public interest. Though they briefly imply that the State Defendants do not consider themselves harmed from being prevented from enforcing Alabama's laws, that harm is why Defendants immediately appealed this Court's preliminary injunction. Doc. 108. The Plaintiffs'

1

only real argument is about purported harms to the Minor Plaintiffs, but the legislative determination the Eleventh Circuit held required deference was that these sex-modification procedures themselves harm, not help, children. All factors support a stay.

## ARGUMENT

### I. The Court Has Jurisdiction To Issue A Stay.

Most of Plaintiffs' response is directed toward a suggestion that the Court lacks jurisdiction to issue a stay. That is wrong. "A party can move to have the [order] stayed upon appeal." *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) (citing Fed. R. Civ. P. 62 and Fed. R. App. P. 8). Under Federal Rule of Appellate Procedure 8(a)(1), a party seeking a stay during an appeal "*must* ordinarily move first in the district court." (Emphasis added); *see* Plaintiffs' Response 8 (later conceding that "stay[s] pending appeal" are "specifically authorized by Federal Rule of Appellate Procedure 8"). And under Federal Rule of Civil Procedure 62(d), "[w]hile an appeal is pending from an interlocutory order … that grants … an injunction, the court may suspend, modify, restore, or grant an injunction."

These provisions each confirm that "it is within the court's discretion to issue a stay of an order granting an injunction" while that order is on appeal. *Dillard v. City of Foley*, 926 F. Supp. 1053, 1075 (M.D. Ala. 1995); *see, e.g.*, *Tucker v. Fulton*

2

*Cnty.*, No. 1:09-CV-01734-WCO, 2011 WL 13269445, at *1 (N.D. Ga. May 24, 2011) ("[E]ven though plaintiff has already filed his notice of appeal, the court retains jurisdiction to consider the propriety of a stay." (citing *In re Miranne*, 852 F.2d 805, 806 (5th Cir. 1988) ("[W]e are persuaded that the district court retained jurisdiction to grant appellant's request for a stay despite the fact that the notice of appeal was filed prior to the request for a stay," primarily due to the "general principle that an application for a stay of the judgment or order of a district court ordinarily should be made in the first instance in the district court")));  *First Fin. Bank v. CS Assets, LLC*, No. 08-0731, 2010 WL 3119077, at *2 (S.D. Ala. Aug. 6, 2010) (same). The Plaintiffs' "arguments would make the[se] rule[s] a nullity and are unsound." 11 Wright & Miller, *Federal Practice & Procedure* § 2904 (3d ed.).

The appellate mandate is irrelevant to this Court's jurisdiction to enter a stay. "The stay of the mandate … merely delays the return of jurisdiction to the district court to carry out [the Court of Appeals'] judgment in that case." *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992); *e.g.*, *Georgia Advoc. Off. v. Jackson*, 33 F.4th 1325, 1326 (11th Cir. 2022); *Fernandez v. Mattress Xperts Broward, Inc.*, No. 21-80573-cv, 2021 WL 3931243, at *2 (S.D. Fla. Sept. 2, 2021) ("[T]he mandate in any case functions to end the jurisdiction of the appellate court and to return full jurisdiction of the case to the trial court.").

But—and this is the critical point—this Court never lost jurisdiction to issue a stay. Practically *every* stay order pending appeal from a district court comes before a mandate issues. As Wright and Miller explain, the "[p]ower of [a] district court to grant a stay of judgment pending appeal continues to reside in the district court until such time as the court of appeals issues its mandate." 11 *Federal Practice & Procedure*, *supra*, § 2908 n.7. That is true even *if* the Court of Appeals issues a "grant of a rehearing en banc." *Id.* (describing the holding of *Rakovich v. Wade*, 834 F.2d 673 (7th Cir. 1987), and collecting other cases).

For these reasons, the Plaintiffs' lengthy discussion of mandate issuance rules is as irrelevant as the fact that one Eleventh Circuit judge directed "withholding issuance of the mandate." Plaintiffs' Response 2 (emphases omitted). The mandate rules have nothing to do with whether a stay is appropriate. They have no bearing on any of the four stay factors. They have no connection with this Court's jurisdictional or equitable powers to decide this motion.[1]

The Plaintiffs insist that issuing a stay is "an exception from rules that have governed appellate review in the federal system for many decades." *Id.* at 3. But

---

[1] If the Eleventh Circuit or the Supreme Court were to change the result on appeal—a possibility that even the Plaintiffs do not argue is likely—this Court would equally retain jurisdiction to adjust any stay as necessary. That possibility is no reason to deny the Eleventh Circuit's binding precedent of its force now. This is not "ping pong" (Plaintiffs' Response 8); it is following binding law. As Plaintiffs acknowledge, mandates are not typically withheld pending Supreme Court review (*id.* at 4 n.3), but even that rule—which permits a case to proceed fully in the district court—has not resulted in some crisis of "fairness, stability, and certainty" (*id.* at 10).

again, stays pending appeal are practically always issued while the mandate is outstanding. This case would be no exception. And though Plaintiffs speak of "bypass[ing]" "the clear timeline established by the Federal Rules of Appellate Procedure" (*id.* at 6), how could a district court stay be proper "at the outset of the appeal" (*id.* at 8 (citing similar Georgia litigation)) but *not* after the moving party prevails? In both cases, the Court of Appeals possesses the mandate. Plaintiffs have no explanation for this divergence. It is thus *Plaintiffs* who demand an extraordinary result: depriving the State Defendants of the benefit of their own victory while every other jurisdiction within the Eleventh Circuit must operate under the binding precedent obtained by Defendants on appeal. The Plaintiffs point to no precedent supporting this bizarre result.[2] The Court has jurisdiction to stay its own preliminary injunction.

