UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2023 OCT -5  A 10: 26

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BRIANNA BOE, *et al.*,       )
                             )
Plaintiffs,                  )
                             )
v.                           )   Case No. 2:22-cv-184-LCB
                             )   UNDER SEAL
STEVE MARSHALL, *et al.*,    )
                             )
Defendants.                  )

## SEALED MEMORANDUM REGARDING EMERGENCY MOTION TO STAY DISSEMINATION OF SEALED FINAL REPORT

Come now James Esseks, Carl Charles, and LaTisha Faulks (the "Movant Attorneys"), and respectfully submit this Sealed Memorandum in compliance with this Court's Order of October 4, 2023 (doc. 320).

1. The Three-Judge Panel issued its sealed Final Report of Inquiry on October 3, 2023. The Movant Attorneys and their counsel were slightly surprised by the issuance of the Final Report only because their last contact with the Panel was on November 4, 2022, when the Panel orally requested written briefs addressing: 1) the Respondents' position that the investigation should be dismissed without further inquiry or sanctions, and 2) what the appropriate next steps should be in the

1

investigation if the Panel believed further investigation was warranted.[1] Pursuant to the Panel's oral instructions, the Respondents filed their Report Regarding Post-Hearing Procedure and Briefing on November 8, 2022 (doc. 69). The Respondents' Report proposed a post-hearing briefing schedule tied to the Respondents' receipt of the transcripts of the November 3-4, 2022 hearings, and the May 20, 2022 proceedings in front of Special Master Harwood (*Id.*). Respondents anticipated that the Panel would proceed to issue a briefing schedule as had been indicated at the conclusion of the November 4, 2022 hearing. No further order, filing, or other communication occurred until the Panel's issuance of its Final Report on October 3, 2023 (doc. 70). As of this filing, the Movant Attorneys have still not been provided access to the requested transcripts.

2. Counsel for Movant Attorneys received the Panel's sealed Final Report on the afternoon of October 3, 2022. The sealed Final Report indicated that it would be served on this Court and the Chief Judges of the Northern and Middle Districts of Alabama (doc. 70 at 52). The next morning, at 11:30 a.m., counsel for the Movant

---

[1] This recital of the November 4, 2022 colloquy with the Panel is based upon the undersigned's recollection and contemporaneous notes of other counsel because the Movant Attorneys (and the other Respondents) have not yet been provided with the transcripts from the November 3 and November 4, 2022 hearings before the Panel. The transcripts were requested at the conclusion of the November 4, 2022 hearing and again in the Respondents' November 8, 2022 Report, but the workload demands of the court reporter delayed the completion of the transcripts until the end of February of 2023. It is the undersigned's understanding that the court reporter was awaiting authorization of the Panel before sending the transcripts. As of this filing, the transcripts of the November 3-4, 2022 hearings, as well as the May 20, 2022 proceeding in front of Special Master Harwood, have not yet been released to the Movant Attorneys (or the other Respondents).

Attorneys received this Court's sealed Order, indicating for the first time that the Court was directing that the Panel's sealed Final Report be emailed to "all attorneys who are not counsel of record in the miscellaneous action" including "a representative of attorneys for the State Defendants." (doc. 318).[2] Thirty-eight minutes later (at 12:08 p.m.), the undersigned replied to the transmittal email from this Court's Case Administrator (copying all 62 other recipients) that the Movant Attorneys were in the process of filing a motion to stay dissemination of the Panel's sealed Final Report. Two minutes after that – at 12:10 p.m. – the Movant Attorneys filed their Motion to Stay, requesting that this Court give them "the opportunity to submit argument and authorities to this Court as to why such dissemination [of the Final Report] would be improper."[3] This Court then issued its October 4, 2023 Order requiring the Movant Attorneys to file this Sealed Memorandum by noon on October 5, 2023.

---

[2] Although this Court's sealed Order was entered on the docket at 10:25 a.m., because it was entered under seal, Movant Attorneys' counsel did not receive it until the transmittal email from this Court's Case Administrator was received at 11:30 a.m. Upon information and belief, it appears that the Clerk of the Court had already complied with this Court's dissemination directive (at 11:19 a.m.) before counsel for Movant Attorneys received notice of this Court's Order.

[3] To be clear, the Movant Attorneys did not expect this Court to decide the question of whether the Attorney General's office should receive a copy of the Panel's sealed Final Report based solely on the Emergency Motion to Stay, but instead were only seeking an opportunity to "submit argument and authorities to this Court as to why such dissemination would be improper" before the dissemination took place (doc. 319 at 2). The undersigned apologizes for submitting a motion that this Court found to be inadequate and unsupported, but it appeared that time was of the essence to prevent the dissemination of the sealed Final Report.

