UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-184-LCB |
| ) | **UNDER SEAL** |
| STEVE MARSHALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Received 2023 OCT 23 P 4:14, TREY GRANGER, CLK, U.S. DISTRICT COURT, MIDDLE DISTRICT ALA.*

### SEALED MOTION TO STAY PROCEEDINGS RELATING TO *IN RE VAGUE*

COME NOW **James Esseks, Carl Charles, and LaTisha Faulks** (the "Movant Attorneys"), and move to stay any further proceedings in this Court resulting from or relating to the Final Report of Inquiry issued under seal in the *In re Amie Adelia Vague* miscellaneous proceeding, 2:22-mc-3977-WKW ("the Miscellaneous Proceeding"), pending appeal of that action. In support of this motion, Movant Attorneys state as follows:

## PROCEDURAL HISTORY

As the Court is aware, the Chief Judges of the Northern, Middle, and Southern Districts of Alabama opened a miscellaneous proceeding entitled *In re Vague* "to inquire about the issues raised by counsel's actions" in three cases that challenged Alabama's "Vulnerable Child Compassion and Protection Act": *Ladinsky v. Ivey*, 5:22-cv-447-LCB (N.D. Ala.), *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. Ala.), and *Eknes-Tucker v. Ivey*, 2:22-cv-184-LCB (M.D. Ala.). *Vague*, Doc. 1. The three-judge panel in *Vague* took testimony *in camera* from thirty-nine lawyers involved in *Walker*, *Ladinsky*, and *Eknes-Tucker* through live testimony in five confidential hearings and sealed written declarations.

On October 3, 2023, the panel issued a sealed "Final Report of Inquiry" and ordered service of a copy of the Final Report to this Court "so that [this Court] may proceed as appropriate," as well as to Chief Judges L. Scott Coogler and Emily C. Marks. *Vague*, Doc. 70 (sealed). The panel also ordered the Clerk of Court to close the case. *Id.*

On October 4, 2023, this Court entered an Order stating, "[t]he Final Report of Inquiry in [*Vague*] has been referred to the Court so that it may proceed as appropriate." *Boe*, Doc. 318 (sealed). That October 4 Order also directed the Clerk of Court to email the Final Report to all counsel of record in this action who are not counsel or parties in *Vague*. *Id.* In response, Movant Attorneys filed an Emergency

Motion to Stay Dissemination of Sealed Final Report in this case. *Boe*, Doc. 319. The Court then entered an Order requiring counsel to submit a detailed memorandum the following day. *Boe*, Doc. 320 (sealed). Movant Attorneys complied and submitted a sealed memorandum as directed by the Court. *Boe,* Doc. 321 (sealed). The Court has now entered a briefing Order related to the Emergency Motion to Stay, as well as scheduled a hearing on November 2, 2023, to address pending motions and "discuss with Counsel the next procedural steps concerning the three-judge panel's Final Report of Inquiry." *Boe,* Doc. 324 (sealed).

On October 23, 2023, the Movant Attorneys filed in *Vague* a notice of appeal to the Eleventh Circuit Court of Appeals. (A copy of the Notice of Appeal is attached as Exhibit A).

## ARGUMENT

The Movant Attorneys respectfully request that this Court stay any further proceedings resulting from or relating to the *Vague* Final Report pending the resolution of the appeal in the *Vague* matter.

District courts have "broad discretion to stay proceedings as an incident to its power to control its docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (district court's authority "to stay litigation pending the outcome of [a] related proceeding in another forum is not

3

Case 2:22-cv-00184-LCB-CWB   Document 328   Filed 10/23/23   Page 4 of 9

questioned"). In exercising this broad discretion, district courts have considered the following factors: "(1) whether the federal litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-movant; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and the court." *F Family South, LLC v. Baldwin County*, No. 20-0612-WS-N, 2021 WL 6052922, at *3 (S.D. Ala. Oct. 4, 2021); *see Green v. Roberts*, No. 10-0481-WS-M, 2010 WL 5067442, at *2 (S.D. Ala. Dec. 6, 2010) (granting a stay to allow the Eleventh Circuit to rule in a related case on a "threshold agency issue before this case goes forward"); *Ctr. for Biological Diversity v. Desantis*, No. 8:21-CV-1521-WFJ-CPT, 2022 WL 899677, at *6 (M.D. Fla. Mar. 28, 2022) (applying the four factors). Further, district courts may exercise this discretion in the interest of judicial economy. *See Wilson v. Doss*, No. 2:09-CV-21-MEF, 2012 WL 5936564, at *1 (M.D. Ala. Nov. 27, 2012).

As a preliminary matter, the Movant Attorneys are not part of the *Boe* litigation, nor have they ever been part of the *Boe* litigation. Likewise, the Movant Attorneys were never part of the *Ladinsky* or *Eckes-Tucker* litigations—they were part of only the *Walker* litigation, which was dismissed and never re-filed. As such, the *Vague* Final Report as it relates to the Movant Attorneys is completely independent of the *Boe* litigation; it does not even involve the same counsel.

4

All considerations for granting a stay, including the interest of judicial economy, weigh in favor of staying proceedings involving or relating to the *Vague* Final Report pending appeal. Any such proceedings are plainly "at an early stage," as this Court just received the *Vague* Final Report earlier this month and has not yet taken any action in reliance on it. *F Family South, LLC*, 2021 WL 6052922, at *3. A stay also will serve the interests of "simplify[ing] the issues in question" and "streamlin[ing]" any further proceedings. *Id.* The *Vague* Final Report provides the very predicate for any proceedings in this Court against the Movant Attorneys. Accordingly, whether and to what extent the report survives appellate review will inform how this Court may appropriately "proceed," *Boe*, Doc. 318 (sealed), including the appropriate "next procedural steps," *Boe*, Doc. 324 (sealed).

