IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIANNA BOE, *et al.*,

    Plaintiffs,

v.

STEVE MARSHALL, *et al.*,

    Defendants.

Case No. 2:22-cv-184-LCB
UNDER SEAL

## SEALED MOTION TO STAY PROCEEDINGS RELATING TO *IN RE VAGUE, ET AL.*

# FILED UNDER SEAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-184-LCB |
| | ) **UNDER SEAL** |
| STEVE MARSHALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### SEALED MOTION TO STAY PROCEEDINGS
### RELATING TO *IN RE VAGUE, ET AL.*

COMES NOW Movant Michael Shortnacy ("Shortnacy") and moves to stay any further proceedings in this Court resulting from or relating to the Final Report of Inquiry issued under seal in the *In re Amie Adelia Vague* miscellaneous action, 2:22-mc-3977-WKW ("*Vague*"), pending appeal of *Vague* or, in the alternative, until the merits of the *Boe* case have been decided. In support of this motion, Shortnacy states as follows:

### PROCEDURAL HISTORY

The stated purpose of the miscellaneous matter entitled *In re Vague* was "to inquire about the issues raised by counsel's actions" in three cases that challenged Alabama's "Vulnerable Child Compassion and Protection Act:" *Ladinsky v. Ivey*, 5:22-cv-447-LCB (N.D. Ala.), *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. Ala.),

1

and *Eknes-Tucker v. Ivey,* 2:22-cv-184-LCB (M.D. Ala.). *Vague,* Doc. 1. The three-judge panel in *Vague* took testimony in camera from thirty-nine lawyers involved in *Walker*, *Ladinsky*, and *Eknes-Tucker* through live testimony in five confidential hearings and sealed written declarations.

On October 3, 2023, the panel issued a sealed "Final Report of Inquiry," and ordered service of a copy of the Final Report to this Court "so that [this Court] may proceed as appropriate," as well as to Chief Judges L. Scott Coogler and Emily C. Marks. *Vague,* Doc. 70 (sealed). The panel also ordered the Clerk of Court to close the *Vague* case. *Id.* Several respondents in *Vague*, including Shortnacy, have now filed notices of appeal to the Eleventh Circuit Court of Appeals.

On October 4, 2023, following its receipt of the Final Report, this Court entered an Order stating, "[t]he Final Report of Inquiry in [*Vague*] has been referred to the Court so that it may proceed as appropriate." *Boe*, Doc. 318 (sealed). That Order also directed the Clerk of Court to email the Final Report to all counsel of record in this action who are not counsel or parties in *Vague*. *Id.* In response, certain *Vague* parties filed an Emergency Motion to Stay Dissemination of Sealed Final Report. *Boe*, Doc. 319. The Court then entered an Order requiring counsel to submit a memorandum the following day. *Boe*, Doc. 320 (sealed). Counsel complied and submitted a sealed memorandum. *Boe*, Doc. 321 (sealed). The Court has now entered a briefing Order related to the Emergency Motion to Stay (final briefs due

on October 26, 2023) and scheduled a hearing on November 2, 2023 to address all pending motions and to "discuss with Counsel the next procedural steps concerning the three-judge panel's final Report of Inquiry." *Boe,* Doc. 324 (sealed).

On October 23, 2023, Shortnacy as well as other respondents in the *Vague* action filed notices of appeal to the Eleventh Circuit Court of Appeals. A copy of Shortnacy's Notice of Appeal is attached as Exhibit A.

## ARGUMENT

Shortnacy respectfully requests that this Court stay any further proceedings resulting from or relating to the *Vague* Final Report pending the resolution of the appeal of the *Vague* matter or at least until after the merits of the *Boe* case have been decided.

District courts have "broad discretion to stay proceedings as an incident to its power to control its docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)); *CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982) (district court's authority "to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned"). In exercising this broad discretion, district courts have considered the following factors: "(1) whether the federal litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-movant; (3) whether a stay will simplify the issues in question and streamline the

3

trial; and (4) whether a stay will reduce the burden of litigation on the parties and the court." *F Family South, LLC v. Baldwin County*, No. 20-0612-WS-N, 2021 WL 6052922, at *3 (S.D. Ala. Oct. 4, 2021); *see also Green v. Roberts*, No. 10-0481-WS-M, 2010 WL 5067442, at *2 (S.D. Ala. Dec. 6, 2010) (granting a stay to allow the Eleventh Circuit to rule in a related case on a "threshold agency issue before this case goes forward"); *Ctr. For Biological Diversity v. Desantis*, No. 8:21-CV-1521-WFJ-CPT, 2022 WL 899677, at *6 (M.D. Fla. Mar. 28, 2022) (applying the four factors). Further, district courts may exercise this discretion in the interest of judicial economy. *See Wilson v. Doss*, No. 2:09-cv-21-MEF, 2012 WL 5936564 (M.D. Ala. Nov. 27, 2012).

All considerations for granting a stay, including the interest of judicial economy, weigh in favor of staying proceedings involving or relating to the *Vague* Final Report pending appeal. Any such proceedings are plainly "at an early stage," as this Court just received the *Vague* Final Report earlier this month and has not yet taken any action in reliance on it. *F Family South, LLC*, 2021 WL 6052922, at *3. A stay also will serve the interests of "simplify[ing] the issues in question" and "streamlin[ing]" any further proceedings. *Id.* The *Vague* Final Report provides the predicate for any proceedings in this Court against Shortnacy. Accordingly, whether and to what extent the report survives appellate review will inform how this Court

4

may appropriately "proceed," *Boe*, Doc. 318 (sealed), including the appropriate "next procedural steps," *Boe*, Doc. 324 (sealed).

