## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.,* | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| and | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Plaintiff-Intervenor*, | ) |
| | ) |
| v. | )   No. 2:22-cv-00184-LCB-CWB |
| | ) |
| Hon. Steve Marshall, in his official | ) |
| capacity as Attorney General of the | ) |
| State of Alabama, *et al.,* | ) |
| | ) |
| *Defendants*. | ) |

## PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

The United States submits this response to Defendants' Notice of

Supplemental Authority in Support of Their Motion to Compel Designation of

Admiral Rachel Levine as a U.S. Department of Health and Human Services

(HHS) Custodian, ECF No. 325 (Notice). Defendants' submission, which contains

no newly issued legal precedent, is a thinly veiled sur-reply, filed without leave of

court, addressing the same arguments raised in their original Motion to Compel

Designation of Admiral Rachel Levine as an HHS Custodian, ECF No. 302.

The purpose of filing a notice of supplemental authority is to advise the court on newly decided precedent germane to the dispute; not for presenting additional argument or factual evidence like Defendants did here. *See Foster v. Bridgestone Ams. Tire Operations, LLC*, No. 11-0175-WS-N, 2013 WL 1363962, at *4 (S.D. Ala. Apr. 3, 2013) (the court struck notice of supplemental authority filed without leave of the court because it was not "newly issued legal precedent" but transcripts of opposing party's Congressional hearing testimony); *see also Vega v. All My Sons Bus. Dev. LLC*, 583 F. Supp. 3d 1244, 1256 (D. Ariz. 2022) (stating that "'[t]he purpose of a Notice of Supplemental Authority is to inform the Court of a newly decided case that is relevant to the dispute before it; it is not a venue for submission of additional argument or factual evidence.") (quoting *Myers v. Freed*, No. CV-19-056683-PHX-SMB, 2020 WL 6048327, at *1 (D. Ariz. Oct. 13, 2020)); *United Broadcasting Corp. v. Miami Tele-Communications*, 140 F.R.D. 12, 13 (S.D. Fla. 1991) ("[A] notice of supplemental authority that raises an argument . . . is in fact an attempt at a sur-response, which is not permitted in the absence of court order."); *Hagens Berman Sobol Shapiro LLP v. Rubinstein*, No. C09-0894 RSM, 2009 WL 3459741, at *1 (W.D. Wash. Oct. 22, 2009) (describing a notice of supplemental authority as "improper" because, among other reasons, "it contained argument regarding the case").

Defendants cite no law or rule authorizing their improper filing, nor do they present new legal authority relevant to the underlying motion. Instead, Defendants' notice re-argues the same points made in their opening and reply briefs, principally by describing emails that World Professional Association for Transgender Health (WPATH) produced concerning phone conversations that the organization had with Admiral Rachel Levine, the Assistant Secretary for Health for HHS.

This information adds nothing to the motion before the Court. The United States is obligated to follow this Court's order compelling production of documents held by HHS. To fulfill this responsibility, HHS carefully selected the most appropriate custodians to collect responsive information. One of the primary reasons why Admiral Levine is not an appropriate custodian is that she does not regularly conduct her work through emails, memoranda, or other written work product, a point which Defendants confirm in their filing. Not one of the emails mentioned in their filing was sent or received by Admiral Levine, which further supports that she should not be named a custodian.

Moreover, Defendants' claim that the United States downplayed Admiral Levine's role in support of gender-affirming care is inaccurate. Defendants took a phrase from the United States' brief out of context to suggest the United States was comparing Admiral Levine's professional interest in gender-affirming care to that of a member of the public. ECF No. 325 at 2 ("a consumer the of research," "just

like the public"). The phrase, however, was used by the United States to describe

Admiral Levine's relationship to the National Institutes of Health (NIH) and the

research it funds. The quote states:

> Defendants' fixation with Admiral Levine ignores the nature of her
> role within HHS—where a completely separate operating division
> (NIH) has funded *some* research on the subject of gender-affirming
> care. Admiral Levine does not oversee NIH and is a consumer of the
> research it funds, just like the public.

ECF No. 307. It is clear from the quote that the United States was not making a

wholesale comparison between a high-ranking official and expert in healthcare to a

member of the public. Instead, it was to point out that Admiral Levine's position

within HHS does not grant her insider access to information from NIH more so

than any other member of the public, and therefore, she would not have non-

privileged, responsive documents that would be unique from what HHS has

already collected and produced. Defendants cherrypicked a portion of the sentence

and used it out of context to attempt to advance their argument—which, arguably,

does not even support their position.

     For the foregoing reasons, Defendants' Notice of Supplemental Authority,

made without leave of court, was improper and should be disregarded by the Court.

Dated: October 25, 2023            Respectfully submitted,

SANDRA J. STEWART          KRISTEN CLARKE
United States Attorney           Assistant Attorney General
Middle District of Alabama       Civil Rights Division

PRIM F. ESCALONA
United States Attorney
Northern District of Alabama

JASON R. CHEEK
Chief, Civil Division

MARGARET L. MARSHALL
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203
Tel.: (205) 244-2104
Margaret.Marshall@usdoj.gov

STEPHEN D. WADSWORTH
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

JOHN POWERS (DC Bar No. 1024831)
Counsel to the Assistant Attorney General
Civil Rights Division

CHRISTINE STONEMAN
Chief, Federal Coordination and Compliance
Section

COTY MONTAG (DC Bar No. 498357)
Deputy Chief, Federal Coordination and
Compliance Section

RENEE WILLIAMS (CA Bar No. 284855)
KAITLIN TOYAMA (CA Bar No. 318993)
Trial Attorneys
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 305-2222
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

*/s/ Amie S. Murphy*
AMIE S. MURPHY (NY Bar No. 4147401)
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 353-1285
Amie.Murphy2@usdoj.gov

*Attorneys for Plaintiff-Intervenor United
States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to counsel of record.

Respectfully submitted,

*/s/ Amie S. Murphy*
Trial Attorney
Civil Rights Division
U.S. Department of Justice