# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

2023 OCT 25  P 2: 05

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| BRIANNA BOE, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 2:22-CV-00184-LCB-CWB |
| *Plaintiff-Intervenor*, ) | HON. LILES C. BURKE |
| ) | |
| v. ) | |
| ) | **** UNDER SEAL **** |
| STEVE MARSHALL, IN HIS ) | |
| OFFICIAL CAPACITY AS ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, *ET AL.*, ) | |
| ) | |
| *Defendants*. ) | |

## SEALED MOTION TO STAY PROCEEDINGS RELATING TO *IN RE VAGUE, ET AL.*

# FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, | ) |
| *Plaintiffs*, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) NO. 2:22-CV-00184-LCB-CWB |
| *Plaintiff-Intervenor*, | ) HON. LILES C. BURKE |
| v. | ) |
| | ) **** UNDER SEAL **** |
| STEVE MARSHALL, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF ALABAMA, *ET AL.*, | ) |
| *Defendants*. | ) |

## SEALED MOTION TO STAY PROCEEDINGS RELATING TO *IN RE VAGUE, ET AL.*

Melody H. Eagan ("Eagan") and Jeffrey P. Doss ("Doss"), through their undersigned counsel, move to stay any further proceedings in this Court resulting from or relating to the Final Report of Inquiry ("Final Report") issued under seal in *In re Amie Adelia Vague, et al.*, Case No. 2:22-mc-3977-WKW ("the miscellaneous action"), pending appeal of the miscellaneous action. In the alternative, Eagan and Doss request that this Court stay any proceedings resulting from or relating to the miscellaneous action until this Court concludes the proceedings on the merits in this

1

case ("the *Boe* case"). Eagan and Doss are not asking this Court to stay any proceedings on the merits in the *Boe* case, nor to delay consideration of the Emergency Motion to Stay Dissemination of Sealed Final Report (Doc. 319). Instead, for the reasons outlined below, Eagan and Doss simply request that this Court stay any proceedings related to or arising from the Final Report pending appeal of the miscellaneous action or until this Court concludes the *Boe* case proceedings (i.e., through trial or final judgment). Eagan and Doss further request that the Court address this Motion at the November 2, 2023 hearing, as part of the discussion "with Counsel [regarding] the next procedural steps concerning the three-judge panel's final Report of Inquiry." *Boe*, Doc. 324 (sealed).

## PROCEDURAL HISTORY

As the Court is aware, the Northern District of Alabama, the Middle District of Alabama, and the Southern District of Alabama opened the miscellaneous action "to inquire about the issues raised by counsel's actions" in three cases that challenged Alabama's "Vulnerable Child Compassion and Protection Act:" *Ladinsky v. Ivey*, 5:22-cv-447-LCB (N.D. Ala.), *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. Ala.), and *Eknes-Tucker v. Ivey*, 2:22-cv-184-LCB (M.D. Ala.).[1] *Vague*, Doc. 1. The three-judge panel in the miscellaneous action took testimony in camera from thirty-nine

---

[1] The Court is currently styling *Eknes-Tucker* as *Boe, et al. v. Marshall, et al.*

lawyers involved in *Walker*, *Ladinsky*, and *Eknes-Tucker* through live testimony in five hearings and written declarations. On October 3, 2023, the panel issued the Final Report and ordered service of a copy of the Report to Judge Liles C. Burke "so that he may proceed as appropriate", as well as to Chief Judges L. Scott Coogler and Emily C. Marks. *In re Vague*, Doc. 70 (sealed). Eagan, Doss, and other parties in the miscellaneous action have filed notices of appeal to the Eleventh Circuit Court of Appeals.

On October 4, 2023, this Court entered an Order stating, "The Final Report of Inquiry in [*In re Vague*] has been referred to the Court so that it may proceed as appropriate." *Boe*, Doc. 318 (sealed). That October 4 Order also directed the Clerk of Court to email the Final Report to all *Boe* counsel of record who were not parties in the miscellaneous action. *Id.* In response, counsel for three of the *Vague* parties filed an Emergency Motion to Stay Dissemination of Sealed Final Report in *Boe*. *Boe*, Doc. 319. The Court entered an Order requiring counsel to submit a memorandum the following day. *Boe*, Doc. 320 (sealed). Counsel complied and submitted a memorandum. *Boe*, Doc. 321 (sealed). The Court has now entered a briefing Order related to the Emergency Motion to Stay, as well as scheduled a hearing on November 2, 2023 to address pending motions and "discuss with Counsel the next procedural steps concerning the three-judge panel's final Report of Inquiry." *Boe,* Doc. 324 (sealed).

