IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| United States of America, | ) |
| | ) |
| *Intervenor Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-184-LCB |
| | ) |
| Hon. Steve Marshall, in his official | ) **FILED UNDER SEAL** |
| capacity as Attorney General, | ) |
| of the State of Alabama, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**DEFENDANTS' RESPONSE TO "EMERGENCY MOTION TO STAY DISSEMINATION OF SEALED FINAL REPORT" (DOC. 319), "MOTION TO STAY PROCEEDINGS RELATING TO IN RE VAGUE PENDING APPEAL" (DOC. 329), AND "SEALED MOTION TO STAY" (DOC. 332)**

After the panel in *In re Vague*, 2:22-mc-3977, issued its Final Report of Inquiry and placed it under seal on October 3, 2023, this Court ordered the Clerk of Court to send a copy of the report to a representative of counsel for the Defendants and a representative of counsel for the United States. Order, Doc. 318. The Clerk did so within minutes of the Court's order being docketed on October 4. Later that same day, counsel for certain of the parties involved in *In re Vague* filed a 2-page

"Emergency Motion to Stay Dissemination of Sealed Final Report." Doc. 319.[1] They also filed a sealed memorandum in support, which has not been provided to Defendants. Doc. 231. The Court then ordered further briefing from the movants and invited a response by "all other parties." Order, Doc. 324. On October 16, the movants filed another brief in support of their emergency motion to stay, but again sealed it and did not provide it to Defendants. Doc. 327. On October 23, they filed another sealed motion, again without providing Defendants a copy; Defendants know nothing about the relief sought by this motion, as not even its title appears on the docket. Doc. 328. Continuing the trend of filing documents but withholding them from one of the parties to the litigation, certain counsel for Plaintiffs then filed their own sealed motion, styled on the docket as a "Motion to Stay Proceedings relating to *In re Vague*, et al. pending appeal." Doc. 329. This morning, more sealed motions came in, including another "Sealed Motion to Stay." Docs. 331, 332.

Defendants have not seen any of these documents.[2] Withholding filings from a party to the litigation is generally improper, and Defendants require the same

---

[1] Before filing their motion, but after the Clerk had already circulated the Final Report of Inquiry to counsel for Defendants, counsel for movants emailed counsel and the clerk's office announcing that they would soon be filing a motion for stay.

[2] On October 24, counsel for Defendants emailed Plaintiffs' counsel and counsel for movants James D. Esseks, Carl Solomon Charles, and LaTisha Gottel Faulks requesting access to the sealed filings. Counsel inadvertently left off of that request counsel for Plaintiffs' counsel / movants Melody Eagan, Jeff Doss, and Michael Shortnacy. Counsel regret the oversight in e-mailing Plaintiffs' counsel rather than their counsel.

2

access to these filings as Plaintiffs have to the filings Defendants have made under seal. As the Eleventh Circuit has explained, "[e]x parte communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires 'a reasonable opportunity to know the claims of the opposing party and to meet them.'" *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) (quoting *Morgan v. United States*, 304 U.S. 1, 18 (1938)). This presumption of access by *at least* the opposing parties not only supports Defendants' right to retain access to the Final Report (as explained more below), but also Defendants' right to view all pleadings filed in this case to which they are a party. This Court should order that the sealed documents filed in this case be made available to Defendants.

With that said, and with the caveat that Defendants have not seen the filings they are responding to, Defendants offer this tentative "response" to explain generally why they should retain access to the Final Report of Inquiry.[3] Should Defendants gain access to the filings, they request leave to supplement or alter these responses as needed.

---

[3] Defendants are mindful that the Final Report of Inquiry remains under seal and thus have not disseminated the report or discussed it with anyone who is not counsel of record for the Defendants. Defendants have not received any other sealed materials from the *In re Vague* inquiry, including transcripts and declarations.

I.   **At The Very Least, The Final Report Of Inquiry Is Relevant To The Equities Of The Preliminary Injunction And Defendants' Pending Motion To Stay The Injunction.**

