UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-184-LCB |
| ) | |
| STEVE MARSHALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

James Esseks, Carl Charles, and LaTisha Faulks have moved to stay all further proceedings related to the Final Report of Inquiry issued in *In re Amie Adelia Vague*, a non-adversarial judicial investigation into counsels' actions in three cases that challenged Alabama's "Vulnerable Child Compassion and Protection Act." (Doc. 328). Similar motions, modeled on the first, have separately been urged by Michael Shortnacy and by Melody Eagan and Jeffrey Doss, with the latter two also filing a notice of joinder in the original motion (Doc. 329; Doc 331; Doc. 332). In addition to these sealed motions and notices urging the stay of the proceedings, Michael Shortnacy has filed a sealed, belated notice to join an earlier (unsealed) motion to stay dissemination of the sealed Final Report of Inquiry. (Doc. 333). All three motions and both notices were filed under seal without the Court's permission; none was served on all parties.

These actions are in direct contravention of the law, the Federal Rules of Civil Procedure, and the Middle District of Alabama's Local Rules: these motions must be properly litigated in the light of day. To that end, and for the reasons explained below, the Court **UNSEALS** counsels' filings and **DIRECTS** the Clerk of Court to immediately serve them on all parties to this lawsuit.

## DISCUSSION

### I. Counsel should not have filed their motions under seal without the Court's permission.

No one should be surprised by this unsealing—the fact that parties may not file motions under seal without leave of court is Civil Procedure 101. *See* Fed. R. Civ. P. 5.2(d); *See also Administrative Procedure for Filing, Signing and Verifying Pleadings and Documents under the Case Management/Electronic Case Files (CM/ECF) System in the U.S. District Court for the Middle District of Alabama*, § III(A) (requiring any document submitted for filing under seal to be accompanied by a motion and proposed order authorizing the filing).

Nearly all motions are presumptively available to the public. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). As court documents and matters of public record, motions are generally subject to the common-law right of access to judicial proceedings. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). Though some, like discovery motions, may lie beyond the scope of the common-law right of access, the presumption applies to any

2

motion that parties "present[] to the court to invoke its powers or affect its decisions," whether dispositive or not. *Callahan*, 17 F.4th at 1362. The rule derives from first principles: because "[t]he operations of the courts . . . are matters of utmost public concern," this right of access "is instrumental in securing the integrity of the [judicial] process." *Id.* at 1245.

To be sure, although the common-law right of access is "indispensable," it is not absolute. *Id.* at 1361. Those who wish to seal a motion can overcome the right only by showing good cause, a balancing act that weighs the common-law right of access "against the other party's interest in keeping information confidential." *Romero*, 480 F.3d at 1246.

Among the factors that courts consider in their good-cause analysis are "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1245.

The parties in question filed all three motions and both notices under seal and without leave of court, violating both the rules of this district and the common-law right of access to judicial records without showing overriding good cause. That alone

warrants their unsealing. But even if counsel *had* followed the rules and sought leave to file under seal, the Court would have declined to grant it.

A motion to stay proceedings on the Court's docket is a matter unequivocally subject to the right of public access to judicial proceedings. *See Callahan*, 17 F.4th at 1362. When the right attaches, the party that wishes to keep the information confidential must show good cause to do so. Not only have counsel here failed to show good cause; they have offered no valid reasons whatsoever for sealing the motions.

These motions do not contain confidential or scandalous information of the kind that typically overrides the right of public access, nor do they contain personal-identifying information that the local rules would necessitate sealing. Even if the Court should conclude that dissemination of the Final Report of Inquiry be limited to those attorneys party to *In re Vague*—a matter still under consideration—the motions concerning the report itself are not per se confidential. And to the extent that any motion *does* contain confidential information, counsel should file a redacted motion for the public record or seek leave to file their unredacted motion under seal. *See* Fed. R. Civ. P. 5.2.

Counsels' filings should therefore be unsealed.

## II.    Written motions must be served on all parties.

Rule 5(a)(1)(C) and (E) of the Federal Rules of Civil Procedure require counsel to serve "on every party" a "written motion, except one that may be heard ex parte" or "a written notice, appearance, demand, or offer of judgment, or any similar paper."

The Certificates of Service that were appended to each motion and notice conceded that none of them was served on all parties. The first filed Certificate is representative of the rest:

> I hereby certify that on October 23, 2023, I filed the foregoing with the Clerk of the Court **UNDER SEAL** and served a copy on counsel in the miscellaneous *Vague*, action (Case No. 2:22-mc-3977-WKW) by email. **THIS BRIEF WAS NOT SERVED ON THE ALABAMA ATTORNEY GENERAL OR OTHER COUNSEL FOR PARTIES IN THIS ACTION.**

(Doc. 328 at 9).

Counsels' remarkable notice of non-compliance with the Rules of Federal Procedure *might* be justified if they had shown that they were entitled to urge their motions or file their notices ex parte, but they have not. Motions to stay may not typically be heard ex parte, and the Court knows of no other exceptions that would permit non-service of a motion or joinder notice on other parties. Counsel are simply wrong to believe that their request concerns them alone; every attorney on the docket has an interest in the Court's consideration of the panel's findings, and every attorney should be permitted to respond to counsels' motion to stay.

Counsels' filings should therefore be served on all parties immediately.

## CONCLUSION

Counsel's filings all flow from the three-judge panel's investigation to determine whether certain attorneys attempted to circumvent the random assignment of judges—a "particularly pernicious form of forum shopping" known as judge shopping. *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. AL.) (Doc. 24 at 3). Yet even against this troubling background, counsel gives the judicial process short shrift. Their filings were impermissibly docketed under seal and improperly served on fewer than all parties; in all but name, they are secret, ex parte communications filed with the Clerk of Court. No party before this Court is exempt from the law, the Federal Rules of Civil Procedure, or the Middle District of Alabama's Local Rules. The Court will not tolerate any further lapses of process or filing shenanigans.

The Clerk of Court is hereby **DIRECTED** to unseal James Esseks, Carl Charles, and LaTisha Faulk's Motion to Stay Proceedings Relating to *In re Vague* (Doc. 328); Michael Shortnacy's Motion to Stay Proceedings Relating to *In re Vague, et al.* (Doc. 329); Melody H. Eagan and Jeffrey P. Doss's Sealed Joinder in Motion, Memorandum, and Brief Submitted by Carl Solomon Charles, James D. Esseks, and Latisha Gotell Faulks (Doc. 331); Eagan and Doss's Sealed Motion to Stay Proceedings Related to *In re Vague* (Doc. 332); and Shortnacy's Sealed Joinder to Emergency Motion to Stay Dissemination of Sealed Final Report and Supporting

Memorandum and Brief (Doc. 333). The Clerk of Court is further **DIRECTED** to serve these filings on all parties to this lawsuit immediately.

Nothing in this order should be construed to change the confidential status of the three-judge panel's Final Report of Inquiry. That filing remains under seal and may not be disseminated by any party or attorney unless and until the Court orders otherwise.

**DONE** and **ORDERED** this October 27, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE