## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **BRIANNA BOE,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:22-cv-184-LCB** |
| | ) | |
| **STEVE MARSHALL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MOTION TO TAKE JUDICIAL NOTICE</u>

Come now non-parties James Esseks, Carl Charles, and LaTisha Faulks (the "Movant Attorneys"), and respectfully submit this motion.

Because the proceeding in *In re Vague* is an entirely separate proceeding from the present case, and because the testimony and evidence in *Vague* remains under strict confidentiality and sealing orders by that three-judge panel, it is not clear to Movant Attorneys whether this Court has full access to the sealed transcripts and other evidence in that case. As a result, Movant Attorneys move this Court, pursuant to Federal Rule of Evidence 201, to take judicial notice of the transcript and filings in *In re Vague*, Case No: 2:22-MC-3977-WKW (M.D. Ala.), to establish the following:

## I.   THE *VAGUE* FINAL REPORT IS NOT A PART OF THIS CASE.

Although the Panel's sealed Final Report of Inquiry directed that a copy be served on Your Honor, it did not unseal the Report or make it any part of this case. (doc. 70 Sealed). *Vague* obviously is a separate and distinct proceeding with its own case number and docket, and its own "unique" set of rules and procedures.[1] *Vague* is not an extension of this case and this case is certainly not an extension of *Vague*.[2]

In fact, the *Vague* Panel consistently maintained that it was "not doing this in the conjunct of any particular case. This is not bringing you together in the *Walker* case, the *Ladinsky* case, or the *Ecknes-Tucker* case." (Aug 3 Tr. at 9-10). *See also* May 20 Tr. at 15-16 ("[S]ince it's not an adversarial proceeding, it's an MC case. It's not related to any of the dockets that … we've received this inquiry from. … It's not being done in any of the cases.").

Finally, the Panel made clear that its investigation and Report "can't be used in any litigation for purposes of a party's substantive position in that litigation." (May 20 Tr. at 16). This assurance directly conflicts with the *Boe* Defendants' demand that they be able to use the Final Report in this case and on appeal.

---

[1] The Panel itself called the *Vague* proceeding "unique." (doc. 22 at n3).

[2] The Panel did not "refer" its Final Report to this Court, in the legal sense. Although the Panel directed that Your Honor (*i.e.*. "the Honorable Liles C. Burke") receive a copy, it did not reference this (or any other) case in doing so.

## II.   *VAGUE* WAS CONDUCTED CONFIDENTIALLY AND *IN CAMERA*.

From its very inception, the *Vague* miscellaneous proceeding was conducted *in camera* and access to the information gathered by the Panel was very tightly controlled.[3] At the initial hearing on May 20, 2022, the Panel expressly excluded lawyers from the State of Alabama from the courtroom (May 20 Tr. at 37) and announced that it was imposing an unusual "modified version" of Federal Rule of Evidence 615 providing for the total sequestration of the attorney witnesses. (*Id.* at 93-94). Despite the fact that the Respondents were all parties to the proceeding and were respected officers of the court in good standing, they were systematically excluded from hearing the testimony of their fellow lawyers. *See* Comment, Fed.R.Evid. 615 ("Exclusion of persons who are parties would raise serious problems of confrontation and due process. Under accepted practice they are not subject to exclusion."). In addition, the Panel imposed a strict gag order on the Respondents and their counsel prohibiting them from discussing anything that had occurred "with anybody, period, except for legal counsel." (*Id.* at 202).

On July 20, 2022, the Panel entered an Order requiring Respondents to file sworn declarations "*in camera*" to the Panel (doc. 22), and providing:

---

[3] An Order entered the day before the initial May 20, 2022 hearing prohibited the summoned attorneys and their staffs from possessing any electronic technology including cell phones in court except for the "sole purpose of presenting evidence." (doc. 6). This Order appears to be more restrictive that the Middle District's General Order No. 09-3406 or Local Rule 83.4.

Counsel **SHALL NOT** share or discuss their personal declarations with any other attorney who is a subject of this inquiry. In addition, counsel are reminded that they **SHALL NOT** have any communication with anyone other than their own legal counsel regarding any matters related to this Order or that were addressed by the court and counsel during the May 20, 2022 hearing.

