UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STEVE MARHSALL, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:22-CV-184-LCB |

**MEMORANDUM OF LAW IN SUPPORT OF MAINTAINING
THE PANEL'S REPORT OF INQUIRY UNDER SEAL**

Attorneys **Jennifer Levi** and **Shannon Minter** respectfully submit this response to the Court's November 3, 2023 order (ECF #349) directing the attorney-respondents to brief whether the "Final Report of Inquiry" (No. 22-mc-03977-LCB, ECF #70) (the "Report") should remain under seal at this time.

## INTRODUCTION

The Court should keep the Report under seal at this time for two primary reasons. *First*, the proceedings related to the Report are still ongoing, and thus the Report is a record of a non-final disciplinary inquiry. Under the practice of the Northern and Middle Districts of Alabama, the Eleventh Circuit, and the Alabama Bar, disciplinary matters are presumptively confidential unless and until determinations are made both that sanctionable misconduct occurred and that public sanctions are warranted. There have been no such determinations here. Accordingly, maintaining the Report under seal is proper (and indeed the normal practice), and does not run afoul of the First Amendment or the common-law right of access to judicial records. *Second*, even if the Court ultimately were to determine that one or more attorneys did commit sanctionable misconduct, one possible sanction would be a private reprimand, but this option will have been effectively mooted if the Report had already been unsealed. The Court should preserve the possibility of a private reprimand by maintaining the Report under seal for now.

Levi and Minter also want to advise the Court that they are eager to resolve this inquiry swiftly. They do not dispute the factual account of their actions detailed in the Report. And while they wish to preserve their legal arguments as to why their actions did not constitute sanctionable misconduct as a matter of law, they are prepared to take responsibility for their actions and apologize to the Court.

# ARGUMENT

I. **The Report Is a Presumptively Confidential, Non-Final Record of a Judicial Inquiry Into Disciplinary Matters.**

The Report should remain sealed because it is a non-final report arising in connection with a disciplinary inquiry. The presumptive practice of the courts and the bar is to keep records of disciplinary proceedings confidential, at least unless and until a final decision imposing a public sanction has issued, something that has not happened at this point. There is no public or First Amendment right of access to non-final records of disciplinary investigations.

    A. **Records of Non-Final Disciplinary Proceedings are Presumptively Confidential Under the Rules of this Court, the Eleventh Circuit, and the Alabama Bar.**

Disciplinary investigations may inflict significant reputational harm on attorneys. For that reason, the "presumptive norm" is that they are confidential while they are pending, and are made public only if a public sanction is imposed. *See, e.g.*, *In re Moncier*, 550 F. Supp. 2d 768, 775 (E.D. Tenn. 2008) ("The confidentiality rule serves to protect attorneys who may be charged with professional misconduct but have those charges later proven unfounded … Confidentiality is the presumptive norm throughout proceedings of this nature.").

The rules of the Northern and Middle Districts of Alabama, the Eleventh Circuit, and the Alabama Bar reflect an established practice of confidentiality in disciplinary matters:

3

- Under the Northern District's Local Rules, "[a]ll complaints, referrals, orders, and proceedings before, and reports, of the Grievance Committee shall be confidential except as provided in this Rule or until otherwise directed by the court." N.D. Ala. Local Rule 83.1(g)(5).

- Likewise, under the Middle District's Local Rules, the Grievance Committee's written investigative report, as well as its report and recommendation regarding whether an attorney should be found to have committed misconduct, are presumptively confidential, to be maintained with the court in a sealed box and opened only with a court order. M.D. Ala. Local Rule 83.1(j)(1), (2), (4).

- Similarly, under the Eleventh Circuit's Rule 2(E) Governing Attorney Discipline, "all reports, records of proceedings, and other materials . . . shall be filed and maintained as sealed and confidential documents and shall be labeled accordingly," with one exception. That exception, found in Rule 13(C) applies only when "an attorney who has been disbarred, suspended, or publicly reprimanded by the Court."

