UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRIANNA BOE**, *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:22-CV-184-LCB |
| ) | |
| **STEVE MARSHALL**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MAINTAINING THE SEAL ON THE PANEL'S REPORT OF INQUIRY

COME NOW **James Esseks, Carl Charles, and LaTisha Faulks** (the "Movant Attorneys"), by and through their undersigned counsel, respectfully submit this "Memorandum of Law in Support of Maintaining the Seal on the Panel's Report of Inquiry" in response to this Court's November 3, 2023, Order directing the Movant Attorneys to "brief whether the Final Report of Inquiry should remain under seal." *Boe*, Doc. 349. The Movant Attorneys respectfully submit that the "Final Report of Inquiry" (the "Report") should remain under seal at least pending further proceedings arising from the Report in this Court.

1

## **INTRODUCTION**

Recognizing the sensitive nature of its inquiry, the Panel conducted proceedings *in camera* and issued its Report under seal. Good cause exists to maintain that seal, pending further proceedings in this Court related to the Report. As the Panel and this Court have recently made clear, the Report is preliminary. It is not a final, appealable decision, and this Court may "accept[], reject[], or modify[] in whole or in part the Panel's findings," as well as "mak[e] additional findings of fact as necessary." *Vague*, Doc. 99. The public's right to access court documents is not absolute, and any need to access the Report *now* is outweighed by countervailing privacy and reputational interests of the Movant Attorneys.

The rules of every relevant jurisdiction in this case—the Eleventh Circuit, Middle District of Alabama, Northern District of Alabama, and State of Alabama— provide for strict confidentiality with respect to pending disciplinary proceedings, recognizing that privacy and reputational interests outweigh a generic right of access by the public in this context. The Movant Attorneys should be provided with the confidentiality protections they would receive in disciplinary proceedings conducted under the rules of those jurisdictions. This Court does not need to decide now whether it would ever be appropriate to unseal the Report, but it should not unseal the Report at this juncture, where the findings are not final, the judicial inquiry is ongoing, and publicity itself would be tantamount to a sanction.

2

# BACKGROUND

### A. Proceedings Before the Panel

Upon referral from this Court, on May 10, 2022, the Chief Judges of the Northern, Middle, and Southern Districts of Alabama convened a three-judge panel "to inquire about the issues raised by counsel's actions" in three cases challenging the constitutionality of Alabama's "Vulnerable Child Compassion and Protection Act": *Ladinsky v. Ivey*, 5:22-CV-447-LCB (N.D. Ala.), *Walker v. Marshall*, 5:22-CV-480-LCB (N.D. Ala.), and *Eknes-Tucker v. Ivey*, 2:22-CV-184-LCB (M.D. Ala.). *See In re Vague*, 2:22-MC-03977-WKW, Doc. 1 (M.D. Ala.). The Movant Attorneys were counsel to the plaintiffs in the *Walker* action, which they voluntarily dismissed on April 15, 2022, and never re-filed. *Walker*, Doc. 23.

Confidentiality was a cornerstone of the proceedings before the Panel. As part of its inquiry, the Panel took sworn testimony *in camera* in confidential hearings and sealed written declarations. *Vague*, Doc. 70 (sealed). Consistent with its decision to conduct its inquiry *in camera*, the Panel issued its Report on October 3, 2023, under seal. The Report contains what the Panel characterized as findings of fact, listed the names of all lawyers involved in the inquiry, and detailed the involvement of both dismissed and non-dismissed attorneys. Report, at 4–16. The information contained in the Report was "gleaned from the oral and written testimony elicited in [the Panel's] inquiry," *id.* at 16, which included evidence over

3

which the Movant Attorneys claimed and continue to claim privilege and provided to the Panel *in camera*.

### B. Proceedings in this Court.

The Panel ordered a copy of the Report served to this Court, as well as to Chief Judges L. Scott Coogler and Emily C. Marks. *Vague*, Doc. 70 (sealed); *Boe*, Doc. 318. Following receipt of the Report, this Court served it on all counsel to the parties in the *Boe* proceeding. *Boe*, Doc. 318. The Court then held a conference on November 2, 2023, in which it stated that it is considering a number of possible "next steps." *See* Nov. 2, 2023, Tr. at 10:20-24 ("What are the next steps? I can envision that there are four, or five, or ten ways that we can proceed with this."). The Court reiterated that the Report is for its "consideration," *id.* at 11:5, and that it continues to actively consider "what's appropriate" to follow, *id.* at 78:4-6.

