IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| | ) Case No.: 2:22-cv-00184-LCB |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, et al., | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO FILE UNDER SEAL

Kathleen Hartnett moves for leave to file a brief relating to her role in the *Walker* litigation under seal. In support of this motion, she states as follows:

1. Although filings with the Court are presumptively public and subject to the common law right of access to judicial proceedings, that right of access "may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also* Doc. 340 at 3 (applying the "good cause" standard to filings in this matter).

1

2. To date, the Report of Inquiry from the Panel in *In re Vague* and all of the transcripts of the proceedings in *In re Vague* (the "Transcripts") remain under seal. *See* Doc. 339; *Vague* Docs. 70 and 73.

3. Ms. Hartnett also previously provided the Panel a sworn declaration *in camera*.

4. Ms. Hartnett plans to file a brief consistent with the Court's invitation at the November 2, 2023 hearing that discusses her involvement in the filing and dismissal of the *Walker* litigation.

5. Ms. Hartnett's brief quotes extensively from the transcripts of her testimony, her declaration, and the Panel's Final Report.

6. Because the Court has maintained a seal on the Report of Inquiry and Transcripts, Ms. Hartnett has good cause to file her brief under seal.

7. First, Ms. Hartnett would potentially be in violation of the Court's seal if she publicly filed her brief, and she wants to ensure compliance with the Court's existing orders.

8. Second, as noted in a brief filed by James Esseks, Carl Charles, and LaTisha Faulks, the local rules of all three federal district courts in Alabama have a confidential attorney discipline process, which is consistent with the detrimental effect and reputational harm that attorneys can suffer because of disciplinary proceedings. *See* Doc. 359 at 5–9.

9. Third, the testimony cited in Ms. Hartnett's brief contains attorney work product. While the *Walker* case is no longer pending, Ms. Hartnett certainly maintains her right to prevent the disclosure of her mental impressions and legal strategy.[1]

10. Ms. Hartnett is not, at this point, requesting a permanent sealing of her brief. Consistent with the briefing filed by Esseks, Charles, and Faulks on the sealing of the Report of Inquiry, Ms. Hartnett is only requesting—for now—that the Court allow her to file her brief under seal and allow it to remain under seal while the Report of Inquiry remains sealed.

11. If the Court unseals the documents that Ms. Hartnett's brief quotes, then certainly, she and the Court can revisit whether her brief should remain under seal.

12. For the foregoing reasons, Ms. Hartnett requests that the Court grant her leave to file her brief under seal.

Dated: November 17, 2023.

      /s/ Brannon J, Buck
Brannon J. Buck (ASB-5848-K56B)
bbuck@badhambuck.com
Christopher B. Driver (ASB-9178-G39B)
cdriver@badhambuck.com
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
(205) 521-0036 (Phone)

---

[1] Of course, Ms. Hartnett acknowledges that the Panel has already required attorneys to disclose work product, but she does not want to extend the scope of any disclosure with a public filing.

(205) 521-0037 (Facsimile)

*Counsel for Kathleen Hartnett*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system, electronic mail, and/or U.S. Mail on this the 17th day of November, 2023.

                                           /s/ Brannon J. Buck
                                           OF COUNSEL