UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                    ) | Case No. 2:22-cv-184-LCB |
| ) | |
| STEVE MARSHALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

This case challenges the constitutionality of Section 4(a)(1)–(3) of the Alabama Vulnerable Child Compassion and Protection Act, a statute that criminalizes gender-affirming medical treatments for transgender youth in the State of Alabama. But it was not the first case to do so: two earlier cases, *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. Ala.) and *Ladinsky v. Ivey*, 5:22-cv-447-LCB (N.D. Ala.), mounted precisely the same challenge on behalf of other plaintiffs. Those cases, however, were voluntarily dismissed—indeed, suspiciously so, for they were dismissed only minutes apart and on the same day they were consolidated before this Court. Counsel told the media they planned to refile immediately, and four days later, they filed this case.

Alert to the possibility of judge shopping, the Court ordered that these procedural irregularities be brought to the attention of the chief judges of the

1

Northern, Southern, and Middle Districts of Alabama, who later convened a three-judge panel to investigate whether counsel in either *Walker* or *Ladinsky* had impermissibly sought to circumvent the random case assignment procedures for the Northern and Middle Districts of Alabama. The panel opened their investigation in a miscellaneous case known as *In re Vague*, 2:22-mc-3977-WKW and, after a thorough inquiry lasting nearly a year and a half, issued its findings in a sealed Final Report of Inquiry with instructions that the Clerk of Court serve it on this Court to "proceed as appropriate." *In re Vague*, 2:22-mc-3977-WKW (Doc. 70 at 52).[1]

At the time the panel published its findings, several motions were already pending in this case on the merits; after its publication, a flurry of others followed. The Court addressed "all pending motions" at a hearing on November 2, 2023. This order memorializes the rulings made on the record and not yet entered on the docket.

## DISCUSSION

**I.     Defendants' Motion to Compel Designation of One Additional HHS Custodian: Admiral Rachel Levine (Doc. 302).**

Defendants have moved under Federal Rule of Civil Procedure 37(a)(1) for an order compelling the United States to designate Admiral Rachel Levine as a document custodian for the Department of Health and Human Services. (Doc. 302). Earlier this year, the Court compelled the United States to produce thirteen

---

[1] To streamline the ancillary disciplinary proceedings that would follow from their findings, the panel reassigned *Vague* to this Court. *In re Vague,* 2:22-mc-3977-WKW (Doc. 99).

categories of communications and documents that Defendants had requested from HHS after concluding that Defendants' requests were relevant and proportional to the needs of the case. (Doc. 261). Apropos these requests, Defendants and HHS agreed on search terms and nine people to be named custodians, but they disagreed on whether a tenth—Admiral Levine—should be named as well. When neither party could agree to the other's proposed compromises, this motion followed.

For the reasons stated on the record, the Court finds that Admiral Levine's emails are relevant and Defendants' request to designate her as an HHS document custodian is proportional to the needs of the case. Given that Admiral Levine is a public official, the Court rests this finding in part on the parties' representation that the production would neither interfere with her official duties nor burden her personally.

Defendants' Motion to Compel Designation of One Additional HHS Custodian: Admiral Levine (Doc. 302) is therefore **GRANTED**.

## II. Defendants' Oral Motion to Continue Trial (Doc. 351)

Although no paper motion was pending on the matter, Defendants moved at the hearing to continue the trial date by at least two months. In support of their motion, Defendants noted that the United States has not produced its discovery on time, and the delays mounting from its tardy production have threatened to

compromise the rigor of Defendants' experts' reports, which come due before the experts could review the full slate of discovery from the United States.

Defendants' motion is **GRANTED** and trial is reset for **August 12, 2024.** Unless the parties seek further modification, all other deadlines remain in place. Counsel at the hearing suggested that they might not need to ask the Court to modify the deadlines, since the United States wouldn't object to new ones. If this was meant to suggest that the scheduling order could be modified by the parties' agreement, they are reminded that this is not so. While parties are free to ask the Court to modify the scheduling order at any time, they cannot change it by agreement alone; they must seek the Court's consent. *See* FED. R. CIV. P. 16(b)(4). If the parties should like the Court to modify any further deadlines, they are encouraged to meet, confer, and move jointly for a new scheduling order.

