# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| and ) | |
| ) | |
| United States of America, ) | |
| ) | |
| *Plaintiff-Intervenor*, ) | |
| ) | |
| v. ) | No. 2:22-cv-00184-LCB-CWB |
| ) | |
| Hon. Steve Marshall, in his official ) | |
| capacity as Attorney General of the ) | |
| State of Alabama, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA'S MOTION TO STAY ALL DISTRICT COURT PROCEEDINGS

## INTRODUCTION

Plaintiff-Intervenor the United States of America respectfully moves to stay all district court proceedings. A stay is appropriate given the posture of this case and related matters, including several pending petitions for certiorari before the United States Supreme Court, including from the United States, and Private Plaintiffs' petition for rehearing en banc by the Eleventh Circuit. The Supreme Court, the Eleventh Circuit, and other circuit courts have been asked to consider the appropriate standard of review in this and similar equal protection challenges to state laws that outlaw the provision of gender-affirming care to transgender youth. This exceptional legal landscape is quickly evolving. The United States seeks to stay this case while the question regarding the appropriate standard of review remains in flux to avoid the parties trying this case under a standard that remains unsettled and subject to active and ongoing appellate review, which could result in duplicative proceedings and the unnecessary expenditure of judicial resources. The United States will complete its production of documents from the U.S. Department of Health and Human Services (HHS) by December 15, 2023, regardless of whether the Court grants this motion, consistent with the Sixth Amended Scheduling Order, ECF No. 386.

For these reasons, the Court should grant the United States' motion to stay all district court proceedings until final resolution of available appellate remedies

and resolution of the pending petitions for certiorari before the Supreme Court.[1]

Alternatively, the United States moves to stay additional fact and expert discovery, the trial date, and associated deadlines.[2] (The United States is not seeking to stay any ancillary matters connected to this litigation, including next steps related to the three-judge panel report.)

## BACKGROUND

This Court granted the United States' and Private Plaintiffs' motions for preliminary injunction on May 13, 2022. *Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131 (M.D. Ala. 2022); Op. and Order, ECF No. 112-1 (Corrected). Defendants appealed this Court's decision to the Eleventh Circuit, and on August 21, 2023, a three-judge panel vacated the preliminary injunction. *Eknes-Tucker v. Governor of Alabama*, 80 F.4th 1205 (11th Cir. 2023). On September 11, 2023, Private Plaintiffs petitioned the Eleventh Circuit for rehearing en banc, which remains pending. *Eknes-Tucker*, No. 22-1107, ECF No. 129 (11th Cir. Sept. 11, 2023). No mandate has been issued. *Eknes-Tucker*, No. 22-1107, ECF No. 132 (11th Cir. Sept. 15, 2023).

While this Court and the Eleventh Circuit have been considering these

---

[1] The granting of this stay motion would not preclude the Court from following any mandate issued by the Eleventh Circuit related to the preliminary injunction.
[2] The United States recognizes that the Court issued a Sixth Amended Scheduling Order prior to the filing of this motion. ECF No. 386. The United States will comply with the Order to the extent this motion is not granted.

3

issues, other courts have heard constitutional challenges to state laws banning gender-affirming care. In October 2022, the Eighth Circuit applied heightened scrutiny in evaluating a preliminary injunction enjoining Arkansas's similar gender-affirming care ban. *Brandt by & through Brandt v. Rutledge*, 47 F.4th 661, 669-70 (8th Cir. 2022). Trial proceeded under that standard. *Brandt v. Rutledge*, No. 4:21CV00450 JM, 2023 WL 4073727, at *31-35 (E.D. Ark. June 20, 2023). The Eighth Circuit recently granted the defendants' petition for initial hearing en banc. Order, *Brandt v. Griffin*, No. 23-2681 (8th Cir. Oct. 6, 2023).

A similar Tennessee state law was also challenged in the Sixth Circuit. *L.W. v. Skrmetti* is a constitutional challenge to Tennessee's law prohibiting gender affirming care for transgender minors in Tennessee. No. 3:23-cv-00376, 2023 WL 4232308, at *1 (M.D. Tenn. June 28, 2023) ("SB1 prohibits any minor in Tennessee from receiving certain medical procedures if the purpose of receiving those procedures is to enable that minor to live with a gender identity that is inconsistent with that minor's sex at birth.") (footnotes omitted), rev'd and remanded, 83 F.4th 460 (6th Cir. 2023). That lawsuit was filed by a group of private plaintiffs on April 20, 2023, and the United States intervened. *L.W.*, No. 3:23-cv-00376, 2023 WL 3513302, at *1 (M.D. Tenn. May 16, 2023). On June 28, 2023, the Middle District of Tennessee issued a preliminary injunction enjoining the law. *L.W.*, No. 3:23-cv-00376, 2023 WL 4232308, at *35-26 (M.D. Tenn. June

28, 2023). Defendants appealed. *L.W.*, Emergency Mot. For Stay of Prelim. Inj. Pending Appeal, No. 23-5600, ECF No. 8-1 (6th Cir. June 30, 2023); *L.W.*, 73 F.4th 408, 414 (6th Cir. 2023). On July 8, 2023, the Sixth Circuit issued an emergency stay of the order. *L.W.*, 73 F.4th at 422. On September 28, 2023, a divided three-judge panel reversed the district court's decision. *L.W.*, 83 F.4th 460, 491 (6th Cir. 2023).

The *L.W.* plaintiffs filed a petition for a writ of certiorari with the Supreme Court on November 1, 2023. Pet. for Writ of Cert., *L.W. v. Skrmetti*, No. 23-466, ECF No. 1 (U.S. Nov. 1, 2023). Among other questions, the *L.W.* plaintiffs seek review of "[w]hether Tennessee's SB1, which categorically bans gender-affirming healthcare for transgender adolescents, triggers heightened scrutiny and likely violates the Fourteenth Amendment's Equal Protection Clause." *Id.* at i. The United States filed its petition for certiorari on November 6, 2023, also seeking review on the standard of review under the Equal Protection Clause. Pet. for Writ of Cert., *United States v. Skrmetti*, No. 23-477, ECF No. 1 (U.S. Nov. 6, 2023).

On November 3, 2023, plaintiffs in *Doe v. Kentucky*, a separate lawsuit challenging Kentucky's gender-affirming care ban, filed a petition for certiorari with the Supreme Court. Pet. for Writ of Cert., *Doe v. Kentucky*, No. 23-492, ECF No.1 (U.S. Nov. 3, 2023). The *Doe* plaintiffs' petition also raises the question of the appropriate standard of review under the Equal Protection Clause. *Id.* at i.

At the time of this filing, Private Plaintiffs' petition to the Eleventh Circuit for rehearing en banc and the pending cert petitions to the Supreme Court in *L.W.* and *Doe* remain pending.[3]

## ARGUMENT

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court "may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions." *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-cv-61365-BLOOM/Valle, 2020 WL 888025, at *1 (S.D. Fla. Feb. 24, 2020) (citing *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

"The standard for granting a stay of trial court proceedings pending appeal and for granting an injunction pending appeal is generally the same." *Allied Veterans of the World, Inc. v. Seminole Cnty., Fla.*, No. 6:11-cv-155-Orl-28DAB,

---

[3] On November 21, 2023, Defendants filed a motion to stay the preliminary injunction with the Eleventh Circuit. Defendants-Appellants' Mot. to Stay Prelim. Inj., *Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707, ECF No. 141-1 (11th Cir. Nov. 21, 2023).

6

2011 WL 3958437, at *1 (M.D. Fla. Sept. 8, 2011); *see also Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 914 n.9 (11th Cir. 2009); *Hernandez v. Dugger*, 839 F. Supp. 849, 851 (M.D. Fla. 1993).

In considering a motion to stay, courts employ a four-factor test: (1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay or injunction; (3) whether the other party will suffer substantial harm if the stay or injunction is issued; and (4) whether the stay or injunction is in the public interest. *Hernandez*, 839 F. Supp. at 851 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

A.   **All four factors weigh in favor of a stay.**

Given the disagreement among the circuits regarding the standard of review in cases challenging prohibitions on gender-affirming care, there is a likelihood that the United States' position will prevail at the conclusion of the appellate process. The United States' position, both in the present case and the pending petition for certiorari in *L.W.*, is that heightened scrutiny applies, as the Court found here during the preliminary injunction proceedings.

The United States will suffer harm absent a stay if ultimately forced to litigate the same case twice. The United States has already expended significant time preparing the document production from HHS, but extensive fact and expert discovery remains to be done by all parties. The scope of discovery conducted by

7

the United States will invariably change depending on the applicable standard of review. This poses a particular challenge to expert discovery, which is about to commence in earnest in this litigation. If the parties complete expert discovery under a standard of review that then changes—or if uncertainty remains about the applicable standard of review (and how that standard of review applies in the particular context of laws that limit or restrict gender affirming care for minors)—this could necessitate additional expert discovery, including supplemental reports and re-opening depositions. Time and resources are finite, and the Court not granting the stay would lead to substantial harm if this case is prepared and tried again under a different standard of review following a decision from the United States Supreme Court.

Additionally, Defendants will not suffer harm if the Court issues the stay because they too would be spared from the risk of inconsistent rulings and the loss of resources associated with re-trying the case. Given that the United States will complete its production of responsive HHS documents pursuant to this Court's orders of March 27, 2023; November 17, 2023; and December 1, 2023, ECF Nos. 261, 262, 368, 386, regardless of whether the Court grants a stay, Defendants will also not suffer harm in that regard.

The fourth factor, judicial economy under the public interest prong, weighs most heavily in support of a stay. "Stays of proceedings can also promote judicial

8

economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Boise v. ACE USA, Inc.*, No. 15-Civ-21264, 2015 WL 4077433, *2 (S.D. Fla. July 6, 2015). If the Court decides to continue with the trial while both the en banc petition is pending and the *L.W.* and *Doe* petitions for certiorari are before the Supreme Court, there is risk of causing duplicative or repetitive proceedings.

      **B.**      **Courts have regularly granted a stay in similar circumstances, and judicial economy strongly favors a stay here.**

Courts have grappled extensively with the issue of judicial economy in seeking stays of proceedings. In *Robinson v. Nationstar Mortg., LLC*, 220 F. Supp. 3d 1353 (S.D. Ga. 2016), the court determined that judicial economy outweighed all other issues when determining whether to grant a stay of all trial proceedings. There, the defendant moved the court to stay the trial pending the outcome of a dispositive question in front of the D.C. Circuit Court regarding the interpretation of a federal regulation, given that any decision of the appellate court would have had a binding effect on the trial court. *Id.* at 1354. As the court in *Robinson* explained, "a stay may be warranted where a pending decision in another court would 'have a substantial or controlling effect on the claims and issues in the stayed case.'" *Id.* at 1355 (quoting *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)). The court further found that any order it issued in reliance on an incorrect interpretation of the

regulation in question would be called into question. *Id.*; *but see Allied Veterans*, 2011 WL 3958437, at *3 (finding that staying the trial court proceedings would not be in the interests of justice nor would it further judicial economy mainly because it was clear that the plaintiffs failed to show any likelihood to prevail on the merits of their case).

Similar to *Robinson*, it is in the interests of judicial economy to stay the proceedings here. There is a circuit split regarding the proper standard of review in cases challenging prohibitions of medically necessary treatment for transgender youth. The petitions for certiorari pending before the Supreme Court will very likely determine the proper level of scrutiny in cases challenging state laws that outlaw the provision of gender-affirming care to transgender youth. This creates the danger that the parties would undergo additional extensive fact and expert discovery and the Court would move forward with a trial under one standard of review but then have to conduct a new trial under a different standard of review following a Supreme Court decision in *L.W.* or *Doe*. Indeed, other cases challenging the constitutionality of state laws prohibiting gender-affirming care for transgender minors have been stayed given the uncertainty of pending appeals, including appeals in this case. Minute Order, *Poe v. Drummond*, No. 4:23-cv-00177-JFH-SH, ECF No. 147 (N.D. Okla., Nov. 8, 2023) (case stayed by Court's order delaying entry of a scheduling order); Order, *L.W.*, No. 3:23-cv-376, ECF

No. 186 (M.D. Tenn., Oct. 30, 2023) (case stayed by order extending Defendants' deadline to respond to the complaints until 21 days after final resolution of available appellate remedies, including before the Supreme Court); Order, *Koe v. Carlson*, No. 1:23-cv-2904-SEG, ECF No. 119 (N.D. Ga., Sept. 5, 2023) (case stayed by order staying preliminary injunction, with Court deeming it "prudent to await further developments in *Eknes-Tucker* before adjudicating [a] motion to reconsider").

Given both the importance of applying the correct standard of review and the degree to which *L.W.* and *Doe* squarely present this issue before the Supreme Court, the outcome of these matters will certainly affect the current case. The precedential strength of such a decision by the Supreme Court would, as the court in *Robinson* found, "have a substantial or controlling effect" on the outcome of the case at hand. 220 F. Supp. 3d at 1355. If the Court moves forward with this case under rational basis review, and the en banc Eleventh Circuit in this case or the Supreme Court in *L.W.* and/or *Doe* determines that heightened scrutiny applies, any trial proceedings in the case at hand under rational basis would be rendered moot. This necessitates a stay.

While courts have occasionally denied stay motions raising concerns of duplicative trial proceedings, those situations are distinguishable from this matter. For example, in *Breedlove v. Hartford Life & Acc. Ins. Co.*, the court rejected the

11

plaintiff's assertion of judicial resources as weighing in favor of public interest under the fourth prong because the potential for extensive duplicative proceedings remained small. No. 6:11-cv-991-Orl-28TBS, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013). But there, the plaintiffs sought to stay proceedings only on the defendant's Bill of Costs pending the outcome of their appeal. *Id.* The court disagreed regarding judicial economy "because at this point, most of the work has already been done." *Id.* at *2. To move forward with the Bill of Costs, therefore, risked minimal duplication. Contrary to the circumstances in *Breedlove*, there has been no trial yet in the present case and, as described above, much of the work has not been done.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court issue a stay of all district court proceedings (or alternatively, of discovery, trial, and associated deadlines) until final resolution of available appellate remedies and the pending petitions for certiorari before the Supreme Court.

Dated: December 4, 2023                     Respectfully submitted,

JONATHAN S. ROSS                            KRISTEN CLARKE
Acting United States Attorney               Assistant Attorney General
Middle District of Alabama                  Civil Rights Division

PRIM F. ESCALONA                            JOHN POWERS (DC Bar No. 1024831)
United States Attorney                      Counsel to the Assistant Attorney General
Northern District of Alabama                Civil Rights Division

12

| | |
|---|---|
| JASON R. CHEEK<br>Chief, Civil Division<br><br>MARGARET L. MARSHALL<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>Northern District of Alabama<br>1801 Fourth Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 244-2104<br>Margaret.Marshall@usdoj.gov<br><br>STEPHEN D. WADSWORTH<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>Middle District of Alabama<br>Post Office Box 197<br>Montgomery, AL 36101-0197<br>Tel.: (334) 223-7280<br>Stephen.Wadsworth@usdoj.gov | CHRISTINE STONEMAN<br>Chief, Federal Coordination and Compliance Section<br><br>COTY MONTAG (DC Bar No. 498357)<br>Deputy Chief, Federal Coordination and Compliance Section<br><br>*/s/ Kaitlin Toyama*<br>RENEE WILLIAMS (CA Bar No. 284855)<br>KAITLIN TOYAMA (CA Bar No. 318993)<br>MAX LEWIS MEYERS (MS Bar No. 106187)<br>Trial Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Tel.: (202) 305-2222<br>Renee.Williams3@usdoj.gov<br>Kaitlin.Toyama@usdoj.gov<br>Max.Meyers@usdoj.gov<br><br>AMIE S. MURPHY (NY Bar No. 4147401)<br>Trial Attorney<br>United States Department of Justice<br>Civil Rights Division<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Tel.: (202) 353-1285<br>Amie.Murphy2@usdoj.gov<br><br>*Attorneys for Plaintiff-Intervenor United States of America* |

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Respectfully submitted,

*/s/ Kaitlin Toyama*
Trial Attorney, Federal Coordination
and Compliance Section
Civil Rights Division
U.S. Department of Justice