## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **BRIANNA BOE**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:22-cv-184-LCB** |
| | ) | |
| **STEVE MARSHALL**, *et al.*, | ) | |
| | ) | |
| **Defendants,** | ) | |

## ORDER

Plaintiff-Intervenor the United States of America has moved to stay all district court proceedings. (Doc. 387). Citing "flux" in the standard of review and the "exceptional legal landscape" surrounding this case, the United States urges the Court to stay the case while several higher courts, including the Eleventh Circuit and the Supreme Court, decide on the appropriate standard of review for constitutional challenges to state bans on gender-affirming care for transgender youth. (Doc. 387 at 2). Defendants oppose the motion (Doc. 393); Private Plaintiffs do not. On December 15, the Court heard argument on the motion. (Doc. 397).

As the Court opined at the motion hearing, a stay may indeed be the most efficient way to proceed in this case, but not unless a higher court signals that it will decide the governing standard of review. Namely, if the Eleventh Circuit grants the Private Plaintiffs' petition for a rehearing en banc or the Supreme Court grants

certiorari in *L.W. v. Skrmetti* or *Doe v. Kentucky*, then a stay may well be appropriate. But as long as those petitions remain pending, this case will move forward.

Plaintiff-Intervenor United States of America's Motion to Stay All District Court Proceedings (Doc. 387) is therefore **DENIED** without prejudice to re-urging if the Eleventh Circuit should grant Private Plaintiffs' petition for rehearing en banc or the Supreme Court should grant certiorari in *L.W. v. Skrmetti* or *Doe v. Kentucky*. All deadlines remain in place.

**DONE** and **ORDERED** this December 26, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE