IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al.<br><br>    Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>Hon. STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, et al.<br><br>    Defendants. | CIVIL ACTION NO.<br>2:22-CV-00184-LCB-SRW |

### NON-PARTY EAGLE FORUM OF ALABAMA'S OBJECTION TO AND MOTION TO QUASH LATEST DOCUMENT SUBPOENA FROM PLAINTIFFS, AND MOTION FOR SANCTIONS

Eagle Forum of Alabama ("EFA"), which is not a party to this case, hereby objects to and moves to quash the latest subpoena served on it in this matter, i.e., a subpoena issued by and served upon EFA on February 6, 2024 (the "Subpoena") by counsel for the individual plaintiffs. In addition, EFA moves the Court for an appropriate sanction on the individual Plaintiffs and/or their counsel, pursuant to Fed. R. Civ. P. 45(d)(1). A true and correct copy of the Subpoena is attached hereto as Exhibit A.

Plaintiffs seek through the present Subpoena to require EFA, a non-party to this suit, to search its files over a four-year time span and produce all written "[c]ommunications (including any attachments thereto) sent or received between Eagle Forum of Alabama and any of (i) a current or former member of the Alabama Legislature, (ii) his or her staff, or (iii) any other Alabama public official, regarding SB184, HB266, or any related or predecessor legislative bill in Alabama, sent or received between January 1, 2018 and April 7, 2022." (Ex. A, p. 9.)  As demonstrated below, the present subpoena to EFA – like the previous one served on it in 2022 by the United States – is due to be quashed for multiple reasons.

## FACTUAL AND PROCEDURAL BACKGROUND

1. As established in previous filings, EFA is a grassroots, non-profit Alabama corporation devoted to the cause of protecting Alabama's families in public policy initiatives and reform efforts.  It is a 501(c)(4) organization under the U.S. Internal Revenue Code.  EFA has only one full-time paid employee, along with one part-time paid administrative assistant. Nearly all of the work done by EFA is done by volunteers.  See the Declarations of Becky Gerritson and Margaret Clarke previously filed (Docs. 151-3 and 151-4).

2. As the Court will recall, this is not the first document subpoena which has been issued and served upon EFA in this case.  Back in 2022, assistant U.S. attorney Jason Cheek, on behalf of the United States (intervening plaintiff), issued

and served on EFA a non-party document subpoena that demanded very similar documents to the present subpoena – including, among other categories of documents, "[a]ny documents provided to the Alabama State Legislature or any employee or member thereof in support of VCAP,[1] SB 184, HB 266, or any predecessor bills, including written testimony, letters, emails, draft legislation, model legislation, or proposed legislation, reports, summaries, analyses, fact sheets, and/or talking points[;]" and "[a]ny communications between [EFA] and any employee, agent, assign, or member of the Alabama State Legislature, Alabama Governor's office, Alabama Lieutenant Governor's office, Alabama Attorney General's office, or any employee, agent, or assign of a District Attorney's office within Alabama concerning VCAP, SB 184, HB 266, and/or any predecessor bills."  (Doc. 151-1, pp. 6-7 of 9, categories 4 and 5 of previous subpoena).  EFA objected and moved to quash that subpoena on three basic grounds:  (a) the documents sought were irrelevant to the issue in this case and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1); (b) compliance with the subpoena would impose an undue burden on EFA, in violation of Fed. R. Civ. P. 45(d)(1) and 45(d)(3)(A)(iv); and (c) compliance with the subpoena would require production of privileged documents in violation of Rule

---

[1] The Alabama Vulnerable Child Compassion and Protection Act ("VCAP"), the constitutionality of which is the subject of the present case.

45(d)(3)(A)(iii), particularly EFA's First Amendment privilege under the United States Constitution.  (Doc. 151).

3. Shortly before a scheduled hearing on EFA's motion to quash that subpoena, the U.S. filed a notice in which it withdrew all of the original categories of the document subpoena (including categories 4 and 5 quoted above), while purporting to add a new category of requested documents to the subpoena.  (Docs. 184 and 186).

4. EFA's motion to quash the U.S.'s subpoena was heard on October 14, 2022.  The Court granted EFA's motion to quash in a written Opinion and Order dated October 24, 2022.  The Court specifically held in its Opinion and Order that all of the categories of documents which the U.S. sought from EFA in the original subpoena were "unlikely to reveal or lead to any information that would help resolve the fundamental issue in this case" (i.e., the constitutionality of the VCAP statute), and, thus, had "little—if any—relevance for purposes of discovery." (Doc. 192, p. 5).  The Court further held that the burden on EFA as a non-party to produce the material sought by the U.S. "greatly outweigh[ed] any slight relevance it may have" (Doc. 192, p. 5).[2]  Because the Court held that the documents sought

---

[2] The Court noted that EFA is a nonprofit organization staffed almost entirely of volunteers and represented in this subpoena dispute by the undersigned on a *pro bono* basis.  The Court further noted that to produce the requested material, the volunteer staff of non-party EFA and its *pro bono* counsel would first have to review thousands of documents, determine which, if any, of those documents are responsive to the subpoena, and then omit or redact any privileged information contained in those documents.  (Doc. 192, pp. 5-6).

by the prior subpoena fell outside the scope of proper discovery, the Court did not address whether the documents sought by the U.S.'s subpoena were also privileged under the First Amendment to the U.S. Constitution. (Doc. 192, p. 6 n. 15). The Court went on to consider whether the U.S.'s misconduct in issuing such a subpoena to EFA merited sanctions, ultimately postponing ruling on that issue pending trial while continuing to monitor the behavior of the parties. (Doc. 264).

5. The current subpoena now at issue was issued by attorney Brent Ray on behalf of the individual plaintiffs on January 31, 2024. See Exhibit A hereto. The undersigned agreed to accept service of the subpoena on behalf of EFA on February 6, 2024, as reflected in email correspondence (Exhibit B hereto) between the undersigned and attorney Adam Reinke (another counsel for Plaintiffs). The undersigned and Mr. Reinke spoke on February 13, 2024, about EFA's objections to the current subpoena, which are in essence the same basic objections which it had to the U.S.'s previous subpoena that this Court quashed. In light of those objections and the Court's previous ruling, the undersigned asked Mr. Reinke to withdraw the current subpoena, but he declined to do so.

## ARGUMENT

The latest subpoena from Plaintiffs is objectionable for the same basic reasons as the previous subpoena issued by the U.S., which was quashed by this

Court as outlined above.  Specifically, the grounds for EFA's objection and motion to quash the latest subpoena are as follows:

6. First, like the previous subpoena, the present Subpoena to EFA is objectionable under Fed. R. Civ. P. 26(b)(1) because it improperly seeks documents which are outside the scope of permissible discovery in that the documents sought are neither relevant to any issue in this lawsuit nor proportional to the needs of the case.³  As the parties and the Court are well aware, the subject of this lawsuit is simply whether, and to what extent, the VCAP statute enacted by the Alabama Legislature and signed into law by Governor Ivey is constitutional. Plaintiffs appear to be on a desperate "fishing expedition" late in this lawsuit in an attempt to find some document which they can argue somehow constitutes evidence that the Alabama Legislature had a constitutionally impermissible motive in enacting VCAP.  But legislative motive <u>itself</u> is not relevant to this case, much less documents that EFA as a non-party sent (in exercise of its membership's First

---

³  When a subpoena is directed to a non-party, the scope of discovery "must be limited even more. … Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery. … A more demanding variant of the proportionality analysis therefore applies …. [C]ourts must give the recipient's nonparty status 'special weight, 'leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." <u>Va. Dep't of Corrs. v. Jordan</u>, 921 F.3d 180, 189 (4thCir. 2019) (quoting <u>In re Pub. Offering PLE Antitrust Litig.</u>, 427 F.3d 49, 53 (1st Cir. 2005). The Court must consider: (1) the requesting party's need for the information sought, "meaning that the information likely (not just theoretically) …offer[s] some value over and above what the requesting party already has"; (2) whether the requesting party can obtain the same or comparable information that would satisfy its needs from other sources; and (3) whether the request will impose a cognizable burden on the nonparty. <u>Id.</u> at 189-90.

Amendment rights) to individual legislators over a four-year period. VCAP is a statute which should be interpreted according to its own plain language. As the U.S. Supreme Court has historically and again recently recognized:

> This Court has long disfavored arguments based on alleged legislative motives …. the Court has recognized that inquiries into legislative motives are "a hazardous matter". … Even when an argument about legislative motive is backed by statements made by legislators who voted for a law, we have been reluctant to attribute those motives to a legislative body as a whole. "What motivates one legislator to make a speech about his statute is not necessarily what motivates scores of others to enact it."

Dobbs v. Jackson Women's Health Organization, 142 S. Ct. 2228, 2255-56 (2022). Accord CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1222 (11th Cir. 2001) ("When the import of words Congress has used is clear . . . we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.")

The question in this case is not whether the Alabama Legislature passed facially-neutral legislation with the secret intent and belief that it would have the effect of reducing or eliminating gender-altering medications or procedures on minors. To the contrary, the VCAP statute is clear on its face in prohibiting those medications and procedures. Indeed, the U.S. (intervening Plaintiff) recognized this in its assertion to the Eleventh Circuit in the appeal from the preliminary injunction order in this case that the VCAP statute "facially" discriminates on the basis of sex and transgender status. Brief for the United States as Intervenor-

Appellee to the Eleventh Circuit (filed 8/10/22), pp. 2, 28, 33 (n. 14). Similarly, the private plaintiffs who issued the latest subpoena to EFA previously acknowledged to the Eleventh Circuit that "[t]here is no need to do a pretext analysis; the [Legislature's] intent is clear on the face of the Act." Response Brief for Plaintiffs-Appellees to the Eleventh Circuit (also filed 8/10/22), p. 56. While EFA obviously disagrees (as did the Eleventh Circuit) with the plaintiffs' position that the statute improperly discriminates on the basis of sex or any other protected characteristic, the point is that **plaintiffs have already agreed that the Legislature's intent is clear from the face of the Act**. Thus, there is no reason for this Court to search for a hidden motivation by the Legislature in enacting the statute, much less any excuse for plaintiffs' present non-party document subpoena to EFA.

The communications sought by the Subpoena are further outside the scope of discovery because the documents sought are protected from discovery by the legislative privilege. Similar to Pernell v. Fla. Bd. of Governors of State Univ., 84 F.4th 1339 (11th Cir. 2023), the improper purpose of the present Subpoena is "'to support the lawsuit's inquiry into the motivation behind [a statute], an inquiry that strikes at the heart of the legislative privilege.'" Id. at 1343 (quoting In re Hubbard, 803 F.3d 1298 (11th Cir. 2015), and remanding with instructions to

quash subpoenas of documents related to the drafting and adoption of a state statute).

Further, as the parties and the Court are also aware, EFA itself has no legislative capacity, as it is a completely private association. Thus, EFA's communications to any current or former individual legislator -- much less its communications to legislative staff members and other public officials, which are also sought by the present Subpoena -- regarding SB184, HB266, or any related or predecessor legislative bill in Alabama, have no bearing on VCAP's meaning or constitutionality (or lack thereof). See, e.g., Alliance of Auto. Mfr., Inc. v. Julie L. Jones, 2013 WL 4838764, * 4 (N.D. Fla. Sept. 11, 2013) ("[q]uestions of constitutionality … are not decided upon review of … a citizen's view of the law or the like.")

For these multiple reasons, the present Subpoena from Plaintiffs is objectionable because it improperly seeks documents which are not within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).

7.      Second, compliance with the latest Subpoena (as would have been true of the previous subpoena from the U.S., had this Court not quashed it) would be unduly burdensome on EFA, in violation of Fed. R. Civ. P. 45(d)(1) and 45(d)(3)(iv). The current Subpoena requests a broad category of communications sent or received by EFA between January 1, 2018 and April 7, 2022 – a period of

more than four years. As previously established, EFA is a 501(c)(4) organization which has only one full-time paid employee, and one part-time paid administrative assistant. Nearly all of the work done by EFA is done by volunteers. Identification and production of the documents sought by the current subpoena would require extensive review of EFA's records (both electronic and hard copy), including document-by-document review of the personal computer and hard-copy files of its volunteer general counsel, Margaret Clarke. (Docs. 151-4 and 186-2).

In particular, as established by the Second Declaration of Ms. Clarke previously filed, on her personal computer (which she uses for her volunteer work with EFA) are nearly 500 Word/PDF documents and over 2,000 email messages potentially related to the VCAP campaign. This does not include countless hard copies of documents saved in boxes and binders. These documents are not organized in any way that would allow her to easily and quickly identify the content of those documents and which of those may have been provided at some point to a legislator – i.e., whether the document is responsive to the current subpoena. Any attempt to comply with the plaintiffs' latest subpoena would require Ms. Clarke to open and read through each of the thousands of the documents in her personal files referenced above. This task would easily take a number of days of her time, as well as causing her to incur personal expense. (Doc. 186-2). Such review would be an undue and entirely unjustified burden on

Ms. Clarke and EFA, particularly when the documents sought have, as this Court has already ruled, "little – if any – relevance for purposes of discovery." (Doc. 192, p. 5).  Plaintiffs' latest subpoena should therefore be quashed or modified on this basis as well.

8. Third, the present Subpoena, as was true of the last subpoena from the U.S., is also objectionable because it seeks materials which are privileged under the First Amendment to the U.S. Constitution.  In the context of discovery, the First Amendment creates a qualified privilege from disclosure of certain associational information.  See Perry v. Schwarzenegger, 591 F.3d 1147, 1159-61 (9th Cir. 2010).  The burden to make a prima facie showing of First Amendment privilege is "light," given "the crucial place speech and associational rights occupy under our constitution."  Christ Covenant Church v. Town of Sw. Ranches, 2008 WL 2686860, at * 6 (S.D. Fla. June 29, 2008) (quoting Schiller v. City of New York, 2006 WL 3592547 (S.D.N.Y. Dec. 7, 2006)).  Here, the communications sought by the Subpoena are privileged under the First Amendment, because production of these documents would have a chilling effect on the exercise of the constitutional rights of EFA's membership to free speech, assembly, and to petition the government.  See, e.g., the Declarations of Becky Gerritson and Margaret Clarke previously filed (Docs. 151-3 and 151-4).

9.    Finally, particularly given the history and circumstances of this case, EFA moves that this Court impose an appropriate sanction on Plaintiffs and/or their counsel.  Plaintiffs were fully aware that this Court had already quashed similar subpoenas issued by the U.S. (intervening plaintiff) on EFA and another non-party.  (Doc. 192).  The Court specifically held in its October 24, 2022, Opinion and Order that such subpoenas "exceed the scope of discovery" under Rule 26; that the materials which the U.S. had sought by the subpoenas were "unlikely to reveal or lead to any information" that would help resolve the fundamental issue in this case (i.e., whether VCAP is constitutional), and, thus, that "the requested material has little – if any – relevance for purposes of discovery;" and, further, that "the burden of the requested material greatly outweighs any slight relevance it may have." (Doc. 192, pp. 1, 5-6.)  Before filing this present Motion, EFA's counsel conferred with counsel for Plaintiffs and requested that they withdraw the Subpoena, but Plaintiffs declined.

Rule 45(d)(1) prohibits Plaintiffs' abuse of the subpoena process and requires sanctions under these circumstances.  The text of the rule provides as follows:

> A party or attorney responsible for issuing and serving a subpoena **must** take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and

reasonable attorney's fees – on a party or attorney who fails to comply.

See also Progressive Emu Inc. v. Nutrition & Fitness Inc., 785 F. App'x 622 (11th Cir. 2019) (affirming district court's imposition of sanctions under Rule 45 against a law firm which had issued an unreasonable document subpoena that would have imposed an undue burden on the responding party).  Particularly in light of what they already knew about the previous subpoena from the U.S. to EFA, the private plaintiffs' blatant disregard of their duty under Rule 45(d)(1) deserves significant sanctions including (but not limited to) attorneys' fees.  EFA and its counsel stand ready to provide whatever further information the Court requests in this regard.

## **CONCLUSION**

WHEREFORE, for good cause shown, non-party EFA respectfully requests that this Honorable Court:

1. Enter an order quashing the Subpoena;

2. Impose an appropriate sanction on plaintiffs, including reasonable attorneys' fees related to this Motion; and

3. Grant any further relief the Court deems just and necessary.

Respectfully submitted this the 19th day of February, 2024.

s/ *John M. Graham*
John M. Graham
ASB-5616-G70J

Attorney for Eagle Forum of Alabama

OF COUNSEL:

PHELPS DUNBAR LLP
Renasant Tower, Suite 700
2001 Park Place North
P. O. Box 830612
Birmingham, AL  35283-0612
Telephone:  (205) 716-5200
Facsimile:  (205) 716-5389
E-Mail:  John.Graham@phelps.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this 19th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record in this case.

s/ John M. Graham
OF COUNSEL
