UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-184-LCB |
| ) | |
| STEVE MARSHALL, *et al.*, ) | **FILED UNDER SEAL** |
| ) | |
| Defendants. ) | |

## ORDER TO SHOW CAUSE

In the spring of 2022, the chief judges of the United States District Courts for the Northern, Middle, and Southern Districts of Alabama convened a three-judge panel to investigate a series of court filing activity and public statements that gave the appearance of impermissible judge-shopping. The investigation concerned thirty-nine lawyers from three related cases[1] and lasted nearly a year and a half. In its Final Report of Inquiry, the panel unanimously found "without hesitation" that eleven of the lawyers ("the Respondents") had "purposefully attempted to circumvent the random case assignment procedures" for the U.S. District Courts for the Northern and Middle Districts of Alabama—they had, indeed, impermissibly judge-shopped—and directed that its report be served on this Court to "proceed as appropriate." (Doc. 339 at 51).

---

[1] Those cases were *Walker v. Marshall*, 5:22-cv-480-LCB (N.D. Ala. 2022); *Ladinsky v. Ivey*, 5:22-cv-477-LCB (N.D. Ala. 2022); and this one.

1

The Court has reviewed the panel's Final Report of Inquiry, the evidentiary record and sworn testimony before the panel, the Respondents' arguments before the undersigned at the hearings of November 2 and 21, 2023, the Respondents' briefing, and the relevant authorities. Having considered the foregoing, the Court finds it appropriate to proceed as to all Respondents and hereby **ORDERS** Melody Eagan, Jeffrey Doss, Scott McCoy, Jennifer Levi, Shannon Minter, James Esseks, Kathleen Hartnett, Michael Shortnacy, LaTisha Faulks, Asaf Orr, and Carl Charles to show cause why they should not be sanctioned for the misconduct outlined in the Final Report of Inquiry and detailed further below.

## I.   LEGAL STANDARDS

District courts are vested with the inherent power to sanction attorneys for bad-faith conduct that "abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). This inherent power is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *id.,* and it "is both broader and narrower than other means of imposing sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting *Chambers*, 501 U.S. at 46). It is broader in that other authorities limit the court's sanction power to "certain individuals or conduct," while "the inherent power extends to a full range of litigation abuses"; it is narrower in limiting sanctions to bad-faith conduct. *Id.* at 1314-15.

A court may invoke its inherent power to sanction attorneys "even if procedural rules exist which sanction the same conduct." *Chambers*, 501 U.S. at 49. Courts may also "rely on a variety of other sources of judicial power" to impose sanctions, including those prescribed by Rule 11 of the Federal Rules of Civil Procedure, the district court's local rules, and section 1927 of Title 28 of the United States Code. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336 (4th ed. 2023).

For a court to impose sanctions against an attorney for his or her misconduct, the court "must comply with the mandates of due process" by giving the attorney "fair notice that [his or her] conduct may warrant sanctions and the reasons why." *United States v. Shaygan*, 652 F.3d 1297, 1318 (11th Cir. 2011) (internal quotation marks omitted). Due process mandates that the court give notice of "the precise rule, standard, or law that he or she is alleged to have violated and how he or she allegedly violated it." *Id.*, 652 F.3d at 1319.

The three-judge panel put the Respondents continually on notice that it was investigating purposeful attempts to manipulate the random case assignment system in the Northern and Middle Districts of Alabama. The misconduct described and findings made in panel's Final Report of Inquiry implicate the rules, standards, and codes of professional conduct set forth below. These rules, standards, and codes

3

cover all misconduct described in the Final Report of Inquiry, but not every rule, standard, and code applies to each Respondent.

- **Prohibition Against Judge-Shopping.** Courts throughout the country prohibit attempts to manipulate or circumvent the random assignment of judges. This is as true in the Eleventh Circuit as it is anywhere in the nation. *See, e.g.*, *In re BellSouth Corp.*, 334 F.3d 941, 959 (11th Cir. 2003) (holding "that a contrivance to interfere with the judicial assignment process constitutes a threat to the orderly administration of justice" and that "attempts to manipulate the random assignment of judges . . . constitute[s] a disruption of the orderly administration of justice.")

- **Federal Rule of Civil Procedure 11(b).** Federal Rule of Civil Procedure 11(b)(1) prohibits attorneys from "presenting to the court" any "paper . . . for any improper purpose."

- **18 U.S.C. § 1621.** Section 1621 criminalizes perjury generally:

  > Whoever—(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

- **Local Rule 83.1(f) of the Northern District of Alabama Local Rules.**

Local Rule 83.1(f) prescribes the standards for professional conduct and obligations applicable to attorneys in the Northern District of Alabama and provides as follows:

> Each attorney who is admitted to the bar of this court or who appears in this court pursuant to subsection (b) or (c) of this Rule is required to be familiar with, and shall be governed by, the Local Rules of this court; and, to the extent not inconsistent with the preceding, the Alabama Rules of Professional Conduct adopted by the Alabama Supreme Court; and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct, except Rule 3.8(f) thereof. Acts and omissions by any such attorney which violate such standards, individually or in concert with any other persons, shall constitute misconduct, whether or not occurring in the course of an attorney-client relationship, and shall be grounds for discipline, as shall the commission by an attorney of any serious crime. Discipline under this Rule may consist of disbarment, suspension, censure, reprimand, removal from a particular case, ineligibility for appointment as court-appointed counsel, ineligibility to appear under subsections (b) and (c), monetary sanctions, or any other sanction the court may deem appropriate.

- **Local Rule 83.1(g) of the Middle District of Alabama.** Local Rule 83.1(g) prescribes the standards for professional conduct and obligations applicable to attorneys in the Middle District of Alabama and provides as follows:

> Attorneys admitted to practice before this Court shall adhere to this Court's Local Rules, the Alabama Rules of Professional Conduct, the Alabama Standards for Imposing Lawyer Discipline, and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct. Attorney misconduct, whether or not occurring in the course of an attorney/client relationship, may be disciplined by disbarment, suspension, reprimand, monetary sanctions, removal from this Court's roster of attorneys eligible for practice before this Court, or such other sanction as the Court may deem appropriate.

- **Alabama Rules of Professional Conduct.** Alabama Rule 1.2(a) requires attorneys to "abide by a client's decisions concerning the objectives of representation" and "consult with the client as to the means by which they are to be pursued."

Alabama Rule 1.3 prohibits attorneys from "willfully neglect[ing] a legal matter entrusted to him [or her]."

Alabama Rule 1.4 requires attorneys to keep clients "reasonably informed about the status of a matter" and explain such matters "to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

Alabama Rule 3.3 prohibits attorneys from "knowingly" making "false statement[s] of material fact . . . to a tribunal."

- **The American Bar Association Model Rules of Professional Conduct.** Model Rule 1.2(a) requires attorneys to "abide by a client's decisions concerning the objectives of representation and . . . consult with the client as to the means by which they are to be pursued." Attorneys "may take such action on behalf of the client as is impliedly authorized to carry out the representation."

Model Rule 1.3 requires attorneys to "act with reasonable diligence and promptness in representing a client."

Model Rule 1.4 requires attorneys to

> (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent . . . is required by these Rules;
>
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; [and]
>
> (3) keep the client reasonably informed about the status of the matter . . . .

Model Rule 3.3 prohibits attorneys from "knowingly" making "false statement[s] of fact . . . to a tribunal" and "fail[ing] to correct . . . false statement[s] of material fact" that they have "previously made to the tribunal."

- **Oath of Admission to the Northern District of Alabama.** To practice in United States District Court for the Northern District of Alabama, all attorneys must take the district's oath of admission, which provides as follows:

> I do solemnly swear or affirm that I will support the Constitution of the United States and the Constitution of the State of Alabama; I will maintain the respect due to courts of justice and judicial officers; I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, nor any defense except such as I believe to be honestly debatable under the law of the land; I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by an artifice or false statement of fact or law; I will maintain the confidence and preserve inviolate the secrets of my clients, and will accept no compensation in connection with their business except from them or with their knowledge and approval; I will abstain from all offensive conduct and advance no fact prejudicial to the honor or reputation of a party or witness unless required by the justice of the cause with which I am charged; and I will never reject for any consideration personal to myself the cause of the defenseless or oppressed, or delay any person's cause for lucre or malice.

7

- **Oath of Admission to the Middle District of Alabama.** To practice in United States District Court for the Middle District of Alabama, all attorneys must take the district's oath of admission, under which each attorney must swear or affirm that he or she will:

    support and defend the constitution and laws of the United States of America; that [he or she] will at all times maintain the respect due to courts of justice and judicial officers; that [he or she] will, when assigned as counsel for indigent litigants, conscientiously and fairly represent said litigants to the best of [his or her] professional ability; that [he or she] will never reject for any consideration personal to [himself or herself] the cause of the defenseless or oppressed, and that [he or she] will at all times maintain a professional conduct in accordance with the rules and orders of this court, the cannons of the American Bar Association and the Code of Ethics of the Alabama State Bar Association.

- **Sworn Oath.** On May 20, 2022, the Respondents all swore or affirmed that the testimony they were about to give to the panel would "be the truth, **the whole truth**, and nothing but the truth."

## II.    SANCTIONABLE CONDUCT

Each Respondent is ordered to show cause why he or she should not be sanctioned for violating these rules, standards, and codes of professional conduct for each of the following reasons:

### a. Judge-Shopping

Each Respondent is ordered to show cause why he or she should not be sanctioned for attempting to manipulate the random case assignment procedures for

8

the U.S. District Courts for the Northern and Middle Districts of Alabama in violation of controlling precedent, Rule 11 of the Federal Rules of Civil Procedure, and the rules of professional conduct applicable in the Northern and Middle Districts of Alabama. In responding, each Respondent must address all applicable grounds of individual and collective misconduct that the three-judge panel identified on pages 51-52 of the Final Report of Inquiry, as well as any other pertinent misconduct described by the panel.

### b. Misrepresentation and Non-Disclosure

Each Respondent is ordered to show cause why he or she should not be sanctioned for misrepresenting or otherwise failing to disclose key facts during the panel's inquiry, all in violation of controlling precedent, Rule 11 of the Federal Rules of Civil Procedure, the rules of professional conduct applicable in the Northern and Middle Districts of Alabama, the Oaths of Admission for the Northern and Middle Districts of Alabama, and their sworn oaths. In responding, each Respondent must address the discrepancies between his or her own testimony and affidavits and those of all other attorneys involved in the panel's inquiry.

### c. Perjury in Judicial Proceedings

Respondent Carl Charles is further ordered to show cause why he should not be sanctioned for deliberately misleading the three-judge panel in violation of 18 U.S.C. § 1623 and the rules of professional conduct applicable in the Northern and

Middle Districts of Alabama, the Oaths of Admission for the Northern and Middle Districts of Alabama, and his sworn oath, specifically with respect to his testimony about his phone call to Judge Myron Thompson's chambers on April 12, 2022.

### d. Breach of Attorney-Client Duties

Respondents LaTisha Faulks, James Esseks, and Carl Charles are further ordered to show cause why they should not be sanctioned for failing to seek or secure their clients' consent in violation of Federal Rule of Civil Procedure 11 and the rules of professional conduct applicable in the Northern and Middle Districts of Alabama before dismissing *Walker v. Marshall*.

### III. POSSIBLE SANCTIONS

For the acts and omissions described above, Respondents are hereby notified that the Court may consider one or more of several possible sanctions, as appropriate, including suspension from practice in the Northern and Middle Districts of Alabama; censure; public or private reprimand; disqualification; ineligibility for appointment as court-appointed counsel; ineligibility to appear pro hac vice or on behalf of the United States in the Northern and Middle Districts of Alabama; and monetary sanctions.

### IV. CONCLUSION

The Court therefore **ORDERS** as follows:

Each Respondent must show good cause, if any there may be, why he or she should not be sanctioned for the conduct identified in Section II of this order and the panel's Final Report of Inquiry. As the Court proposed in November, any Respondent who accepts full or partial responsibility for misconduct found by the panel may thus advise the Court and, in lieu of showing cause, explain with specificity the misconduct for which he or she accepts responsibility and comment on the appropriate sanction in his or her response to this order.

Any Respondent who believes that specific additional evidence is necessary for the Court to determine a Respondent's culpability or an appropriate sanction must move the Court for such action **by March 8, 2024** and shall set out in detail that specific additional evidence in said filing.

The Respondents' show-cause briefs are due by **March 22, 2024**.

In a separate filing, the Respondents must identify those portions of all other Respondents' briefs with which they agree or disagree by **April 5, 2024**.

The Court has made reasonable efforts to set the show-cause hearing on dates in February or March which are free of scheduling conflicts for the Respondents and their attorneys, but it has met with no success. The Court will therefore set this matter in May and expect the Respondents and their attorneys to be available. The Respondents must appear in **Courtroom 2F of the United States Courthouse in Montgomery, Alabama at 9:30 a.m. on May 22 and 23, 2024.**

**DONE** and **ORDERED** this February 21, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE