IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) CIVIL ACTION NO. | |
| v. ) 2:22-CV-00184-LCB-SRW | |
| ) | |
| Hon. STEVE MARSHALL, in his ) | |
| Official capacity as Attorney General ) | |
| of the State of Alabama, et al. ) | |
| ) | |
| Defendants. ) | |

---

### NON-PARTY ALABAMA CITIZEN'S ACTION PROGRAM OBJECTION TO AND MOTION TO QUASH SUBPOENA FROM PLAINTIFFS, AND FOR SANCTIONS

---

A Subpoena was issued by private plaintiffs in the above styled case to the Alabama Citizen's Action Program ("ALCAP") with a response date of February 23, 2024. ALCAP files this motion to quash the subpoena and sanctions. A copy of the subpoena is attached as Exhibit "A".

ALCAP reminds the court that a similar subpoena was issued in this case for other non-party entities, which subpoena was quashed. That subpoena was very broad in its request, while the instant subpoena is limited in its demand.

1

Nevertheless, parties in this litigation continue to harass non-parties who previously engaged in a legal and commendable effort in the Alabama Legislature based on their legitimate and sincere practical, legal and political beliefs.

Filed with this motion is the Declaration of Greg Davis, President and Chief Executive Director of ALCAP, attached as Exhibit "B". As Mr. Davis explains, ALCAP has been in existence for almost ninety years engaging in commentary in the public square. After Prohibition, it worked and continues to work to limit the negative effects of alcohol consumption. Later, it opposed and continues to oppose gambling expansion in Alabama.

ALCAP also takes a public position on various other issues. This included its support of the Vulnerable Child Compassion and Protection Act ("VCAP") during its legislative process. The position of ALCAP as a Section 501 (c) (4) organization is based on Biblical teaching. As an organization essentially representing Southern Baptist Churches, as well as other denominations, ALCAP takes a strictly Biblical position on pertinent issues.

VCAP is one such issue. Today's culture has expanded into many sexual related issues, including for example, same sex marriage, issues of transgenderism, and, in this case, gender dysphoria and its proper treatment.

As Mr. Davis's Declaration explains, ALCAP does not write legislation or give legal advice. It contends in the public square for its Biblical support or

2

opposition on contemporary issues. In so doing, ALCAP is exercising its rights of freedom of speech, freedom of assembly, and the freedom to petition government for its grievances. These are all protected constitutional rights.

However, the instant subpoena attempts to violate those rights by questioning ALCAP's rights in a court of law by subpoenaing whatever records may exist related to ALCAP's first amendment protected participation in government.

ALCAP objects in constitutional principle to this demand, inferring that it has somehow acted inappropriately. For the following reasons, the demand of this subpoena must be denied.

## Subpoena History of the Case

The court will call the earlier subpoena demands by the United States Department of Justice to Eagle Forum of Alabama and Southeast Law Institute of a wide ranging and intrusive unlawful attempt burdening their constitutional rights. Motions to quash were filed, which were granted. A motion for sanctions to reimburse the significant time and expense those organizations had in defending themselves still pending before the court for determination.

Apparently, the individual plaintiffs in the case failed to recognize the significance of the court's early order quashing the subpoenas. The arguments were much the same there. ALCAP does not want to burden the court with detailed legal arguments, all of which were previously made. However, since

ALCAP was not involved in that earlier effort, it wishes to briefly argue its constitutional rights to the court.

## Argument

The subpoena to ALCAP improperly seeks documents outside the scope of permissible discovery as limited by Fed. R. Civ. P. 26 (b)(1). The only issue before the case is whether VCAP is constitutional. Whether or to what extent ALCAP may or may not have advocated one way or the other, is not relevant to a determination of the language of the statute itself. Consequently, the non-party subpoena is not relevant and should be quashed.

Most importantly, United States citizens have the constitutional rights to assemble, speak and petition government on issues important to them. This was recognized again most recently by the United States Supreme Court in *Dobbs v. Jackson Woman's Health Organization,* 142 S. Ct. 2228, 2255-56 (2022):

> This court has long disfavored arguments based on alleged legislative motives…. The court has recognized that inquiries into legislative motives are "a hazardous matter."…. Even when an argument about legislative motive is backed by statements made by legislators who voted for the law, we have been reluctant to attribute those motives to a legislative body as a whole. "What motivates one legislator to make a speech about his statute is not necessarily what motivates scores of others to enact it."

See also, *CBS Inc. the PrimeTime 24 Joint Venture*, 245 F.3d1217, 1222 (11th Cir. 2001): "Where the import of words congress has used is clear… we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language." ALCAP is not aware that any discriminatory intent related to VCAP has been sufficiently plead in this case. The private plaintiffs, the ones requesting the instant subpoena, acknowledged to the Eleventh Circuit on appealing this case that "[t]here is no need to do a pretext analysis; the [Legislature] intent is clear on the face of the act." Response Brief of Plaintiffs-Appellees to the Eleventh Circuit (Filed 8-10-22), p. 56. Since the subpoenaing party understands the intent that the legislature is clear on its face, of what difference is it that ALCAP may or may not have had an opinion that varied from said plaintiffs?

Of course, this leads immediately to the law of legislative privilege in *Pernell v. Fla. Bd of Governors of State Univ.*, 84 F.4th 1339, 1343 (11th Cir. 2023). There was an improper purpose of a subpoena "to support the lawsuit's inquiry into the motivation behind [a statute], an inquiry which strikes at the heart of legislative privilege."

The issuance to a non-party organization requesting privileged information under the First Amendment implicating free speech, assembly, and a petition to redress grievances before the government, has a chilling effect on those rights. It

is important that churches have a voice in government. ALCAP presents such a voice. However, if ALCAP and those churches for whom it speaks believe that their integrity will be impugned by intrusive requests for personal and confidential information, they may be fearful of exercising those constitutional rights in the future. It is important the court protect those rights. See, *National Association for the Advancement of Colored People v. Alabama.* 357 U.S. 449, 460-61 (1958). While the instant subpoena has not requested a membership list, it requests whether ALCAP made communications to legislators, which might necessarily implicate who and for whom those communications were made. A simple idea of requesting what comments ALCAP made in the public square chills those first amendment privileges.

### Request for Sanctions

As noted earlier, a previous DOJ subpoena was quashed, requesting some of the same information as the instant subpoena. The private plaintiffs have now abused the subpoena process under rule 45(d)(1) Fed. R. Civ. P. by making an unconstitutional and burdensome request, seeking to put ALCAP to an undue burden and expense in protecting its rights. Accordingly, reasonable attorney's fees and costs should be awarded.


is important that churches have a voice in government. ALCAP presents such a voice. However, if ALCAP and those churches for whom it speaks believe that their integrity will be impugned by intrusive requests for personal and confidential information, they may be fearful of exercising those constitutional rights in the future. It is important the court protect those rights. See, *National Association for the Advancement of Colored People v. Alabama.* 357 U.S. 449, 460-61 (1958). While the instant subpoena has not requested a membership list, it requests whether ALCAP made communications to legislators, which might necessarily implicate who and for whom those communications were made. A simple idea of requesting what comments ALCAP made in the public square chills those first amendment privileges.

### Request for Sanctions

As noted earlier, a previous DOJ subpoena was quashed, requesting some of the same information as the instant subpoena. The private plaintiffs have now abused the subpoena process under rule 45(d)(1) Fed. R. Civ. P. by making an unconstitutional and burdensome request, seeking to put ALCAP to an undue burden and expense in protecting its rights. Accordingly, reasonable attorney's fees and costs should be awarded.

WHEREFORE, PREMISES CONSIDERED, non-party ALCAP respectfully requests relief as follows:

1. Quashing the subpoena;

2. Impose appropriate sanctions on the plaintiffs, including reasonable attorney's fees and costs; and

3. Such other and further relief to which it may be entitled in the premises.

Respectfully submitted this 22nd day of February, 2024.

/s/ A. Eric Johnston
Attorney for the Alabama Citizen's Action Program
A. Eric Johnston
ASB-2574-H38A

**OF COUNSEL:**

**A. Eric Johnston**
1200 Corporate Drive, Ste 107
Birmingham, Alabama 35242
(205) 408-8893 *telephone*
(205) 408-8894 *facsimile*
Email: eric@aericjohnston.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2024, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF System which will send a notification and content of such filing to counsel of record in this case.

/s/ A. Eric Johnston
OF COUNSEL

7