# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REV. PAUL A. EKNES-TUCKER, *et al.*, <br><br> *Plaintiffs*, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> *Plaintiff-Intervenor*, <br><br> v. <br><br> STEVE MARSHALL, *et al.*, <br><br> *Defendants*. | Case No. 2:22-cv-00184-LCB-SRW <br><br> Honorable Liles C. Burke |

## NOTICE OF SUBPOENA TO ALABAMA CITIZEN'S ACTION PROGRAM

Pursuant to Federal Rules of Civil Procedure Rules 26, 34, and 45, and the applicable Local Civil Rules of the United States District Court for the Middle District of Alabama, Private Plaintiffs, through their undersigned counsel, will serve the enclosed subpoena to Alabama Citizen's Action Program, for the production of documents, information, or objects, on or after January 31, 2024.

Alabama Citizen's Action Program shall produce documents and things to Lightfoot, Franklin & White LLC, The Clark Building, 400 20th Street North, Birmingham, AL 35203, or another mutually agreeable location. The requested documents and things are identified in Exhibit A to the subpoena. A copy of the Subpoena to Produce Documents is attached as Exhibit 1.



Dated: January 31, 2024

/s/ *Brent P. Ray*
Melody H. Eagan
Jeffrey P. Doss
Amie A. Value
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt
Misty L. Peterson
Adam Reinke
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com

Brent P. Ray
Abigail Hoverman Terry
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
bray@kslaw.com
ahoverman@kslaw.com

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
P.O. Box 12463
Miami, FL 33101
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

*Counsel for Plaintiffs*

Respectfully submitted,


Sarah Warbelow
Cynthia Weaver
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

Jennifer L. Levi
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
jlevi@glad.org

Jessica L. Stone
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

## CERTIFICATE OF SERVICE

I certify that I served the forgoing via electronic mail on January 31, 2024 on all counsel of record.

/s/ Brent P. Ray

# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

| | |
|---|---|
| Rev. Paul A. Eknes-Tucker, et al.<br>*Plaintiff*<br>v.<br>Steve Marshall, et al.<br>*Defendant* | )<br>)<br>) Civil Action No. 2:22-cv-00184-LCB-SRW<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Alabama Citizen's Action Program
120 Summit Parkway, Suite 100, Birmingham, AL 35209

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Exhibit A

| Place: Lightfoot, Franklin & White LLC, The Clark Building, 400 20th Street North Birmingham, AL 35203 | Date and Time:<br>02/23/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/31/2024

| CLERK OF COURT | OR | /s/ Brent P. Ray |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Rev. Paul Ecknes-Tucker, et al. , who issues or requests this subpoena, are:
Brent Ray, 110 N Upper Wacker Dr Suite 3800, Chicago, IL 60606, bray@kslaw.com, (312) 995-6333

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00184-LCB-SRW

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS & THINGS**

Private Plaintiffs request that You produce or make available for inspection the documents and things requested below at the time and place specified in this subpoena.

### **I. DEFINITIONS**

1. The terms "You" and "Your" refer to Alabama Citizen's Action Program.

2. "Alabama Citizen's Action Program" means the business or organization located at 120 Summit Parkway Suite 100, Birmingham, AL and includes any and all past or present officers, directors, partners, employees, agents, representatives, attorneys, accountants, advisors, consultants, divisions, subsidiaries, parents, affiliates, successors-in- interest, predecessors, or other persons or entities acting or purporting to act for, on behalf of, or with Alabama Citizen's Action Program as defined herein.

3. "SB184" means Alabama Senate Bill 184, titled "Public health, minors, biological male or female, sexual state, practices to alter or affirm minor's sexual identity or perception such as prescribing puberty blocking medication or surgeries, prohibited, exceptions, nurses and school personnel not to withhold information from parents, violations a Class C felony," passed April 7, 2022.

4. "HB266" means Alabama House of Representatives Bill 266, titled "Public health, minors, biological male or female, sexual state, practices to alter or affirm minor's sexual identity or perception such as prescribing puberty blocking medication or surgeries, prohibited, exceptions, nurses and school personnel not to withhold information from parents, violations a Class C felony," introduced February 3, 2022.

5. "Predecessor legislative bill" refers to any legislation, draft legislation, proposed legislation, or model legislation predating SB184 relating to the provision of gender affirming care to minors in Alabama, including Senate Bill 5 (2022), House of Representatives Bill 150 (2022), Senate Bill 10 (2021), House of Representatives Bill 1 (2021), Senate Bill 219 (2020), and House of Representatives Bill 303 (2020).

6. "Document" or "Documents" shall have the broadest meaning ascribed to it by Fed. R. Civ. P. 34(a)(1)(A) and Fed. R. Evid. 1001, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy of a document is a separate document within the meaning of this term.

7. The terms "Communication" and "Communications" shall mean, without limitation, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, or question by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail ("e-mail").

8. The terms "Person" and "Persons" shall refer to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

9. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed outside the scope.

10. "Any" shall include "all" and "all" shall include "any."

11. "Including" shall mean including without limitation.

12. "Referring to," "relating to," "related to," "regarding," or any variation

thereof, means concerning, containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, or otherwise pertinent to the matter or any aspect thereof.

13. The use of the singular form of any word includes the plural and vice versa.

## II. INSTRUCTIONS

The following instructions supplement those contained in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Alabama, both of which are incorporated herein by reference:

1. In responding to this document request, please furnish all information that is available to You or subject to Your control, including information in the possession, custody, or control of Your officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any person who has served in any such role at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, any joint venture to which You are a party, and other persons acting on Your behalf.

2. Electronic records and computerized information must be produced in an intelligible format.

3. Each request seeks production of each document in its entirety, including all attachments or other matters affixed thereto. To the extent these documents are maintained in both hard copy and electronic form, provide both forms.

4. Documents are to be produced in their full and unredacted form; redacted documents shall not constitute compliance with this request, unless such documents are redacted pursuant to a claim of privilege, as set forth below.

3

5. If You withhold any document responsive to this request based on a claim of privilege or immunity from production, please submit a schedule at the time of the production setting forth and identifying the following information for each document so withheld:

    a) The type of document (e.g., letter, memorandum, account statements, etc.);

    b) The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

    c) The name of each author, co-author, or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

    d) If the document reflects or refers to a meeting or conversation, the name of each Person who was present at or was a party to the meeting or conversation;

    e) The subject matter of the information contained in the document;

    f) The nature of the privilege or immunity asserted; and

    g) A brief explanation of why the document is believed to be privileged or immune from production.

6. Please produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

7. If You object to any portion of any request herein, produce the document(s) and thing(s) relating to any portion of that request to which You have no objection and identify which document(s) and thing(s) are being withheld and the reason for such refusal to produce.

8. If no documents are responsive to any request herein, state in Your response that no responsive documents exist.

9. If for any reason, any of the documents or tangible things to be produced

pursuant to any request have been destroyed, lost, or otherwise disposed of, please state and identify for each category the following information:

    a)     The date the document or tangible thing was lost, destroyed, or disposed of;

    b)     All individuals who have knowledge of the loss, destruction, or disposal;

    c)     All documents which refer or relate to the loss, destruction, or disposal of the object or tangible thing; and

    d)     All circumstances concerning the loss of such documents.

10.     Each document produced by You in response to these requests should include a unique production number.

### III.   DOCUMENTS TO BE PRODUCED

1.     Communications (including any attachments thereto) sent or received between Alabama Citizen's Action Program and any of (i) a current or former member of the Alabama Legislature, (ii) his or her staff, or (iii) any other Alabama public official, regarding SB184, HB266, or any related or predecessor legislative bill in Alabama, sent or received between January 1, 2018 and April 7, 2022.