# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| Rev. Paul A. Eknes-Tucker, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| *Intervenor Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00184-LCB-SRW |
| | ) | |
| Hon. Steve Marshall, in his official | ) | |
| capacity as Attorney General of the | ) | |
| State of Alabama, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local

Rule 26.2 of the U.S. District Court for the Middle District of Alabama, Defendants

in the above-captioned action hereby submit the following responses and objections

to Plaintiffs' First Set of Requests for Production of Documents to Defendants ("the

Requests").

## GENERAL OBJECTIONS

1.      Defendants make the following General Objections to the Requests and

incorporate them into their response to each and every Request as if separately set

forth therein.  An assertion of the same, similar, or additional objection in response

1

to a specific Request does not waive any of these General Objections as to that or any Request.

2.      By responding and objecting to the Requests, Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assumption or implication contained in the Requests. Defendants provide these Responses without waiving or intending to waive, but rather preserving and intending to preserve:

(a)    All questions as to the competency, relevance, materiality, privilege, and admissibility of the information produced or disclosed in response to the Requests, or the subject matters thereof, in this or any subsequent proceeding, including the trial of this or any other action;

(b)    The right to object on any ground to the use of any information produced or disclosed in response to the Requests, or the subject matters thereof, in this or any subsequent proceeding, including the trial of this or any other action; and

(c)    The right to object on any ground at any time to any demand(s) for further responses to these or any other requests for production.

3.      The Requests seek "All Documents" concerning various topics. Defendants object to the Requests as overbroad and unduly burdensome as they purport to require Defendants to search the files of all persons who may possess responsive information, however remote the possibility is of such persons'

possessing responsive information.

4.      Defendants object to the Requests as overbroad and unduly burdensome to the extent that they seek documents that are available to the public, are already in the possession, custody, or control of any Plaintiff, are readily available to any Plaintiff, or attainable by Plaintiffs through public sources (including publicly accessible web sites).  Defendants will not produce such documents.

5.      Defendants object to Plaintiffs' Instruction No. 3 as overly broad and unduly burdensome to the extent it calls for Defendants to include on any privilege log information that is not required by the governing Rules or case law.

6.      Defendants object to Plaintiffs' Instruction No. 4 as overly broad and unduly burdensome to the extent it calls for Defendants to include on any privilege log information that is not required by the governing Rules or case law.

7.      Defendants object to Plaintiffs' Definition No. 2 and to Plaintiffs' definition of "You," and "Your" as overly broad because Defendants do not have "control," within the meaning of the Federal Rules of Civil Procedure, over documents that are held by any Alabama government entity or official outside of the Alabama Attorney General's Office.  For purposes of these Requests, Defendants will construe "You" and "Your" as "each named Defendant, including each named Defendant's agents, representatives, attorneys, and/or any other person acting on behalf of the named Defendants."

8.     Defendants object to the Requests to the extent that they seek documents held by any Alabama government entity or official outside of the Alabama Attorney General's Office or the Defendant District Attorneys' offices. Defendants do not have "control," within the meaning of the Federal Rules of Civil Procedure, over documents that are held by government entities or officials outside of the Alabama Attorney General's Office or the Defendant District Attorneys' offices.

9.     Defendants object to Plaintiffs' definition of "Document" as overbroad and unduly burdensome.  Defendants will construe the term consistent with its meaning and use set forth in Rule 34 of the Federal Rules of Civil Procedure.

10.    The inadvertent production of documents protected by such privileges, immunities, and protections shall not constitute a waiver of the applicable privilege, immunity, or protection either as to documents inadvertently produced or as to other information.

11.    These objections and responses are based on information presently known to Defendants and their attorneys.  Defendants specifically reserve the right to modify, supplement, clarify, or correct the objections and responses herein.

**SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS**

**REQUEST NO. 1:** All documents or communications between the Attorney General, any state entity or employee, District Attorney or staff, or third-party

organization concerning gender dysphoria, gender transition, gender transition treatments, transgender people, medical procedures for the treatment of gender dysphoria and/or the regulation of such procedures.

**RESPONSE TO REQUEST NO. 1:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome in part because it is unclear what constitutes "documents . . . between" two entities as distinct from "communications between" two entities. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 2:** All documents or communications concerning the subject legislation.

**RESPONSE TO REQUEST NO. 2:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and

the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

REQUEST NO. 3: All documents concerning or constituting complaints relating to the treatment, with or without the consent of the minor's parents or legal guardians, of gender dysphoria in minors in Alabama, including but not limited to complaints concerning the provision of puberty-blocking medications, testosterone, estrogen, and/or surgery to minors in Alabama.

RESPONSE TO REQUEST NO. 3:  Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome in part because it is unclear what "complaints" means in this context.  Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

REQUEST NO. 4: All documents concerning the effect on minors in Alabama of any treatment for gender dysphoria, including but not limited to puberty-blocking medications, testosterone, estrogen, and/or surgery.

**RESPONSE TO REQUEST NO. 4:**  Defendants object to this Request as premature to the extent that it seeks information subject to expert witness opinion and discovery. Defendants will serve expert witness reports, if any, in accordance with the Amended Report of the Parties Planning Meeting filed on July 14, 2022, and as may be amended from time to time. Defendants also object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants further object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 5:** All Documents considered or relied upon by the Alabama Legislature, or any member or staffer thereof, relating to the alleged need for or benefit of the subject legislation.

**RESPONSE TO REQUEST NO. 5:**  Defendants object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Defendants are in no position to know what Documents individuals within a separate branch of government subjectively "considered or relied upon." Defendants also object to this Request as seeking information protected by attorney-client privilege, deliberative

process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants further object to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are available to the public, are already in the possession, custody, or control of Plaintiffs, are readily available to Plaintiffs, or attainable by Plaintiffs through public sources (including publicly accessible web sites, *see, e.g.*, https://vimeo.com/697000650/59a642f5d4). Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 6:** All documents received, reviewed, considered, or relied on by the Alabama Legislature, or any member or staffer thereof, in contemplating, drafting, proposing, debating, amending, modifying, or enacting the subject legislation, including but not limited to advocacy documents, lobbying materials, letters, one-pagers, or explainers.

**RESPONSE TO REQUEST NO. 6:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants further object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Defendants are in no position to

know what Documents individuals within a separate branch of government subjectively "considered or relied upon." Nor can Defendants determine what Documents individuals within a separate branch of government "reviewed." Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 7:** All documents reflecting or concerning testimony given, considered, or relied on by the Alabama Legislature, or any member or staffer thereof, in connection with considering, contemplating, drafting, proposing, debating, amending, modifying, or enacting the subject legislation.

**RESPONSE TO REQUEST NO. 7:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request as overbroad and unduly burdensome in that it seeks documents that are available to the public, are already in the possession, custody, or control of Plaintiffs, are readily available to Plaintiffs, or attainable by Plaintiffs through public sources (including publicly accessible web sites, *see, e.g.*, https://vimeo.com/683940881/4edaeefda2). Defendants further object to this Request on the ground that it is vague, overbroad, and unduly burdensome because Defendants are in no position to know what

individuals within a separate branch of government "relied on" for a particular purpose. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 8:** All documents concerning any drafts of the subject legislation, including but not limited to drafts of the text of the subject legislation prior to the formal introduction of proposed legislation in the Legislature, comments concerning such drafts, and communications concerning such drafts.

**RESPONSE TO REQUEST NO. 8:**   Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 9:** All documents identifying any individual, entity, or organization that communicated with you about or participated in or contributed in any way to drafting the subject legislation.

10

**RESPONSE TO REQUEST NO. 9:**  Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 10:** All communications between the Alabama Legislature, or any member or staffer thereof, and any other person or entity concerning gender dysphoria, gender transition, gender transition treatments, transgender people, medical procedures for the treatment of gender dysphoria, and/or the regulation of such procedures.

**RESPONSE TO REQUEST NO. 10:**  Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not

produce Documents in response to this Request.

**REQUEST NO. 11:** All communications between the Alabama Legislature, or any member or staffer thereof, and any organization, medical or professional association, insurance company, or health care provider concerning the subject legislation.

**RESPONSE TO REQUEST NO. 11:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 12:** All communications between the Alabama Legislature, or any member or staffer thereof, and any other person or entity concerning the subject legislation.

**RESPONSE TO REQUEST NO. 12:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that

it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 13:** All documents concerning any enforcement of or plans to enforce the subject legislation.

**RESPONSE TO REQUEST NO. 13:**  Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, law enforcement privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 14:** All documents concerning any guidance to state or local government officials, agencies, licensing boards, or law enforcement officers concerning the subject legislation.

**RESPONSE TO REQUEST NO. 14:**  Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, law enforcement privilege, work product doctrine, or other applicable

13

privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 15:** All documents concerning any guidance to medical providers concerning the subject legislation.

**RESPONSE TO REQUEST NO. 15:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 16:** All documents concerning any allegation or investigation of potential violations of the subject legislation during the time period of May 8, 2022 through May 13, 2022.

**RESPONSE TO REQUEST NO. 16:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process

privilege, law enforcement privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 17:** All documents concerning any contemplated or attempted enforcement of the subject legislation during the time period of May 8, 2022 through May 13, 2022.

**RESPONSE TO REQUEST NO. 17:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, law enforcement privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 18:** All documents concerning the scope, interpretation, or meaning of the subject legislation including but not limited to documents concerning which types of activities the subject legislation does and does not prohibit, and to

whom the subject legislation applies.

**RESPONSE TO REQUEST NO. 18:**  Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 19:** All documents concerning your claims that the subject legislation does not violate or may not violate the First Amendment, the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment, or any other provision of the United States Constitution.

**RESPONSE TO REQUEST NO. 19:**  Defendants object to this Request as premature to the extent that it seeks information subject to expert witness opinion and discovery. Defendants will serve expert witness reports, if any, in accordance with the Amended Report of the Parties Planning Meeting filed on July 14, 2022, and as may be amended from time to time. Defendants also object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from

discovery. Defendants further object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 20:** All documents concerning your claims that the subject legislation is not or may not be preempted by federal law, including but not limited to Section 1557 of the Patient Protection and Affordable Care Act.

**<u>RESPONSE TO REQUEST NO. 20</u>:** Defendants object to this Request as premature to the extent that it seeks information subject to expert witness opinion and discovery. Defendants will serve expert witness reports, if any, in accordance with the Amended Report of the Parties Planning Meeting filed on July 14, 2022, and as may be amended from time to time. Defendants also object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants further object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

17

**REQUEST NO. 21:** All documents concerning any proposed or enacted legislation in states other than Alabama or in other countries that would regulate or limit the availability of medical treatments for gender dysphoria to minors.

**RESPONSE TO REQUEST NO. 21:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, deliberative process privilege, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request in that it seeks information that is already in the public domain or is readily available from a source other than Defendants in a manner that is more convenient, less burdensome, and less expensive. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 22:** All documents concerning the governmental interests that you assert support the subject legislation.

**RESPONSE TO REQUEST NO. 22:** Defendants object to this Request as premature to the extent that it seeks information subject to expert witness opinion and discovery. Defendants will serve expert witness reports, if any, in accordance with the Amended Report of the Parties Planning Meeting filed on July 14, 2022, and as may be amended from time to time. Defendants also object to this Request as seeking

information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants further object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 23:** All documents concerning any alternate means (i.e., other than through criminal prosecution, such as medical licensure) of protecting the asserted government interests referenced in Request No. 22, above.

**RESPONSE TO REQUEST NO. 23:** Defendants object to this Request as premature to the extent that it seeks information subject to expert witness opinion and discovery. Defendants will serve expert witness reports, if any, in accordance with the Amended Report of the Parties Planning Meeting filed on July 14, 2022, and as may be amended from time to time. Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, deliberative process privilege, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Given the foregoing objections and the fact that searching for documents in response to this Request is

19

highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 24:** All documents concerning the effect of the subject legislation on the well-being or health of minors.

**<u>RESPONSE TO REQUEST NO. 24</u>:** Defendants object to this Request as premature to the extent that it seeks information subject to expert witness opinion and discovery. Defendants will serve expert witness reports, if any, in accordance with the Amended Report of the Parties Planning Meeting filed on July 14, 2022, and as may be amended from time to time. Defendants also object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, deliberative process privilege, or other applicable privilege, immunity, or protection from discovery. Defendants further object to this Request on the ground that it is vague, overbroad, and unduly burdensome. Defendants further object to this Request in that it seeks information that is already in the public domain or is readily available from a source other than Defendants in a manner that is more convenient, less burdensome, and less expensive. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 25:** All documents from January 1, 2016 to the present

concerning any legislation or other proposal to prohibit any medical procedure or treatment, other than the subject legislation.

**RESPONSE TO REQUEST NO. 25:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, deliberative process privilege, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses and is vague, overbroad, and unduly burdensome. Defendants further object to this Request in that it seeks information that is already in the public domain or is readily available from a source other than Defendants in a manner that is more convenient, less burdensome, and less expensive. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 26:** All documents from January 1, 2016 to the present concerning any enforcement of any prohibition of any medical procedure or treatment, other than the subject legislation.

**RESPONSE TO REQUEST NO. 26:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, law enforcement privilege, work product doctrine, deliberative process

privilege, legislative privilege or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses and is vague, overbroad, and unduly burdensome. Defendants further object to this Request in that it seeks information that is already in the public domain or is readily available from a source other than Defendants in a manner that is more convenient, less burdensome, and less expensive. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 27:** All documents concerning any document retention policy maintained by you, including any litigation holds or document preservation notices relating to this lawsuit.

**<u>RESPONSE TO REQUEST NO. 27</u>:** Defendants object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, deliberative process privilege, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request on the ground that it seeks information that is not relevant to any party's claims or defenses. Defendants will not produce Documents in response to this Request.

**REQUEST NO. 28:** All documents relating to or supporting certain defenses alleged in your respective Answers to Private Plaintiffs and the United States:

      a.      Answer to Private Plaintiffs: Defenses 2-9, and

      b.      Answer to the United States: Defenses 2-7.

**RESPONSE TO REQUEST NO. 28:** Defendants object to this Request as premature to the extent that it seeks information subject to expert witness opinion and discovery. Defendants will serve expert witness reports, if any, in accordance with the Amended Report of the Parties Planning Meeting filed on July 14, 2022, and as may be amended from time to time. Defendants also object to this Request as seeking information protected by attorney-client privilege, deliberative process privilege, work product doctrine, or other applicable privilege, immunity, or protection from discovery. Defendants also object to this Request to the extent it concerns defenses that Defendants will raise in the future given Plaintiffs' recently filed amended complaint. Defendants also object to this Request in that it seeks information that is already in the public domain or is readily available from a source other than Defendants in a manner that is more convenient, less burdensome, and less expensive. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 29:** All documents referred to or referenced in your Initial Disclosures.

**RESPONSE TO REQUEST NO. 29:** Defendants object to this Request in that it seeks information that is already in the public domain or is readily available from a source other than Defendants in a manner that is more convenient, less burdensome, and less expensive. Given the foregoing objections and the fact that searching for documents in response to this Request is highly unlikely to lead to relevant, non-privileged, and discoverable material, Defendants will not produce Documents in response to this Request.

**REQUEST NO. 30:** All documents received in response to a subpoena or medical release form.

**RESPONSE TO REQUEST NO. 30:** Defendants object to this Request on the ground that is vague, overbroad, and unduly burdensome. Defendants agree to confer in good faith with Plaintiffs regarding the meaning of this Request.

**REQUEST NO. 31:** All public statements (including via social media), interviews, testimony, or speeches made by Defendants about the subject legislation.

**RESPONSE TO REQUEST NO. 31:** Defendants object to this Request in that it seeks information that is already in the public domain or is readily available from a source other than Defendants in a manner that is more convenient, less burdensome, and less expensive. Defendants further object that this Request on the

ground that it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing objections, Defendants will produce

responsive, non-privileged documents in response to this Request located through a

reasonably diligent search.

Respectfully submitted,

Steve Marshall
   *Attorney General*

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, South Carolina
29413
(843) 606-0640
CMills@Spero.law

Edmund G. LaCour Jr. (ASB-9182-U81L)
   *Solicitor General*

s/ A. Barrett Bowdre
A. Barrett Bowdre (ASB-2087-K29V)
Thomas A. Wilson (ASB-1494-D25C)
   *Deputy Solicitors General*
James W. Davis (ASB-4063-I58J)
   *Deputy Attorney General*
Benjamin M. Seiss (ASB-2110-O00W)
   *Assistant Attorney General*

David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Thomas.Wilson@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

## CERTIFICATE OF SERVICE

The parties have agreed to electronic service of discovery documents. I hereby certify that I electronically served a copy of the foregoing document on Melody H. Eagan (meagan@lightfootlaw.com), Jeffrey P. Doss (jdoss@lightfootlaw.com), Amie A. Vague (avague@lightfootlaw.com), J. Andrew Pratt (apratt@kslaw.com), Misty L. Peterson (mpeterson@kslaw.com), Adam Reinke (areinke@kslaw.com), Gilbert Oladeinbo (goladeinbo@kslaw.com), Brent P. Ray (bray@kslaw.com), Abigail Hoverman Terry (ahoverman@kslaw.com), Michael B. Shortnacy (mshortnacy@kslaw.com), Asaf Orr (aorr@nclrights.org), Jennifer L. Levi (jlevi@glad.org), Scott D. McCoy (scott.mccoy@splcenter.org), Diego A. Soto (diego.soto@splcenter.org), Jessica L. Stone (jessica.stone@splcenter.org), Sarah Warbelow (sarah.warbelow@hrc.org), Cynthia Weaver (cynthia.weaver@hrc.org), John Powers (john.powers@usdoj.gov), Coty Montag (coty.montag@usdoj.gov); Eliza Dermody (eliza.dermody@usdoj.gov); Alyssa C. Lareau (alyssa.lareau@usdoj.gov), Renee Williams (renee.williams3@usdoj.gov), Kaitlin Toyama (kaitlin.toyama@usdoj.gov), Lane Woodke (lane.woodke@usdoj.gov), Jason R. Cheek (jason.cheek@usdoj.gov), Sandra J. Stewart (sandra.stewart@usdoj.gov), and Stephen D. Wadsworth (Stephen.wadsworth@usdoj.gov) *via* email on this the 2nd day of September 2022.

s/ A. Barrett Bowdre
*Counsel for Defendants*