IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al., <br><br> Plaintiffs, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> Hon. STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, et al. <br><br> Defendants. | CIVIL ACTION NO. <br> 2:22-CV-000184-LCB-SRW |

## PRIVATE PLAINTIFFS' OPPOSITION TO NON-PARTY ALABAMA CITIZEN'S ACTION PROGRAM'S MOTION TO QUASH AND MOTION FOR SANCTIONS

Private Plaintiffs submit this Opposition to Non-Party Alabama Citizen's Action Program's ("ALCAP") Motion to Quash and Motion for Sanctions (ECF No. 407), respectfully showing the Court as follows:

In moving to quash Private Plaintiffs' subpoena and for sanctions, ALCAP relies primarily on the same arguments that Non-Party Eagle Forum of Alabama ("Eagle Forum") makes in its motion to quash (ECF No. 402), namely that the subpoena seeks irrelevant or privileged documents and that complying with the subpoena would impose an undue burden on ALCAP. Private Plaintiffs incorporate by reference their Corrected Opposition to Eagle Forum's Motion to Quash and

1

Motion for Sanctions (ECF No. 413) as if fully set forth herein. For the reasons explained in that brief, Private Plaintiffs' subpoena seeks relevant, non-privileged documents and complying with the subpoena would not impose an undue burden on ALCAP.

Like Eagle Forum, as the party moving to quash, ALCAP bears the burden to prove that the subpoena subjects it to an undue burden and must do so with "affidavits or other proof to support this assertion." *Breland v. Levada EF Five, LLC*, No. CV 14-0158-CG-C, 2015 WL 12995098, at *5 (S.D. Ala. Apr. 30, 2015) (citations omitted). ALCAP has not made any such showing here. The only evidence it submitted in support of its motion is the affidavit of Greg Davis, in which he asserts—without any evidence or proof to support it—that he "believe[s]" the subpoena is intended to "quiet [ALCAP's] voice" and that ALCAP "believes" the subpoena violates its constitutional rights. Doc. 407-2. These conclusory statements, without any particularized showing of the burden it would impose on ALCAP, are insufficient to meet ALCAP's "heavy" burden of proof. *See, e.g.*, *Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n*, 2007 WL 9701863, at *3 (S.D. Fla. Mar. 30, 2007); *Breland*, 2015 WL 12995098, at *5.

ALCAP's other arguments also are unavailing. For example, ALCAP asserts that Private Plaintiffs served the subpoena at issue, not to seek relevant documents to support their Equal Protection claim, but to "harass non-parties" such as ALCAP

who advocated for the passage of the Vulnerable Child Compassion and Protection Act by the Alabama Legislature. Like ALCAP's other arguments, this argument is wholly unsupported by any evidence, and it does not even try to grapple with Private Plaintiffs' need for the documents and their relevance to this litigation, *see* ECF No. 213 at 8-14, or the efforts of Private Plaintiffs took to minimize the burden on ALCAP and other organizations. *See* ECF No. 413 at 17-20.

Finally, ALCAP argues that Private Plaintiffs' subpoena is an "intrusiv[e] request[ ] for personal and confidential information" that may make it "and those churches for whom it speaks" "fearful of exercising [their] constitutional rights in the future." Mot. at 6. But Private Plaintiffs' subpoena does not seek internal or confidential documents; it seeks only communications between ALCAP and Alabama legislators and public officials—communications that, by their very nature, were not intended to be private or confidential. *See, e.g., Fla. State Conference of Branches & Youth Units of NAACP v. Lee*, 568 F. Supp. 3d 1301, 1307 (S.D. Fla. 2021).

Accordingly, for these reasons and those set forth in Private Plaintiffs' Response to Eagle Forum's Motion to Quash (Doc. 413), this Court should deny ALCAP's Motion to Quash and Motion for Sanctions.

Dated: March 4, 2024                              Respectfully submitted,

*Amie A. Vague*

Melody H. Eagan
Jeffrey P. Doss
Amie A. Vague
LIGHTFOOT, FRANKLIN &
WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt
Adam Reinke
Misty L. Peterson
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com

Brent P. Ray
Abigail Hoverman Terry
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
bray@kslaw.com
ahoverman@kslaw.com

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Blvd., Suite 3750
Miami, FL 33131
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW

Sarah Warbelow
Cynthia Weaver
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

Jennifer L. Levi
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
jlevi@glad.org

Jessica L. Stone
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

*Counsel for Private Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record in this case.

 *Amie A. Vague*
*Counsel for Private Plaintiffs*