UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2024 MAR -6  P 4: 41

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| BRIANNA BOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Case No. 2:22-cv-184-LCB |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | FILED UNDER SEAL |
| ) | |
| STEVE MARSHALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION FOR CLARIFICATION AND OBJECTION TO ORDER TO SHOW CAUSE

Respondents Michael Shortnacy, Melody Eagan, Jeffrey Doss, Scott McCoy, and Asaf Orr ("Movants") respectfully request that this Court clarify its February 21, 2024 Order to Show Cause (doc. 406, sealed) to provide each Movant notice as to how he or she allegedly violated the legal standards set forth in Section I. In support of this motion, Movants state as follows:

The Order cites *United States v. Shaygan*, 652 F.3d 1297 (11th Cir. 2011) for the requirement that an individual attorney under threat of sanctions must be afforded "fair notice that [his or her] conduct may warrant sanctions and the reasons why." *Id.* at 1318. "[T]he attorney is entitled to know the precise rule, standard, or

law that he or she is alleged to have violated and how he or she allegedly violated it." *Id.* at 1319. *See also Baker v. 3M Co.*, No. 21-12393, 2023 WL 3734013, at *3 (11th Cir. May 31, 2023) (vacating award of sanctions based on due process violations). Further, the Eleventh Circuit has cautioned against "collective guilt" in imposing sanctions, stating that attorneys "cannot be held responsible for the acts or omissions of others." *See Shaygan*, 652 F.3d at 319; *see also JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976, 987 (11th Cir. 2017) ("Bad faith is personal to the offender. One person's bad faith may not be attributed to another by operation of legal fictions or doctrines such as respondeat superior or vicarious liability.") (quoting Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 27 (4th ed. 2012))).

The Order does not appear to comply with these due process requirements because it does not give each Respondent notice of what specific rule he or she is alleged to have violated and how he or she allegedly violated it. Like the Panel's Report of Inquiry, the Order applies a collective approach and does not identify which alleged acts of misconduct are attributed to each Respondent.

For example, the Order identifies several rules, standards, and codes under which Respondents may be sanctioned, but acknowledges that "not every rule, standard, and code applies to each Respondent." Doc. 406 at 5-8. The Order also quotes certain Rules of Professional Conduct and the Local Rules and the Oaths of

2

Admission of the Northern and Middle Districts, but it does not identify which provisions each Respondent is accused of violating and what particular conduct each Respondent is alleged to have committed. *Id.*

Similarly, Section II(a) directs each Respondent to "address all applicable grounds of individual and collective misconduct that the three-judge panel identified on pages 51-52 of the Report of Inquiry, as well as any other pertinent misconduct described by the panel." *Id.* at 9. Section II(b) directs each Respondent to "show cause why he or she should not be sanctioned for misrepresenting or otherwise failing to disclose key facts during the panel's inquiry." *Id.* In doing so, Respondents must "address the discrepancies between his or her own testimony and affidavits and those of all other attorneys involved in the panel's inquiry." *Id.* These instructions do not give each Respondent notice as to how he or she has allegedly committed judge-shopping or misrepresented facts to the Court or to the Panel. As a result, the Respondents are left to guess at what acts or omissions the Court finds potentially sanctionable. This is further complicated by the fact that Respondents do not have access to the declarations of others and have not yet received permission to review the full record associated with the panel proceedings.

Because the Order to Show Cause continues with a collective approach in ordering Respondents to address unidentified instances of misconduct, Movants respectfully seek clarification consistent with the requirements set forth in *Shaygan.*

3

Specifically, each Movant requests clarification as to how he or she allegedly committed judge-shopping, misrepresented facts to the Court or to the Panel, or otherwise violated the legal standards set forth in Section I of the Order.

Respectfully submitted,

/s/ *Bruce F. Rogers*
Bruce F. Rogers
Elizabeth N. Terenzi

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
Telephone: (205) 879-1100
Facsimile: (205) 879-4300
Email: brogers@bainbridgemims.com
bterenzi@bainbridgemims.com

*Counsel for Michael Shortnacy*

/s/ *Samuel H. Franklin*
Samuel H. Franklin
sfranklin@lightfootlaw.com
M. Christian King
cking@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700 (Phone)

*Counsel for Melody Eagan and Jeffrey Doss*

/s/ *Robert D. Segall*
Robert D. Segall
Shannon L. Holliday
Copeland, Franco, Screws & Gill, P.A.

4

444 South Perry Street (36104)
P.O. Box 347
Montgomery, Alabama 36101-0347
Telephone:  (334) 834-1180
Facsimile:  (334) 834-3172
Email:  segall@copelandfranco.com
  holliday@copelandfranco.com

*Counsel for Asaf Orr and Scott McCoy*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2024, I filed a copy of the foregoing with the Clerk of Court under seal and served a copy on counsel by email.

/s/ Bruce J. Rogers
OF COUNSEL