# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| **BRIANNA BOE**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:22-cv-0184-LCB** |
| | ) | |
| **STEVE MARSHALL**, *et al.*, | ) | **FILED UNDER SEAL** |
| | ) | |
| **Defendants.** | ) | |

## SEALED OBJECTION TO ORDER TO SHOW CAUSE

Respondents **James Esseks, Carl Charles, and LaTisha Faulks** ("these Respondents") object to this Court's Order to Show Cause (doc. 406), as follows:

1.     As this court has recognized, the potential imposition of sanctions on Respondents "must comply with the mandates of due process." *United States v. Shaygan*, 652 F.3d 1297, 1318 (11th Cir. 2011). "Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir.1995). "An attorney charged with misconduct is entitled to notice of the charge: that is, the attorney is entitled to know the precise rule, standard, or law that he or she is alleged to have violated and how he or she allegedly violated it." *Shaygan*, 652 F.3d at 1319. *See also Baker v. 3M Co.*, No. 21-12393, 2023 WL 3734013, at *3 (11th Cir. May 31, 2023) (vacating award of sanctions based on due process violations). Further, the

1

Eleventh Circuit has cautioned against "collective guilt" in imposing sanctions. *See JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976, 987 (11th Cir. 2017) ("Bad faith is personal to the offender. One person's bad faith may not be attributed to another by operation of legal fictions or doctrines such as respondeat superior or vicarious liability" (quoting Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 27 (4th ed. 2012))).

2.      The Order to Show Cause sets out a litany of rules, codes, and oaths, but expressly recognizes that "not every rule, standard, and code applies to each Respondent" (doc. 406 at 4).[1] Despite this acknowledgement, the order goes on to require "[e]ach Respondent ... to show cause why he or she should not be sanctioned for violating these rules, standards, and codes of professional conduct...". (*Id.* at 8).

3.      The Order to Show Cause references and incorporates portions of the panel's Final Report of Inquiry (doc. 406 at 2) even though that report failed to set forth "the precise rule, standard, or law that [each Respondent] is alleged to have violated and how he or she allegedly violated it." *Shaygan*, 652 F.3d at 1319. This Court's Order to Show Cause suffers from many of the same due process deficiencies that infect the panel's Final Report.

_____

[1] Many of the "rules, standards, and codes" cited by the Order to Show Cause were not cited by the panel either prior to or during its inquiry or in its Final Report. The failure of the panel to provide each Respondent with the precise rules and specific conduct that could expose them to potential sanctions was the subject of prior due process objections by Respondents and those objections are incorporated herein.

4.      The Order to Show Cause (and previously the Final Report of Inquiry) references "the random case assignment procedures for the U.S. District Courts for the Northern and Middle Districts of Alabama" (doc. 406 at 8-9) even though those procedures are not publicly available and are unknown to these Respondents. These Respondents respectfully request that they be provided with these referenced procedures before being required to respond to the Order to Show Cause.

5.      The Order to Show Cause cites and quotes the professional conduct Local Rules of the Northern and Middle Districts without identifying the precise provisions of those rules that **each Respondent** is accused of violating and what **particular conduct** each Respondent is alleged to have committed in violation of such provisions. Similarly, the Order to Show Cause cites and quotes the Oaths of Admission of the Northern and Middle Districts without identifying the precise provisions of those oaths that **each Respondent** is accused of violating and what **particular conduct** each Respondent is alleged to have committed in violation of his or her oath.

6.      The Order to Show Cause requires "[e]ach Respondent" to show cause why he or she should not be sanctioned "for attempting to manipulate the random case assignment procedures for the U.S. District Courts for the Northern and Middle Districts of Alabama in violation of controlling precedent, Rule 11 …, and the rules of professional conduct" but does not identify what **particular** acts or omissions by

3

**each Respondent** are the subject of the Court's potential sanctions. (doc. 406 at 9). Nor does the Order's reference to the panel's Final Report cure the due process problems because the Final Report also failed to identify which **particular** acts by **each Respondent** are to be addressed. In fact, the Order to Show Cause expressly recognizes that the Final Report outlines "collective misconduct" which itself violates the due process requirements established by the Eleventh Circuit. (*Id.* at 9).

7.    The Order to Show Cause requires "[e]ach Respondent" to show cause "why he or she should not be sanctioned for misrepresenting or otherwise failing to disclose key facts during the panel's inquiry" and requires "each Respondent" to "address the discrepancies between his or her own testimony and affidavits and those of all other attorneys involved in the panels' inquiry" without identifying any **particular** alleged "misrepresentation" or "discrepancy" or "fail[ure] to disclose key facts during the panel's inquiry" that each Respondent must address. (doc. 406 at 9). As a consequence, each Respondent is left to guess what aspects of their testimony the panel and this Court might be referring to.[2]

---

[2] This aspect of the Order to Show cause is particularly problematic because the Respondents have not yet been allowed access to the sealed declarations submitted by the other Respondents. These Respondents renew their request that they be provided with copies of the sealed declarations.

4

8.    As currently constituted, the Order to Show Cause does not comply with the due process requirements set forth in *Shaygan* and other binding Eleventh Circuit precedent.

Respectfully submitted,

Barry A. Ragsdale
Robert S. Vance
Dominick Feld Hyde, PC
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

W. Neil Eggleston
Eugene F. Assaf
Byron Pacheco
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5016
neil.eggleston@kirkland.com
eassaf@kirkland.com
byron.pacheco@kirland.com

*Counsel for Respondents*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on March 7, 2024, I filed the foregoing under seal with the Clerk of Court using the CM/ECF system, and I will serve a copy on all counsel of record by email.

OF COUNSEL