IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BRIANNA BOE, et al., | } |
| *Plaintiffs*, | } |
| and | } |
| UNITED STATES OF AMERICA, | } Case No. 2:22-CV-184-LCB |
| *Plaintiff-Intervenor*, | } **Filed Under Seal** |
| v. | } |
| STEVE MARSHALL, et al., | } |
| *Defendants*. | } |

## RESPONDENTS' MOTION TO RECEIVE CLARIFICATION OF ORDER TO SHOW CAUSE AND NOTICE OF PROPOSED TESTIMONY

Respondents Melody H. Eagan and Jeffrey P. Doss ("these Respondents") have joined in a Motion for Clarification (Doc.423, *filed under seal*), in which they ask the Court to enter a separate order as to each Respondent specifically identifying the conduct of each Respondent that the Court is considering sanctioning. In the event the Court does not grant that motion, these Respondents seek clarification of Section II(b) of the Court's Order to Show Cause (Doc. 406) ("the Order") as outlined below.

The Order states as follows: "Any respondent who believes that additional evidence is necessary for the Court to determine a Respondent's culpability or an

Case 2:22-cv-00184-LCB-CWB   Document 432   Filed 03/08/24   Page 2 of 6

appropriate sanction must move the Court for such action by March 8, 2024, and shall set out in detail that specific additional evidence in said filing." (Doc. 406 at 11). These Respondents will identify the additional evidence they seek leave to offer by the March 8 deadline.

In the meantime, these Respondents request an order from the Court identifying the precise conduct the Court is considering sanctioning under Section II(b) of the Order. Due process requires that an attorney be given advance notice before being sanctioned. As the Eleventh Circuit has explained, "[t]he charge must be known before the proceedings commence. They become a trap when, after they are underway, the charges are amended on the basis of testimony of the accused." *United States v. Shaygan*, 652 F.3d 1297, 1318 (11th Cir. 2011) (quoting *In re Ruffalo*, 390 U.S. 544, 550 (1968)). "An attorney charged with misconduct is entitled . . . to know the precise rule, standard, or law that he or she is alleged to have violated and how he or she allegedly violated it." *Id.* at 1319. Providing that notice complies with fundamental fairness. *See, e.g., Baker v. 3M Co.*, No. 21-12393, 2023 WL 3734013, at *3 (11th Cir. May 31, 2023) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Section II(b) of the Order does not identify the statements or omissions by these Respondents, if any, that the Court believes might constitute sanctionable misrepresentations or omissions. Section II(b) directs "[e]ach Respondent . . . to show cause why he or she should not be sanctioned for misrepresenting or otherwise failing to disclose key facts during the panel's inquiry . . . ." (Doc. 406 at 9). Section II(b) further directs that "each Respondent must address the discrepancies between his or her own testimony and affidavits and those of all other attorneys involved in the panel's inquiry." *Id.* The Order does not identify the "key facts" these Respondents allegedly "misrepresent[ed] or otherwise fail[ed] to disclose." The Order also does not identify the alleged "discrepancies" between Respondents' "testimony and affidavits" and the testimony and affidavits "of all other attorneys involved." These Respondents, therefore, have not been given notice of the portions of their prior testimony they should address, either in their evidentiary submission or in their briefing, in response to Section II(b) of the Order.

In the Report of Inquiry, the three-judge panel identified the following conduct, which, absent guidance from this Court, these Respondents assume is the basis for Section II(b) of the Order:

(1) Ms. Eagan recalled having a telephone call on or about Wednesday, April 13, 2022, or Thursday, April 14, 2022, with counsel for the *Walker* plaintiffs, in which she shared her views of certain judges in the Northern

3

District of Alabama; apparently some of the attorneys on the call did not recall that discussion as having occurred or did not recall the discussion of judges in the same way.

(2)   One attorney for the *Eknes-Tucker* plaintiffs testified that, during the conference call on Friday, April 15, 2022, Ms. Eagan provided an opinion about "chances of success." The panel did not ask Ms. Eagan about this alleged statement, and no other attorney who was questioned by the panel about that statement recalled Ms. Eagan saying it.

(3)   The panel also found that Ms. Eagan's and Mr. Doss's litigation decisions were motivated by a single factor rather than multiple factors, as the undersigned believe[1] all other counsel for *Eknes-Tucker* testified. The panel did not provide an evidentiary basis for this finding.

Because Section II(b) of the Order does not specify which alleged misrepresentations, omissions, or discrepancies are at issue as to these Respondents, Respondents will assume—based on the Report of Inquiry—that these three matters are the focus of the Court's Order and will seek leave to provide additional evidence about them. Respondents take very seriously any accusation that they have testified untruthfully and want to address all concerns that the Court may have. Respondents respectfully request that the Court identify any other alleged misrepresentations,

---

[1] These Respondents do not have access to the Declarations of others.

4

omissions, or discrepancies (if there are others) so that these Respondents may address them.

Respectfully Submitted,

*/s/ M. Christian King*
One of the Attorneys for Melody H. Eagan
and Jeffrey P. Doss

OF COUNSEL:
Samuel H. Franklin
*sfranklin@lightfootlaw.com*
M. Christian King
*cking@lightfootlaw.com*
Harlan I. Prater, IV
*hprater@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2024, the foregoing was filed under seal pursuant to the Court's Order (Doc. 419) with the Clerk of Court for the United States District Court for the Middle District of Alabama and a true and correct copy was served on all counsel of record *via* electronic mail.

_____
OF COUNSEL