IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2024 MAR -8 P 3: 17

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BRIANNA BOE, et al.,           )
                               )
        Plaintiffs,            )
                               )
and                            )
                               )          Case No.: 2:22-cv-00184-LCB
UNITED STATES OF AMERICA,      )          FILED UNDER SEAL
                               )
        Plaintiff-Intervenor,  )
                               )
v.                             )
                               )
STEVE MARSHALL, in his official )
capacity as Attorney General of the )
State of Alabama, et al.,      )
                               )
        Defendants.            )
_____ )

## RESPONDENT KATHLEEN HARTNETT'S MOTION TO SUBMIT ADDITIONAL EVIDENCE

Respondent Kathleen Hartnett, in compliance with the Court's Order to Show Cause, identifies the following additional evidence that she believes is necessary for the Court's consideration:

1. **Hartnett supplemental declaration:** Hartnett seeks to submit a supplemental declaration addressing matters in the Final Report of Inquiry to clarify the factual record, including, but not limited to:

a. Hartnett's lack of participation in an April 13, 2022 phone call that the Panel characterized as involving *Walker* counsel attempting to persuade *Ladinsky* counsel to transfer *Ladinsky* to the Middle District to be in front of Judge Thompson. Hartnett was not asked about this call by the panel, and she wants to provide a clear record that she was not on the call.

b. Hartnett's participation in phone calls on April 15, 2022. The record contains evidence of multiple phone calls on Friday, April 15, 2022. The Panel's Report identifies one conference call on April 15 purportedly including Hartnett. *Vague*, Doc. 70 at 31. The Report later discusses comments by counsel on a phone call about impressions of judges, but it does not provide clarity on whether this call is the same call as a conference call with Hartnett. Hartnett seeks to provide a declaration that identifies the phone calls that she participated in and whether those phone calls involve the judge-related discussions identified in the Report.

c. The personal and professional impact of the threat of sanctions on Hartnett.

2

d. To the extent Hartnett identifies any other material issues on which the record is not clear, she seeks to provide testimony by a supplemental declaration on those issues.

2. **Hartnett supplemental testimony**: At the May 22–23, 2024 hearings, Hartnett will be prepared to address any questions from the Court and would welcome the opportunity to further address her conduct in the *Walker* case and the *In re Vague* proceeding.

3. **Expert testimony**: Hartnett seeks to submit expert testimony, either by declaration or live testimony, from Clark Cunningham as follows:

a. Mr. Cunningham is a professor of law and the W. Lee Burge Chair in Law & Ethics at Georgia State University College of Law. He is also the director of the National Institute for Teaching Ethics and Professionalism and the co-editor of the International Forum on Teaching Legal Ethics & Professionalism. Mr. Cunningham has served on the Chief Justice's Commission on Professionalism in Georgia for over twenty years. Mr. Cunningham has previously testified in matters related to the nature and scope of professional duties of attorneys in a wide variety of legal contexts, including professional malpractice, disqualification, ineffective assistance of counsel, and attorney discipline. He has also served as a special master, appointed by the

3

Supreme Court of Georgia, in an attorney discipline proceeding, and the Supreme Court of Georgia adopted his recommendation. In connection with his testimony, Mr. Cunningham will provide additional information on his qualifications, publications, and prior testimony.

b. Mr. Cunningham will provide testimony and opinions on the following topics:

    i. The professional duties that Hartnett and the *Walker* legal team owed generally to their clients to accomplish the objectives of their representation within the bounds of the applicable rules and laws.

    ii. The professional duties that Hartnett and the *Walker* legal team may have owed to their clients to identify *Walker* as related to *Corbitt* upon filing;

    iii. Whether Hartnett's role in marking *Walker* as related to *Corbitt* violated the Alabama Rules of Professional Conduct or any other rules or standards of conduct;

    iv. The professional duties that Hartnett and the *Walker* legal team may have owed to their clients to file the voluntary dismissal in the *Walker* case under Rule of Civil Procedure 41 on April 15, 2022;

4

v. Whether Hartnett violated the Alabama Rules of Professional Conduct or any other rules or standards of conduct by filing a voluntary dismissal in the *Walker* case on April 15, 2022.

vi. How Hartnett's role in attempting to relate the *Walker* case to *Corbitt* and later dismissing the *Walker* case relates to the general principles of professional responsibility.

c. To the extent disciplinary action against Hartnett may be based on anything beyond her conduct related to the voluntary dismissal and relatedness designation, Mr. Cunningham may have additional opinions to offer.

4. **Other supplemental evidence**: Hartnett may seek to rely on any other supplemental materials submitted by other Respondents in this action.

Dated: March 8, 2024.

Brannon J. Buck (ASB-5848-K56B)
bbuck@badhambuck.com
Christopher B. Driver (ASB-9178-G39B)
cdriver@badhambuck.com
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
(205) 521-0036 (Phone)
(205) 521-0037 (Facsimile)
*Counsel for Kathleen Hartnett*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via electronic mail and/or U.S. Mail on this the 8th day of March, 2024.

OF COUNSEL