2024 MAR -8 P 3: 2?

TREY GRANGER. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **BRIANNA BOE**, *et al.,* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 2:22-cv-0184-LCB** |
| ) | |
| **STEVE MARSHALL**, *et al.,* ) | **FILED UNDER SEAL** |
| ) | |
| **Defendants.** ) | |

## SEALED MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE

Respondents **James Esseks, Carl Charles, and LaTisha Faulks** ("these

Respondents") move this Court, pursuant to this Court's Order to Show Cause (doc.

406 at 11), for leave to submit additional evidence to this Court. As grounds in

support of this motion, these Respondents state as follows:

1.     As a result of the panel's failure to provide adequate notice to these

Respondents of the precise rules or statutes and the particular conduct being

investigated, these Respondents were denied the opportunity to fully address the

panel's then-undisclosed concerns during their examination by the panel or in their

declarations. Indeed, the panel's Final Report of Inquiry was the first time that these

Respondents were apprised of many of the allegations characterized as "misconduct"

in that Final Report. In addition, because of the panel's unusual total sequestration

of these Respondents and the unprecedented withholding of the testimony and

1

declarations of other Respondents, these Respondents did not have the opportunity to address and dispute statements made by other Respondents in their examinations or declarations.

2.     Further, this Court's Order to Show Cause does not cure the due process deficiencies of the panel's Final Report because it fails to identify "the precise rule, standard, or law that [each Respondent] is alleged to have violated and how he or she allegedly violated it." *United States v. Shaygan*, 652 F.3d 1297, 1319 (11th Cir. 2011). *See* Sealed Objection to Order to Show Cause (doc. 425).

3.     These Respondents move this Court for leave to submit the following additional evidence:

(a).     A copy of an April 12, 2022 email from Judge Thompson's law clerk (Ben Gunning) to Judge Thompson and others recounting his telephone conversation with Carl Charles (Attached hereto as Exhibit A).[1]

(b).     A copy of an April 12, 2022 email from Carl Charles to his *Walker* co-counsel recounting his telephone conversation with Judge Thompson's law clerk (Ben Gunning) (Attached as Exhibit B).

---

[1] Counsel for these Respondents obtained this copy after requesting it from the panel in open court. (Aug. 3, 2022 Tr. at 129-131). Counsel's request that a copy be made an exhibit was taken under advisement by the panel, but no ruling was made on the record. (*Id.* at 131).

(c).    Evidence documenting the "random case assignment procedures for the U.S. District Courts for the Northern and Middle Districts of Alabama." (Final Report at 1; doc. 406 at 8-9). Because these procedures are not public and are unknown to these Respondents, this evidence is respectfully requested from the Court.

(d).    Evidence documenting how the "random case assignment procedures for the U.S. District Courts for the Northern and Middle Districts of Alabama." (Final Report at 1; doc. 406 at 8-9) were applied in these two cases. In particular, evidence regarding how the "random case assignment procedures" impacted the transfer of *Ladinsky* from Judge Axon to this Court. Because these procedures and their application are not public and are unknown to these Respondents, this evidence is respectfully requested from the Court.

(e).    A limited declaration from these Respondents' Alabama counsel regarding the advice and instructions provided to Carl Charles prior to the initial May 20, 2022 hearing before the panel and the impact that advice had on Mr. Charles' preparation for that hearing.

(f).    Supplemental declarations from one or more of these Respondents addressing the panel's implication (and the Attorney General's false assertion) that the filing of *Walker* and *Ladinsky* was a coordinated effort to judge shop or the result of collusion between the two separate teams of lawyers with the aim of judge

shopping, or that the filing of these separate cases in separate districts is in any way evidence of "judge shopping."

(g). Supplemental declarations from one or more of these Respondents refuting the panel's finding that any of them contacted the chambers of Judge Thompson "to directly and indirectly influence or manipulate assignments away from Chief Judge Marks to Judge Thompson." (Final Report at 51)

(h). Supplemental declarations from one or more of these Respondents addressing the panel's finding that any of them attempted to persuade *Ladinsky* counsel to transfer that case "to the Middle District to be before Judge Thompson." (Final Report at 24, 51).

(i). Supplemental declarations from one or more of these Respondents that none of them played any role in "commenting to the media about re-filing" the dismissed case(s). (Final Report at 51).

(j). Supplemental declarations from one or more of these Respondents regarding their good faith compliance with Ala.R.Prof.Con. 1.2(a), 1.3, and 1.4, and that none of their former clients in *Walker* has complained or expressed concerns to them regarding the decision to dismiss *Walker* or to forego re-filing.

(k). Supplemental declarations from one or more of these Respondents' former clients in *Walker* regarding these Respondents' good faith compliance with Ala.R.Prof.Con. 1.2(a), 1.3, and 1.4.

4

(l). Declarations from one or more expert witnesses designed to assist this Court in determining the standard of care under the applicable rules of professional conduct and whether each of these Respondents' conduct violated that standard of care.[2] In particular, such expert witness would opine about the application of Rules 1.2(a), 1.3, and 1.4 to these Respondents' conduct. These Respondents are in the process of finalizing the retention of one or more such experts and will provide more detailed information regarding their expected testimony once it is available.

4.    These Respondents respectfully request that this Court permit supplementation of this motion should the Court clarify or otherwise amend the Order to Show Cause.

---

[2] *See Diamond Resorts U.S. Collection Dev., LLC v. Newton Grp. Transfers, LLC,* No. 9:18-CV-80311, 2022 WL 1642865, at *2 (S.D. Fla. Mar. 31, 2022) (permitting legal ethics expert to testify that defendant's "conduct is consistent with the rules of professional conduct"); *Wyndham Vacation Ownership, Inc. v. Sussman,* No. 6:18-cv-2171-GAP-DCI, 2021 WL 5177339, at *2–3 (M.D. Fla. Nov. 5, 2021) (permitting legal ethics expert to testify regarding whether defendant had violated ethics rules).

Respectfully submitted,

Barry A. Ragsdale
Robert S. Vance
Dominick Feld Hyde, PC
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

W. Neil Eggleston
Eugene F. Assaf
Byron Pacheco
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5016
neil.eggleston@kirkland.com
eassaf@kirkland.com
byron.pacheco@kirland.com

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I certify that, on March 8, 2024, I caused to be filed a copy of the foregoing under seal with the Clerk of Court and will provide notice of such filing to all counsel of record.

OF COUNSEL