IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

BRIANNA BOE, et al.,

    *Plaintiffs*,

and

UNITED STATES OF AMERICA,

    *Plaintiff-Intervenor*,

v.

STEVE MARSHALL, et al.,

    *Defendants*.

Case No. 2:22-CV-184-LCB

**FILED UNDER SEAL**

## DECLARATION OF SCOTT D. MCCOY IN RESPONSE TO THIS COURT'S FEBRUARY 21, 2024 ORDER TO SHOW CAUSE, DOC. 406

Pursuant to the Court's February 21, 2024 Order to Show Cause, Doc. 406, I declare under penalty of perjury that the following is true and correct:

1. I am the Deputy Legal Director ("DLD") for Inclusion & Anti-Extremism at the Southern Poverty Law Center ("SPLC") based in SPLC's Miami,

**Exhibit A**

1

Florida office.[1]

2. I graduated *summa cum laude* from the Benjamin N. Cardozo School of Law at Yeshiva University in New York City in January 2001. In 2017, I received the Tenth Annual E. Nathaniel Gates Award for outstanding contributions to the LGBTQ community.

3. While in law school, I externed for a full semester with the United States Attorney's Office for the Southern District of New York where I assisted on a criminal trial against a United Nations official and on a prosecution of individuals for involuntary servitude under the 13th Amendment.

4. In addition, while in law school, I was a summer law clerk for the Honorable Judith Barzilay of the U.S. Court of International Trade in New York City.[2]

5. Upon graduating from law school, I began my legal career as an Associate at the international law firm Cleary, Gottlieb, Steen & Hamilton ("Cleary Gottlieb") in New York City.

6. I became a member of the New York Bar in 2001, where I remain in good standing, and am also admitted and in good standing to practice in both the

---

[1] As of August 26, 2023, I was promoted from interim DLD to full-time DLD for the LGBTQ Rights and Special Litigation practice group. Since that time, a reorganization changed my title to DLD for the Inclusion & Anti-Extremism team.

[2] The U.S. Court of International Trade is an Article III court.

Federal District Courts for the Southern and Eastern Districts of New York. I practiced law at Cleary for a year before clerking for the Honorable Justice Leonard N. Russon of the Utah Supreme Court in Salt Lake City, Utah.

7.  After clerking for Justice Russon for a year and a half, I became an Associate at the Salt Lake City law firm Bendinger, Crockett, Peterson, Greenwood & Casey PC where I practiced federal securities and antitrust law for several years before returning to New York City to resume practice at Cleary Gottlieb. I became a member of the Utah State Bar in 2003[3] and am also admitted and in good standing to practice in the Federal District Court for the District of Utah.

8.  During my time practicing law in Utah, I also was appointed by then-Governor Jon Huntsman, Jr. (2005) and then elected (2006) to the Utah State Senate representing the Salt Lake City-based Senate District 2. I held this office from 2005-2009. When I entered the Utah State Senate in 2005, at the age of 35, I was the youngest person in the Utah Senate and the first openly-gay Utah State Senator. As a Utah State Senator, I was appointed by Governor Huntsman to the Governor's Commission on Strengthening (Utah's) Democracy, and I served as a member of the Utah Sentencing Commission. In addition, in 2006 I was named

---

[3] I elected to place my Utah law license on inactive status since I am no longer practicing in that state.

3

Legislator of the Year and in 2008 Best State Legislator by Salt Lake City Weekly. During this time, I also was an adjunct professor of law at the S.J. Quinney School of Law at the University of Utah where I taught an advanced seminar on legislative process and statutory interpretation. Finally, from 2003-2005, after having been appointed by then-Salt Lake City Mayor Rocky Anderson and confirmed by the Salt Lake City Council, I served as a member and then chairman of the Salt Lake City Police Civilian Review Board.

9.  After Utah, I practiced law again at Cleary Gottlieb in New York City before becoming a Senior Staff Attorney at SPLC, where I have practiced law for the past nine years. After two years in Montgomery, Alabama, I moved to Tallahassee, Florida to open SPLC's office there. After five years in Tallahassee, I relocated to Wilton Manors in south Florida and affiliated with SPLC's office in Miami. I have remained active in my local community wherever I have lived. Last year, for example, I was chosen by the Wilton Manors City Commission to serve as a member of the Wilton Manors Planning and Zoning Board.

10. I became a member of the Florida State Bar in 2017 and remain in good standing. I am also admitted and in good standing to practice in the Federal District Courts for the Middle and Southern Districts of Florida.

11. In addition to these bars and courts, I am also admitted and in good standing to practice before the U.S. Circuit Courts of Appeals for the Tenth and

Eleventh Circuits. I am and have been admitted pro hac vice in a number of federal district courts including the Middle and Southern Districts of Alabama, the Middle District of Georgia, the Southern District of Mississippi, the Eastern District of Pennsylvania, and the District of Vermont. I have also been admitted pro hac vice in New Jersey state court.

12. In my 23 years of continual practice, I have never been the subject of a bar complaint or disciplinary investigation or action by any of the courts or jurisdictions in which I am or have been admitted to practice.

13. I deeply regret that my conduct in the *Ladinsky v. Ivey* case and the *Eknes-Tucker v. Marshall* (a/k/a *Boe v. Marshall*) case has raised the appearance or inference of impropriety. It was not my intention to impugn the ethics or character of Judge Burke or any other member of the Alabama federal judiciary. I am sorry that in the hectic events of April 15, 2022, I contributed to speculation about the transfer of the *Ladinsky* case possibly being "grabbed" outside of the ordinary case assignment process. At the time, I just had no notion of why the case was transferred in a way that did not comport with my understanding of how the first-filed rule was expected to work. Instead of giving the process and Judge Burke the benefit of the doubt, I said to some of my co-counsel that the situation "felt" like something untoward may have occurred. Although at the time I mentioned this possibility, in a conversation that I thought was private and privileged, and in

5

which I made clear to the team members to whom I addressed my speculation that I was being cynical and would never even speculate in this way outside the team, I now know that even that was wrong, and I apologize to the Court and to Judge Burke for doing it. Having now actually practiced before Judge Burke, I know that he would not have taken the kind of action I cynically and inappropriately speculated might have occurred.

14. I do want to be clear that it was never my (or I believe any of the other attorneys') intention to deliberately and in bad faith manipulate the judicial assignment process. It was not my understanding at the time that dismissing the *Ladinsky* case and later filing another case was violative of the Federal Rules of Civil Procedure, namely Rule 41, or any applicable local rule. Rather, at that time, I thought those actions were permissible. I now understand that this Court and the three-judge panel disagree. I accept that, and based on this new understanding, would most assuredly not engage in the same conduct again.

15. In my position as DLD, I am required to practice in many jurisdictions across the country which necessitates the filing of pro hac vice applications and my ability to do so will be placed in jeopardy should I receive a sanction. The mere pendency of this inquiry has already negatively impacted my law practice. I have already refrained from filing for pro hac admission in one federal court and refrained from seeking regular admission in the Northern District of Florida

because of the pendency of this matter. A sanction would almost assuredly prevent me from being admitted pro hac vice in other jurisdictions and would prevent lawyers, including myself, from becoming members of the Bars of one or more federal courts.

Executed on March 8, 2024.

*Scott D. McCoy*
Scott D. McCoy