UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-184-LCB |
| ) | |
| STEVE MARSHALL, *et al.*, ) | **FILED UNDER SEAL** |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court are motions to submit additional evidence by Melody Eagan and Jeffrey Doss (Doc. 433); Michael Shortnacy (Doc. 434); Kathleen Hartnett (Doc. 435); Asaf Orr (Doc. 436); James Esseks, Carl Charles, and Latisha Faulks (Doc. 437); Scott McCoy (438); and Jennifer Levi and Shannon Minter (Doc. 439). Levi and Minter's motion (Doc. 439) is **GRANTED**; Shortnacy's motion (Doc. 434) is **DENIED**; all other motions (Docs. 433, 435, 436, 437 & 438) are **GRANTED IN PART AND DENIED IN PART** as discussed more fully below.

**I.   DISCUSSION**

    **a. Motion for Leave to Submit Additional Evidence by Melody Eagan and Jeffrey Doss (Doc. 433).**

Respondents Eagan and Doss seek leave to submit the following evidence: (1) "additional declarations outlining their records as attorneys since their admission to the Bar and the impact that the pendency of the threat of sanctions since May 2022

1

has had on them personally and professionally"; (2) "additional testimony regarding the three subjects outlined in Respondents' Motion to Receive Clarification of Order and to Show Cause and Notice of Proposed Testimony"; and (3) expert testimony of Gregory P. Joseph, author of a treatise on sanctions, on three issues:

> (i) the dilemma reasonable lawyers like Ms. Eagan and Mr. Doss face given their duty of zealous representation in the particular procedural setting in which Ms. Eagan and Mr. Doss found themselves;
>
> (ii) (ii) whether, in light of the standards governing the sanctions issue, the attorneys in the *Ladinsky* matter acted inappropriately under the circumstances in dismissing the *Ladinsky* case and filing the *Eknes-Tucker* case two business days later; and
>
> (iii) (iii) the impact that the process to which these Respondents have already been subjected has had on them and their firm and how that should be taken into account in deciding whether sanctions should be imposed.

(Doc. 433 at 1–2).

Under Federal Rule of Evidence 702(a), an expert witness may offer opinion testimony if "the expert's scientific, technical, or other specialized knowledge *will help the trier of fact* to understand the evidence or to determine a fact in issue." While experts may opine on the "'ultimate issue' in a case," they "may not testify to the legal implications of conduct or tell the [factfinder] what result to reach." *Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1128 (11th Cir. 2018) (cleaned up). Simply put, "questions of law are not subject to expert testimony." *Id.* To

safeguard its judicial role, the Court "must remain vigilant against the admission of legal conclusions." *Id.* at 1129.

An expert's opinion on whether sanctions are appropriate is just the sort of legal conclusion the Court must be vigilant to exclude. *Id.* And perhaps more to the point, expert testimony on the propriety of sanctions would not *help* the Court at all. With 23 years of experience as a judicial officer and 13 as a litigator, the Court is well equipped to handle the questions posed by these proceedings without the testimony of Mr. Joseph.

The Court therefore **DENIES** Eagan and Doss's request to submit the expert testimony of Gregory P. Joseph. The Court **GRANTS** their requests to submit additional declarations and testimony.

### b. Motion for Leave to Submit Additional Evidence by Michael Shortnacy (Doc. 434).

Respondent Shortnacy, like Eagan and Doss, moves to offer Mr. Joseph's expert testimony as it applies to him; otherwise, he stands on his earlier declaration and testimony. For the reasons given above, Shortnacy's request is **DENIED**.

### c. Respondent Kathleen Hartnett's Motion to Submit Additional Evidence (Doc. 435).

Respondent Hartnett moves to submit or rely on four categories of additional evidence: (1) supplemental declarations addressing matters in the Final Report of Inquiry; (2) supplemental testimony in response to any questions from the Court at

the show-cause hearing on May 22 and 23; (3) expert testimony on legal ethics and professionalism from Clark Cunningham, a professor of law at Georgia State University College of Law; and (4) other supplemental evidence submitted by other Respondents. If permitted to testify, Professor Cunningham would opine on the following topics:

    i. The professional duties that Hartnett and the *Walker* legal team owed generally to their clients to accomplish the objectives of their representation within the bounds of the applicable rules and laws;

    ii. The professional duties that Hartnett and the *Walker* legal team may have owed to their clients to identify *Walker* as related to *Corbitt* upon filing;

    iii. Whether Hartnett's role in marking *Walker* as related to *Corbitt* violated the Alabama Rules of Professional Conduct or any other rules or standards of conduct;

    iv. The professional duties that Hartnett and the Walker legal team may have owed to their clients to file the voluntary dismissal in the *Walker* case under Rule of Civil Procedure 41 on April 15, 2022;

    v. Whether Hartnett violated the Alabama Rules of Professional Conduct or any other rules or standards of conduct by filing a voluntary dismissal in the *Walker* case on April 15, 2022; and

    vi. How Hartnett's role in attempting to relate the *Walker* case to *Corbitt* and later dismissing the *Walker* case relates to the general principles of professional responsibility.

(Doc. 435 at 1–5).

As with the expert testimony proffered by Eagan and Doss, the testimony of Hartnett's expert would patently infringe on the role of the Court. Hartnett's request

to submit the expert testimony of Professor Cunningham is therefore **DENIED**. Her requests to submit supplemental declarations and testimony and to rely on supplemental evidence submitted by the other Respondents are **GRANTED.**

### d. Respondent A. Orr's Motion for Leave to Submit Additional Evidence (Doc. 436).

Respondent Orr moves to submit or adopt the following additional evidence: (1) a supplemental declaration; and (2) expert testimony offered by other Respondents. Orr's request to submit a supplemental declaration is **GRANTED**. For the same reasons the Court excludes the other Respondents' proffered experts, however, it **DENIES** his request to adopt those experts' testimony.

### e. Motion for Leave to Submit Additional Evidence by James Esseks, Carl Charles, and LaTisha Faulks (Doc. 437).

Respondents James Esseks, Carl Charles, and LaTisha Faulks seek leave to submit the following additional evidence:

(1) A copy of an April 12, 2022, email from Judge Thompson's law clerk, Ben Gunning, to Judge Thompson and others recounting his telephone conversation with Carl Charles;

(2) A copy of an April 12, 2022, email from Carl Charles to his *Walker* co-counsel recounting his telephone conversation with Judge Thompson's law clerk Ben Gunning;

(3) Evidence documenting the "random case assignment procedures for the U.S. District Courts for the Northern and Middle Districts of Alabama";

(4) Evidence documenting how the "random case assignment procedures for the U.S. District Courts for the Northern and Middle Districts of Alabama" were applied in these two cases. In

5

particular, evidence regarding how the "random case assignment procedures" impacted the transfer of *Ladinsky* from Judge Axon to this Court;

(5) A limited declaration from these Respondents' Alabama counsel regarding the advice and instructions provided to Carl Charles prior to the initial May 20, 2022, hearing before the panel and the impact that advice had on Mr. Charles' preparation for that hearing;

(6) Supplemental declarations from one or more of these Respondents addressing the panel's implication (and the Attorney General's false assertion) that the filing of *Walker* and *Ladinsky* was a coordinated effort to judge shop or the result of collusion between the two separate teams of lawyers with the aim of judge shopping, or that the filing of these separate cases in separate districts is in any way evidence of "judge shopping";

(7) Supplemental declarations from one or more of these Respondents refuting the panel's finding that any of them contacted the chambers of Judge Thompson "to directly and indirectly influence or manipulate assignments away from Chief Judge Marks to Judge Thompson";

(8) Supplemental declarations from one or more of these Respondents addressing the panel's finding that any of them attempted to persuade *Ladinsky* counsel to transfer that case "to the Middle District to be before Judge Thompson";

(9) Supplemental declarations from one or more of these Respondents that none of them played any role in "commenting to the media about re-filing" the dismissed case(s);

(10) Supplemental declarations from one or more of these Respondents regarding their good faith compliance with Ala. R. Prof. Con. 1.2(a), 1.3, and 1.4, and that none of their former clients in *Walker* has complained or expressed concerns to them regarding the decision to dismiss *Walker* or to forego re-filing;

(11) Supplemental declarations from one or more of these Respondents' former clients in *Walker* regarding these

> Respondents' good faith compliance with Ala. R. Prof. Con. 1.2(a), 1.3, and 1.4; and
>
> (12) Declarations from one or more expert witnesses designed to assist this Court in determining the standard of care under the applicable rules of professional conduct and whether each of these Respondents' conduct violated that standard of care. In particular, such expert witness would opine about the application of Rules 1.2(a), 1.3, and 1.4 to these Respondents' conduct.

(Doc. 437 at 2-5). In addition to submitting this evidence, Respondents also request permission to supplement their motion if the Court "clarif[ies] or otherwise amend[s] the Order to Show Case." *Id.* at 5.

The Court will rule on Esseks, Faulks, and Charles's third and fourth requests—those that seek evidence of the random case assignment procedures from the Court—at the March 19 hearing. Their requests to submit declarations from one or more expert witnesses and for permission to supplement their motion are **DENIED.** The rest of their requests (1, 2, 5, 6, 7, 8, 9, 10 & 11) are **GRANTED**.

### f. Motion for Leave to Submit Additional Evidence by Scott McCoy (Doc. 438).

Respondent Scott McCoy moves to submit the following additional evidence: (1) a supplemental declaration; (2) amendments to his supplemental declaration and other additional evidence if later he should "determine such is warranted or required"; and (3) expert testimony submitted by other Respondents as it applies to him. (Doc. 438 at 1-2). McCoy also seeks leave to amend his motion if the Court later grants the Respondents' requests to clarify the show-cause order.

7

McCoy's request to submit the supplemental declaration is **GRANTED**. His other requests are **DENIED**.

### g. Motion by Respondents Jennifer Levi and Shannon Minter for Leave to Submit Evidence (Doc. 439).

Respondents Jennifer Levi and Shannon Minter seek leave to submit supplemental declarations on two topics: (1) the fact that neither has faced any prior disciplinary issue or sanctions matter, and (2) their career backgrounds.

Both requests are **GRANTED**.

## II. CONCLUSION

The Court therefore **ORDERS** as follows:

Melody Eagan's and Jeffrey Doss's Motion for Leave to Submit Additional Evidence (Doc. 433) is **GRANTED IN PART AND DENIED IN PART**.

Michael Shortnacy's Motion for Leave to Submit Additional Evidence (Doc. 434) is **DENIED**.

Respondent Kathleen Hartnett's Motion to Submit Additional Evidence (Doc. 435) is **GRANTED IN PART AND DENIED IN PART**.

Respondent A. Orr's Motion for Leave to Submit Additional Evidence (Doc. 436) is **GRANTED IN PART AND DENIED IN PART**.

The Sealed Motion for Leave to Submit Additional Evidence by James Esseks, Carl Charles, and LaTisha Faulks (Doc. 437) is **GRANTED IN PART AND DENIED IN PART**.

The Motion for Leave to Submit Additional Evidence by Scott McCoy (Doc. 438) is **GRANTED IN PART AND DENIED IN PART**.

The Motion by Respondents Jennifer Levi and Shannon Minter for Leave to Submit Evidence (Doc. 439) is **GRANTED**.

**DONE** and **ORDERED** this March 18, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE