IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al., <br><br> Plaintiffs, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> Hon. STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, et al. <br><br> Defendants. | CIVIL ACTION NO. <br> 2:22-CV-000184-LCB-SRW |

**PRIVATE PLAINTIFFS' MOTION TO STAY DISPOSITIVE
MOTION AND TRIAL-RELATED DEADLINES AND
REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

Private Plaintiffs hereby move to stay the dispositive motion deadline and all trial-related deadlines set by the Court's Seventh Amended Scheduling Order. Moreover, because any opposition to this motion would ordinarily be due on May 24 and the dispositive motion deadline is May 27, Private Plaintiffs request that this motion be briefed and decided on an expedited schedule. In support of this motion, Private Plaintiffs respectfully show the Court as follows:[1]

---

[1] Private Plaintiffs have conferred with counsel for Defendants, who indicated that Defendants oppose this motion, and with counsel for the United States, who indicated that the United States does not oppose this motion.

1

## **BACKGROUND AND PROCEDURAL HISTORY**

This case involves a constitutional challenge to the Alabama Vulnerable Child Compassion and Protection Act (the "Act"). On August 21, 2023, a three-judge panel of the United States Court of Appeals for the Eleventh Circuit reversed this Court's Order granting Plaintiffs' motion for a preliminary injunction. *Eknes-Tucker v. Gov. of Ala.*, 80 F.4th 1205 (11th Cir. 2023). In so holding, the panel found that rational basis review, not heightened scrutiny, applies to Plaintiffs' claims. *Id.* at 1227-28. This conclusion was at odds with the standard of review that this Court applied at the preliminary injunction stage, *see* ECF No. 107, at 23-24 (applying heightened scrutiny to Plaintiffs' Equal Protection claim), and conflicts with other Circuit Court of Appeal decisions that have considered similar issues, *see Brandt v. Rutledge*, 47 F.4th 661, 669-70 (8th Cir. 2022) (applying heightened scrutiny in evaluating a similar Arkansas law); *Kadel v. Folwell*, ___ F.4th ___, No. 22-1721, 2024 WL 1846802, at *44-46 (4th Cir. Apr. 29, 2024) (holding that coverage exclusions for "transsexual surgery," while covering the same surgical procedures when used to treat medical conditions other than gender dysphoria, discriminate on the basis of transgender identity and sex and are subject to heightened scrutiny).

Private Plaintiffs timely filed a petition seeking en banc review of the panel's

decision on September 11, 2023.[2] That petition remains pending. In addition, petitions for certiorari have been filed in the United States Supreme Court in two cases that may determine the standard of review that applies in this case. *L.W. v. Skrmetti*, No. 23-466, ECF No. 1 (U.S. Nov. 1, 2023) (seeking review of a Sixth Circuit decision applying rational basis review to a similar Tennessee law); *Doe v. Kentucky*, No. 23-492, ECF No. 1 (U.S. Nov. 3, 2023) (seeking review of a Sixth Circuit decision applying rational basis review to a similar Kentucky law). These petitions likewise remain pending.

On December 4, 2023, the United States moved to stay this case, citing "several petitions for certiorari before the United States Supreme Court, including from the United States, and Private Plaintiffs' petition for rehearing en banc by the Eleventh Circuit." ECF No. 387, at 2. At that time, the Court found that the case should move forward "unless a higher court signals that it will decide the governing standard of review." ECF No. 399, at 1-2. The Court further stated: "[I]f the Eleventh Circuit grants the Private Plaintiffs' petition for rehearing en banc or the Supreme Court grants certiorari in *L.W. v. Skrmetti* or *Doe v. Kentucky*, then a stay may well be appropriate. But as long as those petitions remain pending, this case will move forward." *Id.*

---

[2] A corrected petition for rehearing *en banc*, which did not make any substantive changes to Private Plaintiffs' original petition, was filed with leave of Court on November 13, 2023.

Private Plaintiffs acknowledge the Court's prior views on the propriety of a stay while their petition for rehearing en banc and two certiorari petitions remain pending, but respectfully submit that circumstances have changed such that a stay is now warranted even though the Court previously found that it was not. For one, the parties are nearing the end of discovery, which they will complete next week in accordance with the Court's Seventh Amended Scheduling Order. In addition, while the dispositive motion deadline and trial-related deadlines were several months away when the Court denied the United States' motion to stay, those deadlines are now becoming imminent. The dispositive motion deadline is May 27—just over three weeks from now. *See* Seventh Am. Scheduling Order, ECF No. 422, at 1. And the parties' trial witness and exhibit lists are due on July 19. *Id.* at 2.

Against the backdrop of these rapidly approaching deadlines, the standard of review that will govern the merits of Plaintiffs' claims remains subject to change if either (1) the Eleventh Circuit grants Private Plaintiffs' still-pending petition for rehearing en banc or (2) the Supreme Court grants one (or both) of the still-pending petitions for certiorari in *L.W. v. Skrmetti* or *Doe v. Kentucky*. Under these circumstances, and as explained in more detail below, Private Plaintiffs respectfully submit that a stay is now warranted.

## ARGUMENT AND CITATIONS OF AUTHORITY

A district court "has broad discretion to stay proceedings as an incident to its

power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for [the court], for counsel and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). In making this determination, courts consider several factors, including whether staying a case would promote efficiency and judicial economy and whether any party would be prejudiced by a stay. *See, e.g.*, *Wilson v. Doss*, No. 2:09–cv–21–MEF, 2012 WL 5936564, at *1 (M.D. Ala. Nov. 27, 2012) (granting motion to stay trial-related deadlines pending plaintiff's appeal of summary judgment order because "it is in the interest of judicial economy and efficiency and … no party will be prejudiced by a stay of these proceedings pending resolution of Plaintiff's appeal").

Here, these factors weigh heavily in favor of staying the dispositive motion deadline and all trial-related deadlines set by the Court's Seventh Amended Scheduling Order. Although the parties are on track to complete discovery next week consistent with the Scheduling Order, as the Court recognized during a hearing on March 19, 2024, "it may be futile and impractical to actually have [a] trial in August" given the pending appeals that might affect the standard of review that governs Plaintiffs' claims. Tr. of Mar. 19, 2024 Hrg., ECF No. 460, at 81:19-20. The same

is true of briefing and deciding dispositive motions while those appeals remain pending.

Under the current posture of this case, the Court would need to decide summary judgment under a standard of review that is subject to potential change. Deciding this issue would require extensive review of a voluminous record. When discovery is completed, the parties will have conducted more than 30 depositions, including the depositions of more than 15 experts. In addition to these depositions, Private Plaintiffs, the United States, and various third parties have produced more than ten thousand documents consisting of hundreds of thousands of pages. Reviewing this record and deciding summary judgment would be a substantial undertaking that would require the Court to invest significant time and resources, much of which would be wasted should the Eleventh Circuit or Supreme Court change the applicable standard of review.

Given the possibility of a change in the applicable standard of review, it would be far more efficient to wait at least until Private Plaintiffs' petition for rehearing en banc and/or the petitions for certiorari in *L.W. v. Skrmetti* and *Doe v. Kentucky* are resolved before briefing and deciding dispositive motions. Moreover, the parties' trial presentations will differ, including who will be called as witnesses and the exhibits presented, depending on whether Plaintiffs' claims are governed by a rational basis or heightened standard of review. And, if one or more of those petitions

is granted, the interests of efficiency and judicial economy would be better served by waiting until either the en banc United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court decides the applicable standard of review. Moreover, given that discovery will be completed next week, once these petitions are resolved and/or the standard of review is finally decided, the parties will be able to proceed expeditiously with briefing summary judgment and preparing for trial.

For all these reasons, efficiency and judicial economy weigh heavily in favor of granting Private Plaintiffs' motion for a stay. And Defendants will not be prejudiced by a stay. The preliminary injunction that the Court entered early in this case was reversed by the Eleventh Circuit. Although the Eleventh Circuit has not issued its mandate and Private Plaintiffs' petition for rehearing en banc remains pending, the Eleventh Circuit granted Defendants' motion to stay the preliminary injunction and Defendants are free to enforce the Act. *Eknes-Tucker v. Gov. of Ala.*, No. 22-11707, ECF No. 147 (11th Cir. Jan. 11, 2024).

## **CONCLUSION**

For the foregoing reasons, Private Plaintiffs respectfully request that the Court grant their motion to stay the dispositive motion deadline and all trial-related deadlines.

Dated: May 3, 2024

Respectfully submitted,

*/s/ Amie A. Vague*

Melody H. Eagan
Jeffrey P. Doss
Amie A. Vague
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
meagan@lightfootlaw.com
jdoss@lightfootlaw.com
avague@lightfootlaw.com

J. Andrew Pratt
Adam Reinke
Misty L. Peterson
KING & SPALDING LLP
1180 Peachtree Street Northeast, Suite 1600
Atlanta, GA 30309
apratt@kslaw.com
mpeterson@kslaw.com
areinke@kslaw.com

Brent P. Ray
Abigail Hoverman Terry
KING & SPALDING LLP
110 North Wacker Drive, Suite 3800
Chicago, IL 60606
bray@kslaw.com
aterry@kslaw.com

Abby Parsons
KING & SPALDING LLP
1100 Louisiana Street
Houston, TX 77002
aparsons@kslaw.com

Sarah Warbelow
Cynthia Weaver
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave., NW
Washington, DC 20036
sarah.warbelow@hrc.org
cynthia.weaver@hrc.org

Jennifer L. Levi
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
jlevi@glad.org

Jessica L. Stone
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
jessica.stone@splcenter.org

Christopher F. Stoll
Amy E. Whelan
Rachel H. Berg
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
cstoll@nclrights.org
awhelan@nclrights.org
rberg@nclrights.org

Scott D. McCoy
SOUTHERN POVERTY LAW
CENTER
P.O. Box 12463
Miami, FL 33101
scott.mccoy@splcenter.org

Diego A. Soto
SOUTHERN POVERTY LAW
CENTER
400 Washington Avenue
Montgomery, AL 36104
diego.soto@splcenter.org

*Counsel for Private Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record in this case.

*/s/ Amie A. Vague*

*Counsel for Private Plaintiffs*