IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRIANNA BOE, et al.,** | } |
| *Plaintiffs*, | } |
| and | } |
| **UNITED STATES OF AMERICA,** | } Case No. 2:22-CV-184-LCB |
| *Plaintiff-Intervenor*, | } |
| v. | } |
| **STEVE MARSHALL, et al.,** | } |
| *Defendants*. | } |

## RESPONDENTS' MOTION TO ALTER OR AMEND ORDER OR, IN THE ALTERNATIVE, OFFER OF PROOF

Respondents Melody H. Eagan and Jeffrey P. Doss ("these Respondents") move the Court to alter or amend its Order denying these Respondents' request to submit the expert testimony of Gregory P. Joseph (Doc. 449). In the alternative, these Respondents submit the attached declaration of Mr. Joseph as an Offer of Proof.

### REQUEST TO ALTER OR AMEND ORDER

This Court entered an Order on March 18, 2024, denying these Respondents' request to submit the expert testimony of Mr. Joseph, reasoning that "[a]n expert's opinion on whether sanctions are appropriate is just the sort of legal conclusion the

Court must be vigilant to exclude," and noting that the testimony of Mr. Joseph "would not *help* the Court at all." Doc. 449, at 3 (emphasis in original).

To impose sanctions on an attorney, the Eleventh Circuit has recognized that "the sanctioning court must … hold attorneys accountable to recognized standards of professional conduct." *In re Finkelstein*, 901 F.2d 1560, 1564 (11th Cir. 1990). The inquiry is "whether the attorney can be deemed to have been on notice that the courts would condemn the conduct for which he is sanctioned," which would "necessarily include behavior which responsible attorneys would recognize as improper for a member of the profession." *Id.* (citations omitted).

In *Finkelstein*, an attorney was suspended for writing a letter to opposing counsel that the district court considered threatening and disruptive to the judicial process. *Finkelstein*, 901 F.2d at 1565. The Eleventh Circuit agreed that the conduct may have been offensive and displayed "unlawyerlike rudeness," but it concluded that the attorney was not on notice that the conduct would lead to sanctions, as evidenced by the affidavits of four licensed attorneys, who testified that in their opinion, they could find no ethical violations or unprofessional conduct with the letter. *Id.* Based on this evidence, the Eleventh Circuit reversed the district court's sanctions order, noting that an attorney cannot be "deprive[d] … of the opportunity to practice his profession on the basis of a determination after the fact that conduct

is unethical if responsible attorneys would differ in appraising the propriety of that conduct." *Id.* (internal quotation marks and citation omitted).

Following *Finkelstein*, the Eleventh Circuit has reiterated the importance of submitting evidence to establish the reasonableness of counsel's conduct. For example, in *Thomas v. Tenneco Packaging Co. Inc.*, 293 F.3d 1306, 1323 n.27 (11th Cir. 2002), the Eleventh Circuit distinguished *Finkelstein*, in part, because "unlike in *Finkelstein*, [the attorney] has failed to come forward with any evidence, affidavits or otherwise, in response to the Show Cause Order to demonstrate that a reasonable attorney would approve of her behavior towards opposing counsel."

That is precisely what these Respondents intend to do with the submission of Mr. Joseph's declaration. These Respondents propose that Mr. Joseph be permitted to testify concerning (1) what a reasonable lawyer in the shoes of Ms. Eagan and Mr. Doss would understand that he or she was permitted to do under Federal Rule of Civil Procedure 41(a)(1)(A)(i), in the circumstances presented in April 2022 in *Ladinsky v. Ivey*, No. 5:22-cv-00447-LCB (N.D. Ala.); (2) whether a reasonable lawyer, in the circumstances presented in the *Ladinsky* case in April 2022, would believe that he or she was dismissing "for an improper purpose" under Rule 11(b)(1) or in bad faith; and (3) expert perspectives that may be useful to the Court in exercising its discretion as to whether to impose sanctions.

3

This expert testimony goes to the heart of these Respondents' defense that they were not on notice that courts would condemn their conduct and that reasonable and responsible attorneys would approve of their conduct or not find it unethical or a violation of professional conduct. *See Finkelstein*, 901 F.2d at 1564-65. These Respondents acknowledge that it is the Court's job to answer the legal questions, but Mr. Joseph's expert testimony would be helpful to the Court in considering whether "responsible attorneys would differ in appraising the propriety of that conduct." *Id.* at 1565. More to the point, it is important support for these Respondents' defense of their conduct. *See Thomas*, 293 F.3d at 1323 n.27 (distinguishing *Finkelstein*, in part, because the attorney failed to submit other attorney affidavits attesting to the reasonableness of her actions).

Accordingly, based on *Finkelstein* and its progeny, these Respondents respectfully request that the Court alter or amend its Order (Doc. 449) to permit them to submit the testimony of Mr. Joseph.

### OFFER OF PROOF

In the alternative, and to comply with the Court's deadline for submission of evidence, these Respondents respectfully submit the declaration of Mr. Joseph as an offer of proof, pursuant to Federal Rule of Evidence 103(a)(2).

If allowed to offer evidence in this proceeding, that evidence would consist of Mr. Joseph's declaration, attached as **Exhibit A**, concerning (1) how a reasonable

lawyer in Ms. Eagan's and Mr. Doss's shoes in April 2022 would understand their right to dismiss *Ladinsky* under Rule 41(a)(1), even if a purpose for dismissal were to avoid adjudication by this Court; (2) whether a reasonable lawyer, in the circumstances presented to Ms. Eagan and Mr. Doss in *Ladinsky* in April 2022, would believe that he or she was dismissing "for an improper purpose" under Rule 11(b)(1) or in bad faith; and (3) expert perspectives that may be useful to the Court in exercising its discretion as to whether to impose sanctions.

Accordingly, these Respondents submit the declaration of Gregory P. Joseph as an offer of proof.

                                            Respectfully Submitted,

                                            /s/ *Harlan I. Prater, IV*
                                            One of the Attorneys for
                                            Melody H. Eagan and Jeffrey P. Doss

                                            Dated: May 8, 2024

OF COUNSEL:
Samuel H. Franklin
*sfranklin@lightfootlaw.com*
M. Christian King
*cking@lightfootlaw.com*
Harlan I. Prater, IV
*hprater@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

## **CERTIFICATE OF SERVICE**

I certify that, on May 8, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

/s/ *Harlan I. Prater, IV*
OF COUNSEL
