UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BRIANNA BOE**, *et al.*,       ) | |
| ) | |
| Plaintiffs,       ) | |
| ) | |
| v.       ) | Case No. 2:22-cv-0184-LCB |
| ) | |
| **STEVE MARSHALL**, *et al.*,       ) | |
| ) | |
| Defendants.       ) | |

## MOTION TO ALTER OR AMEND ORDER
## ON SUBMISSION OF EXPERT EVIDENCE

Respondents **James Esseks, Carl Charles, and LaTisha Faulks** ("these Respondents") respectively request that this Court alter or amend its prior order (Doc. 449) denying these Respondents' motion to submit a declaration from Professor Bruce A. Green, a recognized expert on legal ethics and norms in the legal profession, regarding the matters raised in this Court's Supplemental Orders to Show Cause. (Docs. 478, 481, and 486).

1.  These Respondents previously requested leave to submit a declaration from a then unnamed legal ethics expert "to assist this Court in determining the standard of care under the applicable rules of professional conduct and whether each of these Respondents' conduct violated that standard of care." (Doc. 437). This Court

1

denied these Respondents' request, finding that the proposed expert testimony would not be helpful to the Court. (Doc. 449 at 7).

2. On May 11, 2024, this Court entered Supplemental Orders to Show Cause to these Respondents. (Docs. 478, 481, and 486). The issuance of these Supplemental Orders to Show Cause is an intervening development which affords this Court with good cause to revisit its previous order disallowing expert testimony. *See McGuire v. Murphy*, 285 F. Supp. 3d 1272, 1278 (M.D. Ala. 2018) ("The court may grant relief from a nonfinal order upon a showing of good cause, such as a change in circumstances justifying relief, an intervening change in the law, a clear error on the part of the court, circumstances similar to those justifying relief from final judgments under Rules 59(e) or 60 of the Federal Rules of Civil Procedure, or other reasons demonstrating that relief is necessary to rectify clear error, prevent injustice, or ensure the efficient disposition of the case.").

3. The Supplemental Orders to Show Cause indicate that these Respondents face potential sanctions that include suspension and disqualification. (*Id.*). Under Eleventh Circuit precedent, such sanctions may not be imposed "on the basis of a determination after the fact that conduct is unethical **if responsible attorneys would differ in appraising the propriety of that conduct**." *In re Finkelstein*, 901 F.2d 1560, 1565 (11th Cir. 1990) (quoting *In re Ruffalo,* 390 U.S. 544, 556, (1968) (White, J., concurring) (emphasis added)); *see also Schlumberger*

*Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997).  The Eleventh Circuit has also instructed that courts may properly consider the opinions of legal ethics experts in considering how responsible attorneys in the legal profession would view the propriety of the alleged misconduct. *See Schlumberger*, at 1562 n.10 ("On remand . . . the court should reconsider its decision to strike these declarations, or decide whether to admit similar declarations accounting for any new factual findings of the court, in light of *Finkelstein*.").[1]

4. The determination of whether "responsible attorneys would differ in appraising the propriety of that conduct" may often require more than a court's own experience with the "case law, applicable court rules, and the 'lore of the profession' as embodied in the codes of professional conduct." *Finkelstein*, 901 F.2d at 1565. *See also* Timothy P. Chinaris, "Even Judges Don't Know Everything: A Call for A Presumption of Admissibility for Expert Witness Testimony in Lawyer Disciplinary Proceedings" 36 *St. Mary's L.J.* 825, 878 (2005) ("Many of the rules of professional conduct contain elements of reasonableness or require reference to external standards of practice in order to be properly understood and applied. … There should be a presumption that the testimony presented by the respondent [attorney's] expert

---

[1] In *Schlumberger*, the subject attorney had filed "a motion for reconsideration, supported by declarations of former Fifth Circuit Judge and Attorney General Griffin B. Bell, former Eighth Circuit Judge and Director of the Central Intelligence Agency William H. Webster, and Yale Law Professor Geoffrey C. Hazard. The three declarants supported Schlumberger's contention that Witten did not violate any rules of ethical conduct . . . ."). *Id.* at 1557.

will be admissible. This presumption will aid in leveling the playing field upon which so much rests for the respondent. The result will be a fairer process, more informed decisions, and ultimately a better disciplinary system."). Indeed, courts in this Circuit routinely admit legal ethics expert testimony when considering similar issues.[2]

5. These Respondent Attorneys' proffered expert witness, Professor Bruce A. Green, is a nationally recognized expert on legal ethics who has testified in numerous proceedings about the practical effect, interpretation and application of the rules of professional conduct by the courts, bar associations, and disciplinary committees around the country. In particular, Professor Green can assist this Court in determining whether "responsible attorneys would differ in appraising the propriety of the conduct" that is the subject of the Supplemental Orders to Show Cause.

6. In order to assist this Court in considering whether to admit this expert testimony, these Respondent Attorneys have attached the proposed declaration of Professor Bruce A. Green as **Exhibit 1** to this Motion.

---

[2] *See, e.g.*, *Diamond Resorts U.S. Collection Dev., LLC v. Newton Grp. Transfers, LLC*, No. 9:18-CV-80311, 2022 WL 1642865, at *2 (S.D. Fla. Mar. 31, 2022) (permitting legal ethics expert to testify that defendant's "conduct is consistent with the rules of professional conduct"); W*yndham Vacation Ownership, Inc. v. Sussman*, No. 6:18-cv-2171-GAP-DCI, 2021 WL 5177339, at *2–3 (M.D. Fla. Nov. 5, 2021) (permitting legal ethics expert to testify regarding whether defendant had violated ethics rules).

7. In the alternative, these Respondents respectfully submit the declaration of Professor Green as an offer of proof, pursuant to Federal Rule of Evidence 103(a)(2).

Respectfully submitted,

/s/ *Barry A. Ragsdale*
Barry A. Ragsdale
Robert S. Vance
Dominick Feld Hyde, PC
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

/s/ *W. Neil Eggleston*
W. Neil Eggleston
Byron Pacheco
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5016
neil.eggleston@kirkland.com
byron.pacheco@kirland.com

*Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

 I certify that, on May 8, 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

          */s/ Barry A. Ragsdale*
          OF COUNSEL