**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **BRIANNA BOE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | **Case No.: 2:22-cv-00184-LCB** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Intervenor,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STEVE MARSHALL, in his official** | ) | |
| **capacity as Attorney General of the** | ) | |
| **State of Alabama, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**RESPONDENT KATHLEEN HARTNETT'S MOTION TO ALTER OR
AMEND ORDER OR, IN THE ALTERNATIVE, OFFER OF PROOF**

Respondent Kathleen Hartnett moves the Court to alter or amend its Order

denying her request to submit the expert testimony of Clark Cunningham (Doc.449).

In the alternative, Respondent submits the attached declaration of Mr. Cunningham

as an Offer of Proof.

**REQUEST TO ALTER OR AMEND ORDER**

This Court entered an Order on March 18, 2024, denying Respondent's

request to submit the expert testimony of Mr. Cunningham (Doc. 449) The Court

expressed concern that Mr. Cunningham, and experts proffered by other Respondents, would offer expert testimony that "would patently infringe on the role of the Court." Doc. 449 at 4. Respondent respectfully requests that the Court reconsider this ruling and permit her to file and rely upon the attached expert declaration, which is relevant to her defense and appropriately presented in this proceeding.

As an initial matter, while legal opinion testimony is generally prohibited in jury trials, courts have repeatedly recognized that "[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004); *see, e.g.*, *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5ᵗʰ Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case … where a district judge sits as the trier of fact in place of a jury."). This more relaxed gatekeeping approach in bench proceedings has been applied to experts offering legal opinions or legal conclusions. *See, e.g.*, *Boeing Co. v. KB Yuzhnoye*, 2015 WL 12803452, at *4 (C.D. Cal. Nov. 3, 2015) ("Plaintiffs' concerns about admitting expert legal opinion will be lessened where, as here, this Court sits as the trier of fact." (citing *Martin v. Ind. Mich. Power Co.*, 292 F. Supp. 2d 947, 959 (W.D. Mich. 2002)); *Martin*, 292 F. Supp. 2d at 959 (concluding that the dangers that legal expert testimony presents are "minimal if not nonexistent" where a court is the trier of fact).

Moreover, the Eleventh Circuit has observed that it is important for attorneys in discipline or sanctions proceedings "to come forward with … evidence, affidavits or otherwise, in response to [a] Show Cause Order…." *Thomas v. Tenneco Packaging Co. Inc.*, 293 F.3d 1306, 1323 n.27 (11th Cir. 2002). And the Eleventh Circuit has specifically held that in considering imposing sanctions, a court should consider evidence, including affidavits from experienced practitioners, establishing whether "responsible attorneys" would have found that attorney's conduct inappropriate. *In re Finkelstein*, 901 F.2d 1560, 1565 (11th Cir. 1990); *see also Schlumberger v. Wiley*, 113 F.3d 1553 (11th Cir. 1997) (favorably citing *Finkelstein*, and directing district court to reconsider its decision to strike legal expert affidavits). Other courts within this Circuit likewise have permitted expert testimony in evaluating potential sanctions. *See Fuller v. Carollo*, 2023 WL 23898530 (S.D. Fla. Mar. 7, 2023) **(**in sanctions proceeding against Plaintiffs' counsel for "intentionally circumventing discovery procedures," court considered opinion of "an expert on the Rules of Professional Conduct" on whether counsel's conduct was permitted); *Bane v. Southeast Correctional Medical Group, Inc.*, 2022 WL 993017 (M.D. Ga. Mar. 31, 2022) (in considering motion to disqualify and sanction attorneys, court relied on expert witness on legal ethics).[1]

---

[1] Alabama case law on legal malpractice claims is also instructive. The Alabama Supreme Court "has held numerous times that expert testimony is required to

The Supplemental Order to Show Cause in this case directs Respondent to demonstrate why her conduct did not violate the applicable standards of care governing her conduct. Mr. Cunningham is qualified to offer the Court his expert opinion on those standards of care and how Respondent's conduct met those standards.

Mr. Cunningham is the W. Lee Burge Chair in Law & Ethics at Georgia State University College of Law. He is also the director of the National Institute for Teaching Ethics and Professionalism and the co-editor of the International Forum on Teaching Legal Ethics & Professionalism. Mr. Cunningham has served on the Chief Justice's Commission on Professionalism in Georgia for over twenty years.  Mr. Cunningham's full list of qualifications is more fully set forth in his curriculum vitae that is a part of Exhibit A, attached hereto.

Mr. Cunningham's testimony will provide an assessment of:   (a) the professional duties that Respondent and the *Walker* team may have owed to their clients to identify *Walker* as related to *Corbitt*; (b) the professional duties that Respondent and the *Walker* legal team may have owed to their clients to file the voluntary dismissal in the *Walker* case under Rule of Civil Procedure 41; (c) the propriety of the professional judgment exercised by Respondent at various points

---

establish that an attorney has deviated from the applicable standard of care." *Valentine v. Watters*, 896 So. 2d 385, 392–93 (Ala. 2004).

before and during the pendency of the *Walker* case; and (d) the applicable standards

of care relating to client communications and Respondent's compliance therewith.

Unlike a jury of laypersons, this Court is capable of parsing Mr. Cunningham's

opinions. As a legal ethics scholar who has extensive experience teaching

professional responsibility in law schools, Mr. Cunningham's testimony may assist

the Court in understanding the professional duties that applied to Respondent's

conduct; the evidence of Respondent's efforts to comply with those obligations; and

whether Respondent's conduct complied with the relevant standards of care.[2]

## OFFER OF PROOF

In the alternative, and to comply with the Court's deadline for submission of

evidence, Respondent respectfully submits the declaration of Mr. Cunningham as an

offer of proof, pursuant to Federal Rule of Evidence 103(a)(2). Mr. Cunningham's

Declaration is attached hereto as Exhibit A.

Dated: May 8, 2024.

---

[2] Respondent further requests the opportunity to rely upon portions of the declarations of other experts if the Court grants motions to alter and amend filed by other Respondents.

/s/ Brannon J, Buck
Brannon J. Buck (ASB-5848-K56B)
bbuck@badhambuck.com
Christopher B. Driver (ASB-9178-G39B)
cdriver@badhambuck.com
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
(205) 521-0036 (Phone)
(205) 521-0037 (Facsimile)
*Counsel for Kathleen Hartnett*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system, electronic mail, and/or U.S. Mail on this the 8th day of May, 2024.

/s/ Brannon J. Buck
OF COUNSEL