IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BRIANNA BOE, et al., | } |
| *Plaintiffs*, | } |
| and | } |
| UNITED STATES OF AMERICA, | }  Case No. 2:22-CV-184-LCB |
| *Plaintiff-Intervenor*, | } |
| v. | } |
| STEVE MARSHALL, et al., | } |
| *Defendants*. | } |

## OBJECTION BY RESPONDENTS JENNIFER LEVI AND SHANNON MINTER TO SUPPLEMENTAL ORDERS TO SHOW CAUSE

Respondent Attorneys Jennifer Levi and Shannon Minter respectfully submit this response and objection (the "Objection") to this Court's Order of April 5, 2024 (Doc. 466) and to the May 1, 2024 Supplemental Orders to Show Cause directed to them (the "Supplemental Orders") (Docs. 485 and 488), as follows:

1. Levi and Minter object to this proceeding, the Supplemental Orders, and the original February 21, 2024 Order to Show Cause because they depart from the guarantees of due process articulated in *In re Ruffalo*, 390 U.S. 554 (1968), *United States v. Shaygan*, 652 F.3d 1297 (11th Cir. 2011), and other cases. As this body of case law makes clear, these due process requirements attached at the

commencement of the Panel investigation. *Ruffalo*, 390 U.S. at 550-551 (stating that the requirements of notice and other due process guarantees must be followed "before the proceedings commence"); *Shaygan*, 652 F.3d at 1318 (same).

2. The Panel's Report, which underpins both the Supplemental Orders and the original Order to Show Cause, rests on a process that violated due process guarantees. *Shaygan*, 652 F.3d at 1318-19. These due process violations were not cured, and could not be cured, by the recent Supplemental Orders because they rely on conclusions drawn by the Panel. Specifically, the process applied to Levi and Minter violated due process in at least the following respects:

    a. They had no opportunity to hear the testimony that has since been used against them in the Panel's Report, the Order to Show Cause, and the Supplemental Orders, or to cross-examine any witnesses giving such testimony;

    b. They were improperly sequestered and precluded from observing the Panel's proceedings, including the *in camera* proceedings with the Special Master, notwithstanding their status as parties in the Panel's proceedings;

    c. They were denied the opportunity to review and redact testimony that included communications and views that were potentially privileged and/or protected by the attorney work product doctrine and common interest doctrine;

d. They were promised access to transcripts of testimony given by other lawyers, including by lawyers *in camera* with the Special Master, and such access was substantially delayed, with the transcript from the *in camera* hearing being provided only after the Panel issued its Report;

e. They were given no meaningful opportunity to respond to the testimony procured by the Panel and the Special Master before the Panel issued its Report; and

f. They were denied the ability to make opening statements or closing arguments, and instead assured that they would be able to submit post-hearing briefing to the Panel, but that opportunity was never provided until after the Panel issued its Report.

Respectfully submitted this 8th day of May, 2024.

/s/  *April A. Otterberg*
April A. Otterberg, *pro hac vice*
aotterberg@jenner.com
Adam G. Unikowsky, *pro hac vice*
aunikowsky@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350

Robert D. Segall
segall@copelandfranco.com
Shannon Holliday
holliday@copelandfranco.com
COPELAND, FRANCO, SCREWS
& GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347
(334) 834-1180 (Phone)
(334) 834-3172 (Facsimile)

*Counsel for Jennifer Levi and Shannon Minter*

## CERTIFICATE OF SERVICE

    I certify that on May 8, 2024, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

                                        */s/  April A. Otterberg*