IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BRIANNA BOE, et al., | }<br>}<br>} |
| *Plaintiffs*, | }<br>} |
| and | }<br>} |
| UNITED STATES OF AMERICA, | } Case No. 2:22-CV-184-LCB<br>} |
| *Plaintiff-Intervenor*, | }<br>} |
| v. | }<br>} |
| STEVE MARSHALL, et al., | }<br>} |
| *Defendants.* | } |

## SUPPLEMENTAL DECLARATION OF SCOTT D. MCCOY IN RESPONSE TO THIS COURT'S MAY 1, 2024 ORDER TO SHOW CAUSE, DOC. 487

Pursuant to the Court's May 1, 2024, Supplemental Order to Show Cause, Doc. 487, I declare under penalty of perjury that the following is true and correct:

1. The purpose of this Supplemental Declaration is to address matters not covered in my Declaration of March 8, 2024, Doc. 438-1, including such matters as this Court directed to be addressed in its Show Cause Order of May 1, 2024, Doc. 487.

2. Each of such matters is addressed in my brief to be filed on or before May 11, 2024. Rather than duplicate the factual responses to the Show Cause Orders that are in my brief, I adopt and incorporate those factual responses by reference in

**EXHIBIT B**

this Declaration and affirm their accuracy.

3. I do want to, however, and do, emphasize here a few points. First, I have not knowingly provided the Panel or this Court information that is untrue. In connection with my Declaration to the Panel filed on July 27, 2022, my testimony before the Panel on November 3, 2022, and my Declaration to this Court filed March 8, 2024, I have done my best to relate what I recalled from the very hectic day on which the *Ladinsky* lawsuit was voluntarily dismissed.

4. Secondly, in my testimony on November 3, 2022, at pages 178-79, I made clear that had I known prior to the dismissal decision that *Ladinsky* had been transferred from Judge Axon, who had been assigned the first-filed case, because her involvement in a complex, ongoing criminal case precluded her conducting a timely preliminary injunction hearing, that information would have "in a big way" answered my questions about the transfer. Although not asked by the Panel, implicit in my testimony, which I re-affirm here, is that had I known the actual reason for the transfer, I would not have cynically speculated about the unexpected and seemingly unusual transfer of the case. That only happened because I did not understand the reason for the transfer and thus was left to speculate – wrongly – about what had happened. As is also implicit in my testimony, with a clear explanation in hand, I would not have gone along with any decision to dismiss the case under Rule 41. Although a combination of significant factors led to the dismissal decision, my

concerns about how the case came to be transferred contrary to the first-filed rule (or practice) in the Northern District tipped the scales toward dismissal.

5. Third, I believe my Declaration to the Panel is evidence of my commitment to being candid with the Panel and with this Court. Although the most potentially damaging evidence against me relative to the decision to dismiss *Ladinsky* appeared to be my having commented to *Ladinsky* counsel that it looked like this Court had reached out for the case outside the normal course, I volunteered that information in my Declaration to the Panel of July 27, 2022, because of my commitment to candor. As I say in my brief and elsewhere, I am deeply remorseful for having engaged in what I now know to have been entirely erroneous speculation.

6. Fourth, I made no reference in my Declaration of July 27, 2022 to any *Ladinsky* lawyer's having purportedly said we had "zero" chance to win on preliminary injunction before Judge Burke because I did not, and do not, remember such a comment. Assuming I was on the call in which the comment was purportedly made, and had I remembered the comment, I would not have hesitated to tell the Panel about the comment. In my opinion the comment, if made, would not have been different in kind, but only in degree, from the general feeling among *Ladinsky* counsel that this Court was not a good draw for the case. In my experience, when co-counsel says a judge is "not a good draw", or is a "bad draw", for the case, the clear connotation is that the judge is highly unlikely to rule in favor of my client. If

3

I had heard co-counsel go a step further and say there was "zero" chance of prevailing before a certain judge, I would have taken that statement as hyperbolic and as adding little to my understanding that the judge was highly unlikely to rule in favor of my client. My point is that given the atmosphere of confusion and time sensitivity surrounding the discussion that evening, whether the "zero" comment was made or not seems almost immaterial to the decision made. Perhaps that is why, if it was made, I do not remember it. Whether said or not, I would have gone along with the consensus view that the case should be voluntarily dismissed.

7. Finally, one of the events of alleged misconduct the Court directed me to address was that I, along with co-counsel, suddenly dismissed the *Ladinsky* case "after a series of phone conferences in which counsel discussed a number of matters, including their prospects in front of the Court and how the Court was a bad draw."

8. Although *Ladinsky* counsel did have discussions about what should be done in light of what appeared to be a transfer contrary to the first-filed rule (or practice), and counsel did discuss our clients' prospects before this Court, I did not believe or understand at the time that anything was improper about those discussions. The Court is well aware by now of all the circumstances surrounding these discussions and the necessity that a decision be made promptly. As I suspect every litigator and every judge knows, such discussions occur all the time in many different contexts. I certainly never thought that what I regarded as a private and

4

privileged communication among co-counsel about prospects could be considered improper.

9.    Again, to avoid repetition, I request that the Court review the facts set out in my brief, all of which I adopt and incorporate herein by reference.

Executed on May 8, 2024.

*/s/ Scott D. McCoy*
Scott D. McCoy