# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| Brianna Boe, *et al.*, | ) |
| *Plaintiffs*, | ) |
| and | ) |
| United States of America, | ) |
| *Plaintiff-Intervenor*, | ) |
| v. | ) No. 2:22-cv-00184-LCB-CWB |
| Hon. Steve Marshall, in his official capacity as Attorney General of the State of Alabama, *et al.*, | ) |
| *Defendants*. | ) |

**PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA'S BRIEF IN SUPPORT OF PRIVATE PLAINTIFFS' MOTION TO STAY DISPOSITIVE MOTION AND TRIAL-RELATED DEADLINES**

# INTRODUCTION

Plaintiff-Intervenor the United States of America files this brief in support of Private Plaintiffs' Motion to Stay Dispositive Motion and Trial-Related Deadlines and Request for Expedited Briefing Schedule, ECF No. 489. The United States agrees with the Private Plaintiffs that a stay is appropriate given the posture of this case and related matters.

# BACKGROUND

The appropriate standard of review to apply at the trial, which is set for August 12, 2024, may soon be revisited by the Eleventh Circuit or addressed by the Supreme Court. Private Plaintiffs' petition for the Eleventh Circuit to rehear en banc its decision to review the law under a rational basis standard remains pending. Corrected Pet. for Reh'g en Banc, *Eknes-Tucker*, No. 22-1107, ECF No. 139 (11th Cir. Nov. 13, 2023). And multiple petitions for certiorari asking the Supreme Court to decide the appropriate standard of review in similar cases also remain pending. Pet. For Writ of Cert., *L.W. v. Skrmetti*, No. 23-466 (U.S. Nov. 1, 2023); Pet. For Writ of Cert., *United States v. Skrmetti*, No. 23-477 (U.S. Nov. 6, 2023); Pet. For Writ of Cert., *Doe v. Kentucky*, No. 23-492 (U.S. Nov. 3, 2023). The Supreme Court has consolidated those petitions and has repeatedly rescheduled their consideration. *See United States v. Skrmetti*, No. 23-477 (U.S. March 13, 2024 through May 13, 2024). The Court distributed the petition for conference on May

2

16, 2024, and the outcome of the conference is expected shortly, and perhaps even as early as Monday, May 20, 2024. *United States v. Skrmetti*, No. 23-477 (U.S. May 13, 2024).

The United States filed a motion to stay proceedings on December 4, 2023, considering the likelihood that the pending petitions could change the applicable standard of review. U.S. Mot. to Stay Proceedings, ECF No. 387. Defendants opposed the request, arguing at that time that they would suffer prejudice because the injunction would remain in place pending the stay and that foreclosing further discovery would prevent the "full and truthful disclosure of critical facts." Defs.' Resp. 21-22, 26, ECF No. 393. Those concerns are no longer present. Since then, the parties completed discovery under the Seventh Amended Scheduling Order, ECF No. 422, and the Eleventh Circuit granted Defendants' motion to stay the preliminary injunction. *Eknes-Tucker*, No. 22-11707, ECF No. 147 (11th Cir. Jan. 11, 2024).

Further, this Court suggested during the December 15, 2023 hearing on the motion that a stay may be appropriate. While the Court denied the motion for a stay, it was without prejudice, noting that a stay may ultimately be appropriate if a higher court "signals that it will decide the governing standard of review." Order, ECF No. 399.

## ARGUMENT

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court "may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent the possibility of inconsistent resolutions." *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-cv-61365-BLOOM/Valle, 2020 WL 888025, at *1 (S.D. Fla. Feb. 24, 2020) (citing *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984)). In considering a motion to stay, courts employ a four-factor test: (1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay or injunction; (3) whether the other party will suffer substantial harm if the stay or injunction is issued; and (4) whether the stay or injunction is in the public interest. *E.g.*, *Venus Lines Agency v. CVG Industria Venezolana de Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000) (quotation omitted).

The granting of a stay is appropriate now that the parties have concluded discovery and the Eleventh Circuit has vacated the injunction barring application of the law at issue in this case. The factors favoring a stay were recited in the United States' previous motion for a stay, ECF No. 387. These include the Private Plaintiffs' and the United States' likelihood of success on the merits of their

appeals, the harm suffered by the Private Plaintiffs and the United States absent a stay, and the public interest in favor of a stay—all of which still favor a stay for the reasons explained in that motion. The potential harm that the nonmovant will suffer if the stay is issued, however, has significantly decreased since this Court last considered whether to grant a stay.

The United States recognizes that this Court is presently bound by the Eleventh Circuit's panel opinion that applied rational basis review, but the United States' position is that heightened scrutiny applies. Indeed, the Eleventh Circuit recognized that heightened scrutiny could be applied in this case if the law is pretext for discrimination.[1] There is little dispute that the standard of review is material and that it could be altered in the near future. A higher court may alter the standard of review countenanced by the three-judge panel of the Eleventh Circuit.[2] Requiring the parties to litigate and this Court to adjudicate this case under a rational basis standard would be wasteful and inefficient. The trial here is expected

---

[1] The Eleventh Circuit observed that "the regulation of a course of treatment that, by the nature of things, only transgender individuals would want to undergo," would trigger heightened scrutiny if "the regulation is a pretext for invidious discrimination against such individuals." *Eknes-Tucker v. Alabama*, 80 F.4th 1205, 1230 (11th Cir. 2023).

[2] Although there is a circuit split on the issue, the more persuasive authorities acknowledge that classifications related to a person's transgender status and gender non-conformity are necessarily classifications based on sex, and the Supreme Court has declined to review those holdings. *E.g.*, *A.C. v. Metropolitan Sch. Dist. of Martinsville*, 75 F.4th 760, 769 (7th Cir. 2023), cert. denied, 144 S. Ct. 683 (Jan. 16, 2024); *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 608-10 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2878 (2021); *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051-52 (7th Cir. 2017), *cert. dismissed*, 138 S. Ct. 1260 (2018).

to last two weeks, and before the trial, the parties will engage in what may be extensive briefing on dispositive motions and experts. Requiring the parties to expend time and resources to litigate this case twice, first under the rational basis standard and then potentially under the heightened scrutiny standard, would cause harm and likely confuse the public. Similarly, asking this Court to expend its valuable time and resources to adjudicate this case twice would conflict with the public interest.

Two material changes in circumstances that curtail the potential for Defendants to be harmed by a stay now warrant a stay of all district court proceedings. First, any harm to Defendants in staying the case would be minimal. Defendants have now had a full opportunity to discover and memorialize facts relevant to their defenses. And so, there is no concern that the stay will hinder their ability to gather evidence while memories remain fresh and relevant evidence is still available. *E.g.*, *Becker v. HBN Media, Inc.*, 314 F. Supp. 3d 1342, 1346 (S.D. Fla. 2018) (identifying "fading memories" and potential loss of evidence as potential prejudice).

Second, because Alabama's law banning transgender adolescents from receiving gender-affirming care is now in effect, a stay will not harm Defendants, who will not be prevented from carrying out their laws in the meantime (notwithstanding Defendants' suggestion that this case casts doubt on their

enforcement powers, Defs.' Redacted Resp. 12, ECF No. 523). *E.g.*, *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (state suffers harm when it is "enjoined by a court from effectuating statutes enacted by representatives of its people").[3]

## CONCLUSION

For these reasons, the United States supports Private Plaintiffs' motion to stay dispositive motion and trial-related deadlines.

Dated: May 17, 2024                                    Respectfully submitted,

| | |
|---|---|
| JONATHAN S. ROSS<br>Acting United States Attorney<br>Middle District of Alabama | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| PRIM F. ESCALONA<br>United States Attorney<br>Northern District of Alabama | CHRISTINE STONEMAN<br>Chief, Federal Coordination and Compliance Section |
| JASON R. CHEEK<br>Chief, Civil Division | COTY MONTAG (DC Bar No. 498357)<br>Deputy Chief, Federal Coordination and Compliance Section |
| MARGARET L. MARSHALL<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>Northern District of Alabama<br>1801 Fourth Avenue North<br>Birmingham, AL 35203<br>Tel.: (205) 244-2104<br>Margaret.Marshall@usdoj.gov | RENEE WILLIAMS (CA Bar No. 284855)<br>KAITLIN TOYAMA (CA Bar No. 318993)<br>Trial Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW – 4CON |

---

[3] The United States disagrees with Defendants' characterization of the evidence obtained from WPATH and the U.S. Department of Health and Human Services, as set forth in their response to Private Plaintiffs' motion to stay. Defs.' Redacted Resp. 15-20, ECF No. 523. Regardless, it is immaterial to the Court's consideration of the pending motion.

STEPHEN D. WADSWORTH
Assistant United States Attorney
U.S. Attorney's Office
Middle District of Alabama
Post Office Box 197
Montgomery, AL 36101-0197
Tel.: (334) 223-7280
Stephen.Wadsworth@usdoj.gov

Washington, DC 20530
Tel.: (202) 305-2222
Renee.Williams3@usdoj.gov
Kaitlin.Toyama@usdoj.gov

*/s/ James Fletcher*
JAMES V. FLETCHER (MD Bar No. 1412160273)
Trial Attorney
United States Department of Justice
Civil Rights Division
Disability Rights Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel. (202) 598-0083
James.Fletcher@usdoj.gov

*Attorneys for Plaintiff-Intervenor United States of America*

8

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                              Respectfully submitted,

                                              */s/ James Fletcher*
                                              Trial Attorney, Disability Rights Section
                                              Civil Rights Division
                                              U.S. Department of Justice