UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BRIANNA BOE**, *et al.*,  )  <br> ) <br> Plaintiffs,  ) <br> ) <br> v.  ) <br> ) <br> **STEVE MARSHALL**, *et al.*,  ) <br> ) <br> Defendants.  ) | Case No. 2:22-cv-0184-LCB |

### RESPONSE TO MAY 17, 2024 ORDER TO SHOW CAUSE BY JAMES ESSEKS, CARL CHARLES, AND LATISHA FAULKS

Respondent Attorneys **James Esseks, Carl Charles, and LaTisha Faulks** ("these Respondent Attorneys") submit this initial response to this Court's Order of May 17, 2024, directing them to show cause why they should not be sanctioned for violating a court order. (Doc. 527).

This Court's Order of May 17, 2024, requires these Respondent Attorneys "to show cause why they should not be sanctioned for violating a court order" previously entered by the Panel in 2022. (Doc. 527 at 1). Respondents did not violate any court order and the threat of sanctions is unwarranted.

1

I. **RESPONDENTS DID NOT VIOLATE OR DEFY THE PANEL'S ORDERS REGARDING THE Q & A DOCUMENT.**

This Court's most recent order states that these Respondent Attorneys and their undersigned counsel are in violation of two orders entered by the Panel in July of 2022, regarding the production of a document referred to as the Q & A.[1] (Docs. 22 and 41). According to this Court, a former respondent named Milo Ingelhart was ordered by the Panel to produce the Q & A but refused to produce the document "[a]t the advice of his attorney." (Doc. 527 at 1).  Further, this Court's order provides that these Respondent Attorneys and their counsel "remain[] under a court order to produce … the Q & A." (*Id.* at 6). Finally, these Respondents' counsel is accused of having "instructed his clients to defy an order to produce the [Q & A] document." (*Id.* at 8).

This Court's recitation of the facts and procedural history of the Panel proceedings omits a critical ruling by the Panel related to the Q & A and thus reaches an erroneous conclusion. Although the Panel's July 25, 2022, order denied the pending motions for protective order, the Panel expressly clarified its previous order of July 8, 2022 (Doc. 22), as follows:

> **As the July 8, 2022 Order (Doc. # 22) makes clear, the Panel is not seeking the disclosure of privileged *communications*.**

---

[1] The Q & A is a document created by the *Walker* attorneys at the request of Mr. Ragsdale to help him get up to speed on the facts and procedural decisions in *Walker* in advance of the May 20, 2022, hearing with the Panel.

2

(Doc. 41 at 4, italics original). The Panel's July 25, 2022, Order does not expressly mention the Q & A, nor does it indicate that the Panel still expected the document to be produced. (*Id.*).

Given respondents' argument that the Q & A was a "privileged communication" protected by the attorney client privilege and given the Panel's clarification that it was not seeking the disclosure of such privileged communications, these Respondents filed a "Notice and Objection Regarding Declarations" on July 27, 2022, stating that they were expressly relying on the Panel's clarification in not producing the Q & A. (Doc. 42 at 2). When Milo Inglehart later submitted his declaration, he also expressly relied on the Panel's July 25, 2022, clarification and did not attach a copy of the Q & A. (Doc. 80-15). Following the submission of Mr. Inglehart's declaration, the Panel did not question or otherwise express disagreement with respondents' stated interpretation of the Panel's orders or Mr. Inglehart's declining to produce the Q & A.

A week later, on August 2, 2022, the Panel *sua sponte* excused Mr. Inglehart – the only respondent ordered to produce the Q & A – from having to appear at the August 3, 2022, hearing before the Panel. (Doc. 47). Although the Panel provided no explanation for excusing Mr. Inglehart, Respondents reasonably interpreted the Panel's action as additional confirmation that they had correctly read the Panel's "privileged communications" clarification as excusing the production of the Q & A.

3

When the Panel reconvened the next day, August 3, 2022, the Panel did not mention the Q & A and certainly did not give any indication that respondents were "defying a court order" by not having produced the document. (Tr. Aug. 3, 2022). Surely, if the Panel believed that respondents had "defied" their previous order to produce the Q & A, they would have raised the issue at the very next hearing.

Critically, at the November 3, 2022, hearing before the Panel, Judge Proctor acknowledged that **the Panel had "not made [respondents] provide [the Panel] documents, the Q&A sheet**, [or] the talking points that Doss was going to use either here or before Judge Burke at that hearing [in *Ecknes-Tucker*]." (Tr. Nov. 3, 2022, at 5 (emphasis added)). This statement makes it clear that the Panel had reconsidered any previous efforts to compel the production of the Q & A and certainly did not consider respondents to be in open defiance of their previous orders.

Finally, given the Panel's aggressive and expansive pursuit of any potential charges against respondents, it is inconceivable that the Panel would have allowed any defiance of their orders to go unchallenged for almost two years. At no time between the Panel's July 25, 2022, order and this Court's order of May 17, 2024, did the Panel ever suggest that respondents were in violation of any order concerning the Q & A.[2]

---

[2] Similarly, the Panel's October 3, 2023, Report does not mention the Q & A or otherwise suggest that Respondents had "defied a court order" by not producing it. (Doc. 70)

## Conclusion

Contrary to the conclusions of this Court's May 17, 2024, order, these Respondent Attorneys did not violate any order of the Panel regarding the Q & A and were not – prior to this Court's recent order – "under a court order to produce … the Q & A." Nor did these Respondents' counsel "instruct[] his clients to defy an order to produce the [Q & A] document." The threatened sanctions are inappropriate.

/s/ *Barry A. Ragsdale*
Barry A. Ragsdale
Robert S. Vance
Dominick Feld Hyde, PC
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

/s/ *W. Neil Eggleston*
W. Neil Eggleston
Byron Pacheco
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5016
neil.eggleston@kirkland.com
byron.pacheco@kirland.com

*Counsel for Respondents Esseks, Charles, and Faulks*

## **CERTIFICATE OF SERVICE**

      I certify that, on May 19, 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

                                            /s/ *Barry A. Ragsdale*
                                            OF COUNSEL