UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BRIANNA BOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-0184-LCB |
| ) | |
| STEVE MARSHALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JOINDER IN KATHLEEN HARTNETT'S RESPONSE TO THE COURT'S MAY 17, 2024 ORDER AND EMERGENCY MOTION FOR STAY OF PRODUCTION DEADLINE

Respondent Attorneys **James Esseks, Carl Charles, and LaTisha Faulks** ("these Respondent Attorneys") submit this joinder in Kathleen Hartnett's Response to the Court's May 17, 2024, Order and Emergency Motion for Status Conference and Stay of Production Deadline (Doc. 528).

1. These Respondent Attorneys join Ms. Hartnett's request that this Court stay the deadline for producing the Q & A document to afford the respondents an opportunity to brief and argue the merits of this Court's *sua sponte* application of the narrow and rarely applicable crime-fraud exception. This Court's May 17, 2024, order is based on a misreading of both the facts and the law, and this Court could benefit from briefing and argument from the parties. As noted by Ms. Hartnett, this court's recent order is the first time that this Court (or the Panel) has ever applied the

1

crime-fraud exception to the Q & A and the respondents have never been afforded the opportunity to be heard on this issue.[1]

2.      This Court's May 17, 2024, order is premised on the erroneous conclusion that the Respondents had "defied" the Panel's order to produce the Q & A. As respondents have pointed out, however, that conclusion is simply wrong. (Docs. 528 and 529). Rather than compelling the production of the Q & A, the Panel recognized that the document was a "privileged communication" not subject to disclosure. (*Id.*).

3.      This Court's order of May 17, 2024, also conflates and confuses the Respondents' positions regarding the invocation of attorney client privilege for communications **between the Respondents and their former clients** in *Walker* and the invocation of attorney client privilege for communications **between the Respondents and their current counsel** in these on-going disciplinary proceedings. From the very beginning, Respondents have consistently expressed their willingness to disclose otherwise privileged communications with their clients in *Walker* to the Panel *in camera* but have consistently resisted any efforts by the Panel to compel disclosure of privileged communications with their current counsel regarding these

---

[1] The extraordinarily short deadline for producing the Q & A does not afford these Respondents sufficient time to properly brief this issue.

proceedings.² There was no about-face on this distinction and Respondents were consistent in maintaining their positions. The Panel understood the difference between the two very different sets of circumstances when it discontinued the initial efforts to compel the disclosure of the Q & A.

4. Among other things, briefing would permit respondents to demonstrate that this Court's reliance on the Panel's conclusory statements about the respondents' "candor" do not justify invading the attorney client privilege under the crime-fraud exception. For example, we now know that the Panel's allegations of "misrepresentations and omissions" are based, in large part, on these Respondents' alleged failure to disclose the contents of a telephone call **which they were not even parties to**. (Doc. 518 at 51-52).

5. These Respondents certainly recognize that this Court has announced that it "will not tolerate any further contumacious refusals to disclose court-ordered materials." (Doc. 527 at 17). Respondents respectfully note that they have never refused to produce court-ordered materials and that requesting an opportunity to

---

² This Court's references to statements and positions taken by Respondents and their counsel in the proceedings before the Panel all occurred before the Panel gave the first indication that it was considering delving into the privileged communications between Respondents and their counsel. When Mr. Ragsdale told the Panel on that first day that his clients stood "ready, willing, and able" to answer questions without relying on the attorney client privilege, he was obviously referring to the privilege between Respondents and their *Walker* clients and was not providing a blanket waiver of all privileged communications between him and his clients. At that point in the proceedings, none of the respondents or their lawyers had any idea that the Panel would later attempt to compel the disclosure of privileged communications between respondents and their lawyers.

brief and be heard on this application of the crime-fraud exception for the very first time is neither unreasonable nor contumacious.

/s/ Barry A. Ragsdale
Barry A. Ragsdale
Robert S. Vance
Dominick Feld Hyde, PC
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

/s/ W. Neil Eggleston
W. Neil Eggleston
Byron Pacheco
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5016
neil.eggleston@kirkland.com
byron.pacheco@kirland.com

*Counsel for Respondents Esseks, Charles, and Faulks*

## CERTIFICATE OF SERVICE

I certify that, on May 19, 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

/s/ Barry A. Ragsdale
OF COUNSEL