UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BRIANNA BOE**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-0184-LCB |
| ) | |
| **STEVE MARSHALL**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE TO SUPPLEMENTAL ORDERS TO SHOW CAUSE BY JAMES ESSEKS, CARL CHARLES, AND LATISHA FAULKS REGARDING OTHER RESPONDENTS' BRIEFS

Respondents **James Esseks, Carl Charles**, and **LaTisha Faulks** ("these Respondents"), by and through their undersigned attorneys, respond as follows to the Court's Supplemental Orders to Show Cause (Docs. 478, 481, and 486), directing each of them, *inter alia*, to "identify those portions of all other Respondents' briefs with which [they] agree[] or disagree[]." (Docs. 478 at 15; 481 at 16; 486 at 15).

1. As directed by the Court, these Respondents have reviewed the following submissions by all other Respondents in response to the Court's Supplemental Orders to Show Cause: Docs. 513 (Asaf Off), 514 (Jeffrey P. Doss and Melody H. Eagan), 515 (Michael B. Shortnacy), 516 (Scott D. McCoy), 520 (Jennifer L. Levi and Shannon Minter), and 521 (Kathleen R. Hartnett).

1

2. Generally, these Respondents agree with and join in the legal arguments presented in all other Respondents' submissions. However, these Respondents do not agree with Mr. Orr's characterization of a "circuit split" over the issue of whether attorneys may be sanctioned for voluntary, pre-answer dismissals under Federal Rule of Civil Procedure 41. (*See* Doc. 513 at 21). These Respondents are not aware of such a circuit split on this issue. To the contrary, to the extent the Courts of Appeal have addressed the issue, there appears to be agreement that "[c]ourt-ordered sanctions should be neither 'a consequence' of a voluntary dismissal without prejudice nor a 'condition' placed upon such dismissal." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 292–93 (5th Cir. 2016) (quoting *Cooter & Gell*, 496 U.S. at 396–97); *see also Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1080–81 (8th Cir. 2017).

3. With regard to the factual recitations in other Respondents submissions, to the extent those portions of other Respondents' submissions concern these Respondents, these Respondents have not identified any material disagreement therein. However, in many instances, these Respondents lack firsthand knowledge regarding other Respondents' conduct sufficient to agree or disagree with those portions of their submissions. Other than Ms. Hartnett, who was also a member of the team that filed the *Walker* action and whose submission these Respondents agree with, the remaining other Respondents are from different and separate legal

organizations that represented different clients in a different and separate lawsuit (*Ladinsky*). Accordingly, although these Respondents have no reason to doubt the factual recitations in other Respondents' submissions, to the extent they do not concern these Respondents, these Respondents cannot agree or disagree with recitations regarding communications, meetings, telephones calls, and other events that they did not participate in.

Dated: May 21, 2024

>Respectfully submitted,
>
>/s/ *Barry A. Ragsdale*
>Barry A. Ragsdale
>Robert S. Vance
>Dominick Feld Hyde, PC
>1130 22nd Street South, Suite 4000
>Birmingham, AL 35205
>Tel.: (205) 536-8888
>bragsdale@dfhlaw.com
>rvance@dfhlaw.com
>
>/s/ *W. Neil Eggleston*
>W. Neil Eggleston
>Byron Pacheco
>Kirkland & Ellis LLP
>1301 Pennsylvania Ave, N.W.
>Washington, D.C. 20004
>Tel.: (202) 389-5016
>neil.eggleston@kirkland.com
>byron.pacheco@kirland.com
>
>*Counsel for Respondents Esseks, Charles, and Faulks*

## **CERTIFICATE OF SERVICE**

      I certify that, on May 21, 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

                                                        <u>/s/ *Barry A. Ragsdale*</u>
                                                        OF COUNSEL