IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al., | } |
| *Plaintiffs*, | } |
| and | } |
| UNITED STATES OF AMERICA, | }   Case No. 2:22-CV-184-LCB |
| *Plaintiff-Intervenor*, | } |
| v. | } |
| STEVE MARSHALL, et al., | } |
| *Defendants*. | } |

**RESPONDENTS MELODY H. EAGAN AND JEFFREY P. DOSS'S
RESPONSES TO CO-RESPONDENTS' BRIEFS**

Respondents Melody H. Eagan and Jeffrey P. Doss ("these Respondents") respond to their co-respondents' briefs as follows:

1. These Respondents have reviewed the briefs filed by the other respondents. (Docs. 513, 515, 516, 517, 518, 520, and 521).

2. As to the briefs' references to facts established in the record, many of the briefs address matters about which these Respondents have no personal knowledge (e.g., telephone calls in which these Respondents did not participate, discussions among *Walker* counsel concerning litigation decisions, etc.). For this category of factual matters, these Respondents have no reason to disagree with their co-respondents.

1

3. For references to record facts recounted in the other respondents' briefs that involve these Respondents, these Respondents have found no material inconsistencies between their recollections—expressed during their testimony before the panel and in their brief, declarations, and supplemental declarations—and the recollections of their co-respondents.

4. With one exception, these Respondents have found no material inconsistency between the legal arguments in their brief and the legal arguments in the briefs of their co-respondents.[1]  In Mr. Orr's brief, he suggests that there may be a "circuit split" over whether sanctions are appropriate for voluntary dismissals. (Doc. 513 at 21) ("Given the circuit split on this issue, Mr. Orr had reasonable grounds for his belief.").  These Respondents disagree.  The Circuit Courts are unanimous that no sanctions should be imposed when a lawyer voluntarily dismisses one case and files a new case.  *See, e.g.*, *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287 (5th Cir. 2016); *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069 (8th Cir. 2017); *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110 (2d Cir. 2009); *Fields v. Gates*, 233 F.3d 1174 (9th Cir. 2000).  These Respondents are unaware of any Circuit Court authority holding to the contrary.

Respectfully Submitted,

*/s/ Harlan I. Prater, IV*
One of the Attorneys for
Melody H. Eagan and Jeffrey P. Doss

---

[1] These Respondents adopt the legal arguments contained in the briefs filed by their co-counsel in *Ladinsky* and *Eknes-Tucker*: Mr. Orr, other than the one exception noted above (Doc. 513); Mr. Shortnacy (Doc. 515); Mr. McCoy (Doc. 516); and Ms. Levi and Mr. Minter (Doc. 520).

2

Dated: <u>May 21, 2024</u>

OF COUNSEL:
Samuel H. Franklin
*sfranklin@lightfootlaw.com*
M. Christian King
*cking@lightfootlaw.com*
Harlan I. Prater, IV
*hprater@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

## **CERTIFICATE OF SERVICE**

I certify that, on <u>May 21, 2024</u>, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which provide notice of the filing to all counsel of record.

*/s/ Harlan I. Prater, IV*
OF COUNSEL