UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, *et al.*, </br></br>*Plaintiffs*, </br></br>and </br></br>UNITED STATES OF AMERICA, </br></br>*Plaintiff-Intervenor*, </br></br>v. </br></br>STEVE MARSHALL, et al., </br></br>*Defendants*. | Case No. 2:22-CV-184-LCB |

### SUBMISSION BY JENNIFER LEVI AND SHANNON MINTER ADDRESSING THE OTHER RESPONDENTS' BRIEFS IN RESPONSE TO ORDERS TO SHOW CAUSE

Respondents Jennifer Levi and Shannon Minter respectfully make this submission pursuant to the Court's Supplemental Orders to Show Cause, which order them to, "[i]n a separate filing," "identify those portions of all other Respondents' briefs with which [they] agree[] or disagree[]." Doc. #485 at 13; Doc. #488 at 13.

*Ladinsky* **Respondents.** On all material issues, the submissions by the *Ladinsky* Respondents are consistent with the submission made by Levi and Minter.

Doc. #513, #514, #515, #516.  In particular, the *Ladinsky* Respondents all agree that the dismissal of *Ladinsky* was motivated by multiple factors, including the unusual way in which the case arrived at this Court as well as impressions regarding Judge Burke.  The *Ladinsky* Respondents all averred that the transfer of *Ladinsky* seemed unusual to them and that they were concerned about the effects of the transfer for their clients.  Moreover, all the attorneys believed, in good faith, that they were acting permissibly under Rule 41 and that there was no rule or standard barring the dismissal of *Ladinsky* and the filing of *Eknes-Tucker*.

Levi and Minter are not in a position to comment on particular *Ladinsky* Respondents' recollections of the events as set forth in their briefs, but they believe any differences are immaterial to these proceedings.  In Levi's and Minter's view, minor variations are consistent with the way memories operate, the differing questions put to each Respondent, and the way different individuals can have divergent real-time perceptions of the same event.

Levi and Minter believe their legal arguments are consistent with those made by the other *Ladinsky* Respondents with one exception mentioned below.  They add their specific agreement with and adoption of Respondent McCoy's discussion of Federal Rule of Civil Procedure 83(b) ("No sanction . . . may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual

notice of the requirement."). Doc. #516 at 7. Levi and Minter disagree with Respondent Orr that there is any "circuit split" or even any relevant disagreement among "[o]ut-of-circuit authority" with respect to the application of Rule 41. Doc. #513 at 20-21. In their brief, Levi and Minter explained why the district court case cited by Respondent Orr, *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69 (D.P.R. 2004), does not apply here, Doc. #520 at 49, 52, and they further noted that the Ninth Circuit case on which *Vaqueria* relies involved the application of a local rule that is not found in either the Northern or Middle Districts of Alabama, *id.* at 49 n.12.

***Walker* Counsel.** Various portions of the briefs from the *Walker* Respondents, such as the arguments concerning related-case designations, client consent for dismissal, and the standards related to perjury, have no relevance to Levi and Minter. The remainder of the *Walker* Respondents' legal arguments, *see* Doc. #518, 521, are consistent, in general, with those made by Levi and Minter. Levi and Minter add their specific agreement with and adoption of Respondent Hartnett's legal argument about Federal Rule of Civil Procedure 83(b), *see* Doc. #521 at 10, 25, and her description of the Northern and Middle District's Local Rules not requiring *pro hac vice* attorneys to take an oath of admission, *id.* at 11.[1]

---

[1] Minter did not appear *pro hac vice* in *Ladinsky* or *Eknes-Tucker*.

3

Levi and Minter do not have personal knowledge of—and therefore have no reason to disagree with—the *Walker* Respondents' description of facts relevant only to *Walker* counsel, such as discussions that occurred among members of the *Walker* team, the call to Judge Thompson's chambers, or the *Walker* team's communication with their clients.  Levi and Minter are also not in a position to comment on particular *Walker* Respondents' recollections of events, discussed in their briefs, that involve or relate to *Ladinsky* counsel.  Levi and Minter believe any differences in the descriptions by *Walker* and *Ladinsky* counsel of factual circumstances are both immaterial and understandable in light of, among other things, the way different individuals can have divergent real-time perceptions of the same event.

Respectfully submitted this 21st day of May, 2024.

                         s/ April A. Otterberg
                         April A. Otterberg, *pro hac vice*
                         aotterberg@jenner.com
                         Adam G. Unikowsky, *pro hac vice*
                         aunikowsky@jenner.com
                         JENNER & BLOCK LLP
                         353 North Clark Street
                         Chicago, IL 60654
                         (312) 222-9350

                         Robert D. Segall
                         Shannon L. Holliday
                         COPELAND, FRANCO, SCREWS & GILL, P.A.
                         444 South Perry Street
                         Post Office Box 347
                         Montgomery, Alabama 36101-0347
                         Phone: (334) 834-1180
                         Fax: (334) 834-3172
                         Email: segall@copelandfranco.com

                         *Attorneys for Jennifer L. Levi*
                         *and Shannon Minter*

## CERTIFICATE OF SERVICE

    I certify that on May 21, 2024, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

*/s/   April A. Otterberg*