# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

| | | |
|---|---|---|
| *In re* **Amie Adelia Vague, et al** | ) | **Case No. 2:22-mc-03977-WKW** |
| | ) | **(Middle District of Alabama)** |

**DECLARATION OF JAMES ESSEKS**

I, James Esseks, declare as follows:

1.      I am providing this *in camera* Declaration as required by the Panel's July 8, 2022 Order in the above referenced proceeding.  By doing so, I am not waiving any privilege, including the attorney client privilege and the protections of the attorney work product doctrine. The matters stated herein are based upon my personal knowledge and are true and complete to the best of my recollection.

2.      I understand the Panel's July 25, 2022 Order (ECF 41) requires me to disclose work product responsive to the topics in the Panel's July 8, 2022 Order.  To comply with that Order, I am, on the advice of counsel, disclosing certain information protected by the work product doctrine in this declaration.  To preserve

**7.     Any knowledge you have that relates to (1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing**

45.     Following the May 10, 2022 Order opening this proceeding, the *Walker* team hired Barry Ragsdale of Dominick Feld Hyde, P.C. to represent *Walker* counsel named in this matter.

46.     From my recollection, Mr. Ragsdale met with the decision-makers on the *Walker* team, including me, multiple times prior to the hearing on May 20, 2022, and met with the full *Walker* counsel group three or four times prior to the hearing. I understand that the Panel's July 25, 2022 Order (ECF 41) clarified that the Panel is not seeking any attorney-client privileged communications or requiring the declarants to waive the attorney-client privilege, and so I do not describe the contents of those privileged communications.

47.     At Mr. Ragsdale's request, to aid in his representation of *Walker* counsel at the May 20 hearing, I reviewed and edited a document containing potential questions the Panel might ask and factual information responsive to those questions. I also reviewed and edited drafts of the pre-hearing brief submitted by *Walker* counsel and a timeline created, at Mr. Ragsdale's direction, by Cooley and other members of the *Walker* team to help Mr. Ragsdale prepare for the May 20 hearing. To my knowledge, the Q&A document, pre-hearing brief drafts, and timeline have never been shared outside of the *Walker* team and our retained counsel.

48.     I did not speak to anyone aside from counsel to prepare for the May 20, 2022 hearing.   I did review some research independently prepared by an ACLU attorney concerning the right to voluntarily dismiss a case.

**8.     The identity of each attorney, not included in the style of the original order, whom you are aware of being involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above and the details of each such person's involvement**

49.     Joshua Block, a Senior Staff Attorney at the ACLU, was a member of the team preparing to litigate a healthcare ban in Alabama in 2020 and 2021.  To my recollection, during those time periods he was involved in conversations concerning whether to mark the new case as related to *Corbitt*.  Mr. Block was not a member of the team in 2022, and played no role in filing, litigating, or dismissing the case.  After receiving the May 10, 2022 Order initiating this proceeding, Mr. Block took it upon himself to research the right to voluntarily dismiss a case.  While I did not direct him to perform this research, I did review it as part of my preparation for the May 20, 2022 hearing.

50.     Sharon McGowan and Camilla Taylor of Lambda Legal were involved in aspects of the *Walker* case.   Ms. McGowan attended some *Walker* counsel meetings prior to the case filing, during which the team may have discussed whether

to mark the case as related to *Corbitt*, which parties to name, and where to file. Camilla Taylor attended the April 16 call with *Ladinsky* counsel.

## Attestation of Sequestration Order Compliance

51.     I attest that I have not discussed with any individuals named in the May 10, 2022 Order the substance of any testimony given by those individuals during the May 20, 2022 hearing, including any questions asked or answers given.  I further attest that I have not discussed the contents of my declaration with anyone other than my counsel in this proceeding.

52.     Following the status conference on June 17, 2022, I received notes created by my counsel that contained a description of some of the substance of Mr. Charles' May 20, 2022 testimony, which I sent to members of the client group before reading the notes, with Mr. Ragsdale's permission.   Shortly thereafter, at Mr. Ragsdale's direction, I sent a second email telling the group that those notes were sent in error and asking them to delete them because they inadvertently disclosed some of the substance of testimony.  I deleted the notes and have not reviewed them since I sent that second email.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| *In re* **Amie Adelia Vague, et al** | ) | **Case No. 2:22-mc-03977-WKW** |
| | ) | **(Middle District of Alabama)** |

## DECLARATION OF LYNLY S. EGYES

I, Lynly S. Egyes, declare:

1.      I am providing this *in camera* Declaration as required by the Panel's July 8, 2022 Order in the above referenced proceeding.  By doing so, I am not waiving any privilege, including the attorney client privilege and the protections of the attorney work product doctrine. The matters stated herein are based upon my personal knowledge and are true and complete to the best of my recollection.

2.      I understand the Panel's July 25, 2022 Order (ECF 41) requires me to disclose work product responsive to the topics in the Panel's July 8, 2022 Order.  To comply with that Order, I am, on the advice of counsel, disclosing certain information protected by the work product doctrine in this declaration. To preserve

short period of time, the *Walker* case had been transferred to a new court and was being consolidated with the *Ladinsky* case, and a status conference had been ordered without adequate time to prepare in a court that was unfamiliar to our team. On April 15, the *Walker* team filed its notice of voluntary dismissal.

33.    On Saturday, April 16, I attended a call among leadership of the *Walker* team organizations and the *Ladinsky* team. During the call, it became clear that it would not be possible for the two groups of organizations to work together to file one new case going forward. Working together would mean eight nonprofit legal organizations and three law firms involved in determining case strategy and decision-making, which did not seem feasible. In addition, the advocacy groups that originally filed *Walker* and *Ladinsky* have divergent beliefs about litigation strategies and the decision-making process concerning case strategy.

**6.    Any and all actions that relate to the decision to file *Eknes-Tucker* in the United States District Court for the Middle District of Alabama**

34.    I did not participate in and have no knowledge of any actions that related to the decision to file *Eknes-Tucker* in M.D. Alabama.

**7.    Any knowledge you have that relates to (1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing**

35.    Following the May 10, 2022 Order that initiated this proceeding, the *Walker* team hired Barry Ragsdale to represent *Walker* counsel in this matter.

36.     Mr. Ragsdale met with me and other leaders from the *Walker* team organizations a handful of times.  He also met with the full team three or four times prior to the hearing.  I understand that the Panel's July 25, 2022 Order (ECF 41) clarified that the Panel is not seeking any attorney-client privileged communications or requiring the declarants to waive the attorney-client privilege, and so I do not describe the contents of those privileged communications.

37.     I participated in drafting a document for Mr. Ragsdale which contained a list of potential questions the Panel may ask and information applicable to respond to those questions.  The document was prepared at Mr. Ragsdale's request to help prepare him to represent us in this matter.   I was not a primary drafter of the document, but I reviewed and edited it.

38.     I also reviewed drafts of the pre-hearing brief submitted by *Walker* counsel and a timeline created by Cooley and other members of the *Walker* team to help Mr. Ragsdale prepare for the May 20 hearing.  To my knowledge, the Q&A document, pre-hearing brief drafts, and timeline have never been shared outside of the *Walker* team and our retained counsel.

**8.    The identity of each attorney, not included in the style of the original order, whom you are aware of being involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above and the details of each such person's involvement**

39.    There are no other attorneys from TLC not included in the style of the original order who were involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above.

40.    I am aware that Sharon McGowan, the Legal Director at Lambda Legal prior to the filing of *Walker*, attended some *Walker* team meetings prior to and after filing *Walker*.

41.    I am further aware that Camilla Taylor, the Director of Constitutional Litigation at Lambda Legal, participated in discussions among *Walker* counsel on April 15, 2022 concerning whether to dismiss *Walker* and in a phone call among *Walker* counsel and *Ladinsky* counsel on April 16, 2022.

## **Attestation of Sequestration Order Compliance**

42.    I attest that I have not discussed with any individuals named in the May 10, 2022 Order the substance of any testimony given by those individuals during the May 20, 2022 hearing, including any questions asked or answers given.  I further attest that I have not discussed the contents of my declaration with anyone other than my counsel in this proceeding.

43.    Following the status conference on June 17, 2022, I received notes created by my counsel that contained a description of some of the substance of Mr. Charles' May 20, 2022 testimony.  Shortly thereafter, I received a second email telling me that those notes were sent in error and asking me to delete them because they inadvertently disclosed some of the substance of testimony. I have not reviewed those notes since receiving the second email, and I deleted them.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: July 27, 2022

New York, New York

_/s/ Lynly S. Egyes_____
Lynly S. Egyes

13

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

| | | |
|---|---|---|
| *In re* **Amie Adelia Vague, et al** | ) | **Case No. 2:22-mc-03977-WKW** |
| | ) | **(Middle District of Alabama)** |

## DECLARATION OF TARA BORELLI

I, Tara Borelli, declare:

1.      I am providing this *in camera* Declaration as required by the Panel's July 8, 2022 Order in the above referenced proceeding.  By doing so, I am not waiving any privilege, including the attorney client privilege and the protections of the attorney work product doctrine. The matters stated herein are based upon my personal knowledge and are true and complete to the best of my recollection.

2.      I understand the Panel's July 25, 2022 Order (ECF 41) requires me to disclose work product responsive to the topics in the Panel's July 8, 2022 Order.  To comply with that Order, I am, on the advice of counsel, disclosing certain information protected by the work product doctrine in this declaration. To preserve

6.     **Any and all actions that relate to the decision to file *Eknes-Tucker* in the United States District Court for the Middle District of Alabama**

40.     I did not participate in and do not have knowledge of any actions that relate to the decision to file *Eknes-Tucker* in M.D. Alabama.

7.     **Any knowledge you have that relates to (1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing**

41.     Following the May 10, 2022 Order opening this proceeding, the *Walker* team hired Barry Ragsdale of Dominick Feld Hyde, P.C. to represent *Walker* counsel named in this matter.

42.     From my recollection, Mr. Ragsdale met with the leaders from the *Walker* team organizations, including me, several times to learn about the case and to prepare for the May 20, 2022 hearing.  He also met with the full *Walker* counsel team three or four times prior to the hearing.  I understand that the Panel's July 25, 2022 Order (ECF 41) clarified that the Panel is not seeking any attorney-client privileged communications or requiring the declarants to waive the attorney-client privilege, and so I do not describe the contents of those privileged communications.

43.     At Mr. Ragsdale's request, to aid in his representation of *Walker* counsel at the May 20 hearing, I helped draft a document containing potential questions the Panel may ask and factual information responsive to those questions. I also reviewed drafts of the pre-hearing brief submitted by *Walker* counsel and a

timeline created by Cooley and other members of the *Walker* team to help Mr. Ragsdale prepare for the May 20 hearing.  To my knowledge, the Q&A document, pre-hearing brief drafts, and timeline have never been shared outside of the *Walker* team and our retained counsel.

44.    I did not speak to anyone outside of my discussions with Mr. Ragsdale and *Walker* counsel to prepare for the May 20 hearing.

**8.   The identity of each attorney, not included in the style of the original order, whom you are aware of being involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above and the details of each such person's involvement.**

45.    Camilla Taylor, Lambda Legal's Deputy Legal Director for Litigation, was consulted by Lambda Legal members of the *Walker* counsel team when the *Walker* team was deciding whether to dismiss the case.  I spoke with Ms. Taylor concerning the dismissal of *Walker*, and she was a part of the April 16 call with other leadership from the *Walker* and *Ladinsky* teams.

46.    Sharon McGowan, Lambda Legal's then Legal Director, participated in *Walker* team meetings where some of the topics of this Order may have been discussed.  Ms. McGowan also participated in communications with Mr. Ragsdale in advance of the May 20, 2022 hearing as part of the Lambda Legal client team he represents.   Ms. McGowan left Lambda Legal in June 2022 to pursue other opportunities.

47.     I am aware of no other attorneys involved in the filing of the *Walker* litigation in 2022 or the decision to dismiss that litigation.

### Attestation of Sequestration Order Compliance

48.     I attest that I have not discussed with any individuals named in the May 10, 2022 Order the substance of any testimony given by those individuals during the May 20, 2022 hearing, including any questions asked or answers given.  I further attest that I have not discussed the contents of my declaration with anyone other than my counsel in this proceeding.

49.     Following the status conference on June 17, 2022, I received notes created by my counsel that contained a description of some of the substance of Mr. Charles' May 20, 2022 testimony.  Shortly thereafter, I received a second email telling me that those notes were sent in error and asking me to delete them because they inadvertently disclosed some of the substance of testimony.  I have not reviewed those notes since receiving the second email, and I deleted them.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: July 27, 2022

Avondale Estates, Georgia

                                        */s/ Tara Borelli*_____
                                        Tara Borelli

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

|  |  |  |
|---|---|---|
| *In re* **Amie Adelia Vague**, *et al.* | } } } | **Case No. 2:22-mc-03977-WKW** |

## DECLARATION OF JULIE VEROFF PURSUANT TO JULY 8, 2022 ORDER

I, Julie Veroff, declare:

1.      I submit this Declaration pursuant to the Panel's July 8, 2022 Order in this matter.

2.      The matters stated herein are based upon my personal knowledge and are true to the best of my knowledge, information, and belief.  To the extent information provided in response to one of the Panel's questions is responsive to other questions, I have attempted to repeat that information, but the information

1

- On April 16, 2022, I learned that Cooley informed other *Walker* Counsel that Cooley would not be part of any further litigation regarding Alabama's transgender youth healthcare ban, including any effort to file a coordinated suit with *Ladinsky* Counsel.  I understand that other *Walker* Counsel then informed *Ladinsky* Counsel of this decision by Cooley.

14.     **Topic 6.  With regard to the sixth topic identified in the Panel's July 8, 2022 Order**, I had no participation in and have no knowledge of "[a]ny and all actions that relate to the decision to file *Eknes-Tucker* in the United States District Court for the Middle District of Alabama."

15.     **Topic 7.  With regard to the seventh topic identified in the Panel's July 8, 2022 Order, my participation in or knowledge of "(1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing" is as follows:**

- On May 10, 2022, I learned of the Panel's Order in this matter instructing me and other counsel to appear before the Panel on May 20, 2022.

- On May 11, 2022, I and other *Walker* Counsel retained Barry Ragsdale to represent us in this matter.  That same day, we had an introductory call with Mr. Ragsdale.

18

- On May 13, 2022, I understand that senior *Walker* Counsel had a call with Mr. Ragsdale regarding strategy for the May 20 hearing.  I did not participate in this call.

- On May 14, 2022, I received a copy of a chronology of relevant events from another Cooley attorney.  I understand the chronology was created for the purpose of preparing Mr. Ragsdale for the May 20 hearing.  I responded that day with comments that I understand were incorporated into the final version of the timeline.

- On May 15, 2022, I participated in a team call with Mr. Ragsdale regarding preparation for the May 20 hearing.

- Also on May 15, 2022, I and other junior *Walker* Counsel received a copy of a Q&A document from another Cooley attorney.  I understood that this document was being circulated for our input and that its purpose was to prepare Mr. Ragsdale for the May 20 hearing.  I did not provide any input on the Q&A document.

- Between May 15, 2022 and May 19, 2022, I received drafts of a pre-hearing submission from another Cooley attorney.  I provided some comments on this submission, which I understand were incorporated into the final version.

19

- On May 17, 2022, I participated in a team call with Mr. Ragsdale regarding preparation for the May 20 hearing.

- That same day, I understand that Mr. Ragsdale submitted a letter to the Panel requesting that I be excused from in-person attendance at the May 20 hearing due to my pregnancy and related medical condition.  Later that day, I understand that Mr. Ragsdale received a phone call from a clerk confirming that I was excused from attending the May 20 hearing in person.

- On May 18, 2022, I participated in a team call with Mr. Ragsdale regarding preparation for the May 20 hearing.

- On May 19, 2022, I briefly dialed in to an in-person meeting with Mr. Ragsdale that was happening in Alabama.  I did not actively participate in that meeting and I could not really hear what was going on.  On the evening of May 19, 2022, I received a copy of the Q&A document.  I did not respond to this email.

- My knowledge of "the questions . . . that were actually asked by the court at the May 20, 2022 hearing" is limited to what I have inferred about the nature of the questions asked of certain witnesses based on a report of the June 17, 2022 status conference and the Panel's July 8, 2022 Order.

20

Otherwise, I have been given no information about what any of the other attorneys may have been asked by the Panel on May 20, 2022.

16.     **Topic 8.  With regard to the eighth topic identified in the Panel's July 8, 2022 Order, I have the following knowledge of the "identity of [any] attorney, not included in the style of the original order, whom" I am "aware of being involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above":**

- I am aware that Shannon Minter from NCLR was involved as part of the *Ladinsky* team.

- I am aware that Alexa Kolbi-Molinas and Josh Block at ACLU had some involvement in the *Walker* case strategy in early 2021.

- I am aware that Sharon McGowan at Lambda had some involvement in the 2021 and 2022 *Walker* efforts.  I also believe that Sharon McGowan and Camilla Taylor at Lambda were part of our efforts to prepare for the May 20, 2022 hearing.

-  As described above, on April 14, 2022, I reached out to an attorney who practices in Alabama.  I asked that attorney for background information on Judge Marks and Judge Axon.  Additionally, the Alabama attorney offered to seek information about how Judge Thompson handles related cases, and I accepted that offer. I relayed the information I received to the *Walker*

21

team. I am also aware that, at various times, other *Walker* Counsel reached out to former clerks for Judge Thompson to get additional information about how Judge Thompson handles related cases.

- There are several attorneys at Cooley who have been working as my counsel in this matter as a result of the May 10, 2022 Order, including some who helped with our preparations in advance of the May 20, 2022 hearing.

17. With respect to the Panel's directive that I attest to my compliance with the July 8, 2022 Order and to affirmatively indicate any non-compliance: I have complied with the Panel's July 8, 2022 Order as modified by the Panel's July 25, 2022 Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  July 27, 2022
Berkeley, California

*/s/ Julie Veroff* _____
              Julie Veroff

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

---

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

---

|  |  |  |
|---|---|---|
| *In re* **Amie Adelia Vague**, *et al.* | } } } | **Case No. 2:22-mc-03977-WKW** |

## DECLARATION OF KATHLEEN HARTNETT PURSUANT TO JULY 8, 2022 ORDER

I, Kathleen Hartnett, declare:

1.      I submit this Declaration pursuant to the Panel's July 8, 2022 Order in this matter.

2.      The matters stated herein are based upon my personal knowledge and are true to the best of my knowledge.  To the extent information provided in response to one of the Panel's questions is responsive to other questions, I have attempted to repeat that information, but the information provided below should be considered as being provided in response to all questions as necessary, notwithstanding that it is provided in response to a specific question.  In addition, in some instances I provide

1

attended that call that the different counsel groups struggled to work together, had conflicting strategies, and had a disagreement about decisional structure.  I also knew that, in the hours following that call, the ACLU and Lambda had decided not to continue to litigate in Alabama, and that ACLU of Alabama was considering joining the *Ladinsky* team.

- On the evening of April 16, 2022, I informed other *Walker* Counsel that Cooley would not be part of any further litigation regarding Alabama's transgender youth healthcare ban, including any effort to file a coordinated suit with *Ladinsky* Counsel, given the difficulties of coordinating the many groups involved and the disparate strategies.  Other *Walker* Counsel then informed *Ladinsky* Counsel of this decision by Cooley.

19.    **Topic 6.  With regard to the sixth topic identified in the Panel's July 8, 2022 Order,** I have no participation in or knowledge of "[a]ny and all actions that relate to the decision to file *Eknes-Tucker* in the United States District Court for the Middle District of Alabama."

20.    **Topic 7.  With regard to the seventh topic identified in the Panel's July 8, 2022 Order, my participation in or knowledge of "(1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing" is as follows:**

- On May 10, 2022, I learned of the Panel's Order in this matter instructing me and other counsel to appear before the Panel on May 20, 2022.  I immediately informed Cooley leadership, including Cooley's General Counsel, about the order and began consulting with them regarding how to proceed.

- On May 11, 2022, I and other *Walker* Counsel retained Barry Ragsdale to represent us in this matter.  That same day, we had an introductory call with Mr. Ragsdale.

- On May 13, 2022, I participated in a team call with Mr. Ragsdale regarding preparation for the May 20, 2022 hearing, including Mr. Ragsdale's plan to draft a written pre-hearing submission.  On this call, Mr. Ragsdale directed *Walker* Counsel to prepare work product to assist him in representing us at the May 20, 2022 hearing, including a document with potential questions that may be asked at the hearing, answers to those questions, and a chronology of relevant events.  I began preparing the chronology of relevant events in coordination with other *Walker* Counsel and attorneys representing *Walker* Counsel shortly after the May 13 meeting.  I also began assisting with preparation of *Walker* Counsel's pre-hearing submission.

- On May 14, 2022, I sent the chronology of relevant events to *Walker* Counsel for their review.

- On May 15, 2022, I participated in another team call with Mr. Ragsdale regarding preparation for the May 20 hearing.  I also sent the chronology of relevant events, which we discussed on the May 15 call, to Mr. Ragsdale and senior *Walker* Counsel.

- Also on May 15, 2022, the Q&A document was circulated to counsel for *Walker* Counsel and senior *Walker* Counsel by a member of the *Walker* team.  I began assisting with the preparation of that document shortly after receiving it.  I also forwarded the document to more junior *Walker* Counsel for their input.

- Between May 15, 2022 and May 19, 2022, I and other senior *Walker* Counsel provided input to the Q&A document and to the pre-hearing submission.

- On May 17, 2022, I participated in a team call with Mr. Ragsdale regarding preparation for the May 20 hearing.  We discussed the Q&A document at that meeting.

- On May 18, 2022, I participated in multiple team calls with Mr. Ragsdale regarding preparation for the May 20 hearing.

- On May 19, 2022, I traveled to Alabama for the May 20 hearing, and I participated in in-person meetings with Mr. Ragsdale.   During those meetings, we discussed the Q&A document with Mr. Ragsdale.   On the evening of May 19, 2022, the Q&A document was circulated to more junior *Walker* Counsel to verify the accuracy of the information in the document.

- My knowledge of "the questions . . . that were actually asked by the court at the May 20, 2022 hearing" is limited to the Panel's statements in open court during the May 20 hearing, including the Panel's description of the questions the Special Master planned to ask junior attorneys in their individual interviews.   I also believe I may have inferred general information about certain questions asked of certain witnesses based on a report of the June 17, 2022 status conference and my review of the Panel's July 8, 2022 Order.   None of the information or knowledge I have about the questions asked by the Court at the May 20, 2022 hearing came from counsel who testified at that hearing or who are the subject of this proceeding.

21.   **Topic 8.   With regard to the eighth topic identified in the Panel's July 8, 2022 Order, my knowledge of the "identify of [any] attorney, not included in the style of the original order, whom" I am "aware of being involved**

35

**in any input, recommendation, decision, or strategy regarding any of the subjects referenced above,"** is as follows:

- I am aware that Shannon Minter from NCLR was involved as part of the *Ladinsky* team.

- I am aware that Josh Block at ACLU had some involvement in 2021 *Walker* strategy and at the beginning of our 2022 *Walker* effort.

- I am aware that Sharon McGowan at Lambda Legal had some involvement in the 2021 and 2022 *Walker* efforts.  Sharon McGowan and Camilla Taylor at Lambda Legal also were part of our efforts to prepare for the May 20, 2022 hearing.

- I informed Cooley's pro bono and communications teams of our dismissal of *Walker* and our decision not to refile any case.

- There are several attorneys at Cooley who are working as my counsel in this matter since May 10, 2022, including some who helped with our preparations in advance of the May 20, 2022 hearing.

22.     With respect to the Panel's directive that I attest to my compliance with the July 8, 2022 Order and to affirmatively indicate any non-compliance:  I have complied with the Panel's July 8, 2022 Order as modified by the Panel's July 25, 2022 Order.

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| *In re* **Amie Adelia Vague,** *et al.* | **}**<br>**}**<br>**}** | **Case No. 2:22-mc-03977-WKW** |

## <u>DECLARATION OF VALERIA M. PELET DEL TORO</u>
## <u>PURSUANT TO JULY 8, 2022 ORDER</u>

I, Valeria M. Pelet del Toro, declare:

1.      I submit this declaration pursuant to the Panel's July 8, 2022 Order in this matter.

2.      The matters stated herein are based upon my personal knowledge and are true and complete to the best of my knowledge.[1]  To the extent information provided in response to one of the Panel's questions is responsive to other questions,

---

[1]  Pursuant to and in compliance with the Panel's July 25, 2022 Order, I have not disclosed any attorney-client communications in this declaration.  Moreover, by submitting this declaration, I do not intend to waive the attorney work product protection as to any materials or communications disclosed herein.

also had the impression that Judge Burke would likely be less receptive to our client's legal claims and the arguments we planned to make, and I believed that other members of the *Walker* team shared that impression.

d. Other than the foregoing, I did not participate in, and have no knowledge of, any action or decision that relates to the coordination of the *Ladinsky* and *Walker* cases.

e. At some point I learned that the *Ladinsky* case had been dismissed, but I did not participate in, and have no knowledge of, any action or decision that relates to the dismissal of the *Ladinsky* case.

13. **Topic 6. With regard to the sixth topic identified in the Panel's July 8, 2022 Order,** I have no participation in or knowledge of "[a]ny and all actions that relate to the decision to file *Eknes-Tucker* in the United States District Court for the Middle District of Alabama."

14. **Topic 7. With regard to the seventh topic identified in the Panel's July 8, 2022 Order, my participation and knowledge relating to "(1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing," are as follows:**

a. On May 10, 2022, co-counsel at Lambda Legal informed me and other attorneys on the Cooley team about the Panel's May 10, 2022 Order initiating this action.

b. On May 11, 2022, I learned that Barry Ragsdale had been retained to represent me and other members of the Cooley team in connection with this action. The following day, I learned that Russell Capone and others working at his direction would also be representing me and other members of the Cooley team in connection with this action.

c. On May 15, 2022, I participated in a phone call with Mr. Capone and a separate teleconference with Mr. Capone and other members of the Cooley team about the May 20, 2022 hearing. I recall discussing with Mr. Capone a potential application for me to be excused from participating in the May 20, 2022 hearing due to a pre-scheduled medical procedure on that day.

d. On May 18, 2022, I was notified by Mr. Capone that I would be excused from participating in the May 20, 2022 hearing in this action due to the pre-scheduled medical procedure. On the same day, I reviewed a copy of the *Walker* Counsel's pre-hearing brief that was submitted to the Panel.

  e. On May 19, 2022, I participated in a teleconference with *Walker* Counsel and our attorneys, Mr. Ragsdale, and Mr. Capone.  I recall that the subjects included the standard for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure and the role of the attorney-client privilege at the May 20, 2022 hearing.

  f. At some point during the May 19, 2022 teleconference, co-counsel shared electronically a "Q&A document" with all *Walker* Counsel.  The document included some potential topics that we expected might be discussed at the May 20, 2022 hearing, but I do not recall the specifics of that document.  I did not review the document in detail, because I had been excused from attending the hearing.

  g. I have no knowledge of the questions that were actually asked by the Panel or the Special Master at the May 20, 2022 hearing.

15. **Topic 8.  With regard to the eighth topic identified in the Panel's July 8, 2022 Order, my knowledge of "[t]he identity of each attorney, not included in the style of the original order . . . involved in any input, recommendation, decision, or strategy regarding any of the subjects referenced above and the details of each such person's involvement," is as follows:**

  a. On April 13, 2022, I identified through web searches a former Judge Thompson clerk who, like me, had attended Yale Law School.  I

contacted the former clerk through email and asked how Judge Thompson usually approaches motions to mark cases as related and the process by which such motions are handled in the Middle District of Alabama. The former clerk did not recall ever receiving such a motion while working for Judge Thompson.

b. On the same day, I separately contacted two former law school classmates and asked if they knew anyone who had clerked for Judge Thompson. One of my former classmates knew a former Judge Thompson clerk and relayed my question about how Judge Thompson usually approaches motions to mark cases as related. According to my former classmate, the former clerk did not recall receiving such a motion while working for Judge Thompson. I did not communicate directly with this former clerk.

16. With respect to the Panel's directive that I attest to my compliance with the July 8, 2022 Order and to affirmatively indicate any non-compliance: I have complied with the Panel's July 8, 2022 Order as modified by the Panel's July 25, 2022 Order.

* * *

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

---

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

---

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

---

*In re* **Amie Adelia Vague, et al**      )     **Case No. 2:22-mc-03977-WKW**
                                                 )     **(Middle District of Alabama)**

## DECLARATION OF CARL S. CHARLES

I, Carl S. Charles, declare:

1.     I am providing this *in camera* Declaration as required by the Panel's July 8, 2022 Order in the above referenced proceeding. By doing so, I am not waiving any privilege, including the attorney client privilege and the protections of the attorney work product doctrine. The matters stated herein are based upon my personal knowledge and are true and complete to the best of my recollection.

2.     I understand the Panel's July 25, 2022 Order (ECF 41) requires me to disclose work product responsive to the topics in the Panel's July 8, 2022 Order. To comply with that Order, I am, on the advice of counsel, disclosing certain information protected by the work product doctrine in this declaration. To preserve

**7.    Any knowledge you have that relates to (1) preparation for the hearing in this matter (including circulation of any Q&A document), and (2) the questions expected to be asked or that were actually asked by the court at the May 20, 2022 hearing**

46.    I recall that shortly after receiving notice of the May 10, 2022 Order initiating *In re Vague*, *Walker* counsel hired Barry Ragsdale to represent us in this proceeding.

47.    I recall attending approximately four meetings with Mr. Ragsdale, which occurred over the telephone, Zoom, or in person, prior to the May 20, 2022 hearing.

48.    I reviewed drafts of the pre-hearing brief submitted by *Walker* counsel and a timeline created by Cooley and other members of the *Walker* team that I understand was created at Mr. Ragsdale's request to help him prepare for the May 20, 2022 hearing.  I also received and reviewed a Q&A document the night prior to the hearing.  To my knowledge, the Q&A document, pre-hearing brief drafts, and timeline have never been shared outside of the *Walker* team and our retained counsel.

49.    I did not speak to anyone outside of my discussions with Mr. Ragsdale and *Walker* counsel to prepare for the May 20 hearing.

**Attestation of Sequestration Order Compliance**

83.    I attest that I have not discussed with any individuals named in the May 10, 2022 Order the substance of any testimony given by those individuals during the May 20, 2022 hearing, including any questions asked or answers given. I further attest that I have not discussed the contents of my declaration with anyone other than my counsel in this proceeding.

84.    Following the status conference on June 17, 2022, I and others on the *Walker* team received notes created by my counsel that contained a description of some of the substance of my May 20, 2022 testimony.  Shortly thereafter, we received a second email telling us that those notes were sent in error and asking us to delete them because they inadvertently disclosed some of the substance of my testimony.  I have not reviewed those notes since receiving the second email, and I deleted them.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.


Dated: August 1, 2022

Atlanta, Georgia


                                        */s/ Carl S. Charles*_____
                                        Carl S. Charles