# Exhibit C

Case 2:22-cv-00184-LCB-CWB   Document 552-3   Filed 05/24/23   Page 2 of 277
Case 2:22-mc-03977-WKW   Document 56   Filed 05/24/23   Page 1 of 4

1

```
 1              UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF ALABAMA
 2   _____

 3              UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
 4   _____

 5              UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
 6   _____

 7
     IN RE:
 8   AMIE ADELIA VAGUE, et al.     CASE NO.: 2:22-mc-3977-WKW

 9
                       SEALED DOCUMENT
10
                  * * * * * * * * * * * * *
11
                     EVIDENTIARY HEARING
12
                  * * * * * * * * * * * * *
13
        BEFORE THE HONORABLE W. KEITH WATKINS, UNITED STATES
14
        DISTRICT JUDGE, THE HONORABLE R. DAVID PROCTOR, UNITED
15
        STATES DISTRICT JUDGE, and THE HONORABLE JEFFREY U.
16
        BEAVERSTOCK, UNITED STATES DISTRICT JUDGE, at Montgomery,
17
        Alabama, on Thursday, November 3, 2022, commencing at
18
        9:10 a.m.
19
                  * * * * * * * * * * * * *
20
                          APPEARANCES
21
     APPEARING ON BEHALF OF CARL CHARLES, TARA BORELLI,
22   JAMES D. ESSEKS:

23   Mr. Barry Alan Ragsdale
     Attorney at Law
24   DOMINICK FELD HYDE, P.C.
     1130 22nd Street South - Suite 4000
25   Birmingham, Alabama
```

```
 1  travel.
 2         MR. SEGALL:  And, Your Honor, I very much appreciate
 3  the courtesy of the Court --
 4         JUDGE PROCTOR:  We are all glad to do that.
 5         MR. SEGALL:  -- in doing that.  I would like to say two
 6  quick things.
 7         JUDGE PROCTOR:  Be glad to hear it.
 8         MR. SEGALL:  One is you were kind enough to permit me
 9  to read the transcript.  And at the beginning of the August 3-4,
10  the parties asked for a continuing objection on the basis of
11  privilege.  I would like -- which you granted.  You denied, but
12  you denied the objections.
13         JUDGE PROCTOR:  We overruled the objection, but we gave
14  you the right to assert the objection globally on these matters.
15         MR. SEGALL:  Right.  And I would like to be treated as
16  having made a similar objection on August 3, 4.  And I would
17  also, Your Honor, like for today's purposes to have a continuing
18  objection on the basis of all the privileges that have been
19  mentioned, work product, attorney-client, common interest, joint
20  client, et cetera.
21         JUDGE PROCTOR:  And that's the interesting road we've
22  kind of navigated, it seems, in this matter is we started off
23  with a limited waiver where the parties came in and -- I'm not
24  sure you said this, but other counsel said this -- that we don't
25  have anything to hide, we're going to be cards up, we're going
```

```
 1  to explain this decision to you.  And I think even -- what I
 2  recall was even when Judge Burke convened the initial status
 3  conference in Eknes-Tucker, Mr. Doss and Ms. Eagan were prepared
 4  to explain to him all the decisions that were made about this.
 5          On the other hand, we certainly understand we've not
 6  made you provide us documents, the Q and A sheet, the talking
 7  points that Doss was going to use either here or before Judge
 8  Burke at that hearing.  So we're all right with y'all asserting
 9  anything we're not actually saying is work product we're
10  reserving our work product objection.  But I thought that there
11  had been a decision to be somewhat candid with the Court about
12  why these decisions were made.  Am I missing the boat on my
13  recollection here?
14          MR. SEGALL:  Well, you're correct that I didn't say
15  anything during May 20 at all about that.  But if I understand
16  the Court's ruling -- and, of course, we gave declarations.  And
17  in those declarations, we've, in my judgment, violated one or
18  more privileges.
19          JUDGE PROCTOR:  Well, you -- I wouldn't say you
20  violated it.  I would say there was a limited waiver of the work
21  product privilege, not the attorney-client privilege but the
22  work product privilege.  Is that a fair assessment?
23          MR. SEGALL:  Well, we actually preserved it.  I mean,
24  in our filing, we say we're doing this without waiving any of
25  those --
```