IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE, et al., | } |
| *Plaintiffs*, | } |
| and | } |
| UNITED STATES OF AMERICA, | } Case No. 2:22-CV-184-LCB |
| *Plaintiff-Intervenor*, | } |
| v. | } |
| STEVE MARSHALL, et al., | } |
| *Defendants*. | } |

### RESPONDENTS MELODY H. EAGAN AND JEFFREY P. DOSS'S MOTION TO HAVE THE COURT TAKE JUDICIAL NOTICE

Respondents Melody H. Eagan and Jeffrey P. Doss ("Respondents") respectfully request that the Court take judicial notice at the upcoming sanctions hearing of relevant facts contained in the documents outlined below. As grounds for this motion, Respondents say as follows:

The Court "must take judicial notice if a party requests it," provided that the Court is "supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Court may "take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Judicial notice is appropriate and common for court records, which are "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also A.L. ex rel. P.L.B. v. Jackson Cnty. Sch. Bd.*, 543 Fed. App'x 1002, 1004 n.3 (11th Cir. 2013) (taking judicial notice of records from state proceeding); *Horne v. Potter*, 392 Fed.

App'x 800, 802 (11th Cir. 2010) (noting that district court "properly took judicial notice of the documents in [the litigant's] first case, which were public records that were 'not subject to reasonable dispute'") (quoting Fed. R. Evid. 201(b)); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

Respondents request that this Court take judicial notice of the following court records in *United States v. Williamson, et al.*, Case No. 2:19-CR-466 (N.D. Ala.), which were identified, accessed, and reviewed by Respondents following the May 23, 2024, status conference:

- o    Docket Sheet
- o    Doc. 601 (N.D. Ala. Apr. 20, 2022)
- o    Doc. 767 (N.D. Ala. Sept. 19, 2022)
- o    Doc. 768 (N.D. Ala. Sept. 19, 2022)
- o    Doc. 769 (N.D. Ala. Sept. 19, 2022)

In light of the unambiguous language of Fed. R. Civ. P. 41, Respondents continue to assert that neither the reasons for the reassignment of *Ladinsky* to this Court on April 15, 2022, nor the Respondents' reasons for filing a notice of dismissal later that day, are relevant to this inquiry. The Panel, though, questioned the Respondents about their perceptions surrounding the transfer, and the Panel provided an explanation during the hearing and in the Final Report of Inquiry about why the case was transferred to this Court. The Panel referenced that explanation as grounds for misconduct findings in the Final Report of Inquiry.

The *Williamson* court records show the status of that action on April 15, 2022. If this Court is inclined to examine the Respondents' motivations for dismissing *Ladinsky*, the court records cited above regarding *Williamson* should be considered as well.

                Respectfully Submitted,

                */s/ Samuel H. Franklin*
                One of the Attorneys for
                Melody H. Eagan and Jeffrey P. Doss

                Dated: May 31, 2024

OF COUNSEL:
Samuel H. Franklin
*sfranklin@lightfootlaw.com*
M. Christian King
*cking@lightfootlaw.com*
Harlan I. Prater, IV
*hprater@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

## CERTIFICATE OF SERVICE

I certify that, on May 31, 2024, I electronically filed a copy of the foregoing using the CM/ECF system, which will provide notice of such filing to all counsel of record.

                */s/ Samuel H. Franklin*
                OF COUNSEL