UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BRIANNA BOE,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-0184-LCB |
| | ) |
| **STEVE MARSHALL,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

### OBJECTION TO ORDER OF JUNE 14, 2024

Respondent Attorneys **James Esseks, Carl Charles, and LaTisha Faulks** hereby object to the Court's order of June 14, 2024 (doc. 573). As grounds in support of this objection, Respondent Attorneys state as follows:

1. Respondent Attorneys object to the Court's order to the extent that it finds that a *prima facie* case has been established for application of the crime-fraud exception to the attorney-client privilege.

2. In addition, Respondent Attorneys object to the order's mischaracterization of the preliminary findings in the Panel's Report.

(a). The Court's finding that a *prima facie* case exists is entirely dependent on the preliminary findings of the Panel in its October 3, 2023 Report (doc. 339). As noted previously, the Panel's findings are not reliable because of the numerous due process violations outlined by Respondents. *See, e.g.,* doc. 593. *See United States v.*

1

*Shaygan*, 652 F.3d 1297, 1319 (11th Cir. 2011) ("The record before us is unreliable because it was developed, after all, without affording either of them due process."). This unreliability is particularly acute where the Panel and this Court rely on testimony of junior respondents who were denied the right to counsel and where the other respondents were improperly excluded from the proceedings. (doc. 593).

(b).   In addition, the Court's order mischaracterizes the Panel's actual findings. The Court's order repeatedly asserts that the Panel "unanimously discredited [Respondents'] testimony" (doc. 573 at 1), that "[t]he Panel discredited the testimony of the *Walker* Respondents that they did nothing wrong and had no wrongful intent" (*Id.* at 30), and that "[t]he Panel has now unanimously discredited these respondents' testimony about those past events." (*Id.* at 37).[1] The only reference in the Court's order in support for any of these purported findings by the Panel is a single footnote in the Panel's Report that observes: "To be clear, however, *Walker* counsel's candor on the whole is concerning." (doc. 339 at 18 n3).

---

[1] *See also Id.* at 17 (The Panel noted Respondents' "lack of candor to the Panel"); *Id.* at 18 ("The Panel's "express concerns about Respondents' truthfulness, troubling inconsistencies and apparent misrepresentations in their testimony"); *Id.* at 21 (The Panel "[u]ltimately … didn't credit *Walker* counsel's testimonial account of the facts."); *Id.* at 30 ("The Panel expressly proclaimed concerns about *Walker* counsel's candor); *Id.* at 31 ("[T]he Panel's disbelief of the *Walker* Respondents' testimony"); *Id.* (The Panel was "'concerned' about the candor of [*Walker* counsel, and … reject[ed] their testimony as unworthy of belief"); *Id.* at 33 ("If the Panel had believed the *Walker* Respondents, it would not have found that they intentionally tried to manipulate random case assignment procedures for two districts in the state."; *Id.* at 34: (Panel "unanimously disbelieved [Respondents'] explanations that they did not [engage in judge-shopping], [and] unanimously expressed concerns about their candor"; *Id.* at 38 ("the Panel expressed grave doubts about *Walker* counsel's testimony").

(c). None of the order's sweeping claims about the Panel's findings is supported by the Report. Nowhere in the Panel's Report does the Panel ever state that it "unanimously discredited" the *Walker* Respondents' testimony or otherwise "reject[ed] their testimony as unworthy of belief." In fact, the lone footnote relied on by the Court's order follows an express finding that *Walker* **"counsel testified candidly"** as to why they marked that case as related to *Corbitt* (doc. 339 at 18). Nowhere in the Panel's Report does the Panel say that they "unanimously disbelieved" Respondents' testimony.

(d). Indeed, in the entire 53-page Report, the Panel only uses the word "candor" one time (in that single footnote), never once uses the words "discredit" or "disbelieve," and only refers to two or three isolated instances in which any Respondent is suspected of being anything less than fully candid about mostly inconsequential matters. The Report contains nothing like the broad allegations of dishonesty and deception that the Court's order asserts it does. If the Panel had actually concluded that the Respondents had been so dishonest that the Panel "unanimously discredited their testimony," "it surely would have said so in its 53-page report." (doc. 573 at 33).

(e) Respondents have been asking the Court for months to identify the specific "inconsistencies and apparent misrepresentations in their testimony" that either the Panel or this Court have identified and are concerned about. (*See, e.g.,*

docs. 423, 425, and 432). Finally, in the Court's Supplemental Orders to Show Cause, the Court narrowed the allegation to "any findings in Section IV of the Panel's Report," and particularly the Panel's allegation that it was misconduct for Respondents to claim that the dismissal of *Walker* was even in part the result of Judge Axon's unexplained reassignment of *Ladinsky* and the scheduling of a status conference in Huntsville on the following business day. (doc. 478, 481, 486 at 14). The scant number of extremely limited examples of alleged inconsistencies and inaccuracies identified by the Panel in Section IV of the Report, including the unsupported assertion that Respondents were not really concerned about the unusual transfer from Judge Axon, are thoroughly rebutted in Respondents' responses to the Supplemental Orders to Show Cause. (doc. 518 at 50-58). Even if the one or two narrow examples cited by the Panel were really "inconsistencies and apparent misrepresentations" (they are not), they do not support or justify this Court's all-encompassing claim that the Panel "unanimously discredited" the *Walker* Respondents' testimony or otherwise "reject[ed] their testimony as unworthy of belief."[2]

---

[2] In apparent recognition of the absence of any concrete evidence that Respondents misled the Panel, this Court's order asserts that the reference in footnote 3 to Esseks' "candor" is only an example and "not … the sole grounds for its broader finding" (doc. 573 at 33). No explanation is given as to why the Panel would cite only a single instance of a response to a hypothetical question to establish that all Respondents were "unanimously discredited." Of course, this Court's Supplemental Orders to Show Cause expressly limit the alleged "inconsistencies and apparent misrepresentations" to those identified in the Panel's Report.

4

3.      Nor can this Court bootstrap the Panel's questionable "perjury" allegation against Mr. Charles into some kind of universal finding that the Panel "unanimously discredited" the *Walker* Respondents' testimony. As set forth in detail in Mr. Charles' response to the show cause order, the Panel's allegation of "perjury" regarding Mr. Charles' recollection of a courtesy-call he placed to Judge Thompson's chambers about a forthcoming TRO motion is unsupported by the facts or the law and collapses when examined with a critical eye. (doc. 517).

4.      Respondents continue to steadfastly maintain that they testified truthfully and honestly before the Panel and in subsequent submissions to this Court. There is no basis for this Court to assert that the Panel disbelieved or discredited Respondents' testimony or otherwise engaged in any purported fraud on the Court.

/s/ *Barry A. Ragsdale*
Barry A. Ragsdale
Robert S. Vance
Dominick Feld Hyde, PC
1130 22nd Street South, Suite 4000
Birmingham, AL 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

/s/ *W. Neil Eggleston*
W. Neil Eggleston
Byron Pacheco
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5016

neil.eggleston@kirkland.com
byron.pacheco@kirland.com

*Counsel for Respondents James Esseks, Carl Charles and LaTisha Faulks*

## CERTIFICATE OF SERVICE

I certify that, on June 18, 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

/s/ *Barry A. Ragsdale*
OF COUNSEL