UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BRIANNA BOE**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-0184-LCB |
| ) | |
| **STEVE MARSHALL**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### OBJECTION TO AND NOTICE OF COMPLIANCE WITH PRODUCTION ORDER OF JUNE 20, 2024

Respondent Attorneys **James Esseks, Carl Charles, and LaTisha Faulks** hereby object to and give notice of their compliance with the Court's order of June 20, 2024. (doc. 578), as follows:

1. On June 20, 2024, this Court entered an order requiring Respondents to produce to the Court within forty-eight hours (on a Saturday) "copies of any public statements they or their organizations have made about these attorney-disciplinary proceedings, including press releases, website content, social media posts, interviews, public speeches, newsletters, and public emails." (*Id.*). This Court's order provides no explanation as to why this Court has ordered this extraordinary production, the relevancy to these proceedings, the legal justification for it, or whether the demand for this information is related in any way to the potential sanctions that this Court might impose.

1

2. This Court's order was entered without any advance notice or opportunity for Respondents to brief or argue whether they should be compelled to produce the information, including whether the order potentially infringes on Respondents' First Amendment rights. The Court's order also imposes an unusually short Saturday deadline for production.

3. This Court's order is overly broad and unclear as to what "public statements" Respondents are compelled to produce. For example, the order requires the production of any public statements "about these attorney-disciplinary proceedings" without any limitation on the scope of what constitutes a "public statement" or how directly related to these proceedings the statement must be.[1]

4. There is no legal or factual justification for this Court's order to produce.

(a). There is no gag order in place in this matter, so Respondents are not restricted from making extrajudicial statements about the proceedings.[2] As this Court has held, these proceedings involve "matters of utmost public concern," including "the public's interest in the judges of their courts and the efficacy of the judicial

---

[1] Respondents have no objection to producing truly "public statements" such as press releases that were issued following this Court's decision to unseal the Panel's preliminary Report.

[2] The Panel had previously imposed a strict gag order on Respondents and their counsel, but that order was vitiated when this Court unsealed the Panel's preliminary Report and related filings.

process." (doc. 459 at 16, 17). "With the very integrity of the bar and judiciary at stake, public scrutiny is paramount." (*Id.* at 19).

(b).    The order does not identify any specific public statement by any of the Respondents that might potentially be of concern to the Court. If this Court has any concern about a specific public statement that the Court believes may be relevant to these proceedings or to this Court's consideration of appropriate sanctions, the Court must identify that specific statement and identify the particular rule that the statement might implicate. *See In re Ruffalo*, 390 U.S. 544 (1968). If, on the other hand, the Court does not have any particular public statement in mind, the production order could be interpreted as an effort to chill Respondents' free speech.

(c).    This is not a case where extrajudicial statements by Respondents "will have a substantial likelihood of materially prejudicing an adjudicative proceeding." Ala.R.Prof.Cond. 3.6(a). This is not a jury trial and there is no risk that extrajudicial statements would prejudice these proceedings. *See Wilson v. Moore*, 193 F. Supp. 2d 1290, 1291–92 (S.D. Fla. 2002) ("It is well-established that there must be a 'clear and present danger of the obstruction of justice' before out-of-court speech may be punished-even when the matter in question is still pending before the court. Stated differently, the Supreme Court has also said that such speech may only be punished where it 'creates a danger of imminent and substantial harm.'" (quoting *Gentile v. State Bar of Nevada,* 501 U.S. 1030 (1991))).

3

(d). Further, the public dissemination of the Panel's preliminary Report called for an appropriate response by Respondents to the Report's unfounded allegations of misconduct. *See* Ala.R.Prof.Cond. 3.6(c)(8) ("Notwithstanding paragraphs (a) and (b) above, a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.").

5. In reliance on these objections, Respondents are producing the following public statement from the American Civil Liberties Union, issued in March of 2024:

> "In 2022, the ACLU filed a lawsuit in the Middle District of Alabama challenging the state's ban on gender-affirming medical care. We decided to exercise our clients' right to dismiss the case and chose not to refile it.
>
> We disagree with the factual and legal conclusions issued by the three-judge panel in Alabama and look forward to the chance to explain the situation to Judge Burke. Our attorneys abide by all legal and ethical codes of conduct and we are confident they have done nothing wrong.
>
> We are deeply concerned about the chilling effect this order may have on future attempts to litigate civil rights claims in Alabama and beyond."

And the following public statement issued by Lambda Legal's Chief Legal Officer on March 20, 2024:

"Lambda Legal disagrees with the panel's initial characterization of the events at issue in this matter and believes the upcoming proceedings will shed important clarifying light. We stand firmly behind our attorneys, all of whom conduct themselves each day with integrity while adhering to the rules in every jurisdiction where we litigate, including the rules of professional responsibility. We remain committed to complying with all applicable rules of practice and maintaining the highest ethical standards in the pursuit of our mission to advance and defend the rights of LGBTQ+ people."

These public statements were issued by the two organizations in response to media and other inquiries following this Court's unsealing of the Panel's preliminary Report in March. Respondent Attorneys Esseks, Charles, and Faulks did not issue any public statements.

6. These public statements are included within an email to the Court's chambers as directed by the order.

> /s/ Barry A. Ragsdale
> Barry A. Ragsdale
> Robert S. Vance
> Dominick Feld Hyde, PC
> 1130 22nd Street South, Suite 4000
> Birmingham, AL 35205
> Tel.: (205) 536-8888
> bragsdale@dfhlaw.com
> rvance@dfhlaw.com

/s/ *W. Neil Eggleston*
W. Neil Eggleston
Byron Pacheco
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5016
neil.eggleston@kirkland.com
byron.pacheco@kirland.com

*Counsel for Respondents James Esseks, Carl Charles and LaTisha Faulks*

## **CERTIFICATE OF SERVICE**

I certify that, on June 22, 2024, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

/s/ *Barry A. Ragsdale*
OF COUNSEL