# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| BRIANNA BOE *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Intervenor*, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00184-LCB-CWB |
| | ) | Hon. Liles C. Burke |
| STEVE MARSHALL, in his official | ) | |
| capacity as Attorney General of the | ) | **REDACTED COPY;** |
| State of Alabama, *et al.*, | ) | **ORIGINAL SUBMITTED** |
| | ) | **UNDER SEAL** |
| *Defendants*. | ) | |

## DEFENDANTS' MOTION TO EXCLUDE
## SELECTED TESTIMONY OF DR. JENIFER LIGHTDALE

# TABLE OF CONTENTS

Table of Contents .......................................................................................... i

Table of Authorities ..................................................................................... ii

Introduction .................................................................................................. 1

Legal Standard ............................................................................................. 2

Argument...................................................................................................... 2

    I.    Dr. Lightdale's Proffered Testimony And Opinions Concerning The Development Of WPATH SOC-8 Should Be Excluded For Lack Of Relevant Expertise And Reliable Basis.................................................... 2

        A.    Dr. Lightdale Lacks Expertise in Reliable Methodologies For Development of Clinical Practice Guidelines........................... 3

        B.    Dr. Lightdale Has No Knowledge Of, and Made No Investigation Into, the Methodology Actually Employed by WPATH to Develop SOC-8 ........................................................ 4

            1.    Dr. Lightdale has no factual knowledge concerning the SOC-8 development process............................................... 4

            2.    ██████████████████████████████████████████ .................................................................................. 5

            3.    Dr. Lightdale did not investigate, and has no knowledge of, whether WPATH was transparent in the development of SOC-8....................................................... 7

    II.    Dr. Lightdale's Proffered Opinions Concerning Conflict Of Interest In The Development Of WPATH SOC-8 Should Be Excluded For Lack Of Relevant Expertise And Reliable Basis ................................... 10

Conclusion ................................................................................................. 12

Certificate of Service ................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.*,
   582 F.3d 1227 (11th Cir. 2009) ..............................................................12

*Chapman v. Procter & Gamble Distrib., LLC*,
   766 F.3d 1296 (11th Cir. 2014 ) ............................................................11

*City of Tuscaloosa v. Harcros Chems., Inc.*,
   158 F.3d 548 (11th Cir. 1998) ...........................................................4, 9

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)................................................................. 1, 7, 9, 12

*Hendrix ex rel. G.P. v. Evenflo Co.*,
   609 F.3d 1183 (11th Cir. 2010) ............................................................11

*Kilpatrick v. Breg, Inc.*,
   613 F.3d 1329 (11th Cir. 2010) ............................................................12

*McCorvey v. Baxter Healthcare Corp.*,
   298 F.3d 1253 (11th Cir. 2002) ..............................................................5

*United States v. Frazier*,
   387 F.3d 1244 (11th Cir. 2004) ............................................................12

# INTRODUCTION

Dr. Jennifer Lightdale proffers opinion testimony that the methodology employed by World Professional Association of Transgender Health (WPATH) to develop Version 8 of its "Standards of Care" (SOC-8) was "transparent, rigorous, and methodologically sound." *Daubert*.DX9:¶19 (Lightdale Reb. Decl.).[1] She also proffers an opinion that even care providers who derive substantial income from procedures that would be affected by a set of clinical practice guidelines have no conflict of interest in participating in that guideline development process. *Id.* ¶31.

A███████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████████
      ███████████████████████████████
████████████████████████████████████
██████████████████████████████████

---

[1] Defendants use two main citations form in their *Daubert* briefing. The first—*Daubert.*DX#:##—refers to exhibits Defendants submit in support of their *Daubert* motions, where the first "#" refers to the exhibit number and the second "##" refers to the page numbers within that exhibit. The second citation form—SJ.DX#:##—refers to the exhibits Defendants submitted in support of their motion for summary judgment. *See* Docs. 557-60 (public exhibits) & 564 (sealed exhibits).

## LEGAL STANDARD

To avoid duplication, Defendants respectfully refer the Court to the statement of governing legal principles contained in Defendants' Motion to Exclude Testimony of Dr. Morissa Ladinsky. *See* Doc. 593 at 2-8.

## ARGUMENT

**I.  Dr. Lightdale's Proffered Testimony And Opinions Concerning The Development Of WPATH SOC-8 Should Be Excluded For Lack Of Relevant Expertise And Reliable Basis.**

Dr. Lightdale proposes to testify that WPATH's method of developing SOC-8 was "transparent, rigorous, and methodologically sound" and "comparable or superior to the methodology that has been used by many other medical societies to develop clinical practice guidelines for the treatment of many other medical conditions, both pediatric and adult, and … in line with best clinical practice guideline practices as outlined by the National Academy of Sciences." Lightdale Reb. Decl. ¶19. Moving into specifics, she proposes to testify that WPATH employed an "Evidence Team" "to present 'an evidence table,'" *id.* ¶20; that "chapter members graded each [proposed] statement [in the SOC]" using an evidence-evaluation system known as "GRADE," *id.*; and that all of the recommendations in SOC-8 "were approved by at least 75 percent of the SOC-8 members" using the "anonymous" "Delphi" process, *id.* ¶¶20, 24..

2

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████

**A.    Dr. Lightdale Lacks Expertise in Reliable Methodologies For Development of Clinical Practice Guidelines.**

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████
  ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

She fails the threshold requirement of being "qualified to testify competently

regarding the matters [she] intends to address." *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).

**B.** **Dr. Lightdale Has No Knowledge Of, and Made No Investigation Into, the Methodology Actually Employed by WPATH to Develop SOC-8.**

**1.** **Dr. Lightdale has no factual knowledge concerning the SOC-8 development process.**

Dr. Lightdale proposes to testify that WPATH's process for developing SOC-8 was "rigorous, and methodologically sound" despite the fact that she:





Consequently, Dr. Lightdale's methodology is unreliable and cannot withstand the "exacting analysis" that the Eleventh Circuit demands. *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002).

**2.** ████████████████████████████

In fact, precisely because she did no meaningful investigation, Dr. Lightdale repeatedly based her opinions and her assertions about WPATH's process on assumptions rather than facts, and on assumptions that undisputed evidence now shows to be false.

Careful evaluation of the scientific evidence. Dr. Lightdale asserts as fact that chapter members "graded each statement [in SOC-8 guidance] using GRADE." Lightdale Reb. Decl. ¶20. ████████████████████████████

Use of an anonymous Delphi process to arrive at recommendations. Dr. Lightdale asserts as fact that "WPATH's method for developing SOC-8 is exemplary and follows best practices for using a Delphi method to achieve consensus." Lightdale Reb. Decl. ¶20. And she emphasizes that anonymity of input from the participants

is an integral aspect of those "best practices." *Id.* at ¶24. At deposition, ████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

    <u>Approval of all recommendations by membership vote</u>. Critically, Dr. Light-dale asserts that all SOC-8 recommendations were approved through this Delphi process by a 75% vote. Lightdale Reb. Decl. ¶20. But while the prior version of WPATH's guidelines restricted all surgical procedures to those who had reached the "Age of majority" in the relevant jurisdiction, SJ.DX19:25-27 (WPATH SOC-7)— as Alabama's challenged law requires—████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████.

      ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ it is evident that Dr. Lightdale's opinions that WPATH's methodology was "rigorous, and methodologically sound" do not come

close to resting on the "reliable foundation" necessary to establish admissibility under *Daubert. See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 580 (1993).

>    **3.    Dr. Lightdale did not investigate, and has no knowledge of, whether WPATH was transparent in the development of SOC-8.**

Dr. Lightdale's repeated assertions that WPATH was "transparent" with respect to the development and evidence base of SOC-8, Lightdale Reb. Decl. ¶¶19, 29, are equally detached from knowledge and reality.

██████████████████████████████

███████████████████████████████████

████████████████████████

<u>Disclosing methods used to search for scientific evidence.</u>   ████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████

<u>Describing the strengths and limitations of the evidence</u>.   ████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████

<u>Presenting evidence tables</u>. ██████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████

II.   **Dr. Lightdale's Proffered Opinions Concerning Conflict Of Interest In The Development Of WPATH SOC-8 Should Be Excluded For Lack Of Relevant Expertise And Reliable Basis.**

Dr. Lightdale proposes to opine that there is "no basis in medical ethics or science" for asserting that a provider who treats gender dysphoria in and of itself creates a conflict of interest with respect to participating in the development of guidelines on the topic. Lightdale Reb. Decl. ¶31. ████████████████████

████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

It is despite this plain and authoritative language that Dr. Lightdale proposes to tell the Court that there is "no basis in medical ethics" to contend that a provider who makes his or her livelihood from providing hormones or surgery to minors as treatments for gender dysphoria would have a conflict of interest in shaping

guidelines that might restrict such procedures. *See* Lightdale Reb. Decl. ¶31. Dr. Lightdale provides no citation in her report to any authority to support this opinion, and did not identify any in her deposition. Combining ████████████████ ███████████████ with her failure to identify any supporting authority, this opinion must qualify as a classic example of mere *ipse dixit*, *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010), or "unscientific speculation offered by a genuine scientist," *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1306 (11th Cir. 2014 ), both of which the Eleventh Circuit has warned against.



In sum, Dr. Lightdale has not made even the most cursory showing that could meet Plaintiffs' burden of establishing qualification, reliability, and helpfulness with respect to opinions about any aspect of conflict of interest as it relates to the development of WPATH's SOC-8. *See Boca Raton Cmty. Hosp., Inc. v. Tenet Health*

*Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009). She should not be permitted to offer opinion evidence on any such topics.

## CONCLUSION

*Daubert* tasks trial courts to act as gatekeepers to screen out "speculative" and "unreliable expert testimony." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010). Not only does Dr. Lightdale lack the relevant expertise to opine on the issues raised in her expert report, but for the reasons set forth above, her proffered opinions about WPATH's methodology for developing its SOC-8, the "transparency" of those guidelines, and conflicts of interest which may have affected those who drafted and voted on those guidelines are categorically unreliable and speculative. Plaintiffs have fallen far short of their burden in establishing the three prongs of admission required by the Eleventh Circuit of qualification, reliability, and helpfulness. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). As a result, Dr. Lightdale should not be permitted to offer expert testimony on these topics.

Dated: June 24, 2024

Respectfully submitted,


Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, SC 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

Roger G. Brooks (*pro hac vice*)
Henry W. Frampton, IV (*pro hac vice*)
Philip A. Sechler (*pro hac vice*)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0200
rbrooks@adflegal.org
hframpton@adflegal.org
psechler@adflegal.org

Steve Marshall
  *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

s/ A. Barrett Bowdre
A. Barrett Bowdre (ASB-2087-K29V)
  *Principal Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Benjamin M. Seiss (ASB-2110-O00W)
Charles A. McKay (ASB-7256-K18K)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov


*Counsel for Defendants*

13

## CERTIFICATE OF SERVICE

I certify that on June 24, 2024, I electronically filed this document using the Court's CM/ECF system, which will serve counsel of record.

s/ A. Barrett Bowdre
A. Barrett Bowdre
*Counsel for Defendants*