# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **BRIANNA BOE**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No. 2:22-cv-184-LCB |
| | ) |
| **STEVE MARSHALL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

On June 24, 2024, the Supreme Court of the United States granted certiorari in *United States v. Skrmetti*, No. 23-477. Like this case, *Skrmetti* poses the question of whether a categorical ban on "gender-affirming healthcare for transgender adolescents[] triggers heightened scrutiny and likely violates the Fourteenth Amendment's Equal Protection Clause." Cert. Pet. at 3, *United States v. Skrmetti*, No. 23-477 (U.S. Nov. 1, 2023). The United States, as Plaintiff-Intervenor, has therefore renewed its motion to stay all district-court proceedings on the merits of this case,[1] (Doc. 604), joined by the private Plaintiffs. (Doc. 607). The State opposes the motion. (Doc. 612).

A district court may stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

---

[1] That is, their request does not extend to the attendant attorney-disciplinary proceedings.

litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Given the risk that the Supreme Court may well change the governing standard of review—which controls at summary judgment no less than at trial—before the merits of this case have been fully adjudicated, the interests of judicial economy plainly favor a stay.

In opposition, the State "emphasiz[es] how simple the summary judgment question is for the Court" under the deferential standard of rational-basis review. (Doc. 612 at 4). While the question may be "simple," the Court's answer will require a significant investment of judicial resources. The State's exhibits alone run to well over 7,500 pages, and that's not counting the Private Plaintiffs' and the United States' responses and supporting exhibits, or the State's reply, which are or are likely to be voluminous as well. (Doc. 564). Furthermore, if the Court were to decide the summary judgment question now, a change in the standard governing this case would likely result in a *second* consideration of this expansive record. In that light, it would be unwise for the Court to invest the substantial judicial resources required to decide this case until it has further guidance from the Supreme Court on the governing standard of review.

These gains in judicial efficiency far outweigh any harm to the State from litigation risks that might attend the stay. And what's more, the State suffers no prejudice from a delay in the final adjudication: stay or no, the State may continue to enforce its law.

For these reasons, Plaintiff-Intervenor United States of America's Renewed Motion to Stay All District Court Proceedings (Doc. 604) is **GRANTED in part and DENIED in part.** The Court **STAYS** the final-lists deadline and the trial setting until the Supreme Court has issued its opinion in *United States v. Skrmetti*. But since the State may well be right that *Skrmetti* could "put this case right back where [it is] now—just a year later," (Doc. 612 at 6), the Court will *not* stay the summary-judgment or *Daubert* briefing deadlines. If the Supreme Court declines to change the standard of review, the parties' motions will be fully briefed and ripe for decision.

Finally, the Court **ORDERS** the United States of America to notify the Court within three days of a decision from the Supreme Court in *United States v. Skrmetti*.

**DONE** and **ORDERED** this July 2, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE