# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

BRIANNA BOE *et al.*,                )
                                     )
    *Plaintiffs*,                )
                                     )
and                                  )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    *Plaintiff-Intervenor*,      )
                                     )
v.                                   )   No. 2:22-cv-00184-LCB-CWB
                                     )   Hon. Liles C. Burke
STEVE MARSHALL, in his official      )
capacity as Attorney General of the  )
State of Alabama, *et al.*,          )
                                     )
    *Defendants*.                )

## DEFENDANTS' REPLY IN SUPPORT OF MOTIONS IN LIMINE TO EXCLUDE TESTIMONY OF I. GLENN COHEN AS AN IMPROPER REBUTTAL WITNESS AND AS CONTRARY TO RULE 702 (DOC. 600)

# TABLE OF CONTENTS

Table of Contents ................................................................................................i

Table of Authorities .............................................................................................. ii

Introduction ......................................................................................................1

Argument...........................................................................................................1

    I.    Cohen's Testimony Is Not Proper Rebuttal So Was Not Timely Disclosed .............................................................................................1

        A.    Cohen Does Not Provide Proper Rebuttal Testimony.......................1

            1.    Cohen's off-label prescribing testimony is not rebuttal ...................................................................................1

            2.    Cohen's criminal sanctions testimony is not rebuttal ................3

        B.    Disclosing Cohen Over a Year Late, on the Eve of the Close of Discovery, Requires Exclusion ...........................................5

    II.    Cohen's Testimony Should Be Excluded Because It Flunks The Requirements Of Rule 702 And *Daubert*....................................................6

        A.    Cohen is Not Qualified to Testify About the Frequency of Off-Label Prescribing .......................................................................6

        B.    Cohen's Methodology is Insufficient. ...............................................8

            1.    Cohen's opinion about off-label prescribing use is not reliable........................................................................................8

            2.    Cohen's opinion about the frequency of criminal sanctions for unlawful prescribing is unreliable........................8

        C.    Cohen's Testimony is Not Relevant or Helpful .................................9

Conclusion .......................................................................................................10

Certificate of Service .........................................................................................12

# TABLE OF AUTHORITIES

## Cases

*Bell v. Progressive Select Ins.*,
    692 F. Supp. 3d 1121 (M.D. Fla. 2023)......................................................... 1, 2, 5

*Lebron v. Royal Caribbean Cruises, Ltd.*,
    2018 WL 3583002 (S.D. Fla. July 26, 2018) ........................................................4

*Lebron v. Secretary of Fla. Dep't of Children & Families*,
    772 F.3d 1352 (11th Cir. 2014) ...........................................................................7

*Roper v. Kawasaki Heavy Indus., Ltd.*,
    2015 WL 11236553 (N.D. Ga. June 29, 2015)......................................................7

*Schoen v. State Farm Fire & Cas. Co.*,
    638 F. Supp. 3d 1323 (S.D. Ala. 2022) ................................................................8

*United States v. Frazier*,
    387 F.3d 1244 (11th Cir. 2004) ...........................................................................9

*United States v. Pon*,
    963 F.3d 1207 (11th Cir. 2020) ...........................................................................8

## Rules

Fed. R. Civ. P. 26(a)(2)(D)(ii) ....................................................................................3

# INTRODUCTION

The United States' purported rebuttal evidence via I. Glenn Cohen's testimony should be excluded. *First*, it is not rebuttal evidence, as none of Defendants' experts testified about the frequency of off-label prescribing or criminal sanctions. That means it was not timely disclosed, and the United States gives no justification for its belated disclosure of Cohen's testimony, which all relates to its case-in-chief. *Second*, Cohen is not qualified to opine on off-label prescribing frequency, his opinions are unreliable, and those generalized opinions are unhelpful.

# ARGUMENT

## I. Cohen's Testimony Is Not Proper Rebuttal So Was Not Timely Disclosed.

### A. Cohen Does Not Provide Proper Rebuttal Testimony.

On rebuttal, the United States disputes none of Defendants' legal propositions. Doc. 600 at 4-7 (Mot.). And Defendants address the decisions cited by the United States, including references to a "broad" interpretation of Rule 26 (Doc. 655 at 7-8, 12-13 (Opp.)), in their Reply about Devin Caughey, at 2-5. None of these decisions alter the rule that "a rebuttal expert opinion must address new, unforeseen evidence in the other party's case or must address matters on which the opposing party bears the burden of proof." *Bell v. Progressive Select Ins.*, 692 F. Supp. 3d 1121, 1124-25 (M.D. Fla. 2023) (Mot. 4). A "rebuttal expert may not simply raise evidence that goes to the plaintiff's prima facie case." *Id.* at 1125.

Neither of Cohen's two lines of testimony is proper rebuttal evidence.

### 1. Cohen's off-label prescribing testimony is not rebuttal.

First, Cohen's off-label prescribing testimony does not respond to "new,

unforeseen evidence" in the Defendants' case. *Id.* at 1124-25. One of the legislative findings was that these drugs are "not FDA-approved." SJ.DX1:3 (Act). At his deposition, Cohen detected the same objectionable "intimation" in this finding as he did in Defendants' experts' passing references to off-label prescribing. *Daubert*.DX24:69:22–70:22, 75:11-21 (Cohen Dep.). Burying its response in a footnote, the United States appears to concede that the topic was foreseeable. Opp. 10 n.2. The United States misdirects by saying that a party need not "anticipate all foreseeable opposing arguments." *Id.* Even if true, the United States presents no reason that it could not anticipate the off-label issue here. Letting a plaintiff sandbag the defendant with late evidence on an obvious issue would let the plaintiff "reverse the order of proof, in effect requiring the defendants to put in their evidence before the plaintiff put in his." *Bell*, 692 F. Supp. 3d at 1125. That violates Rule 26's text and structure.

A second reason that Cohen's testimony is not rebuttal evidence is that it would belong in the United States' case-in-chief. The United States does not dispute that under rational basis, it must "negate every conceivable basis that might support" the Act. Mot. 6. Defendants need not present any case at all, and the United States would still have to address the Act's finding that these interventions are off-label. Because Cohen's testimony is directed at this argument, it is improper rebuttal evidence. Again, the United States' response (Opp. 10-11) ignores that letting the United States hold off on disclosing substantive testimony underlying its case-in-chief would "undermine the attendant sequencing of discovery" and unfairly prejudice Defendants. *Bell*, 692 F. Supp. 3d at 1126.

Third and more fundamentally, the United States fails to specifically identify

an opinion by a defense expert that Cohen's testimony about the frequency of off-label prescribing "solely contradicts." Fed. R. Civ. P. 26(a)(2)(D)(ii). It simply repeats Cohen's own claim that he is responding to such statements. *E.g.*, Opp. 6, 8-9. The most the United States can muster is that "Dr. Nangia's conclusion that 'informed consent is not attainable' relies in part on the 'lack of FDA' approval." Opp. 9. But Cohen's testimony about the alleged "widespread" nature of off-label prescribing says nothing about any connection between such uses and informed consent. *E.g.*, *Daubert*.DX23:¶18 (Cohen Rebuttal Rep.). The United States insists that "Cohen is attacking" "the suggestion that off-label prescribing is inherently suspect," Opp. 9, but Cohen simply opines on the *frequency* of off-label prescribing. He conceded at his deposition that "[o]ff-label uses are risky because they are not supported by the same level of evidence as approved uses." Cohen Dep. 121:4-23, 125:19–126:13; *see* Mot. 14-15. So his off-label testimony does not solely contradict a defense expert. For each of these three reasons, that testimony should be excluded.

### 2.    Cohen's criminal sanctions testimony is not rebuttal.

The United States appears to concede that no defense expert discussed the purported frequency or necessity of using criminal sanctions to protect patients. Mot. 6-7; *see* Opp. 14-15. The United States cannot identify one reference in those reports to the type of sanction. Instead, the United States says that the defense experts opine that regulating medical transition of minors protects "patient safety." Opp. 13. And, the United States declares, those opinions have an "[i]nherent" "premise that criminalizing the" interventions in minors "is an appropriate policy response." Opp. 14. It is hard to understand any of Defendants' *medical* experts as stating any

3

view on the choice of regulatory mechanisms, and the United States cites nothing for its discovery of hidden premises.[1]

But even if it were right, as its own case explains, rebuttal experts must "directly address an assertion raised by an opponent's experts"—not "advance new arguments or present new evidence." *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 3583002, at *2 (S.D. Fla. July 26, 2018) (Opp. 15). Here, Cohen testified that "I don't think I'm qualified" "to discuss the risks or benefits of these particular interventions," "because I'm not a clinician." Cohen Dep. 62:8-18. His report generically says that "attaching criminal penalties to the actions of physicians is uncommon." Cohen Rebuttal Rep. ¶62; *see, e.g.*, *id.* ¶¶14, 77-78. Regardless of whether that's right, it does not "directly address" anything in any defense expert's testimony, even the United States' ginned-up "premise." *Lebron*, 2018 WL 3583002, at *2. It is a "new argument[]," which makes it improper rebuttal. *Id.*

Separately, the United States appears to concede that the Act's sanction was a foreseeable issue here, meaning that Cohen's testimony on that issue should have been disclosed initially. Opp. 15 n.4. And the United States has no response to Defendants' explanation that "even if the type of penalty attached to a violation were relevant," "that issue would belong in the United States' case in chief." Mot. 7. The United States simply disclaims any need for a plaintiff to timely put in evidence on its case-in-chief, Opp. 15 n.4., ignoring once again that this approach would "reverse the order of proof" "and undermine the attendant sequencing of discovery." *Bell*,

---

[1] The United States' conclusion that Defendants' experts "opine[d] that [their] concerns warranted the specific response of criminalization" (Opp. 16) is false, and the United States cites no support.

692 F. Supp. 3d at 1126. As Defendants explained, and the United States fails to address, "[i]f Defendants 'asked for a limiting instruction' at trial that Cohen's testimony about criminal sanctions should be considered 'solely to contradict' Defendants' [medical] experts—as would be appropriate—any fact-finder 'would struggle to understand why and how' Cohen's testimony could be used for that purpose." Mot. 7 (quoting *Bell*, 692 F. Supp. 3d at 1124). Cohen's testimony about the frequency of criminal sanctions is not rebuttal evidence.

### B.   Disclosing Cohen Over a Year Late, on the Eve of the Close of Discovery, Requires Exclusion.

The United States fails to show substantial justification and harmlessness for its late disclosure. It provides no justification at all for Cohen, instead lumping his testimony with Caughey's and claiming that the Eleventh Circuit's decision made "certain issues, particularly surrounding the bill's purpose," "more important." Opp. 24. That's wrong, as explained in Defendants' Caughey Reply, but regardless that argument would extend only to the United States' effort to argue an unpled purposeful discrimination claim—and the United States cites nothing from Cohen on that issue. *See* Opp. 24, 62 (arguing only that Cohen's opinion is relevant to "rational basis"). Cohen's late disclosure was unjustified.[2]

As for harmlessness, that too is addressed in Defendants' Caughey Reply, at 5-10. Here, the United States says that "Defendants fail to specify the points in Cohen's testimony" they would have rebutted, Opp. 25, but Cohen offers only two points: the frequency of off-label prescribing and criminalization. And that

---

[2] The United States' argument that substantial justification exists anytime a party "believes" that its witness is "proper" (Opp. 24) is addressed in Defendants' Caughey Reply, at 8.

Defendants argue in the alternative that Cohen's testimony is irrelevant (Opp. 26) does not mean that they would have ignored it if it had been timely disclosed. Indeed, even now the United States attacks "Defendants' experts" for "fail[ing] to consider whether other regulatory responses would address their supposed safety concerns." Opp. 16. Obviously, Defendants could have obtained proper rebuttal testimony on this point—*if the United States had bothered to disclose Cohen on time*. That the United States admits Cohen's testimony is aimed at a supposed hole in Defendants' case shows both that it is not proper rebuttal and that his untimely disclosure was not harmless. His testimony should be excluded under Rules 26 and 37.

## II.    Cohen's Testimony Should Be Excluded Because It Flunks The Requirements Of Rule 702 And *Daubert*.

Even if Cohen's testimony were otherwise proper, it should still be excluded under Rule 702. He is not qualified to opine about the frequency of off-label prescribing, given that his opinion merely regurgitates studies—whose own findings on *safety* Cohen said he could not address. For similar reasons, his testimony is unreliable: it is largely based on his own intuitions, disconnected from any methodology and the issues here. And that testimony is unhelpful, for the generalized frequency of off-label prescribing or criminal sanctions is irrelevant to any question before the Court. Cohen's testimony should be excluded.

### A.    Cohen is Not Qualified to Testify About the Frequency of Off-Label Prescribing.

The United States appears to concede that Cohen has never "conducted studies" "related to off-label prescribing," Opp. 56, or studied the issue himself, Mot. 10. Though Cohen is no doubt familiar with the FDA's "legal regime," Opp. 55, that

regime says nothing about the real world of off-label prescribing, either its frequency or its safety. "Expertise in one field does not qualify a witness to testify about others." *Lebron v. Secretary of Fla. Dep't of Children & Families*, 772 F.3d 1352, 1368-69 (11th Cir. 2014). And there is simply too large a gap between Cohen's expertise—"in health law, bioethics, and food and drug law," according to the United States (Opp. 54)—and how physicians prescribe drugs off label.

The United States insists that Cohen is "qualified to opine on issues that *relate* to medicine and health." Opp. 56. But that defines his expertise far too broadly. Indeed, the United States never explains why, if Cohen were an expert qualified to testify about off-label prescribing uses, he can testify only to their frequency while professing himself unable to answer basic questions about their safety. *See* Mot. 11 (collecting statements like "I don't think I have the expertise"). "The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Roper v. Kawasaki Heavy Indus., Ltd.*, 2015 WL 11236553, at *5 (N.D. Ga. June 29, 2015). As Defendants explained, "it appears impossible for [Cohen] to be an expert in off-label prescribing frequency if he cannot answer basic questions about off-label prescribing safety." Mot. 12. The United States' only response is to hint that the questions Cohen could not answer were about "the safety of particular off-label prescribing practices." Opp. 56. Not so. Instead, using many of the same sources Cohen regurgitated on off-label prescribing frequency, Defendants asked about safety generally—and Cohen repeatedly said that he was not an expert. Mot. 11. So he could not be qualified to opine on off-label prescribing frequency.

### B.  Cohen's Methodology is Insufficient.

#### 1.  Cohen's opinion about off-label prescribing use is not reliable.

On off-label prescribing, the United States argues that "Cohen's opinion formed on the basis of a literature review is sufficiently reliable." Opp. 58. But Cohen agreed that he "never conducted a systematic review of the literature on off-label drug use." Cohen Dep. 28:2-22. Instead, as the United States does not meaningfully dispute, his opinion "regurgitates" cherry-picked "findings of others' studies." Mot. 13. Though the United States claims that Cohen "applied his expertise to summarize" and "interpret these materials," Opp. 58, he could not answer even basic questions about their findings. *See* Mot. 11. "Merely adopting another expert's conclusions is not a methodology that satisfies *Daubert* standards." *Schoen v. State Farm Fire & Cas. Co.*, 638 F. Supp. 3d 1323, 1339 (S.D. Ala. 2022).

The United States skates over Defendants' extensive second point: that "there is too great a 'distance between the data and opinion proffered'" because "by Cohen's own admissions, whether other drugs are prescribed off-label does not speak to whether it is usual or appropriate or safe for puberty blockers and cross-sex hormones to be." Mot. 13-15 (cleaned up). Thus, Cohen's lopsided literature review does not reliably get him to his conclusion about the "drugs relevant to this case." Cohen Rebuttal Rep. ¶14. This "analytical gap" makes his testimony "unreliable." *United States v. Pon*, 963 F.3d 1207, 1221 (11th Cir. 2020).

#### 2.  Cohen's opinion about the frequency of criminal sanctions for unlawful prescribing is unreliable.

On the frequency of criminal sanctions, the United States falls back on Cohen's "[e]xperience alone." Opp. 59. But it does not point to any specific experience

examining state criminal laws or their applications to physicians. And the United States does not dispute that Cohen used no methodology, or that his "generalized impression about the frequency of criminal sanctions" was contrary to significant evidence. Mot. 16-18. Nor does the United States dispute that Cohen failed to tailor his testimony to situations involving minors, meaning that any "methodology for deciding that criminal sanctions are generally uncommon [wa]s detached from his proffered opinion that they are uncommon when children are harmed." Mot. 17.

As the Eleventh Circuit has explained, "[i]f the witness is relying solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004). Neither the United States nor Cohen provided these explanations for his criminal sanctions opinion. It should be excluded.

## C.   Cohen's Testimony is Not Relevant or Helpful.

Cohen's testimony is unhelpful as well, and the United States' responses are unavailing. First, the United States claims that Cohen's opinions on off-label pre-scribing and criminal sanctions are helpful because they "rebut contentions by the Defendant[s'] experts." Opp. 60. They don't, as discussed, because no defense expert discusses the frequency of off-label uses or state reliance on criminal sanctions.

Second, the United States asserts that "[o]pinions about the widespread nature of off-label prescribing are relevant to whether patient safety concerns are a rational basis for criminalizing the provision of the medical care at issue in this case." Opp. 61. But the United States has no answer to the point that "the prevalence of

off-label prescribing generally is not relevant for determining whether off-label pre-scribing of puberty blockers and cross-sex hormones for children is safe or effec-tive." Mot. 19. Cohen himself agreed that these inquiries are distinct. *See* Cohen Dep. 48:4-15. And again, Cohen disclaimed any view on off-label prescribing *safety*, both in general and for these drugs, so the general *frequency* of off-label prescrip-tions could not help the trier of fact in assessing the existence of "a rational basis." Opp. 61. Nor would his testimony be helpful on rational basis review anyway: Cohen conceded that on-label and off-label uses are different, which would be enough to satisfy rational basis review. *See* Cohen Dep. 121:4-23 ("[O]ff-label uses may in-volve more risk because there has not been the same approval process.").

Third and for similar reasons, Cohen's testimony about the frequency of crim-inal sanctions is unhelpful. The United States does not dispute that "[t]he nature of the Act's penalty is not relevant" on rational basis review. Mot. 19-20. So as long as "patient safety concerns" exist—an issue on which Cohen does not opine—the State's choice of "regulatory mechanisms" to address those concerns is irrelevant. Opp. 62. The United States has no response, citing no rational basis decision focused on "the availability of other regulatory mechanisms." *Id.* Nor does the United States explain how Cohen's generalized testimony "speak[s] to the appropriateness of us-ing those sanctions for the unlawful sterilizing medical procedures at issue." Mot. 20. Once again, Cohen's testimony is unhelpful.

## CONCLUSION

For these reasons, the Court should exclude Cohen's testimony.

Dated: September 9, 2024

Christopher Mills (*pro hac vice*)
SPERO LAW LLC
557 East Bay Street, #22251
Charleston, SC 29413
(843) 606-0640
CMills@Spero.law

David H. Thompson (*pro hac vice*)
Peter A. Patterson (*pro hac vice*)
Brian W. Barnes (*pro hac vice*)
John D. Ramer (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
bbarnes@cooperkirk.com
jramer@cooperkirk.com

Roger G. Brooks (*pro hac vice*)
Henry W. Frampton, IV (*pro hac vice*)
Philip A. Sechler (*pro hac vice*)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0200
rbrooks@adflegal.org
hframpton@adflegal.org
psechler@adflegal.org

Respectfully submitted,

Steve Marshall
  *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

s/ A. Barrett Bowdre
A. Barrett Bowdre (ASB-2087-K29V)
  *Principal Deputy Solicitor General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Benjamin M. Seiss (ASB-2110-O00W)
Charles A. McKay (ASB-7256-K18K)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

*Counsel for Defendants*

11

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2024, I electronically filed this document using the Court's CM/ECF system, which will serve counsel of record.

s/ A. Barrett Bowdre
A. Barrett Bowdre
*Counsel for Defendants*