# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

|  |  |
|---|---|
| BRIANNA BOE *et al.*, | No. 2:22-cv-00184-LCB-CWB |
| *Plaintiffs*, | Hon. Liles C. Burke |
| v. |  |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, *et al.*, |  |
| *Defendants*. |  |

## NON-PARTY WPATH'S RESPONSE TO DEFENDANTS' TIME-SENSITIVE MOTION FOR RELIEF UNDER PROTECTIVE ORDER

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

EXHIBITS ....................................................................................................... iii

INTRODUCTION .............................................................................................. 1

BACKGROUND ............................................................................................... 2

    A.    Relevant History ................................................................................ 2

    B.    The Disputed Videos ........................................................................ 5

ARGUMENT ................................................................................................... 6

I.    The Videos at Issue Are Discovery Material That Do Not Implicate a
    Common-Law Right of Access ........................................................... 7

II.    WPATH's Materials Were Properly Designated as Confidential Under
    the Protective Order and Good Cause Exists for Their Continued
    Protection. ........................................................................................ 11

CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**                                                         **Page(s)**

*Comm'r, Ala. Dep't of Corrections v. Advance Local Media, LLC*,
   918 F.3d 1161 (11th Cir. 2019) ...........................................................................7

*Consumer Financial Protection Bureau v. Ocwen Fin. Corp.*,
   2018 WL 3118266 (S.D. Fla. June 25, 2018)......................................................8

*Easterwood v. Husqvarna Pro. Prods., Inc.*,
   2020 WL 12992094 (M.D. Ala. July 27, 2020) ...................................................9

*Lohr v. Zehner*,
   2014 WL 12742197 (M.D. Ala. Mar. 6, 2014) ...................................................9

*Long v. TRW Vehicle Safety Sys.*,
   2010 WL 1740831 (D. Ariz. Apr. 29, 2010) ......................................................9

*Looney v. Moore*,
   2014 WL 1364509 (N.D. Ala. Apr. 7, 2014).....................................................12

*Pettaway v. Barber*,
   2021 WL 11423059 (M.D. Ala. Apr. 14, 2021).................................................13

*Romero v. Drummond Co.*,
   480 F.3d 1234 (11th Cir. 2007) ..........................................................................8

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984).............................................................................................13

*United States v. Anderson*,
   799 F.2d 1438 (11th Cir. 1986) ..........................................................................7

**Other Authorities**

U.S. Const. amend I ..................................................................................................13

Fed. R. Civ. P. 26(c)..........................................................................................*passim*

**EXHIBITS**

| Exhibit 1 | WPATH Code of Conduct Policy |
|---|---|
| Exhibit 2 | Blank AV Release Form - USPATH 2023 Symposium; Blank AV Release Form - WPATH 2022 Symposium |

## INTRODUCTION

This Court should deny Defendants' belated motion to declare that video recordings of scientific conferences and a medical training course produced in discovery more than a year ago by non-party World Professional Association for Transgender Health ("WPATH") are not "confidential" under the terms of the protective order entered in this case. Eleventh Circuit precedent holds that courts generally should not permit public access to materials that, like the videos at issue here, were produced in discovery but do not become judicial records. Moreover, WPATH properly designated the videos as "confidential" under the protective order. The videos are private, proprietary recordings of presentations at events organized and conducted by WPATH and its affiliate, the United States Professional Association for Transgender Health ("USPATH"). Presenters granted WPATH and USPATH a limited license to use the recordings for educational purposes only. Attendance at the events was limited to paying participants who agreed not to record or reproduce the material without the explicit consent of the presenters. Neither the presenters at these conferences nor the individuals who paid to attend them had any expectation that videos of them could one day be made available to the public at large.

Defendants have repeatedly asserted that they seek de-designation of the videos so that they can retain them for potential use in a hypothetical future case.

1

That explanation, however, is inconsistent with their rejection of WPATH's compromise offer to let them keep the videos indefinitely so long as they continued to afford them "confidential" treatment.  WPATH is accordingly concerned that, if this motion is granted, Defendants intend to publish the videos for reasons that have nothing to do with a hypothetical future case.  This Court should not sanction their use of the fruits of the discovery process in this now-dismissed case to advance other unrelated interests.  Accordingly, the Court should find there is good cause to keep the videos confidential and deny Defendants' motion.

## BACKGROUND

### A.    Relevant History

Plaintiffs filed this action in April of 2022.  (Doc. 1).  WPATH is one of the 23 national and state professional medical and mental health organizations that jointly submitted an *amici* brief in support of Plaintiffs' motion for a temporary restraining order and preliminary injunction.  (Doc. 91-1).  On October 13, 2022, a few months after the Court granted an injunction pending trial, Defendants issued an expansive subpoena to WPATH with 47 separate requests seeking documents bearing on WPATH's associational activities.  (*See, e.g.*, Doc. 208).  After objections, negotiations, and motion practice, WPATH ultimately produced tens of thousands of pages of material.

As part of its production, WPATH also produced hundreds of hours of video recordings that were not publicly available and for which WPATH retains exclusive and circumscribed rights. The videos are from symposia and continuing education programs organized and conducted by WPATH and USPATH, specifically from (1) USPATH scientific symposia in 2021 and 2023; (2) a WPATH scientific symposium in 2022, and (3) a medical training course WPATH offered in 2023. Because the videos qualify as "confidential" materials within the meaning of the Protective Order, WPATH designated them as such.

By their own admission, Defendants have been in possession of the videos for over a year. But Defendants never used the videos in conjunction with any merits briefing, and they never raised any concerns regarding the videos' confidentiality designations until the private plaintiffs notified Defendants of their intent to dismiss their lawsuit.

On April 14, 2025, Defendants sent an email to counsel for WPATH informing them that "because we are concerned that Defendants will be prejudiced by the dismissal if it means that none of the purportedly 'confidential information' Defendants received in discovery from WPATH can be used to defend Alabama's law in future litigation, we would like to revisit certain confidentiality designations made by WPATH that we do not think meet the terms of the protective order," and identified the video recordings at issue in this dispute. (Lannin Decl. ¶ 2). The

parties subsequently conferred on May 1, 2025, at which time Defendants again stated that they wished to retain access to the videos for purposes of defending against a hypothetical future lawsuit challenging Alabama's law. (Lannin Decl. ¶ 3). As Defendants acknowledge in their motion, WPATH proposed a compromise during that conferral that was responsive to that concern, including "allowing Defendants to retain the video recordings but with the 'confidential' designation still attached to them." (Doc. Mot. 740 at 10 n.10). WPATH also expressed concern that Defendants were seeking to de-designate the videos so they could publish them—a possibility Defendants did not disclaim during the conferral or since. (Lannin Decl. ¶ 3). Later that day, Plaintiffs and Defendants filed a joint stipulation of dismissal in which Defendants noted that they were meeting and conferring with WPATH about the confidentiality issue but could seek expedited relief "to minimize the risk of prejudice caused by the possibility of a fifth lawsuit challenging Alabama's law." (Doc. Mot. 737 at 1 n.1).

Even though WPATH had proposed a compromise that was responsive to Defendants' stated concern by allowing them to retain the videos indefinitely provided they were accorded "confidential" treatment, Defendants informed WPATH on May 4, 2025 that they were rejecting this proposal. Defendants' motion followed the next day. (Doc. Mot. 740).

**B.    The Disputed Videos**

The videos in dispute relate to four events, two organized and conducted by WPATH and two organized and conducted by WPATH's affiliate, USPATH: USPATH scientific symposia in 2021 and 2023, a WPATH scientific symposium in 2022, and a medical training course WPATH offered in 2023.  The WPATH and USPATH scientific symposia are conferences at which speakers present their research and participate on panel discussions addressing a variety of issues relating to healthcare for the transgender population. Def. Exs. 1–6.  WPATH's medical training course similarly involved presentations regarding issues of concern to providers of healthcare to transgender patients.  Def. Exs. 7 & 8.  Although WPATH and/or USPATH was involved in organizing the symposia and training course, the speakers and content presented therein do not necessarily reflect the views of WPATH.  (WPATH Decl. ¶ 5).

The symposia and medical training course were open only to individuals who registered and paid a fee.  (WPATH Decl. ¶ 6).  To attend, individuals had to agree to abide by WPATH's Code of Conduct, which expressly prohibited "photography, recording, or reproduction of any kind . . . without the explicit consent of any person and/or of the author/presenter/copyright-holder(s) of the material being photographed, recorded, or reproduced."  (WPATH Decl. ¶ 7; Def. Ex. 2).  The Code

of Conduct also applied to its 2023 GEI courses and the 2021 and 2023 USPATH Symposia. (WPATH Decl. ¶ 7).

WPATH and USPATH have a duty to protect from public release the video recordings of the symposia and medical training course.  Speakers and presenters at the symposia and educational course signed release forms that granted WPATH or USPATH only a narrow license to use their "name, voice, likeness, presentation slides and biographic information" only for "educational purposes." (WPATH Decl. ¶ 9).

## ARGUMENT

Eleventh Circuit precedent holds that courts generally should not permit public access to materials that were produced in discovery that do not become judicial records.  Because the videos at issue are not judicial records and Defendants have not invoked a common-law right of access, Defendants' interest in de-designating the videos should not be considered.  In any event, Defendants' asserted interest in removing the confidentiality designation does not outweigh WPATH's interests in keeping the videos confidential.

This Court entered a protective order that broadly allowed entities producing discovery material in this case to designate as "confidential" material that qualifies for protection under FRCP 26(c), including "information the confidentiality of which the Producing Party is under a legal duty to protect."  Pursuant to the protective

order, WPATH properly designated the videos as confidential.  WPATH has a legal duty to protect the confidentiality of the videos.  And, WPATH is also entitled to protection under FRCP 26(c) because, *inter alia*, it has its own proprietary interest in charging for access to the videos and to prevent use of the videos to embarrass and oppress WPATH, USPATH, and presenters and attendees at the symposia and medical training event.[1]

I.    **The Videos at Issue Are Discovery Material That Do Not Implicate a Common-Law Right of Access.**

The Eleventh Circuit has held that "[c]ourts generally should not permit public access to discovery materials that are not filed with substantive motions because discovery is 'essentially a private process' meant to 'assist trial preparation.'" *Comm'r, Ala. Dep't of Corrections v. Advance Local Media, LLC*, 918 F.3d 1161, 1167 (11th Cir. 2019) (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)).  "That is why parties," as they did here, "regularly agree, and courts often order, that discovery information will remain private."  *Anderson*, 799 F.2d at 1441.  "If it were otherwise and discovery information and discovery orders were readily available to the public and the press, the consequences to the smooth functioning of the discovery process would be severe."  *Id.*

_____

[1] Rule 26(c) of the Federal Rules of Civil Procedure permits a court "for good cause" to protect "a party or person from annoyance, embarrassment, oppression, or undue burden," including by requiring that "confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Where "judicial records" are at issue, such as "material filed in connection with pretrial motions that require judicial resolution of the merits," there may exist a "common law right of access" that requires a court to balance the asserted right of access against the other party's interest in keeping the information confidential. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).  But that doctrine is of no moment here, because Defendants have not asserted (nor could they) that the videos at issue are "judicial records," nor have Defendants invoked the "common law right of access."  Indeed, Defendants concede that they have not, did not, and will not file the documents at issue as part of any substantive motion in this now-dismissed case.

Because "[t]he right of access does not apply to discovery" and there is no dispute the videos are discovery materials, that should be the end of this dispute. *Romero*, 480 F.3d at 1245; *Consumer Financial Protection Bureau v. Ocwen Fin. Corp.*, 2018 WL 3118266, at *4 (S.D. Fla. June 25, 2018) ("The Court has already determined that there is no common-law right of access to discovery and therefore the public's interest in the documents do not outweigh Defendants' interest in keeping the documents confidential …..").  But even if the common law right of access applied—and it does not—Defendants have not demonstrated good cause for making the videos public.  They have repeatedly asserted, both in conferring with WPATH and in their submissions to this Court, that they seek to preserve access to

the videos in case they are sued again, because "[t]hese videos will be important for any future defense of Alabama's law."  (Doc. Mot. 740 at 3).  There are several problems with this argument.

     *First*, Alabama has *not* been sued again and points to no imminent prospect of a future lawsuit in which the videos would be relevant.  Defendants should not be permitted to retain access to discovery materials that were obtained in connection with this specific litigation just in case they might be relevant in an entirely hypothetical future litigation.  *See Lohr v. Zehner*, 2014 WL 12742197, at *2 (M.D. Ala. Mar. 6, 2014) ("although plaintiff's goal to help future plaintiffs in future litigation may be laudable, he has not established that further dissemination of UPS's confidential information is relevant and necessary to this action"); *see also Easterwood v. Husqvarna Pro. Prods., Inc.*, 2020 WL 12992094, at *3-*4 (M.D. Ala. July 27, 2020) (rejecting sharing of discovery material outside of instant litigation, finding that there was "no showing regarding the necessity or relevancy to other pending or future lawsuits" and "any judicial efficiency achieved through sharing documents with unknown parties is purely hypothetical" and "may actually hinder [it]"); *Long v. TRW Vehicle Safety Sys.*, 2010 WL 1740831, at *1 (D. Ariz. Apr. 29, 2010) ("[A] collateral litigant … should not be granted automatic access to a defendant's confidential documents [without demonstrating] the relevance of the

protected discovery to the collateral proceedings and its general discoverability therein.").[2]

*Second*, Defendants do not explain with any specificity *why* "[t]hese videos will be important for any future defense of Alabama's law." Their motion includes a few glancing attacks on WPATH and its Standards of Care—arguments that were well refuted in Plaintiffs' opposition to Defendants' motion for summary judgment— but does not explain how these hundreds of hours of video would support their defenses. Moreover, at best the content of these videos reflect the views of independent speakers and presenters. (WPATH Decl. ¶ 5). Even if the videos contain statements related in some unexplained way to some unknown future case, there is no basis to impute those statements to *WPATH itself*, as Defendants' unsupported relevance argument would require.

*Third*, and as discussed above, WPATH offered Defendants a compromise that was entirely responsive to their stated rationale for bringing this motion: they could retain copies of the videos for use in hypothetical future cases provided the videos retained their "confidential" treatment in the meantime. Defendants rejected this compromise, purportedly because such an arrangement "imposes difficulties on the

---

[2] Even if such hypothetical litigation did materialize, Defendants could readily serve a new subpoena on WPATH to request the videos for use in that case. There is accordingly no basis to Defendants' contention that they "won't be able to use [the videos] in the future if the State's law is challenged once again." (Doc. Mot. 740 at 11.)

Attorney General's Office."  (Doc. Mot. 740 at 10 n.10.)  It is not clear, however, what those "difficulties" are, or why the Attorney General's office would have trouble maintaining a small number of videos when they evidently had no difficulty maintaining the hundreds of thousands of pages of discovery that were produced in this case.  Defendants' rejection of this reasonable compromise—which WPATH is still holding open—raises at least some justifiable concern that they have other unstated motivations for bringing this motion, such as broadly publishing the videos, that are unrelated to defending against hypothetical future cases.

## II.    WPATH's Materials Were Properly Designated as Confidential Under the Protective Order and Good Cause Exists for Their Continued Protection.

Defendants devote substantial space to arguing that the videos are not properly designated as "confidential" under the Protective Order.  As set forth above, the public has no right access to these discovery materials in the first place, much less now that the case has ended.  But even if the Court considers the protective order, for multiple reasons the videos were properly designated as confidential and should remain confidential.

*First*, the Protective Order explicitly provides that "confidential" information includes "information the confidentiality of which the Producing Party is under a legal duty to protect."  Here, WPATH is under a legal duty to protect the confidentiality and use of the videos.  As described above, the videos are private,

proprietary recordings of presentations at symposia conducted by WPATH and USPATH and a continuing education program conducted by WPATH. Presenters granted WPATH and USPATH a limited license to use the recordings for educational purposes only. Attendance at the events was limited to paying participants who agreed not to record or reproduce the material without the explicit consent of the presenters. As such, ordering the disclosure of these materials would override WPATH's legal duty to honor those agreements.

*Second*, the Protective Order also provides that material qualifying for protection under Rule 26(c)'s good cause standard may be designated as confidential. There is good cause for the designation of these videos. Widespread dissemination of these videos to the public could subject WPATH, USPATH, their members, and unaffiliated individuals who happened to attend these conferences to harassment, particularly given the highly charged atmosphere surrounding issues related to gender-affirming care. *See Looney v. Moore*, 2014 WL 1364509, *2 (N.D. Ala. Apr. 7, 2014) (finding good cause under Rule 26(c) to "protect[] the Defendants from the 'annoyance, embarrassment, [and] oppression' that could occur from allowing their names to be dragged through the metaphorical mud" (alteration in original, quoting Rule 26(c))). In addition, WPATH and USPATH charge for access to these videos to support the organizations and offset the costs of organizing and conducting symposia and medical training events. *Id.* An order allowing the videos

12

to be made public would eliminate their economic value and thus harm WPATH's and USPATH's economic interests.

*Finally*, releasing these videos would chill the exercise of protected First Amendment activities. Individuals will be less likely to present at or contribute to WPATH's conferences or provide continuing educational material if such materials are disclosed to the public without their permission and contrary to the explicit and limited licenses and releases they granted. Courts have maintained the protection of documents where such harm is at stake. *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) ("Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)."); *Pettaway v. Barber*, 2021 WL 11423059, at *6 (M.D. Ala. Apr. 14, 2021) ("the purpose of discovery is to facilitate orderly preparation for trial, not to educate or titillate the public." (citation and internal quotation marks omitted)).

## CONCLUSION

For the forgoing reasons, Defendants' motion should be denied.

Date:  May 15, 2025

Respectfully submitted,

 /s/ Barry A. Ragsdale
Barry A. Ragsdale
ASB 2958-A23B

Cortlin H. Lannin (CA Bar No. 266488)
(admitted pro hac vice)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Phone: (415) 591-6000
clannin@cov.com

Barry A. Ragsdale (ASB 2958-A23B)
Robert S. Vance III (ASB 9916-B11Q)
DOMINICK FELD HYDE, P.C.
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL 35205
Phone: (205) 536-8888
BRagsdale@dfhlaw.com
RVance@dfhlaw.com

D. Jean Veta (D.C. Bar No. 358980)
(admitted pro hac vice)
Noah S. Goldberg (D.C. Bar No. 90003045) (admitted pro hac vice)
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, DC 20001
Phone: (202) 662-6000
jveta@cov.com
ngoldberg@cov.com

## CERTIFICATE OF SERVICE

I certify that on May 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.


 /s/ Barry A. Ragsdale_____
Barry A. Ragsdale