# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BRIANNA BOE *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, *et al.*, <br><br> *Defendants*. | No. 2:22-cv-00184-LCB-CWB <br> Hon. Liles C. Burke |

## DECLARATION OF CORTLIN H. LANNIN IN SUPPORT OF RESPONSE TO DEFENDANTS' TIME-SENSITIVE MOTION FOR RELIEF UNDER PROTECTIVE ORDER

I, Cortlin H. Lannin, declare as follows:

1. I am an attorney in the law firm of Covington & Burling LLP, counsel for Nonparty World Professional Association for Transgender Health ("WPATH"). The matters set forth herein are true and correct of my own personal knowledge and, if called upon as a witness, I could and would testify competently thereto.

2. On April 14, 2025, counsel for Defendants, Barrett Bowdre, sent counsel for WPATH an email stating in relevant part that: "As you may know, the private plaintiffs in the Alabama case have notified us of their intent to dismiss their lawsuit. This will trigger the 60-day timeline for the destruction of discovery that was designated as 'confidential' pursuant to the terms of the protective order that was entered in our case (attached). However, because we are concerned that Defendants will be prejudiced by the dismissal if it means that none of the purportedly 'confidential' information Defendants received in discovery from WPATH can be used to defend Alabama's law in future litigation, we would like to revisit certain confidentiality designations made by WPATH that we do not think meet the terms of the protective order."

3. The parties conferred on May 1, 2025, at which time Defendants again stated that they wished to retain access to the videos for purposes of defending against a hypothetical future lawsuit challenging Alabama's law. During that

1

       conferral, WPATH proposed a compromise that would permit Defendants to retain the video recordings indefinitely provided Defendants continued to afford the videos "confidential" treatment.  Further, WPATH expressed its concern that Defendants were seeking to de-designate the videos in order to publish them.  Defendants offered no assurance that would not happen.

4.    On May 4, 2025, counsel for Defendants sent an email to counsel for WPATH stating that "[a]fter discussing with our team, we do not think we can reach an agreement based on our discussion and think the court will need to resolve this one."

3

I declare under penalty of perjury that the foregoing is true and correct.  This declaration is executed this 15th day of May 2025, in Seattle, Washington.

Cortlin H. Lannin