## II. All Factors Support A Stay.

All stay factors support Defendants.

1. The Defendants are likely to succeed on the merits of their appeal because they already have. Plaintiffs do not contest that Defendants are indeed likely to succeed on the merits. At most, they seem to contest whether the opinion establishing that likelihood is already "precedential." Response 6. Given that they do not

---

[2] Plaintiffs' position would also lead to gamesmanship of the type they disclaim (Response 5) by encouraging losing parties to delay the mandate.

meaningfully contest *likelihood* of success, their argument about precedential force is irrelevant.

It's also flat-out wrong. As Plaintiffs characterize Defendants' "principal argument," "the panel opinion is precedential upon issuance, even before the mandate issues." Response 6. That is indeed Eleventh Circuit law: "The stay [of the mandate] in no way affects the duty of … the courts in this circuit to apply now the precedent established by [the opinion] as binding authority." *Martin*, 965 F.2d at 945 n.1. It "is the law in this circuit." *Id.*; *see* 11th Cir. R. 36-3, Internal Operating Procedure 2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

Plaintiffs suggest that this rule applies only to "a separate" case. Response 7. That is not what *Martin* or the Eleventh Circuit rules say. They say that a precedential opinion *immediately* becomes "law in this circuit" and "binding authority." Unsurprisingly then, Plaintiffs find no support in the caselaw for their suggestion. And that suggestion would lead to absurd results: near-identical district court cases would reach different outcomes. That is no hypothetical harm. On August 20, 2023, the Northern District of Georgia entered a preliminary injunction enjoining enforcement of Georgia's similar law. *Koe v. Noggle*, No. 1:23-cv-2904-SEG (N.D. Ga. Aug. 20, 2023), ECF 106. The Eleventh Circuit decided this case the next day, and, as a result, the Georgia Court stayed its injunction on September 5. *Id.*, ECF 119. Plaintiffs seem

6

to agree that stay was proper in light of the Eleventh Circuit's (precedential) decision, but argue that this Court should not follow suit. Why? Because the Eleventh Circuit's decision was in *this* case rather than Georgia's, thus (somehow) indicating that this Court is not bound by the decision the way other courts are. Response 8. Plaintiffs offer no justification for such absurdity, and there is none. The Eleventh Circuit's decision is binding precedent for *all* courts in the Circuit, including this one.

      2. Plaintiffs' suggestion that Defendants will not "suffer irreparable harm because of any delay" (*id.* at 9) is likewise foreclosed by precedent. "[T]he inability to enforce its duly enacted [laws] clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018); *see Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018) (holding that the State "would be harmed if it could not apply its own laws"). Plaintiffs have no response. Instead, citing only an abrogated 40-year-old case about parallel state proceedings, they suggest that the Defendants must not be harmed because they did not "seek a stay of the Court's preliminary injunction at the outset of their appeal." Response 9. But Defendants have repeatedly asserted the very sovereignty harm that the Plaintiffs now pretend does not exist (*see, e.g.*, Doc. 74 at 157), and that harm is why Defendants immediately appealed this Court's preliminary injunction. *See* Doc. 108. Now that Defendants have prevailed on that appeal, all factors favor the State, and a stay motion is warranted.

3. Defendants have explained why the public interest too supports a stay: "to further the public-health considerations undergirding the law, and to avoid irreversible health risks to [Alabama] children." Doc. 313 at 9-11. Plaintiffs have no answer. Their response does not even contain the word "public." *Contra Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000) (one stay factor is "where the public interest lies"). The public interest supports a stay. *See also Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020) (noting that, as government officials, Defendants' interest and harm merge with the public interest").

4. Plaintiffs invoke purported harms to the Minor Plaintiffs from a stay, but those theoretical harms cannot overcome the other stay factors. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (likelihood of success and irreparable injury to the movant "are the most critical" factors). In any event, Defendants explained why Plaintiffs' harm argument fails: "elected representatives" determined that "the procedures create health risks that cannot be undone," and the Eleventh Circuit said that determination is "the sort that our system of government reserves to legislative, not judicial, action." Doc. 313 at 12 (quoting *Eknes-Tucker v. Governor of Alabama*, ___ F.4th ___, ___, No. 22-11707, 2023 WL 5344981, at *18 (11th Cir. Aug. 21, 2023)). This Court recognized that sex-modification procedures in minors can cause "loss of fertility and sexual function." PI Op., Doc. 112-1 at 3. If the Court grants a stay, any

8

Minor Plaintiffs using sex-modification procedures—and nearly all the Plaintiffs who are still minors do *not* appear to be using such procedures (Doc. 159 at 15-16, 19-24)—can be safely tapered off them by their physicians. Doc. 313 at 13. And children in Alabama—including those not before the Court, but who are nevertheless still impacted by the continuing injunction—can continue to access safe, proven therapies for gender dysphoria. *Id.* at 12. Thus, Plaintiffs cannot make a showing that even one Minor Plaintiff would be harmed rather than helped by a stay.

## CONCLUSION

Defendants do not begrudge the Plaintiffs their continued efforts on appeal. But under binding circuit law, Alabama's law can be enforced while those efforts run their course. The Court should stay the preliminary injunction.

Date: September 28, 2023

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

Respectfully submitted,

Steve Marshall
  *Attorney General*

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
  *Principal Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Benjamin M. Seiss (ASB-2110-O00W)
Charles A. McKay (ASB-7256-K18K)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on September 28, 2023, which will serve all counsel of record.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for Defendants*