3. This Court's sealed Order (doc. 320) directs the Movant Attorneys to provide precise record citations supporting the statements in the Motion to Stay (1) that "[s]ome of the testimony and evidence" cited in the Panel's sealed Final Report "was gathered by the panel under assurances that it would not be shared with the Alabama Attorney General's office or other adverse parties." (doc. 319 at 1-2; doc. 320 at 1); and (2) that the Panel's sealed Final Report "contains testimony and other evidence of privileged matter and other information protected by the work product doctrine." (doc 319 at 1; doc. 320 at 2).

## I. The Panel Gathered Evidence Under Assurances that Privileges and Work-Product Protections Would be Preserved.

### A. The May 20, 2022 Hearing.

At the very beginning of the first hearing with the Panel on May 20, 2022, the Panel acknowledged "[s]ome of the parties have already raised issues of attorney-client privilege and work product, and we feel like we should go ahead and address those issues at the beginning of the hearing." (May 20 Hearing Tr. at 10, lines 19-22).[4] The Panel then conducted an *in camera* session with counsel for the Respondents (but without any representative from the Attorney General's office) at which Judge Proctor stated:

---

[4] Some of the Respondents had filed a May 19, 2022 pre-hearing brief in which the issues involving attorney-client privilege and work product protections was mentioned and requesting that any further inquiry be conducted *in camera*. (doc. 3 at 8).

4

> [W]e realize we're asking about – we're going to be asking about things that could implicate work product and attorney-client privilege perhaps. Certainly work product. But we're not doing this in an adversarial proceeding, we're not doing this in litigation, so the question in our mind is, what is the best way to navigate through that? **We certainly expect that any answers to our questions involving work product matters would be in a situation where the State of Alabama is not a party or present in those conversations ...**

(*Id.* at 12, lines 2-10 (Emphasis added)). In response to a query, the undersigned told the Panel that while our clients "stand ready, willing, and able to answer any questions" from the Panel, "we wanted the [Panel], obviously, to at least flag those [privilege and work product] issues so that they could be presented in an *in camera* type setting where the [Panel] gets its answers, but we don't have to necessarily share that." (*Id.* at 13, lines 12-18). Counsel continued: "So to the extent that we're asked to disclose strategic decision making, we would respectfully request that we do that only amongst our own group" and without "the Attorney General's office ... present." (Id. at 13-14, lines 22-25, 1-3). Judge Proctor then stated that "[t]hat seems a fair way to navigate the road." (Id. at 14, line 24-25).

When the Panel returned from the *in camera* session, the Attorney General's representatives were invited to make a presentation to the Panel (May 20 Tr. at 22-

5

45).[5] At the conclusion of the presentation by the Attorney General's office, Judge Proctor told Mr. LaCour:

> [Y]ou and your colleagues are welcome to be in the courtroom during any public matter. **There may be matters related to work product and/or privilege that we will exclude you and others from,** but we're going to stay in public sessions. It's just that if we're dealing with work product matters, it's appropriate to do that in a way that would not prejudice any party or any lawyer's position in actual litigation.

(*Id.* at 45, lines 10-17 (Emphasis added)).

After the Panel identified the different levels of involvement of the thirty-eight Respondents, the Panel directed that the younger, less-involved Respondents would be questioned by Special Master Harwood without counsel present, but with an assurance that "there's going to be a record made of this proceeding, **it's not going to be available to anyone else**, and counsel will have a chance to review it and ask to redact any such question or answer that invades on an attorney-client privilege." (*Id.* at 83, lines 2-5 (Emphasis added)). As the Panel and Respondents' counsel continued to discuss the very unique procedure to be utilized in questioning the Respondents, Judge Proctor reiterated: "If we get into a privileged or work product matter, and we expect that you'll help us with that, then you have the right to have others leave the courtroom who are not court staff. ... In other words, if you think

---

[5] The Panel's sealed Final Report references and presumably relies on these comments. (doc. 70 at 12-13. Unlike every one of the Respondents, the attorney representing the State of Alabama was not placed under oath.

we're getting into something that [the State of] Alabama or just the public doesn't need to know about, work product matters or ... privilege matters, please help us." (*Id.* at 94, lines 21-24, 95, lines 1-4).

The Panel then proceeded to excuse all Respondents from the courtroom except the first Respondent to be questioned. (*Id.* at 96-97). At that point, the following exchange took place:

> MR. RAGSDALE:  Your Honor, although they're not under oath, we have representatives of the Attorney General's office here, and we really would like them to leave. ... They not only add nothing, but they literally are our competition in these cases. I don't think there's any reason for them to be in this courtroom. So we would ask that they be excused.
>
> JUDGE PROCTOR:  Your request is granted.
>
> MR. RAGSDALE:  Thank you.
>
> JUDGE PROCTOR:  And I'm sure our friends from [the State of] Alabama understand that we're probably – it will probably be very difficult to examine a witness on things that are not work product related, and you really don't have an interest in hearing that. Might be an interest, but **you don't have a right to hear that**. So we're going to excuse you.

(*Id.* at 37, lines 8-21 (Emphasis added)). At that point, the representatives from the Attorney General's office left and were not permitted to return for any future hearing in this matter.[6]

---

[6] Despite the fact that the proceedings were supposed to be confidential, someone with interests adverse to the Respondents improperly leaked preliminary details about the May 20, 2022 hearing to conservative media outlets and sympathetic members of Congress who were pointing to the allegations against the Respondents in an (ultimately unsuccessful) effort to derail the nomination of Eleventh Circuit Judge Nancy Abudu. *See* https://www.frc.org/updatearticle/20220520/splc-

7

In other words, the Panel overruled the Respondents' objections based on privilege and work product, but assured all involved that any such evidence or testimony would only be produced *in camera* and not shared with others, particularly not with the State of Alabama. Based on those assurances, Respondents were compelled to testify at length about matters involving privilege and work product.

**B.    The June 17, 2022 Status Conference and Subsequent Motions.**

At the request of the Respondents, the Panel conducted a virtual status conference on June 17, 2022 (doc. 16). Following the status conference, the Panel directed the Respondents to submit a proposed procedure for concluding the matter (doc. 19). As a result of the Respondents' submission, the Panel entered an Order on July 8, 2022 requiring the remaining Respondents to file sworn declarations *in camera* addressing eight specific topics regarding the strategic analysis and decisions of the Respondents in crafting, filing, pursuing, and dismissing the original civil actions (doc. 22). The Panel's July 8 Order also addressed the Respondents' "multiple requests" for copies of the transcripts of the May 20, 2022 hearing. In denying the requests for transcripts, the Panel noted that it had "notified counsel that, prior to publicly releasing the transcripts, they would have the opportunity to designate portions of the transcripts that relate to either attorney work product or

---

judge. It is partly out of concern for similar strategic leaks that the Movant Attorneys object to the dissemination of the Panel's sealed Final Report.

8

privileged matters so that those portions could be placed under seal." (doc. 22 at 3, n3).

In response to the Panel's July 8, 2022 Order, Respondents filed motions for a protective order on the grounds that it required the lawyers to "disclose information that is protected by attorney-client privilege, the work-product doctrine, and/or the common-interest doctrine." (doc. 27 at 1; *see also* doc. 34).

On July 25, 2022, the Panel issued an Order that was in part in response to the motions for protective order and other objections filed by the Respondents. (doc. 41). In that Order, the Panel dismissed Respondents' concerns about disclosing work product by assuring Respondents: "To the extent that the materials that must be disclosed to the Panel are work product, all disclosures are to be made *in camera*." (doc. 41 at 4). When the Respondents submitted their required declarations, they expressing preserved any objections based on privilege or work product. (doc. 42 at 3).

### C.     The August 3-4, 2022 Hearing.

The Panel reconvened on August 3-4, 2022. At the beginning of the hearing, counsel for some of Respondents requested "[t]hat any questions that pertain to the declarations or otherwise that call for work product, mental operations, the opinions, thought processes of any of these declarants, should be taken only by the Court in camera – by the panel in camera." (Aug. 3 Tr. at 9, lines 12-16). In addition, the

9

undersigned asked "that any observers from the Attorney General's office be excluded" noting that, "[o]bviously, part of my concern is we're not aligned with the Attorney General's office." (*Id.* at 10, lines 21-24, 11, lines 15-16). Judge Proctor responded: "Yes. If you recall, in our last hearing we heard from them and excused the. That's how we're proceeding here." (*Id.* at 11, lines 17-19).

At the commencement of the third day of the hearing on August 4, counsel for Respondents again raised and preserved issues regarding privilege, including common interest privilege, and work product, and a discussion was had with the Panel (Aug. 4 Tr. at 3-6). During that discussion, Judge Proctor observed:

> I think what we heard [from Respondents] from day one ... was, we're not hiding anything. There are some work product privileges we would normally object to, and we will present those *in camera* to the [Panel]. **But we're not going to discuss those in front of the State of Alabama**, and we don't want our work product being penetrated as to a party opponent, for example.

(*Id.* at 8-9, lines 21-25, 1-3). Judge Proctor continued: "[W]e did hear counsel [for Respondents] on May 20 explain, the State of Alabama is sitting in here. They don't need to hear what our work product was, **And we totally agreed with that**." (*Id.* at 10, lines 17-20 (Emphasis added)).

### D.   The November 3-4, 2022 Hearing.

As noted elsewhere, the Movant Attorneys have not been provided with access to the transcripts of the November 3-4, 2022 hearing before the Panel, so that

precise citations cannot be provided. The undersigned represents that no waiver of the applicable privileges or work product doctrine occurred during that hearing.

## II. The Panel's Sealed Final Report Contains Privileged Matter and Information Protected by the Work-Product Doctrine.

The Panel's sealed Final Report contains a lengthy section entitled "Facts" that it states was "gleaned from the oral and written testimony elicited in this inquiry." (doc. 70 at 16). The Panel's recitation of facts includes numerous references to the Movant Attorneys' and other Respondents' strategic decisions and mental impressions regarding the underlying litigation in which the State of Alabama is adverse to the interest of Respondents' clients and interests.[7] This includes internal discussions among the lawyers regarding whether to mark the initial *Walker* case as related to *Corbitt* (doc. 70 at 17-18), whether or in what manner to contact judicial chambers to provide notification of impending filings (*Id.* at 18-22), counsel's strategic decisions regarding how to respond to Judge Marks' show-cause order and subsequent transfer of *Walker* to the Northern District (*Id.* at 22-28), counsel's deliberations and discussions surrounding Judge Axon's order transferring *Ladinsky* to this Court (*Id.* at 28-31), counsel's mental impressions and

---

[7] Movant Attorneys are obviously aware that this Court's October 4 Order directs them to provide pinpoint references to the page and line numbers of the Final Report containing privileged and work product material, but as should be apparent from the preceding section, virtually all of the Panel's fact section (pages 16-50) regarding the lawyers' thought processes, internal discussions, and decisions regarding where to file the initial cases, the parties to include, the claims to be asserted, and other strategic legal decisions are protected by at least the work product doctrine and common interest privilege. The Panel acknowledged as much on numerous occasions cited above.

11

conversations regarding voluntarily dismissing *Walker* (*Id.* at 31-42), and the *Walker* lawyers' consideration and decision to not refile a case following the dismissal (*Id.* at 42-50).

Virtually all of the testimony and other evidence cited by the Panel involved the mental impressions and strategy of the Movant Attorneys and other Respondents regarding extremely contentious litigation in which the opponent is the Alabama Attorney General's office. This is paradigmatic work product and common interest materials that should not be disclosed to adverse parties. As the Panel repeatedly recognized, the State of Alabama has no right to see that testimony and evidence. It is also true that the State of Alabama has no right to see the Panel's detailed descriptions and (sometimes verbatim) recitations of that testimony and evidence. It is literally none of their business, as the Panel repeatedly assured the Respondents.

## III. Conclusion.

There is no legitimate reason for any third parties – particularly the Alabama Attorney General's office – to be provided a copy of the Panel's sealed Final Report. The State of Alabama is not a party to the Panel's inquiry and was expressly excluded from the proceedings by the Panel. As noted above, the Movant Attorneys and other Respondents were repeatedly assured that their disclosure of privileged and work product material would not be shared with the Attorney General's office. Respondents relied on those assurances when they testified freely and openly about

12

matters that would have otherwise been protected from disclosure. This Court should rescind its October 4, 2023 Order and, if necessary, direct that any copies already disseminated be immediately returned.

                                      Respectfully submitted,

                                      /s/ Barry A. Ragsdale

                                      Barry A. Ragsdale (RAG003)
                                      Robert S. Vance (VAN069)
                                      **Dominick Feld Hyde, PC**
                                      1130 22nd Street South, Suite 400
                                      Birmingham, AL 35205
                                      Tel.: (205) 536-8888
                                      bragsdale@dfhlaw.com
                                      rvance@dfhlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I ~~electronically~~ hand filed the foregoing with the Clerk of the Court **UNDER SEAL** and served a copy on counsel in the miscellaneous *Vague* (Case No. 2:22-mc-3977-WKW) action by email.

_____
Of Counsel