Movant Attorneys intend to raise on appeal a number of procedural, legal, and factual issues that could result in reversal or vacatur of the order. Among other grounds, Movant Attorneys intend to raise the following on appeal:

1. they were improperly found to have engaged in misconduct without any finding of subjective bad faith;[1]

---

[1] *See Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018) ("[I]n order for a court to impose a sanction pursuant to its inherent authority, it must make a finding that the sanctioned party acted with subjective bad faith.").

2. they were improperly found to have engaged in misconduct based on the "collective" acts of other attorneys;[2]

3. they were improperly found to have engaged in misconduct for marking *Walker* as "related" to another case on the Civil Cover Sheet in the absence of any local rule or controlling authority defining "related" or "pending," and even though the Civil Cover Sheet has no legal effect on the assignment of judges;[3] and

4. they were improperly found to have engaged in misconduct for voluntarily dismissing *Walker* pursuant to Federal Rule of Civil Procedure 41(a)(1), even though the Rule expressly gives them an "unfettered right voluntarily

---

[2] *See JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976, 987 (11th Cir. 2017) ("Bad faith is personal to the offender. One person's bad faith may not be attributed to another by operation of legal fictions or doctrines such as respondeat superior or vicarious liability." (citation omitted)).

[3] *See* Fed. R. Civ. P. 83(b) ("No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement."); *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 603 F.3d 888, 891 (11th Cir. 2010) (Barkett, J., dissenting) ("District courts do not have the authority to sanction lawyers for conduct not proscribed by law or rule . . . without first providing them with notice that their conduct may warrant sanctions." (citing Fed. R. Civ. P. 83(b))); M.D. Ala. L.R. 3.1(a) ("Completed Civil Cover Sheet Required. A completed civil cover sheet (Form JS44) shall be submitted to the Clerk with the initial civil complaint or notice of removal filed in this Court by a litigant represented by counsel. **This requirement is solely for administrative purposes, and matters appearing in the civil cover sheet have no legal effect in the action.**" (emphasis added)).

and unilaterally to dismiss an action" and even though they did not file/re-file any further cases.[4]

The Movant Attorneys believe they are likely to succeed on the merits of their appeal, resulting in reversal or vacatur of the *Vague* Final Report (or at least significant narrowing with respect to the Movant Attorneys). But at a minimum, the novel procedural posture and serious findings in the *Vague* Final Report counsel in favor of permitting appellate review before proceeding further in reliance on it. In light of these considerations, staying further proceedings resulting from the *Vague* Final Report pending appeal will simplify the questions at issue and will streamline further proceedings.

Likewise, staying any further proceedings resulting from or relating to the *Vague* Final Report will reduce the burden of litigation on the Court and the parties as well as promote the interests of judicial economy and fairness. If the issues raised on appeal result in reversal or vacatur or narrowing of the *Vague* Final Report, any proceedings based on the report may become moot or overtaken, or other preliminary proceedings may be required before further proceedings may continue.

---

[4] *See Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114–115 (2d Cir. 2009) ("[Plaintiff] was entitled to file a valid Rule 41 notice of voluntary dismissal for any reason, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable."); *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1080–81 (8th Cir. 2017) ("[W]e hold that the district court erred in concluding that counsel engaged in sanctionable conduct by stipulating to a dismissal under Rule 41(a)(1) for the purpose of forum shopping and avoiding an adverse result.").

Further, no party will suffer any prejudice from a stay. Any proceedings that result from or relate to the *Vague* Final Report will have no impact on the scheduling order in *Boe*; all deadlines will remain the same and the litigation can proceed expeditiously. Nor will any proceedings that result from or relate to the *Vague* Final Report have any impact on the merits of any claim or defense in the underlying *Boe* litigation. Whether any proceedings in this Court are warranted based on the *Vague* Final Report is completely independent of the merits of *Boe*. There is simply no reason for this Court to take any further action in reliance on the *Vague* Final Report while that report is on appeal.

To be clear, the Movant Attorneys are **not** requesting a stay of the litigation on the merits in *Boe*. Nor are they seeking to delay consideration of the Emergency Motion to Stay Dissemination of Sealed Final Report in this case. *Boe*, Doc. 319. Instead, the Movant Attorneys ask only that this Court stay any further proceedings relating to or arising from *In re Vague* or the Final Report of Inquiry pending appeal of that matter.

Respectfully submitted,

/s/ Barry A. Ragsdale
Barry A. Ragsdale (RAG003)
Robert S. Vance (VAN069)
**Dominick Feld Hyde, PC**
1130 22nd Street South, Suite 400
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

W. Neil Eggleston
Eugene F. Assaf
Byron Pacheco
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, NW
Washington, DC 20004
Tel.: (202) 879-5000
neil.eggleston@kirkland.com
eugene.assaf@kirkland.com
byron.pacheco@kirkland.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I filed the foregoing with the Clerk of the Court **UNDER SEAL** and served a copy on counsel in the miscellaneous *Vague* action (Case No. 2:22-mc-3977-WKW) by email. **THIS BRIEF WAS NOT SERVED ON THE ALABAMA ATTORNEY GENERAL OR OTHER COUNSEL FOR PARTIES IN THIS ACTION.**

/s/
Of Counsel