Shortnacy intends to raise on appeal a number of procedural, legal, and factual issues that could result in reversal or vacatur of the order. Among other grounds, Shortnacy intends to raise the following on appeal:

1. The panel overlooked Shortnacy's exculpatory declaration and testimony to the panel and improperly found that Shortnacy individually engaged in misconduct without any required finding of either contempt or subjective bad faith;[1]

2. The panel improperly found that Shortnacy engaged in misconduct based on the "collective" acts of other attorneys;[2] and

3. The panel improperly found that Shortnacy engaged in misconduct for voluntarily dismissing *Ladinsky* pursuant to Federal Rule of Civil Procedure 41(a)(1), even though the Rule expressly gives litigants an "unfettered right voluntarily and unilaterally to dismiss an action."[3] Further, Shortnacy was not

---

[1] *See Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018) ("[I]n order for a court to impose a sanction pursuant to its inherent authority, it must make a finding that the sanctioned party acted with subjective bad faith."); *see Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (in imposing court-initiated sanctions, a court must "employ (1) a 'show-cause' order to provide notice an opportunity to be heard; and (2) a higher standard ('akin to contempt' than in the case of party-initiated sanctions").

[2] *See JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976, 987 (11th Cir. 2017) ("Bad faith is personal to the offender. One person's bad faith may not be attributed to another by operation of legal fictions or doctrines such as respondeat superior or vicarious liability.") (citation omitted)).

[3] *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) ("It is well established that Rule 41(a)(1)(i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment."); *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114-15 (2d Cir. 2009) ("[P]laintiff was entitled to file a valid Rule 41 notice of voluntary dismissal for any

5

yet admitted on PHV status in *Ladinsky*, and he did not sign the voluntary dismissal.

Shortnacy believes he is likely to succeed on the merits of his appeal, resulting in reversal or vacatur of the *Vague* Final Report (or at least significant narrowing with respect to himself). But at a minimum, the novel procedural posture and serious findings in the *Vague* Final Report weigh in favor of permitting appellate review before proceeding further in reliance on it. Given these considerations, staying further proceedings resulting from the *Vague* Final Report pending appeal will simplify the questions at issue and will streamline further proceedings.

Likewise, staying any further proceedings resulting from or relating to the *Vague* Final Report will reduce the burden of litigation on the Court and the parties as well as promote the interests of judicial economy and fairness. If the issues raised on appeal result in reversal or vacatur or narrowing of the *Vague* Final Report, any proceedings based on the report may become moot or overtaken, or other preliminary proceedings may be required before further proceedings may continue.

Further, no party will suffer any prejudice from a stay. Any proceedings that result from or relate to the *Vague* Final Report will have no impact on the scheduling

---

reason, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable."); *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1080-81 (8th Cir. 2017) ("[W]e hold that the district court erred in concluding that counsel engaged in sanctionable conduct by stipulating to a dismissal under Rule 41(a)(1) for the purpose of forum shopping and avoiding an adverse result.").

6

order in *Boe*; all deadlines will remain the same and the litigation can proceed expeditiously. Nor will any proceedings that result from or relate to the *Vague* Final Report have any impact on the merits of any claim or defense in the underlying *Boe* litigation. Whether any proceedings in this Court are warranted based on the *Vague* Final Report is completely independent of the merits of *Boe*. There is simply no reason for this Court to take any further action in reliance on the *Vague* Final Report while that report is on appeal.

To be clear, Shortnacy is not requesting a stay of the litigation on the merits in *Boe*. Nor does he seek to delay consideration of the Emergency Motion to Stay Dissemination of Sealed Final Report in this case. *Boe*, Doc. 319. Instead, Shortnacy only asks that this Court stay any further proceedings relating to or arising from *In re Vague* or the Final Report of Inquiry pending appeal.

Alternatively, if the Court is not inclined to stay further proceedings pending appeal, then the Court should defer those proceedings until *Boe*'s conclusion. Recognizing the hardship that a sanctions order may impose on an attorney, the Supreme Court has held that a district court can "reduce any hardship by reserving until the end of the trial decisions such as whether to impose the sanction, how great a sanction to impose, or when to order collection." *Cunningham v. Hamilton County, Oh.*, 527 U.S. 198, 209-210 (1999). There is no compelling reason why any proceedings relating to the Final Report in *Vague* cannot be fully addressed after trial

7

or a final judgment is entered in *Boe*. The *Vague* proceedings and the Final Report have no relevance to the merits of *Boe*, yet injection of such matters at this time could distract from resolution of the merits of the Plaintiffs' claims resulting in undue prejudice to Plaintiffs themselves—none of whom were involved in the panel proceeding. By deferring any proceeding relating to the issues in the Final Report until *Boe*'s conclusion, a fair balance is struck: *Boe* can be resolved on its merits without delay, and then if the Court wishes to address the matters raised in the Final Report, the Court may do so while allowing any affected attorneys to seek immediate appellate review.

Respectfully Submitted,

/s/ Bruce Rogers

Bruce F. Rogers
Elizabeth N. Terenzi

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
600 Luckie Drive, Ste. 415
Birmingham, Alabama 35223
Telephone: (205) 879-1100
Facsimile: (205) 879-4300
Email: brogers@bainbridgemims.com
bterenzi@bainbridgemims.com

*Attorneys for Michael Shortnacy*

## CERTIFICATE OF SERVICE

I certify that, on October 24, 2023, I filed a copy of the foregoing with the Clerk of Court **UNDER SEAL** and served a copy on counsel in the miscellaneous *Vague* action (Case No. 2:22-mc-3977-WKW) by email. **THIS MOTION AND BRIEF WAS NOT SERVED ON THE ALABAMA ATTORNEY GENERAL OR OTHER COUNSEL FOR PARTIES IN THIS ACTION.**

/s/ Bruce Boyer
OF COUNSEL