3

## ARGUMENT

Eagan and Doss respectfully request that this Court stay any further proceedings resulting from or relating to the Final Report, pending the resolution of the appeal of the miscellaneous action or, in the alternative, until the merits of the *Boe* case are decided by this Court.

In general, a notice of appeal from an appealable order would divest the presiding district court of jurisdiction over those aspects of the case that are subjects of the appeal. *See, e.g., Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023); *Johnson v. 3M Company*, 55 F.4th 1304, 1309 (11th Cir. 2022). While this Court did not preside over the miscellaneous action, the reasoning underlying a stay is similar. The appeal of the miscellaneous action may eliminate the need for or change the procedural posture of any further proceedings in this Court related to the miscellaneous action or the Final Report. Moreover, the interests of judicial economy would be served by staying any such proceedings during the pending appeal, to avoid wasted or duplicative efforts.

If the Court is not inclined to stay further proceedings pending appeal, then Eagan and Doss request that the Court defer further proceedings until *Boe*'s conclusion.

In *Cunningham v. Hamilton County, Oh.*, 527 U.S. 198 (1999), the district court sanctioned an attorney pursuant to Federal Rule of Civil Procedure 37(a) and

4

disqualified her from further representation in the case. *Id.* at 201. The attorney appealed, and the Supreme Court held that sanctions, pursuant to Rule 37(a), are not immediately appealable and may be appealed only at the case's conclusion. *Id.* at 202-03. But the Supreme Court recognized "the hardship that a sanctions order may sometimes impose on an attorney" when the sanction significantly precedes the final judgment in the case. *Id.* at 209. As the Seventh Circuit explained, a sanctions order would "likely inflict a significant reputational injury having adverse financial consequences." *Martinez v. City of Chicago*, 823 F.3d 1050, 1053 (7th Cir. 2016); *see also Walker v. City of Mesquite, Tex.*, 129 F.3d 831, 832 (5th Cir. 1997) ("[O]ne's professional reputation is a lawyer's most important and valuable asset.").

Thus, to "reduce any hardship," "a district court can . . . reserve[e] until the end of the trial decisions such as whether to impose the sanction, how great a sanction to impose, or when to order collection." *Cunningham*, 527 U.S. at 210. There is no compelling reason why any proceedings relating to the Final Report cannot be fully addressed after trial or a final judgment is entered in *Boe*. Nothing about the miscellaneous action or the findings outlined in the Final Report have relevance to the merits of this case, yet injection of such matters at this time creates a potential distraction from resolution of the merits of the Plaintiffs' claims and could result in undue prejudice to Plaintiffs themselves -- none of whom were the subject of the panel proceeding. By deferring any proceeding relating to the issues in the

5

Final Report until *Boe*'s conclusion, a fair balance is struck: the case can be resolved on its merits, without delay, and then if the Court wishes to address certain findings outlined in the Final Report, the Court may enter orders regarding such issues while allowing any affected lawyers to seek immediate appellate review.

## CONCLUSION

For the foregoing reasons, Eagan and Doss respectfully request that the Court stay any further proceedings arising from or relating to the Final Report pending appeal of the miscellaneous action or, in the alternative, until the conclusion of the merits proceedings in *Boe*. Eagan and Doss also respectfully request that this Motion be addressed during the November 2, 2023 hearing.

Respectfully Submitted,

Date: October 25, 2023

One of the Attorneys for
Melody H. Eagan and Jeffrey P. Doss

OF COUNSEL:
Samuel H. Franklin (FRA006)
*sfranklin@lightfootlaw.com*
M. Christian King (KIN017)
*cking@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

## **CERTIFICATE OF SERVICE**

I certify that, on October 25, 2023, I filed a copy of the foregoing with the Clerk of Court UNDER SEAL and served a copy on counsel in the miscellaneous *Vague* action (Case No. 2:22-mc-3977-WKW) by email. **THIS JOINDER IS NOT BEING SERVED ON THE LAWYERS REPRESENTING THE PARTIES IN *BOE*.**

_____
OF COUNSEL