Earlier in this case, Defendants argued that Plaintiffs' motion for a preliminary injunction should be denied because (among other reasons) their inequitable conduct in judge-shopping should have "foreclose[d] preliminary equitable relief." Defendants' PI Resp., Doc. 74 at 148.[4] As Defendants explained at the time, "Plaintiffs and their attorneys obviously engaged in judge-shopping" when (1) they "file[d] near-identical complaints in two districts, enabling them to drop whichever one was assigned to a judge they disliked," (2) "the attorneys in the *Walker* case claimed it was 'related' to an unrelated (closed) case presided over by Judge Thompson," (3) both sets of attorneys agreed to have their cases consolidated before Judge Axon in the Northern District, (4) both sets of attorneys then voluntarily dismissed their cases within two hours of their being assigned to this Court, "the *Walker* Plaintiffs at 6:24 pm and the *Ladinsky* plaintiffs 9 minutes later," (5) the *Ladinsky* lawyers told the press that they planned to "re-file imminently," and (6) the *Ladinsky* lawyers "re-fil[ed] in the Middle District in an attempt to obtain a new judge," having unearthed new plaintiffs, added a "throwaway First Amendment claim, and mov[ed] the lead plaintiff to a role as expert." *Id.* at 149-52. Then, "Plaintiffs' attorneys did not ask

---

[4] References are to the ECF-stamped pagination.

for preliminary relief until April 21," even though they had initially filed suit in *Ladinsky* on April 8 and claimed entitlement to emergency relief. *Id.* at 152-53.

Defendants were prejudiced by what they believed to be Plaintiffs' attempt at judge-shopping, as they had to devote scarce resources to defending ever-shifting claims for "emergency" relief. And Defendants urged the Court to "deny preliminary relief based solely on Plaintiffs' inequitable conduct," *id.* at 148, noting that "[e]quity must take into consideration" "attempts to manipulate the judicial process," *id.* at 149 (quoting *Gomez v. U.S. Dist. Ct. for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992)).

As we know now, Defendants' concerns were well founded. The three-judge panel concluded "without hesitation" that many of Plaintiffs' attorneys "purposefully attempted to circumvent the random case assignment procedures of the United States District Courts for the Northern District of Alabama and the Middle District of Alabama," noting 10 separate instances of "[c]ounsel's misconduct." *In re Vague*, Final Report of Inquiry, Doc. 70 at 51-52. The question now is whether Defendants are entitled to retain access to the Final Report. For at least two reasons, they should.

*First*, as Defendants explained in their response to Plaintiffs' preliminary injunction motion, inequitable conduct normally forecloses equitable relief. A court's equitable powers "can never be exerted in behalf of one who has acted fraudulently or who by deceit or any unfair means has gained an advantage." *Coral Springs St.*

*Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1341 (11th Cir. 2004). Although the Eleventh Circuit has since reversed this Court's preliminary injunction, *Eknes-Tucker v. Governor of Alabama*, 80 F.4th 1205 (11th Cir. 2023), the issue is still live because Plaintiffs have moved for rehearing *en banc*. That petition is still pending before the Eleventh Circuit. *See* Pls.' Pet. for R'hg, Doc. 129, *Eknes-Tucker*, No. 22-11707 (11th Cir. Sept. 11, 2023). Thus, the Final Report remains relevant because it confirms Defendants' arguments that the injunction should not have issued. Plaintiffs' inequitable conduct remains valid grounds for Defendants to argue that the Eleventh Circuit should not rehear the panel's decision and that the appeal does not warrant further consideration by the Supreme Court.

*Second*, for similar reasons, the Final Report is relevant to Defendants' motion to stay the preliminary injunction, which is pending before this Court. *See* Doc. 313. As with a preliminary injunction, a stay is an equitable order, and "the test for a preliminary injunction and a motion for stay" "mirror one another." *Barber v. Governor of Alabama*, 73 F.4th 1306, 1324 n. 29 (11th Cir. 2023). So Plaintiffs' inequitable conduct remains relevant for this motion, too, because it provides an additional reason to stay the injunction (on top of the Eleventh Circuit's precedential decision holding that Plaintiffs are unlikely to succeed on the merits).

In sum, Defendants' argument on the equities is yet another reason that (1) Plaintiffs were not entitled to a preliminary injunction in the first place and

(2) Defendants are entitled to a stay of the injunction now. Defendants should be permitted to cite the Final Report, which supports their equitable arguments.

## II. Claims Of "Work Product" Do Not Override Defendants' Right To Retain Access To The Final Report.

Defendants do not know what arguments the movants have raised in opposition to dissemination since they filed their memorandum and supplemental brief under seal and did not provide them to Defendants. *See* Docs. 321, 327. But Defendants suspect that the movants may argue that the Final Report should not be disseminated because it contains information protected by the work product doctrine. Some of the attorneys in *In re Vague* have filed a motion with that court arguing against the release of transcripts and attorney declarations on that basis. They argued: "During this inquiry, the Respondents provided privileged information to the Panel. That information reflected the Respondents' work product, including litigation strategies." *In re Vague*, Doc. 81.[5]

Assuming that the movants have made a similar argument here, and assuming that the work product doctrine applies in the first place, that doctrine does not require the Court to stay its order requiring the limited dissemination of the Final Report. That is because the work product doctrine can be overcome with a showing of substantial need and undue hardship in obtaining the material elsewhere. *See Castle v.*

---

[5] Defendants are not aware of any action taken on that motion.

7

*Sangamo Weston Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); Fed. R. Civ. P. 26(b)(3). To the extent the movants' alleged "work product" concerns discussions of judge-shopping, Defendants can establish substantial need. Such discussions would be direct evidence supporting, if not establishing, Defendants' position that Plaintiffs are not entitled to injunctive relief because of their own inequitable conduct. And Defendants cannot get the information elsewhere because, assuming the movants are unwilling to engage in discovery on these matters, there is nowhere else to get it.

More important, "in cases of attorney misconduct there is no protection for the attorney's work product." *Drummond Co., Inc. v. Conrad & Sherer, LLP*, 885 F.3d 1324, 1337 (11th Cir. 2018). Indeed, "a lawyer's unprofessional conduct may vitiate" the protection afforded to attorney work product. *Id.* at 1338 (quoting *Parrott v. Wilson*, 707 F.2d 1262, 1271 (11th Cir. 1983)). That is because "[a]n attorney should not be able to exploit [work product protection] for ends outside of and antithetical to the adversary system any more than a client who attempts to use the privilege to advance criminal or fraudulent ends." *Id.* (quoting *Moody v. I.R.S.*, 654 F.2d 795, 800 (D.C. Cir. 1981)). Thus, if the "litigation strategy" the movants wish to keep secret is their strategy to engage in judge-shopping, claims of work product protection have far less force here.

Defendants are not arguing that anyone should have immediate access to discussions among Plaintiffs' counsel about the legal issues or the substance of their claims. Defendants do contend, however, that they should have access to the panel's Final Report detailing its factual findings that go to the heart of Defendants' equitable arguments concerning Plaintiffs' attempt at judge-shopping. Such conduct contradicts Plaintiffs' claims that they needed emergency relief.

### III. Any Stay Should Be Limited To Disciplinary Proceedings And Should Not Affect Defendants' Access To Or Use Of The Final Report.

As for movants' and certain plaintiffs' counsel's motions to stay proceedings, *see* docs. 319, 327, 329, 332—which, again, Defendants have not been able to view—Defendants can say little at this point *other than* that any stay should not affect Defendants' right to use the Final Report for the reasons stated above. That is, even if staying subsequent proceedings related to *In re Vague* could be warranted, that should have no bearing on Defendants' request to stay the preliminary injunction or their arguments related to the equities of granting such an injunction.

\* \* \*

Court proceedings should not be sealed just because one party wishes them to be. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (holding that district court abused its discretion by declining to unseal case materials). Here, Defendants now ask only that they be able to retain access to the judicial inquiry's Final Report. That report provides additional authority for why the

preliminary injunction was improper and why it should now be stayed. The movants' claims of work product protection should not interfere with Defendants' right to access the Report, nor should the various motions for a stay pending appeal. Respectfully, the Court should deny the motion to stay dissemination of the sealed final report, doc. 319, and order the other parties to provide Defendants copies of the filings they have submitted to the Court under seal but withheld from Defendants.

Date: October 26, 2023

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

Respectfully submitted,

Steve Marshall
*Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
*Solicitor General*

A. Barrett Bowdre (ASB-2087-K29V)
*Principal Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
*Deputy Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I certify that I have, on this 26th day of October, 2023, hand-filed this document under seal with the Clerk of the Court, and that I have further emailed a copy of the same to the following counsel of record at the email addresses below:

Jeffrey P. Doss - jdoss@lightfootlaw.com;
Melody H. Eagan - meagan@lightfootlaw.com;

*Counsel for Private Plaintiffs*

Jason Cheek - Jason.Cheek@usdoj.gov;

*Counsel for the United States of America*

Barry Ragsdale - bragsdale@dfhlaw.com
Byron Pacheco - byron.pacheco@kirkland.com
Eugene F. Assaf - eassaf@kirkland.com
Robert S. Vance - RVance@dfhlaw.com
W. Neil Eggleston - neil.eggleston@kirkland.com

*Counsel for Movants James D. Esseks, Carl Solomon Charles, and LaTisha Gotell Faulks*

Bruce Rogers - brogers@bainbridgemims.com
Elizabeth Terenzi - bterenzi@bainbridgemims.com

*Counsel for Movant Michael B. Shortnacy*

M. Christian King - cking@lightfootlaw.com
Samuel H. Franklin - sfranklin@lightfootlaw.com

*Counsel for Movants Melody H. Eagan and Jeffrey P. Doss*

Edmund G. LaCour Jr.
*Counsel for Defendants*