(*Id.* at 3 (emphasis original)). The Order also required each Respondent to include a sworn statement attesting that they had complied with the Panel's strict gag order (*Id.* at 4). Finally, the Panel's Order denied Respondents' multiple requests for transcripts of the May 20 hearing and June 17, 2022 status conference, including transcripts of their own testimony. (*Id.* at n3).

On July 25, 2022, the Panel revised its gag order to provide:

No party or attorney is permitted to disclose the contents of his or her declaration, the questions asked to him or her at the May 20, 2022 Hearing, or the answer he or she gave at the May 20, 2022 Hearing, in any manner that creates a substantial possibility that the information could reach any other individual who has been asked to submit a written declaration or who has been asked to provide oral testimony. **For example, disclosure to the media is prohibited.** Any individual's confidential disclosure to his or her own counsel is not prohibited.

(doc. 40 at 1-2 (emphasis added)). Although some of the junior Respondents were given limited access to transcripts of their own prior testimony, "each attorney is **DIRECTED** not to disclose his or her transcript to anyone other than his or her counsel." (*Id.* (emphasis original)).

When the hearing resumed on August 3, the Panel again reminded Respondents and their counsel that that the proceedings would operate under the

4

"modified rule [615]" sequestering the Respondents (Aug. 3 Tr. at 8), and reiterated that lawyers representing the State of Alabama would not be permitted to be in the courtroom (*Id.* at 10-11).[4] On August 4, the Panel again acknowledged that lawyers from the State of Alabama would be excluded from the courtroom (Aug. 4 Tr. at 10).[5]

At the conclusion of the last hearing on November 4, 2022, the Panel requested written submissions from Respondents and directed counsel to promptly submit a proposed briefing schedule (Nov. 4 Tr. at 72-85). The Panel also stated that they were not "done necessarily with sequestration" of the Respondents (*Id.* at 74), and indicated that the transcripts and Respondents' sworn declarations would be made available to counsel, but that they could not be shared with anyone other than the specific individual who had given the testimony or declaration (*Id.* at 86).

In response to the Panel's request, Respondents filed their Report Regarding Post-Hearing Procedure and Briefing on November 8, 2022 (doc. 69). As expressly suggested by the Panel, Respondents' report proposed a post-hearing briefing

---

[4] As noted elsewhere, Respondents received and relied on continuing and repeated assurances that the Panel's investigation and the evidence and testimony presented at the hearings would not be shared with the State of Alabama.

[5] At the conclusion of the August 4 hearing, the Panel appeared to relax slightly the sequestration rule for those lawyers who had already testified, but only as to discussions among the lawyers who had already testified (*Id.* at 270-73). Respondents who had not yet testified were still strictly sequestered. (*Id.*). Finally, because one of the Respondents' counsel was unable to attend the August 3-4 hearing, the Panel allowed him access to the transcript, but he was "**DIRECTED** not to share the transcript or discuss the contents of the transcript with anyone, including his clients." (doc. 60 (emphasis original)).

schedule tied to the Respondents' receipt of the transcripts of the November 3-4, 2022 hearings. (*Id.*).

Respondents heard nothing further from the Panel for eleven months until they received the sealed Final Report of Inquiry on October 3, 2023 (doc. 70 Sealed). At that time, Respondents still had not been provided with the transcripts for several of the hearings and the transcripts they did have were subject to strict sealing and non-disclosure orders from the Panel. The *Vague* Final Report was clearly labeled as being "**UNDER SEAL**" and nothing in the Final Report indicated that the Panel had removed or revised the strict confidentiality and gag orders previously imposed and maintained during that proceeding. (*Id.*).[6]

## III.   THE *VAGUE* FINAL REPORT IS SUDDENLY INTRODUCED TO THIS CASE.

The next morning after receiving the *Vague* Final Report, counsel learned of this Court's *sua sponte* order in this case (in which our clients are neither parties or counsel) directing the dissemination of the *Vague* Final Report to multiple lawyers

---

[6] Of course, confidentiality is traditionally the *sine qua non* of attorney disciplinary matters. *See, e.g.,* N.D. Ala. R. 83.1(g)(5) ("All complaints, referrals, orders, and proceedings before, and reports, of the Grievance Committee [on attorney discipline] shall be confidential except as provided in this Rule or until otherwise directed by the court."); M.D. Ala. R. 83.1(j) ("All investigative reports, records, and recommendations generated by or on behalf of the [Grievance] Committee under such circumstances shall remain strictly confidential."); S.D. Ala. R. 83.4(c)(1)-(4) (proceedings confidential); 11th Cir. R. Addendum A R.3B(1) (Disciplinary Proceedings) ("The Committee's report and all material received or generated by the Committee in the course of its investigation shall be confidential unless and until otherwise ordered by the Court through the Chief Judge."); Alabama Rule of Disciplinary Procedure 30 ("[A]ll disciplinary proceedings of the Alabama State Bar shall remain confidential …").

and law firms who are not involved in *Vague*, but are involved in this case, including the State of Alabama and its allies.[7] This Court's initial October 4 Order was filed "**UNDER SEAL**." (doc. 318 Sealed). Movant Attorneys hastily filed an emergency motion requesting a temporary halt to the dissemination of the *Vague* Final Report (doc. 319). Although Movant Attorneys' emergency motion was not filed under seal, this Court responded with a second Order that **was "UNDER SEAL"** (doc. 320 Sealed). This Court's sealed Order criticized the emergency motion, in part, because it did not cite "either the hearing transcript or the panel's findings" and ordered movants to file immediately a memorandum providing pinpoint citations to the sealed transcripts and Final Report. (*Id.*). That Order expressly directed Movant Attorneys to file their memorandum "under seal." (*Id.*).

The *Vague* transcripts and Final Report were (and still are) all still under seal in *Vague*. In order to comply with the Court's instructions, Movant Attorneys were required to include descriptions, references, and direct passages from the sealed transcripts and Final Report. To share that material with non-parties outside of *Vague* (except, of course, with this Court) would violate the sealing and other confidentiality orders that had been so strictly imposed and enforced by the Panel.[8]

---

[7] Unfortunately, we now know that the *Vague* Final Report had already been emailed to those non-*Vague* lawyers and law firms before Movant Attorneys or their counsel learned about this Court's Order.

[8] *See Taylor v. Teledyne Techs., Inc.*, 338 F. Supp. 2d 1323 (N.D. Ga. 2004) (Counsel violated sealing order when he paraphrased its contents in subsequent defamation complaint).

Because this Court's sealed Order instructed Movant Attorneys to file their memo "under seal," they did just that the next morning, with the expectation that it was also *in camera*, as was the practice in *Vague*. As a result, the sealed memorandum was not served on any counsel or parties who are not in *Vague*, and that was reflected on the certificate of service. Parties and counsel in this case did receive a CM/ECF notice that a Sealed Document had been filed shortly after it was delivered to the Clerk (doc. 321). No party or counsel asked for a copy or even asked about the filing at that time.[9]

On October 11, 2023, this Court entered an Order requiring Movant Attorneys to file a second brief in support of their emergency motion (doc. 324 Sealed). Once again, the Court's Order was filed "**UNDER SEAL**." (*Id.*). Movant Attorneys subsequently filed their brief and motion to stay under seal and *in camera*, consistent with previous filings. Others followed suit.

On October 27, 2023, this Court issued two orders directing that the sealed *Vague* Final Report be filed on the docket of this case (under seal), while unsealing movants' motions and other filings, as well as the filings of others. For the first time regarding this issue, those Orders were not filed under seal. (docs. 338, 340).

---

[9] Almost three weeks later, after additional sealed *in camera* filings were made, the State of Alabama enquired about them by email. At the Court's direction, the State of Alabama has now been served with the sealed Memorandum (doc. 321) and Brief (doc. 327).

Respectfully submitted,


/s/ *Barry A. Ragsdale*
Barry A. Ragsdale (RAG003)
Robert S. Vance (VAN069)
**Dominick Feld Hyde, PC**
1130 22nd Street South, Suite 400
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com


## CERTIFICATE OF SERVICE

I certify that, on October 31, 2023, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.


/s/ *Barry A. Ragsdale*
OF COUNSEL