- Finally, Rule 30(a) of the Alabama Rules of Disciplinary Procedure similarly states that in general, "all disciplinary proceedings of the Alabama State Bar shall remain confidential until" the "respondent pleads guilty" or the "Disciplinary Board or Disciplinary Commission makes a finding of guilty."

Here, there is no reason for the Court to deviate from the presumption of confidentiality. As this Court has underscored, this disciplinary inquiry remains ongoing. The Court's November 3, 2023 Order (ECF #350) states that the Report is non-final and non-appealable. The Panel's November 3, 2023 Order (No. 22-mc-03977-LCB, ECF #99) also states that the Report is not a final decision, and that this case "requires further proceedings," which "may include, but are not limited to, accepting, rejecting, or modifying in whole or in part the Panel's findings and making additional findings of fact as necessary." In other words, the Report is a preliminary set of factual findings that the Court has not adopted at this juncture, in whole or in part. The Report itself cannot be construed as a final decision: it contains no conclusions regarding whether the facts constitute sanctionable misconduct, whether there was subjective bad faith on the part of any one of the attorneys, or what (if any) kind of sanction is appropriate as to any one of the attorneys. The Court should keep the Report confidential at this stage of the disciplinary inquiry.

**B.     Sealing the Report Would Not Violate Any Right to Access Judicial Records.**

There is no First Amendment or common-law right of access to the Report.

**1.     *First Amendment*.**

The Supreme Court has emphasized two considerations when assessing claims of a First Amendment right of access to court proceedings. *Press-Enterprise*

*Co. v. Superior Court*, 478 U.S. 1, 8 (1986).[1]  First, the Court has "considered whether the place and process have historically been open to the press and general public." *Press-Enterprise*, 478 U.S. at 8. Second, "the Court has traditionally considered whether public access plays a significant positive role in the functioning of the particular process in question." *Id.*

To Levi and Minter's knowledge, no court has ever recognized a First Amendment right to access interlocutory orders in disciplinary proceedings. This Court should not do so here.

First, there is no "tradition of accessibility" of such orders. Indeed, as noted above, such orders are typically kept secret. In several respects, they are analogous to records of grand jury proceedings, which are not subject to any First Amendment right of access. *See In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records*, 864 F.2d 1559, 1562 (11th Cir. 1989) (holding that the press lacks a First Amendment right to access grand jury proceedings because such proceedings "are historically and presumptively secret").

Second, public access would not play a "significant positive role in the functioning of the particular process in question." *Press-Enterprise*, 478 U.S. at 8.

---

[1] *Press-Enterprise* addressed the right of access to criminal proceedings, 478 U.S. at 8, but a "host of lower courts" have applied *Press-Enterprise* to civil proceedings. *Courthouse News Serv. v. Forman*, 606 F. Supp. 3d 1200, 1207 (N.D. Fla. 2022); *see, e.g.*, *Barber v. Conradi*, 51 F. Supp. 2d 1257, 1266 (N.D. Ala. 1999).

Indeed, the Court's practice of keeping attorney disciplinary proceedings confidential reflects the judgment that such proceedings are not assisted by press coverage. Levi and Minter will cooperate fully with the Court regardless of whether the Report is unsealed, but as a general matter, recognizing a First Amendment right to access records from pending disciplinary proceedings is likely to encourage attorneys to be more defensive in such matters.

The Court of Appeals of New York came to this same conclusion in *Johnson Newspaper Corp. v. Melino*, 564 N.E.2d 1046 (N.Y. 1990). The court held that the press had no First Amendment right to records of professional disciplinary proceedings because "there is no suggestion that professional disciplinary hearings have any tradition of being open to the public and no showing that the public access plays 'a significant positive role' in the functioning of the proceedings." *Id.* at 1049 (quoting *Press–Enterprise*, 478 U.S. at 8).

### 2. *Common-Law Right of Access.*

Nor is there a common-law right of access to the Report. To recognize a common-law right to certain judicial records, a court must "balanc[e] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quotation marks and alterations omitted). Relevant factors affecting this balance include "whether allowing access would impair court functions or harm legitimate

7

privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* Importantly, "decisions less central to merits resolutions implicate lesser right-to-access considerations." *Id.* (quotation marks omitted).

The common-law right of access provides no basis to deviate from the presumption of confidentiality that applies under the rules for disciplinary matters pending in this Court or the Eleventh Circuit. First, the affected attorneys have an interest in confidentiality because they have been accused of misconduct, yet no final determination has been made. The attorneys have substantial legal arguments that their actions did not constitute misconduct, that there was no bad faith, and that formal sanctions are unwarranted, but they have not yet had that opportunity to present those arguments to the Court. This preliminary stage is not the time to unseal the Report.

On the other side of the ledger, the public's interest in viewing the Report is low. Whatever public interest may exist with respect to a final order imposing public sanctions, there is little public interest in viewing a preliminary report—which could be modified or even rejected in part or in full—in connection with a pending disciplinary inquiry. Indeed, no member of the public has yet even asserted an

interest in viewing the Report. Moreover, the Report does not concern "public officials or public concerns," *Romero*, 480 F.3d at 1246, but instead concerns the actions of plaintiffs' counsel. Finally, the Report is not "central to merits resolutions," but instead addresses the collateral issue of the attorneys' alleged misconduct. *Id.*

## II. Unsealing the Report Would Limit the Court's Flexibility and Eliminate the Possibility of a Private Reprimand as a Potential Sanction.

There is a further practical reason the Report should remain sealed at this juncture: keeping the Report sealed would preserve the possibility of the Court issuing a private reprimand if it determines sanctionable misconduct occurred and that a sanction of some kind is warranted.

The Alabama Rules of Disciplinary Procedure identify a private reprimand as one type of sanction. Ala. R. Disc. Proc. 8(g). The Alabama State Bar publishes information about each private reprimand it imposes, but when it does so, it keeps the identity of the affected lawyer confidential.[2] *See, e.g.*, 11/2/2023 Private Reprimand, 7/6/2023 Private Reprimand. Even relatively serious instances of misconduct have warranted private reprimands rather than more substantial sanctions. *See, e.g.*, 11/2/2023 Private Reprimand (attorney did not file brief, even after receiving deficiency notice); 7/23/2023 Private Reprimand (attorney did not advise client of obvious conflict); 3/13/2023 Private Reprimand (attorney contacted

---

[2] This information is available at https://www.alabar.org/office-of-general-counsel/disciplinary-history/. Searching for the keyword "private" will identify private reprimands.

represented party inquiring about confidential communications and then provided false and misleading information during investigation).

Here, it is not clear what the Court will decide, but it is possible that the Court will conclude that one or more attorneys' conduct warrants a private reprimand or does not warrant a sanction.  Unsealing the entire Report now, however, would eliminate the Court's ability to tailor its decision-making and defeat the purpose of, and render moot, any private reprimand.  To preserve the Court's flexibility in addressing the Report as it sees fit, the Report should remain confidential at this juncture.

### III. Levi and Minter Respectfully Ask to Speak With the Court to Apologize and Address the Court's Concerns About Their Actions.

The Court has proposed meeting with the attorneys who are the subject of the Report.  Levi and Minter welcome that opportunity.  They wish to take responsibility for their actions and to bring this matter to a swift conclusion with a minimum of further burden on the Court.  They eagerly seek the earliest possible opportunity for such a hearing with the Court.

### CONCLUSION

For the foregoing reasons, Levi and Minter respectfully request that the Report remain under seal.  They also ask for the opportunity to speak with the Court concerning the Panel's preliminary conclusions at the earliest mutually convenient time.

Respectfully submitted this 10th day of November, 2023.

*s/ Robert D. Segall*
Robert D. Segall
Shannon L. Holliday
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street (36104)
P. O. Box 347
Montgomery, AL  36101-0347
Telephone: (334) 834-1180
Facsimile:  (334) 834-3172
Email: segall@copelandfranco.com
Email:  holliday@copelandfranco.com
**Counsel for Jennifer Levi and Shannon Minter**

## CERTIFICATE OF SERVICE

I certify that on November 10, 2023, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

/s/ *Robert D. Segall*
Of Counsel