Following the November 2 conference, this Court entered an order directing the Movant Attorneys to submit additional briefing on whether the Report should remain under seal. *Boe*, Doc. 349. The Panel also reopened the *Vague* matter and transferred it to this Court. The Panel clarified that its Report did not constitute a "final decision" and, accordingly, this Court may "accept[], reject[], or modify[] in whole or in part the Panel's findings," as well as "mak[e] additional findings of fact as necessary." *Vague*, Doc. 99. This Court then reiterated that the Report is not a "final decision" or otherwise appealable. *Boe*, Doc. 350.

4

# ARGUMENT

Unsealing the Report at this time, while the investigative process is ongoing, would irreparably harm the privacy and reputational interests of the Movant Attorneys. Those considerations outweigh any generalized interest the public may have in accessing the interim findings and conclusions in the Report. Given the nature of the interim findings, unsealing the Report at this time would be akin to a sanction—before the Court has even had the opportunity to consider that issue. On the other hand, maintaining the seal maximizes the Court's options, as it can later *un*seal the Report once its work is complete, but there is no realistic way to *re*seal it. The Court should maintain the seal at least pending the conclusion of any further inquiry arising from the Report, at which point the Court should solicit briefing on whether to maintain the seal further.

**I.      Good Cause Exists to Maintain The Seal On The Report.**

The privacy and reputational interests of the Movant Attorneys provide good cause to maintain the seal on the Report at this particular juncture. The law is clear that a "showing of good cause" can "overcome" the general "common law right of access" to court proceedings and rulings. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." *Id.* (alteration in original) (quoting *Chicago Tribune Co v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir.

5

2001). A showing of good cause "requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* (quoting *Chicago Tribune*, 263 F.3d at 1309).[1] "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential," courts take into account, "among other factors," "whether allowing access would . . . harm legitimate privacy interests" and "the degree of and likelihood of injury if made public." *Id.* These interests may "overcome[] the interest of the public in accessing the information." *Id.*

Privacy interests include an attorney's professional reputation, as "one's professional reputation is a lawyer's most important and valuable asset." *Walker v. City of Mesquite*, 129 F.3d 831, 832 (5th Cir. 1997); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 413 (1990) (Stevens, J., concurring in part and dissenting in part) ("I still believe that most lawyers are wise enough to know that their most precious asset is their professional reputation."). Disciplinary

---

[1] Disciplinary investigative materials are akin to civil discovery materials and are therefore subject to the "good cause" standard, rather than the "compelling interest" standard applied to certain judicial records under the First Amendment. *See, e.g.*, *Ginsberg v. DeHart*, No. 1:10-CV-00452-JAW, 2011 WL 1100989, at *13–14 (D.N.H. Mar. 22, 2011) ("The investigatory reports likely are not judicial records because they are in the nature of discovery materials compiled by an investigative authority."); *see also Chicago Tribune*, 263 F.3d at 1310 ("[W]here a third party seeks access to material disclosed during discovery and covered by a protective order, the constitutional right of access, like Rule 26, requires a showing of good cause by the party seeking protection."). In any event, whether the "good cause" or "compelling interest" standard applies, the Movant Attorneys have made the required showing for the reasons set forth in this filing, and consistent with the confidentiality protections of disciplinary proceedings in this Court and other jurisdictions.

proceedings can have a "serious detrimental effect" on an attorney's career and reputation. *United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000); *see also Walker*, 129 F.3d at 832–33 (recognizing the "importance of an attorney's professional reputation, and the imperative to defend it when necessary"). That "reputational harm" is "magnified" when records are not under seal, rendering them "accessible to anyone with access to an omnipresent internet connection and even minimal familiarity with using an internet search engine." *Adams v. Ford Motor Co.*, 653 F.3d 299, 306 (3d Cir. 2011).

Precisely because of these concerns, the Eleventh Circuit and every federal district court in this state require strict confidentiality during the pendency of attorney disciplinary proceedings. The Eleventh Circuit's local rules provide that all proceedings involving attorney discipline, including "the record thereof" and "all materials received or generated by" the attorney discipline committee, "*shall be confidential* unless and until otherwise ordered by the Court through the Chief Judge." 11th Cir. R. Governing Att'y Discipline 3.C(1) (emphasis added). The Northern District of Alabama—where *Walker*, the Movant Attorneys' action, was transferred—requires that "[a]ll complaints, referrals, orders, and proceedings before, and reports, of the Grievance Committee *shall be confidential* except as provided in this Rule or until otherwise directed by the court." N.D. Ala. L.R. 83.1(g)(5) (emphasis added). The Middle District—where this Court now sits in

7

*Boe*—requires that "[a]ll investigative reports, records, and recommendations generated by or on behalf of the Committee under such circumstances *shall remain strictly confidential*." L.R. 83.1(j)(1) (emphasis added); *see also* L.R. 83.1(j)(2) ("Such written report shall otherwise remain confidential."); L.R. 83.1(j)(3) (providing for a "confidential hearing" should the grievance committee hold a show cause hearing); L.R. 83.1(j)(4) ("[T]he Committee shall make its confidential written report and recommendation to the Court."). And the Alabama State Bar provides that "all disciplinary proceedings of the Alabama State Bar *shall remain confidential* until" either "[t]he respondent pleads guilty" or the commission "makes a finding of guilty." Ala. R. Discipline P. 30(a) (emphasis added).[2]

Here, there can be no dispute that the Movant Attorneys have strong privacy and reputational interests that would be harmed if the Report were unsealed at this stage. The Report lists by name the attorneys who were the subject of the inquiry and makes express, non-final findings that in and of themselves could cause irreparable reputational harm to the Movant Attorneys. In addition, the Report

---

[2] *See also* 7A C.J.S. Attorney & Client § 134 (Aug. 2023) ("Proceedings for the investigation of allegations of misconduct of members of the bar are generally confidential, for the protection of the respondent, at least where no determination has been made to proceed further to a formal proceeding for disbarment." (internal citations omitted)); Kristine Cordier Karnezis, Annotation, *Restricting Access to Records of Disciplinary Proceedings Against Attorneys*, 83 A.L.R.3d 749 (2021) (providing that "confidentiality of disciplinary records is the general rule" though noting that "such records are open to the public if public discipline is imposed, if the attorney requests that they be open, or if criminal charges are involved").

discusses and quotes testimony and evidence over which the Movant Attorneys have asserted various claims of privilege, and which were provided to the Panel under strict confidentiality and sequestration measures. *See* Report, at 11–16; May 20, 2022, Tr. at 12; Nov. 3, 2022, Tr. at 5–6. Moreover, there is no prejudice to the parties in the *Boe* action, as the Report has already been disseminated to their counsel, over the objection of the Movant Attorneys. Unsealing the Report at this juncture would invade the privacy of the Movant Attorneys, which outweighs the generalized interest of the public in having immediate access to the Report.

**II.     Unsealing The Report At This Time Would Be Tantamount To A Public Sanction.**

Given the nature of the Report and its preliminary findings, unsealing it now would be tantamount to a public sanction. Although the Movant Attorneys respectfully submit that no sanctions are warranted, the Court has yet to consider that issue. *See* Nov. 2, 2023, Tr. at 78:4-6. As the Court explained at the November 2 hearing, it is actively considering possible next steps. *See id.* at 10:20-24. Those next steps may account for "differences in conduct" among the various attorneys—an issue which the parties have been invited to brief—and may not involve a one-size-fits-all approach. *Id.* at 10:20-24, 82:15-16.

Maintaining the seal on the Report would maximize optionality for the Court for next steps. If the Report is unsealed, however, the Court's options will be more limited. Any private reprimand would be "private" in name only, as the Report

9

would already have made the attorneys' claimed conduct a matter of public record. As courts have recognized, a public finding of misconduct alone "carries consequences similar to the consequences of a reprimand." *Talao*, 222 F.3d at 1138. Indeed, publicizing preliminary findings and investigative materials like the Report before any action has been considered and decided would raise serious constitutional due process and fairness concerns. *See, e.g.*, *Sealed Appellant 1 v. Sealed Appellee 1*, 211 F.3d 252, 255 (5th Cir. 2000) (observing that attorney disciplinary proceedings are afforded certain due process protections because they are "quasi-criminal"). Given the additional fact development, briefing, and further consideration of next steps that are forthcoming, the Court should maintain the status quo and preserve all options for the time being.

To be clear, this Court does not need to decide whether or when it may be appropriate to unseal the Report at some point in the future. The only question is whether it should unseal the Report *now*. The Movant Attorneys respectfully suggest that the Court should exercise caution before it unseals the Report, as it can always take that course later, following further proceedings and developments, but it cannot meaningfully *re*seal the Report once it has been released into the public domain. In light of the nature of the Report, the law, rules of the relevant jurisdictions, and prudence all weigh in favor of maintaining confidentiality at this juncture. The Court should not unseal the Report at this time.

## CONCLUSION

For the reasons stated, the Movant Attorneys respectfully request that the Report remain under seal, and that they be afforded an opportunity to further address the issue when the Court's inquiry concludes.

Respectfully submitted,

_____
Barry A. Ragsdale (RAG003)
Robert S. Vance (VAN069)
**Dominick Feld Hyde, PC**
1130 22nd Street South, Suite 400
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

W. Neil Eggleston
Eugene F. Assaf, P.C.
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: (202) 879-5000
neil.eggleston@kirkland.com
eassaf@kirkland.com

Byron Pacheco
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
byron.pacheco@kirkland.com

12

## CERTIFICATE OF SERVICE

      I hereby certify that on November 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

      */s/ Barry A. Ragsdale*
      Of Counsel