### III. Defendants' Time-Sensitive Motion to Stay Preliminary Injunction (Doc. 313)

On May 13, 2022, the Court enjoined Defendants from enforcing section 4(a)(1)–(3) of the Alabama Vulnerable Child Compassion and Protection Act pending a trial on the merits. (Doc. 107). The Court of Appeals for the Eleventh Circuit has since issued an opinion vacating the Court's preliminary injunction, but it has not issued a mandate to the Court. *Eknes-Tucker v. Governor of Alabama*, 80 F.4th 1205 (11th Cir. 2023). With this opinion in hand, Defendants have moved to stay the Court's injunction and begin enforcing the State's act. (Doc. 313).

4

As noted at the hearing, the Court is not obliged to rush the judicial process for the State's benefit. The Eleventh Circuit has not, for whatever reason, issued its mandate, and unless and until it does, the preliminary injunction will remain in effect.

For the reasons stated on the record at the hearing, Defendants' Time-Sensitive Motion to Stay Preliminary Injunction (Doc. 313) is **DENIED**.

### IV. Defendants' Motion for Hearing (Doc. 322)

Defendants asked for a hearing to address three issues: (1) Defendants' motion to designate Admiral Levine as an HHS document custodian, (2) the parties' discovery timeline, and (3) Defendants' motion to stay the Court's preliminary injunction—the three issues decided above. (Doc. 322).

Because these issues have already been resolved, Defendants' Motion for Hearing (Doc. 322) is **DENIED AS MOOT**.

### V. Motion to Take Judicial Notice (Doc. 346).

James Esseks, Carl Charles, and LaTisha Faulks have moved the Court to take judicial notice of the panel's filings in the *Vague* proceedings, including the sealed hearing transcripts that the panel considered as evidence in preparing its Final Report of Inquiry. After learning that the Court has had access to the *Vague* docket, including all its sealed filings, since that case was filed, respondents conceded that their motion is moot.

Respondents' Motion to Take Judicial Notice (Doc. 346) is therefore **DENIED AS MOOT**.

### VI. Defendants' Motions for Leave to File Under Seal (Doc. 335) and Amended Motion for Leave to File Unredacted Response Under Seal (Doc. 341)

Defendants have also moved for leave to file under seal a response to several motions that respondents in *Vague* had filed under seal in this case. (Doc. 335). A few days after Defendants first urged this motion, the Court noted that most of the *Vague* respondents' motions had been filed impermissibly under seal without the Court's permission, and it directed the clerk to unseal them. Defendants have since amended their motion with a redacted version of their response, but they re-urge their request to file their full briefing under seal. (Doc. 341).

Defendants' Motion and Amended Motion for Leave to File Unredacted Response Under Seal (Doc. 335; Doc. 341) are **GRANTED**. The Clerk of Court is **DIRECTED** to file the unredacted version of Defendants' Response under seal.

### VII. Motion for Extension of Time (Doc. 353)

Esseks, Charles, and Faulks have also moved to extend the deadline to submit a memorandum on the merits of the panel's Final Report of Inquiry. At the hearing, respondents sought leave to brief the legal issues and standards implicated by the panel's findings, which the Court granted. Respondents now ask that they be permitted to file this response seven days after they receive a copy of the transcript

for the proceedings that took place before Special Master Bernard Harwood on May 20, 2022.

Respondents' Motion for Extension of Time (Doc. 353) is **GRANTED**.

## CONCLUSION

The Court **ORDERS** as follows:

- Defendants' Motion to Compel Designation of One Additional HHS Custodian: Admiral Levine (Doc. 302) is **GRANTED**;

- Defendants' Oral Motion to Continue Trial (Doc. 351) is **GRANTED**, and trial is reset for **August 12, 2024**;

- Defendants' Time-Sensitive Motion to Stay Preliminary Injunction (Doc. 313) is **DENIED**;

- Defendants' Motion for Hearing (Doc. 322) is **DENIED AS MOOT**;

- Respondents' Motion to Take Judicial Notice (Doc. 346) is **DENIED AS MOOT**;

- Defendants' Motion and Amended Motion for Leave to File Unredacted Response Under Seal (Doc. 335; Doc. 341) are **GRANTED**, and the Clerk of Court is **DIRECTED** to file the unredacted version of Defendants' Response under seal; and

- Respondents' Motion for Extension of Time (Doc. 353) is **GRANTED**.

**DONE** and **ORDERED** this November 17, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE